**BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: ROUNDUP<br>PRODUCTS LIABILITY<br>LITIGATION | §<br>§<br>§ | MDL - 2741 |

**RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

COME NOW Plaintiffs Elaine and Christopher Stevick (3:16-cv-02341-VC; N.D.Cal.), Aaron Johnson (1:16-cv-00075-ACK-RLP; D.Haw.), Christine and Kenneth Sheppard (1:16-cv-00043-JMS-RLP; D.Haw.), Enrique and Stephanie Ruiz (9:16-cv-80539-KAM; S.D.Fl.), and Maria and Ines Hernandez (2:16-cv-01988-DMG-E; C.D.Cal.)("Plaintiffs"), in support of the Motion for Transfer of Actions, and state the following:

### I.   BACKGROUND

The above-named Plaintiffs are all parties to individual civil actions in the federal system alleging injury, specifically non-Hodgkin lymphoma, caused by exposure to or use of Roundup, the herbicide manufactured and sold by Monsanto Company. The undersigned law firm represents Plaintiffs and hundreds of additional individuals who were diagnosed with non-Hodgkin lymphoma after repeated or long-term exposure to Roundup.

Plaintiffs generally adopt and concur with the statements of facts and arguments contained in the Motion for Coordinated or Consolidated Pretrial Proceedings. All of the cases identified in the Schedule of Actions filed with the Motion involve substantially

1

similar questions of law and fact, all against the same Defendant, Monsanto Company. Discovery in these cases will be complex and voluminous, and conducting this discovery in various district courts would be unnecessarily duplicative, wasting both the parties' and judicial resources. Accordingly, Plaintiffs agree that transfer and pretrial coordination of related Roundup non-Hodgkin lymphoma cases will promote the just and efficient conduct of litigation and further the goals of 28 U.S.C. § 1407.

Plaintiffs do not dispute that the Southern District of Illinois is an appropriate forum for centralization of the Roundup cases, however, Plaintiffs respectfully submit that these individual actions, and all those involving similar allegations of non-Hodgkin lymphoma resulting from Roundup use, are more appropriately consolidated in the District of Hawaii before the Honorable J. Michael Seabright ("Judge Seabright"). Judge Seabright has already spent considerable time and resources familiarizing himself with the complex issues involved in the Roundup litigation and Hawaii has a substantial interest in the adjudication of these actions. For these and other reasons, the Actions should be transferred and consolidated before Judge Seabright in the District of Hawaii.

**II.  ARGUMENT**

    **A.  Consolidation is Appropriate and Necessary**

Pursuant to 28 U.S.C. § 1407, the Panel must consider whether: (1) one or more common questions of fact are pending in different districts; (2) a transfer would serve the convenience of parties and witnesses; and (3) a transfer would promote the just and efficient conduct of the actions. *See* 28 U.S.C. § 1407(a). All of these factors warrant transfer in this instance. Each of the related actions and any tag-along cases involve common questions of fact including but limited to: (1) whether Roundup was marketed

2

with adequate warnings; (2) whether Defendants conducted adequate testing of Roundup, and (3) whether Roundup exposure contributed to the development of non-Hodgkin lymphoma. As the number of related actions will likely rise to the thousands in the coming months, and in light of the numerous common questions of fact, the undersigned counsel submits that centralization under § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

### B. The District of Hawaii is the Most Appropriate Forum for Transfer and Consolidation for Coordination.

There are currently two (2) cases filed in the District of Hawaii and both have been assigned to Judge Seabright.[1] These two cases are among the first federal actions filed in the Roundup litigation and are two of the most developed cases in the country.[2] *See In re. L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975)( "[A] factor to be considered in the selection of a transferee district is whether the pretrial proceedings in the action or actions in a particular forum are significantly more advanced than those in any of the actions in the other jurisdictions."). Judge Seabright has already invested substantial time in this litigation and has issued a lengthy and well-reasoned opinion involving complex questions of federal preemption, federal regulation of herbicides and statute of limitations. Given the substantial progress that has already occurred in Hawaii, Judge Seabright has set trial dates in the two Hawaii cases for

---

[1] The two cases include: Aaron Johnson (1:16-cv-00075-ACK-RLP; D.Haw.) and Christine and Kenneth Sheppard (1:16-cv-00043-JMS-RLP; D.Haw.). Judge Seabright found that these two cases are "related" and has treated them as consolidated given the predominating overlap of issues and facts. As Judge Seabright has noted, "[the Johnson] case involves the same or substantially identical subject matter, events, and/or questions of law" as the Sheppard case; indeed, all of the cases concerned in this Motion do. See 1:16-cv-00075-JMS-RLP, Doc. 21.

[2] Both cases were filed in February 2016. Only two cases alleging non-Hodgkin lymphoma from exposure to Roundup were filed earlier.

3

January and February 2018.  There are currently no other federal Roundup cases to have trial settings. *In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1382 (J.P.M.L. 2003)(finding that a considerable factor in choosing an appropriate forum is whether the judge assigned has already spent substantial time and resources in familiarizing herself with the complex issues involved in the case).

