# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1609-DMG (Ex)** | Date | April 29, 2016 |
| Title | *Teri Michelle McCall v. Monsanto Company* | Page | 1 of 5 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE DEFENDANT'S MOTION TO STAY AND PLAINTIFF'S MOTION TO COMPEL PARTICIPATION IN RULE 26(f) CONFERENCE [29, 31]**

## I.
## PROCEDURAL BACKGROUND

On March 9, 2016, Plaintiff Teri Michelle McCall filed a complaint against Monsanto Company for a number of claims related to the death of Anthony Jackson McCall allegedly caused by Monsanto's pesticide, Roundup. [Doc. # 1.]

On March 15, 2016, the case was transferred to this Court on the ground that it is related to another case then pending before this Court involving similar claims brought against Monsanto, *Rubio v. Monsanto Co.*, No. CV-15-7426 DMG(Ex) (*Rubio* case).[1] [Doc. # 18.]

On April 14, 2016, Monsanto filed a motion to stay this case ("Stay") pending a ruling on a motion to dismiss that has yet to be filed. [Doc. # 29.] Monsanto requests that the Court stay all discovery-related activities, including the parties' Rule 26(f) Conference and Report, until the Court rules on a motion to dismiss ("MTD") that Monsanto intends to file by May 13, 2016. (*Id.*) On April 20, 2016, McCall filed an opposition to the motion to stay the case ("Opp. Stay"). [Doc. # 33.]

On April 19, 2016, McCall filed a motion to compel Monsanto's participation in a Rule 26(f) conference ("Mot to Compel") and a joint stipulation ("Joint Stip.") regarding the motion. [Doc. ## 31, 31-1.]

---

[1] On March 24, 2016, this Court granted Monsanto's motion to sever and transfer, transferring Plaintiff Rubio's case to the Western District of Texas and Plaintiff Yolanda Mendoza's case to the Eastern District of California. (*Rubio* Case at Doc. # 63.) The Court denied Rubio's *ex parte* application to stay the transfer order in order to allow him to attempt to appeal the ruling. (*Id.* at Doc. # 67.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1609-DMG (Ex)** | Date | April 29, 2016 |
| Title | *Teri Michelle McCall v. Monsanto Company* | Page | 2 of 5 |

Although briefing has not been completed as to the motions to stay or to compel participation in a Rule 26(f) conference, the Court issues this ruling early in order to forestall the needless expenditure of time and effort on motion practice and to familiarize the parties with this Court's practices and procedures.

## II.
## DISCUSSION

**A.     Motion to Stay**

   **1.     Legal Standard**

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 878 n. 6 (1998) (quoting *Landis*); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (same). For this reason, a district court has discretion to stay proceedings pending before it. The Supreme Court has emphasized that "[a] stay is not a matter of right, even if irreparable injury might otherwise result" but "is instead an exercise of judicial discretion[.]" *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations and quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (internal citations omitted).

In exercising its discretion, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. In *Nken*, the Supreme Court identified four factors a district court should consider in deciding whether to grant an application for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 434.

   **2.     Motion to Stay**

Monsanto contends that its forthcoming motion to dismiss will "create uncertainty regarding the future scope of this action, including which claims, if any, will proceed to discovery," and therefore hinder Monsanto's ability to evaluate which discovery is relevant to the claims or defenses in this case. (Stay at 1.) Monsanto states that it will bring the motion to dismiss on grounds that require no discovery, including federal preemption and the application of California law to bar Plaintiff's claims. (Joint Stip. at 2-3.) Monsanto notes that "this case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1609-DMG (Ex)** | Date | April 29, 2016 |
| Title | *Teri Michelle McCall v. Monsanto Company* | Page | 3 of 5 |

involves complex litigation where discovery inevitably would be extensive, burdensome, and costly[,]" as the complaint includes allegations spanning a 40-year period, and "delaying the commencement of discovery . . . will reduce the likelihood that the parties expend large amounts of time and money conducting unnecessary discovery." (*Id.* at 3-4.)

McCall contends that Monsanto's forthcoming motion to dismiss is unlikely to succeed, given that a motion making nearly identical arguments was recently denied in a similar case in the Northern District of California. (Opp. Stay at 2-3 (citing *Hardeman v. Monsanto Company*, 16-CV-525-CV (N.D. Cal)); Ex. A.) McCall asserts that nothing would be gained by delaying discovery in this case, given that Monsanto will already be engaged in similar discovery in the *Hardeman* case. (Opp. Stay at 3.) The Court recently denied the plaintiff's *ex parte* motion to stay in the related *Rubio* case, which should be proceeding apace in the Western District of Texas and Eastern District of California. (*Rubio* case [Doc. # 67].) According to Plaintiff, discovery regarding the history of the Roundup product is therefore already in motion in those cases.

