**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

In re: Roundup Products                                             **MDL - 2741**
Liability Litigation

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION TO**
**TRANSFER ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED**
**OR CONSOLIDATED PROCEEDINGS**

## I.  INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Douglas Harris, the Plaintiff in *Douglas Harris v. Monsanto Company* Case No. 16-cv-0823-DRH, pending in the Southern District of Illinois, respectively submits this Interested Party Response to the Motion to Transfer of Actions for Coordinated Pretrial Proceedings to the United States District Court for the Southern District of Illinois.[1]  As set forth in more detail below, coordination before the Honorable David R. Herndon of the Southern District of Illinois is the most appropriate venue for these consolidated proceedings.

## II.  SCOPE OF THE LITIGATION

At this time, the scope of the Roundup products liability litigation is widespread and uncoordinated. Undersigned counsel is aware of at least twenty five (25) substantially similar civil actions pending in at least seventeen (17) different federal district courts being litigated by eleven (11) different law firms.

---

[1] This Response is made to the July 27, 2016 Motion for Transfer of Actions to the Southern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings filed by Andrus Wagstaff, P.C. on behalf of Plaintiffs *Hardeman* and *Giglio* (hereafter "Hardeman/Giglio Motion").

The undersigned firm of Hart McLaughlin & Eldridge, LLC ("HME") is counsel of record for the Interested Party case (*Harris*). In addition to all cases filed in Federal Court, cases are pending in state courts related to improper design, warning and sale of Roundup herbicide.

### III.   TRANSFER AND CONSOLIDATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407

Plaintiff *Harris* joins the arguments for coordination presented in Andrus Wagstaff's Motion as well as the Interested Party Responses in Support of Transfer and Centralization Pursuant to 28 U.S.C. § 1407. Each case involves common issues of fact and law regarding claims for failure to warn, design defect, breach of warranty, and negligence in the sales and marketing of Roundup that Defendant Monsanto Company ("Monsanto" or "Defendant") manufactured, marketed, promoted and placed into the stream of commerce. Monsanto failed to properly advise, warn, and otherwise disclose the risk, nature, and extent to which Roundup can and does cause non-Hodgkin's Lymphoma ("NHL"), such as that suffered by the Plaintiff Douglas Harris.

The criteria for transfer Under 28 U.S.C. § 1407(a) requires that (1) actions must share common issues of fact; (2) transfer must be for the convenience of the parties and witnesses; and (3) transfer must advance the just and efficient conduct of the actions. Plaintiff *Harris* agrees that these factors are satisfied in the Hardeman/Gilgio Motion *sub judice*. The record is replete with descriptions of allegations involving common issues of fact.  These claims include allegations that the Plaintiffs developed NHL after being exposed to Defendants' defective product. Every action is premised upon similar factual allegations arising from exposure to herbicides manufactured by Monsanto involving the

same active ingredient and sold under the "Roundup" brand. Moreover, these actions all involve the resolution of the same, or similar, questions of fact and law.

Should centralization be denied, both parties will be forced to negotiate and conduct discovery on a case-by-case basis across numerous districts, increasing the probability of inconsistent rulings and forcing Plaintiffs and Defendants to litigate substantially similar cases under disparate discovery requirements. *See In re: Incretin Mimetics Prods. Liab. Litig.*, 968 F. Supp. 2d 1345 (J.P.M.L. 2013) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly on such matters as *Daubert* rulings); and conserve the resources of the parties, their counsel, and the judiciary.") Therefore, consolidation of the Roundup-NHL cases benefit all parties by maintaining uniform discovery throughout this litigation and providing more efficient and just outcomes for all parties involved.

## IV.   THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS IS THE MOST APPROPRIATE TRANSFEREE COURT

Plaintiff agrees with Movants and those responding parties who agree that the Southern District of Illinois is the most appropriate transferee court. There is no forum with a greater factual nexus to the most pressing issues in the instant litigation. Illinois is one of the largest farming states and one of the largest consumers of glyphosate in the United States. This is not true for any other proposed venue. Moreover, the Southern District of Illinois sits in close proximity to Monsanto's corporate headquarters in St. Louis, Missouri allowing the parties easy access to the most critical documents and witnesses necessary to advance the litigation. Not only does the Southern District of Illinois hold subpoena power over potentially critical witnesses, at approximately 20

miles from Monsanto's corporate headquarters, this forum is convenient for defendants. Simply put, there is no more appropriate forum.

Southern District of Illinois is a capable forum for this litigation, provides a convenient and central location, and will not be overtaxed with other MDLs. The Honorable David R. Herndon has a demonstrated track record for efficient resolution of MDL cases and is imminently qualified to handle these cases. The transferee Judge's experience is exceedingly important and Judge Herndon has ample experience to oversee this litigation. See *In re: Fluoroquinolone Products Liab. Litig.*, 122 F. Supp. 3d 1378, 1381 (J.P.M.L. 2015) (assigning litigation to "an experienced transferee judge familiar with the scientific and regulatory background" of the product); *In re Ocean Fin. Corp. Prescreening Litig.*, 435 F. Supp. 2d 1350, 1351 (J.P.M.L. 2006) (assigning litigation to "an experienced transferee judge [who] has already developed familiarity with the issues"); *In re Paxil Prods. Liab. Litig.*, 296 F. Supp. 2d 1374, 1375 (J.P.M.L. 2003) (transferring actions "to a seasoned jurist in a district with the capacity to handle this litigation"). Additionally, Judge Herndon is experienced overseeing multi-party litigation involving agribusinesses similar to the Defendant Monsanto. In *In Re Syngenta Mass Tort Actions* 3:15-cv-01221-DRH Judge Herndon oversaw claims involving genetically modified ("GMO") seeds against a large agribusiness and agrochemical company. Judge Herndon's familiarity with agribusiness defendants makes him uniquely qualified to preside over this case. See *Id.* For these reasons, the undersigned requests that the litigation be transferred to the Southern District of Illinois before Judge David R. Herndon. Alternatively, the undersigned concurs with Movants that the Honorable Nancy

J. Rosenstengel or the Honorable Staci Yandle are also imminently qualified to preside over this litigation, both Judges also serving in the Southern District of Illinois.

## V.   CONCLUSION

As set forth above and all the reasons presented in Andrus Wagstaff, P.C.'s brief in support of its Motion for consolidation under 28 U.S.C. § 1407 [Doc. 1-1], the Interested Party respectfully requests that the Panel order coordination or consolidated pretrial proceedings for the Roundup products liability litigation and that these cases be transferred to the Southern District of Illinois, presided over by the Honorable David R. Herndon. Alternatively, Harris requests that the Honorable Nancy J. Rosenstengel or the Honorable Staci Yandle preside over the cases, both from the Southern District of Illinois.

Dated:  August 10, 2016.

Respectfully submitted,

**HART MCLAUGHLIN & ELDRIDGE, LLC**

*/s/ Robert J. McLaughlin*
Robert J. McLaughlin
John Backes Prior
121 West Wacker Drive
Suite 1050
Chicago, IL 60601
(312) 955-0545
rmclaughlin@hmelegal.com
jprior@hmelegal.com