BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | § § § | MDL - 2741 |

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PROCEEDINGS**

I.   INTRODUCTION

Plaintiff Gary Mancuso ("Plaintiff"), by and through his undersigned counsel,[1] respectfully submits this Interested Party Response supporting Plaintiff's Motion for Transfer of Actions to the Southern District of Illinois pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Transfer") (CM/ECF Doc. 1, July 27, 2016). As set forth in more detail below, coordination before one of the proposed Judges of the Southern District of Illinois is the most appropriate venue for these consolidated proceedings.

II.   TRANSFER AND CENTRALIZATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407

Transfer is appropriate where: (a) civil actions pending in other districts involve one or more common questions of fact; (b) transfer and coordination will advance the just and efficient conduct of the actions; and (c) transfer will serve the convenience of parties and witnesses. 28 U.S.C. § 1407(a). All three factors governing transfer under 28 U.S.C. § 1407 support centralization here.

III.   COMMON ISSUES OF FACT

---

[1] Plaintiff Mancuso's case is currently pending in the United States District Court for the Eastern District of Pennsylvania, with docket number 2:16-cv-04096-TJS.

These related actions include nearly identical allegations that the Plaintiffs developed Non-Hodgkin's Lymphoma ("NHL") after being exposed to Defendants' defective herbicide product. At this time, on information and belief there are at least twenty-five (25) substantially similar civil actions pending in at least seventeen (17) different federal district courts by eleven (11) different law firms. Every action is based on substantially similar factual allegations arising from the exposure to Monsanto's herbicides sold under the "Roundup" brand.

Moreover, each case will involve overlapping questions of law requiring a significant amount of litigation and discovery applicable to all cases. Centralizing these actions in a single court will "eliminate duplicative discovery; prevent inconsistent pretrial rulings (particularly on such matters as *Daubert* rulings); and conserve the resources of the parties, their counsel, and the judiciary." See *In re: Incretin Mimetics Prods. Liab. Litig.,* 968 F. Supp. 2d 1345 (J.P.M.L. 2013). Consolidating the Roundup-NHL cases will benefit all parties by reducing costs and provide a more efficient and uniform discovery.

### IV.    CONVENIENCE OF THE PARTIES

Plaintiff agrees with Movants, and a number of other responding parties, that the Southern District of Illinois is the most appropriate and convenient transferee court. Illinois is one of the largest farming states and one of the largest consumers of glyphosate in the United States. Moreover, the Southern District of Illinois is convenient for both Plaintiffs and Defendants.

Finally, the Southern District of Illinois is within close proximity to Monsanto's corporate headquarters in St. Louis, Missouri, allowing the parties easy access to critical documents and witnesses necessary to advance the litigation.

### V.    JUST AND EFFICIENT CONDUCT OF THE ACTIONS

Coordinating these actions before a single judge provides the most efficient management of the cases. *See In re Zimmer Nexgen Knee Implant Prods. Liab. Litig.*, MDL No. 2272, 2011 WL 3563293, at *1 (J.P.M.L. Aug. 8, 2011) (coordination will avoid inconsistent and duplicative pretrial rulings on the same or similar issues). Additionally, as discussed above, the Southern District of Illinois presents the most efficient and just forum for this litigation. The Southern District of Illinois is a geographically central location providing access to critical documents and witnesses. It is not overrun with other MDLs and this matter would be efficiently handled by any of the eminently qualified judges proposed by the Movants, including the Honorable Staci M. Yandle, the Honorable David R. Herndon, or the Honorable Nancy J. Rosenstengel.

## VI.   CONCLUSION

Accordingly, Plaintiff Gary Mancuso supports and joins the Motion to Transfer these similar actions to the Southern District of Illinois.

Respectfully submitted,

**ROSS FELLER CASEY, LLP**

Dated:  August 18, 2016

/s/ Brian McCormick, Jr.
Brian J. McCormick, Jr., Esquire
Robert Ross, Esquire
Joel J. Feller, Esquire
Matthew A. Casey, Esquire
Mark A. Hoffman, Esquire
Dena Young, Esquire
One Liberty Place
1650 Market St., Suite 3450
Philadelphia, PA 19103
Telephone: 215.574.2000
Fax: 215.574.3080
bmccormick@rossfellercasey.com

Attorneys for Plaintiff