**BEFORE THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | § § § | **MDL - 2741** |

**INTERESTED PARTY RESPONSE IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff James M. Work[1] respectfully submits this Interested Party Response supporting, in part, Plaintiffs' Hardeman and Giglio's ("Movants") Motion for Transfer of Actions to the Southern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Transfer") (CM/ECF Doc. 1, July 27, 2016). Like Movants, Plaintiff asserts personal injury claims against Defendant Monsanto Company ("Monsanto") alleging that exposure to Monsanto's Roundup® caused the development of non-Hodgkin's Lymphoma ("NHL"). Plaintiff agrees that centralization is appropriate for these actions and does not oppose transfer to the Southern District of Illinois. However, Plaintiff contends that the most appropriate venue is the Eastern District of Louisiana.

## I. BACKGROUND

The above-named Plaintiff is a party to an individual civil action in the federal system alleging injury, specifically NHL, caused by exposure to or use of Roundup®, the herbicide manufactured and sold by Monsanto Company. The undersigned law firm represents Plaintiff and other individuals who have been diagnosed with NHL after repeated or long-term

[1] *Work v. Ragan and Massey, et al.*, 2:16-CV-07491-CJB-DEK (U.S. Dist. E.D. La.).

exposure to Roundup®.

Plaintiff generally adopts and concurs with the statements of facts and arguments contained in the Motion for Coordinated or Consolidated Pretrial Proceedings. All of the cases identified in the Schedule of Actions filed with the Motion involve substantially similar questions of law and fact, all against the same Defendant, Monsanto Company. Discovery in these cases will be complex and voluminous, and conducting this discovery in various district courts would be unnecessarily duplicative, wasting both the parties' and judicial resources. Accordingly, Plaintiff agrees that transfer and pretrial coordination of related Roundup® NHL cases will promote the just and efficient conduct of litigation and further the goals of 28 U.S.C. § 1407.

## II. ARGUMENT

### A. <u>Consolidation is Appropriate and Necessary.</u>

Transfer is appropriate where: (A) "civil actions involving one or more common questions of fact are pending in different districts"; (B) transfer and coordination "will promote the just and efficient conduct of such actions"; and (C) transfer and coordination will serve "the convenience of parties and witnesses." 28 U.S.C. § 1407(a). All three factors governing transfer under 28 U.S.C. § 1407 support centralization here. As of the date of this filing, there appear to be 25 pending cases nationwide.[2] These cases are pending in seventeen judicial districts and are being litigated by nearly a dozen different law firms. Each case involves common issues of fact and law as demonstrated by Monsanto's filing nearly identical motions to dismiss, asserting the same affirmative defenses (preemption and Comments j & k of

[2] Four substantially related cases have been filed since the initial petition was lodged with the Panel: *Turner v. Monsanto Company*, 2:16-cv-00836-RJS (D. Utah, July 28, 2016); *Mancuso v. Monsanto Company*, 2:16-cv-04096-TJS (E.D. Penn., July 29, 2016); *Ricci v. Monsanto Company*, 1:16-cv-04583-JBS-AMD (D.N.J., July 29, 2016); and *Perkins v. Monsanto Company*, 8:16-cv-01410-DMG-E (C.D. Cal., July 29, 2016).

Restatement (Second) of Torts)[3] before receiving multiple rulings in favor of Plaintiffs. Indeed, Monsanto has also filed the same motion to bifurcate discovery in many of these cases, asking each court to limit discovery and require a full *Daubert* hearing on the single issue of general causation, i.e., whether Roundup® can cause NHL.

Unquestionably, significant discovery and motion practice will apply equally to all cases. Centralizing that effort in a single court makes sense, especially since coordination will significantly reduce costs to both Plaintiffs and Monsanto and ensure needless duplication of depositions and discovery does not burden witnesses or courts.

### B. <u>The Eastern District of Louisiana is an Appropriate Transferee Forum.</u>

The Eastern District of Louisiana is an appropriate transferee forum. A federal action has already been filed and is currently pending regarding Monsanto and glyphosate before Judge Barbier in the Eastern District of Louisiana.[4] Actions generally are transferred to a district where one or more actions are pending. *See In re A.H. Robins Co. "Dalkon Shield" Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975).

Monsanto maintains a significant presence in the Eastern District of Louisiana; one of Monsanto's two glyphosate manufacturing facilities in the United States is located approximately 24 miles from New Orleans, Louisiana, in Luling, Louisiana.[5] Monsanto just recently announced a nearly $1,000,000,000.00 investment in that facility.[6] Upon completion of the planned expansion Monsanto will add 100 full-time employees to the 665 current employees.[7] Many documents and document custodians relevant to the manufacturing of

---

[3] This defense is particular to all of the cases pending in the California federal courts.
[4] *Work v. Ragan and Massey, et al.*, 2:16-CV-07491-CJB-DEK (U.S. Dist. E.D. La.).
[5] http://www.theadvocate.com/baton_rouge/news/business/article_75489537-7914-5de2-8802-113ca7864b71.html.
[6] *Id.*
[7] *Id.*

