**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **In re: ROUNDUP PRODUCTS** | ) | **MDL Docket No. 2741** |
| **LIABILITY LITIGATION** | ) | |

**PLAINTIFF LARRY GOODBRED'S INTERESTED PARTY RESPONSE TO
PLAINTIFFS EDWIN HARDEMAN AND EMANUEL RICHARD GIGLIO'S
MOTION FOR TRANSFER UNDER 28 U.S.C. § 1407**

### INTRODUCTION

Under Rule 7.2(c), Plaintiff Larry Goodbred, Case No. 1:16-cv-8736 (N.D. Ill.), agrees that transfer and consolidation under 28 U.S.C. § 1407 is appropriate, but submits that the Northern District of Illinois is the most appropriate venue to navigate this MDL. For the reasons stated herein, Plaintiff Goodbred respectfully requests that the Panel transfer all related actions against defendant Monsanto Company to the Northern District of Illinois.

### BACKGROUND

The central issue in this litigation is whether exposure to Monsanto's glyphosate-based herbicide products sold under the trade name "Roundup" cause various forms of cancer, most particularly non-Hodgkin's lymphoma ("NHL").

While Monsanto's Roundup products are widely used, the persons with the most exposure to Roundup, and thus most likely to be plaintiffs in this litigation, are farmers and agricultural workers who spray Roundup herbicides on genetically-modified "Roundup Ready" crops designed to withstand the herbicidal properties of Roundup. The most widespread "Roundup Ready" crops are soybeans and corn.

ARGUMENT

**I.  Transfer and Consolidation Should Be Granted.**

There are now at least 30 civil actions currently pending in 19 different judicial districts that all allege Monsanto's Roundup products cause NHL. The number of cases is growing weekly, as is the number of judicial districts in which these cases are filed. Neither coordination across a growing number of judicial districts nor transfer by another procedural vehicle is likely to achieve the economies to the court system and the parties that can be achieved by consolidation and transfer under 28 U.S.C. § 1407(a). Transfer and consolidation would eliminate duplication in discovery and discovery rulings, avoid conflicting rulings on the merits, avoid conflicting schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts. *See Manual for Complex Litigation,* § 20.131 (4th ed. 2004). Other cases involving toxic chemicals have justified MDL treatment on prior occasions. *See, e.g., In re E.I. DuPont DeNemours and Co. C-8 Pers. Injury Litig.,* MDL No. 2433; *In re Asbestos Litig.,* MDL No. 875. The same reasons justify MDL treatment here.

Consolidation is necessary to prevent inconsistent rulings on many central issues, which would present significant problems due to the substantial consistency in factual and legal allegations among all actions. *See In re LLRice 601 Contamination Litig.,* 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006). Plaintiff Goodbred submits that the motion for consolidation and transfer (Doc. #1) makes a compelling case to invoke § 1407(a).

## II.    The Northern District of Illinois Is the Most Appropriate Transferee Forum.

Illinois is the epicenter of this litigation and the most logical venue for consolidation. Roughly 8% of the agricultural use of glyphosate in the U.S. is used in Illinois and over 60% is used in the Midwest.[1] The reason is simple: roughly 71% of the agricultural use of glyphosate is on Roundup Ready soybeans and corn, which is predominately grown in the corn belt as illustrated on the following map[2]:

### Estimated Agricultural Use for Glyphosate , 2014 (Preliminary) EPest-High



Estimated use on agricultural land, in pounds per square mile

- < 4.52
- 4.52 - 21.12
- 21.13 - 88.06
- > 88.06
- No estimated use

---

[1] *See            generally*            http://water.usgs.gov/nawqa/pnsp/usage/maps/county-level/PreliminaryEstimates/EPest.county.estimates.2014.txt.

[2] http://water.usgs.gov/nawqa/pnsp/usage/maps/show_map.php?year=2014&map=GLYPHOSATE&hilo=L&disp=Glyphosate.

Illinois is the #1 producer of soybeans and the #2 producer of corn in the U.S.[3] Illinois soybean and corn farms account for roughly 18,000,000 acres;[4] given the prevalence of Roundup Ready crops, it is highly likely these acres have routinely been sprayed with Roundup year-after-year leading to glyphosate exposure for thousands of farmers. These facts make Illinois the center of gravity for the largest pool of potential plaintiffs. *In re Fresh & Process Potatoes Antitrust Litig.*, MDL 2186, 2010 WL 4056087 (Oct. 13) (transferring cases to jurisdiction "where much of the domestic potato industry is based"); *In re Griseofulvin Antitrust Litig.*, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975) (transferring to district that encompassed "the focal point of this litigation").

In the same vein, Illinois is also convenient for Monsanto. Monsanto's worldwide headquarters is in St. Louis, Missouri, where it employs roughly 4,000 employees, including its senior executives who will likely be deposed in this litigation.[5] Chicago is only a 5-hour drive from Monsanto's headquarters.[6] Likewise, there are numerous daily direct flights to/from St. Louis that take less than an hour.[7] Further, Monsanto's website lists 13 locations in Illinois, as many locations as Monsanto has in any state other than Iowa.[8]

---

[3] *See* http://www.usda.gov/nass/PUBS/TODAYRPT/cropan16.pdf (2015 crop production summary provided by the United States Department of Agriculture).

