BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: Roundup Products Liability Litigation, | ) ) ) | MDL Docket No. 2741 |
| *O'Brien, et al. v. Monsanto Company*, 4:17-cv-01192-CEJ. | ) ) ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiffs in the above captioned case hereby submit their Memorandum in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order No. 15, and respectfully ask the Court to consider the following arguments in support of that Motion:

**I.  INTRODUCTION**

Plaintiffs move to vacate the transfer of the civil action, *O'Brien, et al. v. Monsanto Company*, associated with Conditional Transfer Order No. 15, issued on April 7, 2017. Transferring the above captioned matter would neither result in convenience to the parties or witnesses, nor promote just and efficient litigation for the following reasons.[1]

Plaintiffs properly brought their state law claims in the Circuit Court of the City of St. Louis, State of Missouri. Defendant is headquartered in St. Louis, Missouri, where Plaintiffs originally filed this matter. Thus, it is the location in which Monsanto's corporate business takes place and the location from which the alleged conduct originated. Plaintiffs' Petition sounds only in state law, addresses Monsanto's conduct stemming from its Missouri headquarters, and raises

---

[1] Further illuminating the inefficiency of waiting to consider remand is the fact that an identical case filed by the same counsel, *Kane v. Monsanto*, No. 1622-CC10172, is pending in state court and will remain there; Monsanto did not remove it and has already answered that petition.

no federal subject matter. Currently, Plaintiffs are awaiting a hearing on pending motion to remand to state court. Plaintiffs maintain that Monsanto's removal to federal court was improper, without factual or legal basis, and that justice and efficiency would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction.

This matter is procedurally different than the cases already assigned to multidistrict litigation (MDL) No. 2741, which are diversity actions that originated in federal district courts before being transferred to the MDL.

For these reasons, the Panel should vacate the Conditional Transfer Order, and exclude this matter from MDL No. 2741. Plaintiffs respectfully submit that the transferor court, in this instance, the Eastern District of Missouri, is best positioned to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiffs believe and argue it is— remand the case to Missouri state court.

## II.   PROCEDURAL HISTORY

On March 20, 2017, Plaintiffs filed their Petition for Damages and Demand for Jury Trial ("Petition") in the Circuit Court of the City of St. Louis, State of Missouri, alleging multiple causes of action for injuries suffered as a result of Plaintiffs' exposure to Defendant's Roundup® products. (Pls.' Pet., Rec. Doc. 1-1.). All causes of action are based solely on state law and include: defective manufacture and design; failure to warn over the safety of its product; failure to undertake sufficient studies to test its product; and concealing health risks of its product from the public. Plaintiffs filed their Petition in St. Louis, Missouri, where Monsanto is headquartered and where Monsanto's conduct in this matter originated and stems from. The *O'Brien* Petition includes sixty-three (63) plaintiffs and was pending before the Honorable Michael K. Mullen in Missouri State Court.

On March 29, 2017, Monsanto filed a Notice of Removal to the United States District Court, Eastern District of Missouri, alleging that the Petition raised substantial federal questions. (Defendant's Notice of Removal, 4:17-cv-1192, Rec. Doc. 1.). On April 4, 2017, Plaintiffs responded with their Motion to Remand to State Court. (Rec. Doc. 15.). On April 5, 2017, Monsanto filed a Notice of Potential Tag-Along Actions with the JPML, identifying this action as well as twelve other pending lawsuits for transfer to the MDL Court. Defendant further filed motions to consolidate all pending related actions, and on April 06, 2017, Defendant filed a motion for Temporary Stay pending the decision on transfer to the MDL or a decision on consolidation. (Rec. Doc. 20). On April 10, 2017, the stay was granted.[2] (Rec. Doc. 22). On April 13, 2017, a Conditional Transfer Order was filed, affecting this case and other pending lawsuits. Plaintiffs filed a notice of opposition to Conditional Transfer Order, and herein submit arguments in support their Motion to Vacate Conditional Transfer Order.

### III.  APPROPRIATE STANDARD

Pursuant to 28 U.S.C. § 1407(a) the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts… to any district for coordinated or consolidated pretrial proceedings." Rule 10.1(b)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation further provides "the Panel may remand an action… to the transferor court at any time… upon motion of any party."

---

[2] In the interval, on April 13, 2017, Plaintiffs filed a motion to lift the temporary stay for the limited purpose of determining subject-matter jurisdiction, on the rationale that the Eastern District Court of Missouri was best suited to determine the issue of remand prior to transfer to this MDL. (Rec. Doc. 23).

