**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS LIABILITY
LITIGATION

MDL-2741

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-15)

Plaintiffs Bates, et al., Salvaggio, et al., and Feranec, et al., ("Plaintiffs") file this

Memorandum in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-15),

which conditionally transferred their actions to MDL-2741, *In re Roundup Products Liability

Litigation* ("MDL"). Also, Plaintiffs' motions for remand to state court for lack of federal

jurisdiction are currently pending in the Eastern District of Missouri federal court ("EDMO").

Plaintiffs oppose the transfer and contend, in light of their undecided motions to remand and

the status of proceedings in the MDL, that minimum requirements for transfer cannot be met.[1]

Specifically, transfer will not meaningfully reduce inconvenience to the parties nor will transfer

advance the just and efficient management of Plaintiffs' cases.

The criteria for the Judicial Panel on Multidistrict Litigation's ("Panel") transfer of an action

to the MDL include that the transfer *must* be for the convenience of parties and witnesses and

*must* advance the just and efficient conduct of the actions.  (emphasis added.)[2] In this instance,

---

[1] Plaintiffs recognize that MDL courts are empowered to decide remand motions in transferred cases.  But in this instance, transfer is not warranted.

[2] Multidistrict Litigation Manual § 5.3.

neither criteria is met.[3]

First, Plaintiffs urge there would be no *meaningful enhancement* of convenience to either parties or witnesses by transferring their cases to the MDL for decision on the remand motion. Likewise, there would be no *meaningful reduction* in overall inconvenience to the parties or witnesses as a result of such transfer.[4]

Thus, all things being equal, transfer to the MDL court to decide the remand motions would neither maximize convenience to the parties nor minimize inconvenience to the parties. Under such circumstances, the statutory minimum requirement based on transfer for the convenience of parties and witnesses is not met.

Second, because the MDL court has already ordered the proceedings bifurcated, with the first phase to address causation,[5] case-specific motions such as these remands may not be decided for many months --- until the first phase of litigation has been completed.[6]  Such a lack of action would essentially delay a decision on the remand motions and unequivocally thwart the just and efficient management of Plaintiffs' actions.

Furthermore, Plaintiffs continue to suffer the physical, emotional, and financial hardships of coping with the deadly and traumatic cancers caused by Monsanto's product, Roundup, either to

---

[3] As to the third criteria, while Plaintiffs' actions do share "common issues of fact" with other MDL-2741 cases, there is only one remand motion pending before the MDL court. That case was filed in California state court by the same attorneys who represent the Plaintiffs herein.  *See Pennie et al v. Monsanto Company et al.* 3:17-cv-01711-VC.

[4] The remand motion will most likely be determined on the pleadings without testimony from any witnesses or parties.

[5] MDL Doc. 25, Order filed 11-14-16 (". . . the Court has determined that the proceedings will be bifurcated, with the first phase addressing general causation.")

[6] As a result of the need to manage the overwhelming number of cases in federal courts, and in deference to the Panel and the MDL transferee judge, many district court judges have chosen to allow removed cases to simply be transferred to an MDL before ruling upon a motion to remand.

themselves or loved ones, and will be held hostage by protracted litigation, for many until death given the stage of their respective illnesses.

In short, transfer must *advance* the just and efficient conduct of Plaintiffs' cases, not stall the proceedings. The Panel cannot presume or be assured that Plaintiffs' actions, once transferred to the MDL, would be justly and efficiently managed and not relegated to obscurity until general causation discovery is completed.

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party."[7] Good cause exists where consolidation fails to promote the just and efficient conduct of the action or does not serve the convenience of the parties.[8] Because the barest minimum criteria for transfer have not been met, Plaintiffs respectfully urge the Panel to vacate its conditional transfer of their cases to the MDL.

## Background and Proceedings

Plaintiffs filed this action against Monsanto Company, Osborn & Barr Communications, Inc., and Osborn & Barr Holdings, Inc., ("Defendants") in the Circuit Court of the City of St. Louis, Missouri, exclusively asserting state-law claims for Roundup-induced Non Hodgkin Lymphoma ("NHL") and other cancers.[9]

---

[7] *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L. 1970)).

[8] *See* 28 U.S.C. § 1407(a) (emphasis added); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the ***just and efficient*** conduct of such actions and be for the ***convenience of the parties*** and *witnesses*") (emphasis supplied).

