## BEFORE THE UNITED STATES JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL 2741 |

This Filing Relates To The Following Cases Only:

Turner, et al. v. Monsanto, Case No. MOE/4:17-cv-01102

Lewis, et al. v. Monsanto, Case No. MOE/4:17-cv-01103

Ward, et al. v. Monsanto, Case No. MOE/4:17-cv-01104

Cobb et al. v. Monsanto, Case No. MOE/4:17-cv-01105

Harvey et al. v. Monsanto, Case No. MOE/4:17-cv-01107

Montaigne, et al. v. Monsanto, Case No. MOE/4:17-cv-01109

Parks, et al. v. Monsanto, Case No. MOE/4:17-cv-01108

Robichaud, et al. v. Monsanto, Case No. MOE/4:17-cv-01110

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-15)

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), the Plaintiffs in the above captioned cases file this Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-15), as follows.

### I.   PROCEDURAL BACKGROUND AND SUMMARY OF ARGUMENT

Plaintiffs filed this action against Monsanto Company, Osborn & Barr Communications, Inc., and Osborn & Barr Holdings, Inc., ("Defendants") in the Circuit Court of the City of St. Louis, State of Missouri asserting claims arising exclusively under Missouri state law in order to

obtain recovery for developing the cancer Non Hodgkin Lymphoma ("NHL") as a result of using Monsanto's herbicide, Roundup.  Federal courts do not have removal jurisdiction over this case under either 28 U.S.C. §§ 1441(a) & 1331 (federal question); 1442(a) (actions against federal officers & agencies); or 1367(a) (supplemental jurisdiction).

The Circuit Court of the Twenty-Second Judicial Circuit, City of St. Louis, Missouri is the only court with jurisdiction to adjudicate Plaintiffs' claims.  Nevertheless, Defendants seek to continue to delay Plaintiffs' pursuit of their claims by having this action transferred into the multidistrict litigation ("MDL 2741") currently pending in front of the Honorable Vince Chhabria in the Northern District of California.  In order to further their delaying strategy, Defendants improperly removed Plaintiffs' action to federal district court despite having no basis for doing so.  These cases were noticed as potential tag-along actions and included on CTO-15. Plaintiffs timely filed their notices of opposition to CT0-15 on April 14th, 2017.

 The efficient adjudication of these actions would be better served by allowing the Eastern District of Missouri to rule on Plaintiffs' pending Motions to Remand and inevitably send these cases back to the state court of origin.

Because Defendants' removal was improper, Plaintiffs have requested the United States District Court for the Eastern District of Missouri ("EDMO") to remand this action.  The most efficient course of action now, both for the parties and for the courts, is to permit the EDMO to determine the threshold jurisdictional issue: whether removal was proper.  A transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice Plaintiffs by causing further needless delay and unnecessary expense.

## STANDARD

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment  Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L. 1970)).  Good cause exists where consolidation fails to promote the "***just and efficient***" conduct of the action.  *See* 28 U.S.C. § 1407(a) (emphasis added); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses").

## ARGUMENT

### A.  Transfer Will Not Promote the "Just and Efficient" Conduct of This Litigation

Defendants should not be allowed to use the multidistrict litigation system as a tool in furtherance of delay and harassment by seeking transfer when a ruling on federal jurisdiction should be imminent.

Moreover, Defendants are unable to meet their heavy burden of establishing that Plaintiffs' cases were properly removed based upon a necessarily disputed federal question.  The court will presume that a claim lies outside the federal court's limited jurisdiction. "Any doubts about the existence of subject-matter jurisdiction are to be resolved in favor of remand."  *US Airways Master Exec., Council. v. Am. W. Master Exec., Council*, 525 F.Supp.2d 127, 132 (D.D.C. 2007) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Henderson v. Jordan*, 2009 WL 2168692 (E.D. Mo. 2009).

Although federal courts have recognized that in some instances federal question jurisdiction will lie over state-law claims when those claims "implicate significant federal issues." *Hopkins v.*

*Walker*, 244 U.S. 486, 490-491 (1917).  This view recognizes that a federal court should be empowered to hear state-law claims which turn on "substantial questions of federal law." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing* 545 U.S. 308, 312 (2005).

To formalize the determination of what is a substantial question arising under federal law, the U.S. Supreme Court identified four elements for federal jurisdiction: "Does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Grable, supra*, at 314.

