**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' STERLING BATES, ET AL.; STEVE SALVAGGIO, ET AL.; AND GERALD R. FERANEC, ET AL. MOTION TO VACATE CONDITIONAL TRASNFER ORDER NO. 15 (CTO-15) AS TO THEIR RESPECTIVE ACTIONS**

Judge Chhabria of the Northern District of California ("the MDL Court") already has before him a remand motion nearly identical to those made by plaintiffs here. *See* Motion to Remand Case to Superior Court of the State of Cal. for the County of Alameda Pursuant to 28 U.S.C. § 1447(c) and Memorandum in Support, *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (N.D. Cal. Apr. 21, 2017), ECF Nos. 252 and 253. The MDL Court will address whether Monsanto properly removed a similar complaint based on federal question and federal officer jurisdiction, created by plaintiffs' allegations of collusion between Monsanto and EPA regarding regulatory approval for Monsanto's glyphosate-based herbicides.[1] By plaintiffs'

---

[1] *Compare* Complaint ¶ 105, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No. 1-1 ("Monsanto has also violated federal regulations in holding secret ex parte meetings and conversations with certain EPA employees to collude in a strategy to re-register glyphosate and to quash investigations into the carcinogenicity of glyphosate by other federal agencies such as the Agency for Toxic Substances and Disease Registry."); *with* Complaint ¶ 109, *Bates v. Monsanto Co.*, No. 4:17-cv-01111-CDP (E.D. Mo. March 28, 2017), ECF No. 1-1 ("Monsanto has also violated federal regulations in holding secret ex parte meetings and conversations with certain EPA employees to collude in a strategy to re-register glyphosate and to quash investigations into the carcinogenicity of glyphosate by other federal agencies such as the Agency for Toxic Substances and Disease Registry."); *see also* MDL Plaintiffs' Motion to Compel the Deposition of Jess Rowland at 4, *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741 (N.D. Cal. Mar. 14, 2017), ECF No. 189 ("Monsanto's influence [on EPA] … will be ***crucial*** to the analysis of the EPA's findings and conclusions even as the parties litigate this first phase of general causation." (emphasis added)).

own representations, these claims are critical to their case, and they provide federal jurisdiction for the three cases at issue here.

In addition to the same removal issues to be addressed, plaintiffs concede that their cases share some common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL").  *See* Memorandum in Support of Plaintiffs' Motion to Vacate Conditional Transfer No. 15 (CTO-15) at 2 n.3, ECF No. 157-1 ("Motion to Vacate").  In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed.  The MDL proceedings are moving efficiently toward early resolution in or soon after October 2017 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged cancers, specifically NHL ("general causation").

Nevertheless, plaintiffs claim that their cases should not be transferred to the MDL Court. They inexplicably allege that it would be inefficient for the MDL Court to resolve the same issue in these cases that it already will resolve in *Pennie*.  Instead, plaintiffs suggest that the removal disputes should be decided by Judge Perry in her Eastern District of Missouri court.  Plaintiffs ignore the fact that oppositions to transfer of nine other cases pending before four different judges in the Eastern District of Missouri are before this Panel.  This creates a risk of inconsistent decisions both between the MDL Court and Missouri federal courts and within the Eastern District of Missouri itself.  Because the MDL Court will promptly decide similar issues, it is perfectly positioned to decide the remand motions in these three and other cases as well. MDL transfer presents the most efficient path for the resolution of plaintiffs' remand motions.

Therefore, in addition to avoiding needless duplication of judicial resources in assessing removal, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). Plaintiffs' Motion to Vacate should be denied.

## I. BACKGROUND

In October 2016, this Panel created MDL No. 2741 in the Northern District of California before Judge Vince Chhabria for the coordination of pretrial proceedings in cases involving allegations that Monsanto's Roundup®-branded products caused NHL. *See In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 2016 WL 5845994 (J.P.M.L. Oct. 3, 2016). Since that date, and despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[2] plaintiffs have employed a strategy of litigation tourism in various state courts in an apparent effort to avoid the MDL Court. Only 41 cases (totaling 42 plaintiffs) filed in federal court have been added to this MDL since its creation, while dozens of new actions totaling over 1,000 plaintiffs have been filed in state courts in Missouri, California, and Delaware. Two cases, *F. Smith* (103 plaintiffs) and *Pennie* (41 plaintiffs), were filed in state courts, removed to federal court by Monsanto, and are now part of the MDL as well.[3] In the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed.

