**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

Judge Chhabria of the Northern District of California ("the MDL Court") already has

before him a remand motion that presents the same issues as that made by plaintiffs here.  *See*

Pls.' Mot. to Remand Case to Super. Ct. of the State of Cal, Cty. of Alameda, Pursuant to 28

U.S.C. § 1447(c) and Mem. in Supp., *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-

02741-VC (N.D. Cal. Apr. 21, 2017), ECF Nos. 252 and 253.  The MDL Court will address

whether Monsanto properly removed a similar complaint based on federal question and federal

officer jurisdiction, created by plaintiffs' allegations of collusion between Monsanto and EPA

regarding regulatory approval for Monsanto's glyphosate-based herbicides.[1]  By plaintiffs' own

---

[1] *Compare* Complaint ¶ 105, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No. 1-1 ("Monsanto has also violated federal regulations in holding secret ex parte meetings and conversations with certain EPA employees to collude in a strategy to re-register glyphosate and to quash investigations into the carcinogenicity of glyphosate by other federal agencies such as the Agency for Toxic Substances and Disease Registry."); *with* Complaint ¶¶ 431-36, *O'Brien v. Monsanto Co.*, No. 4:17-cv-01192-CEJ (E.D. Mo. Mar. 29, 2017), ECF No. 1-1 (alleging collusion between EPA and Monsanto, including that "Jess Rowland, former Deputy Division Director, Health Effects Division of the EPA's OPP, and formerly the chair of the CARC (the same committee that inadvertently leaked the EPA's glyphosate report in April 2016), repeatedly and directly intervened on Monsanto's behalf" and quoting extensively from MDL discovery documents, including MDL Plaintiffs' Motion to Compel the Deposition of Jess Rowland); *see also* MDL Plaintiffs' Motion to Compel the Deposition of Jess Rowland at 4, *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (N.D. Cal. Mar. 14, 2017), ECF No. 189 ("Monsanto's influence [on EPA] . . . will be **crucial** to the analysis of the EPA's findings and conclusions even as the parties litigate this first phase of general causation." (emphasis added)).

representations, these claims are critical to their case, and they provide federal jurisdiction for the case at issue here.

In addition to the same removal issues to be addressed, plaintiffs do not and cannot dispute that their case shares common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL").  *See* Mem. in Sup. of Pls.' Mot. to Vacate Conditional Transfer Order at 2, ECF No. 152-1 ("Motion to Vacate").  In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed.  The MDL proceedings are moving efficiently toward early resolution in or soon after October 2017 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged cancers, specifically NHL ("general causation").

Nevertheless, plaintiffs claim that their case should not be transferred to the MDL Court. They inexplicably allege that it would be inefficient for the MDL Court to resolve the same issue in this case that it already will resolve in *Pennie*.  Instead, plaintiffs suggest that the removal disputes should be decided by Judge Jackson in her Eastern District of Missouri court.  Plaintiffs ignore the fact that oppositions to transfer of 11 other cases pending before four different judges in the Eastern District of Missouri are before this Panel.  This creates a risk of inconsistent decisions both between the MDL Court and Missouri federal courts and within the Eastern District of Missouri itself.  Because the MDL Court will promptly decide similar issues, it is perfectly positioned to decide the remand motions in this and other cases as well.  MDL transfer presents the most efficient path for the resolution of plaintiffs' remand motion.

Therefore, in addition to avoiding needless duplication of judicial resources in assessing removal, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).  Plaintiffs' Motion to Vacate should be denied.

## I.      BACKGROUND

In October 2016, this Panel created MDL No. 2741 in the Northern District of California before Judge Vince Chhabria for the coordination of pretrial proceedings in cases involving allegations that Monsanto's Roundup®-branded products caused NHL.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).  Since that date, and despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[2] plaintiffs have employed a strategy of litigation tourism in various state courts in an apparent effort to avoid the MDL Court.  Only 41 cases (totaling 42 plaintiffs) filed in federal court have been added to this MDL since its creation, while dozens of new actions totaling over 1,000 plaintiffs have been filed in state courts in Missouri, California, and Delaware.  Two cases, *F. Smith* (103 plaintiffs) and *Pennie* (41 plaintiffs), were filed in state courts, removed to federal court by Monsanto, and are now part of the MDL as well.[3]  In the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed.

