**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

---

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' PHILLIP COBB, ET AL.; LONNIE HARVEY, ET AL.; THELMA LEWIS, ET AL.; HOWARD AND CHERYL MONTAIGNE, ET AL.; JAFURL PARKS, ET AL.; JOSEPH ROBICHAUD, ET AL.; PATRICIA TURNER, ET AL.; AND SHERLENE WARD, ET AL. MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 15 (CTO-15) AS TO THEIR RESPECTIVE ACTIONS**

Judge Chhabria of the Northern District of California ("the MDL Court") already has before him a remand motion that addresses the same bases for removal (federal question and federal officer removal) as those made by plaintiffs here.  *See* Pls.' Mot. to Remand Case to Super. Ct. of the State of Cal., Cty. of Alameda, Pursuant to 28 U.S.C. § 1447(c) and Mem. in Supp., *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (N.D. Cal. Apr. 21, 2017), ECF Nos. 252 and 253.  The MDL Court will address whether Monsanto properly removed a similar complaint based on federal question and federal officer jurisdiction created by plaintiffs' allegations of collusion between Monsanto and EPA regarding regulatory approval for Monsanto's glyphosate-based herbicides.[1]  By plaintiffs' own representations, these claims are critical to their case, and they provide federal jurisdiction for the eight cases at issue here.

---

[1] *Compare* Complaint ¶ 105, *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No. 1-1 ("Monsanto has also violated federal regulations in holding secret ex parte meetings and conversations with certain EPA employees to collude in a strategy to re-register glyphosate and to quash investigations into the carcinogenicity of glyphosate by other federal agencies such as the Agency for Toxic Substances and Disease Registry."); *with* Complaint ¶ 95, *Turner v. Monsanto Co.*, No. 4:17-cv-01102-CEJ (E.D. Mo. Mar. 28, 2017), ECF No. 1-1 ("Monsanto has also violated federal regulations in holding secret ex parte meetings and conversations with certain EPA employees to collude in a strategy to re-register

In addition to the same removal bases to be addressed, plaintiffs concede that their cases share some common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL"). *See* Pls.' Mem. of Law in Supp. of Pls.' Mot. to Vacate Conditional Transfer Order (CTO-15) at 5, ECF No. 162-1 ("Motion to Vacate"). In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed. The MDL proceedings are moving efficiently toward early resolution in or soon after October 2017 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged cancers, specifically NHL ("general causation").

Nevertheless, plaintiffs claim that their cases should not be transferred to the MDL Court. They inexplicably allege that it would be inefficient for the MDL Court to resolve the same issue in these cases that it already will resolve in *Pennie*. Instead, plaintiffs suggest that the removal disputes should be decided by the four different Eastern District of Missouri judges currently presiding over cases implicated by their motion. This creates a risk of inconsistent decisions both between the MDL Court and Missouri federal courts and within the Eastern District of Missouri itself. Because the MDL Court will promptly decide similar issues, it is perfectly positioned to decide the remand motions in these three and other cases as well. MDL transfer presents the most efficient path for the resolution of plaintiffs' remand motions.

glyphosate and to quash investigations into the carcinogenicity of glyphosate by other federal agencies such as the Agency for Toxic Substances and Disease Registry."); *see also* MDL Plaintiffs' Motion to Compel the Deposition of Jess Rowland at 4, *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC (N.D. Cal. Mar. 14, 2017), ECF No. 189 ("Monsanto's influence [on EPA] . . . will be ***crucial*** to the analysis of the EPA's findings and conclusions even as the parties litigate this first phase of general causation." (emphasis added)).

Therefore, in addition to avoiding needless duplication of judicial resources in assessing removal, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiffs' Motion to Vacate should be denied.

## I.    BACKGROUND

In October 2016, this Panel created MDL No. 2741 in the Northern District of California before Judge Vince Chhabria for the coordination of pretrial proceedings in cases involving allegations that Monsanto's Roundup®-branded products caused NHL.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).  Since that date, and despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[2] plaintiffs have employed a strategy of litigation tourism in various state courts in an apparent effort to avoid the MDL Court.  Only 41 cases (totaling 42 plaintiffs) filed in federal court have been added to this MDL since its creation, while dozens of new actions totaling over 1,000 plaintiffs have been filed in state courts in Missouri, California, and Delaware.  Two cases, *F. Smith* (103 plaintiffs) and *Pennie* (41 plaintiffs), were filed in state courts, removed to federal court by Monsanto, and are now part of the MDL as well.[3]  In the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed.

