**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

_____  )
                                      )
In re: Roundup Products Liability Litigation,  )
                                      )         MDL Docket No. 2741
                                      )
*Ford v. Monsanto Company,*           )
1:17-cv-00484                         )
*Platt v. Monsanto Company*,          )
1:17-cv-00485                         )
*Rochman v. Monsanto Company*,        )
1:17-cv-00486.                        )
_____  )

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiffs in the above captioned cases hereby submit their Memorandum in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order No. 18, and respectfully ask the Court to consider the following arguments in support of that Motion:

**I.   INTRODUCTION**

Plaintiffs move to vacate the transfer of the civil actions, *Ford v. Monsanto* Company, *Platt v. Monsanto Company,* and *Rochman v. Monsanto Company*, associated with Conditional Transfer Order No. 18, issued on May 5, 2017. Transferring the above captioned matter would neither result in convenience to the parties or witnesses, nor promote just and efficient litigation for the following reasons.[1]

---

[1] Further illuminating the inefficiency of waiting to consider remand is the fact that multiple identical cases filed by the same counsel, *Larry Ashworth v. Monsanto Company*, C.A. N16C-02-242 VLM, *Allen Goeders v. Monsanto Company*, C.A. N17C-03-278 VLM, *Blake Rottink v. Monsato Company*, C.A. N17C-03-279 VLM, *Daniel K. Kowal vs Monsanto Company*, C.A. N16C-11-222 VLM, *John Malone v. Monsanto Company*, C.A. N17C-04-171 VLM, *Kenneth Panthen v. Monsanto Company*, C.A. N16C-04-037 VLM, *Jeanne Plagge v. Monsanto Company*, C.A. N17C-04-172 VLM, *see also* Ex 1, are pending in state court and will remain there; Monsanto did not remove these and has already answered the complaints.

Plaintiffs properly brought their state law claims in the Superior Court of the State of Delaware in and for New Castle County. Defendant is incorporated in Delaware, where Plaintiffs originally filed this matter. Thus, Monsanto is a forum defendant. Plaintiffs' Complaints sound only in state law and raise no federal subject matter. Currently, Plaintiffs are awaiting a hearing on pending motion to remand to state court. Plaintiffs maintain that Monsanto's removal to federal court was improper, without factual or legal basis, and that justice and efficiency would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction.

For these reasons, the Panel should vacate the Conditional Transfer Order, and exclude this matter from MDL No. 2741. Plaintiffs respectfully submit that the transferor court, in this instance, the District of Delaware, is best positioned to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiffs believe and argue it is— remand the case to Superior Court of Delaware.

## II.   PROCEDURAL HISTORY

On April 21, 2017, Plaintiffs filed their Complaints for Damages and Demand for Jury Trial ("Complaint") in the Superior Court of the State of Delaware in and for New Castle County, alleging multiple causes of action for injuries suffered as a result of Plaintiffs' exposure to Defendant's Roundup® products. (*Ford*, C.A. NO. 1:17-cv-00484 RGA, Rec. Doc. 1-1, *Platt*, C.A. NO. 1:17-cv-00485 RGA, Rec. Doc. 1-1, *Rochman*, C.A. NO. 1:17-cv-00486 RGA, Rec. Doc. 1-1).

All causes of action are based solely on state law and include: defective manufacture and design; failure to warn over the safety of its product; failure to undertake sufficient studies to test its product; and concealing health risks of its product from the public. Plaintiffs filed their

Complaints in Delaware, where Monsanto is incorporated. The *Ford, Rochman, and Platt* complaints were pending before the Honorable Vivian L. Medinilla in Delaware State Court.

On April 28, 2017, Monsanto filed a Notice of Removal to the United States District Court, for the District of Delaware, alleging that the Complaints were removable on the basis of diversity jurisdiction despite Defendant's status as a forum defendant under 28 U.S.C. § 1441(b). (Defendant's Notice of Removal, *Ford*, C.A. NO. 1:17-cv-00484 RGA, Rec. Doc. 1, *Platt*, C.A. NO. 1:17-cv-00485 RGA, Rec. Doc. 1, *Rochman*, C.A. NO. 1:17-cv-00486 RGA, Rec. Doc. 1). On May 19, 2017, Plaintiffs responded with their Motion to Remand to State Court. (*Ford, Platt, Rochman,* Rec. Doc. 5-6.). On May 4, 2017, Monsanto filed a Notice of Potential Tag-Along Actions with the JPML, identifying these actions as well as twelve other pending lawsuits for transfer to the MDL Court. On May 19, 2017, Defendant filed a motion for Temporary Stay pending the decision on transfer to the MDL or a decision on consolidation. (Rec. Doc. 7). On May 5, 2017, a Conditional Transfer Order was filed, affecting this case and other pending lawsuits. Plaintiffs filed a notice of opposition to Conditional Transfer Order, and herein submit arguments in support their Motion to Vacate Conditional Transfer Order.

### III. APPROPRIATE STANDARD

Pursuant to 28 U.S.C. § 1407(a) the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts… to any district for coordinated or consolidated pretrial proceedings." Rule 10.1(b)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation further provides "the Panel may remand an action… to the transferor court at any time… upon motion of any party."

