**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: Roundup Products Liability Litigation, ) ) ) *O'Brien, et al. v. Monsanto Company*, ) 4:17-cv-01192-CEJ. ) ) | MDL Docket No. 2741 |

**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 15**

**I.   Introduction.**

Pursuant to Rules 6.1 and 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiffs in the above-captioned case hereby submit their Reply Memorandum in Further Support of Plaintiffs' Motion to Vacate Conditional Transfer Order No. 15, and respectfully ask the Court to consider the following arguments in further support of that Motion.

On April 24, 2017, Plaintiffs moved to vacate the transfer of the civil action, *O'Brien, et al. v. Monsanto Company*, associated with Conditional Transfer Order No. 15, issued on April 7, 2017.  Monsanto Company ("Monsanto") filed its opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order ("Opp. Br.") on May 19, 2017 [Doc. 180; ECF No. 14].  Plaintiffs' properly-filed Missouri state court action has stalled for over two months while Plaintiffs have been forced to litigate and brief Monsanto's removal and JPML transfer motions in multiple courts. Nothing in Monsanto's opposition requires the Panel to transfer *O'Brien* to the MDL; nor do Plaintiffs have any assurance, contrary to Monsanto's unsubstantiated representations, that these remand issues will receive prompt resolution before the MDL Court.  And the transferor court, in this instance, the Eastern District of Missouri, is well positioned to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiffs believe and argue it is—remand the case to

Missouri state court. Accordingly, Plaintiffs respectfully submit that for the original reasons stated in their motion to vacate and the arguments set out below, the Panel should vacate the Conditional Transfer Order.

## II.     Argument.

Although Monsanto argues that transfer to the MDL is more efficient given that remand issues are already before Judge Chhabria in *Pennie v. Monsanto* (Opp. Br. at 1-2), Plaintiffs have no guarantee that the issue of remand will receive prompt resolution before the MDL Court.[1] Monsanto's Opposition also represents that the MDL Court is already poised to decide at least the one remand motion in *Pennie* and that this issue is fact determinative of the instant case. Opp. Br. at 1. However, resolution of *Pennie* is not necessarily dispositive of the *O'Brien* remand motion. The *Pennie* complaint and the *O'Brien* Petition contain different allegations; *O'Brien,* for example, does ***not*** allege collusion between Monsanto and EPA. This factual distinction is clearly evident in Monsanto's first footnote. *Id.* Monsanto's representation that the same removal issues are shared between these cases is simply not accurate.

Moreover, Monsanto overlooks the prejudice to Plaintiffs stemming from the significant delay imposed on their litigation as a result of Monsanto's multiple removals. To begin, even a cursory review of the *O'Brien* Petition would reveal no proper basis for removal of this state court Petition to federal court. Plaintiffs bring solely state law claims in a state that is central to the allegations of misconduct in the Petition.

This prejudice is particularly acute insofar as a virtually identical case filed by the same counsel, *Kane v. Monsanto*, No. 1622-CC10172, is pending in state court and is proceeding

---

[1] Indeed, oral argument on the *Pennie* plaintiffs' motion for remand was recently reset from June 1 to June 15, 2017 at Monsanto's request.

there.  Recently, on May 22, 2017, the Honorable Michael Mullen presiding over the *Kane* action denied Monsanto's motion to transfer venue or, in the alternative, to stay further proceedings pending a ruling on venue from the Missouri Court of Appeals.[2]  Therefore, regardless of the outcome of the instant motion, litigation against Monsanto will proceed both at the state and federal levels, discovery will proceed in state court much as it has proceeded in the MDL Court, and there is no reason why the *O'Brien* Plaintiffs should be denied their election to bring their claims in state court.

