# EXHIBIT A



STATE OF MISSOURI )
                  ) SS
CITY OF ST. LOUIS )

MISSOURI CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
(City of St. Louis)

TIMOTHY KANE, et al.,       )
                            )
         Plaintiffs,        )
                            )
vs.                         )   No. 1622-CC10172
                            )
MONSANTO COMPANY,           )   Division No.  1
                            )
         Defendant.         )

### ORDER

The Court has before it Defendant Monsanto Company's Motion to Transfer Venue, or, in the Alternative, to Stay Further Proceedings Pending Forthcoming Appeals Court Venue Ruling. The Court now rules as follows.

Plaintiffs in this action are over 60 unrelated individuals from 22 states who allege they developed cancer as a result of the use of Monsanto's herbicide "Roundup." Two plaintiffs reside in Missouri, one of whom is from the City of St. Louis and alleges exposure to Roundup in the City of St. Louis.

Defendant argues that venue is not proper in the City of St. Louis, and seeks to transfer venue to Cole County, Missouri, where Monsanto's registered agent is located.

ENTERED
MAY 2 2 2017
LK

Venue is determined solely by statute. <u>State ex rel. Linthicum v. Calvin</u>, 57 S.W.3d 855, 857 (Mo. banc 2001). Section 508.010.4 governs the proper venue in a tort case where the plaintiff was first injured in Missouri: "Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action." Section 508.010.5 governs venue when the Plaintiff is first injured outside the State of Missouri, as follows:

> 5. Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:
>
> (1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured….

On its face, §508.010.4 applies to the claims of Plaintiff Timothy Kane, who alleges he was first injured in the City of St. Louis.

This is not a case where *all* plaintiffs were either injured within the state of Missouri, making §508.010.4 clearly applicable, or were all injured outside of the state, making §508.010.5 the proper venue statute. Section §508.010 provides no guidance where, as here, there are several properly-joined plaintiffs, some of whom were first injured within the state of Missouri and others who were injured outside of Missouri. Without an express prescription of a particular venue, venue is "proper in any county in Missouri." State ex rel. Heartland Title Servs., Inc. v. Harrell, 500 S.W.3d 239, 244 (Mo. banc 2016). Because their claims are properly joined and there is no express provision for venue for such a case, the Court finds that venue as to all Plaintiffs is proper in the City of St. Louis.

In the alternative, Defendant argues that this Court should stay further proceedings in this matter until the resolution of a similar case on appeal. The relevant case is Barron v. Abbott Laboratories, Inc., ED103508, SC96151, which was pending at the Missouri Court of Appeals Eastern District at the time Defendant's motion to stay was filed. The Court of Appeals issued an opinion on November 8, 2016, affirming the trial court's denial of Defendant's motion to transfer venue, but the Court of Appeals

3

then transferred the case to the Missouri Supreme Court. The case remains pending at the Supreme Court.

"The granting or refusing of a stay of proceedings rests in the trial court's discretion, the exercise of which will not be disturbed on appeal unless clearly abused." Green v. Miller, 851 S.W.2d 553, 556 (Mo.App. W.D. 1993). This Court has routinely found that venue is proper in these types of cases, and the Court of Appeals has consistently affirmed this Court's rulings. There is no reason to believe that a contrary ruling should be expected. The Court does not believe that a stay is warranted.

THEREFORE, it is Ordered and Decreed that Defendant Monsanto Company's Motion to Transfer Venue, or, in the Alternative, to Stay Further Proceedings Pending Forthcoming Appeals Court Venue Ruling is DENIED.

SO ORDERED:

_____
MICHAEL MULLEN, Presiding Judge

Dated: May 22, 2017