BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | )  |                         |
|---|---|---|
| In re: Roundup Products Liability Litigation, | ) | |
| | ) | MDL Docket No. 2741 |
| | ) | |
| *Brame v. Monsanto Company,* | ) | |
| 1:17-cv-00557 | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiff in the above captioned case hereby submits his Memorandum in Support of Plaintiff's Motion to Vacate Conditional Transfer Order No. 20, and respectfully asks the Court to consider the following arguments in support of that Motion:

**I.   INTRODUCTION**

Plaintiff moves to vacate the transfer of the civil action, *Brame v. Monsanto* Company, associated with Conditional Transfer Order No. 20, issued on May 18, 2017. Transferring the above captioned matter would neither result in convenience to the parties or witnesses, nor promote just and efficient litigation for the following reasons.[1]

---

[1] Further illuminating the inefficiency of waiting to consider remand is the fact that multiple identical cases filed by the same counsel, *Terrance Kadlec v. Monsanto Company*, C.A. N17C-04-143 VLM, *Thomas Taylor v. Monsato Company*, C.A. N17C-03-1664 VLM, *Miguel Aguilar vs Monsanto Company*, C.A. N17C 03-259 VLM, *Richard Aird v. Monsanto Company*, C.A. N17C 03-261 VLM, *Stephen Boden v. Monsanto Company*, C.A. N17C 03-262 VLM, *David Borrowman v. Monsanto Company*, N17C 03-264 VLM, *Jorge Gonzales v. Monstanto Company*, C.A. N17C 03-266 VLM, *Tammy McIntosh v. Monsanto Company,* C.A. N17C 03-268 VLM, *Theodore Steinhorst v. Monsanto Company,* C.A. N17C 03-269 VLM, and *Jon Ortman v. Monstanto Company,* C.A. N17C-03-140-VLM, are pending in state court and will remain there; Monsanto did not remove these and has already answered the complaints.

Plaintiff properly brought his state law claim in the Superior Court of the State of Delaware in and for New Castle County. Defendant is incorporated in Delaware, where Plaintiff originally filed this matter. Thus, Monsanto is a forum defendant. Plaintiff's Complaint sounds only in state law and raise no federal subject matter. Plaintiff is filing, simultaneous with this motion, his Motion to Remand to state court.  Plaintiff expects a hearing date for the pending motion to be set in the near future.  Plaintiff maintains that Monsanto's removal to federal court was improper, without factual or legal basis, and that justice and efficiency would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction.

For these reasons, the Panel should vacate the Conditional Transfer Order, and exclude this matter from MDL No. 2741. Plaintiff respectfully submits that the transferor court, in this instance, the District of Delaware, is best positioned to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiff believes and argues it is— remand the case to Superior Court of Delaware.

## II.   PROCEDURAL HISTORY

On May 11, 2017, Plaintiff filed his Complaint for Damages and Demand for Jury Trial ("Complaint") in the Superior Court of the State of Delaware in and for New Castle County, alleging multiple causes of action for injuries suffered as a result of Plaintiff's exposure to Defendant's Roundup® products. (*Brame*, C.A. NO. 1:17-cv-00557 RGA, Rec. Doc. 1-1).

All causes of action are based solely on state law and include: defective manufacture and design; failure to warn over the safety of its product; failure to undertake sufficient studies to test its product; and concealing health risks of its product from the public.   Plaintiff filed his

Complaint in Delaware, where Monsanto is incorporated. Plaintiff's complaint was pending before the Honorable Vivian L. Medinilla in Delaware State Court.

On May 12, 2017, Monsanto filed a Notice of Removal to the United States District Court, for the District of Delaware, alleging that the Complaint was removable on the basis of diversity jurisdiction despite Defendant's status as a forum defendant under 28 U.S.C. § 1441(b). (Defendant's Notice of Removal, *Brame* C.A. NO. 1:17-cv-00557 RGA, Rec. Doc. 1). Plaintiff responded with a Motion to Remand to State Court filed on June 8, 2017. On May 18, 2017, a Conditional Transfer Order was filed, affecting this case. Plaintiff filed a notice of opposition to Conditional Transfer Order, and herein submits arguments in support of his Motion to Vacate Conditional Transfer Order.

### III.   APPROPRIATE STANDARD

Pursuant to 28 U.S.C. § 1407(a) the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts… to any district for coordinated or consolidated pretrial proceedings." Rule 10.1(b)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation further provides "the Panel may remand an action… to the transferor court at any time… upon motion of any party."

