# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br>Case No. 16-md-02741-VC |
| This document relates to:<br>*Pennie* 17-cv-1711 | **ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 252 |

Monsanto's "collusion" theory of federal jurisdiction is baseless. The plaintiffs aren't bringing claims based on allegations that Monsanto colluded with the EPA. They're bringing claims – state-law claims – based on allegations that Monsanto's product is carcinogenic. *See* Compl. (Dkt. No. 1-1), 17-cv-1711, at ¶¶ 149-68 (misdesign), 172-87 (failure to warn), 205 (negligence), 216-17 (fraud), 231-38 (breach of express warranty), 251-57 (breach of implied warranty). To be sure, evidence that Monsanto influenced the EPA may be indirectly relevant to the carcinogenicity inquiry, as collusion could undermine the value of the EPA's scientific conclusions. *See* Pretrial Order No. 15, MDL No. 2741. But an issue is not "necessary" to resolve for the purposes of federal-question jurisdiction simply because it has relevance. *See Grable & Sons Metal Prod., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005). In this case, collusion is, at most, a means for the plaintiffs to impeach certain evidence they disagree with.

It should be equally clear that a "collusion" allegation does not somehow convert Monsanto into a federal officer. As an initial matter, Monsanto appears to be asserting

entitlement to federal officer status on the basis of a relationship with the federal government that it *doesn't* believe exists. Even if Monsanto could do this, the result of prevailing on the argument would seem to be judicially estopping Monsanto from denying collusion in the future. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012). This cannot be what Monsanto intends. And in any event, Monsanto cannot point to authority for the proposition that a corporation subverting a federal actor *becomes* the federal actor by virtue of its malfeasance. If any private party qualifies as a federal officer, it is an agent of the federal government, not a patron. *See Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 732-33 (9th Cir. 2015).

Monsanto refers in passing to the portions of the plaintiffs' complaint alleging a violation of FIFRA. As evidenced by the request for supplemental briefing, these were the only portions of the complaint that gave the Court pause on the issue of remand – and indeed, the only reasons for proceeding with oral argument on the motion. But with the benefit of the parties' supplemental briefing, there is no longer any doubt. The plaintiffs' fleeting reference to a FIFRA violation does not assert a federal cause of action, not least because no federal FIFRA cause of action exits. *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 448 (2005). And there is no colorable *Grable* theory in this case because FIFRA itself forecloses that possibility. The language of the statute makes clear – and the Supreme Court has confirmed – that FIFRA does not preempt state-law tort or contract actions simply because they bear on a product subject to federal registration and labelling requirements. *Id.* at 449-54. To the contrary, FIFRA intentionally preserves parallel state-law actions, along with any state-specific variations in liability that aren't inconsistent with federal law. *Id.* Against that backdrop, there cannot possibly be a "substantial" interest in hearing disputes of this kind in a federal forum – and certainly no interest consistent with the balance of state and federal judicial power as Congress has envisioned it. *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013). Monsanto argues that federal law defines state-law burdens and obligations for FIFRA-regulated products. But even if this were so – and it isn't, as this Court made clear in denying Monsanto's motion to dismiss in the

2

*Hardeman* member case – this only underscores the problem with Monsanto's *Grable* analysis. *See* Dkt. No. 34, 16-cv-525. All sorts of burdens and obligations are defined in federal law. If that alone sufficed for federal jurisdiction, routine applications of the Supremacy Clause could be grounds for removal. That is not what *Grable* stands for. *See Gunn*, 133 S. Ct. at 1064; *Grable*, 545 U.S. at 319; *cf. Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

The motion to remand is granted. The individual case, *Pennie v. Monsanto Co.*, 17-cv-1711, is remanded to Alameda County Superior Court. This terminates Dkt. Nos. 18 and 35 of 17-cv-1711. *See* Dkt. No. 334, MDL No. 2741.

The parties will bear their own fees. Monsanto is advised, however, that the Court may reconsider fee-shifting if presented with similarly flimsy theories of removal in the future. *See* 28 U.S.C. § 1447(c); *see also* 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Dated: July 5, 2017

VINCE CHHABRIA
United States District Judge

3