BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| In re: Roundup Products Liability Litigation, | ) </br> ) </br> ) MDL Docket No. 2741 </br> ) </br> ) </br> ) |
| *Curts v. Monsanto Company,* </br> No. 17-860-RGA | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiff in the above-captioned case hereby submits his Memorandum in Support of Plaintiff's Motion to Vacate Conditional Transfer Order No. 26 ("CTO 26") and respectfully asks the Court to consider the following arguments in support of that Motion:

## I. INTRODUCTION

Plaintiff moves to vacate the transfer of the civil action, *Curts v. Monsanto Company*, No. 17-860-RGA associated with CTO 26, issued on July 5, 2017. Transferring the above-captioned matter would neither result in convenience to the parties or witnesses, nor promote just and efficient litigation for the following reasons.

Plaintiff properly brought his state law claims against Monsanto Company ("Monsanto" or Defendant) in the Superior Court of the State of Delaware in and for New Castle County. Plaintiff's Complaint sounds only in state law and raises no federal subject matter. Plaintiff is a citizen of the State of Florida. Monsanto is a corporation incorporated under the laws of Delaware. Thus, because Monsanto is a citizen of the forum state, the "forum defendant rule" pursuant to 28 U.S.C. § 1441(b) barred Monsanto's removal of this action from state court.

Plaintiff is currently awaiting a decision on a pending motion to remand to State Court; he maintains that Monsanto's removal to federal court was improper, without factual or legal

basis, and that justice and efficiency would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction. For these reasons, the Panel should vacate CTO 26 and exclude this matter from Roundup® multidistrict litigation No. 2741 before the Honorable Vince Chhabria in the Northern District of California (the "MDL Court"). Judge Chhabria has already remanded one case improperly removed under federal officer jurisdiction, 28 U.S.C. § 1332.[1] The courts should not have to continue to waste judicial resources on Monsanto's frivolous removal motions. Plaintiff respectfully submits that the transferor court, in this instance, the District of Delaware, is in the best position to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiff believes and argues it is—remand the case to Superior Court of Delaware.

## II. PROCEDURAL HISTORY

On June 29, 2017, Plaintiff filed his Complaint for Damages and Demand for Jury Trial ("Complaint") in the Superior Court of the State of Delaware in and for New Castle County, alleging multiple causes of action for injuries sustained following direct exposure to Defendant's Roundup® products. *See Curts v. Monsanto Company*, No. N17C-06-360 VLM, Doc.1. The Complaint alleges that Monsanto violated state law by, among other things: (1) defective design; (2) failure to warn over the safety of its product; (3) failure to undertake sufficient studies to test its product; and (4) concealing health risks of its product from the public. All causes of action sound solely in state law.

On June 29, 2017, Monsanto filed a Notice of Removal to the United States District Court, for the District of Delaware, alleging that Plaintiff's Complaint was removable on the basis of diversity jurisdiction despite Monsanto's acknowledgment that it is a forum defendant

---

[1] *See In Re: Roundup Products Litigation*, MDL No. 2741, slip op. at 1, 3 (ECF No. 377). A copy of the Court's Order is attached here as Exhibit A.

under 28 U.S.C. § 1441(b). On June 30, 2017, Plaintiff filed a Motion to Remand to State Court in the District Court, arguing that Monsanto's removal of the action from state court violated the "forum defendant" rule. On July 3, 2017, Monsanto filed a Notice of Potential Tag-Along Actions with the JPML, identifying this action for transfer to the MDL Court. On July 5, 2017, CTO 26 was filed, affecting this case. On July 6, 2017, Plaintiff also filed a notice of opposition to CTO 26, and herein submits arguments in support of his motion to vacate CTO 26.

### III.   APPROPRIATE STANDARD

Pursuant to 28 U.S.C. § 1407(a), the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." Rule 10.1(b)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation further provides "the Panel may remand an action . . . to the transferor court at any time . . . upon motion of any party."

