**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

Plaintiff Donald T. Zilmer does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL"). *See* Mem. in Supp. of Pl.'s Mot. to Vacate Conditional Transfer Order at 2, ECF No. 237-1 ("Motion to Vacate"). In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed. The MDL proceedings are moving efficiently toward early resolution in or soon after December 2017 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged cancers, specifically NHL ("general causation"), to allow the claims to proceed.

Instead, in an effort to avoid the MDL, plaintiff opposes transfer on three bases, each of which lacks any merit. First, plaintiff opposes transfer because he believes he will prevail on the merits of his pending motion to remand. *See* Motion to Vacate at 3-4. It is well settled that this Panel does not consider the merits of removal when deciding transfer issues. *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir.

1

1990)).  Plaintiff then contends that the pendency of the remand motion itself should prevent transfer.  *See* Motion to Vacate at 4-5.  This argument once again ignores clear and repeated decisions by this Panel that such motions *do not* prevent transfer.  *See, e.g.*, *In re Eliquis* Transfer Order at 1 (citing *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).  Finally, plaintiff claims that transfer is neither convenient nor efficient because some allegedly similar cases are already pending in Delaware state court.  *See* Motion to Vacate at 5.  The fact that some Delaware cases were served before removal could be perfected in no way diminishes the efficiencies this Panel set forth when creating the MDL and that have been achieved under the active management and guidance of Judge Vince Chhabria.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.").

Plaintiff's Motion to Vacate should be denied.  Transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).

I.  **BACKGROUND**

Plaintiff seeks to avoid this MDL, claiming that his case has suffered and will continue to suffer "inefficiency, waste of judicial resources, and unnecessary delay" as a result of MDL transfer.  Motion to Vacate at 5.  These allegations are absurd.  Since its creation in late 2016 for the coordination of pretrial proceedings in cases involving allegations that Monsanto's Roundup®-branded products caused NHL, Judge Chhabria has guided the *In re Roundup* MDL swiftly and steadfastly toward an early ruling on general causation, a potentially dispositive issue.  Significant discovery is completed and the current schedule calls for a *Daubert* hearing in

December 2017. As plaintiff notes, *see* Motion to Vacate at 2, 5, Judge Chhabria also promptly resolved the one removal dispute that has come before him. The swift movement of the MDL Court on these issues demonstrates that plaintiff's apparent fear of delay is vastly overstated and without basis.

Perhaps because of this swift progress toward resolution, and despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2] In the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed.

Monsanto removed this case to the District of Delaware on June 19, 2017, under 28 U.S.C. §§ 1332, 1441, and 1446, and based on precedent allowing a forum defendant to remove cases to federal court prior to being served.[3] *See* Notice of Removal at 1, *Zilmer v. Monsanto Co.*, No. 1:17-cv-00783-RGA (D. Del. June 19, 2017), ECF No 1. Monsanto removed an additional 29 Roundup® cases from Delaware state court to the District of Delaware on the same

---

[1] *See* Pls.' Mot. for Transfer of Actions to the So. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017 Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017 Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

[3] Contrary to plaintiff's representations, the basis for removal here and in the 24 cases transferred without a request to remand differs from the basis for removal in *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal.), on which plaintiff heavily relies. The *Pennie* removal asserted the presence of federal question and federal officer jurisdiction; removal here does not rest on either theory.

basis as this case.  *See, e.g.*, Notice of Removal at 1, *Stutes v. Monsanto Co.*, No. 1:17-cv-00511-RGA (D. Del. May 4, 2017), ECF No 1.  Twenty-four of those cases have been transferred to MDL No. 2741, *see* Order Lifting Stay of Conditional Transfer Order, ECF No. 197, with plaintiffs opposing transfer in others.  *See* Plaintiffs' Motion to Vacate Conditional Transfer Order, ECF No. 187.

Monsanto provided notice to the Panel of this potential tagalong action on June 21, 2017, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 213, and plaintiff opposed its transfer on June 26, 2017.  *See* Notice of Opp'n to Conditional Transfer Order (CTO-24), ECF No. 218.

Plaintiff filed a motion to remand this case to state court, *see* Pl.'s Motion to Remand to State Court, *Zilmer v. Monsanto Co.*, No. 1:17-cv-00783-RGA (D. Del. Jun. 23, 2017), ECF No. 5 ("*Zilmer* Remand Motion"), and Monsanto has requested that the case be stayed pending a decision from this Panel on MDL transfer, *see* Def. Monsanto Co.'s Mot. for Temporary Stay Pending JPML Ruling on Transfer to MDL Court, *Zilmer v. Monsanto Co.*, No. 1:17-cv-00783-RGA (D. Del. Jul. 3, 2017), ECF No. 7 ("*Zilmer* Motion for Stay").  Judge Andrews has issued no substantive orders in this case and no hearing date is scheduled.

