UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                               MDL No. 2741


**TRANSFER ORDER**


**Before the Panel:**[*] Plaintiffs in the four actions pending in the District of Delaware and listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motions.

In support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction is lacking, and plaintiffs' motions to remand to state court are pending. These jurisdictional arguments are unconvincing, as we have held that such jurisdictional issues generally do not present an impediment to transfer. Plaintiffs can present these arguments to the transferee judge.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Therefore, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346 (J.P.M.L. 2016). Plaintiffs do not dispute that their actions share multiple factual issues with those already in the MDL. All allege that they or their decedents developed non-Hodgkin's lymphoma after using Roundup.

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Charles R. Breyer | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                         MDL No. 2741

## SCHEDULE A

District of Delaware

FORD v. MONSANTO COMPANY, C.A. No. 1:17-00484
PLATT v. MONSANTO COMPANY, C.A. No. 1:17-00485
ROCHMAN v. MONSANTO COMPANY, C.A. No. 1:17-00486
BRAME v. MONSANTO COMPANY, C.A. No. 1:17-00557