# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:17-cv-02881-CAS

| | |
|---|---|
| Heinzen et al v. Monsanto Company | Date Filed: 12/14/2017 |
| Assigned to: District Judge Charles A. Shaw | Jury Demand: Defendant |
| Demand: $75,000 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Case in other court: Circuit Court of St. Louis County, 17SL-CC03609 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-(Citizenship) | |

**Plaintiff**

**Richard Heinzen**   represented by   **William A. Kohlburn**
SIMMONSCOOPER, LLC
7660 South 3500 East
Salt Lake City, UT 84121
801-699-5109
Fax: 801-942-4885
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Katerina Heinzen**   represented by   **William A. Kohlburn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**   represented by   **Christine F. Miller**
HUSCH BLACKWELL, LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-480-1500
Fax: 314-480-1505
Email: chris.miller@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/14/2017 | 1 | NOTICE OF REMOVAL from Twenty-First Judicial Circuit Court, St. Louis County, MO, case number 17SL-CC03609, with receipt number 0865-6288322, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Miller, Christine) (Entered: 12/14/2017) |
| 12/14/2017 | 2 | DISCLOSURE OF ORGANIZATIONAL INTERESTS CERTIFICATE by Defendant |

| | | |
|---|---|---|
| | | Monsanto Company. Parent companies: None, Subsidiaries: Agroeste Sementes Paraguay S.A., Deltapine de Mexico, S. de R.L. de C.V., Dido, LLC, Hebei Ji Dai Cotton Seed Technology Company, Ltd., Liaoning Tuanhua Seeds Co., Ltd., Monsanto Korea, Inc., Publicly held company: None,. (Miller, Christine) (Entered: 12/14/2017) |
| 12/14/2017 | 3 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Miller, Christine) (Entered: 12/14/2017) |
| 12/14/2017 | 4 | ANSWER to Complaint by Monsanto Company.(Miller, Christine) (Entered: 12/14/2017) |
| 12/14/2017 | 5 | Petition (Removal/Transfer) Received From: Circuit Court of St. Louis County, filed by Richard Heinzen, Katerina Heinzen.(MFG) (Entered: 12/15/2017) |
| 12/15/2017 | 6 | Letter to attorney William A. Kohlburn from Clerk re: Pro Hac Vice (MFG) (Entered: 12/15/2017) |
| 12/15/2017 | | Case Opening Notification: Judge Assigned: Honorable Charles A. Shaw. (MFG) (Entered: 12/15/2017) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/15/2017 11:29:46 | | | |
| **PACER Login:** | hllp1982:2634105:4722683 | **Client Code:** | 1417.0005 |
| **Description:** | Docket Report | **Search Criteria:** | 4:17-cv-02881-CAS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

Case: 4:17-cv-02881-CAS   Doc. #: 1-1   Filed: 12/14/17   Page: 2 of 117 PageID #: 8
Case MDL No. 2741 Document 398-5 Filed 12/15/17 Page 3 of 13

17SL-CC03609

Electronically Filed - St Louis County - September 22, 2017 - 10:31 AM

IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT
**(County of St. Louis)**

| | |
|---|---|
| RICHARD HEINZEN and<br>KATERINA HEINZEN,<br><br>Petitioners,<br><br>v.<br><br>MONSANTO COMPANY,<br>*Serve registered agent*:<br>CSC of St. Louis County, Inc.<br>130 South Bemiston, Suite 700<br>Clayton, MO 63105<br><br>Defendant. | Cause No. _____<br><br>JURY TRIAL DEMANDED |

**PETITION**

Petitioners Richard and Katerina Heinzen by and through their attorneys, the undersigned Simmons Hanly Conroy LLC, for their Petition against Defendant Monsanto Company state and allege as follows:

<u>NATURE OF THE CASE</u>

Defendant Monsanto Company developed, made and distributed the herbicide Roundup. Monsanto contracted with Agricetus to develop Roundup-resistant crops. Petitioner Richard Heinzen worked for Agricetus as manager of the facility where Agricetus developed Roundup-resistant crops. During the course of that employment, from 1990 to 1996, Mr. Heinzen was exposed to Roundup made and supplied by Monsanto. Roundup contains ingredients, including glyphosate, that are carcinogenic, genotoxic and hazardous to human health. Mr. Heinzen's exposure to Roundup caused him to develop Non-Hodgkin's Lymphoma ("NHL"), as result of which he has been disabled, caused to suffer pain and distress, and incurred medical and other

expenses. He alleges that Monsanto was negligent and is strictly liable, and seeks compensatory damages. Mr. Heinzen further alleges that Monsanto acted willfully and wantonly, and seeks punitive damages. Mr. Heinzen's wife, Katerina, seeks compensatory and punitive damages for loss of consortium related to Mr. Heinzen's NHL.

