# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCT LIABILITY LITIGATION        MDL NO. 2741

___

## NOTICE OF OPPOSITION TO TRANSFER

RE:

| | | |
|---|---|---|
| RICHARD HEINZEN and<br>KATERINA HEINZEN, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | Eastern District of Missouri<br>Case No. 4:17-cv-2881 |
| v. | )<br>) | |
| MONSANTO COMPANY, | )<br>) | |
| Defendant. | ) | |

___

    Plaintiffs hereby gives notice of their opposition to transfer the above matter to the MDL court in Northern California for the reason that it has been improperly removed from Missouri state court by Monsanto, an admitted resident of the State of Missouri and the sole defendant in this case.

    Plaintiffs filed this action on September 22, 2017 in the Circuit Court for St. Louis County, Missouri (state court No. 17SL-CC03609). On October 31, 2017, the Clerk of the St. Louis County Circuit Court issued a summons and mailed the same to Monsanto's registered agent along with a copy of the petition, which is *proper* service in accordance with Missouri Rules of Civ. Pro. 54.13 and 54.16. The fact that Monsanto declined to acknowledge receipt necessitates follow-up personal service under those rules, but does not negate the fact that Monsanto was properly served in accordance with the law of the state where the action was filed.

Monsanto removed the case to federal court on December 14, 2017 on the sole basis of diversity in contravention of the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b)(2). Monsanto admits in paragraph 5 of its Notice of Removal that it is headquartered in Missouri and, therefore, a citizen of Missouri—the forum in which the case was filed. Monsanto tries to justify removal by claiming, in paragraph 8 of its Notice of Removal, that it "has not been served." That is factually false and based, apparently, on Monsanto's unsupported and improper ideation that refusing to acknowledge service is the same as not being served. *See e.g. In re Pharmaceutical Indus. Ave. Wholesale Price Litig.*, 431 F.Supp.2d 109, 212 (D. Mass. 2006) ("proper" service as required by federal removal statutes does not necessitate completely "effective" service). Here, Monsanto was *properly* served under Missouri law. Thus, a Missouri defendant (i.e. Monsanto itself) was properly joined and served, barring removal under the forum defendant rule, § 1441(b)(2).

Removal was, therefore, improper as a matter of fact. Removal would also be legally improper regardless of whether Monsanto was served because the greater (and better) weight of authority holds that § 1441(b)(2) precludes a forum defendant, which is the only defendant in the case, from engaging in the gamesmanship of preservice removal. *See Perez v. Forest Laboratories*, 902 F.Supp. 1238 (E.D. Mo. 2012); *Phillips Constr. v. Daniels Law Firm*, PLLC, 93 F.Supp.3d 544 (S.D. W.Va. 2015); *Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361 (N.D. Ga. 2011).

Moreover, from a more technical standpoint, only a properly joined and appearing party has the authority to remove a case. Where the removing defendant and so-called "unserved forum defendant are one and the same…permitting [that] defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action…is patently absurd."

*Campbell v. Hampton Roads Bankshares, Inc.*, 925 F.Supp.2d 800, 809-10 (E.D. Va. 2013). Basically, Monsanto necessarily had to "appear" and thereby make itself a party to this action in order to have standing to file for removal. Once it did so, there was by necessity a "forum defendant' in the case. Allowing non-forum defendants to 'snap' remove a case before service can be effected on forum co-defendants is an entirely different matter—in part because no forum defendant appears to effect the removal. More important, there is unquestionably "no need for protection from local bias when the sole defendant is a forum defendant." *Talbot v. Tokarski*, 2014 WL 5437035, *3 (D. Mont. 10/24/2014)).

Plaintiffs have until January 13, 2018 to file for remand and fully intend to do so. They understand that the MDL court can hear that motion, but respectfully suggest that they should not have to endure a transfer before having remand considered given the clear weakness of Monsanto's removal. It is equally true that this case can always be transferred later, in the unlikely event remand is denied by the Eastern District of Missouri.

Accordingly, Plaintiffs respectfully request that transfer be stayed until there is a ruling on remand.

Respectfully Submitted,

Richard Heinzen and Katerina Heinzen

**SIMMONS HANLY CONROY**

By: /s/ Sarah S. Burns

Sarah S. Burns #56554
William A. Kohlburn #37147
One Court Street
Alton, IL 62002
Phone: 618-259-2222
Fax: 618-259-2251
bkohlburn@simmonsfirm.com