BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to the following case:<br><br>*John Gray v. Monsanto Company,*<br>Eastern District of Missouri,<br>Civil Action No. 4:17-cv-02882-HEA | MDL NO. 2741 |

**BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER ("CTO-61")**

On December 18, 2017, the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued Conditional Transfer Order-61 ("CTO-61") in MDL No. 2741. No transfer to this Court can or should be made unless the United States District Court for the Eastern District of Missouri has subject matter jurisdiction over this action.

Accordingly, the MDL should vacate CTO-61 and allow the transferor court to rule on the motion to remand.

**I.    The MDL should vacate CTO-61 and allow the transferor court to rule on the Motion to Remand.**

   **A.    The transferor court should rule on Plaintiff's Motion to Remand based on its superior familiarity with the governing law and respect for principles of comity and judicial economy.**

Plaintiff submits that a transfer to another court before the putative transferor court decides the motion to remand would be inappropriate and a needless waste of all parties' time and resources. The transferor court retains jurisdiction on pending motions despite the entry of a conditional transfer order. *See, e.g., Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1157 (E.D. Cal. 2002) (quoting J.P.M.L. R. 1.5: "… conditional transfer order … does not affect or suspend

orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"); *Kohl v. Am. Home Prods. Corp.*, 78 F. Supp. 885, 888 (W.D. Ark. 1999) (same); *Illinois Municipal Retirement Fund v. CitiGroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004) (in a case involving a remand order by a district court, while an MDL had already been created, the Seventh Circuit held "[w]e will not require a district court that believes that it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction.").

Transfer to another federal court when the subject matter jurisdiction of the transferor court has been vigorously and fully contested is especially inappropriate. As the Sixth Circuit Court of Appeals has observed in a similar context:

> No matter how desirable respondents feel it may be to consolidate in California all litigation in any way related to [the common question], there is nothing in the applicable statute to provide an exception to the rules normally governing removal of cases from state courts. Such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case.

*Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975).

Transferor courts are thus encouraged to decide motions to remand during the pendency of conditional transfer orders. In *Totola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997), the court noted that it, as the transferor court, " . . . retains exclusive jurisdiction until the §1407 transfer becomes effective and, as such, motions to remand [to state court] should be resolved before the panel acts on the motion to transfer." *Id*. at 1189. Likewise, in *McQuilkin v. Ford Motor Co.,* Nos. 01-01-92, 2001 WL 197840 (E.D. La. February 23, 2001), the court refused to refrain from ruling on a motion to remand merely because a conditional transfer order had been entered, finding that "the motion to remand centers on questions of state law with which the transferor court is more likely to be familiar that the MDL transferee court."

The questions raised by Defendant Monsanto Company's (Monsanto's) removal of this action strike at the heart of constitutional constraints on federal jurisdiction and principles of comity between state and federal courts. The basis of Monsanto's underlying removal is Monsanto's argument that the removal is not barred by 28 U.S.C. § 1441(b) because Monsanto, though a local defendant, was not served at the time of removal. Plaintiff's Motion to Remand raises issues relating to Monsanto's violation of the forum defendant rule, the rule's status as a *jurisdictional* defect in the Eight Circuit, and Monsanto's legal gamesmanship of removing this action before summons was issued by the state court. While the transferee court is capable of addressing those questions, whether it should do so must be answered with reference to the importance of the underlying issue, *i.e.,* the subject matter jurisdiction of the transferor court and the courteous deference that should be extended to that court in light of the fact that the transferee court has set Plaintiff's Motion to Remand for hearing on January 18, 2018. These considerations weigh heavily in favor of vacating the conditional transfer order or, alternatively, staying the finality of it until the transferor court has had an opportunity to rule on Plaintiff's Motion to Remand.

## II.  Conclusion

For the foregoing reasons, CTO-61 regarding the case identified in Exhibit A (Schedule of Actions) should be vacated.

DATED this 9th day of January, 2018                    Respectfully submitted,

**CAREY DANIS & LOWE**

By:       /s/Jeffrey J. Lowe_____
Jeffrey J. Lowe, MO Bar #35114
John F. Garvey, MO Bar #35879
Sarah Shoemake Doles, MO Bar #45747
8235 Forsyth Boulevard, Suite 1100
Clayton, Missouri 63105
Phone: (314) 725-7700
Fax: (314) 721-0905
jlowe@careydanis.com
jgarvey@careydanis.com
sdoles@careydanis.com

**NEMEROFF LAW FIRM**

Ellen A. Presby, TX Bar #16249600
2626 Cole Ave., Suite 450
Dallas, TX 75204
Phone:  (214) 774-2258
Fax:  (214) 393-7897
ellenpresby@nemerofflaw.com

**ATTORNEYS FOR PLAINTIFF**

## BEFORE THE UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2741** |
| This document relates to the following case: | |
| *John Gray v. Monsanto Company,* Eastern District of Missouri, Civil Action No. 4:17-cv-02882-HEA | |

## SCHEDULE OF ACTIONS

Pursuant to Rule 6.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff submits that this document relates to the following case:

*John Gray v. Monsanto Company,* originally filed in the Circuit Court of St. Louis County, Missouri, Cause No. 17SL-CC04425; removed to the United States District Court for the Eastern District of Missouri, *Gray v. Monsanto Company,* Civil Action No. 4:17-cv-02882-HEA

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 9, 2018, I electronically filed the foregoing document with the Clerk for the Judicial Panel of Multidistrict Litigation pursuant to its electronic filing system (CM/ECF). The ECF sent a "Notice of Electronic Filing" to the attorneys of record who have consented to accepting service via this method.

Christine F. Miller
Gregory J. Minana
Erik L. Hansell
HUSCH BLACKWELL LLP
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: (314) 480-1500
Fax: (314) 480-1505
chris.miller@huschblackwell.com
greg.minana@huschblackwell.com
erik.hansell@huschblackwell.com

Joe G. Hollingsworth
HOLLINGSWORTH LLP
1350 I Street N.W.
Washington, D.C. 20005
Phone: (202) 898-5800
Fax: (202) 682-1639
jhollingsworth@hollingsworthllp.com

Mr. James G. Woodward, Clerk of Court
United State District Court
Eastern District of Missouri
Thomas F. Eagleton Courthouse
111 South 10th Street, Suite 3300
St. Louis, MO 63102
Phone: (314) 244-7900
Fax: (314) 244-7909
jim_woodward@moed.uscourts.gov

              *s/ Jeffrey J. Lowe*_____
              Jeffrey J. Lowe
              Counsel for Plaintiff