# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCT LIABILITY LITIGATION          MDL NO. 2741
_____

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF
### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

RE:

| | | |
|---|---|---|
| RICHARD HEINZEN and<br>KATERINA HEINZEN, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Eastern District of Missouri<br>Case No. 4:17-cv-2881 |
| v. | ) <br> ) | |
| MONSANTO COMPANY, | ) <br> ) | |
| Defendant. | ) | |

_____

## INTRODUCTION

Plaintiffs have moved to vacate conditional transfer order (CTO-61) as applied to this matter, 4:17-cv-2881 (E.D. Mo.), for the reason that it has been improperly removed from Missouri state court by Monsanto Company, an admitted resident of the State of Missouri and the sole defendant in this case, in violation of 28 U.S.C. § 1441(b)(2). Plaintiffs have filed a *Motion to Remand*. Given the threshold nature of remand and Monsanto's overt violation of the forum defendant rule, it would be a waste of resource and cause undue delay to transfer this case to the MDL court in Northern California before said *Motion to Remand* is decided. In the unlikely event that remand is denied, Monsanto can always reapply for transfer.

Plaintiffs, therefore, respectfully submit and request that CTO-61 be vacated as it applies to this matter.

Case No. 4:17-cv-2881

STATEMENT OF THE CASE

Plaintiffs filed their case on September 22, 2017 in the Circuit Court for St. Louis County, Missouri. Monsanto removed the case to this Court on December 14, 2017. In ¶ 8 of its *Notice of Removal*, Monsanto states unequivocally—without qualification or explanation—that it "has not been served with the Petition in the State Court Action." Plaintiffs dispute that characterization. A summons for service by first class mail was issued and mailed to Monsanto's Missouri registered agent for service of process by the state court clerk's office on October 31, 2017. Neither Monsanto nor its registered agent returned the accompanying acknowledgement. Monsanto's *Notice of Removal* does not deny that its registered agent actually received the summons and petition—instead it states as an interpretive conclusion that it "has not been served."

It is undisputed that Monsanto, the only defendant in this case, is headquartered in Missouri and, therefore, a resident of Missouri. Monsanto's sole justification for removal is that it was not served prior to removal.

ARGUMENT

The conditional transfer, CTO-61, should be vacated because the validity of removal by Monsanto is highly doubtful and it would be a waste of time and resources to transfer the matter before a ruling on Plaintiffs' *Motion to Remand*. This case belongs in Missouri state court, not any federal court.

As set forth below, Monsanto's removal violates the forum defendant rule as set forth in § 1441(b)(2), which provides that a case, which is removable solely on diversity grounds, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." By appearing to file a notice of removal, Monsanto became a party and thus satisfied the "joined and served" requirement because it is a forum

defendant. Moreover, Monsanto was served in accordance with Missouri law. Finally, the weight of authority holds that pre-service removal is improper under these circumstances.

(1)
*A Forum Defendant Becomes "Joined and Served"
<u>By Appearing in a Case to Remove It</u>*

Monsanto became a party to this case, thereby satisfying the "joined and served" requirement when it necessarily appeared in order to attempt to remove.

A voluntary appearance by the forum defendant satisfies the "properly joined and served" requirement. *See Thrifty Supply Co. of Seattle, Inc. v. Slakey Bros.*, 2004 WL 1686945 (D. Ore. July 26, 2004). Filing a notice of removal is a voluntary appearance equivalent to service of process. *See Jordan v. Unified Gov't of Wyandotte County*, 100 F.Supp.3d 1111, 1121 (D. Kan. 2015); *Sanders v. South Carolina Dept. of Corrections*, 2004 WL 2944083, *3 (D. S.C. Mar. 1, 2004). As a matter of Missouri law, other than objecting to jurisdiction, "if a party takes any action in a case which recognizes the case as being in court, this will amount to a general appearance." *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo. App., St.L. 1976). *Accord KNT Management, Inc., LLC v. Flenoid*, 419 S.W.3d 897, 900 (Mo. App., E.D. 2014) ("the test of general appearance…is whether the defendant becomes an actor in the cause"). "It has long been the rule in Missouri that it is immaterial…whether a party appears voluntarily or by summons." *Thelen v. Ekberg*, 167 S.W.2d 645, 649 (Mo. App., K.C. 1942). *See also Carter v. Guffey*, 548 S.W.2d 233, 235 (Mo. App., K.C. 1977) (jurisdiction over a party "does not vest only by a petition and service of process…but also by his voluntary appearance").

