# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 4:17CV2882 HEA |
| ) | |
| MONSANTO COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Motion to Remand, [Doc. No. 7]. Defendant has filed a response in opposition, and Plaintiff has filed a reply.

**Background**

On November 29, 2017, Plaintiff initiated this action in the Circuit Court of St. Louis County, Missouri, asserting a design defect claim, a failure to warn claim and a negligence claim against Defendant. Plaintiff alleges that as a result of his exposure to Defendant's product, Roundup, he has suffered and continues to suffer grave injuries. Plaintiff alleges that he is a citizen of Tennessee and that Defendant is a Delaware corporation with its headquarters and principal place of business in Missouri.

Defendant removed the action to this Court on December 14, 2017, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). In the instant

motion plaintiff argues that because Defendant's principal place of business is Missouri, this case should be remanded pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2). Defendant opposes remand, asserting that it has not been "properly joined and served," as required by § 1441(b)(2).

## Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule—set forth in 28 U.S.C. § 1441(b)(2)—imposes an additional restriction on the removal of diversity cases. Specifically, the statute provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

## Discussion

In the Eighth Circuit, a violation of the forum defendant rule introduces a jurisdictional defect and not "'a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)). And the substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1241 (E.D. Mo. 2012) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton*, 431 F.3d at 604). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. *Perez*, 902 F. Supp. 2d at 1242. Critically, the "joined and served" language provides a safety valve for the rule: it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." *Id.* at 1245.

3

There is "much disagreement on whether to invoke the forum defendant rule in cases of pre-service removal." *Boschert v. Wright Med. Grp., Inc.*, No. 4:15-CV-00211 (AGF), 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015). And because remand orders are generally unappealable, the Eighth Circuit has not resolved the discord. *See* 28 U.S.C. § 1447(d); *Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240 (JAR), 2013 WL 5442752, at *3 (E.D. Mo. Sept. 30, 2013). In large part, the different views expressed by the courts arise from tension between the plain text of 28 U.S.C. § 1441(b)(2) and its presumed purpose; that friction is only compounded by the holding of *Horton* in which the Eighth Circuit reaffirmed the jurisdictional nature of the rule.

One approach involves strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. *See, e.g., Johnson*, 2013 WL 5442752, at *4; *Terry v. J.D. Streett & Co.*, No. 4:09-CV-1471 (FRB), 2010 WL 3829201, at *2 (E.D. Mo. Sept. 23, 2010); *Taylor v. Cottrell, Inc.*, No. 4:09-CV-536 (HEA), 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08-CV-1879 (JCH), 2009 WL 213013 (E.D. Mo. Jan. 28, 2009); *Johnson v. Precision Airmotive, LLC*, No. 4:07-CV-1695 (CDP), 2007 WL 4289656, at *3–4 (E.D. Mo. Dec. 4, 2007). Among the reasons provided for these decisions, is the Eighth Circuit's prescription that "[w]hen the language of the statute is plain, the inquiry

4

also ends with the language of the statute, for in such instances the sole function of the courts is to enforce [the statute] according to its terms." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1165 (8th Cir. 1995) (internal quotation marks and citations omitted).

 Other decisions have seized upon the Eighth Circuit's exceptions to the plain language rule–where a scrivener's error produces an absurd result or where the plain text leads to a result at odds with the drafters' intent. *See Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014) (citing *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693–94 (8th Cir. 2009)). In accordance with this premise, district courts have carved out exceptions to the "joined and served," language, deeming their analysis the "conger ssional intent" approach. *See, e.g., Mikelson*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *4 (W.D. Mo. Feb. 16, 2017). Some courts only apply this exception in so-called "egregious" cases of docket hawking. *See Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977–78 (E.D. Mo. 2014) (reasoning that because such egregious behavior did not occur, the plain language of the rule applied, and interpreting the text to mean that "an out-of-state defendant may remove a diversity case if at least one defendant–and no forum defendant–has been served"). This occurs when either the out-of-state or the forum defendant itself removes the case before being served. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d

5

1238, 1244–45 (E.D. Mo. 2012) (noting that "a forum defendant's pre-service removal is a particularly egregious violation of the rationale underlying the forum defendant rule"); *Rozelle v. Reinsurance Grp. of Am., Inc.*, No. 4:13-CV-02417 (ERW), 2014 WL 272300, at *3 (E.D. Mo. Jan. 23, 2014); *see also Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *4 (W.D. Mo. Dec. 17, 2014). These "egregious" cases involve behavior that "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez*, 902 F. Supp. 2d at 1243.

While some "congressional intent" courts have carved a relatively narrow exception to the forum defendant rule, others have taken a blunter instrument to the text. Those courts reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants. *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. Mar 31, 2016); *Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014); *see, e.g., Mikelson v. Allstate Fire and Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *5–6 (W.D. Mo. Feb. 16, 2017); *Roberts v. ITT Tech. Inst.*, No. 16-00030-CV-W-ODS, 2016 WL 1179208, at *2 n.3 (W.D. Mo. Mar. 24, 2016) (reasoning that gamesmanship has no bearing on the forum defendant inquiry).

6

Here, Plaintiff filed the action in state court on November 29, 2017 and Defendant removed a mere 15 days thereafter, clearly not allowing Plaintiff sufficient time to serve it. See *Perez*, 902 F. Supp. 2d at 1245 (ordering remand where the *out-of-state* defendant removed the case only six days after plaintiffs filed the complaint and before *any* defendant was served).

Even more egregious is the fact that Defendant, the forum defendant, is the *only* defendant in this action. It appears that Defendant is engaging in procedural gamesmanship to keep the case out of state court. See *Perez*, 902 F. Supp. 2d at 1242–43. Therefore, although this Court believes the plain text is ordinarily decisive of this question, it is notable that policy purposes underlying the "joined and served" language (to prevent procedural gamesmanship) are well-served in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 7] is granted.

Dated this 19th day of January, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7