**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

_____ )
In re: Roundup Products Liability Litigation, )
                                            )   MDL Docket No. 2741
*Shible v. Monsanto Company,*               )
No. 18-00080-RGA                            )
_____ )

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE
<u>CONDITIONAL TRANSFER ORDER</u>**

Pursuant to Rule 7.1(f) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (JPML), Plaintiff in the above-captioned case hereby submits his Memorandum in Support of Plaintiff's Motion to Vacate Conditional Transfer Order No. 66 ("CTO 66") and respectfully asks the Court to consider the following arguments in support of that Motion:

**I.   INTRODUCTION**

Plaintiff moves to vacate the transfer of the civil action, *Shible v. Monsanto Company*, No. 18-00080-RGA associated with CTO 66, issued on January 16, 2018. Transferring the above-captioned matter would neither result in convenience to the parties or witnesses, nor promote just and efficient litigation for the following reasons.

Plaintiff properly brought his state law claims against Monsanto Company ("Monsanto" or Defendant) in the Superior Court of the State of Delaware in and for New Castle County. Plaintiff's Complaint sounds only in state law and raises no federal subject matter. Plaintiff is a citizen of the State of Ohio. Monsanto is a corporation incorporated under the laws of Delaware. Thus, because Monsanto is a citizen of the forum state, the "forum defendant rule" pursuant to 28 U.S.C. § 1441(b) barred Monsanto's removal of this action from state court. Monsanto's removal to federal court was improper, without factual or legal basis, and justice and efficiency

would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction. For these reasons, the Panel should vacate CTO 66 and exclude this matter from Roundup® multidistrict litigation No. 2741 before the Honorable Vince Chhabria in the Northern District of California (the "MDL Court").  Judge Chhabria has already remanded one case improperly removed under federal officer jurisdiction, 28 U.S.C. § 1332.[1]  The courts should not have to continue to waste judicial resources on Monsanto's frivolous removal motions.  Plaintiff respectfully submits that the transferor court, in this instance, the District of Delaware, is in the best position to determine the issue of subject matter jurisdiction, and if necessary—as Plaintiff believes and argues it is—remand the case to Superior Court of Delaware.

**II.    PROCEDURAL HISTORY**

On January 10, 2018, Plaintiff filed his Complaint for Damages and Demand for Jury Trial ("Complaint") in the Superior Court of the State of Delaware in and for New Castle County, alleging multiple causes of action for injuries sustained following direct exposure to Defendant's Roundup® products.  *See Shible v. Monsanto Company*, No. N18C-01-094 VLM, Doc.1.  The Complaint alleges that Monsanto violated state law by, among other things: (1) defective design; (2) failure to warn over the safety of its product; (3) failure to undertake sufficient studies to test its product; and (4) concealing health risks of its product from the public.  All causes of action sound solely in state law.

On the same day, January 10, 2018, Monsanto filed a Notice of Removal to the United States District Court, for the District of Delaware, alleging that Plaintiff's Complaint was removable on the basis of diversity jurisdiction despite Monsanto's acknowledgment that it is a forum defendant under 28 U.S.C. § 1441(b).  On January 16, 2018, Monsanto filed a Notice of Potential Tag-Along Actions with the JPML, identifying this action for transfer to the MDL

---

[1] *See In Re: Roundup Products Litigation*, MDL No. 2741, slip op. at 1, 3 (ECF No. 377).  A copy of the Court's Order is attached here as Exhibit A.

- 2 -

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO 66
MDL No. 2741

Error! Unknown doc

Court. On January 16, 2018, CTO 66 was filed, affecting this case. On January 23, 2018, Plaintiff filed a notice of opposition to CTO 26, and herein submits arguments in support of his motion to vacate CTO 66. (D.I. 450).

### III. APPROPRIATE STANDARD

Pursuant to 28 U.S.C. § 1407(a), the JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." Rule 10.1(b)(iii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation further provides "the Panel may remand an action . . . to the transferor court at any time . . . upon motion of any party."

