**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

Plaintiffs do not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products causes non-Hodgkin's lymphoma ("NHL"). *See* Pls.' Mem. in Supp. of Mot. to Vacate Conditional Transfer Order at 1-2, ECF No. 437-1 ("Motion to Vacate"). Instead, plaintiffs oppose transfer by arguing the merits of their pending motion to remand, *see* Motion to Vacate at 2-3, a tactic this Panel has repeatedly rejected, including in similarly situated cases in this litigation. *See, e.g.*, Transfer Order at 1-2, ECF No. 271 ("*In re Roundup* Transfer Order"). Indeed, it is well settled that this Panel does not consider the merits of removal or whether a remand motion is pending when deciding transfer issues. *See, e.g.*, *id.* at 1-2; Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

The MDL proceedings are moving efficiently toward early resolution in or soon after March 2018 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing NHL to allow the claims to proceed. MDL transfer will allow this case to benefit from the efficiencies this Panel set forth

1

when creating the MDL and that have been achieved under the active management and guidance of Judge Vince Chhabria.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.").

Plaintiffs' Motion to Vacate should be denied.  Transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).

## I.   BACKGROUND

Monsanto removed this case to the Eastern District of Missouri under 28 U.S.C. §§ 1332, 1441, and 1446, and based on precedent allowing a forum defendant to remove cases to federal court prior to being served.  *See* Notice of Removal at 1, *Heinzen v. Monsanto Co.*, No. 4:17-cv-02881-CAS (E.D. Mo. Dec. 14, 2017), ECF No 1.  Monsanto provided notice to the Panel of this potential tagalong action on December 15, 2017, *see* Monsanto Co.'s Notice of Potential Tag-Along Actions, ECF No. 398, and plaintiffs opposed its transfer on December 27, 2017.  *See* Notice of Opp'n to Transfer, ECF No. 409.

Plaintiffs thereafter filed a motion to remand this case to state court, *see* Pls.' Mot. to Remand, *Heinzen v. Monsanto Co.*, No. 4:17-cv-02881-CAS (E.D. Mo. Jan. 12, 2018), ECF No. 9 ("*Heinzen* Remand Motion"), and Monsanto opposed the motion and requested in the alternative that the case be stayed pending a decision from this Panel on MDL transfer, *see* Monsanto Co.'s Mem. in Opp'n to Pls.' Mot. to Remand & in the Alternative, Mot. for Temporary Stay Pending JPML Transfer Ruling, *Heinzen v. Monsanto Co.*, No. 4:17-cv-02881-CAS (E.D. Mo. Jan. 19, 2018), ECF No. 14 ("*Heinzen* Opp'n to Remand and Mot. for Stay").

The Eastern District of Missouri has issued no substantive orders in this case and no hearing date is scheduled.

## II. ARGUMENT

### A. The Panel Should Transfer This Action to MDL No. 2741.

#### 1. This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiffs' claims. It is undisputed that this case shares common questions of fact with those already consolidated in MDL No. 2741, including the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after March 2018. *See supra* at 1; *see also In re Roundup*, 214 F. Supp. 3d at 1348 ("These actions share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma."). Because plaintiffs' claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings. Despite plaintiffs' claim that MDL transfer would "cause undue delay" in this case, *see* Motion to Vacate at 1, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved. *See In re Roundup* Transfer Order at 1-2; *In re Roundup*, 214 F. Supp. 3d at 1347.

Plaintiffs' pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity

3

with this docket furthers the expeditious resolution of the litigation taken as a whole."). As addressed in Monsanto's opposition to remand, there is a split of authority on pre-service removals among district courts around the country and even within the Eastern District of Missouri, further highlighting the need for the MDL court to establish uniformity on this issue among Roundup® cases. *See Heinzen* Opp'n to Remand and Mot. for Stay at 6-7 (citing cases). At this time, the MDL Court is best positioned to efficiently resolve this issue in this litigation.

Moreover, because this case is properly in federal court, MDL transfer presents the most efficient path to its ultimate resolution. Transfer will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently toward resolution of the general causation question.

### 2. The pending motion to remand does not prevent transfer.

The Panel repeatedly has rejected plaintiffs' argument that a conditional transfer order should be vacated because of a pending motion to remand the action to state court. *See, e.g.*, *In re Roundup* Transfer Order at 1 (denying plaintiffs' motions to vacate CTOs premised on pending remand motions); *In re Eliquis* Transfer Order at 1-2 (same); *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such

4

transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiffs do not cite a single case in which the Panel denied transfer based on a pending motion to remand. Even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re Roundup* Transfer Order at 1 n. 1 (same); *In re Eliquis* Transfer Order at 1 n. 2 (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiffs argue that MDL transfer should be denied because they believe the case will be remanded, *see* Motion to Vacate at 1-3, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re Avandia Mktg., Sales Pracs. & Prods. Liab.*

*Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[1]

### III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer this action to MDL No. 2741.

Dated: February 6, 2017                              Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*

---

[1] *See also In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").