**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**BRIEF IN SUPPORT OF MONSANTO COMPANY'S**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Upon creating this MDL, this Panel noted that the then-existing cases "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma ["NHL"]." *See* Transfer Order at 2, ECF No. 57. Since its creation, every other plaintiff whose claims have been transferred has alleged that his or her exposure resulted in the development of NHL.

That is not the case in *Windle v. Monsanto Co.*, No. 4:18-cv-00023-BSM (E.D. Ark. filed Jan. 20, 2018). Instead, plaintiff Charles Windle alleges that he developed multiple myeloma as a result of exposure to Roundup®. *See* Notice of Tag-Along from District Court, Complaint ¶ 4, ECF No. 432-1. Because plaintiff alleges a different injury than the one which this MDL is explicitly addressing, his action does not share sufficient common questions of fact with those already centralized, and transfer of this action will not serve "the convenience of parties and witnesses" or "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407. Monsanto therefore requests that the Panel vacate CTO-66 as it relates to *Windle v. Monsanto Co.*[1]

---

[1] This case was not identified as a potential tag-along action by either party, but was instead tagged directly by the district court in which it was filed. *See* Notice of Tag-Along from District Court, ECF No. 432. Therefore, at least initially, neither party believed this case should be included in MDL 2741.

1

**I.     ARGUMENT**

In creating MDL No. 2741, this Panel found that "[r]egardless of the particular formulation of Roundup at issue (all of which employ glyphosate as the active ingredient), or the nature of plaintiff's exposure to glyphosate, all the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup." *See* Transfer Order at 1-2, ECF No. 57.  Similarly, the MDL Court is first addressing the general causation question of "whether there is sufficient admissible evidence that glyphosate and/or Roundup is capable of causing cancer (specifically, Non-Hodgkin's Lymphoma) in humans." Pretrial Order No. 15: Third-Party Discovery and Pending Motions to Seal at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Mar. 3, 2017), ECF No. 186; *see also* Order re Bifurcation and Agenda for First Case Management Conference at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 14, 2016), ECF No. 25.  This general causation phase will culminate with an evidentiary hearing and oral argument on the parties' *Daubert* motions and motions for summary judgment beginning in early March 2018. *See* Pretrial Order No. 34: Modifying Schedule, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761.

The "overarching query" identified by this Panel and the MDL Court is not present in *Windle*.  The type of cancer alleged by Mr. Windle, multiple myeloma, is formed by malignant plasma cells in the bone marrow.  *See* American Cancer Society, *What is Multiple Myeloma?*, https://www.cancer.org/cancer/multiple-myeloma/about/what-is-multiple-myeloma.html.  In contrast, NHL is a cancer formed in white blood cells called lymphocytes.  *See* American Cancer Society, *What Is Non-Hodgkin Lymphoma?*, https://www.cancer.org/cancer/non-hodgkin-

lymphoma/about/what-is-non-hodgkin-lymphoma.html.[2]

There is a split in the scientific literature regarding whether NHL and multiple myeloma share any connection. At least one group classifies multiple myeloma as a subtype of NHL, but others, including the American Cancer Society, continue to treat them as distinct diseases. The epidemiology studies at issue in the general causation phase of MDL No. 2741 also differ on the question of whether to report multiple myeloma as a NHL subtype or a distinct disease. Although all of these studies consistently find that Roundup® exposure poses no cancer risk of any type when controlled for other exposures, the question of which classification is appropriate for multiple myeloma is not one for this Panel to decide.

Because Mr. Windle's alleged injury differs from the injury claimed by all plaintiffs in MDL No. 2741 on the face of his complaint, transfer of his case will not "serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation." *In re Welding Fume Prods. Liab. Litig.*, 560 F. Supp. 2d 1356, 1357 (J.P.M.L. 2008) (granting motion to vacate MDL transfer for plaintiff claiming different injury than plaintiffs in MDL); *see also In re Nexium (Esomeprazole) Prods. Liab. Litig.*, 908 F. Supp. 2d 1362, 1364 (J.P.M.L. 2012) (excluding plaintiff with differing injuries from those claimed by plaintiffs seeking consolidation as "not fall[ing] within the scope of this MDL"). Therefore, this case can and should proceed most efficiently in the district court in which it was filed, the Eastern District of Arkansas.

---

[2] Notably, this litigation was triggered by an opinion from a subgroup within the World Health Organization that explicitly distinguished NHL from multiple myeloma, finding limited human evidence of an association with NHL but no human evidence of an association with multiple myeloma. *See* IARC, *Monograph Vol. 112 on the Evaluation of Carcinogenic Risks to Humans, Some Organophosphate Insecticides and Herbicides: Diazinon, Glyphosate, Malathion, Parathion, and Tetrachlorvinphos* at 75-76 (2015) (Glyphosate Section), http://monographs.iarc.fr/ENG/Monographs/vol112/mono112-10.pdf.

## II.     CONCLUSION

For these reasons, Monsanto requests that the Panel vacate Conditional Transfer Order (CTO-66), ECF No. 434, as it relates to *Windle v. Monsanto Co.*, No. 4:18-cv-00023-BSM (E.D. Ark. filed Jan. 20, 2018).

Dated: February 7, 2018                                        Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Joe G. Hollingsworth
　　　　　　　　　　　　　　　　　　　　　　　　　Joe G. Hollingsworth
　　　　　　　　　　　　　　　　　　　　　　　　　(jhollingsworth@hollingsworthllp.com)
　　　　　　　　　　　　　　　　　　　　　　　　　HOLLINGSWORTH LLP
　　　　　　　　　　　　　　　　　　　　　　　　　1350 I Street NW
　　　　　　　　　　　　　　　　　　　　　　　　　Washington D.C., 20005
　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (202) 898-5800
　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 682-1639

　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　　　　　　*Monsanto Company*