resources, and unnecessary delay of Plaintiff's litigation. The inefficiencies here are particularly acute given that the same counsel will continue to litigate in the Superior Court of the State of Delaware in the related *Barrera* action, which is currently in the *Daubert* stage and which Monsanto did not seek to remove.

As stated above, on July 5, 2017, the MDL Court granted a motion to remand a virtually identical case, in *Pennie, et al., v. Monsanto Company, et al.*, No. 17-cv-1711, finding that Monsanto's theory of federal question jurisdiction was "baseless" and "flimsy." Ex. A, at 1, 3. Thus, many of the remand issues that were previously before Judge Chhabria in the MDL Court are now moot. There is no efficiency argument or other justification for bringing these diversity-based removals before the MDL Court as the District Court in Delaware is well suited to consider the parties' jurisdictional arguments.

Accordingly, Plaintiff respectfully submits that the JPML should vacate CTO 66 and remand this action to the transferor court for immediate resolution of these jurisdictional issues.

## V.  CONCLUSION

Based on the foregoing arguments, Plaintiff in this matter prays for relief, and requests the Panel vacate CTO 66 and exclude this matter from MDL No. 2741.

Dated: February 6, 2018

Respectfully submitted,

*/s/ David Crumplar*

**JACOBS & CRUMPLAR, P.A.**
RAEANN WARNER, ESQUIRE, (Bar Id. 4931)
DAVID CRUMPLAR, ESQUIRE, (Bar Id. 5876)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
Davy@jcdelaw.com
Telephone: (302) 656-5445
Facsimile: (302) 656-5975
ATTORNEYS FOR PLAINTIFF