**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**

This Panel has denied motions opposing the transfer of multiple cases to MDL 2741 that were based on the same legal arguments plaintiff Joseph Shible makes here. *See, e.g.*, Transfer Order, *In re Roundup Prod. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 4, 2017), ECF No. 333; Transfer Order, *In re Roundup Prod. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Aug. 3, 2017), ECF No. 271. Plaintiff does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL"). *See* Mem. in Supp. of Pl.'s Mot. to Vacate Conditional Transfer Order at 2, ECF No. 477-1 ("Motion to Vacate"). In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed. The MDL proceedings are moving efficiently toward early resolution in or soon after March 2018 of the threshold question of whether, under *Daubert*, there is sufficient evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged NHL ("general causation") to allow the claims to proceed.

In an effort to avoid the MDL, plaintiff opposes transfer on two bases, each of which lacks merit. First, plaintiff opposes transfer by arguing that alleged issues of remand and subject matter jurisdiction should be decided by the transferor court, the District of Delaware, *see*

1

Motion to Vacate at 2, 3-4, a tactic this Panel has repeatedly rejected, including in similarly situated cases in this litigation.  *See, e.g.*, Transfer Order at 1-2, ECF No. 333.  Indeed, it is well settled that this Panel does not consider the merits of removal when deciding transfer issues.  *See, e.g.*, *id.* at 1-2; Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).  Second, plaintiff claims that transfer is neither convenient nor efficient because some allegedly similar cases are already pending in Delaware state court.  *See* Motion to Vacate at 5.  The fact that some Delaware cases were served before removal could be perfected in no way diminishes the efficiencies this Panel set forth when creating the MDL and that have been achieved under the active management and guidance of Judge Vince Chhabria.  *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings . . . and conserve the resources of the parties, their counsel, and the judiciary.").

Plaintiff's Motion to Vacate should be denied.  Transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).

**I.   BACKGROUND**

Plaintiff claims that his case has suffered and will continue to suffer "inefficiency, waste of judicial resources, and unnecessary delay" as a result of MDL transfer.  Motion to Vacate at 4-5.  These allegations are wholly unsupported.  Since its creation in late 2016 for the coordination of pretrial proceedings in cases involving allegations that Monsanto's Roundup®-branded products caused NHL, Judge Chhabria has guided the *In re Roundup* MDL swiftly and

steadfastly toward an early ruling on general causation, a potentially dispositive issue. Significant discovery has been completed and the current schedule calls for a *Daubert* hearing in March 2018.  As plaintiff notes, *see* Motion to Vacate at 2, 5, Judge Chhabria also promptly resolved the one removal dispute that has come before him.  The swift movement of the MDL Court on these issues demonstrates that plaintiff's apparent fear of delay is vastly overstated and without basis.

Perhaps because of this swift progress toward resolution, and despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2]  In the cases originally filed in state court, most of the plaintiffs have no connection to the states in which their claims were filed.  That is true here as well.  *See* Complaint ¶ 14-16, *Shible v. Monsanto Co.*, No. N18C-01-094 VLM (Jan. 10, 2018 Del. Super. Ct.), ECF No. 1-1.

Monsanto removed this case to the District of Delaware on January 10, 2018, under 28 U.S.C. §§ 1332, 1441, and 1446, and based on precedent allowing a forum defendant to remove cases to federal court prior to being served.  *See* Notice of Removal at 1, *Shible v. Monsanto Co.*, No. 1:18-cv-00080-RGA (D. Del. Jan. 10, 2018), ECF No 1.  Monsanto previously removed an additional 34 Roundup® cases from Delaware state court to the District of Delaware on the same

---

[1] *See* Pls.' Mot. for Transfer of Actions to the So. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

basis as this case. *See, e.g.*, Notice of Removal at 1, *Stutes v. Monsanto Co.*, No. 1:17-cv-00511-RGA (D. Del. May 4, 2017), ECF No 1. All of those cases have been transferred to MDL No. 2741, twenty-six without opposition and eight over the opposition of plaintiffs. *See* Order Lifting Stay of Conditional Transfer Order, ECF No. 197.

