**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER**

*Pro se* plaintiff Ralph Applegate does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741, all of which involve allegations that exposure to Monsanto's Roundup®-branded products caused non-Hodgkin's lymphoma ("NHL"). *See* Mem. in Supp. of *Pro Se* Pl.'s Mot. to Vacate Conditional Transfer Order, ECF No. 514-1 ("Motion to Vacate"); Complaint, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045-JLG-EPG (S.D. Ohio Jan. 16, 2018), ECF No 1-1. In the MDL Court, significant fact discovery regarding the common regulatory history of those products, as well as the scientific support for their safety, has been completed. The MDL proceedings are moving efficiently toward early resolution in or soon after March 2018 of the threshold question of whether, under *Daubert*, there is sufficient admissible evidence that Monsanto's Roundup®-branded products are capable of causing plaintiffs' alleged cancers, specifically NHL ("general causation"), to allow the claims to proceed.

Plaintiff opposes transfer on two bases, both of which lack merit. First, plaintiff argues that he originally filed his case in Franklin County Common Pleas Court because of its settlement procedures and that the case should be remanded back to that Court. The preference for state court procedural rules is not a recognized reason to prevent transfer to the MDL. Even assuming plaintiff's claims regarding settlement procedures are interpreted as a challenge to the

1

validity of the removal itself, a challenge that is not reflected in his pending, belated "Motion for Re-Remand,"[1] it is well settled that this Panel does not consider the merits of removal when deciding transfer issues.  *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).  Nor does the pending Remand Motion in the Southern District of Ohio prevent transfer.  *See, e.g.*, *In re Eliquis* Transfer Order at 1 (citing *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).  Second, plaintiff claims that his rights under the Due Process Clause were denied due to the lack of notice of a hearing, though it is unclear if plaintiff is referring to a hearing on removal or a hearing on transfer to the MDL.  Either way, plaintiff's argument is without merit because there are no requirements for a hearing before removal is effective under 28 U.S.C. §§ 1332, 1441, and 1446; and for an opposed transfer, the JPML rules provide for a hearing session with or without oral argument, at the Panel's discretion, *see* JPML Rule 11.1.

Plaintiff's Motion to Vacate should be denied.  Transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).

**I.   BACKGROUND**

Monsanto removed this case from the Court of Common Pleas for Franklin County, Ohio to the Southern District of Ohio on January 16, 2018, under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045-JLG-EPG (S.D. Ohio Jan. 16, 2018), ECF No 1.

Monsanto provided notice to the Panel of this potential tag-along action on January 17,

---

[1] *See* Motion for Re-Remand, No. 2:18-cv-00045-JLG-EPD, ECF No. 13 (S.D. Ohio Mar. 8, 2018) ("Remand Motion").

2

2018, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 440, and a conditional transfer order was filed on January 18, 2018, *see* Conditional Transfer Order (CTO-67), ECF No. 442. The Panel did not receive a notice of opposition to transfer by January 25, 2018, as the CTO briefing schedule provided for, and thus the Panel finalized the transfer to the Northern District of California on January 26, 2018. The case was transferred from the Southern District of Ohio to the Northern District of California, and, on February 1, 2018, the case was opened in the Northern District of California as Case No. 3:18-cv-00663.

Subsequently, on February 5, 2018 via United States mail, the Panel received a notice of opposition from plaintiff postmarked January 22, 2018, *see* Notice of Opp'n to Conditional Transfer Order (CTO-67), ECF No. 469, at which point the Panel reinstated CTO-67. *See* Order Reinstating CTO-67, ECF No. 468. However, dockets in both federal district courts remain open and plaintiff is filing additional pleadings in both jurisdictions.

In the Southern District of Ohio, plaintiff filed an untimely Remand Motion on March 8, 2018. Monsanto's opposition to that motion is due on March 29, 2018.

## II.    ARGUMENT

### A.    The Panel Should Transfer This Action to MDL No. 2741.

#### 1.    This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. These common questions include the significant issue of general causation, which is scheduled to be resolved in the MDL in or soon after March 2018. *See supra* at 1; *see also In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d, 1346, 1348 (J.P.M.L. 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."). Because plaintiff's claims raise many of the same issues as those in the MDL, there is

3

no prejudice to joining the MDL at this stage of the general causation proceedings. The Panel already has determined that centralization is the most efficient way forward in cases where, as here, the same witnesses and the same discovery of Monsanto are involved. *See In re Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending Remand Motion further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference for proceeding in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, because this case is properly in federal court, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims. Further, transfer also will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a), in large part because the MDL's bifurcated discovery schedule has allowed these proceedings to move efficiently towards the resolution of general causation.

**2. The pending Remand Motion does not prevent transfer.**

The Panel has repeatedly found that a CTO should not be vacated because of a pending motion to remand to state court. *See, e.g., In re Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding

that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

  Even in cases like this one where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re Eliquis* Transfer Order at 1 n. 2 (same); *In re C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

  Although plaintiff seems to argue that MDL transfer should be denied because he believes his case should be remanded, *see* Motion to Vacate, "[the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In*

5

*re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[2]

## III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: March 26, 2018

Respectfully submitted,

/s/ Joe G. Hollingsworth

Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*

---

[2] *See also In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").