UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                                       MDL No. 2741


**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiff in the District of Delaware *Shible* action, listed on Schedule A, moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Shible* to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motion.

In support of his motion to vacate, plaintiff argues that federal subject matter jurisdiction is lacking, and plaintiff will move to remand *Shible* to state court. We have held that such jurisdictional issues generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiff can present his jurisdictional arguments to the transferee judge.

Plaintiff also argues that transfer will cause him inconvenience and delay the resolution of his anticipated remand motion. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Therefore, after considering the argument of counsel, we find that *Shible* involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. In *Shible*, plaintiff has not yet filed a remand motion, despite objecting to transfer under Section 1407 on jurisdictional grounds.

-2-

1348 (J.P.M.L. 2016). Plaintiff does not dispute that *Shible* shares multiple factual issues with the cases already in the MDL. Like plaintiffs in the MDL, plaintiff in *Shible* alleges that he developed non-Hodgkin's lymphoma after using Roundup.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Ellen Segal Huvelle        R. David Proctor
Catherine D. Perry

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                    MDL No. 2741

## SCHEDULE A

District of Delaware

SHIBLE v. MONSANTO COMPANY, C.A. No. 1:18-00080