# UNITED STATES JUDICIAL PANEL

## ON

## MULTIDISTRICT LITIGATION

**RALPH A. APPLEGATE,**

**Plaintiff,**

**v.**                                    **MDL NO. 2741**

**MONSANTO COMPANY**          **C.A. NO. 2:18-00045**

**Defendant.**                      **SOUTHERN DISTRICT OF**

**OHIO**

**MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION OF PLAINTIFF RALPH A. APPLEGATE TRANSFER OF THE FOREGOING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff Ralph A. Applegate respectfully submits that a fundamental requirement of due process is the opportunity to be heard. Plaintiff wishes to point out to this distinguished panel that it is an opportunity which must be granted at a meaningful time and in a meaningful manner

SEE ARMSTRONG V. MANZO, 380 U.S. 545, 552, 85 S.CT. 1187, 14 L.ED.2D 62 (1965). This panel should apply the well-known balancing test from MATHEWS V. ELDRIDGE, 424 U.S. 319, 96 S.CT. 893, 47 L.ED. 2D 18 (1976), to determine if due process is being afford to plaintiff that if his instant action will be transferred to California given the status of Plaintiff's poor health, see attached EXHIBIT, LETTER DATED MAY 11, 2018, FROM DR. BETH CHRISTIAN REGARDING PLAINTIFF'S ILLNESS AND THE FACT "HE CAN NOT SAFELY TRAVEL". This panel is obligated to consider the private interest that will be affected by the official action of requiring the plaintiff to travel to CALIFORNIA given the status of plaintiff's health, such aforementioned action is a gross violation of due process of law.

This panel must understand the risk of an erroneous deprivation of such interest of being denied the right to prove Defendant's Round up caused Plaintiff cancer by not being able to travel to California smacks of a conspiracy to have his "day in court". Due process and equal protection demands that the poor senior citizens

have a right to petition the courts for redress of grievances just like the Defendant who is a powerful corporation, after all the record of this instant action will reflect that it was MONSANTO COMPANY, DEFENDANT TRANSFERRED THIS ACTION OUT OF THE STATE COURT INTO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION.

Plaintiff submits that Due Process of Law means the right to be heard. The Plaintiff was denied the right to be heard orally by Judge Graham in a Order rendered in case no. 2:18-cv-45, U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION Dated 4/09/18 and was denied the right to be heard orally by CLERK OF THIS PANEL IN A MINUTE ORDER on May 8. 2018. Plaintiff notes several formalities must be observed when a judge enters a final judgment and unless these formalities are followed, the parties are denied due process. This Honorable Panel knows these include the requirements of a notice that is adequate and a hearing, never provided to date, in appropriate proceedings by a competent tribunal, which hearing is adequate and

impartial.

Finally, Plaintiff states that procedural due process requires that an individual, including plaintiff, be given an opportunity to be heard at a meaningful time and in a meaningful manner, and it also embodies the concept of fundamental fairness.  SEE U.S. CONSTITUTION AMENDMENT 5 & 14.

FUNDAMENTAL FAIRNESS AND UNDUE BURDEN DEMANDS THIS CAUSE BE HEARD UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION IN COLUMBUS, OHIO, U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION.

RESPECTFULLY SUBMITTED,

*Ralph A. Applegate*

RALPH A. APPLEGATE, PLAINTIFF, PRO SE

SEE EXHIBITS 1-2-3 ATTACHED HERETO.