*Exhibit 2*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ralph A. Applegate,

    Plaintiff,

v.

Monsanto Company,

    Defendant.

Case No: 2:18-cv-45

Judge Graham

## Order

Plaintiff Ralph A. Applegate, proceeding *pro se*, brings this action against defendant Monsanto Company alleging that exposure to its product Roundup caused him to develop non-Hodgkin Lymphoma.

This case was removed from state court on the basis of diversity jurisdiction on January 16, 2018. Plaintiff filed a motion for a temporary restraining order on February 1, 2018, seeking to enjoin defendant from selling Roundup. The court denied the motion because this action had already been transferred to the United States District Court for the Northern District of California on January 26, 2018 pursuant to a Transfer Order issued by the United States Judicial Panel on Multidistrict Litigation, MDL No. 2741, *In re: Roundup Products Liability Litigation*.

Thereafter, the MDL Panel imposed a stay on the transfer order because it received a late notice from plaintiff opposing transfer. The issue of whether to vacate the transfer order is currently pending before the MDL Panel.

In the meantime, plaintiff has filed numerous motions in this court. In his "motion to re-remand," plaintiff argues that his case should remain in this court and not be transferred to California because his claim is not similar to other claims in MDL No. 2741, he does not trust the plaintiffs' lawyers in MDL No. 2741 and he will not have an adequate opportunity under the MDL Panel's rules to present his argument. The court denies plaintiff's motion (doc. 13) because authority to resolve these issues is committed to the MDL Panel. See 28 U.S.C. § 1407.

Plaintiff next moves for "a directed verdict on the pleadings." Because a motion for a directed verdict does not fit the procedural posture of this case, the court will construe the motion as one for judgment on the pleadings. See Fed. R. Civ. P. 50(a)(1) (allowing for a motion for a

1

directed verdict to be made after "a party has been fully heard on an issue during a jury trial"). Where a party moves for judgment on the pleadings under Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007) (internal quotation marks omitted). Here, the answer of defendants specifically denies that Roundup causes cancer to humans and it cites various studies to that effect. Taking the well-pleaded allegations of the answer as true, the court must deny plaintiff's motion for judgment on the pleadings (doc. 14) and amended motion for judgment on the pleadings (doc. 21).

Plaintiff also moves to compel discovery from defendants and the United States Environmental Protection Agency. The court denies this motion (doc. 15) without prejudice because of the prospect that the MDL Panel will transfer the action to California for consolidated pretrial proceedings, including discovery.

Finally, plaintiff has moved to renew his motion for a temporary restraining order. The court finds that plaintiff has not demonstrated a strong likelihood of success on the merits, not established how he would suffer irreparable injury absent a TRO and not shown that a nationwide ban on the sale of Roundup is the appropriate remedy. See Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008). Thus, plaintiff's renewed motion for a temporary restraining order (doc. 18) is denied.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: April 9, 2018