UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                                          MDL No. 2741


**TRANSFER ORDER**

**Before the Panel:** Plaintiff in the Southern District of Ohio *Applegate* action, listed on Schedule A, moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Applegate* to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motion.

In support of his motion to vacate, plaintiff, who is proceeding *pro se*, argues that his action should proceed in Ohio state court because plaintiff prefers the settlement procedures of that court. Remand to state court, though, is beyond the authority of this Panel. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand."). Accordingly, we have held generally that jurisdictional issues do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff also contends that transfer is inappropriate because he was denied his due process right to a hearing and notice thereof was denied. As an initial matter, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted). In a recently-filed supplemental pleading,[2] plaintiff contends that transfer would deny him due process in two respects: (1) he was not afforded an opportunity by the Panel to be heard orally; and (2) he is unable to travel due to his age and illness.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. In *Applegate*, the transferor court has denied plaintiff's remand motion.

[2] Plaintiff's motion is devoid of specifics as to how he was denied due process (or, indeed, which court denied him due process).

-2-

With respect to plaintiff's first argument,[3] he was provided the opportunity to present his arguments against transfer through written submissions in accordance with the Panel Rules. *See* Panel Rules 6.1 (motion practice generally), 7.1 (motions to vacate conditional transfer orders), and 11.1(c) (setting forth the circumstances in which the Panel will dispense with oral argument, including where "the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process"). *See also* Hearing Session Order at 3 & 16, MDL No. 2741 (J.P.M.L. Apr. 16, 2018), ECF No. 556 ("[T]he Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c)."). Plaintiff does not have a due process right to oral argument on this non-case dispositive motion.

We are sympathetic to plaintiff's concerns about the potential inconvenience that transfer may present given his inability to travel, but we are not persuaded that they justify exclusion of this action from the centralized proceedings. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Here, plaintiff likely will benefit from the extensive discovery underway in the MDL and the efforts of lead counsel to advance the litigation. Moreover, "since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001). If necessary, plaintiff can request to participate in hearings or other pretrial matters in the transferee court by telephone.

After considering the parties' arguments, we find that *Applegate* involves common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). *Applegate* shares multiple factual issues with the cases already in the MDL. Like plaintiffs in the MDL, plaintiff in *Applegate* alleges that he developed non-Hodgkin's lymphoma after using Roundup. Further, transfer almost certainly will inure to plaintiff's benefit, given the transferee court's familiarity with the issues and the substantial discovery that has taken place in the MDL.

---

[3] Plaintiff also suggests that he was entitled to oral argument on his motion for remand before the transferor court. The proper route to address that decision is to the appropriate court of appeals, not the Panel. *See In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.").

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                              MDL No. 2741

## SCHEDULE A

<u>Southern District of Ohio</u>

APPLEGATE v. MONSANTO COMPANY, C.A. No. 2:18-00045