UNITED STATES COURT of APPEALS
FOR THE SIXTH CIRCUIT
100 East Fifth Street ,Room 540
Cincinnati ,Ohio 45202-3988

RALPH A. APPLEGATE ,
    Plaintiff -Appellant ,

                          CASE NO:18-3551
                          Original No.  2:18-CV-00045-JLG-EPD

v.

MONSANTO COMPANY,
       Defendant - Appellee ,

PETITION for WRIT of MANDAMUS

Case No. 2:18-Cv-00045 was transferred by U.S. Judicial Panel

on Multidistrict Litigation on June  , 2018 to Northern District of California,

assigned to Honorable Vince Chhabria .

Appellant promptly filed a Notice of Appeal to U.S. Court of

Appeals for Sixth Circuit from Judicial Panel on Multidistrict Litigation

on June 11 ,2018 because of following stated reasons :

    Judicial Panel denied Appellant an opportunity and benefit of

Rule 11.2 (b)that states that relevant part :

    Parties  affected by a motion to transfer may agree to

    waive oral argument .

    Further more that  Judicial Panel violated  paragraph

    (c) that clearly stated  following :

        Panel shall not consider transfer or remand of

p.1

> any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for presentation of oral argument.

Appellant was deprived of a benefit and protection of 28 U.S.C.A. 1407(c) by Transfer Order of Judicial when rule states following :

RELEVANT PART : Panel shall give to parties in all actions in which transfers for coordinated or consolidated pretrial proceedings are contemplated ,and such notice shall specify time and place of any hearing to determine whether such transfer shall be made . This rule further declares :

> Panel's Order of hearing shall be based upon a record of such hearing at which material evidence may be offered by any party to an action pending in any district that would be affected by proceedings under this action and shall be supported by findings of fact and conclusions of law based upon such record .

Appellant would offer material evidence that defendant MONSANTO COMPANY has engaged and is still engaging in a Conspiracy against United States, or Conspiracy to defraud United States under 18 U.S.C. 371 ,by their own admission .

Objection , MDL Panel in paragraph 2 of ORDER , of June 6 , 2018 , states that plaintiff stated he "should proceed in Ohio state court " . Appellant recalls later stating that it was acceptable that it could be remanded to either State or federal court in Ohio ,it was optional . Appellant originally did not intend to make his claim in California .

Objection , Appellant , with respect to MDL Panel Order of June 6, 2018 , paragraph 6 ,is stating that his claim was entirely different than that of claim in MDL-2741-VC, about 86 plaintiff's . Appellant is only plaintiff who has stated that " proof is in what happened to plaintiff's blood after 7 days exposure to Roundup ." Inter alia . There is no evidence , whatsoever , in MDL-2741 -VC pretrial proceedings that any MDL attorney mentioned even once that word " blood" , period . Apparently there were no Oncologists/Hematologists available in pre-trial proceedings , fit , and willing to answer , questions about " Cause and effect " proving that Roundup exposure for more than 2 days causes an "astronomical " effect to blood which proves Roundup causes Waldenstrom Macroglobulinemia . Plaintiff has found no Oncologist /Hematologist , whatsoever , fit and willing to discuss that subject , even plaintiff's authority , Oncologist Richard R. Furman , and Oncologist Craig Hofmeister , who has not answered Appelant's inquiries , and who found appellants  "astronomical " Immunoglobulin M , on May 1, 2009 , to be 8980 mg/DL .            p.3

Objection, contrarily, with respect to paragraph 3 of MDL Panel Order of June 6, 2018, plaintiff stated in more than two respects that his due process and constitutional rights were violated.

Objection, Appellant objects to MDL Panel Order of June 6, 2018, paragraph 3, because of Appellant not having received at any time any hearing, whatsoever, at a meaningful time and in any meaningful manner. MDL Panel ordered plaintiff not to appear in Chicago on May 31, 2018, wherein plaintiff could have explained that in no way were plaintiff's facts and pleadings common to those in MDL-2741 -VC. Judge Vince Chhabria has used that word " Shaky " describing testimony of 8 plaintiff expert witnesses concerning glyphosate after several days of hearings. Of what value is it that Christopher Portier claimed " Glyphosate 'probably' causes NHL ". It has been stated that it is not a Courts duty to decide correctness of opinions.

Objection, plaintiff was ordered not to appear at Chicago hearing of May 31, 2018. There were no findings of fact or conclusions of law. Appellant was not in Chicago May 31, 2018 hearing, thus was not able to state different facts that were filed in Federal District Court in Columbus, Ohio, that have been ignored, said medical facts proving Roundup caused Waldenstrom Macroglobulinemia. Appellant has been claimed by others that Appellant is a Techmo Medical Authority.

p.4

Appellant did not claim that glyphosate caused his Waldenstrom Macroglobulinemia .

