**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:        **November 29, 2018**

LOCATION OF HEARING SESSION:   Daniel Patrick Moynihan
                                  United States Courthouse
                               Ceremonial Courtroom No. 9C, 9th Floor
                               500 Pearl Street
                               New York, New York  10007

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- 2 -

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 9, 2018.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

        FOR THE PANEL:

        Jeffery N. Lüthi
        Clerk of the Panel

cc: Clerk, United States District for the Southern District of New York

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on November 29, 2018, the Panel will convene a hearing session in New York, New York, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell      Charles R. Breyer
Lewis A. Kaplan          Ellen Segal Huvelle
R. David Proctor         Catherine D. Perry

SCHEDULE OF MATTERS FOR HEARING SESSION
November 29, 2018 -- New York, New York

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2870 – **IN RE: PATRIOT NATIONAL, INC., SECURITIES LITIGATION**

Motion of plaintiffs Aric McIntire, et al., to transfer the following actions to the United States District Court for the Southern District of Florida:

Southern District of Florida

MCINTIRE, ET AL. v. MARIANO, ET AL., C.A. No. 0:18-60075
KANIKI v. MARIANO, ET AL., C.A. No. 0:18-62097

Southern District of New York

GINGELLO v. PATRIOT NATIONAL, INC., ET AL., C.A. No. 1:17-01866
KAYCE v. PATRIOT NATIONAL, INC., ET AL., C.A. No. 1:17-07164

MDL No. 2871 – **IN RE: DRY BEAN REVENUE PROTECTION CROP INSURANCE LITIGATION**

Motion of plaintiffs Ackerman & Son LLC, et al., to transfer the following actions to the United States District Court for the Eastern District of Michigan:

Eastern District of Michigan

ACKERMAN, ET AL. v. UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., C.A. No. 1:17-11779

District of Minnesota

ELBERT, ET AL. v. UNITED STATES DEPARTMENT OF AGRICULTURE, ET AL., C.A. No. 0:18-01574

MDL No. 2872 – **IN RE: INFANTS BORN OPIOID-DEPENDENT PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs to transfer the following actions to the United States District Court for the Southern District of West Virginia or, in the alternative, the United States District Court for the Southern District of Illinois:

Northern District of Ohio

REES, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 1:18‒45252
WOOD v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒45264
SALMONS, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒45268
AMBROSIO, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒45375
FLANAGAN, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒45405
HUNT v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒45681

Southern District of West Virginia

MOORE, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18‒01231

MDL No. 2873 – **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motions of defendants Tyco Fire Products LP; Chemguard, Inc.; and 3M Company to transfer the following actions to the United States District Court for the District of Massachusetts or, in the alternative, the United States District Court for the Southern District of New York:

Northern District of Alabama

WEST MORGAN‒EAST LAWRENCE WATER AND SEWER AUTHORITY, ET AL.
   v. 3M COMPANY, ET AL., C.A. No. 5:15‒01750
TENNESSEE RIVERKEEPER INC. v. 3M COMPANY, ET AL.,
   C.A. No. 5:16‒01029
KING, ET AL. v. WEST MORGAN‒EAST LAWRENCE WATER AND SEWER
   AUTHORITY, ET AL., C.A. No. 5:17‒01833
ARNOLD v. WEST MORGAN‒EAST LAWRENCE WATER AND SEWER
   AUTHORITY, ET AL., C.A. No. 5:18‒01441

District of Colorado

BELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:16‒02351
BELL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:16‒02352
DAVIS, ET AL. v. 3M CORPORATION, ET AL., C.A. No. 1:16‒02394

ADAMS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-00705
BRAUN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-00742
GORDON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01065
SMITH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01070
PARKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01090
MANN, JR., ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01091
BLEICHERT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01101
GUTIERRES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01140
RODERICK, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01145
CHISHOLM, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01152
GOKEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01153
SMITH, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01154
WOLFE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01155
THOMAS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01156
THOMPSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01157
KAHLER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01158
BARKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01161
HICKS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01163
BUTTS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01164
HUTCHISON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01165
INGEMANSEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01167
RICE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01190
HARTLEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01191
HELM, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01192
STACY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01193
CROW, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01196
PADILLA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01199
TAYLOR, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01201
DILWOOD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01202
SHERBAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01270
JOHNSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01271
GUTTENBERG, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01274
CASTRO, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01278
OQUENDO, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01281
GARCIA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01282
MCCLOSKEY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01285
NISKERN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01288
GIBSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01294
HALL, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01298
KELLY, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01301
WALKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:18-01302

