Exhibit B

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONNA LASTER, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:18-CV-397 CAS |
| v. ) | |
| ) | |
| MONSANTO COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF REMAND

This removed matter is before the Court on plaintiffs Donna Laster, Roland Levesque, Alonzo Alford, Perry Wright, Tonya Coker, John Kouril, Constance Critelli, Individually and as Personal Representative of the Estate of Joseph Critelli, Deceased, and Lynette Ludwig's ("plaintiffs") motion to remand the case to state court. Defendants Monsanto Company ("Monsanto"), Osborn & Barr Communications, Inc., and Osborne & Barr Holdings, Inc. (collectively the "Osborn & Barr defendants") have not opposed the motion to remand and the time to do so has passed. For following reasons, the Court concludes that it lacks subject matter jurisdiction over this action because of the presence of forum state defendants, see 28 U.S.C. § 1441(b)(2), and therefore must grant plaintiffs' unopposed motion to remand.

**I. Background**

Plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri on March 7, 2018. Generally speaking, the Petition asserts state law products liability, tort, and statutory claims and seeks monetary damages for plaintiffs' personal injuries and wrongful death allegedly caused by their exposure to defendants' Roundup® herbicide products. Plaintiffs' Petition alleges they are "residents" of various states other than Missouri, that Monsanto is a Delaware corporation

with its principal place of business in Missouri, and that the Osborn & Barr defendants are Missouri corporations with their principal places of business in Missouri.

Monsanto removed the action to this Court two days after it was filed, on March 9, 2018, 2017, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are of completely diverse citizenship and plaintiffs' Petition plausibly seeks damages in excess of the $75,000 amount in controversy requirement. The Notice of Removal asserts that because none of the defendants have been served with summons and petition, "the forum defendant rule of 28 U.S.C. § 1441(b)(2) does not apply here, and this case is removable under 28 U.S.C. § 1441(a)." Doc. 1 at 5.

Plaintiffs move to remand the case to state court asserting that the Court lacks subject matter jurisdiction based on the forum defendant rule, because all of the defendants are citizens of Missouri. Plaintiffs state that the forum defendant rule is jurisdictional, citing Horton v. Conklin, 431 F.3d 602, 602 (8th Cir. 2005).

## II. Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Knudsen v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "All doubts about federal jurisdiction [based on diversity of citizenship] should be resolved in favor of remand to state court." Hubbard v. Federated Mut. Ins. Cop., 799 F.3d 1224, 1227 (8th Cir. 2015). Under this

presumption, "any doubts about the propriety of removal are resolved in favor of remand." Id. (citation omitted).

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases. The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the Eighth Circuit, a violation of the forum defendant rule is a jurisdictional defect, not "'a mere procedural irregularity capable of being waived.'" Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)). The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton, 431 F.3d at 604)). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. Perez, 902 F.Supp.2d at 1242. The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." Id. at 1245.

3

### III. Discussion

Plaintiffs assert that pre-service removal by a forum state defendant is barred by the forum defendant rule and is inconsistent with the purposes and policies of diversity jurisdiction, citing Pecherski v. General Motors Corp., 636 F.2d 1156, 1158-60 (8th Cir. 1981), and a number of decisions from this Court, including Perez, 902 F.Supp.2d 1238, and Bailey v. Monsanto, 176 F.Supp.3d 853 (E.D. Mo. 2016).

This Court and other district courts have addressed the issue of pre-service removal by a forum state defendant, also known as "snap removal," on numerous occasions with divergent results. See Hensley v. Forest Pharms., Inc., 21 F.Supp.3d 1030, 1036 (E.D. Mo. 2014) (discussing differing reasoning and outcomes in Eastern District of Missouri removed cases). One approach to the issue requires strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. See Gray v. Monsanto Co., 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (collecting cases).

A second approach relies on one of the Eighth Circuit's exceptions to the plain language rule, where applying the plain text of a statute leads to a result demonstrably at odds with the drafters' intent, which intent must be controlling. See Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC, 556 F.3d 690, 693-94 (8th Cir. 2009) (discussing exception). These cases reason that removal based on diversity of citizenship is premised on protecting non-resident litigants from prejudice in state court, a need that is absent where the defendant is a citizen of the state in which the case in filed. See, e.g., Perez, 902 F.Supp.2d at 1242-43; Hensley, 21 F.Supp.3d at 1035. Some cases using the second approach apply the exception only to so-called "egregious" behavior, "when either the out-of-state or the forum defendant itself removes the case before being served." Gray, 2018 WL 488935, at *2 (citing cases).

4

This Court has observed that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." Perez, 902 F.Supp.2d at 1244. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." Id. at 1243.

> When the "joined and served" language was added to Section 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by . . . electronically monitoring state court dockets." Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 645-46 (D.N.J. 2008). "As a matter of common sense, . . . Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." Id. at 646.

Perez, 902 F.Supp.2d at 1243.

Finally, some decisions "reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants." Gray, 2018 WL 488935, at *2 (citing Bailey, 176 F.Supp.3d at 866; Hensley, 21 F.Supp.3d at 1035; Mikelson v. Allstate Fire and Cas. Ins. Co., 2017 WL 634515, at *5-6 (W.D. Mo. Feb. 16, 2017); Roberts v. ITT Tech. Inst., 2016 WL 1179208, at *2, n.3 (W.D. Mo. Mar. 24, 2016)).

In Bailey v. Monsanto, the Court adopted Hensley's approach as the "better rule," stating that strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum defendant rule, particularly in light of the existence of state court electronic filing systems. Bailey, 176 F.Supp.3d at 866. This Court concurs with the reasoning of Hensley and Bailey, and recently adopted it in Heinzen v. Monsanto Co., 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018).

Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the "properly joined and served" language of section 1441(b)(2) "is to eviscerate the purpose of the forum defendant rule." Sullivan, 575 F.Supp2d. at 646-47. Moreover, even if the approach should only be applied in "egregious" cases, this is clearly such a case, as all of the defendants are forum state defendants. As the Court observed in Perez, "[I]t is absurd to interpret the 'joined and served' requirement to condone this kind of gamesmanship from defendants." See also Gray, 2018 WL 488935, at *3 ("It appears that [Monsanto] is engaging in procedural gamesmanship to keep the case out of state court.").

Because a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, see Horton, 431 F.3d at 604-05, this Court lacks subject matter jurisdiction over this matter and remand is required.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**. [Doc. 6]

6

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __30th__ day of March, 2018.