BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to the following case:<br><br>*William Bullins, et al. v. Monsanto Company,*<br>Eastern District of Missouri,<br>Civil Action No. 4:18-cv-01946 | MDL NO. 2741 |

**BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER ("CTO-112")**

Pursuant to 28 U.S.C. § 1447(c) and for the same reasons in *Gray v. Monsanto Co.*, 2017 WL 488935 (E.D. Mo. Jan., 19, 2018); *Laster v. Monsanto Co.*, 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); and *Heinzen v. Monsanto* Co., 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018)[1] CTO-112 should be vacated pending remand to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri, for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiffs filed a Complaint in the Circuit Court for Twenty-First Judicial Circuit, St. Louis County, Missouri on November 15, 2018. Defendant Monsanto removed this action to the District Court for the Eastern District of Missouri on November 19, 2018, on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332, and then filed an Answer on November 19, 2018. In its removal papers, Monsanto contends that removal is not barred by 28 U.S.C. § 1441(b) because Monsanto, although a local defendant, was not served at the time of removal.

---

[1] Orders for *Gray v. Monsanto Co.,* 2017 WL 488935 (E.D. Mo. Jan. 19, 2018); *Laster v. Monsanto Co.,* 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto Co.,* 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018) are attached as Exhibit A, Exhibit B, and Exhibit C, respectively.

On November 28, 2018, the United States Judicial Panel on Multidistrict Litigation ("the Panel") issued Conditional Transfer Order-110 ("CTO-112") in MDL No. 2741.  This maneuver was simply the first step of an attempt by the Defendant Monsanto to have this case be transferred to and consolidated in the multidistrict proceeding, *In re: Roundup Products Liability Litigation*, MDL No. 2741, pending in the Northern District of California, against Plaintiffs wishes.

Federal subject matter jurisdiction is lacking in this case and for the reasons detailed below, Plaintiffs oppose this transfer and respectfully prays that the Court Vacate CTO-112 as it relates to *Bullins*.

**ARGUMENT**

**I.      Gamesmanship Has Been Rejected by the Courts**

Defendant Monsanto's act of removing and attempted transfer of this case to the MDL is an act of gamesmanship. This type of removal gamesmanship has been repeatedly rejected by federal district judges in the Western and Eastern Districts of Missouri on the same factual circumstances as here. *See Perfect Output of Kansas City, LLC v. Ricoh Americas Corporation, et al.*, No.: 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W. D. Mo. July 17, 2012); *Herling v. Thyssenkrup Access Corp.*, No. 10-1107-CV-WODS, 2011 WL 649021, at *1 (W.D. Mo. Feb. 11, 2011). *See also Perez v. Forest Laboratories, Inc.*, 902 F.Supp. 2d 1238 (E.D. Mo. 2012).

This also includes rulings from Courts specifically in the Eastern District that have ruled on this same issue regarding legal maneuvering from the same Defendant, Monsanto. *Gray v. Monsanto Co.*, 2017 WL 488935 (E.D. Mo. Jan. 19, 2018); *Laster v. Monsanto Co.*, 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto* Co., 2018 WL 1397533 (E.D. Mo.

Mar. 20, 2018).[2] Here, Monsanto has failed to assert any new arguments or legal theories that would support the removal of this case to federal court. Monsanto's removed this action for no other reason than to further delay the litigation of Plaintiffs' claims and to drive up costs.

## II. Legal Standard

Federal Courts are courts of limited jurisdiction. The removal statutes are strictly construed and any doubt concerning the propriety of removal is to be resolved in favor of remand. *Hinkle v. Norfolk Southern Ry. Co.*, 2006 WL 2521445 (E.D.Mo. Aug. 29, 2006)(citing *In re Business Men's Assur. Co of America*, 992 F.2d 181, 183 (8th Cir. 1993)). The party seeking removal bears the burden to establish federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a).

Another restriction on the removal of diversity jurisdiction cases is the "forum defendant rule," found at 28 U.S.C. § 1441(b), which does not allow removal based on diversity jurisdiction if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d

---

[2] Orders for *Gray v. Monsanto Co.,* 2017 WL 488935 (E.D. Mo. Jan. 19, 2018); *Laster v. Monsanto Co.,* 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto Co.*, 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018) are attached as Exhibit A, Exhibit B, and Exhibit C, respectively.

602, 604 (8th Cir. 2005); *Perez v. Forest Laboratories, Inc.*, 902 F.Supp. 2d 1238, 1241 (E.D. Mo. 2012). "The violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton*, 431 F.3d at 605 (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)).

The foundation of this holding was construed from the difference between the concepts of original jurisdiction and removal jurisdiction.

