**EXHIBIT C**

**RICHARD HEINZEN, et al, Plaintiffs,**
**v.**
**MONSANTO COMPANY, Defendant.**

**No. 4:17-CV-2881 CAS**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**March 20, 2018**

**MEMORANDUM AND ORDER OF REMAND**

This removed matter is before the Court on plaintiffs Richard and Katerina Heinzen's ("plaintiffs") motion to remand the case to state court. Defendant Monsanto Company ("Monsanto") opposes the remand, asserting that this Court has diversity jurisdiction over the action. Plaintiffs filed a reply and the matter is fully briefed. For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action because of the presence of a forum state defendant, see 28 U.S.C. § 1441(b)(2), and therefore must grant plaintiffs' motion to remand.

**I. Background**

Plaintiffs filed this action in the Circuit Court of St. Louis County, Missouri on September 22, 2017, asserting claims against Monsanto for negligence, willful and wanton misconduct, strict products liability, and loss of consortium. Plaintiffs allege that as a result of exposure to Monsanto's product, Roundup®, plaintiff Richard Heinzen developed Non-Hodgkin's Lymphoma and has become disabled, disfigured, and impaired in the enjoyment of life, and has experienced and will in the future experience physical pain and mental and emotional suffering. Plaintiff Katerina Heinzen asserts claims for loss of consortium as a result of the injuries suffered by her spouse Richard Heinzen. Plaintiffs allege they are citizens of Wisconsin and that Monsanto is a Delaware corporation with its principal place of business in Missouri.

Page 2

Monsanto removed the action to this Court on December 14, 2017, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are of completely diverse citizenship and plaintiffs' petition plausibly seeks damages in excess of the $75,000 amount in controversy requirement. Plaintiffs move to remand the case to state court asserting that the Court lacks subject matter jurisdiction based on the forum defendant rule, 28 U.S.C. § 1441(b)(2), because Monsanto is a citizen of Missouri. Monsanto asserts that it has not been served in the state court action and therefore the forum defendant rule does not apply here, and the case is removable under 28 U.S.C. § 1441(a).

In moving to remand, plaintiffs dispute the statement in Monsanto's Notice of Removal that it "has not been served with the Petition in the State Court Action." (Doc. 1 at 4.) Plaintiffs state that a summons for service by first class mail was issued and mailed to Monsanto's Missouri registered agent for service of process by the Clerk of the St. Louis County Circuit Court on October 31, 2017, but that neither Monsanto nor its registered agent returned the accompanying acknowledgment. Plaintiffs assert that because the summons and complaint were mailed by the clerk on October 31, 2017, Monsanto's registered agent would have received them more than 30 days before the case was removed and therefore removal is untimely. Plaintiffs note that Monsanto does not state how it became aware of the state court action, and assert that it is refusing to *acknowledge* service, which "may have made such service ineffective, but it did not make it improper or negate that it occurred." (Doc. 10 at 7.)

Monsanto responds that it was never served with the state court petition and asserts that it was plaintiffs' responsibility, not the state court clerk's, to mail the summons via first class mail after the clerk signed the summons, as reflected by the directions on the summons itself:

> The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail. Under Section 506.150.4, RSMo, *service by first class*

Page 3

> *mail may be made by Plaintiff/Petitioner* or any person authorized to serve process under Section 506.140, RSMo.

(Doc. 10-1 at 2) (emphasis added). Monsanto does not dispute that state clerk issued a copy of the summons, but contends that the directions on the summons and the state court docket sheet make it clear it was plaintiffs' responsibility to download the summons and mail it. Monsanto points to a state court docket entry dated October 31, 2017 titled "Summons Issued - "1st Class Mail," that states, "Summons Attached in PDF Form for [plaintiffs'] Attorney to Retrieve from Secure Case.Net and Process for Service." ECF No. 14-1. Monsanto notes there is no additional clerk's note to indicate that the state court clerk actually mailed the summons. Monsanto also points out that the "Notice and Acknowledgment for Service by Mail," which must accompany the summons pursuant to § 506.150.4, Mo. Rev. Stat., was never signed by plaintiffs' counsel to indicate that the Notice was mailed. (See Doc. 10-1 at 1.) Monsanto also submits the Declaration of its registered agent, Corporation Service Company's ("CSC") Research Coordinator, which states that he searched CSC's Litigation Management System database and determined it had no record of receiving any service of process papers for a lawsuit filed by the Heinzens against Monsanto in the Circuit Court of St Louis County, Missouri.

## II. Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Knudsen v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "All doubts about

Page 4

federal jurisdiction [based on diversity of citizenship] should be resolved in favor of remand to state court." Hubbard v. Federated Mut. Ins. Cop., 799 F.3d 1224, 1227 (8th Cir. 2015). Under this presumption, "any doubts about the propriety of removal are resolved in favor of remand." Id. (citation omitted).

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases. The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the Eighth Circuit, a violation of the forum defendant rule is a jurisdictional defect, not "'a mere procedural irregularity capable of being waived.'" Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005) (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)). The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton, 431 F.3d at 604)). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. Perez, 902 F.Supp.2d at 1242.

Page 5

The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." Id. at 1245.

