**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-110)**

Plaintiffs do not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto's Roundup®-branded products caused plaintiffs to develop non-Hodgkin's lymphoma ("NHL"). *See* Br. in Supp. of Mot. to Vacate Conditional Transfer Order ("CTO-110"), ECF No. 764-1 ("Motion to Vacate").  Instead, in an effort to avoid the MDL, plaintiffs oppose transfer based upon a pending motion to remand in the removal court.  *See* Motion to Vacate at 7-10.  This argument ignores clear and repeated decisions by this Panel that such motions *do not* prevent transfer.  *See, e.g.*, Transfer Order at 1, *In re: Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re: Eliquis* Transfer Order") (citing *In re: Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)). Plaintiffs also oppose transfer because they believe they will prevail on the merits of their pending motion to remand.  *See* Motion to Vacate at 2-7.  It is well settled that this Panel does not consider the merits of removal when deciding transfer issues.  *See, e.g.*, *In re: Eliquis* Transfer Order at 1-2 (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

Transfer is also efficient given the progress of and work completed to date in the MDL. That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the

1

applicable scientific evidence.  *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.

Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiffs' Motion to Vacate should be denied.

## I.     BACKGROUND

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2]  Most of those plaintiffs have no connection to the states in which their claims were filed.  That is true here as well – no plaintiff appears to have any connection to the state in which the complaint was filed.

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

Monsanto removed this case to the Eastern District of Missouri on November 7, 2018, under 28 U.S.C. §§ 1332, 1441, and 1446, and based on precedent allowing a forum defendant to remove cases to federal court prior to being served. *See* Notice of Removal at 1, *Hooks v. Monsanto Co.*, No. 4:18-cv-01897-HEA (E.D. Mo. Nov. 7, 2018), ECF No. 1. Monsanto provided notice to the Panel of this potential tagalong action on November 9, 2018, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 725, and plaintiff opposed its transfer on November 26, 2018. *See* Notice of Opp'n to Conditional Transfer Order (CTO-110), ECF No. 741.

Plaintiffs thereafter filed a motion to remand this case to state court, *see* Notice of Motion to Remand, *Hooks v. Monsanto Co.*, No. 4:18-cv-01897-HEA (E.D. Mo. Nov. 14, 2018), ECF No. 6 ("*Hooks* Remand Motion"), and Monsanto has opposed remand and requested in the alternative that the case be stayed pending a decision from this Panel on MDL transfer, *see* Monsanto Co.'s Mem. in Opp'n to Pls.' Mot. to Remand and in the Alt., Mot. for Temp. Stay Pending JPML Transfer Ruling, *Hooks v. Monsanto Co.*, No. 4:18-cv-01897-HEA (E.D. Mo. Nov. 20, 2018) ("Monsanto's Opp'n to Motion to Remand"). Judge Autrey has issued no substantive orders in this case and no hearing date is scheduled.

## II.  ARGUMENT

### A.  The Panel Should Transfer This Action to MDL No. 2741.

#### 1.  This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiffs' claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. *See* Ex. A, Petition, *Hooks v. Monsanto Co.*, 4:18-cv-01897-HEA (E.D. Mo. Nov. 7, 2018), ECF 1-1; *supra* at 1-2; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 ("Issues concerning general causation, the background science, and regulatory history will

3

be common to all actions."). Because plaintiffs' claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings. Despite plaintiffs' claim that Monsanto removed this case to delay the litigation of this case, *see* Motion to Vacate at 3, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Plaintiffs' pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in one case. *See Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiffs' claims. Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a). The fact that plaintiffs do not wish to be part of the MDL, *see* Motion to Vacate at 7, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re:*

*Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2.     The pending motion to remand does not prevent transfer.

The Panel has repeatedly rejected plaintiffs' argument that CTO-110 should be vacated because of their pending motion to remand this action to state court.[3] *See, e.g.*, *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding

---

[3] Plaintiffs repeatedly assert that this case lacks subject matter jurisdiction, *see* Motion to Vacate at 1, 2, 7, which is a misstatement of the issue presented in the remand motion. Plaintiffs did not contend that diversity of citizenship is absent or that the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a)(1), has not been satisfied. *See Hooks* Remand Motion. Accordingly, the showing that Monsanto made in its removal notices about those two issues remains unrebutted and undisputed – and the federal court has subject matter jurisdiction (also known as "original jurisdiction," 28 U.S.C. § 1441(a)). Plaintiffs' assertions here conflate two different issues – alleged "procedural defects" in the removal notices (which there are none) and subject matter jurisdiction (which is present). The Third Circuit has held that the "forum defendant rule," 28 U.S.C. § 1441(b)(2), is a procedural issue that does not deprive a federal court of subject matter jurisdiction. *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) (New Jersey citizen's removal of case from New Jersey state court after complaint was served was "a defect in removal procedure" and not a "jurisdictional defect") (quotation marks omitted). Therefore, plaintiffs' argument about the forum defendant rule (even if it were correct) addresses an alleged procedural defect – and does not deprive a federal court of subject matter jurisdiction.

that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiffs do not cite a single case in which the Panel denied transfer based on a pending motion to remand. Even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n. 2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiffs argue that MDL transfer should be denied because they believe their case should be remanded based on the merits of their request, *see* Motion to Vacate at 2-7, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had

6

"ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[4] Here, plaintiffs' arguments regarding the impropriety of federal jurisdiction are transparently incorrect. As addressed in Monsanto's Opp'n to Motion to Remand, a recent decision from the Third Circuit supports removal in circumstances identical to those presented here.[5] *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *see* Monsanto's Opp'n to Motion to Remand at 4-6 (citing cases).

## III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer this action to MDL No. 2741.

---

[4] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

[5] Because of this decision, plaintiffs are incorrect that "Monsanto has failed to assert any new arguments or legal theories that would support the removal of this case to federal court." Motion to Vacate at 3. Similarly, plaintiffs' argument that other similar Roundup® cases on pre-service remand "are instructive" is misplaced because those cases were decided before the Third Circuit ruling and, as detailed in *supra* at 5-7, a pending motion to remand does not affect transfer.

Dated: January 2, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth

Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*