# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### MEMORANDUM IN SUPPORT OF MOTION TO VACATE CTO-113

Pursuant to 28 U.S.C. § 1447(c) and for the same reasons in *Gray v. Monsanto Co.,* 2017 WL 488935 (E.D. Mo. Jan., 19, 2018); *Laster v. Monsanto Co.,* 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); and *Heinzen v. Monsanto Co.,* 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018)1 CTO -113 should be vacated pending any opportunities that Plaintiff may have to remand this case to State Court, as he has no lawyer and is in the process of obtaining a lawyer and intends to ask for remand to State Court.

### BACKGROUND

Mr. Aubrey Aden filed this action in state court in Pear River County, Mississippi, on October 3, 2018, alleging that they developed Non-Hodgkin's Lymphoma as a result of using the herbicide Roundup®, which was designed, tested, manufactured, marketed, and distributed by Defendant Monsanto Company (Monsanto).

Defendant Monsanto removed this action to this District Court on November 29, 2018, on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. See Doc. 1 Exhibit: E. In its removal papers, Monsanto contends that removal is not barred by 28 U.S.C. § 1441(b) because Monsanto, although a local defendant, was not served at the time of removal. Id. This maneuver was simply the first step of an attempt by the Defendant Monsanto to have this case be transferred to and consolidated in the multidistrict proceeding, *In re: Roundup Products Liability Litigation,* MDL No. 2741, pending in the Northern District of California, against Plaintiffs wishes.

Federal subject matter jurisdiction is lacking in this case and for the reasons detailed

below, Plaintiffs oppose this transfer and respectfully prays that the Court Vacate CTO-113 as it relates to Aden.

## ARGUMENT

Defendant Monsanto's act of removing and attempted transfer of this case to the MDL is an act of gamesmanship. This type of removal gamesmanship has been repeatedly rejected by federal district judges in the Western and Eastern Districts of Missouri on the same factual circumstances as here. See *Perfect Output of Kansas City, LLC v. Ricoh Americas Corporation, et al.*, No.: 12-0189-CV-W-SOW, 2012 WL 2921852, at *2 (W. D. Mo. July 17, 2012); *Herling v. Thyssenkrup Access Corp.*, No. 10-1107-CV-WODS, 2011 WL 649021, at *1 (W.D. Mo. Feb. 11, 2011). See also *Perez v. Forest Laboratories, Inc.,* 902 F.Supp. 2d 1238 (E.D. Mo. 2012).

This also includes rulings from Courts specifically in the Eastern District that have ruled on this same issue regarding legal maneuvering from the same Defendant, *Monsanto. Gray v. Monsanto Co.,* 2017 WL 488935 (E.D. Mo. Jan., 19, 2018); *Laster v. Monsanto Co*., 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto Co*., 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018).2 Here, Monsanto has failed to assert any new arguments or legal theories that would support the removal of this case to federal court. Monsanto's removed this action for no other reason than to further delay the litigation of Plaintiffs' claims and to drive up costs. Plaintiff will be placed in a position where he has no control over the case if it is transferred.

## I.  Legal Standard

Federal Courts are courts of limited jurisdiction. The removal statutes are strictly construed and any doubt concerning the propriety of removal is to be resolved in favor of remand. *Hinkle v. Norfolk Southern Ry. Co.*, 2006 WL 2521445 (E.D.Mo. Aug. 29, 2006) citing

*In re Business Men's Assur. Co of America*, 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal bears the burden to establish federal jurisdiction. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States." 28 U.S.C. § 1332(a).

Another restriction on the removal of diversity jurisdiction cases is the "forum defendant rule," found at 28 U.S.C. § 1441(b), which does not allow removal based on diversity jurisdiction if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005*); Perez v. Forest Laboratories, Inc.*, 902 F.Supp. 2d 1238, 1241 (E.D. Mo. 2012). "The violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton*, 431 F.3d at 605 (*quoting Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)). The foundation of this holding was construed from the difference between the concepts of original jurisdiction and removal jurisdiction.

What is required to invoke federal-court jurisdiction depends on whether it is the plaintiff or the defendant who wants to invoke it. A plaintiff may bring suit in federal court if her claim "arises under" federal law. See 28 U.S.C. § 1331. Even if it does not, she may bring a state cause of action in federal court if she is suing a citizen of a state different from her own. See 28 U.S.C.

§ 1332. In both of these situations, the court has original jurisdiction. While a defendant, of necessity, cannot invoke the federal court's original jurisdiction, it may, in some situations, invoke the court's removal jurisdiction. Because the requirements to invoke the court's removal jurisdiction are often identical to those for invoking its original jurisdiction, confusion in this area of the law is common. The requirements for both relate to the same end, that is, federal jurisdiction. They are not, however, alternative means for a defendant to reach that end. Defendants must come within the court's removal jurisdiction.

The concept of original jurisdiction has no meaning with respect to a defendant. *Hur*t, 963 F.2d at 1144. The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012)(citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005)); *Horton,* 431 F.3d at 604)).

## **II. Monsanto Cannot Use The Forum Defendant Rule To Remove This Case To Federal Court.**

The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. *Perez*, 902 F.Supp.2d at 1242. The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." Id. at 1245. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant than it does of protecting the defendant from improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez v. Forest Laboratories, Inc. et al*., 902 F.Supp.2d 1238 (E.D.Mo. 2012).

