**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: | ROUNDUP PRODUCTS ) | |
| | LIABILITY LITIGATION ) | MDL NO. 2741 |

Relates to:

Gaudencio Chavez and
Barbara Carter v.
Monsanto Company
Case No. 4:18-CV-02143

Proceeding in the United States
District Court for the Eastern
District of Missouri

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE
<u>CONDITIONAL TRANSFER ORDER NO. 116</u>**

Plaintiffs, Gaudencio Chavez and Barbara Carter, move this Panel to vacate Conditional Transfer Order No. 116 ("CTO-116") issued by the Judicial Panel on Multidistrict Litigation on January 4, 2018, which included the above-captioned action. Plaintiffs respectfully move to vacate CTO-116 (the "Motion to Vacate" or "Motion") with respect to their individual action (4:18-CV-02143), which Defendant Monsanto Company ("Monsanto") removed to the United States District Court for the Eastern District of Missouri from the state court jurisdiction in which it was originally filed by Plaintiffs: the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, 18SL-CC04822.

On the same day that the Panel filed CTO-116, January 4, 2019, Plaintiffs had already filed their Motion to Remand this action from the Eastern District of Missouri to the Twenty-First Judicial Circuit Court. This motion is fully briefed and currently pending for decision by the Eastern District of Missouri. To avoid the possibility of conflicting determinations of Plaintiffs' pending motion for remand, and the inefficiency of necessitating that Plaintiffs file a second

1

remand motion in the transferee MDL court, as well as for the reasons set forth below, Plaintiffs respectfully request that this Panel vacate CT0-116.

## BACKGROUND

Plaintiffs are individuals who seek recovery for damages they incurred and continue to incur as a result of developing non-Hodgkin lymphoma ("NHL"), which was directly and proximately caused by Monsanto's negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promotion, marketing, distribution, and sale of the products known as Roundup® (hereinafter the "Roundup Products").

Plaintiffs filed their action on December 21, 2018 in the Twenty-First Judicial Circuit Court of St. Louis County, Missouri, seeking damages arising from Plaintiff Gaudencio Chavez's development of NHL, including damages suffered by his wife, Plaintiff Barbara Carter. Mr. Chavez's cancer was caused by his use of Monsanto's unreasonably dangerous and defective Roundup® Products. Mr. Chavez purchased, used and/or otherwise was exposed to Monsanto's Roundup® Products. He developed NHL as a direct and proximate result of his exposure to the unreasonably dangerous Roundup® Products and/or their active ingredient glyphosate. This exposure occurred because of Monsanto's wrongful and negligent conduct in the design, development, manufacture, testing, packaging, promotion, marketing, distribution, and/or sale of its Roundup® Products. Plaintiffs' petition sounds only in state law and raises no federal subject matter. Plaintiffs properly brought their state law claims against Monsanto in the Circuit Court of the County of St. Louis, State of Missouri. Further, Plaintiffs properly served Monsanto with a copy of the complaint less than 48 hours after the Summons was issued by the Circuit Court of the County of St. Louis, and the very next morning after Monsanto sought removal to this Court.

Monsanto is a resident of the State of Missouri in the County of St. Louis. On December 26, 2018, the Circuit Court of the County of St. Louis issued the Summons to Monsanto in the civil case filed by Plaintiffs. On December 27, 2018, at 11:16 a.m., Monsanto filed the Notice of Removal with the United States District Court for the Eastern District of Missouri that is the subject of Plaintiffs' pending motion to remand. The sole grounds for the asserted removal was diversity of citizenship under § 1332(a). The morning of the next business day, December 28, 2018, at 9:51 a.m., Plaintiffs served Monsanto's registered agent in St. Louis County with a copy of the Summons and their Petition.

Plaintiffs have already filed a Motion to Remand in the district court demonstrating that removal is improper and done in bad faith. (Plaintiffs' Motion to Remand and Memorandum in Support, filed January 4, 2019, is attached as Ex. 1). The grounds for remand back to the state court jurisdiction where Plaintiffs chose to file their action, pursuant to 28 U.S.C. § 1447(c), were that under the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2), the federal district court lacked subject matter jurisdiction over this case. The sole defendant in Plaintiffs' action, Monsanto, is a resident of the State of Missouri in the County of St. Louis, and therefore is a forum defendant. Monsanto was properly served with the complaint fewer than 24 hours after it sought removal of Plaintiffs' action to federal court on the basis of diversity jurisdiction.

Monsanto argued in response to Plaintiffs' remand motion that its removal was proper because it was prior to service (yet one day *after* issuance of the summons from the 21st Judicial Circuit Court and *six* days *after* Plaintiffs had filed their complaint against Monsanto). However, as Plaintiffs argued in greater detail in their brief in support of their motion to remand, Monsanto, as the sole defendant, may not circumvent the forum defendant rule by a premature removal and

3

procedural gamesmanship that is inconsistent with the underlying rationale of the rule. *See Gray v. Monsanto Company*, No. 4:17CV2882 HEA, slip op. at *2 (E.D. Mo. Jan. 19, 2018).

## ARGUMENT

### I. Federal Courts Lack Jurisdiction Over this Action

#### A. This Case was Wrongfully Removed from State Court, and Plaintiffs' Motion to Remand Should Be Decided Prior to Any Transfer of this Action

"Without jurisdiction [a] court cannot proceed at all in any case." *Steel Co. v. Citizensfor a Better Env't,* 523 U.S. 83, 94 (1998). Thus, "the first and fundamental question is that of jurisdiction." *Id.* "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* (internal quotations omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America ,* 511 U.S.375, 377 (1994). "It is presumed that a cause lies outside [federal courts'] limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Therefore, the Supreme Court has required that jurisdiction be established as a threshold matter. *Steel Co.,* 523 U.S. at 94-5.

"Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* Either a court has jurisdiction or it does not and, therefore, a court has the power to preside over a case or it does not. *See id.* This axiom is equally applicable to MDL proceedings. It cannot reasonably be disputed that a transfer to an MDL proceeding is a judicial act that greatly impacts a plaintiff's ability to proceed with his case. Consistent with *Steel Co.,* if such a transfer is effectuated, this is an act which should be taken only by a court that possesses jurisdiction over the matter. This is even more important in this case, where the Plaintiffs' Motion for Remand is fully briefed (including

Monsanto's opposition briefing and Plaintiffs' reply) and is only awaiting decision by the Eastern District of Missouri. In the event that the district court decides in favor of Plaintiffs' and finds subject matter jurisdiction is lacking such that the case must be remanded to state court, an immediate conflict and inefficiency of already strapped judicial resources is put into play.

In its initial transfer order creating the MDL proceeding, this Panel contemplated that "Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to discovery, privilege, and *Daubert* motion practice); and conserve the resources of the parties, their counsel, and the judiciary." *In re: Roundup Prod. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (U.S. Jud. Pan. Mult. Lit. 2016). In this case, transfer to the MDL in light of a fully-briefed and ripe for decision Motion to Remand does precisely the opposite: it sets up the possibility of inconsistent rulings and wastes the resources of the parties, their counsel, and the judiciary. For these reasons, transfer is not warranted.

## II.   This Action is Not Properly Transferrable to MDL

In order for an action to be transferred to MDL, (1) the action must involve one or more common questions of fact with the consolidated actions; (2) the transfer of the action must be for the convenience of parties and witnesses; and (3) the transfer of the action must promote the just and efficient conduct of such actions. 28 U.S.C.A. §1407(a). Although this action may involve common questions of fact with the consolidated actions, that factor, standing alone, is not sufficient to warrant transfer. Further, convenience and efficiency require that jurisdiction be resolved by the district court prior to transfer.

### A.   Convenience, Judicial Economy, and the Conservation of Resources of the Parties Require Jurisdiction Be Resolved Prior to Any Transfer

The transfer of this action would inconvenience Plaintiffs by extending the process and delaying the determination of remand, and would open the possibility of conflicting remand

orders in two different district courts. Here, the District Court for the Eastern District of Missouri is not only *a* proper forum-but *the* proper forum-to determine jurisdiction in Plaintiffs' case. Because the issue of remand does not raise issues exclusively within the expertise of the transferee court, the transfer of this action prior to the determination of jurisdiction would inconvenience the parties and serve no purpose other than unnecessarily delaying pretrial proceedings and duplication of efforts and expense in yet another federal court jurisdiction which, under the current budget constraints and shutdown, cannot afford such waste. Thus, principles of judicial economy as well as conservation of all parties' resources require that jurisdiction be resolved prior to transfer.

### B. Efficiency Requires Jurisdiction to be Resolved Prior to Any Transfer

Many courts are of the opinion that addressing remand issues prior to transfer by the MDL Panel is generally a more efficient use of judicial resources than handing it off to the transferee court. *See, e.g., T F. ex rel. Foster v. Pfizer, Inc.,* No. 4:12CV1221 CDP, 2012 WL 3000229, *1 (E.D. Mo. July 23, 2012); *Villarreal v. Chrysler Corp.,* No. C-95-4414 FMS, 1996 WL 116832 *1 (N.D. Cal. Mar. 12, 1996); *Hilbert v. Aeroquip, Inc.,* 486 F.Supp.2d 135, 142 (D. Mass. 2007); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.,* 987 F.Supp 1186, 1189 (N.D. Cal. 1997). The just and efficient resolution of Plaintiffs' action would be best served by allowing the issue of remand to be determined immediately by the district court. If jurisdiction is found to be lacking, any time Plaintiffs spent in MDL awaiting a hearing on their Motion to Remand will have been needlessly wasted.

The just and efficient resolution of this action is not furthered by the transferee court resolving case-specific jurisdictional issues that can and should be resolved prior to transfer in the district court. For these reasons, the transfer of this action would in no way promote the just and efficient resolution of this action.

**CONCLUSION AND PRAYER**

Federal courts are charged with determining subject-matter jurisdiction before taking any action in a case. The statute on multidistrict litigation does not create jurisdiction where it otherwise does not exist. Because the district court lacks jurisdiction over this action and the removal was done in bad faith, this Court also lacks jurisdiction over this action. Even the benefits of consolidation cannot substitute for jurisdiction where there has been an improper removal in bad faith and contravention of the purpose for the federal statutory "forum defendant" rule.

For the foregoing reasons, 28 U.S.C.A. §1407 mandates this action remain pending in the Eastern District of Missouri until such time as the district court resolves the pending jurisdictional issue. Accordingly, Plaintiffs respectfully request that this Panel vacate CT0-116, and grant such other relief to which Plaintiffs are justly entitled.

This 24th day of January, 2019.

Respectfully submitted,

*/s/ Jessica L. Richman*

**PARKER WAICHMAN LLP**
Jessica L. Richman
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 466-6500
Fax: (516) 466-6665
jrichman@yourlawyer.com

*and*

**HOLLAND LAW FIRM**
Eric D. Holland
300 N. Tucker Blvd., Ste. 801
Saint Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 24th day of January, 2019, to all counsel of record.

/s/ Jessica L. Richman