The efficiency in which Judge Seabright has handled his Roundup docket is clear evidence of his qualifications to manage this litigation.  Judge Seabright is a remarkably accomplished jurist who currently serves as the Chief Judge for the District of Hawaii.  Over the course of his long and prestigious career as a jurist, Judge Seabright has developed substantial experience presiding over complex civil litigation, including multiple product liability cases.   The District of Hawaii does not have any other multidistrict litigation dockets and has the necessary resources to devote to the pretrial matters that this docket will require. *In re Teflon Products Liab. Litig.*, 416 F. Supp. 2d 1364, 1365 (J.P.M.L. 2006).  The District of Hawaii has the requisite staff and services to manage this litigation and Judge Seabright has proven that he is amply qualified to serve as an MDL judge.

1. **Hawaii Has a Significant Interest in this Litigation**

Monsanto maintains a significant presence in Hawaii; indeed the company maintains a separate website specific to Hawaii, www.monsantohawaii.com, which boasts: "Monsanto is a proud member of Hawaii's agricultural community.  Our  island roots go back more than 45 years."  In fact, the seed industry is "Hawaii's single largest agricultural activity" and provides "2,800 jobs statewide, with about one-half billion dollars in total economic output." (Exhibit A; Monsanto's Mem. in Supp. of Mot., *Robert*

*Ito Farm, Inc., et al. v. County of Maui*, Case No. 1:14-cv-511, D. Haw. Nov. 13, 2014 at 5). For this reason, "Monsanto owns or leases approximately 784 acres of farmland on Maui island and 2,296 acres of farmland on Molokai island…" *Id*. at 6. Monsanto employs more than 1,000 local Hawaii residents[3] and has "invested *many* millions of dollars in specialized facilities" within the state. *Id.* at 6 (emphasis in original). Monsanto's operations "comprise as much as one-quarter of all Maui county agricultural activity" and the seed industry in Molokai is "responsible for roughly 10% of all private sector jobs and is the most significant private industry activity aside from tourism." *Id*. at 6-7.

The interest of Hawaii in this litigation cannot be overstated. The state and local governments of Hawaii have taken steps to restrict the use of herbicides and planting of genetically engineered (GE) crops even before the release of the World Health Organization's International Agency for Research on Cancer (IARC) report on glyphosate. The importance of agriculture to Hawaii's economy combined with Monsanto's substantial presence in the state make Hawaii an appropriate choice for centralization before Judge Seabright.

### 2. Any Inconvenience of Hawaii as a Forum is Substantially Outweighed By Other Relevant Factors

The Roundup litigation will likely involve parties from the majority of federal districts throughout the country. There is no question that air travel renders all potential courts accessible for purposes of an MDL, including the District of Hawaii. In fact, "the judicious use of liaison counsel, lead counsel and steering committees could eliminate the

---

[3] http://www.monsantohawaii.com/about-monsanto-hawaii/what-we-do/

5

need for most counsel to travel to the transferee district." *In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977); citing Manual for Complex Litigation, Part I, §§ 1.90-1.93 (rev. ed. 1973).[4] In previously choosing the District of Hawaii as a transferee district, this Panel aptly noted that the depositions of witnesses will likely occur in proximity to where they reside and, therefore, it is unlikely that any of the parties or witnesses "will ever be required to travel to the transferee forum for pretrial under Section 1407." *Id.* at 936-37.

The mere fact that Hawaii is not a "geographically central location" is not a legitimate basis to dismiss the District of Hawaii as the proper forum for this MDL. This is especially true with the Court's access to technology and the proximity of the Court to hotels and an international airport. Any inconvenience in location is greatly outweighed by Hawaii's interest in this litigation, the experience of Judge Seabright and the status of the cases pending in Hawaii.

## III.     CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Panel transfer the above-mentioned actions and all subsequently filed tag-along cases for the coordinated and consolidated pretrial proceedings before the District of Hawaii, and assign the matter to Judge Seabright.[5]

---

[4] "The convenience of counsel, however, is not by itself a factor to be considered under Section 1407 in the Panel's decision whether to order transfer or in the selection of a transferee forum for a group of actions." In re Anthracite Coal Antitrust Litig., 436 F. Supp. 402, 403 (J.P.M.L. 1977).

[5] While the undersigned plaintiffs and counsel strongly prefer Judge Seabright and the District of Hawaii as the most appropriate choice for an MDL; they are not opposed to the Movants' suggestion of the Southern District of Illinois; should the Panel reject the suggestion of Hawaii, these Plaintiffs ask that the MDL be assigned to the Southern District of Illinois.

**Dated this 29th of July, 2016**              **Respectfully submitted,**

*/s/ Michael Miller*
Timothy Litzenburg
Michael Miller
The Miller Firm LLC
108 Railroad Ave
Orange, VA 22960
Ph 540 672-4224
F 540 672-3055
tlitzenburg@millerfirmllc.com
mmiller@millerfirmllc.com


The Miller Firm is counsel of record for Plaintiffs Elaine and Christopher Stevick (3:16-cv-02341-VC; N.D.Cal.), Aaron Johnson (1:16-cv-00075-ACK-RLP; D.Haw.), Christine and Kenneth Sheppard (1:16-cv-00043-JMS-RLP; D.Haw.), Enrique and Stephanie Ruiz (9:16-cv-80539-KAM; S.D.Fl.), and Maria and Ines Hernandez (2:16-cv-01988-DMG-E; C.D.Cal.)