Without having the opportunity to review Monsanto's hypothetical motion to dismiss, the Court cannot evaluate whether Monsanto is likely to succeed on the merits. *See Nken* at 434 ("It is not enough that the chance of success on the merits be 'better than negligible.'"); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 17, 2002) ("a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief.") (internal citation, brackets, ellipses, and quotation marks omitted). Given that Monsanto will already be engaged in similar or identical discovery in several other cases, there is no indication that denial of the stay will cause it irreparable injury.

Moreover, this case is no different from most cases filed before this Court where the defendants bring a motion to dismiss with the hope of obtaining a dismissal of an action in its entirety or, at least, narrowing the issues in the case. Motions to stay of the sort sought here are rarely sought and almost never granted. Indeed, the Court states quite clearly in its Initial Standing Order that, absent a Court order that discovery is premature, "**it is advisable for counsel to begin to conduct discovery actively before the Scheduling Conference**." [Doc. # 19 at 3 (emphasis in the original).] Of course, the Court expects that the parties' counsel will exercise sound professional judgment to refrain from making burdensome or duplicative discovery requests, especially in a case such as this where discovery between the parties has already begun in the context of other related cases and a motion to dismiss has yet to be filed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1609-DMG (Ex)** | Date | April 29, 2016 |
| Title | *Teri Michelle McCall v. Monsanto Company* | Page | 4 of 5 |

**B.      Motion to Compel Participation in Rule 26(f) Conference**

Under Rule 26(f), parties must meet and confer regarding discovery as soon as practicable, but no less than 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). Fed. R. Civ. P. 26(f)(1). Under Rule 16(b), barring good cause for delay, a court must issue a scheduling order either 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared. Fed. R. Civ. P. 16(b)(2). The Court has not yet issued a scheduling order or set a scheduling conference in this case.

Here, McCall has not yet filed a proof of service of the summons and complaint on Monsanto. On March 22, 2016, Monsanto waived service of the complaint and summons, and agreed that Monsanto is required to file and serve an answer or a motion under Rule 12 within 60 days of March 14, 2016. [Doc. # 28.] Monsanto must therefore file a responsive pleading or a Rule 12 motion by May 13, 2016. (*Id.*)

McCall contends that Monsanto "entered an appearance" on March 14, 2016 when Defendant's attorneys Richard A. Clark and Stephen R. Platt filed notices of appearance of counsel. (Joint Stip. at 3, citing Doc. ## 9, 10.) A notice of appearance of counsel does not constitute an appearance by the party. Such notices are ordinarily filed in order to demonstrate that an attorney is qualified to appear before the court and to notify opposing counsel of the attorney's contact information. *See* C.D. Cal. L.R. 83-2.1 (requirements for attorneys to appear before the court).

In contrast, an appearance by a *party* "ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1047 (N.D. Cal. 2010) (internal citation and quotation marks omitted). An appearance by a party most often consists of a responsive pleading, such as an answer or a motion to dismiss. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (general appearance made by "filing an answer through an attorney"); *see also Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928 (9th Cir. 2004) ("Normally, an appearance in an action involves some presentation or submission to the court[.]") (internal citation and quotation marks omitted). Monsanto's filing of a motion to stay does not evince the "clear purpose to defend the suit" required to constitute a general appearance. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 9th Cir. 1988); *see also Benny v. Pipes*, 799 F.2d 489, 493 (9th Cir.1986) (defendants had not appeared despite having filed three motions for an extension of time to answer the complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1609-DMG (Ex)** | Date | April 29, 2016 |
| Title | *Teri Michelle McCall v. Monsanto Company* | Page | 5 of 5 |

Monsanto has not yet filed a responsive pleading in this case, and the deadline for it to do so is May 13, 2016. It is this Court's consistent practice to issue an Order *setting* a Scheduling Conference *after* the defendant files an answer and the pleadings are at issue. Until the Court issues such an Order, the parties are *not required* to participate in a Rule 26(f) conference, although they may *voluntarily* do so in order to expedite the proceedings.

### III.
### CONCLUSION

In light of the foregoing, Monsanto's motion to stay is **DENIED** and McCall's motion to compel Monsanto's participation in a Rule 26(f) conference is **DENIED**.

**IT IS SO ORDERED.**