Roundup® are likely located at the aforementioned facility. Additionally, witnesses with knowledge of the dangers of Roundup® generally and its carcinogenic properties specifically are also likely located within the boundaries of the Eastern District of Louisiana. Monsanto's own Chief Operating Officer Brett Begemann stated:

> Our Luling facility is a logical site uniquely positioned at the center of Monsanto's manufacturing network, with convenient access across the Americas . . .[8]

The State of Louisiana generally and the Eastern District of Louisiana specifically has a further interest in the outcome of the above-captioned matter in light of the fact that all three of Monsanto's "big three" crops (corn, cotton, and soybeans) are grown extensively throughout the State. Also, sugarcane, Louisiana's leading crop, has seen extensive Roundup® usage by growers throughout Louisiana in general and within the Eastern District of Louisiana specifically.[9]

The United States District Court for the Eastern District of Louisiana is a particularly convenient forum for litigation after consolidation of these actions. In *In re Worldcom, Inc. Securities & "ERISA"* Litig., 226 F.Supp. 2d 1352 (J.P.M.L. 2002), this panel consolidated several actions and transferred the consolidated action to the nearby Southern District of New York, noting that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services." *Id.* at 1355; *see* also, *In re Jamster Mktg.* Litig., 427 F.Supp. 2d 1366, 1368 (J.P.M.L. 2006)

---

[8] http://www.theadvocate.com/baton_rouge/news/business/article_ae2f6214-ceba-53df-b905-6b9bea5 eaa6b.html?sr_source =lift_amplify

[9] According to totals obtained from the Louisiana State University Agriculture Center, in the year 2014(the most recent year with available data) Louisiana produced 195,863,052 pounds of cotton, 71,828,362 bushels of corn, 79,560,344 bushels of soybeans, and 2,922,906,461 pounds of sugarcane.

(choosing as a transfer forum an "accessible metropolitan location"). These considerations of convenience apply with full force to the United States District Court for the Eastern District of Louisiana's New Orleans courthouse. Flights are readily available in and out of New Orleans International Airport and the courthouse is 12 miles from the airport. Accordingly, convenience weighs in favor of transferring and consolidating these actions in the United States District Court for the Eastern District of Louisiana.

Furthermore, the Eastern District of Louisiana has many very experienced jurists who are more than qualified to handle litigation as complicated and expansive as this case will most certainly be. The MDL Panel has concluded on several occasions that the United States District Court for the Eastern District of Louisiana is an appropriate forum to hear complex litigation because of its expertise in governing these matters. *See* MDL-1873 *IN RE: FEMA Trailer Formaldehyde* Products Liability Litigation; MDL-1355 *IN RE: Propulsid* Products Liability Litigation; MDL-1657 *IN RE: Vioxx* Marketing, Sales Practices and Products Liability Litigation; MDL-1390 IN RE: *Life Insurance Co. of Georgia Industrial* Life Insurance Litigation; MDL-1984 IN RE: *DirecTech Southwest, Inc.,* Fair Labor Standards Act (FLSA); and MDL-2179 *Oil Spill by the Oil Rig "Deepwater Horizon"* to name just a few of the litigations consolidated and transferred to the Eastern District of Louisiana. Moreover, the Eastern District of Louisiana is capable of managing its docket efficiently as proven time and again with its handling of Multi District Litigation. This is evidenced by the pioneering nature of the Eastern District of Louisiana through its leadership amongst federal districts with its establishing the usage of short form joinders, as

well as its innovative use of technology regarding online databases for documents and filings that are fully searchable and secure.

Finally, the Honorable Carl Barbier is an experienced MDL jurist, having spent the past five years overseeing MDL 2179 involving the BP *Deepwater Horizon* oil spill litigation -- perhaps the largest MDL in our country's history. His ability to oversee this MDL cannot be overstated. Within the Eastern District of Louisiana, there are other judges who have demonstrated similar abilities to those of Judge Barbier and are likewise adept in managing consolidated litigation.

## III. CONCLUSION

Plaintiff supports and joins the Motion to Transfer these similar actions to the Southern District of Illinois, but also believes the Court should consider, in the alternative, centralization in the Eastern District of Louisiana.

Dated: August 18, 2016

Respectfully submitted,

**LUNDY, LUNDY, SOILEAU & SOUTH, LLP**

/s/ Hunter W. Lundy
HUNTER W. LUNDY (#8938)
hlundy@lundylawllp.com
MATTHEW E. LUNDY (#19988)
mlundy@lundylawllp.com
RUDIE R. SOILEAU, JR. (#2119)
rudiesoileau@gmail.com
KRISTIE M. HIGHTOWER (#31782)
khightower@lundylawllp.com
MAX E. GUTHRIE (#32487)
mguthrie@lundylawllp.com
501 Broad Street (70601)
P. O. Box 3010
Lake Charles, LA 70602-3010
Telephone: (337) 439-0707
Facsimile: (337) 439-1029