[4] https://www.agr.state.il.us/facts-about-illinois-agriculture/

[5] http://www.monsantofund.org/global-impact/north-america/united-states/

[6] https://www.mapquest.com/directions/from/us/mo/saint-louis/63141/800-n-lindbergh-blvd-38.668963,-90.404903/to/us/il/chicago/60604-1701/219-s-dearborn-st-41.879200,-87.629341.

[7] http://www.travelmath.com/flying-time/from/Saint+Louis,+MO/to/Chicago,+IL.

[8] http://www.monsanto.com/whoeare/pages/unitedstates.aspx.

Within Illinois, the Northern District of Illinois has several qualities that make it a logical venue to host this MDL. First, Chicago is centrally-located in the Midwest, it has two major airports (O'Hare and Midway), it is a travel hub for three major airlines (American, Southwest, and United), and between the two airports it offers over 750 daily flights to over 250 non-stop destinations. With cases filed from California to Massachusetts and counsel for the parties located throughout the U.S., having a centrally-located travel hub is an important consideration.

Second, the Northern District of Illinois is not currently over-burdened with other pending multi-district litigations and has an abundance of qualified judges to preside over this MDL. The Northern District of Illinois has thirteen active MDLs[9] among its 33 district judges, and several of those are winding down.

Two of the Monsanto-related actions have been assigned to Judge Manish Shah in the Northern District of Illinois. With an undergraduate degree from Stanford and a law degree from the University of Chicago, Judge Shah plainly has the intellect to preside over complex litigation. He worked for 13 years as an Assistant United States Attorney and since joining the bench has presided over a number of complex and multi-party cases.[10]

---

[9]   http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-15-2016.pdf.

[10] *See e.g., Riffey v. Rauner,* 2016 WL 3165725 (N.D. Ill. June 7) (class action involving home health aides seeking to recover agency fees that union deducted from Medicaid reimbursements); *Johnson v. Yahoo!, Inc.,* 2016 WL 25711 (N.D. Ill. Jan. 4) (class action involving welcome messages to cell phones); *Krik v. Owens-Illinois, Inc.,* 2015 WL 5050143 (N.D. Ill. Aug. 25) (trial involving asbestos and tobacco claims); *U.S. ex rel. Danielides v. Northrop Grumman Sys. Corp.,* 2014 WL 5420271 (N.D. Ill. Oct. 23) (qui tam action involving project aimed to protect civilian aircraft from missile attacks).

Alternatively, Plaintiff recommends Judge Rebecca Pallmeyer. Appointed to the bench in 1998, Judge Pallmeyer presided over *In re JP Morgan Chase Bank Home Equity Line of Credit,* MDL 2167 (terminated in 2013) and is currently handling the *In re Zimmer NexGen Knee Implant Products Liability Litigation,* MDL 2272, where over 1,000 cases have already been resolved.

Both Judges Shah and Pallmeyer have expressed a willingness to oversee this MDL.

Plaintiffs who filed the § 1407(a) motion here argue for the Southern District of Illinois. Plaintiff Goodbred agrees that Judge Herndon is well-qualified to preside over this litigation but the venue is not ideal. All three of the cases filed in the Southern District were filed in the court's East St. Louis division, whose courthouse is less than a 25-minute drive from Monsanto's worldwide headquarters in St. Louis. The suburbs of St. Louis increasingly stretch into communities within the Southern District of Illinois, with people commuting into St. Louis for work. While the biases would likely work both for and against Monsanto, there is no reason to subject these cases to a jury pool tainted by pre-conceived notions about Monsanto when Chicago provides a nearby and better option.

Monsanto argues for California and Florida, but those states are thousands of miles from the heart of agricultural country. And, as shown on the map above, the glyphosate usage in those states is far lower than Illinois. Moreover, despite Monsanto's protestations, this litigation is at its heart an agricultural mass tort of critical importance to farmers that should not be litigated in San Francisco or Miami far from any soybean or corn farms.

Lastly, all of the federal cases presently on file are still in their infancy. Importantly, some of the first cases to be filed have decided a hotly contested issue surrounding the bifurcation of discovery, as referenced in the opening § 1407(a) motion. This issue will have a significant impact on the progress of the MDL and should be decided fresh within the context of an MDL by a judge who has not yet decided this issue.

## Conclusion

Together, these factors support transfer and consolidation to the Northern District of Illinois.

Dated: September 12, 2016                                        Respectfully submitted,

    */s/ Christopher M. Ellis*                            */s/ Richard M. Paul III*
Christopher M. Ellis                                             Richard M. Paul III
BOLEN ROBINSON & ELLIS, LLP                                     Jack McInnes
202 S. Franklin, 2nd Floor                                      Ashlea Schwarz
Decatur, Illinois 62523                                         PAUL McINNES LLP
Phone: 217-429-4296                                             601 Walnut Street, Suite 300
Fax: 217-329-0034                                               Kansas City, Missouri 64106
cellis@brewlaw.com                                              Phone: 816-984-8100
                                                                Fax: 816-984-8101
                                                                paul@paulmcinnes.com
                                                                mcinnes@paulmcinnes.com
                                                                ashlea@paulmcinnes.com