3

IV.     ARGUMENT

    a. **Plaintiffs Have Not Been Heard on Motion to Remand**

JPML Rules of Procedure Rule 2.1(d) states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." The Manual for Complex Litigation, § 20.131 states: "…matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." A court with pending actions may stay proceedings while a conditional transfer order is pending before a JPML, or may consider a motion to remand. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

On April 4, 2017, Plaintiffs filed a Motion to remand this matter to the Circuit Court of the City of St. Louis, State of Missouri as this matter involves no federal subject matter. (Rec. Doc. 15). Plaintiffs argued that their Petition, which sounds only in state law, was properly before the Missouri state court and that Monsanto's removal to federal court, on a pretext of federal question jurisdiction, was improper. Plaintiffs further maintained that the Eastern District of Missouri was in the best position to determine subject-matter jurisdiction and that the Court should not postpone ruling on Plaintiffs' remand motion merely because Defendant had moved for transfer to the MDL. Plaintiffs' remand motion, if successful, would moot this Conditional Transfer Order as a remand to local jurisdiction and the departure from district court would revoke the authority of the JMPL to transfer this matter to the MDL. In the interest of justice, Plaintiffs respectfully request that the Panel remand this matter to the transferor court for further proceedings and resolution of the issue of subject-matter jurisdiction.

### b. Transferring this matter will not promote "convenience" or "just and efficient conduct."

28 U.S.C. § 1407(a) requires civil actions involving common questions of fact shall be consolidated through transfer only when it is determined "…that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The Supreme Court has spoken often and firmly regarding the plaintiff's right to its choice of forum. "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious, and inexpensive… But, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

Plaintiffs' Petition has already been filed in the court well situated and located for the convenience of Plaintiffs, Defendant, and the witnesses employed by Defendant. Transferring the case to a location far removed from the place Defendant practices business and where Plaintiffs allege is the origin of the causes of action as described in the Petition would add no convenience to either the parties or the witnesses in this case. Plaintiffs will suffer from the delays that plague MDL actions as other cases await dispositive rulings from other district courts, or appeals. As the burden of proof in this matter rests on the shoulders of Plaintiffs, Plaintiffs would be at a disadvantage.

Additionally, a transfer would not provide significant convenience to Defendant. Defendant can provide substantially the same production of evidence multiple times without

incurring much additional expense, or the parties can informally share the discovery that has already been produced in the MDL and vice versa. The venue in which Plaintiffs filed this case is also the location of Defendant's centralized place of business, and it would be more convenient for Defendant for this matter to continue in Missouri.

A transfer would be neither just nor efficient as Plaintiffs' case is procedurally different from the MDL assigned to the Northern District of California. Unlike the cases assigned to the MDL, which are diversity cases that originated in federal court, this matter was properly filed in the Circuit Court of the City of St. Louis, State of Missouri before its removal. As demonstrated in the pending motion to remand before the Eastern District of Missouri Court, this *O'Brien* action does not implicate diversity jurisdiction and does not raise federal question jurisdiction.

There is no net gain in efficiency by postponing the prompt resolution of Plaintiffs' pending remand motion while waiting for a decision from the MDL Court. Indeed, that Plaintiffs' state court Petition has now reached a third forum from where it originated speaks only to inefficiency and a waste of judicial resources. The inefficiencies here are particularly acute given that the same counsel will continue to litigate in Missouri state court in the related *Kane* action. Until Plaintiffs receive due process on jurisdictional issues it would be unjust for the matter to be transferred to the MDL. Accordingly, Plaintiffs respectfully submit that the JPML should vacated CTO 15 and remand this action to the transferor court for immediate resolution of Plaintiffs' motion to remand to state court. [3]

---

[3] While it may be that the Courts' desire to transfer and combine cases with similarities in order to adjudicate them simultaneously, it is also desirable for vigorous debate and the opportunity for robust review to take place. "Additional litigation may lead to a conflict among the circuits and review by the Supreme Court with the benefit of additional legal views that increase the probability of a correct disposition." *Atchison Topeka and Santa Fe Railway Company CSX v. Pena,* 44 F.3d 437, 447 (7th Cir. 1994). Limiting the opportunity of Plaintiffs to be heard in this matter to only the MDL will constrain arguments and potential future review. While this may

## V. CONCLUSION

Based on the foregoing arguments Plaintiffs in this matter pray for relief, and request the Panel vacate its Conditional Transfer Order No. 15 and exclude this matter from MDL No. 2741.

Dated: April 24, 2017                                            Respectfully submitted,

/s/ Eric D. Holland
ERIC D. HOLLAND
Holland Law Firm
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
TEL: 314-241-8111
FAX: 314-241-5554
Email: eholland@allfela.com

**ATTORNEYS FOR PLAINTIFF**

---

add convenience to the Courts, the consequence of single litigation limits the opportunity to find truth.