[9] Plaintiffs Bates, *et al.*, Feranec, *et al.* and Salvaggio, *et al.,* filed separate actions asserting claims based on strict liability (design defect and failure to warn); negligence; fraud, misrepresentation, and suppression; and violation of state consumer fraud acts.

Defendants removed Plaintiffs' actions to the EDMO for lack of federal jurisdiction.[10] The Panel conditionally transferred Plaintiffs' actions to the MDL.[11] The EDMO granted Defendants' motion to stay all proceedings, pending a final transfer decision by the Panel.[12]

Plaintiffs opposed CTO-15[13] and Defendants' Motion to Stay[14] and moved for remand to the Missouri state court for lack of federal jurisdiction.[15]

### <u>Argument</u>

The Multidistrict Litigation Manual ("MLM") §5.3 provides statutory criteria for transfer. Three criteria must be met for transfer to be proper:[16]

　　1. The actions must share common issues of fact;

　　2. Transfer must be for the convenience of parties and witnesses; and

　　3. Transfer must advance the just and efficient conduct of the actions.

---

[10] *Bates* Docket No. 1; *Salvaggio* Docket No. 1; *Feranec* Docket No. 1.

[11] MDL- 2741 Docket No. 121.

[12] *Bates* Docket No. 27; *Salvaggio* Docket No. 17; *Ferancec* Docket No. 18.

[13] MDL-2741 Docket No. 124.

[14] *Bates* Docket No. 18; *Salvaggio* Docket No. 18; *Feranec* Docket No. 19.

[15] *Bates* Docket No. 21; *Salvaggio* Docket No. 20; *Feranec* Docket No. 21.  The federal court has no jurisdiction because *no* federal issues must be resolved for Plaintiffs to prevail on their state-law claims.  Defendants' asserted "federal officer" jurisdiction based on its collusive relationship with the EPA has no merit either. Collusion is not the legal equivalent of a federal delegation of duty.  Moreover, the Panel should vacate CTO-15 for the additional reason that Defendants' motions practice from the initial Notice(s) of Removal has been wasting time and resources.  Defendants removed these actions, and immediately filed a "Tag-Along Notice" with the MDL Panel solely for the purpose of delay in the hope that the MDL Panel would transfer this action to MDL 2741 before any court in the EDMO had the opportunity to rule on the jurisdiction of these actions.  It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no identifiable purpose other than to indefinitely delay the threshold question of federal jurisdiction.

[16] *See, e.g.*, *In re Highway Acc. Near Rockville, Connecticut, on December 30, 1972*, 388 F. Supp. 574, 575 (J.P.M.L. 1975).

The MLM explains that these requirements are "merely thresholds for the Panel's ultimate decision" and "'bare minimum' requirements."[17] Absent a finding that these slightest requirements have been met, the Panel does not reach the more difficult decisions of weighing factors affecting the practicality of transfer.

The statute authorizing transfer (and consolidation) of multidistrict actions, 28 U.S.C. § 1407, allows the Panel to override a plaintiff's choice of forum (in this instance, Missouri state court) *only* when the three minimum requirements for transfer are met.[18]

**A. Because transfer to MDL-2741 would neither maximize the convenience of the parties and witnesses nor minimize the inconvenience of parties and witnesses, this minimum requirement for transfer has not been met.**

The Multidistrict Litigation Manual §5.5, "Statutory criteria for transfer—Convenience of parties and witnesses," clarifies that the Panel, in deciding whether to transfer an action, takes a "broad view of the question" and attempts to "maximize the convenience of all the parties and witnesses, taken as a whole," weighing "interests of all the plaintiffs and all the defendants. . . ."[19]

While "merely some enhancement" of convenience to parties and witnesses meets the minimum requirement of the statute, the Panel usually requires that the proposed transfer "offer some meaningful reduction in overall inconvenience" before a transfer will be ordered.[20] The

---

[17] MLM, §5.3.

[18] 28 U.S.C. § 1407(a)[.]" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 451 (4th Cir. 2005).

[19] *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968)

[20] MLM, §5.5; *See, e.g.*, *In re New York City Municipal Securities Litigation*, 439 F. Supp. 267 (J.P.M.L. 1977); *In re Galveston, Texas Oil Well Platform Disaster*, 322 F. Supp. 1405, 1407 (J.P.M.L. 1971).