Defendants have the burden of proving that these four prerequisites to federal question jurisdiction are satisfied.  As the Missouri Eastern District Court has explained, because removal restricts the power of the states "to resolve controversies in their own courts, the legislation permitting removal must be strictly construed.  *Smith v. Bonner,* 2009 WL 3414899 (E. D. MO. 2009) (quoting *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir.2002)).  As discussed extensively in Plaintiffs' Remand Motions, Defendants have not carried their high burden of showing the four requirements for federal question jurisdiction have been met

The result of a transfer means that Plaintiffs' claims would spend many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset.  Plaintiffs would be forced to re-submit their Motions to Remand to the Transferee Court which is already hearing dozens of cases that are properly in federal court, none of which are there based upon federal question jurisdiction.

A transfer of this action would greatly prejudice Plaintiffs by depriving them of the earliest and most efficient resolution of the right to pursue their claims in Missouri state court (if

the pending Motions to Remand are granted) or in the EDMO (if their pending Motions to Remand are denied).

Plaintiffs continue to suffer the physical, emotional, and financial hardships of coping with the deadly and traumatic cancers caused by Monsanto's product, either to themselves or loved ones, and will be held hostage by protracted litigation, for many until death given the stage of their respective illnesses (non-Hodgkin lymphoma has a 59% 5-year survival rate).  The inefficient course of conduct that will ensue if transfer is granted is sure to consume time, energy, and hopes for Plaintiffs as well as wasting precious judicial resources that can be better used in determining the question of federal jurisdiction in the Eastern District of Missouri which Defendants are attempting to circumvent.

Plaintiffs have the prerogative of choosing the forum to litigate their claims.  This is reflected in the fact that "[t]he statute authorizing transfer (and consolidation) of multidistrict actions, 28 U.S.C. § 1407, is a venue statute that allows the JPML to override a plaintiff's choice of forum [only when] when three factors are present: (1) 'one or more common questions of fact are pending in different districts," (2) a transfer would serve "the convenience of parties and witnesses," and (3) a transfer would "promote the just and efficient conduct of [the] actions.' 28 U.S.C. § 1407(a)[.]" *Pinney v. Nokia, Inc*., 402 F.3d 430, 451 (4th Cir. 2005).  All three factors have to be satisfied before transfer is warranted under § 1407.

Although common questions of fact are found in Plaintiffs' cases and those pending in MDL 2741, a transfer in this instance would not promote the "just and efficient" disposition of the actions: "…transfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions… A transfer will not be ordered unless the convenience of parties and witnesses is served and the ***just and efficient*** conduct of

the actions promoted by such a transfer." *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969) (emphasis added) (*citing In re Scotch Whiskey,* 299 F.Supp. 543 (Jud.Pan.Mult.Lit.1969); *In re Air Crash Disaster at Falls City, Nebraska*, 298 F.Supp. 1323 (Jud.Pan.Mult.Lit.1969).

Transfer will not facilitate just and efficient conduct of these actions because Plaintiffs' choice-of-forum prerogative has been (and will continue to be) trampled upon due to Defendants' exercise of time wasting procedural gymnastics by improperly removing these Missouri state cases to federal court, staying proceedings to delay Plaintiffs' remand, noticing Tag-Along cases with the JPML whilst justifying their stay in the EDMO with two alternative but incompatible grounds: that proceedings in the EDMO be stayed until a decision of transfer is made *or* a decision is reached in an unrelated case regarding Defendants' Motion to Consolidate the fifteen (15) cases currently pending in the EDMO.  *See* Defendants' Motion to Stay Proceedings at pp. 1-5.

Defendants' alternative ground of consolidation is indeed moot given that the *Crane* case in which Defendants filed their Motion to Consolidate has at this time been transferred to MDL 2741.  And yet Plaintiffs' cases are lingering in the Eastern District of Missouri whilst resources are wasted litigating an unnecessary transfer when the more pressing question of remand can be heard in the EDMO.

Defendants' maneuvering of procedural resources to avoid the lack of federal subject matter jurisdiction is not bound to promote the just and efficient conduct of this litigation. Defendants wish to avoid the issue of jurisdiction by either having the cases transferred to MDL 2741 or create a mass-tort action in Missouri District Court.

**B.  Vacatur Is Warranted Because These Cases Do Not Pose Any Danger of Inconsistent Rulings or Duplicative Proceedings**

Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-15) should be granted because the most just and efficient course is to allow the Eastern District of Missouri Court to decide Plaintiffs' pending Motions to Remand.  The Panel frequently abstains from ordering transfers when important motions await decision by the originating court.  *See, e.g., In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for  preliminary injunction was *sub judice* because the Panel has "consistently adhered to well –founded principles of comity in deciding motions for transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.* , 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of a motion for summary judgment that had been submitted to the transferor judge).