---

[2] *See* Pls' Mot. for Transfer of Actions to the So. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[3] *See* Conditional Transfer Order (CTO-15), ECF No. 239; Notice of Removal, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

Similarly, the three cases at issue in plaintiffs' Motion to Vacate are among 12 nearly-identical complaints involving over 900 plaintiffs filed in St. Louis City in March 2017, all involving allegations that exposure to Monsanto's Roundup®-branded products caused NHL. Monsanto removed these cases to the Eastern District of Missouri on March 28, 2017, under 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1) and 1367(a). *See, e.g.*, Notice of Removal at 4, *Bates v. Monsanto Co.*, No. 4:17-cv-01111-CDP (E.D. Mo. Mar. 28, 2017), ECF No 1. On the same date and on the same grounds, Monsanto removed a case from California Superior Court to the Northern District of California. *See* Notice of Removal at 4, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

Monsanto provided notice to the Panel of these potential tagalong actions on April 5, 2017, *see* Monsanto Company's Notice of Potential Tag-along Actions, ECF No. 119, and plaintiffs opposed the transfer of these three actions on April 11, 2017. *See* Notice of Opposition to Conditional Transfer Order (CTO-15), ECF No. 123.

Judge Perry has granted Monsanto's request to stay these cases pending a ruling on transfer to the MDL by this Panel. *See, e.g.*, Docket Text Order Re: Motion to Stay, *Bates v. Monsanto Co.*, No. 4:17-cv-01111-CDP (E.D. Mo. April 18, 2017), ECF No. 27. Plaintiffs have filed motions to remand in each of these actions, but responses to their motions have not yet been filed due to the stay. *See, e.g.*, Plaintiffs' Motion to Remand, *Bates v. Monsanto Co.*, No. 4:17-cv-01111-CDP (E.D. Mo. April 13, 2017), ECF No. 21. Therefore, although jurisdiction remains with the Eastern District of Missouri for now, that court already expressed a preference for the MDL Court to hear the remand motions in these three cases.

The same counsel that represent plaintiffs here represent the plaintiffs in *Pennie*, a case currently before the MDL Court. In *Pennie*, the plaintiffs filed a motion to remand to state court

that is nearly identical to the remand motions at issue in these cases, which Monsanto opposed. *See* Plaintiffs' Motion to Remand the Case to the Superior Court of the State of California, County of Alameda, Pursuant to 28 U.S.C. § 1447(c), *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. April 21, 2017), ECF No. 18; Monsanto Company's Opposition to Plaintiffs' Motion to Remand the Case to State Court, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. May 5, 2017), ECF No. 22.

## II.   ARGUMENT

### A.   The Panel Should Transfer These Actions to MDL No. 2741.

#### 1.   These cases meet the criteria for MDL transfer.

Transfer to MDL No. 2741 promotes the just and efficient resolution of plaintiffs' claims, including their motions to remand to state court. It would be highly inefficient and would present a risk of inconsistent decisions for the four different Eastern District of Missouri judges currently assigned to cases at issue in CTO-15 to decide similar motions, in cases over which they have presided only briefly, when the same issues are being decided in the MDL by a judge who has significant experience with this litigation. *See, e.g.*, *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (granting MDL transfer where similar remand motions were already pending in MDL court); *In re Crown Life Ins. Premium Litig.*, 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001) (granting MDL transfer over argument that federal jurisdiction does not exist based on pending remand motion, holding that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole").

Moreover, because these cases are properly in federal court, transfer to MDL No. 2741 presents the most efficient path to their ultimate resolution. As plaintiffs concede, *see* Motion to Vacate at 2 n.3, these cases share common questions of fact with those already consolidated in

MDL No. 2741.  These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after October 2017.  *See supra* at 2; *see also In re Roundup*, 2016 WL 5845994, at *2 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions.").  Because plaintiffs admit that their claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings.

Despite plaintiffs' claims to the contrary, Motion to Vacate at 5-7, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved.  *See* Transfer Order, *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (J.P.M.L. Oct. 04, 2016), ECF No. 1.  In fact, plaintiffs' counsel here requested the creation of the MDL based on the very argument plaintiffs now reject.  *See* Interested Party Response in Support of Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings, ECF No. 7.

Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  The MDL Court is very familiar with plaintiffs' allegations of collusion between Monsanto and EPA that form the basis of federal officer and federal question jurisdiction over these and similar cases, and is best positioned to resolve them.  Further, transfer also will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently towards the resolution of general causation.