---

[2] *See* Pls.' Mot. for Transfer of Actions to the So. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[3] *See* Conditional Transfer Order (CTO-15), ECF No. 239; Notice of Removal, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

Similarly, the case at issue in plaintiffs' Motion to Vacate is among 12 nearly-identical complaints involving over 900 plaintiffs filed in St. Louis City in March 2017, all involving allegations that exposure to Monsanto's Roundup®-branded products caused NHL.[4]  Monsanto removed this case to the Eastern District of Missouri on March 29, 2017, under 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1) and 1367(a).  *See* Notice of Removal at 4, *O'Brien v. Monsanto Co.*, No. 4:17-cv-01192-CEJ (E.D. Mo. Mar. 29, 2017), ECF No 1.  One day earlier, and on the same grounds, Monsanto removed a Roundup® case from California Superior Court to the Northern District of California.  *See* Notice of Removal at 4, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

Monsanto provided notice to the Panel of this potential tagalong action on April 5, 2017, *see* Monsanto Co.'s Notice of Potential Tag-along Actions, ECF No. 119, and plaintiffs opposed the transfer of this action on April 14, 2017.  *See* Pls.' Notice of Opp. to Conditional Transfer Order (CTO-15), ECF No. 132.

Judge Jackson has granted Monsanto's request to stay this case pending a ruling on transfer to the MDL by this Panel.  *See* Order, *O'Brien v. Monsanto Co.*, No. 4:17-cv-01192-CEJ (E.D. Mo. Apr. 10, 2017), ECF No. 22 ("*O'Brien* Stay Order").  Plaintiffs have filed a motion to remand this action to state court, but a response to their motion has not yet been filed due to the stay.  *See* Pls.' Motion to Remand, *O'Brien v. Monsanto Co.*, No. 4:17-cv-01192-CEJ (E.D. Mo. Apr. 4, 2017), ECF No. 15.  Therefore, although jurisdiction remains with the Eastern District of

---

[4] Plaintiffs repeatedly indicate that Monsanto is headquartered in the City of St. Louis.  *See, e.g.*, Motion to Vacate at 1, 2, 6.  Such statements are incorrect – Monsanto's headquarters are located in St. Louis County, Missouri, which is a different Missouri state court judicial circuit than St. Louis City where plaintiffs originally filed this case.  However, plaintiffs' error does not impact either the removal or transfer arguments in this case.

Missouri for now, that court already expressed a preference for the MDL Court to hear this remand motion.

In *Pennie*, a case currently before the MDL Court, the plaintiffs filed a motion to remand to state court that presents the same issues as the remand motion at issue in this case, which Monsanto opposed.  *See* Pls.' Mot. to Remand the Case to the Super. Ct. of the State of California, Cty. of Alameda, Pursuant to 28 U.S.C. § 1447(c), *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. April  21, 2017), ECF No. 18; Monsanto Co.'s Opp. to Pls.' Mot. to Remand the Case to State Court, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. May 5, 2017), ECF No. 22.

## II.    ARGUMENT

### A.    The Panel Should Transfer This Action to MDL No. 2741.

#### 1.    This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 promotes the just and efficient resolution of plaintiffs' claims, including their motion to remand to state court.  It would be highly inefficient and would present a risk of inconsistent decisions for the four different Eastern District of Missouri judges currently assigned to cases at issue in conditional transfer orders to decide similar motions, in cases over which they have presided only briefly, when the same issues are being decided in the MDL by a judge who has significant experience with this litigation.  *See, e.g.*, *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (granting MDL transfer where similar remand motions were already pending in MDL court); *In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) (granting MDL transfer over argument that federal jurisdiction does not exist based on pending remand motion, holding that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole").

Moreover, because this case is properly in federal court, transfer to MDL No. 2741 presents the most efficient path to its ultimate resolution.  By plaintiffs' own description, *see* Motion to Vacate at 2, this case shares common questions of fact with those already consolidated in MDL No. 2741.  These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after October 2017.  *See supra* at 2; *see also In re Roundup*, 214 F. Supp. 3d at 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions.").  Despite plaintiffs' claims to the contrary, Motion to Vacate at 5-6, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved.  *See In re Roundup*, 214 F. Supp. 3d at 1347.  Because plaintiffs' claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings.

Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  The MDL Court is very familiar with plaintiffs' allegations of collusion between Monsanto and EPA that form the basis of federal officer and federal question jurisdiction over this and similar cases, and is best positioned to resolve them.  Further, transfer also will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently towards the resolution of general causation.  The fact that similar litigation is ongoing in state court, some of which involves plaintiffs' counsel here, *see* Motion to Vacate at 1 n. 1, 6, does not change the fact that this case can be resolved most efficiently in the MDL.

Plaintiffs' claim, *see* Motion to Vacate at 6, that transfer would be inappropriate because most cases currently in the MDL are based on diversity jurisdiction is meritless.  MDLs are not created to group like cases based upon the mechanism by which a federal court has jurisdiction.  They are instead created when this Panel finds that the facts and issues of cases are so similar that centralization would serve the interests of the parties, witnesses, and judicial system, as the Panel already has found here.

## 2.    The pending motion to remand does not prevent transfer.

The Panel has repeatedly rejected plaintiffs' argument that CTO-15 should be vacated because of their pending motion to remand this action to state court.  *See, e.g.*, *In re Genetically Modified Rice*, 2011 WL 7143470, at *1 (denying plaintiffs' motion to vacate CTO premised on pending remand motion, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes Prod. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair System Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiffs do not cite a single case in which the Panel denied transfer based on a pending motion to remand.[5]  As noted above, the Eastern District of Missouri has expressed a clear preference for remand motions to be decided in the MDL, including by staying this case pending a decision by the Panel.  *See O'Brien* Stay Order; *see also Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *2 (E.D. Mo. Oct. 14, 2015) (Perry, J.) (granting stay in a procedurally similar action, noting that "[t]he circumstances favor allowing the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL").[6] Moreover, even in cases where a stay is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course.  *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001) (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prod. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Plaintiffs' repeated claims that MDL transfer would delay decision of the pending remand motion, *see* Motion to Vacate at 2, 4, 5, are incorrect and curiously misleading.  The MDL Court has made great efforts to ensure the litigation proceeds swiftly and efficiently.  Once transfer occurs, there is no factual or legal basis to suggest that these remand motions would not

---

[5] The excerpt from *Gulf Oil Corp.* cited by plaintiffs, *see* Motion to Vacate at 5, addresses dismissal for forum non conveniens and is therefore inapplicable to MDL transfer for coordinated pretrial proceedings.  If this case remains in federal court and progresses to a trial, the trial would take place in an appropriate forum and not necessarily the Northern District of California, because Monsanto does not intend to waive its *Lexecon* rights.

[6] Of the 12 remaining Eastern District of Missouri cases implicated by CTO-15, ten have been stayed or are now before judges who have granted stays in other CTO-15 cases.

be heard and decided at an appropriate time.[7]  In all likelihood, MDL transfer may result in this remand motion being resolved sooner than it would be if the case remained in Missouri given the MDL Court's familiarity with the issues this motion presents.  Plaintiffs acknowledge that having these remand motions decided in the MDL "may add convenience to the Courts," but make the bizarre assertion that the Panel should deny MDL transfer expressly to allow for the possibility of conflicting rulings, which can be appealed for "robust review," in the hope of creating a circuit split necessitating Supreme Court review.  *See* Motion to Vacate at 6 n. 3.  This assertion directly contradicts the purpose of MDL consolidation.  *See, e.g.*, *In re Roundup*, 214 F. Supp. 3d at 1348 ("Centralization will . . . prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.").

## III.    CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer this action to MDL No. 2741.

---

[7] Monsanto recognizes that oppositions and replies have not been filed in this case due to the stay, but notes that other counsel will have fully briefed these issues to the MDL court before any hearing, and that the briefing remaining here will therefore be presented to a court that is already familiar with these issues.

Dated: May 19, 2017                             Respectfully submitted,

                                                /s/ Joe G. Hollingsworth
                                                Joe G. Hollingsworth
                                                (jhollingsworth@hollingsworthllp.com)
                                                HOLLINGSWORTH LLP
                                                1350 I Street NW
                                                Washington D.C., 20005
                                                Phone: (202) 898-5800
                                                Fax: (202) 682-1639

                                                *Attorneys for Defendant*
                                                *Monsanto Company*