---

[2] *See* Pls.' Mot. for Transfer of Actions to the So. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[3] *See* Conditional Transfer Order (CTO-15), ECF No. 239; Notice of Removal, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

3

Similarly, the eight cases at issue in plaintiffs' Motion to Vacate are among 12 nearly-identical complaints involving over 900 plaintiffs filed in St. Louis City in March 2017, all involving allegations that exposure to Monsanto's Roundup®-branded products caused NHL. Monsanto removed these cases to the Eastern District of Missouri on March 28, 2017, under 28 U.S.C. §§ 1331, 1441(a), 1442(a)(1) and 1367(a).  *See, e.g.*, Notice of Removal at 4, *Turner v. Monsanto Co.*, No. 4:17-cv-01102-CEJ (E.D. Mo. Mar. 28, 2017), ECF No 1.  On the same date and on the same grounds, Monsanto removed a Roundup® case from California Superior Court to the Northern District of California.  *See* Notice of Removal at 4, *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. Mar. 28, 2017), ECF No 1.

Monsanto provided notice to the Panel of these potential tagalong actions on April 5, 2017, *see* Monsanto Co.'s Notice of Potential Tag-along Actions, ECF No. 119, and plaintiffs opposed the transfer of these eight actions on April 14, 2017.  *See* Notice of Opp'n to Conditional Transfer Order (CTO-15), ECF No. 147.

Of the eight cases implicated in plaintiffs' motion, Judge Perry has stayed two;[4] Judge Jackson has stayed one[5] and has taken no action in the other three, one of which was previously stayed by a Magistrate Judge;[6] and Judge Fleissig and Judge Autrey have issued no substantive

---

[4] Docket Text Order Re: Motion to Stay, *Parks v. Monsanto Co.*, No. 4:17-cv-01108-CDP (E.D. Mo. Apr. 7, 2017), ECF No. 25; Docket Text Order Re: Motion to Stay, *Montaigne v. Monsanto Co.*, No. 4:17-cv-01109-CDP (E.D. Mo. Apr. 7, 2017), ECF No. 24.

[5] Order, *Ward v. Monsanto Co.*, No. 4:17-cv-01104-CEJ (E.D. Mo. Apr. 27, 2017), ECF No. 35 ("*Ward* Stay Order").

[6] *Turner v. Monsanto Co.*, No. 4:17-cv-01102-CEJ (E.D. Mo. filed Mar. 28, 2017); *Lewis v. Monsanto Co.*, No. 4:17-cv-01103-CEJ (E.D. Mo. filed Mar. 28, 2017); Docket Text Order, *Cobb v. Monsanto Co.*, No. 4:17-cv-01105-CEJ (E.D. Mo. Apr. 12, 2017), ECF No. 26 (Magistrate Judge John M. Bodenhausen staying case).

4

orders in the remaining two.[7]  Plaintiffs have filed motions to remand in all eight of these

actions, and the motions have been fully briefed in all but *Cobb*, *Parks*, and *Montaigne* due to the

timing of the stays in those cases.  *See, e.g.*, Pls.' Mot. to Remand, *Turner v. Monsanto Co.*, No.

4:17-cv-01102-CEJ (E.D. Mo. Apr. 4, 2017), ECF No. 16.  Therefore, although jurisdiction

remains with the Eastern District of Missouri for now, that court already expressed a preference

for the MDL Court to hear the remand motions in these three cases.

In *Pennie*, before the MDL court, the plaintiffs filed a motion to remand to state court

that addresses the same removal bases as the remand motions at issue in these cases, which

Monsanto opposed.  *See* Pls.' Mot. to Remand the Case to the Super. Ct. of the State of Cal., Cty.

of Alameda, Pursuant to 28 U.S.C. § 1447(c), *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-

VC (N.D. Cal. Apr. 21, 2017), ECF No. 18; Monsanto Co.'s Opp'n to Pls.' Mot. to Remand the

Case to State Ct., *Pennie v. Monsanto Co.*, Case No. 3:17-cv-01711-VC (N.D. Cal. May 5,

2017), ECF No. 22.