### IV. ARGUMENT

#### a. Plaintiffs Have Not Been Heard on Motion to Remand

3

JPML Rules of Procedure Rule 2.1(d) states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."  The Manual for Complex Litigation, § 20.131 states: "…matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer."  A court with pending actions may stay proceedings while a conditional transfer order is pending before a JPML, or may consider a motion to remand. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Honorable Richard G. Andrews who will hear Plaintiffs' remand motion, has already ruled on the issue of whether a forum defendant can escape the requirements of 28 U.S.C. § 1441(b) by pre-service removal, holding that such removal is improper. *See Stefan v. Bristol-Myers Squibb Co.*, CV 13-1662-RGA, 2013 WL 6354588, at *1 (D. Del. Dec. 6, 2013). Accordingly, Plaintiffs do not believe a different result is warranted in the instant actions.

On May 19, 2017, Plaintiffs filed a Motion to remand this matter to the Superior Court of the State of Delaware in and for New Castle County as this matter involves no federal subject matter.  (*Ford*, *Platt*, *Rochman*, Rec. Doc. 5-6). Plaintiffs argued that their Complaints, which sound only in state law, were properly before the Delaware Superior Court and that Monsanto's removal to federal court, in an effort to circumvent 28 U.S.C. § 1441(b), was improper. Plaintiffs further maintained that the District of Delaware was in the best position to determine subject-matter jurisdiction and that the Court should not postpone ruling on Plaintiffs' remand motion merely because Defendant had moved for transfer to the MDL.  Plaintiffs' remand motion, if successful, would moot this Conditional Transfer Order as a remand to local

4

jurisdiction and the departure from district court would revoke the authority of the JMPL to transfer this matter to the MDL. In the interest of justice, Plaintiffs respectfully request that the Panel remand this matter to the transferor court for further proceedings and resolution of the issue of subject-matter jurisdiction.

### b. Transferring this matter will not promote "convenience" or "just and efficient conduct."

28 U.S.C. § 1407(a) requires civil actions involving common questions of fact shall be consolidated through transfer only when it is determined "…that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The Supreme Court has spoken often and firmly regarding the plaintiff's right to its choice of forum. "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious, and inexpensive… But, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

Plaintiffs' Complaints have already been filed in the court well situated and located for the convenience of Plaintiffs, Defendant, and the witnesses. Transferring the cases would add no convenience to either the parties or the witnesses in this case, a fact highlighted by Defendant's decision not to remove more than a dozen substantially similar cases currently before the Superior Court of Delaware. Plaintiffs will suffer from the delays that plague MDL actions as

other cases await dispositive rulings from other district courts, or appeals.  As the burden of proof in this matter rests on the shoulders of Plaintiffs, Plaintiffs would be at a disadvantage.

For similar reasons, a transfer would not provide significant convenience to Defendant. Defendant can provide substantially the same production of evidence multiple times without incurring much additional expense, or the parties can informally share the discovery that has already been produced in the MDL and vice versa. Accordingly, there is not efficiency to be gained by transfer.

A transfer would be neither just nor efficient as Plaintiffs' case is procedurally different from the MDL assigned to the Northern District of California.  Unlike the cases assigned to the MDL, this action involves a forum defendant seeking improper removal.

There is no net gain in efficiency by postponing the prompt resolution of Plaintiffs' pending remand motion while waiting for a decision from the MDL Court.  Indeed, that Plaintiffs' state court Complaints have now reached a third forum from where they originated speaks only to inefficiency and a waste of judicial resources.  The inefficiencies here are particularly acute given that the same counsel will continue to litigate in Superior Court of the State of Delaware in the related *Ashworth*, *Goeders*, *Rottink*, *Kowal*, *Malone*, *Panthen*, and *Plagge* actions.  Until Plaintiffs receive due process on jurisdictional issues it would be unjust for the matter to be transferred to the MDL.  Accordingly, Plaintiffs respectfully submit that the JPML should vacated CTO 18 and remand this action to the transferor court for immediate resolution of Plaintiffs' motion to remand to state court. [2]

---

[2] While it may be that the Courts' desire to transfer and combine cases with similarities in order to adjudicate them simultaneously, it is also desirable for vigorous debate and the opportunity for robust review to take place.  "Additional litigation may lead to a conflict among the circuits and review by the Supreme Court with the benefit of additional legal views that increase the probability of a correct disposition." *Atchison Topeka and Santa Fe Railway Company CSX v.*

## V.  CONCLUSION

Based on the foregoing arguments Plaintiffs in this matter pray for relief, and request the Panel vacate its Conditional Transfer Order No. 18 and exclude this matter from MDL No. 2741.

Dated: May 23, 2017                                       Respectfully submitted,


*/s/ Aimee Wagstaff*

ANDRUS WAGSTAFF, PC
Aimee H. Wagstaff, SBN 278480
aimee.wagstaff@andruswagstaff.com
7171 West Alaska Drive
Lakewood, CO  80226
Telephone:    (303) 376-6360
Facsimile:     (303) 376-6361
**ATTORNEY FOR PLAINTIFFS**

---

*Pena,* 44 F.3d 437, 447 (7th Cir. 1994).  Limiting the opportunity of Plaintiffs to be heard in this matter to only the MDL will constrain arguments and potential future review. While this may add convenience to the Courts, the consequence of single litigation limits the opportunity to find truth.