Monsanto's assertion that the Eastern District of Missouri has expressed a "clear preference for remand motions to be decided in the MDL" (Opp. Br. at 8) is inaccurate. Numerous cases in that district have held that the issue of remand could be resolved prior to transfer to the MDL and that a pending transfer to the JPML does not vitiate a pending remand motion.  *See Edmondson v. Pfizer, Inc.*, 4:16-CV-1944 (CEJ), 2017 WL 492829, at *2 (E.D. Mo. Feb. 7, 2017) (remanding action to state court); *Lovett v. Pfizer Inc.*, 4:14-CV-458 CEJ, 2014 WL 1255956, at *1 (E.D. Mo. Mar. 26, 2014) (remanding action to state court).[3]

Finally, Monsanto's repeated assertion that Plaintiffs have engaged in what it characterizes as "a strategy of litigation tourism in various state courts in an effort to avoid the MDL Court" (Opp. Br. at 3) is plainly disingenuous.  The MDL Court does not permit direct filing in the MDL.  Although Plaintiffs had requested direct filing at the outset, Monsanto strenuously argued against allowing direct filing because, it argued, filing fees in federal courts around the country would guarantee to the MDL Court that Plaintiffs had conducted their "Rule

---

[2] A copy of that decision was submitted to the Eastern District of Missouri and is attached here as Exhibit A.
[3] *See also Robinson v. Pfizer Inc.*, 4:16-CV-439 (CEJ), 2016 WL 1721143, at *1 (E.D.Mo. Apr. 29, 2016) (denying stay and granting remand); *Agnew v. Fresenius Med. Care N. Am., Inc.*, No. 4:13CV2468 TCM, 2014 WL 82195, at *1 (E.D. Mo. Jan. 9, 2014) (same).

11 due diligence," JPML transfer procedure had built-in safeguards, and direct filing would complicate matters for the MDL Court at the end of the MDL because it would be forced to determine where to remand or transfer the directly-filed cases. Tr. of Proceedings, at 152:11-156:14, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 21, 2016) [ECF No. 36]. A plaintiff gets to elect where to file his or her case, and it is uncontroverted here that Missouri state court is a proper venue for these actions as there is no diversity between Monsanto, a Missouri corporation, and O'Brien, a Missouri resident. Thus, Plaintiffs opted to file their cases in state court which is their right.[4] Moreover, although Monsanto initially argued that direct filing would not be appropriate because it would not permit the MDL Court to vet newly filed cases prior to their transfer to the MDL, Monsanto has since removed and attempted to transfer to the MDL hundreds of state court cases. Indeed, by its own admission, Monsanto has transferred over 100 cases to the MDL and is in the processing of transferring hundreds more. Opp. Br. at 3. In brief, Monsanto's statement that Plaintiffs have a "preference to avoid the MDL by filing in state court," Opp. Br. at 6, is insupportable and presumably intended to gain a tactical advantage before the MDL Court.

---

[4] Monsanto makes the peculiar statement that "[i]n the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed." Opp. Br. at 3. But Monsanto has a connection to both Delaware, its state of incorporation, and Missouri, the location of its headquarters and where it has admitted in state court filings is the location where it makes all of its relevant business decisions to the issues in this case. Further, in *O'Brien*, at least one of the plaintiffs was injured in St. Louis, Missouri, and the rest of the plaintiffs have been properly joined. Indeed, in *Kane*, the Circuit Court for the City of St. Louis recently rejected Monsanto's venue argument under Section 508.010.5 of the Missouri Statutes, the same venue provision on which the *O'Brien* Plaintiffs rely, finding that venue as to all plaintiffs was proper in the City of St. Louis. Exhibit A, at 3.

## III. Conclusion.

For all of the foregoing reasons and the arguments stated in Plaintiffs' Motion to Vacate CTO-15 and their Memorandum in Support thereof (Doc. 152), Plaintiffs request that the Panel vacate its Conditional Transfer Order No. 15 and exclude this matter from MDL No. 2741.

Dated: May 26, 2017                                Respectfully submitted,

                                                                                                       /s/ Eric D. Holland
ERIC D. HOLLAND
Holland Law Firm
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
TEL: 314-241-8111
FAX: 314-241-5554
Email: eholland@allfela.com

**ATTORNEYS FOR PLAINTIFF**