### IV.   ARGUMENT

#### a. Plaintiff Has Not Been Heard on Motion to Remand

3

JPML Rules of Procedure Rule 2.1(d) states: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." The Manual for Complex Litigation, § 20.131 states: "…matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer."  A court with pending actions may stay proceedings while a conditional transfer order is pending before a JPML, or may consider a motion to remand. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Honorable Richard G. Andrews who will hear Plaintiff's remand motion, has already ruled on the issue of whether a forum defendant can escape the requirements of 28 U.S.C. § 1441(b) by pre-service removal, holding that such removal is improper. *See Stefan v. Bristol-Myers Squibb Co.*, CV 13-1662-RGA, 2013 WL 6354588, at *1 (D. Del. Dec. 6, 2013). Accordingly, Plaintiff does not believe a different result is warranted in the instant actions.

On June 8, 2017, Plaintiff filed a Motion to remand this matter to the Superior Court of the State of Delaware in and for New Castle County as this matter involves no federal subject matter. Plaintiff argued that his Complaint, which sounds only in state law, was properly before the Delaware Superior Court and that Monsanto's removal to federal court, in an effort to circumvent 28 U.S.C. § 1441(b), was improper.  Plaintiff further maintained that the District of Delaware was in the best position to determine subject-matter jurisdiction.  Plaintiffs' remand motion, if successful, will moot this Conditional Transfer Order as a remand to local

jurisdiction and the departure from district court would revoke the authority of the JMPL to transfer this matter to the MDL. In the interest of justice, Plaintiff respectfully requests that the Panel remand this matter to the transferor court for further proceedings and resolution of the issue of subject-matter jurisdiction.

### b. Transferring this matter will not promote "convenience" or "just and efficient conduct."

28 U.S.C. § 1407(a) requires civil actions involving common questions of fact shall be consolidated through transfer only when it is determined "…that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." The Supreme Court has spoken often and firmly regarding the plaintiff's right to its choice of forum. "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious, and inexpensive… But, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

Plaintiff's Complaint has already been filed in the court well situated and located for the convenience of Plaintiff, Defendant, and the witnesses. Transferring the cases would add no convenience to either the parties or the witnesses in this case, a fact highlighted by Defendant's decision not to remove more than a dozen substantially similar cases currently before the Superior Court of Delaware.    Plaintiff will suffer from the delays that plague MDL actions as

other cases await dispositive rulings from other district courts, or appeals. As the burden of proof in this matter rests on the shoulders of Plaintiff, Plaintiff would be at a disadvantage.

For similar reasons, a transfer would not provide significant convenience to Defendant. Defendant can provide substantially the same production of evidence multiple times without incurring much additional expense, or the parties can informally share the discovery that has already been produced in the MDL and vice versa. Accordingly, there is not efficiency to be gained by transfer.

A transfer would be neither just nor efficient as Plaintiff's case is procedurally different from the MDL assigned to the Northern District of California. Unlike the cases assigned to the MDL, this action involves a forum defendant seeking improper removal.

There is no net gain in efficiency by the Panel ruling on the Conditional Transfer Order before resolution of Plaintiff's remand motion in state court. Indeed, that Plaintiff's state court Complaint has now reached a third forum from where it originated speaks only to inefficiency and a waste of judicial resources. The inefficiencies here are particularly acute given that the same counsel will continue to litigate in Superior Court of the State of Delaware in the related *Kadlec*, *Taylor*, *Aguilar*, *Aird*, *Boden*, *Borrowman*, *Gaonzalez, McIntosh, Steinhorst* and *Ortman* actions. Until Plaintiff receives due process on jurisdictional issues it would be unjust for the matter to be transferred to the MDL. Accordingly, Plaintiff respectfully submits that the JPML should vacated CTO 20 and remand this action to the transferor court for immediate resolution of Plaintiff's motion to remand to state court.[2]

---

[2] While it may be that the Courts' desire to transfer and combine cases with similarities in order to adjudicate them simultaneously, it is also desirable for vigorous debate and the opportunity for robust review to take place. "Additional litigation may lead to a conflict among the circuits and review by the Supreme Court with the benefit of additional legal views that increase the probability of a correct disposition." *Atchison Topeka and Santa Fe Railway Company CSX v.*

V. **CONCLUSION**

Based on the foregoing arguments Plaintiff in this matter prays for relief, and requests the Panel vacate its Conditional Transfer Order No. 20 and exclude this matter from MDL No. 2741.

Dated: June 8, 2017                                   Respectfully submitted,


*/s/ Raeann Warner*

**JACOBS & CRUMPLAR, P.A.**
RAEANN WARNER, (Bar Id. 4913)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
Raeann@jcdelaw.com
Telephone: (302) 656-5445
Facsimile: (302) 656-5975

**ATTORNEY FOR PLAINTIFF**

---

*Pena,* 44 F.3d 437, 447 (7th Cir. 1994). Limiting the opportunity of Plaintiff to be heard in this matter to only the MDL will constrain arguments and potential future review. While this may add convenience to the Courts, the consequence of single litigation limits the opportunity to find truth.