### IV.   ARGUMENT

#### a. Plaintiff Has Not Been Heard On His Motion To Remand

JPML Rule of Procedure 2.1(d) provides: "The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Although a pending motion is not an impediment to transfer, the Manual for Complex Litigation, § 20.131 states: "…matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." A court with pending actions may stay proceedings while a conditional transfer order is pending

before a JPML, or may consider a motion to remand. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

On June 30, 2017, Plaintiff filed a Motion to remand this matter to the Superior Court of the State of Delaware in and for New Castle County as this matter involves no federal subject matter. Plaintiff argued that his Complaint, which sounds only in state law, was properly before the Delaware Superior Court and that Monsanto's removal to federal court, in an effort to circumvent 28 U.S.C. § 1441(b), was improper. Plaintiff's remand motion, if successful, would moot CTO 26 as a remand to local jurisdiction and the departure from District Court would revoke the authority of the JMPL to transfer this matter to the MDL.

Plaintiff's pending remand motion is particularly critical here where Plaintiff maintains that Monsanto's removal of this case from state court on the basis of diversity jurisdiction was entirely improper under 28 U.S.C. § 1441(b) because the sole Defendant is a citizen of the forum state. Under 28 U.S.C. § 1441(a), a defendant may remove a case from a state court to a federal district court if the federal courts have original jurisdiction over the case. Where the federal court's original jurisdiction is based on diversity, however, § 1441(b) imposes an additional restriction known as the "forum defendant rule." The relevant provision provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2). Therefore, the presence of a local defendant at the time removal is sought bars removal. *See, e.g., Stefan v. Bristol-Myers Squibb Co.*, CV 13-1662-RGA, 2013 WL 6354588, at *1 (D. Del. Dec. 6, 2013); *Laugelle v. Bell Helicopter Textron, Inc.*, CIV.A. 10-1080 GMS, 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012). Under the forum defendant rule, removal of Plaintiff's

properly filed case from Superior Court was defective because Monsanto is a citizen of Delaware, the forum state.

Therefore, in the interest of justice, Plaintiff respectfully requests that the Panel remand this matter to the transferor court for further proceedings and resolution of the issue of subject-matter jurisdiction.

### b. Transferring This Matter Will Not Promote "Convenience" or "Just and Efficient Conduct"

The District Court is best positioned to consider the remand issues here; there is no net gain in efficiency by postponing the prompt resolution of Plaintiff's pending remand motion while waiting for a decision from the MDL Court.

As stated above, on July 5, 2017, the MDL Court granted a motion to remand a virtually identical case, in *Pennie, et al., v. Monsanto Company, et al.*, No. 17-cv-1711, finding that Monsanto's theory of federal question jurisdiction was "baseless" and "flimsy."  Ex. A, at 1, 3. Thus, many of the remand issues that were previously before Judge Chhabria in the MDL Court are now moot.  There is no efficiency argument or other justification for bringing these diversity-based removals before the MDL Court as the District Court in Delaware is well suited to consider the parties' jurisdictional arguments.

Until Plaintiff receives due process on jurisdictional issues, it would be unjust for the matter to be transferred to the MDL.  That Plaintiff's state court Complaint has now reached a third forum from where it originated speaks only to inefficiency, waste of judicial resources, and unnecessary delay of Plaintiff's litigation.  The inefficiencies here are particularly acute given that the same counsel will continue to litigate in the Superior Court of the State of Delaware in the related *Barrera* action, which is currently in the discovery stage of litigation and which Monsanto did not seek to remove.

Accordingly, Plaintiff respectfully submits that the JPML should vacate CTO 26 and remand this action to the transferor court for immediate resolution of Plaintiff's motion to remand to state court.

## V. CONCLUSION

Based on the foregoing arguments, Plaintiff in this matter prays for relief, and requests the Panel vacate CTO 26 and exclude this matter from MDL No. 2741.

Dated: July 20, 2017                                   Respectfully submitted,

*/s/ Raeann Warner*

**JACOBS & CRUMPLAR, P.A.**
RAEANN WARNER, (Bar Id. 4913)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
Raeann@jcdelaw.com
Telephone: (302) 656-5445
Facsimile: (302) 656-5975
ATTORNEY FOR PLAINTIFF