II. ARGUMENT

    A. **The Panel Should Transfer This Action to MDL No. 2741.**

        1. **This case meets the criteria for MDL transfer.**

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims.  By plaintiff's own description, *see* Motion to Vacate at 2, this case shares common questions of fact with those already consolidated in MDL No. 2741.  These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after December 2017.  *See supra* at 1; *see also In re Roundup*, 214 F. Supp. 3d at 1348

("Issues concerning general causation, the background science, and regulatory history will be common to all actions."). Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings. Despite plaintiff's claim that MDL transfer would cause "unnecessary delay" in this case, *see* Motion to Vacate at 5, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved. *See In re Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole."). As addressed in Monsanto's motion for stay and opposition to remand, there is a split of authority on pre-service removals among district courts around the country and even within the District of Delaware, further highlighting the need for the MDL court to establish uniformity on this issue among Roundup® cases. *See Zilmer* Motion for Stay at 5 (citing cases); Def. Monsanto Co.'s Answering Br. in Opp'n to Pl's Mot. to Remand to State Court at 7-8, *Zilmer v. Monsanto Co.*, No. 1:17-cv-00783-RGA (D. Del. Jul. 7, 2017), ECF No. 8 (citing cases); *see also* Tom McParland, *Monsanto Quickly Removes Personal Injury Cases to Federal Court*, Delaware Law Weekly (May 5, 2017), http://www.delawarelawweekly.com/id=1202785480430/Monsanto-Quickly-Removes-Personal-Injury-Cases-to-Federal-Court?slreturn=20170509130600 (stating

5

that Monsanto's pre-service removal "exposes an issue that has divided federal judges in the U.S. Court of Appeals for the Third Circuit," and that District of Delaware Chief Judge Leonard P. Stark has held that § 1441(b)(2) "was unambiguous and plainly allowed removal before a defendant is served"). Although plaintiff repeatedly refers to the *Pennie* remand decision as a basis for denying transfer, *see* Motion to Vacate at 2, 5, that remand motion involved an entirely different issue not presented by the *Zilmer* Remand Motion and has no relevance to this case beyond demonstrating that remand issues can and will be decided promptly in the MDL.

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, because this case is properly in federal court, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims. Further, transfer also will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently towards the resolution of general causation. The fact that similar litigation is ongoing in state court, some of which involves plaintiff's counsel here, *see* Motion to Vacate at 5, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2. The pending motion to remand does not prevent transfer.

The Panel has repeatedly rejected plaintiff's argument that CTO-24 should be vacated because of his pending motion to remand this action to state court.[4] *See, e.g.*, *In re Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

---

[4] Plaintiff repeatedly asserts that this case should remain in the District of Delaware for "resolution of the prefatory issue of subject matter jurisdiction," *see* Motion to Vacate at 2, 4, 5, which is a misstatement of the issue presented in the remand motion. Plaintiff did not contend that diversity of citizenship is absent or that the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a)(1), has not been satisfied. *See Zilmer* Remand Motion. Accordingly, the showing that Monsanto made in its removal notices about those two issues remains unrebutted and undisputed – and the federal court has subject matter jurisdiction (also known as "original jurisdiction," 28 U.S.C. § 1441(a)). Plaintiff's assertions here conflate two different issues – alleged "procedural defects" in the removal notices (which there are none) and subject matter jurisdiction (which is present). The Third Circuit has held that the "forum defendant rule," § 1441(b)(2), is a procedural issue that does not deprive a federal court of subject matter jurisdiction. *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (New Jersey citizen's removal of case from New Jersey state court after complaint was served was "a defect in removal procedure" and not a "jurisdictional defect") (quotation

Plaintiff does not cite a single case in which the Panel denied transfer based on a pending motion to remand. Even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re Eliquis* Transfer Order at 1 n. 2 (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiff argues that MDL transfer should be denied because he believes his case will be remanded, *see* Motion to Vacate at 3-5, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings,

---

marks omitted). Therefore, plaintiff's argument about the forum defendant rule (even if it were correct) addresses an alleged procedural defect – and does not deprive a federal court of subject matter jurisdiction.

noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[5]

Finally, plaintiff's claims that MDL transfer would delay decision of the pending remand motion, *see* Motion to Vacate at 5-6, are incorrect and curiously misleading, particularly given the timely manner with which the *Pennie* remand motion was recently decided. The MDL Court has made great efforts to ensure the litigation proceeds swiftly and efficiently. Plaintiff's remand motion is fully briefed, and once transfer occurs there is no factual or legal basis to suggest that this remand motion would not be heard and decided at an appropriate time.

## III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: August 1, 2017

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*

---

[5] *See also In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").