## PARTIES

1. Petitioner Richard Heinzen is a citizen and resident of the State of Wisconsin residing in North Freedom, Wisconsin. Petitioner Katerina Heinzen is a citizen and resident of the State of Wisconsin residing in North Freedom, Wisconsin; she is the spouse of Petitioner Richard Heinzen.

2. Defendant Monsanto Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Missouri.

## JURISDICTION AND VENUE

3. Defendant Monsanto is subject to general / all-purpose jurisdiction in the State of Missouri because its principal place of business is in Missouri and because Monsanto is otherwise "at home" in Missouri. Defendant Monsanto is also subject to specific / claim-related jurisdiction in this case because a significant part of its relevant acts and omissions occurred in Missouri or were directed from or to Missouri.

4. Venue is proper in St. Louis County, pursuant to § 508.010 R.S.Mo., because Petitioner Mr. Heinzen was first exposed to the substances at issue outside of Missouri and Defendant Monsanto's agent for service of process is located in St. Louis County.

## GENERAL ALLEGATIONS

5. Defendant Monsanto designed, developed, manufactured, produced, sold, distributed, promoted, marketed and supplied an herbicide known as Roundup.

Electronically Filed - St Louis County - September 22, 2017 - 10:31 AM

6. Roundup contains and has contained component ingredients including, but not limited to, glyphosate, which alone, in combination with other Roundup component ingredients and/or in combination with other substances are genotoxic and carcinogenic. Roundup is genotoxic and carcinogenic.

7. At all times relevant hereto, Defendant Monsanto knew or in the exercise of reasonable care should have known that Roundup and its component ingredients were genotoxic, carcinogenic, hazardous to human health and otherwise posed an unreasonable risk of harm to the health of persons coming into contact with the same.

8. Petitioner Mr. Heinzen was employed by Agricetus Wisconsin in Wisconsin from 1983 to 1996 as a maintenance mechanic and facility manager.

9. At all times relevant hereto, Agricetus was engaged, *inter alia*, in the biogenetic engineering of crop plants.

10. Beginning is 1990, Defendant Monsanto contracted with Agricetus for the development of crops that were resistant to Monsanto's Roundup herbicide. Pursuant to said contract, Defendant Monsanto supplied large quantities of Roundup herbicide to Agricetus, which Agricetus sprayed on and applied to the crop plants that it was biogenetically engineering for Defendant Monsanto.

11. From 1990 to 1996, Petitioner Mr. Heinzen as facility manager was exposed to, ingested, inhaled, and dermally absorbed Roundup and the chemicals contained therein as a result of frequent and regular contact with crop plants treated with Roundup and by regularly and frequently being present in the environment where crop plants had been treated with Roundup.

12. Defendant Monsanto possessed specific and superior knowledge concerning the above hazardous properties of Roundup.

13. Petitioner Mr. Heinzen and Agricetus did not know and had no reasonable way to know or realize the risks associated with Roundup. Defendant Monsanto should have anticipated that Mr. Heinzen and Agricetus did not know and would not discover or realize said risks.

14. At all times relevant hereto, Defendant Monsanto had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around Roundup.

15. As a direct and proximate result of said exposure to Roundup and the component ingredients contained therein, Petitioner Mr. Heinzen developed Non-Hodgkin's Lymphoma ("NHL"). Mr. Heinzen was diagnosed with NHL on or about September 23, 2014 and sometime thereafter became aware that the same was wrongfully caused.

16. As a direct and proximate result thereof: Petitioner Mr. Heinzen has been disabled, disfigured and impaired in the enjoyment of recreational/life activities; Petitioner has incurred and will incur in the future necessary expenses for hospital, medical and other health care services; Mr. Heinzen has incurred and will incur in the future necessary expenses for household labor and tasks that Petitioner can no longer perform; Petitioner has and will in the future experience physical pain and mental and emotional suffering.

<u>Count I – Negligence</u>

Petitioner Richard Heinzen by his attorneys, SIMMONS HANLY CONROY LLC, for his cause of action against Defendant Monsanto Company states:

17. Petitioner incorporates by reference the General Allegations of this Petition.

18. Defendant Monsanto issued and provided specifications, instructions and directions to Agricetus regarding the application, use and employment of Roundup pursuant to

their contract. Defendant Monsanto intended and/or foresaw that Agricetus would use and rely upon said specifications, instructions and directions.