Under the above authorities, Monsanto's voluntary appearance to attempt removal correspondingly made it, a forum defendant, a party as effectively as if served, thereby satisfying § 1441(b)(2)'s "properly joined and served" requirement and blocking removal. Monsanto had to

appear as a party in order to file a notice of removal because "[i]t is axiomatic that…removal can be achieved only by a defendant, who is by implication a party to the state court action." *Adams v. Adminastar Defense Services, Inc.*, 901 F.Supp. 78, 79-80 (D. Conn. 1995) (*citing Housing Auth. Of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *In re MacNeil Bros.*, 259 F.2d 386, 387 (1st Cir. 1958); *Conway v. Delgado*, 1992 WL 189428 (D. D.C. July 21, 1992); *Kane v. Republica De Cuba*, 211 F.Supp. 855, 856 (D. P.R. 1962); *City of Alma v. Bell Galyardt & Wells, Inc.*, 606 F.Supp. 686, 689 (D. Neb. 1985)). *See also Rainer by and through Jenkins v. York Plaza Truck, Inc.*, 2010 WL 11562087, *4 (N.D. Ala. May 28, 2010). The alternative—concluding that it did appear by filing for removal—would mean that Monsanto had no standing to remove, which would make its removal a nullity. *See Rainer by Jenkins*, 2010 WL 11562087 at *4 ("Strict construction of the removal statutes requires resolution of any question concerning the propriety of removal in favor of remand. That rule applies equally to questions about whether a particular entity is a "defendant" for purposes of removal").

Although remanding the case on other related analysis, the court in *Campbell v. Hampton Roads Bankshares, Inc.*, aptly observed that "permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action—through delivery of summons and a copy of the complaint—is patently absurd." 925 F.Supp.2d 800, 809-10 (E.D. Va. 2013). That is precisely the situation here.

(2)
*Monsanto Was "Properly Served" in Accordance with Missouri Law*

Monsanto justifies removal by claiming, in paragraph 8 of its *Notice*, that it "has not been served." That is factually inaccurate and based, apparently, on Monsanto's unsupported and improper ideation that refusing to acknowledge service is the same as not being served. Missouri Case No. 4:17-cv-2881

Rules of Civ. Pro. 54.13 and 54.16 allow for service by first class mail sent by the clerk of the court. The St. Louis County court clerk mailed a summons and copy of the complaint to Monsanto's Missouri registered agent on October 31, 2017. That was proper service. Monsanto's refusal to acknowledge may have made such service ineffective, but it did not make it improper or negate that it occurred. Section 1441(b)(2) requires "proper" service, not necessarily effective service. *See e.g. In re Pharmaceutical Indus. Ave. Wholesale Price Litig.*, 431 F.Supp.2d 109, 212 (D. Mass. 2006) ("proper" service as required by federal removal statutes does not necessitate completely "effective" service).