### IV. ARGUMENT

#### a. Monsanto's Removal of Plaintiff's State Court Action was Improper

Plaintiff's Complaint, which sounds only in state law, was properly before the Delaware Superior Court and Monsanto's removal to federal court, in an effort to circumvent 28 U.S.C. § 1441(b), was improper. Monsanto's removal of this case from state court on the basis of diversity jurisdiction was entirely improper under 28 U.S.C. § 1441(b) because the sole Defendant is a citizen of the forum state. Under 28 U.S.C. § 1441(a), a defendant may remove a case from a state court to a federal district court if the federal courts have original jurisdiction over the case. Where the federal court's original jurisdiction is based on diversity, however, § 1441(b) imposes an additional restriction known as the "forum defendant rule." The relevant provision provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2). Therefore, the presence of a local defendant at the time removal is sought bars removal. *See, e.g., Stefan v. Bristol-Myers Squibb Co.*, CV 13-1662-RGA, 2013 WL 6354588, at

- 3 -

*1 (D. Del. Dec. 6, 2013); *Laugelle v. Bell Helicopter Textron, Inc*., CIV.A. 10-1080 GMS, 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012). Under the forum defendant rule, removal of Plaintiff's properly filed case from Superior Court was defective because Monsanto is a citizen of Delaware, the forum state.

Monsanto argues in its removal notice that it was proper to remove this action before it was served with the complaint. Plaintiff recognizes that some Delaware courts follow a strict reading of § 1441 that is consistent with Monsanto's view. *See, e.g., Young v. Bristol-Myers Squibb Co*., CV 17-609-LPS, 2017 WL 2774735, at *2 (D. Del. June 27, 2017).[2] However, Plaintiffs maintain that the better-reasoned view among Delaware decisions seeks to preserve the intention behind the forum defendant rule. As the Court in *Stefan* notes:

> Congress cannot have intended to allow for circumvention of the forum defendant rule by avoiding or delaying service of process. Indeed, it is unlikely that Congress even thought about this issue when the statute was originally drafted. Prior to the days of electronic docketing, a defendant would likely be unaware of a lawsuit prior to process. There would be no opportunity to remove in order to circumvent the plaintiffs forum choice. This also accords with the general rule that a plaintiff s forum choice is given deference.

2013 WL 6354588, at *1. Therefore, in the interest of justice, Plaintiff respectfully requests that the Panel remand this matter to the transferor court for further proceedings and resolution of the issue of subject-matter jurisdiction.

### b. Transferring This Matter Will Not Promote "Convenience" or "Just and Efficient Conduct"

The District Court is best positioned to consider the remand issues here; there is no net gain in efficiency by placing this issue before the MDL Court. That Plaintiff's state court Complaint has now reached a third forum from where it originated speaks only to inefficiency, waste of judicial

---

[2] The *Young* court's analysis was influenced, in part, by circumstances not present here. There, the plaintiffs had voluntarily dismissed their California state court cases after removal and while a decision was pending on their transfer to the MDL and re-filed these same cases in Delaware Superior Court on the same day in an effort to avoid the MDL. *See Young v. Bristol-Myers Squibb Co*., 2017 WL 2774735, at *2.

- 4 -

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO 66
MDL No. 2741

Error! Unknown doc

resources, and unnecessary delay of Plaintiff's litigation. The inefficiencies here are particularly acute given that the same counsel will continue to litigate in the Superior Court of the State of Delaware in the related *Barrera* action, which is currently in the *Daubert* stage and which Monsanto did not seek to remove.

As stated above, on July 5, 2017, the MDL Court granted a motion to remand a virtually identical case, in *Pennie, et al., v. Monsanto Company, et al.*, No. 17-cv-1711, finding that Monsanto's theory of federal question jurisdiction was "baseless" and "flimsy." Ex. A, at 1, 3. Thus, many of the remand issues that were previously before Judge Chhabria in the MDL Court are now moot. There is no efficiency argument or other justification for bringing these diversity-based removals before the MDL Court as the District Court in Delaware is well suited to consider the parties' jurisdictional arguments.

Accordingly, Plaintiff respectfully submits that the JPML should vacate CTO 66 and remand this action to the transferor court for immediate resolution of these jurisdictional issues.

## V. CONCLUSION

Based on the foregoing arguments, Plaintiff in this matter prays for relief, and requests the Panel vacate CTO 66 and exclude this matter from MDL No. 2741.

Dated: February 6, 2018

Respectfully submitted,

*/s/ David Crumplar*

**JACOBS & CRUMPLAR, P.A.**
DAVID CRUMPLAR, ESQUIRE, (Bar Id. 5876)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
Davy@jcdelaw.com
Telephone: (302) 656-5445
Facsimile: (302) 656-5975
ATTORNEY FOR PLAINTIFF