Monsanto provided notice to the Panel of this potential tagalong action on January 11, 2018, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 430, and plaintiff opposed its transfer on January 23, 2018. *See* Pl.'s Notice of Opp'n to Conditional Transfer Order (CTO-66), ECF No. 450.

## II.   ARGUMENT

### A.   The Panel Should Transfer This Action to MDL No. 2741.

#### 1.   This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims. By plaintiff's own description, *see* Motion to Vacate at 2, this case shares common questions of fact with those already consolidated in MDL No. 2741. These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after March 2018. *See supra* at 1; *see also In re Roundup*, 214 F. Supp. 3d at 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."). Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the general causation proceedings. Despite plaintiff's claim that MDL transfer would cause "unnecessary delay" in this case, *see* Motion to Vacate at 5, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved. *See In re Roundup*, 214 F. Supp. 3d at 1347.

Despite the fact that plaintiff has not yet filed a motion to remand in this case and admits

4

that Delaware courts have recognized the merits of Monsanto's removal arguments, *see* Motion to Vacate at 4, plaintiff argues that transfer should be rejected and that the Delaware district court should determine alleged issues of subject matter jurisdiction and remand.  This argument further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings.  *See* Tom McParland, *Monsanto Quickly Removes Personal Injury Cases to Federal Court*, Delaware Law Weekly (May 5, 2017), http://www.delawarelawweekly.com/id=1202785480430/Monsanto-Quickly-Removes-Personal-Injury-Cases-to-Federal-Court?slreturn=20170509130600 (stating that Monsanto's pre-service removal "exposes an issue that has divided federal judges in the U.S. Court of Appeals for the Third Circuit," and that District of Delaware Chief Judge Leonard P. Stark has held that § 1441(b)(2) "was unambiguous and plainly allowed removal before a defendant is served").

Plaintiff's reliance on the remand decision in *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal.), as a basis for denying transfer is misplaced.  *See* Motion to Vacate at 2, 5.  The *Pennie* removal asserted the presence of federal question and federal officer jurisdiction; removal here does not rest on either theory.  Therefore, the MDL Court's decision in *Pennie* has no relevance to this case beyond demonstrating that remand issues can and will be decided promptly in the MDL.

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  Moreover, because this case is properly in federal court, MDL transfer presents the most efficient path to its ultimate resolution.

The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims. Further, transfer also will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently towards the resolution of general causation. The fact that similar litigation is ongoing in state court, some of which involves plaintiff's counsel here, *see* Motion to Vacate at 5, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

2. **Arguments regarding remand do not prevent transfer.**

Despite the fact that plaintiff has not filed a motion to remand in this case, he argues that the District of Delaware should consider these issues. The Panel has repeatedly rejected the argument that a dispute over remand should prevent transfer to an MDL.[3] *See, e.g.*, *In re Eliquis*

---

[3] Plaintiff asserts that this case should remain in the District of Delaware for "resolution of the prefatory issue of subject matter jurisdiction," *see* Motion to Vacate at 2; *see also id.* at 4, 5, however, there is no such issue. Diversity of citizenship is present and the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a)(1), has been satisfied. Accordingly, the showing that Monsanto made in its removal notices about those two issues remains unrebutted and undisputed – and the federal court has subject matter jurisdiction (also known as "original jurisdiction," 28 U.S.C. § 1441(a)). Plaintiff's assertions here conflate two different issues – alleged "procedural defects" in the removal notices (which there are none) and subject matter jurisdiction (which is present). The Third Circuit has held that the "forum defendant rule," § 1441(b)(2), is a procedural issue that does not deprive a federal court of subject matter jurisdiction. *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (New Jersey citizen's removal of case from New Jersey state court after complaint was served was "a defect in removal procedure" and not a "jurisdictional defect") (quotation marks omitted). Therefore, plaintiff's argument about the forum defendant rule (even if it were correct) addresses an alleged procedural defect – and does not deprive a federal court of subject matter jurisdiction.

Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Although plaintiff argues that MDL transfer should be denied because he believes his case should be remanded, *see* Motion to Vacate at 2, 4-5, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that

7

"remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[4]

## III.   CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: February 27, 2018

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant
Monsanto Company*

---

[4] *See also In re Oil Spill by the Oil Rig "Deepwater Horizon " in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").