Until today , June 15 ,2018 , Appellant had not read Veterans Administration record of April 9 , 2009 in which it is stated that " He (Appellant)also had a hair test done(By Dr. Pinkham)and was found to have high arsenic and other chemical levels per veteran " repeating Dr. Pinkham's records which Appellant had asked for and not been answered , several months ago . It is unknown , or is known , possibly ,that arsenic may be a factor in Roundup causing Non Hodhkins Lymphoma . June 15 , 2018 , Appellant asked Dr. Pinkham by e-mail whether she knows if " Arsenic can cause NHL, inter alia ". This question has never been asked and answered by MDL-2741 -VC proceedings , as far as Appellant knows , or not ? Appellant disputes that his action shares multiple factual issues with those already in MDL-2741-VC in which Judge Vince Chhabria admits that glyphosate claim is " Shaky " .

Objection , MDL Panel Order of June 6 , 2018 ,in paragraph 6 states "Transfer of an action is appropriate if it furthers expeditious resolution of litigation taken as a whole , even if some parties to that action might experience inconvenience or delay ." It is impossible that this transfer " will further expeditite resolution of this litigation as a

whole ", unless Judge Chhabria permits attorney Michael Miller for 86 plaintiff's in MDL-2741-VC to amend that complaint by voiding that claim that 'Roundup causes NHL', and Michael Miller agrees to do so.

Appellant disputes that claim and has so stated as Appellant stated that " proof is in what happens to blood after at least 2 ,or more , consecutive days exposure to Roundup , inter alia " . Plaintiff's , 86 of them , in MDL-2741-VC , have not proven that glyphosate , alone, causes NHL , and may never prove that . Gilles Seralini , knowingly, et.al. , of France , Appellant trusts , stated that " Formulants are many times more toxic than glyphosate alone", meaning as Monsanto has argued that "glyphosate does not possibly cause Non Hodgkins Lymphoma " ! Appellant states that there had already been an ongoing dispute about whether glyphosate causes NHL, and this dispute is still ongoing . Appellant knows of no further discovery underway in MDL-2741-VC and efforts of lead counsel to advance this litigation that will benefit Appellant , contrarily it will not help Appellant . Appellant Applegate had discovered documents , thru e-mail of U.S. EPA , that prove that U.S.EPA had in 1974 not done any study of Roundup , whatsoever , and had not " approved " Roundup , instead U.S. EPA " Registered " Roundup .

Objection, again, in MDL Pane Order of June 6, 2018, paragraph 6, MDL Panel stated that " If necessary, plaintiff can request to participate in hearings or other pretrial matters in transferee court by telephone." This kind of pleading by Appellant, Appellant is unable to do because his hearing is very, very bad, making it difficult to hear, even with aids. This suggestion is an attempted violation of Americans with Disabilities Act with respect to Appellant's speech and hearing rights .42 U.S.C.A.12101.

Appellant 1st believed that Appellant must try to help Judge Vince Chhabria to more readily understand. Appellant had not been asked to do so. Earlier, apparently in 2017, it had been stated on Internet by some unidentified news media that Judges at that San Francisco MDL Court should be educated. Exact words not recalled. Further, recently, some Internet Media claim that Judge Vince Chhabria said "1st that Judge Chhabria conceded that his math skills were ' less than rudimentary ' ". And, 2nd, " Judge Chhabria commented that 'Epidemiology was loosey goosey and highly subjective '. " Phys.org@physorg.com On an unspecified date, Plaintiff recalls Judge being referred by other media as having used word " Flaky "(This may have been Shaky) to describe testimony about glyphosate by 8 plaintiff expert witnesses. Phys.org@physorg.com is also quite " Flaky " because they refuse to communicate, period, with Appellant, about evidence, as other media do.

p.7

Again, Appellant restates that he has proven by "cause and effect" that Roundup causes Waldenstrom Macroglobulinemia, and other Non Hodgkins Lymphoma, but Appellant had not earlier stated that common jurors, but has now stated, having common knowledge can understand questions concerning that claim.

Appellant states a list of common problems involving "cause and effect" similar to Non Hodgkins Lymphoma, and one rare NHL named Waldenstrom Macroglobulinemia:

| Cause | Effect |
|---|---|
| 1. Leak in tire | Flat tire |
| 2. Cranckshaft sensor is defective | Engine stops running |
| 3. Mathematics not well taught | Mathematics problems difficult |
| 4. Inattention | Communication failure |
| 5. Insufficient income | Failure to retire |
| 6. 2 to 7 days consecutive Roundup exposure | Igm increases, Waldenstrom Macroglobulinemia diagnosis |

MEMORANDUM of LAW

" Plaintiff's can present these (Facts uncommon) arguments to transferee judge(Vince Chhabria )", but, plaintiff has changed his idea to do so. In Re Prudential Ins. Co. of Am. Sales Practice Litig., 170 F. Supp. 2d 1346, 1347-1348 (J.P.M.L. 2001)

Repeating , Judicial Panel's Order of June 6 , 2018 , transfer shall be based on a record of such hearing at which material evidence may be offered by any party to an action pending in any district that would be affected by proceedings under this section , and shall be supported by findings of fact and conclusions of law based upon such record . 28 U.S.C.A. 1407(c)(ii ).