   District of Delaware

ANDERSON, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:18−00769

   Northern District of Florida

EMERALD COAST UTILITIES AUTHORITY v. 3M COMPANY, ET AL.,
 C.A. No. 3:18−01445

   District of Massachusetts

TOWN OF BARNSTABLE v. 3M COMPANY, ET AL., C.A. No. 1:16−12351
BARNSTABLE COUNTY v. 3M COMPANY, ET AL., C.A. No. 1:17−40002
CIVITARESE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:18−10747
CITY OF WESTFIELD v. 3M COMPANY, ET AL., C.A. No. 3:18−30027

   Western District of Michigan

ZIMMERMAN, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 1:17−01062

   District of Minnesota

CITY OF LAKE ELMO v. 3M COMPANY, C.A. No. 0:16−02557

   Eastern District of New York

GREEN, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:17−02566
SINGER, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:17−06962
SUFFOLK COUNTY WATER AUTHORITY v. THE 3M COMPANY, ET AL.,
 C.A. No. 2:17−06982
AYO, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18−00373
HAMPTON BAYS WATER DISTRICT v. THE 3M COMPANY, ET AL.,
 C.A. No. 2:18−01996
SHIPMAN v. THE 3M COMPANY, ET AL., C.A. No. 2:18−02496
PY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18−03225

   Northern District of New York

LUCEY v. SAINT−GOBAIN PERFORMANCE PLASTICS CORP., ET AL.,
 C.A. No. 1:17−01054
WICKENDEN, ET AL. v. SAINT−GOBAIN PERFORMANCE PLASTICS CORP.,
 ET AL., C.A. No. 1:17−01056

ANDRICK, ET AL. v. SAINT‑GOBAIN PERFORMANCE PLASTICS CORP., ET AL., C.A. No. 1:17‑01058

Southern District of New York

ADAMO, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ET AL., C.A. No. 7:17‑07131
FOGARTY, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ET AL., C.A. No. 7:17‑07134
MILLER, ET AL. v. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, ET AL., C.A. No. 7:17‑07136
CITY OF NEWBURGH v. UNITED STATES OF AMERICA, ET AL., C.A. No. 7:18‑07057

Eastern District of Pennsylvania

BATES, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16‑04961
GRANDE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16‑05380
YOCKEY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16‑05553
FEARNLEY, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:16‑06416
MENKES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:17‑00573
ZYSK, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:18‑02036
GILLEN v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02037
VOELKER, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02038
GENTLES v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02039
SATURNO v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02040
GRANDE v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02041
BURBIDGE, ET AL. v. THE 3M COMPANY, ET AL., C.A. No. 2:18‑02043
EYNON v. 3M COMPANY, ET AL., C.A. No. 2:18‑03387

Eastern District of Washington

ACKERMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:18‑00117

MDL No. 2874 – **IN RE: RAH COLOR TECHNOLOGIES LLC PATENT LITIGATION**

Motion of defendant Quad/Graphics, Inc., to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

ELECTRONICS FOR IMAGING, INC. v. RAH COLOR TECHNOLOGIES LLC, C.A. No. 3:18‑01612

RAH COLOR TECHNOLOGIES LLC v. ADOBE SYSTEMS, INC.,
   C.A. No. 3:18−03277

     Northern District of Illinois

RAH COLOR TECHNOLOGIES LLC v. XEROX CORPORATION,
   C.A. No. 1:17−06813

     Eastern District of Wisconsin

RAH COLOR TECHNOLOGIES LLC v. QUAD/GRAPHICS, INC.,
   C.A. No. 2:18−00087

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 875 – **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

    Oppositions of defendants Ford Motor Company and Arvin-Meritor, Inc., to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the District of New Jersey:

    Eastern District of Pennsylvania

    HOFFEDITZ, ET AL. v. AM GENERAL, LLC, ET AL., C.A. No. 2:09-70103
       (D. New Jersey, C.A. No. 2:09-00257)

MDL No. 2391 – **IN RE: BIOMET M2A MAGNUM HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

    Opposition of defendants Biomet, Inc.; Biomet Orthopedics, LLC; Biomet Manufacturing, LLC; and Biomet U.S. Reconstruction, LLC, to remand, under 28 U.S.C. § 1407(a), of the following actions to their respective transferor courts:

    Northern District of Indiana

    CHADWICK v. BIOMET ORTHOPEDICS, INC., ET AL., C.A. No. 3:12-00614
       (D. New Jersey, C.A. No. 2:12-03136)
    CARTER v. BIOMET, INC., ET AL., C.A. No. 3:12-00256 (S.D. New York,
       C.A. No. 1:13-01532)
    RICHARDS v. BIOMET ORTHOPEDICS LLC, ET AL., C.A. No. 3:14-00612
       (S.D. Texas, C.A. No. 4:14-00232)

MDL No. 2437 – **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION**

    Opposition of plaintiff Home Depot U.S.A., Inc., to transfer of the following action to the United States District Court for the Eastern District of Pennsylvania:

    Northern District of Georgia

    HOME DEPOT U.S.A., INC. v. LAFARGE NORTH AMERICA INC.,
       C.A. No. 1:18-02839

MDL No. 2738 – **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Eleanor Barsh, et al.; Lisa Hittler, et al.; and Barbara Hinton to transfer of their respective following actions to the United States District Court for the District of New Jersey:

Eastern District of Missouri

BARSH, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:18-01464
HITTLER, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:18-01474
HINTON v. PTI UNION, LLC, ET AL., C.A. No. 4:18-01602

MDL No. 2741 – **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Opposition of defendant Monsanto Company to transfer of the following actions to the United States District Court for the Northern District of California:

District of Arizona

LOPEZ v. MONSANTO COMPANY, C.A. No. 4:18-00360

District of Maine

POULIN v. MONSANTO COMPANY, C.A. No. 1:18-00318

MDL No. 2742 – **IN RE: SUNEDISON, INC., SECURITIES LITIGATION**

Opposition of plaintiff Carlos Domenech Zornoza to transfer of the following action to the United States District Court for the Southern District of New York:

District of Maryland

ZORNOZA v. TERRAFORM GLOBAL, INC., ET AL., C.A. No. 8:18-02523

MDL No. 2782 – **IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Carlisa Nicholson to transfer of the following action to the United States District Court for the Northern District of Georgia:

Eastern District of Arkansas

NICHOLSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:18-00576

MDL No. 2795 – **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**

Oppositions of plaintiff Dennis Palkon and defendants CenturyLink, Inc.; Sunit S. Patel; David D. Cole;, R. Stewart Ewing, Jr.; Jeffrey K. Storey; Laurie A. Siegel; Glen F. Post III; Harvey P. Perry; Mary L. Landrieu; W. Bruce Hanks; Michael Glenn; Steven T. Clontz; Peter C. Brown; Virginia Boulet; Martha H. Bejar; Michael J. Roberts; and Kevin P. Chilton to transfer of the following action to the United States District Court for the District of Minnesota:

Western District of Louisiana

PALKON v. CENTURYLINK, INC., ET AL., C.A. No. 3:18-00998

MDL No. 2800 – **IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs Davedia Sharmaine Lamar, Christopher J. Bordelon, and Commonwealth of Puerto Rico to transfer of their respective following actions to the United States District Court for the Northern District of Georgia:

Central District of California

DAVEDIA SHARMAINE LAMAR v. EQUIFAX, INC., C.A. No. 5:18-01369

Western District of Louisiana

BORDELON v. EQUIFAX INFORMATION SERVICES LLC, C.A. No. 6:18-01137

District of Puerto Rico

COMMONWEALTH OF PUERTO RICO v. EQUIFAX, INC., C.A. No. 3:18-01424

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs and defendants Mark Cieniawski, M.D.; Michael B. Bruehl, M.D.; Mylan Pharmaceuticals Inc.; and Mylan N.V. to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