> What is required to invoke federal-court jurisdiction depends on whether it is the plaintiff or the defendant who wants to invoke it. A plaintiff may bring suit in federal court if her claim "arises under" federal law. See 28 U.S.C. § 1331. Even if it does not, she may bring a state cause of action in federal court if she is suing a citizen of a state different from her own. See 28 U.S.C. § 1332. In both of these situations, the court has original jurisdiction. While a defendant, of necessity, cannot invoke the federal court's original jurisdiction, it may, in some situations, invoke the court's removal jurisdiction. Because the requirements to invoke the court's removal jurisdiction are often identical to those for invoking its original jurisdiction, confusion in this area of the law is common. The requirements for both relate to the same end, that is, federal jurisdiction. They are not, however, alternative means for a defendant to reach that end. Defendants must come within the court's removal jurisdiction. The concept of original jurisdiction has no meaning with respect to a defendant.

*Hurt*, 963 F.2d at 1144. The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Perez v. Forest Labs., Inc.*, 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012)(citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005)); *Horton*, 431 F.3d at 604)).

### III. Monsanto Cannot Use The Forum Defendant Rule To Remove This Case To Federal Court.

The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases.

*Perez*, 902 F.Supp.2d at 1242. The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." *Id.* at 1245. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant than it does of protecting the defendant from improper joinder of a forum defendant that plaintiff has no intention of serving." *Id.* at 1243.

The prevailing modern trend within the Eighth Circuit, to prevent pre-service removal when a local defendant is present, is displayed in multiple rulings within the Eighth Circuit under factually similar circumstances. *See Fisher v. Forest Laboratories, Inc.*, No. 4:12-cv-00322-RWS (E.D. Mo. Mar. 21, 2012), and *Hernandez v. Forest Laboratories, Inc.*, No. 4:12-cv-00321-RWS (E.D. Mo. Mar. 21, 2012).

In *Fisher*, the Honorable Judge Rodney W. Sippel *sua sponte* rejected the defendants' attempts to remove cases that involved a local defendant, Forest Pharmaceuticals, Inc., despite the fact that the local defendant had not yet been served. *Fisher*, No. 4:12-cv-00322-RWS (E.D. Mo. Mar. 21, 2012). Judge Sippel noted that the defendants removed the cases only five days after the cases were filed and found that "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants – removing before service, in order to later claim federal jurisdiction." *Fisher*, No. 4:12-cv-00322-RWS, slip op. at p. 3 n.3 (quoting *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, *4 (E.D. Pa. May 30, 2008)); *Hernandez*, No. 4:12-cv-00321-RWS, slip op. at 3 n.3 (quoting *Allen*, 2008 WL 2247067 at *4). Judge Sippel reasoned that the policy behind the removal statute and the forum defendant rule required remand under such circumstances.

The Honorable E. Richard Webber also decided this issue in *Hensley v. Forest Pharmaceuticals, Inc.*, 21 F. Supp. 3d 1030 (E.D. Mo. 2014). Judge Webber found the removing

defendant's behavior to be egregious because it gained knowledge of the action and filed its removal notice before service could be effectuated; consequently, "strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum-defendant rule." *Hensley*, 21 F. Supp. 3d at 1036; *accord Rogers v. Boeing Aero. Operations, Inc.*, 13 F. Supp. 3d 972, 977 (E.D. Mo. 2014)(noting an exception to the plain language rule and giving an example of an egregious case leading to an absurd result where "an out-of-state defendant – or even a forum defendant – has "hawked" the state court docket and removed before service to any defendant has occurred").

Several recent decisions of this Court on this issue and which involved Monsanto are instructive here. In *Bailey v. Monsanto* Co., 176 F.Supp. 3d 853, 865 (E.D. Mo. 2016), the Court, after citing all of the legal propositions and principles of law as set forth herein, held that strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the Forum Defendant Rule. Moreover, the Court noted, the *Bailey* case would be considered an "egregious" one because it was removed six days after the state lawsuit was filed and before any defendant had been served. *Bailey*, 176 F.Supp. 3d at 866.

Most recently in a case dealing with Monsanto's Roundup products, *Gray v. Monsanto Co.*, 2018 WL 488935 (E.D. Mo. Jan. 19, 2018), the Court specifically held that where Monsanto removed the state court lawsuit to this Court 15 days after the state court filing, such time frame "clearly" did not allow plaintiff sufficient time to serve it. According to this Court, it appeared that Monsanto was engaging in "**procedural gamesmanship**" to keep the case out of state court. *Id.* at *3 (emphasis added).

The District Court for the Eastern District of Missouri also followed this reasoning in the recent matters of *Laster* and *Heizen*. *See Laster v. Monsanto Co.*, 2018 WL 1566846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto* Co., 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018). The Court in these cases came to similar conclusions that "Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed." *Laster*, 2018 WL 1566846 at * 3.

The present case cannot be distinguished from *Perez*, *Gray, Laster* or *Heizen*. The irrationality of allowing a forum defendant to "hawk" the docket and remove the action to federal court pre-service to purportedly avoid any "home court" bias of the state court – especially where St. Louis County is Monsanto's home court and they are the only named Defendant, is jarring. This argument further strains credulity when the Court takes into account that the Plaintiffs in this scenario are all out-of-state litigants.