### III. Discussion

Plaintiffs assert three arguments in support of their motion to remand. First, plaintiffs argue that a forum defendant such as Monsanto necessarily satisfies the "joined and served" requirement of 28 U.S.C. § 1441(b)(2) by voluntarily appearing in a case to remove it, as a voluntary appearance is well recognized as the functional equivalent of formal service. Second, plaintiffs argue that Monsanto was properly served in accordance with Missouri law because the state court clerk mailed a summons and copy of the petition to Monsanto's registered agent on October 31, 2017, as evidenced by Exhibit 1 attached to their memorandum. (Doc. 10-1.) Third, plaintiffs argue that pre-service removal by a forum state defendant is barred by the forum defendant rule and is inconsistent with the purposes and policies of diversity jurisdiction.

Monsanto responds to plaintiffs' first argument in a footnote, characterizing the voluntary appearance argument as "absurd" but not discussing or distinguishing the case law cited by plaintiffs. Monsanto states that it first filed the Notice of Removal in federal court, and only then filed the notice of removal in state court as required by 28 U.S.C. § 1446(d). Monsanto concludes, "This is hardly a 'voluntary appearance' in state court and was made ***after the case was already removed***." Def.'s Mem. Opp. at 5, n.2. As to plaintiffs' second argument, Monsanto responds that it was never served with the state court petition, as plaintiffs did not download the summons issued by the state court clerk and mail it to Monsanto's registered agent along with a copy of the complaint. Finally, Monsanto argues that the plain language of the forum defendant rule precludes removal only when there is a "properly joined and served" forum defendant, and the rule does not bar removal here because Monsanto was not served prior to removal.

Page 6

In their reply memorandum, plaintiffs withdraw the argument that Monsanto was properly served with summons and petition, "which was based upon what now appears to have been miscommunications with the St. Louis County clerk's office." (Doc. 18 at 2.) As that issue is no longer in the case, the Court in the interest of judicial economy will bypass plaintiffs' first argument and address the

third argument, the forum defendant rule, as it is determinative. This Court and other district courts have addressed the issue of pre-service removal, also known as "snap removal," by a forum state defendant on numerous occasions, with divergent results. See Hensley v. Forest Pharmaceuticals, Inc., 21 F.Supp.3d 1030, 1036 (E.D. Mo. 2014) (discussing differing reasoning and outcomes in Eastern District of Missouri removed cases). One approach to the issue, as urged by Monsanto, requires strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. See Bailey v. Monsanto Co., 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (collecting cases).

A second approach relies on one of the Eighth Circuit's exceptions to the plain language rule, where applying the plain text of a statute leads to a result demonstrably at odds with the drafters' intent, which intent must be controlling. See Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC, 556 F.3d 690, 693-94 (8th Cir. 2009) (discussing exception). These cases reason that removal based on diversity of citizenship is premised on protecting non-resident litigants from prejudice in state court, a need that is absent where the defendant is a citizen of the state in which the case in filed. See, e.g., Perez, 902 F.Supp.2d at 1242-43; Hensley, 21 F.Supp.3d at 1035. Some cases using the second approach apply the exception only to so-called "egregious" behavior, "when either the out-of-state or the forum defendant itself removes the case before being served." Gray v. Monsanto, 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (citing cases).

Page 7

This Court has observed that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." Perez, 902 F.Supp.2d at 1244. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." Id. at 1243.

> When the "joined and served" language was added to Section 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by . . . electronically monitoring state court dockets." Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 645-46 (D.N.J. 2008). "As a matter of common sense, . . . Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." Id. at 646.

Perez, 902 F.Supp.2d at 1243.

Finally, some decisions "reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants." Gray, 2018 WL 488935, at *2 (citing Bailey, 176 F.Supp.3d at 966; Hensley, 21 F.Supp.3d at 1035; Mikelson v. Allstate Fire and Cas. Ins. Co., 2017 634515, at *5-6 (W.D. Mo. Feb. 16, 2017); Roberts v. ITT Tech. Inst., 2016 WL 1179208, at *2, n.3 (W.D. Mo. Mar. 24, 2016)).

In Bailey v. Monsanto, the Court adopted Hensley's approach as the "better rule," stating that strict adherence to the language of the statute would be inconsistent with the

fundamental purposes of removal and in contravention of the legislative intent behind the forum defendant rule, particularly in light of the existence of state court electronic filing systems. 176 F.Supp.3d at 866. This Court concurs with the reasoning of Hensley and Bailey. Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the "properly joined and served" language of section 1441(b)(2) "is to eviscerate the purpose of the

Page 8

forum defendant rule." Sullivan, 575 F.Supp2d. at 646-47. Moreover, even if the approach should only be applied in "egregious" cases, this is clearly such a case, as forum state defendant Monsanto is the sole defendant. As the Court observed in Perez, "it is absurd to interpret the 'joined and served' requirement to condone this kind of gamesmanship from defendants." See also Gray, 2018 WL 488935, at *3 ("It appears that [Monsanto] is engaging in procedural gamesmanship to keep the case out of state court.").

Because a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, see Horton, 431 F.3d at 604-05, this Court lacks subject matter jurisdiction over this matter and remand is required.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

/s/
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of March, 2018.