The prevailing modern trend within the Eighth Circuit, to prevent pre-service removal

when a local defendant is present, is displayed in multiple rulings within the Eighth Circuit under factually similar circumstances. See *Fisher v. Forest Laboratories, Inc*., No. 4:12-cv-00322 RWS (E.D. Mo. Mar. 21, 2012), and *Hernandez v. Forest Laboratories, Inc.,* No. 4:12-cv 00321-RWS (E.D. Mo. Mar. 21, 2012).

In *Fisher the Honorable Rodney W. Sippel*, United States District Judge for the Eastern District of Missouri, sua sponte rejected the defendants' attempts to remove cases that involved a local defendant, *Forest Pharmaceuticals, Inc*., despite the fact that the local defendant had not yet been served. *Fisher*, No. 4:12-cv-00322-RWS (E.D. Mo. Mar. 21, 2012). In *Fisher*, Judge Sippel noted that the defendants removed the cases only five days after the cases were filed and found that "it would be especially absurd to interpret the same 'joined and served' requirement to actually condone a similar kind of gamesmanship from defendants – removing before service, in order to later claim federal jurisdiction." *Fisher*, No. 4:12-cv-00322- RWS, slip op. at p. 3 n.3, quoting Allen v. GlaxoSmithKline PLC, 2008 WL 2247067, *4 (E.D. Pa. May 30, 2008);

Judge Sippel reasoned that the policy behind the removal statute and the forum defendant rule required remand under such circumstances. Judge Webber also decided this issue in *Hensley v. Forest Pharmaceuticals, Inc.,* 21 F. Supp. 3d 1030 (E.D. Mo. 2014). Judge Webber found the removing defendant's behavior to be egregious because it gained knowledge of the action and filed its removal notice before service could be effectuated; consequently, "strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum-defendant rule." *Hensley*, 21 F. Supp. 3d at 1036; accord *Rogers v. Boeing Aero. Operations, Inc*., 13 F. Supp. 3d 972, 977 (E.D. Mo. 2014) (noting an exception to the plain language rule and giving an example of an egregious case leading

to an absurd result where "an out-of-state defendant – or even a forum defendant – has "hawked" the state court docket and removed before service to any defendant has occurred").

Several recent decisions of this Court on this issue and which involved Monsanto are instructive here. In *Bailey v. Monsanto Co.*, 176 F.Supp. 3d 853,865 (E.D. Mo. 2016), the Court, after citing all of the legal propositions and principles of law as set forth herein, held that strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the Forum Defendant Rule.

Moreover, the Court noted, the *Bailey* case would be considered an "egregious" one because it was removed six days after the state lawsuit was filed and before any defendant had been served. *Bailey,* 176 F.Supp. 3d at 866.

Most recently in a case dealing with Monsanto's Roundup products, *Gray v. Monsanto Co.*, 2018 WL 488935 *3 (E.D. Mo. January 19, 2018), this Court specifically held that where Monsanto removed the state court lawsuit to this Court 15 days after the state court filing, such time frame "clearly" did not allow plaintiff sufficient time to serve it. Gray, 2018 WL at *3. According to this Court, it appeared that Monsanto was engaging in "procedural gamesmanship" to keep the case out of state court. Id. (emphasis added).

The Court in *Laster and Heizen* also followed this reasoning. *Laster v. Monsanto Co.*, 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); *Heinzen v. Monsanto Co.*, 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018). The Court in these cases came to similar conclusions that "Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed." *Laster*, 2018 WL at * 3. This case cannot be distinguished from *Perez, Gray, Laster or Heizen*. The irrationality of

allowing a forum defendant to "hawk" the docket and remove the action to federal court pre service to purportedly avoid any "home court" bias of the state court – especially where St. Louis County is Monsanto's home court and they are the only named Defendant, is jarring. This argument further strains credulity when the Court takes into account that the Plaintiffs in this scenario are all out-of-state litigants.

Defendant Monsanto is a Missouri resident. The forum defendant rule applies. The gamesmanship that the Defendant is engaged in is contrary to the purposes of the removal protections as stated above. The Plaintiffs have stated in their petition that it is not their goal to enforce federal law. The Defendant's true goal is not to avoid any home town bias but rather to force the Plaintiffs into the multidistrict litigation against their wishes.

Considering the modern trend to disallow gamesmanship by defendants, and because "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010). This Court should remand this action for lack of subject matter jurisdiction.  Aden is currently not represented by counsel and soon will file motions to remand to State Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' concurrently-filed Motion to Vacate CTO-113 with respect to Aden is due to be granted.  As shown above, Plaintiffs' intends to file Motion to Remand before the Eastern District of Missouri is due to be granted and transfer to the MDL would be inefficient and would not conserve judicial resources.  Therefore, Plaintiff respectfully requests that this Panel vacate CTO-113 as it relates to Plaintiff in the Aden matter.

Respectfully submitted:

___/S/Aubrey Aden_____
  Aubrey Aden
  108 Aubrey Aden Road
  Carriere, Ms. 39426
  Pro Se Litigant