Panel "will not assume" that simply because there are common issues of fact, a transfer "will reduce inconvenience of parties and witnesses."[21]

Transfer in this instance would not promote the convenience of the parties nor the just and efficient disposition of these actions (see below) even though common questions of fact may be found in Plaintiffs' cases and those pending in MDL 2741: "…transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions… A transfer will not be ordered unless the ***convenience of parties*** and witnesses is served and the ***just and efficient*** conduct of the actions promoted by such a transfer." (emphasis added).[22]

Thus, the Panel must carefully consider whether under the current facts and circumstances, the proposed transfer somehow or other would serve to enhance the convenience of these parties or, conversely, reduce the parties' inconvenience.

A comparison to the facts of *Library Editions*, where the Panel ordered transfer for consolidated pretrial proceedings, is instructive. There, plaintiffs in 21 lawsuits filed in eight federal courts *favored* a "coordinated national discovery program" and transfer was ordered. Here, twelve of the 13 cases (including *Bates*, *Salvaggio*, and *Feranec*) subject to CTO-15 *opposed* transfer.[23]

Next, unlike in *Library Editions*, where the various actions were scattered among eight federal courts, all 13 cases subject to CTO-15 are pending in a single federal court, the Eastern

---

[21] MLM, §5.5; *In re Concrete Pipe*, 302 F. Supp. 244, 254 (J.P.M.L. 1969)

[22] *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969) (*citing In re Scotch Whiskey,* 299 F.Supp. 543 (Jud.Pan.Mult.Lit.1969); *In re Air Crash Disaster at Falls City, Nebraska*, 298 F.Supp. 1323 (Jud.Pan.Mult.Lit.1969).

[23] *See* CTO-15 for case names and numbers. Only *Smith et al. v. Monsanto et al.*, 4:17-cv-01117-CEJ did not move to remand or oppose transfer.

District of Missouri.

Finally, unlike in *Library Editions*, where the transfer was for purposes of coordinated discovery, this transfer would *not* be for purposes of coordinated discovery but rather for a determination of the threshold issue of whether the federal court even has jurisdiction. Coordinated discovery is a secondary concern which is not reached if the cases are remanded to state court.

As to additional facts for the Panel to consider, the Transferee court (the MDL), includes one pending action in which plaintiffs have moved for remand to state court.[24] The twelve EDMO cases which opposed transfer and also have remand motions pending include hundreds of plaintiffs and two defendants.

When the Panel weighs the interests of all plaintiffs and all defendants, taken as a whole, Plaintiffs can envision nothing about these facts and circumstances which suggests that transfer would either enhance the convenience of Plaintiffs and Defendants or meaningfully reduce inconvenience to all Plaintiffs and all Defendants.[25]

Because there is no basis upon which the Panel may reasonably conclude that transfer to the MDL would affect convenience of all Plaintiffs and all Defendants one way or the other, this minimum requirement for transfer cannot be met. Thus, transfer is not warranted.

**B. Because the MDL-2741 court has ordered bifurcated proceedings, with the first phase to address general causation only, transfer would delay a decision on remand motions and unequivocally thwart the just and efficient management of Plaintiffs' actions.**

---

[24] All actions currently pending in the MDL are grounded in diversity jurisdiction with the exception of *Work* (3:16-md-0271, no remand motion filed); *Smith* (see footnote 16), and *Pennie* (3:17-cv-01711-VC, remand motion filed).

[25] If anything, the proposed transfer would greatly *enhance inconvenience* of all parties and overburden the MDL court with state-court claims.

The Multidistrict Litigation Manual §5:6, "Statutory criteria for transfer—Just and efficient conduct of litigation," explains that this statutory requirement is within the Panel's broad discretion.  Generally, the Panel considers such threshold factors as:

- Avoidance of conflicting rulings in various cases;[26]
- Prevention of duplication of discovery on common issues;[27]
- Resolution of conflicting class actions;[28]
- Avoidance of conflicting and duplicative pretrial conferences;[29]
- Advance judicial economy.[30]
- Reduce burden on parties by allowing division of workload among several attorneys.[31]

Plaintiffs note that the Panel frequently abstains from ordering transfers when, as in the instance cases, important motions await decision by the originating court.[32]  In particular, the

---

[26] *In re Griseofulvin Antitrust Litigation*, 395 F. Supp. 1402 (J.P.M.L. 1975); *In re Suess Patent Infringement Litigation*, 331 F. Supp. 549 (J.P.M.L. 1971).