In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss.  *See In re Air Crash Disaster at J.F.K. Int'l Airport*, MDL-227 (J.P.M.L. filed July 20,1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court), *cited by* Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577, n. 15 (1978); *see also*, *In re Prof'l Hockey Antitrust  Litig.*, 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer

order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent*, 328
F. Supp.504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by
transferor judge on motions for transfer that might render question of transfer under §1407 moot
if decided favorably).

Here, a transfer of this action would not promote "***significant*** economy and efficiency in
judicial administration," H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added), but
would delay the resolution of the motion to remand.  A transfer at this juncture would result in
additional, unnecessary expense and delay because Plaintiffs would be forced to resubmit their
Motions of Remand upon transfer to MDL 2741.

Plaintiffs have already suffered delay in pursuing their claims against Defendants because
of the inappropriate removal and would be further prejudiced if transferred.  Accordingly, the
Panel should vacate Conditional Transfer Order (CTO-15) with respect to this action in order
to promote the just, speedy, and inexpensive determination of this action.

Furthermore, there is no danger that the EDMO Court's decision regarding remand in these
actions would differ in any way from a decision made by the Transferee Court.  The law
underlying Plaintiffs' Motions to Remand is well-settled and consists of a straightforward
question of law: whether federal courts have removal jurisdiction over this case under either 28
U.S.C. §§ 1441(a) & 1331 (federal question); 1442(a) (actions against federal officers &
agencies); or 1367(a) (supplemental jurisdiction).  The only difference would be the extra time
and effort spent resolving the question of remand if these cases are transferred to MDL 2741 as
opposed to allowing the EDMO to conveniently hear the Plaintiffs' motions in their individual
cases.

Finally, because jurisdictional determination is the principal issue pending before the EDMO Court, there is no risk that duplicative proceedings will result from a vacatur of Conditional Transfer Order (CTO-15) with respect to this action. The most efficient and economical course of action, both for the parties and the courts, is to vacate the conditional transfer order and permit the Eastern District of Missouri to decide the motion to remand.

This will preclude actions over which federal courts have no jurisdiction from proceeding any further in the federal docket, saving time and resources.

## C. The JPML Should Neither Continue to Promote Nor Facilitate the Gamesmanship of the Legal System by Defendants.

Theoretically, the JPML does not have power over state courts.  In reality, multinational corporations such as Monsanto with deep pockets and politically well-connected MDL Defendants are easily able to circumvent this "slight inconvenience" through procedural gamesmanship.  Plaintiffs respectfully but earnestly ask the Panel to not entertain Defendants' resource-wasting tactics designed to rob Plaintiffs of their straightforward remand motions in the federal court embracing Plaintiffs' prerogative choice of forum.

It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no identifiable purpose other than to indefinitely delay the litigation. Yet this is precisely what Defendants have done here.  As noted *supra* Defendants removed this action on the erroneous grounds that this Court has federal question jurisdiction under 28 U.S.C. §§ 1441(a) & 1331, 1442(a), and 1367(a).  *See* Plaintiffs' Motion to Remand.

As noted *supra*, Defendants removed this action, and immediately filed a "Tag-Along "Notice with the MDL Panel solely for the purpose of delay in the hope that the MDL Panel

would transfer this action to MDL 2741 before any court has the opportunity to either rule

on the jurisdiction of this action or reach the merits of Plaintiff's claims in this action.

     This is further evidenced by Defendants' moot alternative ground in their Motions to Stay,

which is that remand await ruling on whether the fifteen (15) actions currently pending in the

Eastern District of Missouri will be consolidated for pretrial procedures.

> If in fact the removal of this action was done for the purpose of delay, the Court
> strongly disapproves of such gamesmanship of the legal system and waste of
> judicial resources. Rule 11 states, '[b]y presenting to the court a pleading, written
> motion, or other paper . . . an attorney or unrepresented party certifies that to the
> best of the person's knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances: (1) it is not being presented for any improper
> purpose, such as to harass, cause unnecessary delay, or needlessly increase the
> cost of litigation.' Fed. R. Civ. P. 11(b). Counsel should be mindful of this and
> cautious in pursuing such tactics in the future.

*Dale Sundby, et al., v. The Bank of New York Mellon, et al*., Case No.11CV627 DMS

(RBB), U.S. District Court for the Southern District of California (May 3, 2011). This Panel, as

the Court held in *Sundby*, should strongly disapprove of Defendants' gamesmanship of the legal

system and waste of judicial resources in the instant case and vacate the Conditional Transfer

Order accordingly.