Plaintiffs' claim, *see* Motion to Vacate at 7 n.24, that transfer would be inappropriate because most cases currently in the MDL are based on diversity jurisdiction is meritless.  MDLs

are not created to group like cases based upon the mechanism by which a federal court has jurisdiction. They are instead created when this Panel finds that the facts and issues of cases are so similar that centralization would serve the interests of the parties, witnesses, and judicial system, as the Panel already has found here.

### 2. Pending motions to remand do not prevent transfer.

The Panel has repeatedly rejected plaintiffs' argument that CTO-15 should be vacated because of their pending motions to remand these actions to state court. *See, e.g.*, *In re Genetically Modified Rice*, 2011 WL 7143470, at *1 (denying plaintiffs' motion to vacate CTO premised on pending remand motion, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes Prod. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151 (J.P.M.L. April 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair System Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

The cases cited by plaintiffs in which the Panel denied transfer on the basis of comity where motions were pending in the transferor court, all of which were decided more than 35 years ago, *see* Motion to Vacate at 8 n.32; 9 n.33, are inapplicable here.[4] As noted above, the

---

[4] Only one of these cases, an unpublished opinion from 1977, involved a motion to remand. *See id.*

Eastern District of Missouri has expressed a clear preference for these remand motions to be decided in the MDL by staying these cases pending a decision by the Panel. *See, e.g.*, Docket Text Order Re: Motion to Stay, *Bates v. Monsanto Co.*, No. 4:17-cv-01111-CDP (E.D. Mo. April 18, 2017), ECF No. 27; *see also Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (Perry, J.) (granting stay in a procedurally similar action, noting that "[t]he circumstances favor allowing the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL").[5] Moreover, even in cases where a stay is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001) (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prod. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Plaintiffs' repeated claims that MDL transfer would delay decision of the pending remand motions, *see* Motion to Vacate at 2, 3, 10-11, are incorrect and curiously misleading. The MDL Court has made great efforts to ensure the litigation proceeds swiftly and efficiently. Once transfer occurs, there is no factual or legal basis to suggest that these remand motions would not be heard and decided at an appropriate time.[6] In all likelihood, MDL transfer may

---

[5] Of the 12 remaining Eastern District of Missouri cases implicated by CTO-15, ten have been stayed or are now before judges who have granted stays in other CTO-15 cases.

[6] Monsanto recognizes that oppositions and replies have not been filed in these three cases due to the stay, but notes that the same counsel will have fully briefed these issue to the MDL court before any hearing.

result in these remand motions being resolved sooner than they would be if the cases remain in Missouri given the MDL Court's familiarity with the issues these motions present.

### 3. Transfer is warranted in spite of minimal differences between these cases and those already in MDL No. 2741.

Plaintiffs imply that their cases should not be transferred because of the presence of co-defendants. *See* Motion to Vacate at 7. That is incorrect; both entities are co-defendants in *Smith v. Monsanto Co.*, Case No. 3:17-cv-02142-VC (N.D. Cal. transferred Apr. 18, 2017), currently pending in the MDL. The MDL Court is best situated to determine how to address co-defendants in cases transferred to the MDL.[7]

Any other factual differences between these cases and those pending in the MDL are irrelevant to the question of transfer. For example, these cases include allegations by plaintiffs who do not specify their type of cancer or allege cancers other than NHL.[8] Judge Chhabria, who has gained significant expertise in the issues presented by this litigation, is in the best position to determine whether such claims should remain in the MDL or be transferred out of it. As the Panel has regularly held, any cases or claims can be remanded to the transferor court with minimal delay if the transferee judge determines that they should proceed outside of the MDL. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1554 (J.P.M.L. 2005) (transferring tagalongs with similar alleged differences and noting that "[i]t may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts" and that "procedures are available whereby this may be

---

[7] The *Pennie* case already in MDL No. 2741 also includes two co-defendants, Wilbur-Ellis Company, LLC and Wilbur-Ellis Feed, LLC. *See* Complaint, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No. 1-1.

[8] Thirty-three of the 230 plaintiffs involved in these three cases allege unspecified cancers or cancers other than NHL; the remaining 197 all allege NHL.

accomplished with a minimum of delay"); *In re Prudential*, 170 F. Supp. 2d at 1348 ("whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay").

## III.   CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate, and transfer these actions to MDL No. 2741.

Dated: May 16, 2017                                  Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*