## II.      ARGUMENT

### A.      The Panel Should Transfer These Actions to MDL No. 2741.

#### 1.      These cases meet the criteria for MDL transfer.

Transfer to MDL No. 2741 promotes the just and efficient resolution of plaintiffs' claims,

including their motions to remand to state court.  It would be highly inefficient and would

present a risk of inconsistent decisions for the four different Eastern District of Missouri judges

currently assigned to cases at issue in CTO-15 to decide similar motions, in cases over which

they have presided only briefly, when the same issues are being decided in the MDL by a judge

who has significant experience with this litigation.  *See, e.g.*, *In re Genetically Modified Rice*

---

[7] *Harvey v. Monsanto Co.*, No. 4:17-cv-01107-AGF (E.D. Mo. filed Mar. 28, 2017); *Robichaud v. Monsanto Co.*, No. 4:17-cv-01110-HEA (E.D. Mo. filed Mar. 28, 2017).

*Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (granting MDL transfer where similar remand motions were already pending in MDL court); *In re Crown Life Ins. Premium Litig.*, 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001) (granting MDL transfer over argument that federal jurisdiction does not exist based on pending remand motion, holding that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole").

Moreover, because these cases are properly in federal court, transfer to MDL No. 2741 presents the most efficient path to their ultimate resolution.  As plaintiffs concede, *see* Motion to Vacate at 5, these cases share common questions of fact with those already consolidated in MDL No. 2741.  These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after October 2017.  *See supra* at 2; *see also In re Roundup*, 214 F. Supp. 3d at 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions.").  Despite plaintiffs' claims to the contrary, *see* Motion to Vacate at 3-6, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved.  *See In re Roundup*, 214 F. Supp. 3d at 1347.  Because plaintiffs admit that their claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings.

Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  The MDL Court is very familiar with plaintiffs' allegations of collusion between Monsanto and EPA that form the basis of federal officer and federal question jurisdiction over these and similar cases, and is best positioned to resolve them.  Further, transfer also will serve "the convenience of parties and witnesses" and

"promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part

because the MDL's bifurcated discovery schedule has allowed these proceedings to move

efficiently towards the resolution of general causation.

Plaintiffs' imply that MDL transfer would be inappropriate because "none of [the MDL

cases] are there based upon federal question jurisdiction," *see* Motion to Vacate at 4, which is

both factually incorrect[8] and legally meritless.  MDLs are not created to group like cases based

upon the mechanism by which a federal court has jurisdiction.  They are instead created when

this Panel finds that the facts and issues of cases are so similar that centralization would serve the

interests of the parties, witnesses, and judicial system, as the Panel already has found here.

### 2.     Pending motions to remand do not prevent transfer.

The Panel has repeatedly rejected plaintiffs' argument that CTO-15 should be vacated

because of their pending motions to remand these actions to state court.  *See, e.g.*, *In re*

*Genetically Modified Rice*, 2011 WL 7143470, at *1 (denying plaintiffs' motion to vacate CTO

premised on pending remand motion, and holding that "[a]s we have often held, the pendency of

a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium*

*Contrast Dyes Prod. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16,

2012) (same, holding that "[w]e have long held that jurisdictional objections are not an

impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee

court."); *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.,* MDL No. 2226, 2012 WL

7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action

might inconvenience some parties to that action, such transfer is often necessary to further the

---

[8] Both *Pennie* and *Smith* are in federal court based in part on federal question jurisdiction, *see supra* at 3-4, which is also true of *Work*, *see* Notice of Removal of Defendant Joint Glyphosate Task Force, LLC, *Work v. Ragan and Massey, Inc. et al.*, No. 3:16-cv-06005-VC (N.D. Cal. May 31, 2016), ECF No. 1.

expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

The cases cited by plaintiffs in which the Panel denied transfer on the basis of comity where motions were pending in the transferor court, all of which were decided more than 35 years ago, *see* Motion to Vacate at 7-8, are inapplicable here.[9]  As noted above, the Eastern District of Missouri has expressed a clear preference for these remand motions to be decided in the MDL by either affirmatively staying these cases pending a decision by the Panel or declining to rule on the pending remand motions during the intervening period.  *See, e.g.*, *Ward* Stay Order; *see also Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *2 (E.D. Mo. Oct. 14, 2015) (Perry, J.) (granting stay in a procedurally similar action, noting that "[t]he circumstances favor allowing the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL").[10]  Moreover, even in cases where a stay is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course.  *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001) (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos*

---

[9] Only one of these cases, an unpublished opinion from 1977, involved a motion to remand.  *See id.*

[10] Of the 12 remaining Eastern District of Missouri cases implicated by CTO-15, ten have been stayed or are now before judges who have granted stays in other CTO-15 cases.

*Prod. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).[11]

Although plaintiffs spend a significant portion of their brief arguing that MDL transfer should be denied because federal jurisdiction is lacking, *see* Motion to Vacate at 3-4, 9, 11-14, those arguments are directed to the wrong court because the Panel has often held that "[s]ection 1407 … does not authorize us to make such an assessment."  *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").  Nevertheless, these cases were properly removed based on federal question and federal officer jurisdiction, created by plaintiffs' allegations of collusion between Monsanto and EPA regarding regulatory approval for Monsanto's glyphosate-based herbicides.  *See supra* at 1.

Plaintiffs' repeated claims that MDL transfer would delay decision of the pending remand motions, *see* Motion to Vacate at 4-6, 8-9, are incorrect and curiously misleading.  The MDL Court has made great efforts to ensure the litigation proceeds swiftly and efficiently.  Once transfer occurs, there is no factual or legal basis to suggest that these remand motions would not

---

[11] Plaintiffs acknowledge this principle, *see* Motion to Vacate at 10-11, and fail to disclose to the Panel that the Eastern District of Missouri has emphatically shown that it does not wish to rule upon the pending remand motions in these cases by staying proceedings or declining to act while the Panel deliberates transfer.

be heard and decided at an appropriate time.[12]  In all likelihood, MDL transfer may result in these remand motions being resolved sooner than they would be if the cases remain in Missouri given the MDL Court's familiarity with the issues these motions present.  There is no basis for plaintiffs' contention that Monsanto is seeking MDL transfer for the purpose of "delay and harassment," Motion to Vacate at 3, 9-11.  Monsanto seeks MDL transfer because the MDL Court will evaluate the same removal bases at issue in these cases when ruling on the *Pennie* remand motion and because the MDL Court is best suited to decide these remand issues, so transferring these cases to the MDL Court would promote judicial economy and avoid inconsistent rulings.[13]

## III.    CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer these actions to MDL No. 2741.

---

[12] Monsanto recognizes that oppositions and replies have not been filed in three of these cases due to stays, but notes that the same counsel has fully briefed their remand motions in the other five cases.

[13] Plaintiffs also mischaracterize Monsanto's alternative grounds for stay based on its request that these cases be consolidated before a single Eastern District of Missouri Judge in the event that MDL transfer is denied.  *See* Motion to Vacate at 6, 9-10.  Monsanto's motions sought transfer of these cases to a single Eastern District of Missouri judge for consideration of these remand motions and potentially beyond, which in the absence of MDL transfer would best promote the efficient and timely administration of these cases.  *See* Monsanto Co.'s Mot. for Pretrial Consolidation, *Crane v. Monsanto Co.,* No. 4:17-cv-00982-CDP (E.D. Mo. Apr. 6, 2017), ECF No. 4.  Before that motion was decided, *Crane*, the case into which these cases would have been consolidated under the applicable local rules and which plaintiffs mistakenly describe as "unrelated," *see* Motion to Vacate at 6, was transferred to the MDL.  *See* Conditional Transfer Order (CTO-14), ECF No 234.

Dated: May 22, 2017                    Respectfully submitted,

                                       /s/ Joe G. Hollingsworth
                                       Joe G. Hollingsworth
                                       (jhollingsworth@hollingsworthllp.com)
                                       HOLLINGSWORTH LLP
                                       1350 I Street NW
                                       Washington D.C., 20005
                                       Phone: (202) 898-5800
                                       Fax: (202) 682-1639

                                       *Attorneys for Defendant*
                                       *Monsanto Company*