19. At all times relevant hereto, the Roundup supplied to Agricetus was applied, employed and used in the intended manner and for the intended purposes pursuant to said contract. Defendant Monsanto knew and/or should have known the manner in which, and purposes for which, Agricetus applied, employed and used Roundup that it supplied.

20. Defendant Monsanto knew or should have known that said application, use and employment of Roundup would cause Petitioner and others similarly situated be exposed to Roundup and its component ingredients both during and after it was sprayed onto crop plants at Agricetus. It was specifically foreseeable to Defendant Monsanto that fulfilling the purpose of the contract between itself and Agricetus would require regular and frequent inspection of crop plants treated with Roundup, thereby exposing personnel performing the same to be exposed to Roundup on said crop plants and in the environment.

21. At all times herein relevant, Defendant Monsanto had a duty to exercise reasonable and ordinary care for the health, safety and well-being of Petitioner and others similarly situated who were working with and around Roundup including, but not limited to, a duty to warn / communicate foreseeable hazards arising in connection with any and all known and/or intended uses of the same.

22. Defendant Monsanto breached said duties and was negligent in one or more of the following respects:

 (a) Designed, developed, manufactured, produced and promoted a genotoxic, carcinogenic product—namely, Roundup—and supplied the same to Agricetus and Petitioner;

 (b) Designed, developed, manufactured, produced, promoted and supplied Roundup, which contained dangerous, genotoxic and carcinogenic substances including, but

   not limited to, glyphosate, despite what was known and/or knowable to Defendant concerning the same;

(c)  Engaged in the aforesaid activities when adequate alternate less hazardous formulations were available, possible and/or could have been developed;

(d)  Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of Roundup;

(e)  Provided instructions and direction to Agricetus and in general regarding the use and application of Roundup without including any or adequate warnings / hazard communications and/or instructions as to working with and/or around Roundup;

(f)  Otherwise failed to provide any or adequate warnings / hazard communications to persons working with and around Roundup including Agricetus, Petitioner and others similarly situated;

(g)  Failed to provide adequate warnings / hazard communications and/or instructions regarding hazards that would foreseeably be encountered in the course of known and/or intended uses and applications of Roundup by Agricetus, Petitioner and others similarly situated;

(h)  Failed to conduct adequate tests to determine the hazards to which those working with and around Roundup would be exposed and the nature and extent of such hazard; and/or,

(i)  Failed to disclose known and knowable information concerning the risks and hazards associated with Roundup.

23.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant Monsanto, Petitioner Mr. Heinzen was exposed to Roundup and its component ingredients as described, causing him to develop the aforesaid NHL and thereby sustain damages as outlined above.

  WHEREFORE, Petitioner Richard Heinzen prays judgment be entered against Defendant Monsanto Company for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Count II – Willful / wanton misconduct

Petitioner Richard Heinzen by his attorneys, SIMMONS HANLY CONROY LLC, for his cause of action against Defendant Monsanto Company states:

24. Petitioner herein incorporates by reference the General Allegations and paragraphs 18 through 20 of this Petition.

25. Defendant Monsanto had a duty to refrain from willful and wanton acts, omissions and/or misconduct which would likely and foreseeably expose Petitioner and others similarly situated to a significant, unreasonable risk of harm.

26. Defendant Monsanto breached said duties and committed one or more of the following acts or omissions amounting to willful and wanton misconduct, in that they intentionally or with reckless disregard for the health, safety and well-being of Petitioner and others similarly situated:

   (a) Designed, developed, manufactured, produced and promoted a genotoxic, carcinogenic product—namely, Roundup—and supplied the same to Agricetus and Petitioner;

   (b) Designed, developed, manufactured, produced, promoted and supplied Roundup, which contained dangerous, genotoxic and carcinogenic substances including, but not limited to, glyphosate, despite what was known to Defendant concerning the same;

   (c) Specified, recommended, promoted, encouraged and/or otherwise facilitated the utilization of Roundup;

   (d) Provided instructions and direction to Agricetus and in general regarding the use and application of Roundup while avoiding and omitting to include any or adequate warnings / hazard communications and/or instructions as to working with and/or around Roundup;

   (e) Otherwise avoided and omitted to provide any or adequate warnings / hazard communications to persons working with and around Roundup including Agricetus, Petitioner and others similarly situated;

Electronically Filed - St Louis County - September 22, 2017 - 10:31 AM

(f) Concealed and suppressed information regarding hazards that would foreseeably be encountered in the course of known and/or intended uses and applications of Roundup by Agricetus, Petitioner and others similarly situated;

(g) Misrepresented the nature, extent and seriousness of the risks and hazards associated with using, applying and/or encountering Round-up.