(3)
*Allowing Pre-Service Removal is Inconsistent with the Purposes and Policies*
*Of Diversity Jurisdiction and the Forum Defendant Rule*

Assuming arguendo that neither Monsanto's appearing to remove nor the mailed service satisfies § 1441(b)(2)'s "joined and served" language, remand is nevertheless required under the majority trend, which disallows pre-service removal especially by a forum defendant. *See Hensley v. Forest Pharmaceuticals, Inc.*, 21 F.Supp.3d 1030 (E.D. Mo. 2014); *Perez v. Forest Laboratories, Inc.*, 902 F.Supp.2d 1238, 1245. Those decisions allowing removal follow what is characterized as strict adherence to the plain language of the statute—that nothing in the statutes expressly prohibits pre-service removal and § 1441(b)(2) only bars removal after a forum defendant is actually served. Decisions disallowing such removal and granting remand look to the obvious intent behind the "properly joined and served" language, which was added in 1948 to "preven[t] plaintiffs from joining, but not serving, forum defendants to block removal." *Hensley*, 21 F.Supp.3d at 1033-34 (*quoting Perez*, 902 F.Supp.2d at 1245).

Most of the cases allowing removal involved removal by non-resident defendants before a forum defendant is served. Even in those situations, the majority trend is to disallow removal. *See*

*Perez*, 902 F.Supp.2d at 1245. *See also In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F.Supp.3d 952, 960-61 (N.D. Ill. 2014) (blindly adhering to strict plain language eviscerates the forum defendant rule); *Oxendine v. Merck and Co., Inc.*, 236 F.Supp.2d 517, 524 (D. Md. 2002) (following majority in rejecting literal language approach); *In re Jean B. McGill Revocable Living Trust*, 2017 WL 75762 (N.D. Okla. Jan. 6, 2017) (a suit is not pending and, therefore, subject to removal until at least one party has been served).

An even clearer and overwhelming majority of decisions hold that a forum defendant cannot remove a case prior to its being served. *See Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1373 (N.D. Ga. 2011) ("allowing an unserved forum defendant to remove a diversity action clearly defeats the purpose of the forum defendant rule because it enables a resident defendant, who would not be subject to presumptive local prejudice in state courts, to obtain a federal forum"); *Campbell*, 925 F.Supp.2d at 809-10 ("if the removing defendant and unserved forum defendant are the same…plain language might allow for removal, [h]owever, permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action…is patently absurd"); *Estate of Harris v. Abbott Acquisition Co., LLC*, 2017 WL 3608138, *16 (W.D. Pa. Aug. 22, 2017) ("forum defendants cannot remove…") (*citing Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005)); *Plymouth v. Dimension Service Corp.*, 2017 WL 726943, *1 (Feb. 24, 2017) rpt. & rec. adopted 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017) ("history of removal strongly suggests that Congress never intended that in-state defendants be allowed to remove diversity cases to federal court") (*citing Martin v. Snyder*, 146 U.S. 663 (1893)).

Disallowing removal is especially appropriate where, as here, the forum defendant is also the only defendant. *See Talbot v. Tokarski*, 2014 WL 5437035, *3 (D. Mont. 10/24/2014) ("no

need for protection from local bias when the sole defendant is a forum defendant"); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, *5-6 (E.D. Pa. May 30, 2008). It is highly unlikely that any plaintiff would fraudulently join the sole defendant (and never serve it) just to block removal. Plaintiffs here have simply chosen to pursue their claims against Monsanto in the state where it has chosen to maintain its headquarters.

## CONCLUSION

The propriety of Monsanto's removal is highly doubtful. This matter belongs in state court and should not be transferred to a distant MDL before that determination is made. Accordingly, for the reasons herein stated, Plaintiffs respectfully request that transfer per CTO-61be vacated as to this case.

Respectfully Submitted,

Richard Heinzen and Katerina Heinzen

**SIMMONS HANLY CONROY**

By:   /s/ Sarah S. Burns
Sarah S. Burns #56554
William A. Kohlburn #37147
One Court Street
Alton, IL 62002
Phone: 618-259-2222
Fax: 618-259-2251
bkohlburn@simmonsfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 16, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/Sarah S. Burns*

Sarah S. Burns

Case No. 4:17-cv-2881

Case No. 4:17-cv-2881