Judge James L. Graham is guilty of abuse of discretion . Judge Graham's word s were " may take ", not "must take ", or "may not take " , or Judge Graham could have said he was going to postpone until transfer was complete , four(4) options . And Judge could have legally , taken jurisdiction on his own motion , failing to state that Judge Graham was , or was not taking juridiction . Mass tort plaintiff's have two(2) choices after BMS(2017): they can all sue " in states that have general jurisdiction " over a particular defendant , or " plaintiff's who are resident's of a particular state ... could probably sue together in their home states ." Id @1783 . Bristol -Myers Squibb Co . v. Superior Court , 137 S. Ct . 1773(2017)(Abbreviated BMS)Id @1782 .

MDL Panel states on p.1, footnote1,Order of June 6, 2018 , that " Panel Rule 2.1 (d) expressly states that pendency of a conditional transfer order does not limit pretrial jurisdiction of court in which subject action is pending ."   Repeating , Appellant produced overwhelming evidence of

cause and effect, cause being that Appellant was exposed to 7 consecutive days of Roundup, a latency of 7 months, and effect being that May 1, 2009 diagnostic IgM had astronomically increased to 8980 (Units omitted), proof " b. obvious; or c. so easy to prove that no intelligent person would contradict it. Court added that to require proof of every fact 'would be utterly and absolutely absurd '." Repeating again, Appellee employee, William Heydens stated in secret e-mails that " Glyphosate is OK (and thus the surfactant)does the damage ",and Appellee employee, Donna Farmer stated in another secret e-mail that " [t]he interest point is glyphosate all basically(sic)had no effect the formulated product did -does this point us to the coformulants/ surfactants ?[sic]. ", and Appellee employee, William Heydens, again stated in secret e-mails that " we are in pretty good shape with glyphosate but vulnerable with surfactants ." Thus, agreeing that glyphosate does not cause, itself, Non Hodgkins Lymphoma. Appellees also admit that "Roundup formulants are more toxic than glyphosate alone ", a greeing with French Biologist Gilles Seralini. "An abuse would be established if court based its (Judgment on Pleadings)ruling on an erroneous view of law or on a clearly erroneous assessment of evidence ." Cooter & Gell v. Hartmarx Corp. 496 U.S. 384 (1990). Judge Graham, on his" clearly erroneous assessment of

evidence ", on April 9 ,2018 ruling , based his factual ruling on Appellees claim in their bald faced Answer, p. 1, paragraph 1 , to Appellant's December 14 , 2017 complaint , which states "Monsanto denies that any exposure to Roundup-branded products can cause non-Hodgkins Lymphoma("NHL")and other serious illnesses and that exposure to Roundup-branded products did or could have caused plaintiff's alleged NHL ." Judge Graham did not identify a page or a paragraph on that page in Appellant's Answer of January 16 ,2018. Judge Graham did not consider Appellant's claim that " Proof is in what happened to Appellant's (Including 4000 other plaintiff's) blood after exposure to Roundup . Repeating ,Appellant's IgM increased to an "Astronomical " IgM of 8980 . It is not possible for Appellees to prove that bald faced claim . Appellant has already proven his claim .

    WHEREFORE , Petitioner requests that there be issued a WRIT of MANDAMUS remanding instant action to U.S. DISTRICT COURT for SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION , and transferred from NORTHERN DISTRICT of CALIFORNIA by Honorable Vince Chhabria .

Respectfully submitted

Signed *Ralph A. Applegate*
Ralph A. Applegate , Appellant
1544 Zettler Road
Columbus , Ohio 43227

p.11

914-410-1568
rapplegate48@gmail.com

David P. Strup
Shoemaker, Loop &Kendrick, LLP
1000 Jackson Street
Toledo Ohio 43604
419-321-1306
dstrup@slk-law.co

Certificate of Service

Appellant certifies that on June 18, 2018 that Appellant served by Certified Mail, Return Receipt Requested, one copy to Clerk of 6th Circuit Court of Appeals, and by regular mail, one copy each of Petition of Writ of Mandamus on Appellee's Co-Counsel, and on Washington D. C. MDL Panel.

RECEIVED
CLERK'S OFFICE
2018 JUN 25 AM 9:27
JUDICIAL PANEL ON
MULTI DISTRICT
LITIGATION