    Northern District of California

COUNTY OF SAN MATEO v. MCKESSON CORPORATION, ET AL.,
   C.A. No. 3:18‒04535

    Northern District of Georgia

THE CITY OF ATLANTA v. PURDUE PHARMA, LP, ET AL., C.A. No. 1:18‒03508
HENRY COUNTY, GEORGIA v. PURDUE PHARMA, LP, ET AL.,
   C.A. No. 1:18‒03899

    Northern District of Illinois

VILLAGE OF MELROSE PARK, ET AL. v. MCKESSON CORPORATION, ET AL.,
   C.A. No. 1:18‒05288
CITY OF HARVEY, ET AL. v. PURDUE PHARMA L.P., ET AL.,
   C.A. No. 1:18‒05756

    Eastern District of Kentucky

COMMONWEALTH OF KENTUCKY, ET AL. v. WALGREENS BOOTS ALLIANCE,
   INC., ET AL., C.A. No. 2:18‒00126

    District of Maine

CITY OF BANGOR v. PURDUE PHARMA LP, ET AL., C.A. No. 1:18‒00298
CITY OF PORTLAND v. PURDUE PHARMA LP, ET AL., C.A. No. 2:18‒00282
CITY OF LEWISTON v. PURDUE PHARMA LP, ET AL., C.A. No. 2:18‒00310

    District of Massachusetts

UNITED STATES OF AMERICA, ET AL. v. PURDUE PHARMA, L.P., ET AL.,
   C.A. No. 1:16‒10947

    Eastern District of Missouri

JEFFERSON COUNTY, ET AL. v. PURDUE PHARMA L.P., ET AL.,
   C.A. No. 4:18‒01477

      District of New Jersey

CAMDEN COUNTY, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
   C.A. No. 1:18‒11983

      District of New Mexico

ROOSEVELT COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:18‒00795

      Southern District of Ohio

DOYLE v. ACTAVIS LLC, ET AL., C.A. No. 2:18‒00719
MONTGOMERY COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL. v.
   CARDINAL HEALTH, INC., ET AL., C.A. No. 3:18‒00295

      Eastern District of Oklahoma

CHEROKEE NATION v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:18‒00236

      Northern District of Oklahoma

BOARD OF COUNTY COMMISSIONERS OF PAWNEE COUNTY, STATE OF
   OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18‒00459
BOARD OF COUNTY COMMISSIONERS OF DELAWARE COUNTY, STATE OF
   OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18‒00460
BOARD OF COUNTY COMMISSIONERS OF OSAGE COUNTY, STATE OF
   OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18‒00461
BOARD OF COUNTY COMMISSIONERS OF OTTAWA COUNTY, STATE OF
   OKLAHOMA, THE v. PURDE PHARMA L.P., ET AL., C.A. No. 4:18‒00466

      Western District of Oklahoma

THE BOARD OF COUNTY COMMISSIONERS OF GARVIN COUNTY, STATE OF
   OKLAHOMA v. PURDUE PHARMA LP, ET AL., C.A. No. 5:18‒00820
BOARD OF COUNTY COMMISSIONERS OF MCCLAIN COUNTY, STATE OF
   OKLAHOMA v. PURDE PHARMA LP, ET AL., C.A. No. 5:18‒00857

      Eastern District of Pennsylvania

DOE v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18‒03637

      District of South Carolina

LEXINGTON, COUNTY OF v. RITE AID OF SOUTH CAROLINA, INC., ET AL.,
   C.A. No. 3:18‒02357

<u>Southern District of West Virginia</u>

MOORE, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:18‒01231

MDL No. 2846 ‒ **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Linda Luks to transfer of the following action to the United States District Court for the Southern District of Ohio:

<u>District of Arizona</u>

LUKS v. DAVOL INCORPORATED, ET AL., C.A. No. 2:18‒01280

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i)    The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i)    the dispositive issue(s) have been authoritatively decided; or
        (ii)    the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
        (ii)    The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.