Defendant Monsanto is a Missouri resident. The forum defendant rule applies. The gamesmanship that the Defendant is engaged in is contrary to the purposes of the removal protections as stated above. The Plaintiffs stated in their initial petition that it is not their goal to enforce federal law. The Defendant's true goal is not to avoid any home town bias but rather to force the Plaintiffs into the multidistrict litigation against their wishes.

Considering the modern trend to disallow gamesmanship by defendants, and because "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010), this Court should remand this action for lack of subject matter jurisdiction.

**IV.  The MDL should vacate CTO-112 and allow the transferor court to rule on the Motion to Remand.**

Plaintiffs further submit that a transfer to another court before the putative transferor court decides the motion to remand would be inappropriate and a needless waste of all parties' time and resources. The transferor court retains jurisdiction on pending motions despite the entry of a conditional transfer order. *See, e.g., Smith v. Mail Boxes, Etc.*, 191 F.Supp.2d 1155, 1157 (E.D. Cal. 2002) (quoting J.P.M.L. R. 1.5: "… conditional transfer order … does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"); *Kohl v. Am. Home Prods. Corp.*, 78 F. Supp. 885, 888 (W.D. Ark. 1999) (same); *Illinois Municipal Retirement Fund v. CitiGroup, Inc.*, 391 F.3d 844, 851-52 (7th Cir. 2004) (in a case involving a remand order by a district court, while an MDL had already been created, the Seventh Circuit held "[w]e will not require a district court that believes that it lacks subject matter jurisdiction over a case to facilitate a transfer under § 1407, a statute that does not itself confer jurisdiction.").

Transfer to another federal court when the subject matter jurisdiction of the transferor court has been vigorously and fully contested, by both Plaintiffs and some Defendants in the instant action, is especially inappropriate. As the Sixth Circuit Court of Appeals has observed in a similar context:

> No matter how desirable respondents feel it may be to consolidate in California all litigation in any way related to [the common question], there is nothing in the applicable statute to provide an exception to the rules normally governing removal of cases from state courts. Such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case.

*Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975).

Transferor courts are thus encouraged to decide motions to remand during the pendency of conditional transfer orders. In *Totola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp.

1186 (N.D. Cal. 1997), the court noted that it, as the transferor court, " . . . retains exclusive jurisdiction until the §1407 transfer becomes effective and, as such, motions to remand [to state court] should be resolved before the panel acts on the motion to transfer." *Id*. at 1189. Likewise, in *McQuilkin v. Ford Motor Co.,* Nos. 01-01-92, 2001 WL 197840 (E.D. La. Feb. 23, 2001), the court refused to refrain from ruling on a motion to remand merely because a conditional transfer order had been entered, finding that "the motion to remand centers on questions of state law with which the transferor court is more likely to be familiar that the MDL transferee court." *Id.* at *1.

The questions raised by Defendant Monsanto's removal of this action strike at the heart of constitutional constraints on federal jurisdiction and principles of comity between state and federal courts. Monsanto's "hawk" approach to the docket and attempt to remove the action to federal court pre-service to purportedly avoid any "home court" bias of the state court – especially where St. Louis County is Monsanto's home court, is a disingenuous argument. Plaintiffs' Motion to Remand raises issues relating to Monsanto's violation of the forum defendant rule, the rule's status as a *jurisdictional* defect in the Eight Circuit, and Monsanto's legal gamesmanship of removing this action before summons was issued by the state court. These considerations weigh heavily in favor of vacating the conditional transfer order to discourage gamesmanship by defendants as "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," *In re Prempro Products Liability Litigation*, 591 F.3d at 620.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' concurrently-filed Motion to Vacate CTO-112 regarding the *Bullins* case, as identified in the attached Schedule of Actions, should be granted.

Therefore, Plaintiff respectfully requests that this panel vacate CTO-112 as it relates to Plaintiffs in the *Bullins* matter.

DATED: December 26, 2018

                                              Respectfully submitted,

/s/ *Joseph R. Riegerix*
Joseph R. Riegerix #66372MO
Aimee H. Wagstaff #70821
ANDRUS WAGSTAFF, PC
7171 W. Alaska Drive
Lakewood, CO 80226
Tel: (303) 376-6360
Fax: (888) 875-2889
joseph.riegerix@andruswagstaff.com

Riley L. Burnett, Jr.*
Karen Beyea-Schroeder*
BURNETT LAW FIRM
3737 Buffalo Speedway, 18th Floor
Houston, Texas 77098
Telephone: (832) 413-4410
Facsimile: (832) 900-2120
RBurnett@rburnettlaw.com
Karen.Schroeder@rburnettlaw.com
**To be admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Rule 4.1 of the RULES OF PROCEDURE OF THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION, I hereby certify that the foregoing MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO-112 was filed electronically via the Panel's ECF filing system. Notice of this filing will be served on all parties of record by operation of the ECF system's Notice of Electronic Filing (NEF) and the parties may access the filing through the ECF system. This filing was intended to be filed contemporaneously with Plaintiffs' Motion to Vacate CTO-112 originally filed on December 20, 2018, but was not filed at that time due only to a clerical error.

*/s/ Joseph R. Riegerix*
Joseph Riegerix #66372MO