[27] *In re Amerada Hess Corp. Antitrust Litigation*, 395 F. Supp. 1404 (J.P.M.L. 1975); *In re Suess Patent Infringement Litigation, supra*, 549.

[28] *In re Piper Aircraft Distribution System Antitrust Litigation*, 405 F. Supp. 1402 (J.P.M.L. 1975).

[29] *In re Antibiotic Drugs Antitrust Litigation,* 355 F. Supp. 1400 (J.P.M.L. 1973).

[30] *In re Pittsburgh & L. E. R. Co. Securities and Antitrust Litigation,* 374 F. Supp. 1404 (J.P.M.L. 1974).

[31] *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litigation,* 424 F. Supp. 504 (J.P.M.L. 1976).

[32] *See, e.g., In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was *sub judice* because the Panel has "consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.* , 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of a motion for summary judgment that had been submitted to the transferor judge).

Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss.[33]

Because the Panel should not assume that the merits of these actions will *ever* be ultimately decided in federal court, only factors related to avoiding conflicting rulings on remand motions and advancing judicial economy should be of significance in deciding transfer.[34]

1. **Transfer is unwarranted because these cases do not pose a danger of inconsistent rulings or duplicative proceedings.**

There is no reason for the Panel to presuppose that the EDMO Court's decision regarding remand to state court would differ in any way from a decision made by the MDL court in the one California remand motion. Indeed, if there were a conflicting decision, it would mean nothing more than that the California action is remanded to state court and the EDMO cases are not, or vice versa.[35]

In other words, the additional factors a Panel considers in determining transfer, such as

---

[33] *See In re Air Crash Disaster at J.F.K. Int'l Airport*, MDL-227 (J.P.M.L. filed July 20,1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court), *cited by* Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577, n. 15 (1978); *see also*, *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent*, 328 F. Supp.504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by transferor judge on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

[34] Factors such as avoiding duplication of discovery and pretrial conferences, reducing burdens on the parties, or resolving conflicting class actions have nothing to do with a court's decision on whether to remand a case to the state court; thus, these factors, in turn, are not germane to the Panel's consideration of the issues here.

[35] Undoubtedly, the EDMO would consolidate the EDMO cases for decision by one judge on all remand motions. Transfer of these three cases would substantially delay the question of remand when they could be sent back to the EDMO and consolidated there for determination of jurisdiction. In fact, Defendants have previously proposed consolidation. *See Bates Docket* No. 15; *Salvaggio* Docket No. 15; *Feranec* Docket No. 16.

avoiding duplicative discovery and promoting coordinated pretrial proceedings, are simply unaffected and not applicable to a decision regarding whether to remand to state court.

**2.   Transfer is unwarranted because transfer will not advance judicial economy.**

A transfer of this action would *not* promote "***significant*** economy and efficiency in judicial administration," but would actually delay and impede the resolution of the motion to remand.[36] This is because of the overarching timing issue: When will remand motions be heard if the cases are transferred to the MDL?

The MDL court has already ordered bifurcated proceedings in the MDL litigation, with the first phase to address general causation.  The MDL court has, in effect, stayed case-specific proceedings and would not likely decide remand motions until the general causation phase is completed, many months from now.[37] Nor can the Panel *assume*, for purposes of deciding the transfer question, that the MDL court would expeditiously decide remand motions.

 Other plaintiffs with state-law claims in other cases have been needlessly relegated to MDL oblivion for years.[38] This ultimately unjust result may be avoided by adherence to the minimum requirement for transfer – the transfer *must* advance the just and efficient conduct of the action. There is simply no guarantee that Plaintiffs' remand motions will not languish undecided for many months, or even years. This inevitability can hardly be viewed as advancing just and

---

[36] H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (Emphasis added).

[37] Pretrial Order No. 3.  Expert Discovery is due to close July 21, 2017, with arguments on motions for summary judgement and *Daubert* motions due October 13, 2017.  The MDL Court is unlikely to hear Plaintiffs' remand motions prior to ruling on summary judgement and *Daubert* motions after parties have briefed and argued the issues in October.  In fact, the current deadlines may be pushed back if contingencies arise in the MDL proceedings.

[38] *Hart v. Terminex Int'l,* 336 F.3d 541, 541 (7th Cir.2003) (though it was "regrettable" case had spent eight years in federal court, there was no federal jurisdiction and case had to be remanded); *Johnson v. Wyeth,* 4:06–CV–286 ERW, 2012 WL 1829868, at *3 (E.D.Mo. May 18, 2012) (remanding case to state court after it spent six years as part of MDL because there had been no federal jurisdiction at the time of removal).

efficient management of their claims.