     Moreover, district courts have the time, but may not have the desire to rule upon a motion

to remand. As the JPML has repeatedly reaffirmed, "[b]etween the date a remand motion is filed

and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon

that motion (or any other motion) generally has adequate time in which to do so." (Transfer

Order, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20,

2010*, MDL No. 2179 (J.P.M.L. filed February 7, 2011 (Doc. No. 494).

     Unfortunately, as a result of the need to efficiently manage the overwhelming number

of cases in federal courts, and in deference to the JPML and the MDL transferee judge, many

district court judges have chosen to allow removed cases to simply be transferred to an MDL before ruling upon a motion to remand.  Plaintiffs respectfully point out to this Panel that justice would turn on its head if the Panel permits these cases to suffer such an unjust fate.

**D.**   These Cases have no Bases for Federal Jurisdiction

If Monsanto truly thought that there was any basis whatever for federal jurisdiction, it would not matter to them what Court hears the remand.  It matters to Plaintiffs only insofar that they each have a terrible illness which will in all likelihood kill them, and the clock is ticking.

Removal was grossly improper and remand must be decided quicklyu before any other federal court actions.  This action is comprised of dozens of plaintiffs who suffer from non-Hodgkin lymphoma after repeated exposure to Monsanto's product Roundup; a product that the World Health Organization now considers to be a "probable human carcinogen" and a cause of non-Hodgkin lymphoma.  The Monsanto has removed this case in spite of full awareness of the lack of federal subject matter jurisdiction, in order to attempt to delay a jury verdict or have the cases, properly filed in St. Louis city, moved to the new Roundup MDL.  Because of the removal statutes and related procedures, Monsanto has apparently no reservations about making such a transparently dilatory and baseless action.

All of the Defendants to this action are Missouri entities; this is in contract to the usual removal with "fraudulent joinder" arguments.  Monsanto does not dispute that they are all being sued in a state court in their state of residence, with no colorable arguments of diversity of citizenship; rather, they suggest that references within the complaint to certain federal agencies creates a "federal question;"  this issue has been decided in favor of remand in countless similar cases.

Federal-question jurisdiction is proper over "civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs most often invoke this provision for federal-question jurisdiction when pleading a cause of action created by federal law. Federal-question jurisdiction will lie over state-law claims only when the claims implicate substantial questions of federal law. As this Court has explained, "The nature of federal removal **jurisdiction**—restricting as it does the power of the states to resolve controversies in their own courts—requires **strict** construction of the legislation permitting removal." , Smith v. Bonner, 2009 WL 3414899 (E.D.Mo. 2009) quoting *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857, 861 (8th Cir.2002) . The Defendant "bears the burden of proof that all prerequisites to [federal question] jurisdiction are satisfied." *Henderson v. Jordan*, 2009 WL 2168692 (E.D.Mo. 2009).

Removal statutes are strictly construed. *In Re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010); *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). See also *Henderson v. Jordan*, 2009 WL 2168692 (E.D. Mo. 2009) (defendant "bears the burden of proof that all prerequisites to [federal question] jurisdiction are satisfied."). To determine whether a claim arises under federal law, "[t]he general rule — known as the 'well-pleaded complaint rule' - is that a complaint must state on its face a federal cause of action in order for the action to be removable on the basis of federal-question jurisdiction." *Griffioen v. Cedar Rapids & Iowa City Ry. Co*., 785 F.3d 1182, 1188 (8th Cir. 2015). A case must be remanded if, at any time, it appears that the district court

lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,the United States Supreme Court described what it takes to invoke federal-question jurisdiction over an action asserting only state-law claims: "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Moreover, the Court explained that federal jurisdiction is appropriate only in cases where "[t]he dispute center[s] on the action of a federal agency and its compatibility with a federal statute, the question qualifie[s] as 'substantial,' and *its resolution [is] both dispositive of the case and would be controlling in numerous other cases*." *See id* (emphasis added).  It is this category of cases—described by the Supreme Court as "slim," "small," and "special"—that Monsanto claims this straightforward personal injury case fits into.

CONCLUSION

Plaintiffs request that CTO-15 be vacated and the cases remain in the EDMO for threshold decision on jurisdiction.

Respectfully submitted,

**ONDER, SHELTON, O'LEARY &PETERSON, LLC**

*/s/ James T. Corrigan*
James T. Corrigan #45127MO
James D. O'Leary #45964MO
Michael J. Quillin #61877MO
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
corrigan@onderlaw.com
oleary@onderlaw.com
quillin@onderlaw.com
(314) 963-9000 telephone
(314) 963-1700 facsimile

*Attorneys for Plaintiffs*