(h) Avoided and omitted to conduct adequate tests to determine the hazards to which those working with and around Roundup would be exposed and the nature and extent of such hazard;

(i) Concealed and suppressed known and knowable information concerning the risks and hazards associated with Roundup.

27. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of Defendant Monsanto, Petitioner Mr. Heinzen was exposed to Roundup and its component ingredients as described, causing him to develop the aforesaid NHL and thereby sustain damages as outlined above.

28. An award of punitive damages is necessary and appropriate to punish Defendant Monsanto for its willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioner and others and to deter said Defendant and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Richard Heinzen prays judgment be entered against Defendant Monsanto Company for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages against Defendant Monsanto Company.

### Count III – Strict Liability

Petitioner Richard Heinzen by his attorneys, SIMMONS HANLY CONROY LLC, for his cause of action against Defendant Monsanto Company states:

29. Petitioner incorporates by reference the General Allegations and paragraphs 18 and 19 of this Petition.

30. The Roundup supplied by Defendant Monsanto to Agricetus was in a defective and unreasonably dangerous condition at the time it left the control of Defendant Monsanto: (a) it contained and incorporated hazardous, genotoxic and carcinogenic substances to which individuals would be exposed; (b) it was designed and intended to be used in a manner such that the regular, expected and intended use of Roundup would foreseeable cause exposure to hazardous, genotoxic and carcinogenic substances; (c) it was not accompanied by any warnings or instructions regarding the hazards associated with the regular, expected and intended use of Roundup and/or any such warning or instructions were not adequate.

31. Said Roundup reached Agricetus in substantially the same condition as when it left the control of the Defendant Monsanto. At all relevant times, said Roundup was used in the manners and environments anticipated, expected and intended by Defendant Monsanto and which were reasonably foreseeable to Defendant.

32. As a direct and proximate result of one or more of the foregoing unreasonably dangerous and defective conditions of Roundup, Petitioner Mr. Heinzen was exposed to Roundup and its component ingredients as described, causing him to develop the aforesaid NHL and thereby sustain damages as outlined above.

WHEREFORE, Petitioner Richard Heinzen prays judgment be entered against Defendant Monsanto Company for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

Electronically Filed - St Louis County - September 22, 2017 - 10:31 AM

### Count IV – Loss of Consortium (Negligence)

Petitioner Katerina Heinzen by her attorneys, SIMMONS HANLY CONROY LLC, for her cause of action against Defendant Monsanto Company states:

33. Petitioner incorporates by reference the General Allegations and paragraphs 18 through 23 of this Petition.

34. As a direct and proximate result of the negligent acts and omissions of Defendant Monsanto, which caused Petitioner's spouse to contract NHL and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

WHEREFORE, Petitioner Katerina Heinzen prays judgment be entered against Defendant Monsanto Company for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate.

### Count V – Loss of Consortium (Willful / wanton misconduct)

Petitioner Katerina Heinzen by her attorneys, SIMMONS HANLY CONROY LLC, for her cause of action against Defendant Monsanto Company states:

35. Petitioner herein incorporates by reference the General Allegations and paragraphs 18, 19 and 25 through 27 of this Petition.

36. As a direct and proximate result of the willful, wanton, intentional and/or reckless acts and omissions of Defendant Monsanto, which caused Petitioner's spouse to contract NHL and to suffer the associated impairments and disabilities, Petitioner has and will continue in the future to suffer a loss of support, consortium and society of said spouse, together with related emotional suffering.

37. An award of punitive damages is necessary and appropriate to punish Defendant Monsanto for its willful, wanton and/or intentional misconduct and/or reckless disregard for the health, safety and well-being of Petitioners and others and to deter said Defendant and others similarly situated from engaging in like misconduct in the future.

WHEREFORE, Petitioner Katerina Heinzen prays judgment be entered against Defendant Monsanto Company for compensatory damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS and for costs, pre-judgment interest, post-judgment interest and such other and further relief as this Court deems appropriate. Petitioner further prays for an award of punitive damages against Defendant Monsanto.

Respectfully Submitted,

Richard Heinzen and Katerina Heinzen

**SIMMONS HANLY CONROY**

By: /s/William A. Kohlburn
William A. Kohlburn #37147

One Court Street
Alton, IL 62002
Phone: 618-259-2222
Fax: 618-259-2251
bkohlburn@simmonsfirm.com