Moreover, transfer at this juncture would result in additional unnecessary expense and delay because Plaintiffs would be forced to resubmit their remand motions upon transfer to the MDL, one more reason why transfer does not advance the "just and efficient conduct of actions."

### C.  Conclusion

Plaintiffs assert that the minimum requirements for transfer to the MDL have not been met. Transfer will not meaningfully reduce inconvenience to the parties.  Transfer will not advance the just and efficient management of Plaintiffs' cases.

According to the statutes set forth in the Multidistrict Litigation Manual, three minimum requirements for transfer must be met, including that transfer *must* be for the convenience of parties and witnesses and transfer *must* advance the just and efficient conduct of the actions. Plaintiffs do not dispute that their actions and MDL actions address common issues of facts.  But Plaintiffs do dispute whether the other criteria for transfer have been met.  Unless all three criteria are met, transfer cannot be effected.

First, there is no *meaningful enhancement* of convenience to either parties or witnesses by transferring these cases to the MDL court to decide the remand motions.  Nor is there any *meaningful reduction* in overall inconvenience to the parties or witnesses inherent in such transfer.  When transfer has no effect on the status quo - when transfer is neither more nor less convenient to any parties or any witnesses, neither maximizing convenience nor minimize inconvenience - the statutory minimum requirement for meaningful enhancement of the proceedings by transfer simply cannot be met.

Second, because the MDL court has bifurcated proceedings in favor of addressing general causation first, obtaining a ruling on Plaintiffs' case-specific remand motions will be delayed for

many months, if not years.  Such delays are the antithesis of the statutory mandate that transfer "must advance the just and efficient conduct of the action."

That is, the Panel cannot presuppose that Plaintiffs' actions under these circumstances, would be advanced and not deferred as a result of transfer.

The result of a transfer means that Plaintiffs' claims (and the fundamental question of jurisdiction addressed by Plaintiffs' remand motions) would spend many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset.  Plaintiffs would be forced to re-submit their remand motions to the MDL court.

Plaintiffs continue to suffer the physical, emotional, and financial hardships of coping with the deadly and traumatic cancers caused by Monsanto's product, Roundup, either to themselves or loved ones, and will be held hostage by protracted litigation, for many until death given the stage of their respective illnesses.

Because the barest minimum criteria for transfer have not been met, Plaintiffs respectfully urge the Panel to vacate its conditional transfer of Plaintiffs' actions to the MDL.

DATED:  April 25, 2017                    Respectfully submitted,

                                          **BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.**

                                          /s/ Pedram Esfandiary
                                          Pedram Esfandiary, Esq. (CA Bar No. 312569)
                                          pesfandiary@baumhedlundlaw.com
                                          R. Brent Wisner, Esq. (CA Bar No. 276023)
                                          rbwisner@baumhedlundlaw.com
                                          Michael L. Baum, Esq. (CA Bar No. 119511)
                                          mbaum@baumhedlundlaw.com
                                          12100 Wilshire Blvd., Suite 950
                                          Los Angeles, CA 90025
                                          Tel:  (310) 207-3233
                                          Fax:  (310) 820-7444

                                          **PENDELY, BAUDIN & COFFIN, LLP**
                                          Nicholas R. Rockforte (LA #31305)
                                          nrockforte@pbclawfirm.com
                                          Christopher L. Coffin (LA #27902)
                                          ccoffin@pbclawfirm.com

Jonathan E. Chatwin (LA #36410)
jchatwin@pbclawfirm.com
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 355-0086
Facsimile:  (504) 523-0699

**ONDER, SHELTON, O'LEARY & PETERSON, LLC**
James T. Corrigan (MO #45127)
James D. O'Leary  (MO #45964)
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
corrigan@onderlaw.com
oleary@onderlaw.com
(314) 963-9000 telephone
(314) 963-1700 facsimile

**Counsel for Plaintiffs**
*Bates v. Monsanto Co.*, No.4:17-CV-01111 (E.D. Mo.);
*Salvaggio v. Monsanto Co.*, No. 4:17-CV-01113 E.D. Mo.);
*Feranec v. Monsanto Co.*, No. 4:17-CV-01116 (E.D. Mo.)