# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | | |
|---|---|---|---|
| IN RE: | **ROUNDUP PRODUCTS** | ) | |
| | **LIABILITY LITIGATION** | ) | **MDL NO. 2741** |

## MEMORANDUM BRIEF OF PLAINTIFFS IN SUPPORT OF THEIR MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 116 (CTO-116) AS TO THEIR LAWSUIT

Plaintiffs listed in the attached Schedule of Actions, pending in the U.S.D.C. for the Eastern District of Missouri (MOE) ("*Plaintiffs*"), respectfully submit this memorandum in support of their motion for an order vacating Conditional Transfer Order No. 116, filed on January 4, 2018, as it pertains to their lawsuits. The *Plaintiffs'* lawsuits appear on CTO-116 solely because they were noticed to the JPML by Defendant as potential tag-along actions. These Plaintiffs thereafter opposed the CTO. The CTO should remain stayed and thereafter vacated with respect to Plaintiffs for the following reasons:

## I.    CTO-116 SHOULD REMAIN STAYED UNTIL THE REMAND MOTION WHICH IS UNDER SUBMISSION HAS BEEN DECIDED.

**A.**    Defendant Monsanto Company, a Missouri citizen, is not entitled to remove this case, which was filed in Missouri state court, on the basis of diversity of citizenship since it is a forum defendant.

**B.**    The Eastern District of Missouri has already considered Monsanto's Removal arguments and held Monsanto's snap removal gamesmanship is in violation of the forum defendant rule and constitutes a jurisdictional defect in the Eighth Circuit. *See Heinzen v. Monsanto Co.*, 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018), *Gray v. Monsanto Co.,* No. 4:17CV2882 HEA, 2018 WL 488935, at *3 (E.D. Mo. Jan. 19, 2018), *Laster v. Monsanto Co.,* No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018) **(Attached as Exhibits A, B, and C).**

1

**C.**     Despite clear precedent from the Eastern District, *Plaintiffs* were wrongly removed from the state court where they were filed (before a summons was even issued) and they are due to be remanded to the state court from which they were wrongly removed.

**D.**     The motion to remand *Plaintiffs* to the state court is pending before the federal court to which the cases were removed, and briefing on that motion was completed on January 17, 2019.  The remand motion has been under submission in that federal court since that date and there is a motion for an expedited ruling pending.  The current docket sheets are attached **Exhibit D**, and they indicate the submission date.  Oral argument on the remand motion has not been ordered, so the last brief in the matter, filed on January 17, 2019, is the submission date. U.S.D.C. Eastern District of Missouri, Local Rules 7-4.01 and 78-4.02.

**D.**     Considering the *Heinzen, Gray and Laster* decisions, the *Plaintiffs* expect that the order of remand they have moved for will be issued shortly.  When that occurs, CTO-116, as it pertains to their actions, will be a nullity.  The suits will have been returned to the state court from which they were wrongly removed.

**E.**     The JPML should continue to stay the effectiveness of CTO-116 with respect to *Plaintiffs* until the putative transferor court has ruled on the submitted motion to remand.  The expected remand will spare the JPML, the putative transferor court, and the putative transferee MDL court from the needless expenditure of resources on cases for which there are no federal jurisdiction.  In that respect, *Plaintiffs*, once the remand occurs, will be on the same footing as other cases Defendant wrongly removed from state court and noticed to the JPML as potential tag-alongs in this MDL.

F.      The flaws in Defendant's removal are egregious and show that Defendant has abused the JPML's procedures and the purpose of 28 U.S.C. § 1407. They have done so to thwart and defeat the interests of these state-court claimants in a just resolution of their claims.

G.      The Defendant, rather than noticing tag-along actions for the proper purpose of 28 U.S.C. § 1407 – which is the attainment of efficient pre-trial proceedings in related cases over which federal courts have jurisdiction – has removed state-courts suits over which no federal court has jurisdiction. The abuse, if unchecked, threatens to burden the MDL court with litigation and proceedings that it otherwise would and should be spared. It threatens to increase the expenses of all claimants in the MDL and to burden these Plaintiffs and Defendant with expenses for a massive federal case that cannot possibly be resolved to judgment in the courts where their claim eventually must be heard, which are the state courts from which the Defendant wrongly removed them. The JPML should not abet that abuse and reward it by transferring cases clearly lacking removal jurisdiction.

H.      Monsanto is a forum defendant and removal jurisdiction is lacking. That conclusion cannot be disputed, as the points and authorities below clearly and overwhelmingly demonstrate.

## II.    CTO-116 SHOULD BE VACATED WITH RESPECT TO *PLAINTIFFS* BECAUSE REMOVAL JURISDICTION IS LACKING.

Defendant Monsanto Company wrongfully removed *Plaintiffs* to federal court based solely on traditional diversity, despite acknowledging its status as a Missouri citizen and forum-defendant. Monsanto, a resident of the state in which this suit was filed and the only defendant in this case, may not properly remove this case to federal court on diversity grounds. Accordingly, the removal was improper and these matters are due to be remanded to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri.

The removal is defective and in violation of 28 U.S.C. § 1441(b)(2), which provides that a case, which is removable solely on diversity grounds, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Even if there is some latitude for a non-resident defendant to remove a case before any forum defendant is "joined and served," a forum defendant itself cannot do so. The putative transferor court recently ruled on this identical issue in *Heinzen v. Monsanto Co.*, 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018) – finding Monsanto failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the putative transferor court lacks jurisdiction, and it should remand the cases to the state court from which they were wrongly removed, the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, State of Missouri.

## A.   **PROCEDURAL HISTORY**

Plaintiffs are non-Missouri citizens who filed their Petition in the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri. Defendant Monsanto Company is a Delaware corporation with its headquarters and principal place of business in the State of Missouri. Defendant Monsanto removed these actions prior to a summons being issued for service. In ¶ 9 of its Notice of Removal, Monsanto states that it "has not been served with the Petition in the State Court Action." This argument has been heard by this Court numerous times in this same litigation and repeatedly found that a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, and this Court lacks subject matter jurisdiction over this matter and remand is required. *See e.g., Heinzen v. Monsanto Co.*, 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018), *Gray v. Monsanto Co.*, No. 4:17CV2882 HEA, 2018 WL 488935, at *3 (E.D. Mo. Jan. 19,

4

2018), *Laster v. Monsanto Co.*, No. 4:18-CV-397 CAS, 2018 WL 1566846, at *3 (E.D. Mo. Mar. 30, 2018).

Defendant Monsanto Company's haste to get the cases removed is no more than a calculated tactic to transfer these cases to an MDL in which they do not belong, prior to a ruling on the Motion to Remand, to delay Plaintiffs their day in court. The flaws of the removal are transparent and the remand analysis straight-forward.

C.    **ARGUMENT**

1.    **Removal is not proper for this case as there exists no "federal question" and, under 28 U.S.C. § 1441(b), Defendant Monsanto Company is a forum defendant incapable of removal jurisdiction.**

Removal of these cases by Defendant Monsanto Company is not proper. Under 28 U.S.C. § 1441(b)(2) Defendant Monsanto Company, a citizen of the state of Missouri, may not remove a case brought in the state of Missouri.

Since the effect of removal is to deprive the state court of an action otherwise properly before it, removal raises significant federalism concerns which mandate strict construction of the removal statute in favor of state court jurisdiction and against removal. *See, e.g.*, *Merrell Dow Pharmaceutical, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Additionally, courts throughout the land have steadfastly acknowledged that a plaintiff is the master of his complaint and choice of forum. *Healy v. Sea Gull Specialty Co.*, 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) (the "plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23, 33 S.Ct. 410, 411,

57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely upon"). Accordingly, the plaintiffs' choice of forum should rarely be disturbed.

Defendant Monsanto Company, as the removing party, bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). An action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the defendant parties is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2).

Because Defendant Monsanto Company is a Missouri citizen, it may not remove these cases, which were brought in Missouri, on the basis of diversity jurisdiction. Therefore, for the federal court to divest the Missouri state court of its rightful jurisdiction over these cases, the federal court must first find there exists federal subject matter jurisdiction on the basis of a federal question. Defendant Monsanto Company does not argue Plaintiffs have raised a "federal question" in their lawsuit.

Rather, Defendant Monsanto Company claims that these cases are removable based on diversity because Defendant Monsanto Company is a Missouri citizen and all Plaintiffs are non-Missouri citizens. However, a voluntary appearance by the forum defendant satisfies the "properly joined and served" requirement. *See Thrifty Supply Co. of Seattle, Inc. v. Slakey Bros.*, 2004 WL 1686945 (D. Ore. July 26, 2004). Filing a notice of removal is a voluntary appearance equivalent to service of process. *See Jordan v. Unified Gov't of Wyandotte County*, 100 F.Supp.3d 1111, 1121 (D. Kan. 2015); *Sanders v. South Carolina Dept. of Corrections*, 2004 WL 2944083, *3 (D. S.C. Mar. 1, 2004). As a matter of Missouri law, other than objecting to jurisdiction, "if a party

takes any action in a case which recognizes the case as being in court, this will amount to a general appearance." *Germanese v. Champlin*, 540 S.W.2d 109, 112 (Mo. App., St.L. 1976), *accord KNT Management, Inc., LLC v. Flenoid*, 419 S.W.3d 897, 900 (Mo. App., E.D. 2014) ("the test of general appearance . . . is whether the defendant becomes an actor in the cause"). "It has long been the rule in Missouri that it is immaterial . . . whether a party appears voluntarily or by summons." *Thelen v. Ekberg*, 167 S.W.2d 645, 649 (Mo. App., K.C. 1942). *See also Carter v. Guffey*, 548 S.W.2d 233, 235 (Mo. App., K.C. 1977) (jurisdiction over a party "does not vest only by a petition and service of process . . . but also by his voluntary appearance").

Under the above authorities, Monsanto's voluntary appearance to attempt removal correspondingly made it, a forum defendant, a party as effectively as if served, thereby satisfying § 1441(b)(2)'s "properly joined and served" requirement and blocking removal.  Monsanto had to appear as a party in order to file a notice of removal because "[i]t is axiomatic that…removal can be achieved only by a defendant, who is by implication a party to the state court action." *Adams v. Adminastar Defense Services, Inc.*, 901 F.Supp. 78, 79-80 (D. Conn. 1995) (*citing Housing Auth. Of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *In re MacNeil Bros.*, 259 F.2d 386, 387 (1st Cir. 1958); *Conway v. Delgado*, 1992 WL 189428 (D. D.C. July 21, 1992); *Kane v. Republica De Cuba*, 211 F.Supp. 855, 856 (D. P.R. 1962); *City of Alma v. Bell Galyardt & Wells, Inc.*, 606 F.Supp. 686, 689 (D. Neb. 1985)). *See also Rainer by and through Jenkins v. York Plaza Truck, Inc.*, 2010 WL 11562087, *4 (N.D. Ala. May 28, 2010).  The statute itself specifies that an action "may be removed by the defendant or the defendants . . . ." § 1441(a).  The alternative – concluding that it did appear by filing for removal – would mean that Monsanto had no standing to remove, which would make its removal a nullity and still require remand. In that regard, the court in *Rainer by Jenkins* held:

> Strict construction of the removal statutes requires resolution of any question concerning the propriety of removal in favor of remand. That rule applies equally to questions about whether a particular entity is a "defendant" for purposes of removal. Where there is doubt, remand is the proper course.

2010 WL 11562087 at *4. *See also Bailey*, 176 F.Supp.3d at 865.

Although deciding the case on other grounds, the court in *Campbell* aptly observed that "permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action – through delivery of summons and a copy of the complaint – is patently absurd." 925 F.Supp.2d at 809-10. That is precisely the situation here. Allowing Monsanto to appear and remove this case on the pretext that it has not yet been served would allow it to benefit from taking diametrically contradictory positions – and, moreover, to do so in order to achieve a result at odds with the purpose of the statute at issue.

Assuming arguendo that Defendant Monsanto Company's appearing to remove does not satisfy § 1441(b)(2)'s "joined and served" language, remand is nevertheless required under the majority trend, which disallows pre-service removal especially by a forum defendant, such as Defendant Monsanto Company. Decisions from this District involving the propriety or impropriety of pre-service removal are split, although the more recent trend favors granting remand. *See Bailey*, 176 F.Supp.3d at 865; *Hensley v. Forest Pharmaceuticals, Inc.*, 21 F.Supp.3d 1030 (E.D. Mo. 2014); *Perez v. Forest Laboratories, Inc.,* 902 F.Supp.2d 1238, 1245. Those decisions allowing removal follow what is characterized as strict adherence to the plain language of the statute – that nothing in the statutes expressly prohibits pre-service removal and § 1441(b)(2) only bars removal after a forum defendant is actually served. Decisions disallowing such removal and granting remand look to the obvious intent behind the "properly joined and served" language,

which was added in 1948 to "preven[t] plaintiffs from joining, but not serving, forum defendants to block removal." *Hensley,* 21 F.Supp.3d at 1033-34 (quoting *Perez,* 902 F.Supp.2d at 1245).

Most of the cases, in the Eastern District and others, involve removal by non-resident defendants before a forum defendant is served. Even in those situations, the majority trend is to disallow removal. *See Perez,* 902 F.Supp.2d at 1245. *See also In re Testosterone Replacement Therapy Prod. Liab. Litig.,* 67 F.Supp.3d 952, 960-61 (N.D. Ill. 2014) (blindly adhering to strict plain language eviscerates the forum defendant rule); *Oxendine v. Merck and Co., Inc.,* 236 F.Supp.2d 517, 524 (D. Md. 2002) (following majority in rejecting literal language approach); *In re Jean B. McGill Revocable Living Trust,* 2017 WL 75762 (N.D. Okla. Jan. 6, 2017) (a suit is not pending and, therefore, subject to removal until at least one party has been served).

An even clearer and overwhelming majority of decisions hold that a forum defendant cannot remove a case prior to its being served. *See Hawkins,* 785 F.Supp.2d at 1373 ("allowing an unserved forum defendant to remove a diversity action clearly defeats the purpose of the forum defendant rule because it enables a resident defendant, who would not be subject to presumptive local prejudice in state courts, to obtain a federal forum"); *Campbell,* 925 F.Supp.2d at 809-10 ("if the removing defendant and unserved forum defendant are the same . . . plain language might allow for removal, [h]owever, permitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made a party to the action…is patently absurd"); *Estate of Harris,* 2017 WL 3608138 at *16 (A "forum defendants cannot remove…") (*citing Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005)); *Plymouth v. Dimension Service Corp.,* 2017 WL 726943, *1 (Feb. 24, 2017) rpt. & rec. adopted 2017 WL 1276727 (S.D. Ohio Apr. 6, 2017) ("history of

removal strongly suggests that Congress never intended that in-state defendants be allowed to remove diversity cases to federal court") (*citing Martin v. Snyder*, 146 U.S. 663 (1893)).

Disallowing removal is especially appropriate where, as here, the forum defendant is also the only defendant. *See Talbot v. Tokarski*, 2014 WL 5437035, *3 (D. Mont. 10/24/2014) ("no need for protection from local bias when the sole defendant is a forum defendant"); *Allen,* 2008 WL 2247067 at *5. It is highly unlikely that any plaintiff would fraudulently join the sole defendant (and never serve it) just to block removal. Plaintiffs here have simply chosen to pursue their claims against Monsanto in the state where it has chosen to maintain its headquarters. One of the very few decision that would allow removal in such circumstance is this District's decision in *Terry*, 2010 WL 3829201, which Monsanto cites. *Terry*, however, did not consider Plaintiffs' first point—that appearing to remove satisfies being served. Moreover, Terry runs counter to the majority rule prohibiting removal by the forum defendant itself and has been expressly rejected more often than followed in that situation. *See Phillips Constr. v. Daniels Law Firm, PLLC*, 93 F.Supp.3d 544, 550-51 (S.D. W.Va. 2015); *Hawkins,* 785 F.Supp.2d at 1373, n. 14; *Campbell,* 925 F.Supp.2d 807, n.13; *Testosterone Replacement Therapy Litig.,* 67 F.Supp.3d at 959; *Perez*, 902 F.Supp.2d at 1245; *Talbot*, 2014 WL 5437035 at *2, n.1. Cases citing favorably to *Terry* have involved the 'less egregious' circumstances – removal by a non-resident defendant that has been served or notified, prior to service on the forum defendant. *See e.g. Travers v. Five Below, Inc.*, 2017 WL 2813320 (E.D. Mo. June 29, 2017); *Johnson v. Emerson Elec. Co.,* 2013 WL 5442752 (E.D. Mo. Sept. 23, 2010). Allowing non-resident defendants to remove is no precedent for allowing a forum defendant to do so. Respectfully, *Terry* should not be followed here.

This Court should follow the precedent set in *Gray, Heinzen*, and *Laster,* and find Monsanto's procedural gamesmanship does not confer federal jurisdiction over these cases.

Accordingly, removal is improper, these cases are due to be remanded, and it is improper to transfer these cases prior to any ruling from the putative transferor court.

**III.**     **CONCLUSION**

For the reasons stated herein, these cases should not be transferred to MDL 2741 and Conditional Transfer Order No. 116 should be vacated.

Respectfully submitted,

DAVIS, BETHUNE & JONES, LLC

/s/ *Grant L. Davis*

| GRANT L. DAVIS | #34799 |
|---|---|
| THOMAS C. JONES | #38499 |
| TIMOTHY C. GAARDER | #56595 |
| THOMAS E. RUZICKA | #63584 |
| JOHN S. CARROLL | #69031 |

2930 City Center Square
1100 Main Street
Kansas City, MO  64105
(816) 421-1600
(816) 472-5972 Fax
gdavis@dbjlaw.net
tjones@dbjlaw.net
tgaarder@dbjlaw.net
truzicka@dbjlaw.net
jcarroll@dbjlaw.net

and

HOLLAND LAW FIRM, LLC
Steven J. Stolze, MO #39795
Eric Holland, MO #39935
300 N. Tucker, Suite 801
St. Louis, MO  63101
Telephone (314) 640-7550
stevenstolze@yahoo.com
eholland@allfela.com
***ATTORNEYS FOR PLAINTIFFS***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 24, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

*/s/ Grant L. Davis*

2018 WL 1397533
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri, Eastern Division.

Richard HEINZEN, et al., Plaintiffs,
v.
MONSANTO COMPANY, Defendant.

No. 4:17-CV-2881 CAS
|
Signed 03/20/2018

## MEMORANDUM AND ORDER OF REMAND

CHARLES A. SHAW, UNITED STATES DISTRICT
JUDGE

**\*1** This removed matter is before the Court on plaintiffs
Richard and Katerina Heinzen's ("plaintiffs") motion to
remand the case to state court. Defendant Monsanto
Company ("Monsanto") opposes the remand, asserting
that this Court has diversity jurisdiction over the action.
Plaintiffs filed a reply and the matter is fully briefed. For
the following reasons, the Court concludes that it lacks
subject matter jurisdiction over this action because of
the presence of a forum state defendant, see 28 U.S.C. §
1441(b)(2), and therefore must grant plaintiffs' motion to
remand.

## I. Background

Plaintiffs filed this action in the Circuit Court of St.
Louis County, Missouri on September 22, 2017, asserting
claims against Monsanto for negligence, willful and
wanton misconduct, strict products liability, and loss
of consortium. Plaintiffs allege that as a result of the
exposure to Monsanto's product, Roundup®, plaintiff
Richard Heinzen developed Non-Hodgkin's Lymphoma
and has become disabled, disfigured, and impaired in
the enjoyment of life, and has experienced and will
in the future experience physical pain and mental and
emotional suffering. Plaintiff Katerina Heinzen asserts
claims for loss of consortium as a result of the injuries
suffered by her spouse Richard Heinzen. Plaintiffs allege
they are citizens of Wisconsin and that Monsanto is a
Delaware corporation with its principal place of business
in Missouri.

Monsanto removed the action to this Court on December
14, 2017, asserting that the Court has diversity jurisdiction
over this matter pursuant to 28 U.S.C. § 1332(a) because
the parties are of completely diverse citizenship and
plaintiffs' petition plausibly seeks damages in excess of
the $75,000 amount in controversy requirement. Plaintiffs
move to remand the case to state court asserting that the
Court lacks subject matter jurisdiction based on the forum
defendant rule, 28 U.S.C. § 1441(b)(2), because Monsanto
is a citizen of Missouri. Monsanto asserts that it has not
been served in the state court action and therefore the
forum defendant rule does not apply here, and the case is
removable under 28 U.S.C. § 1441(a).

In moving to remand, plaintiffs dispute the statement
in Monsanto's Notice of Removal that it "has not been
served with the Petition in the State Court Action." (Doc.
1 at 4.) Plaintiffs state that a summons for service by first
class mail was issued and mailed to Monsanto's Missouri
registered agent for service of process by the Clerk of the
St. Louis County Circuit Court on October 31, 2017, but
that neither Monsanto nor its registered agent returned
the accompanying acknowledgment. Plaintiffs assert that
because the summons and complaint were mailed by the
clerk on October 31, 2017, Monsanto's registered agent
would have received them more than 30 days before the
case was removed and therefore removal is untimely.
Plaintiffs note that Monsanto does not state how it
became aware of the state court action, and assert that it
is refusing to *acknowledge* service, which "may have made
such service ineffective, but it did not make it improper or
negate that it occurred." (Doc. 10 at 7.)

**\*2** Monsanto responds that it was never served with
the state court petition and asserts that it was plaintiffs'
responsibility, not the state court clerk's, to mail the
summons via first class mail after the clerk signed the
summons, as reflected by the directions on the summons
itself:

> The clerk should issue one copy of
> this summons for each Defendant/
> Respondent to be served by first
> class mail. Under Section 506.150.4,
> RSMo, *service by first class mail
> may be made by Plaintiff/Petitioner*
> or any person authorized to serve



process under Section 506.140,
RSMo.

(Doc. 10-1 at 2) (emphasis added). Monsanto does not dispute that state clerk issued a copy of the summons, but contends that the directions on the summons and the state court docket sheet make it clear it was plaintiffs' responsibility to download the summons and mail it. Monsanto points to a state court docket entry dated October 31, 2017 titled "Summons Issued—'1st Class Mail," that states, "Summons Attached in PDF Form for [plaintiffs'] Attorney to Retrieve from Secure Case.Net and Process for Service." ECF No. 14-1. Monsanto notes there is no additional clerk's note to indicate that the state court clerk actually mailed the summons. Monsanto also points out that the "Notice and Acknowledgment for Service by Mail," which must accompany the summons pursuant to § 506.150.4, Mo. Rev. Stat., was never signed by plaintiffs' counsel to indicate that the Notice was mailed. (See Doc. 10-1 at 1.) Monsanto also submits the Declaration of its registered agent, Corporation Service Company's ("CSC") Research Coordinator, which states that he searched CSC's Litigation Management System database and determined it had no record of receiving any service of process papers for a lawsuit filed by the Heinzens against Monsanto in the Circuit Court of St Louis County, Missouri.

## II. Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Knudsen v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "All doubts about federal jurisdiction [based on diversity of citizenship] should be resolved in favor of remand to state court." Hubbard v. Federated Mut. Ins. Cop., 799 F.3d 1224, 1227 (8th Cir. 2015). Under this presumption, "any doubts about the propriety of removal are resolved in favor of remand." Id. (citation omitted).

A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

**\*3** The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases. The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the Eighth Circuit, a violation of the forum defendant rule is a jurisdictional defect, not " 'a mere procedural irregularity capable of being waived.' " Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005) (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)). The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005)); Horton, 431 F.3d at 604)). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. Perez, 902 F.Supp.2d at 1242. The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." Id. at 1245.

## III. Discussion

Plaintiffs assert three arguments in support of their motion to remand. First, plaintiffs argue that a forum defendant such as Monsanto necessarily satisfies the "joined and served" requirement of 28 U.S.C. § 1441(b)(2) by voluntarily appearing in a case to remove it, as a voluntary appearance is well recognized as the functional equivalent of formal service. Second, plaintiffs argue that Monsanto was properly served in accordance with Missouri law because the state court clerk mailed a summons and copy of the petition to Monsanto's

registered agent on October 31, 2017, as evidenced by Exhibit 1 attached to their memorandum. (Doc. 10-1.) Third, plaintiffs argue that pre-service removal by a forum state defendant is barred by the forum defendant rule and is inconsistent with the purposes and policies of diversity jurisdiction.

Monsanto responds to plaintiffs' first argument in a footnote, characterizing the voluntary appearance argument as "absurd" but not discussing or distinguishing the case law cited by plaintiffs. Monsanto states that it first filed the Notice of Removal in federal court, and only then filed the notice of removal in state court as required by 28 U.S.C. § 1446(d). Monsanto concludes, "This is hardly a 'voluntary appearance' in state court and was made *after the case was already removed*." Def.'s Mem. Opp. at 5, n.2. As to plaintiffs' second argument, Monsanto responds that it was never served with the state court petition, as plaintiffs did not download the summons issued by the state court clerk and mail it to Monsanto's registered agent along with a copy of the complaint. Finally, Monsanto argues that the plain language of the forum defendant rule precludes removal only when there is a "properly joined and served" forum defendant, and the rule does not bar removal here because Monsanto was not served prior to removal.

In their reply memorandum, plaintiffs withdraw the argument that Monsanto was properly served with summons and petition, "which was based upon what now appears to have been miscommunications with the St. Louis County clerk's office." (Doc. 18 at 2.) As that issue is no longer in the case, the Court in the interest of judicial economy will bypass plaintiffs' first argument and address the third argument, the forum defendant rule, as it is determinative. This Court and other district courts have addressed the issue of pre-service removal, also known as "snap removal," by a forum state defendant on numerous occasions, with divergent results. See Hensley v. Forest Pharmaceuticals, Inc., 21 F.Supp.3d 1030, 1036 (E.D. Mo. 2014) (discussing differing reasoning and outcomes in Eastern District of Missouri removed cases). One approach to the issue, as urged by Monsanto, requires strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. See Bailey v. Monsanto Co., 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (collecting cases).

*4 A second approach relies on one of the Eighth Circuit's exceptions to the plain language rule, where applying the plain text of a statute leads to a result demonstrably at odds with the drafters' intent, which intent must be controlling. See Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC, 556 F.3d 690, 693-94 (8th Cir. 2009) (discussing exception). These cases reason that removal based on diversity of citizenship is premised on protecting non-resident litigants from prejudice in state court, a need that is absent where the defendant is a citizen of the state in which the case is filed. See, e.g., Perez, 902 F.Supp.2d at 1242-43; Hensley, 21 F.Supp.3d at 1035. Some cases using the second approach apply the exception only to so-called "egregious" behavior, "when either the out-of-state or the forum defendant itself removes the case before being served." Gray v. Monsanto, 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (citing cases).

This Court has observed that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." Perez, 902 F.Supp.2d at 1244. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." Id. at 1243.

When the "joined and served" language was added to Section 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by ... electronically monitoring state court dockets." Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 645-46 (D.N.J. 2008). "As a matter of common sense, ... Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." Id. at 646.

Perez, 902 F.Supp.2d at 1243.

Finally, some decisions "reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants." Gray, 2018 WL 488935, at *2 (citing Bailey, 176 F.Supp.3d at 966; Hensley, 21 F.Supp.3d at 1035;

Mikelson v. Allstate Fire and Cas. Ins. Co., 2017 634515, at *5-6 (W.D. Mo. Feb. 16, 2017); Roberts v. ITT Tech. Inst., 2016 WL 1179208, at *2, n.3 (W.D. Mo. Mar. 24, 2016)).

In Bailey v. Monsanto, the Court adopted Hensley's approach as the "better rule," stating that strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum defendant rule, particularly in light of the existence of state court electronic filing systems. 176 F.Supp.3d at 866. This Court concurs with the reasoning of Hensley and Bailey. Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the "properly joined and served" language of section 1441(b)(2) "is to eviscerate the purpose of the forum defendant rule." Sullivan, 575 F.Supp2d. at 646-47. Moreover, even if the approach should only be applied in "egregious" cases, this is clearly such a case, as forum state defendant Monsanto is the sole defendant. As the Court observed in Perez, "it is absurd to interpret the 'joined and served' requirement to condone this kind of gamesmanship from defendants." See also Gray, 2018 WL 488935, at *3 ("It appears that [Monsanto] is engaging in procedural gamesmanship to keep the case out of state court.").

*5 Because a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, see Horton, 431 F.3d at 604-05, this Court lacks subject matter jurisdiction over this matter and remand is required.

**IV. Conclusion**

For the foregoing reasons, the Court concludes that Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

**All Citations**

Slip Copy, 2018 WL 1397533

---

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2018 WL 488935
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri, Eastern Division.

John GRAY, Plaintiff,

v.

MONSANTO COMPANY, Defendant.

Case No. 4:17CV2882 HEA

|

Signed 01/19/2018

**Attorneys and Law Firms**

Sarah Shoemake Doles, Carey and Danis, Clayton, MO, for Plaintiff.

Christine F. Miller, Gregory J. Minana, Erik L. Hansell, Husch Blackwell, LLP, St. Louis, MO, Gregory S. Chernack, Hollingsworth, L.L.P., Washington, DC, for Defendant.

<u>**OPINION, MEMORANDUM AND ORDER**</u>

HENRY EDWARD AUTREY, UNITED STATES DISTRICT JUDGE

**\*1** This matter is before the Court on plaintiff's Motion to Remand, [Doc. No. 7]. Defendant has filed a response in opposition, and Plaintiff has filed a reply.

**Background**

On November 29, 2017, Plaintiff initiated this action in the Circuit Court of St. Louis County, Missouri, asserting a design defect claim, a failure to warn claim and a negligence claim against Defendant. Plaintiff alleges that as a result of his exposure to Defendant's product, Roundup, he has suffered and continues to suffer grave injuries. Plaintiff alleges that he is a citizen of Tennessee and that Defendant is a Delaware corporation with its headquarters and principal place of business in Missouri.

Defendant removed the action to this Court on December 14, 2017, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). In the instant motion

plaintiff argues that because Defendant's principal place of business is Missouri, this case should be remanded pursuant to the forum defendant rule, 28 U.S.C. § 1441(b)(2). Defendant opposes remand, asserting that it has not been "properly joined and served," as required by § 1441(b)(2).

**Legal Standards**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The "forum defendant" rule—set forth in 28 U.S.C. § 1441(b)(2)—imposes an additional restriction on the removal of diversity cases. Specifically, the statute provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

EXHIBIT

B

## Discussion

In the Eighth Circuit, a violation of the forum defendant rule introduces a jurisdictional defect and not " 'a mere procedural irregularity capable of being waived.' " *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)). And the substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1241 (E.D. Mo. 2012) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton*, 431 F.3d at 604). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. *Perez*, 902 F. Supp. 2d at 1242. Critically, the "joined and served" language provides a safety valve for the rule: it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." *Id.* at 1245.

**\*2** There is "much disagreement on whether to invoke the forum defendant rule in cases of pre-service removal." *Boschert v. Wright Med. Grp., Inc.*, No. 4:15–CV–00211 (AGF), 2015 WL 1006482, at \*2 (E.D. Mo. Mar. 6, 2015). And because remand orders are generally unappealable, the Eighth Circuit has not resolved the discord. *See* 28 U.S.C. § 1447(d); *Johnson v. Emerson Elec. Co.*, No. 4:13–CV–1240 (JAR), 2013 WL 5442752, at \*3 (E.D. Mo. Sept. 30, 2013). In large part, the different views expressed by the courts arise from tension between the plain text of 28 U.S.C. § 1441(b)(2) and its presumed purpose; that friction is only compounded by the holding of *Horton* in which the Eighth Circuit reaffirmed the jurisdictional nature of the rule.

One approach involves strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. *See, e.g., Johnson*, 2013 WL 5442752, at \*4; *Terry v. J.D. Streett & Co.*, No. 4:09–CV–1471 (FRB), 2010 WL 3829201, at \*2 (E.D. Mo. Sept. 23, 2010); *Taylor v. Cottrell, Inc.*, No. 4:09–CV–536 (HEA), 2009 WL 1657427, at \*2 (E.D. Mo. June 10, 2009); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08–CV–1879 (JCH), 2009 WL 213013 (E.D. Mo. Jan. 28, 2009); *Johnson v. Precision Airmotive, LLC*, No. 4:07–CV–1695 (CDP), 2007 WL

4289656, at \*3–4 (E.D. Mo. Dec. 4, 2007). Among the reasons provided for these decisions, is the Eighth Circuit's prescription that "[w]hen the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances the sole function of the courts is to enforce [the statute] according to its terms." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1165 (8th Cir. 1995) (internal quotation marks and citations omitted).

Other decisions have seized upon the Eighth Circuit's exceptions to the plain language rule–where a scrivener's error produces an absurd result or where the plain text leads to a result at odds with the drafters' intent. *See Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014) (citing *Owner–Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693–94 (8th Cir. 2009)). In accordance with this premise, district courts have carved out exceptions to the "joined and served," language, deeming their analysis the "congressional intent" approach. *See, e.g., Mikelson*, No. 16–01237–CV–W–RK, 2017 WL 634515, at \*4 (W.D. Mo. Feb. 16, 2017). Some courts only apply this exception in so-called "egregious" cases of docket hawking. *See Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977–78 (E.D. Mo. 2014) (reasoning that because such egregious behavior did not occur, the plain language of the rule applied, and interpreting the text to mean that "an out-of-state defendant may remove a diversity case if at least one defendant–and no forum defendant– has been served"). This occurs when either the out-of-state or the forum defendant itself removes the case before being served. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244–45 (E.D. Mo. 2012) (noting that "a forum defendant's pre-service removal is a particularly egregious violation of the rationale underlying the forum defendant rule"); *Rozelle v. Reinsurance Grp. of Am., Inc.*, No. 4:13–CV–02417 (ERW), 2014 WL 272300, at \*3 (E.D. Mo. Jan. 23, 2014); *see also Prather v. Kindred Hosp.*, No. 14–0828–CV–W–FJG, 2014 WL 7238089, at \*4 (W.D. Mo. Dec. 17, 2014). These "egregious" cases involve behavior that "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez*, 902 F. Supp. 2d at 1243.

**\*3** While some "congressional intent" courts have carved a relatively narrow exception to the forum defendant rule, others have taken a blunter instrument to the text.

Those courts reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants. *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. Mar 31, 2016); *Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014); *see, e.g., Mikelson v. Allstate Fire and Cas. Ins. Co.*, No. 16–01237–CV–W–RK, 2017 WL 634515, at *5–6 (W.D. Mo. Feb. 16, 2017); *Roberts v. ITT Tech. Inst.*, No. 16–00030–CV–W–ODS, 2016 WL 1179208, at *2 n.3 (W.D. Mo. Mar. 24, 2016) (reasoning that gamesmanship has no bearing on the forum defendant inquiry).

Here, Plaintiff filed the action in state court on November 29, 2017 and Defendant removed a mere 15 days thereafter, clearly not allowing Plaintiff sufficient time to serve it. See *Perez*, 902 F. Supp. 2d at 1245 (ordering remand where the *out–of–state* defendant removed the case only six days after plaintiffs filed the complaint and before *any* defendant was served).

Even more egregious is the fact that Defendant, the forum defendant, is the *only* defendant in this action. It appears that Defendant is engaging in procedural gamesmanship to keep the case out of state court. *See Perez*, 902 F. Supp. 2d at 1242–43. Therefore, although this Court believes the plain text is ordinarily decisive of this question, it is notable that policy purposes underlying the "joined and served" language (to prevent procedural gamesmanship) are well-served in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. No. 7] is granted.

**All Citations**

Slip Copy, 2018 WL 488935

---

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

2018 WL 1566846
Only the Westlaw citation is currently available.
United States District Court,
E.D. Missouri, Eastern Division.

Donna LASTER, et al, Plaintiffs,
v.
MONSANTO COMPANY, et al., Defendants.

No. 4:18–CV–397 CAS
|
Signed 03/30/2018

**Attorneys and Law Firms**

John J. Driscoll, Driscoll Firm, P.C., Paul W. Johnson, SL Chapman LLC, St. Louis, MO, for Plaintiffs.

Erik L. Hansell, Husch Blackwell, LLP, St. Louis, MO, for Defendants.

**MEMORANDUM AND ORDER OF REMAND**

CHARLES A. SHAW, UNITED STATES DISTRICT JUDGE

**\*1** This removed matter is before the Court on plaintiffs Donna Laster, Roland Levesque, Alonzo Alford, Perry Wright, Tonya Coker, John Kouril, Constance Critelli, Individually and as Personal Representative of the Estate of Joseph Critelli, Deceased, and Lynette Ludwig's ("plaintiffs") motion to remand the case to state court. Defendants Monsanto Company ("Monsanto"), Osborn & Barr Communications, Inc., and Osborne & Barr Holdings, Inc. (collectively the "Osborn & Barr defendants") have not opposed the motion to remand and the time to do so has passed. For following reasons, the Court concludes that it lacks subject matter jurisdiction over this action because of the presence of forum state defendants, see 28 U.S.C. § 1441(b)(2), and therefore must grant plaintiffs' unopposed motion to remand.

**I. Background**
Plaintiffs filed this action in the Circuit Court of the City of St. Louis, Missouri on March 7, 2018. Generally speaking, the Petition asserts state law products liability, tort, and statutory claims and seeks monetary damages for plaintiffs' personal injuries and wrongful death allegedly caused by their exposure to defendants' Roundup® herbicide products. Plaintiffs' Petition alleges they are "residents" of various states other than Missouri, that Monsanto is a Delaware corporation with its principal place of business in Missouri, and that the Osborn & Barr defendants are Missouri corporations with their principal places of business in Missouri.

Monsanto removed the action to this Court two days after it was filed, on March 9, 2018, 2017, asserting that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are of completely diverse citizenship and plaintiffs' Petition plausibly seeks damages in excess of the $75,000 amount in controversy requirement. The Notice of Removal asserts that because none of the defendants have been served with summons and petition, "the forum defendant rule of 28 U.S.C. § 1441(b)(2) does not apply here, and this case is removable under 28 U.S.C. § 1441(a)." Doc. 1 at 5.

Plaintiffs move to remand the case to state court asserting that the Court lacks subject matter jurisdiction based on the forum defendant rule, because all of the defendants are citizens of Missouri. Plaintiffs state that the forum defendant rule is jurisdictional, citing Horton v. Conklin, 431 F.3d 602, 602 (8th Cir. 2005).

**II. Legal Standards**
"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Knudsen v. Systems Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), as are removal statutes. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). "All doubts about federal jurisdiction [based on diversity of citizenship] should be resolved in favor of remand to state court." Hubbard v. Federated Mut. Ins. Cop., 799 F.3d 1224, 1227 (8th Cir. 2015). Under this presumption, "any doubts about the propriety of removal are resolved in favor of remand." Id. (citation omitted).

**\*2** A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28

EXHIBIT
C

U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule, codified at 28 U.S.C. § 1441(b)(2), imposes an additional restriction on the removal of diversity cases. The statute provides, "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the Eighth Circuit, a violation of the forum defendant rule is a jurisdictional defect, not " 'a mere procedural irregularity capable of being waived.' " Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)). The substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Perez v. Forest Labs., Inc., 902 F.Supp.2d 1238, 1241 (E.D. Mo. 2012) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005); Horton, 431 F.3d at 604) ...). The forum defendant rule is based on the reasoning that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. Perez, 902 F.Supp.2d at 1242. The statute's "joined and served" language provides a safety valve for the rule, as it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." Id. at 1245.

### III. Discussion

Plaintiffs assert that pre-service removal by a forum state defendant is barred by the forum defendant rule and is inconsistent with the purposes and policies of diversity jurisdiction, citing Pecherski v. General Motors Corp., 636 F.2d 1156, 1158–60 (8th Cir. 1981), and a number of decisions from this Court, including Perez, 902 F.Supp.2d 1238, and Bailey v. Monsanto, 176 F.Supp.3d 853 (E.D. Mo. 2016).

This Court and other district courts have addressed the issue of pre-service removal by a forum state defendant, also known as "snap removal," on numerous occasions

with divergent results. See Hensley v. Forest Pharms., Inc., 21 F.Supp.3d 1030, 1036 (E.D. Mo. 2014) (discussing differing reasoning and outcomes in Eastern District of Missouri removed cases). One approach to the issue requires strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. See Gray v. Monsanto Co., 2018 WL 488935, at *2 (E.D. Mo. Jan. 19, 2018) (collecting cases).

A second approach relies on one of the Eighth Circuit's exceptions to the plain language rule, where applying the plain text of a statute leads to a result demonstrably at odds with the drafters' intent, which intent must be controlling. See Owner–Operator Indep. Drivers Ass'n v. United Van Lines, LLC, 556 F.3d 690, 693–94 (8th Cir. 2009) (discussing exception). These cases reason that removal based on diversity of citizenship is premised on protecting non-resident litigants from prejudice in state court, a need that is absent where the defendant is a citizen of the state in which the case in filed. See, e.g., Perez, 902 F.Supp.2d at 1242–43; Hensley, 21 F.Supp.3d at 1035. Some cases using the second approach apply the exception only to so-called "egregious" behavior, "when either the out-of-state or the forum defendant itself removes the case before being served." Gray, 2018 WL 488935, at *2 (citing cases).

**\*3** This Court has observed that "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." Perez, 902 F.Supp.2d at 1244. "Pre-service removal by means of monitoring the electronic docket smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." Id. at 1243.

When the "joined and served" language was added to Section 1441(b) in 1948, "Congress could not possibly have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by...electronically monitoring state court dockets." Sullivan v. Novartis Pharms. Corp., 575 F.Supp.2d 640, 645–46 (D.N.J. 2008). "As a matter of common sense,...Congress did not add the "properly joined and served" language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of

removal before the plaintiffs can serve process." Id. at 646.

Perez, 902 F.Supp.2d at 1243.

Finally, some decisions "reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants." Gray, 2018 WL 488935, at *2 (citing Bailey, 176 F.Supp.3d at 866; Hensley, 21 F.Supp.3d at 1035; Mikelson v. Allstate Fire and Cas. Ins. Co., 2017 WL 634515, at *5–6 (W.D. Mo. Feb. 16, 2017); Roberts v. ITT Tech. Inst., 2016 WL 1179208, at *2, n.3 (W.D. Mo. Mar. 24, 2016) ).

In Bailey v. Monsanto, the Court adopted Hensley's approach as the "better rule," stating that strict adherence to the language of the statute would be inconsistent with the fundamental purposes of removal and in contravention of the legislative intent behind the forum defendant rule, particularly in light of the existence of state court electronic filing systems. Bailey, 176 F.Supp.3d at 866. This Court concurs with the reasoning of Hensley and Bailey, and recently adopted it in Heinzen v. Monsanto Co., 2018 WL 1397533, at *4 (E.D. Mo. Mar. 20, 2018).

Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the "properly joined and served" language of section 1441(b)(2) "is to eviscerate the purpose of the forum defendant rule." Sullivan, 575 F.Supp2d. at 646–47. Moreover, even if the approach should only be applied in "egregious" cases, this is clearly such a case, as all of the defendants are forum state defendants. As the Court observed in Perez, "[I]t is absurd to interpret the 'joined and served' requirement to condone this kind of gamesmanship from defendants." See also Gray, 2018 WL 488935, at *3 ("It appears that [Monsanto] is engaging in procedural gamesmanship to keep the case out of state court.").

Because a violation of the forum defendant rule constitutes a jurisdictional defect in the Eighth Circuit, see Horton, 431 F.3d at 604–05, this Court lacks subject matter jurisdiction over this matter and remand is required.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Monsanto has failed to meet its burden to show by a preponderance of the evidence that removal of this action was proper. As a result, the Court lacks subject matter jurisdiction over this action and it must be remanded to the state court from which it was removed.

**\*4** Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

### All Citations

Slip Copy, 2018 WL 1566846

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

## U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:18-cv-02119-CAS

| | |
|---|---|
| Benton et al v. Monsanto Company | Date Filed: 12/20/2018 |
| Assigned to: District Judge Charles A. Shaw | Jury Demand: Both |
| Case in other court: Circuit Court, St. Louis County, Missouri, 18SL-CC04759 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1332 Diversity-(Citizenship) | Jurisdiction: Diversity |

**Plaintiff**

**Teresa Benton**                    represented by    **Grant L. Davis**
                                                        DAVIS AND BETHUNE
                                                        1100 Main Street
                                                        2930 City Center Square
                                                        Kansas City, MO 64105
                                                        816-421-1600
                                                        Fax: 816-472-5972
                                                        Email: gdavis@dbjlaw.net
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jim Bewley**                       represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Boone**                     represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gwendolyn Bullard**                represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Greg Davis**                       represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Featherston**                represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donnie Fulmer**                    represented by    **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

EXHIBIT

D

**Jerry Groves**                          represented by   **Grant L. Davis**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


**Plaintiff**

**Robert Harris**                         represented by   **Grant L. Davis**
                                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Monsanto Company**                      represented by   **Erik L. Hansell**
                                                           HUSCH BLACKWELL, LLP
                                                           190 Carondelet Plaza
                                                           Suite 600
                                                           St. Louis, MO 63105
                                                           314−480−1500
                                                           Fax: 314−480−1505
                                                           Email: erik.hansell@huschblackwell.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2018 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Court, case number 18SL−CC04759, with receipt number 0865−6938053, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 3 | SUPPLEMENTAL − State Court Docket Sheet. (BAK) (Entered: 12/20/2018) |
| 12/20/2018 | 4 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by James Featherston, Sandra Boone, Donnie Fulmer, Robert Harris, Jim Bewley, Jerry Groves, Teresa Benton, Gwendolyn Bullard, Greg Davis.(BAK) (Entered: 12/20/2018) |
| 12/20/2018 |  | Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. and all non−governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate  (moed−0001.pdf). Judge Assigned: U.S. Magistrate Judge Noelle C. Collins. (BAK) (Entered: 12/20/2018) |
| 12/20/2018 | 5 | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C. Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 12/20/2018) |
| 12/21/2018 | 6 | ANSWER to Complaint by Monsanto Company.(Hansell, Erik) (Entered: 12/21/2018) |
| 12/27/2018 | 7 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: State Court − Executed (Hansell, Erik) (Entered: 12/27/2018) |
| 01/03/2019 | 8 | MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri by Plaintiffs Teresa Benton, Jim Bewley, Sandra Boone, Gwendolyn Bullard, Greg Davis, James Featherston, Donnie Fulmer, Jerry Groves, Robert Harris. (Davis, Grant) (Entered: 01/03/2019) |

| 01/03/2019 | 9 | MEMORANDUM in Support of Motion re 8 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri filed by Plaintiffs Teresa Benton, Jim Bewley, Sandra Boone, Gwendolyn Bullard, Greg Davis, James Featherston, Donnie Fulmer, Jerry Groves, Robert Harris. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Davis, Grant) (Entered: 01/03/2019) |
|---|---|---|
| 01/04/2019 | | Notice from Clerk instructing Plaintiffs Teresa Benton, Jim Bewley, Sandra Boone, Gwendolyn Bullard, Greg Davis, James Featherston, Donnie Fulmer, Jerry Groves, Robert Harris, Defendant Monsanto Company to submit Notice regarding Magistrate Judge Jurisdiction. Click here for the instructions. (BRP) (Entered: 01/04/2019) |
| 01/04/2019 | 10 | MOTION to Expedite *Ruling on Motion to Remand* by Plaintiffs Teresa Benton, Jim Bewley, Sandra Boone, Gwendolyn Bullard, Greg Davis, James Featherston, Donnie Fulmer, Jerry Groves, Robert Harris. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Davis, Grant) (Entered: 01/04/2019) |
| 01/07/2019 | 11 | ORDER : IT IS HEREBY ORDERED that the Clerk of the Court shall randomly reassign this case to a United States District Judge for all further proceedings. Signed by Magistrate Judge Noelle C. Collins on 01/07/2019. (KCB) (Entered: 01/07/2019) |
| 01/07/2019 | 12 | REASSIGNMENT ORDER (GJL). Pursuant to the order entered on January 7, 2019, by Magistrate Judge Noelle C. Collins, IT IS HEREBY ORDERED that the above styled cause is randomly reassigned from Magistrate Judge Noelle C. Collins to District Judge Charles A. Shaw. (KXS) (Entered: 01/07/2019) |
| 01/09/2019 | 13 | Docket Text ORDER: IT IS HEREBY ORDERED that for all future filings, the parties shall comply with Section II.F. of the Administrative Procedures for CM/ECF, and the instructions that appear in red text on the CM/ECF filing screens, by labeling each exhibit to any filed document with both an exhibit designation and a brief description of the exhibit. Signed by District Judge Charles A. Shaw on January 9, 2019. (SMH) (Entered: 01/09/2019) |
| 01/10/2019 | 14 | MEMORANDUM in Opposition re 8 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri, and in the alternative MOTION For Temporary Stay Pending JPML Transfer Ruling filed by Defendant Monsanto Company. (Hansell, Erik) **[Docket text expanded to reflect title of document.Modified on 1/11/2019 (MRC).]** (Entered: 01/10/2019) |
| 01/11/2019 | 15 | RESPONSE in Opposition re 10 MOTION to Expedite *Ruling on Motion to Remand* filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/11/2019) |
| 01/17/2019 | 16 | REPLY MEMORANDUM in Support of Motion re 8 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri filed by Plaintiffs Teresa Benton, Jim Bewley, Sandra Boone, Gwendolyn Bullard, Greg Davis, James Featherston, Donnie Fulmer, Jerry Groves, Robert Harris. (Davis, Grant) **[Attorney filing error. Incorrect filing event was used. Docket text entry modified to reflect document filed. Modified on 1/18/2019 (MRC).]** (Entered: 01/17/2019) |

**U.S. District Court**
**Eastern District of Missouri (St. Louis)**
**CIVIL DOCKET FOR CASE #: 4:18−cv−02122−AGF**

Davis et al v. Monsanto Company
Assigned to: District Judge Audrey G. Fleissig
Case in other court:  Circuit Court of St. Louis County,
                      18SL−CC04756
Cause: 28:1332 Diversity−(Citizenship)

Date Filed: 12/20/2018
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Larry Davis**                      represented by   **Grant L. Davis**
                                                      DAVIS AND BETHUNE
                                                      1100 Main Street
                                                      2930 City Center Square
                                                      Kansas City, MO 64105
                                                      816−421−1600
                                                      Fax: 816−472−5972
                                                      Email: gdavis@dbjlaw.net
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Randall Dougan**                   represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Curtis Grider**                    represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emanuel Jones**                    represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Munn**                      represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gloria Tucker**                    represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jim Wood**                         represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

Lester Harris                          represented by   **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*


**Plaintiff**

Lewis Finley                           represented by   **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*


**Plaintiff**

Billy Veazey                           represented by   **Grant L. Davis**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*


V.

**Defendant**

Monsanto Company                       represented by   **Erik L. Hansell**
                                                        HUSCH BLACKWELL, LLP
                                                        190 Carondelet Plaza
                                                        Suite 600
                                                        St. Louis, MO 63105
                                                        314-480-1500
                                                        Fax: 314-480-1505
                                                        Email: erik.hansell@huschblackwell.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/20/2018 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Court, case number 18SL-CC04756, with receipt number 0865-6938542, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 4 | Petition (Removal/Transfer) Received From: Circuit Court of St. Louis County, filed by Gloria Tucker, Curtis Grider, Jim Wood, Lewis Finley, Randall Dougan, Lester Harris, Larry Davis, Emanuel Jones, Billy Veazey, Donald Munn.(MFG) (Entered: 12/21/2018) |
| 12/21/2018 | 3 | ANSWER to Complaint by Monsanto Company.(Hansell, Erik) (Entered: 12/21/2018) |
| 12/21/2018 | | Case Opening Notification: All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. and all non-governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed-0001.pdf). Judge Assigned: Honorable Shirley P. Mensah. (MFG) (Entered: 12/21/2018) |
| 12/21/2018 | 5 | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 12/21/2018) |
| 12/27/2018 | 6 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: State Court - Executed (Hansell, Erik) (Entered: 12/27/2018) |

Case: 4:18-cv-2122   As of: 01/24/2019 10:29 AM CST   3 of 3

| 01/03/2019 | 7 | MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri by Plaintiffs Larry Davis, Randall Dougan, Lewis Finley, Curtis Grider, Lester Harris, Emanuel Jones, Donald Munn, Gloria Tucker, Billy Veazey, Jim Wood. (Davis, Grant) (Entered: 01/03/2019) |
|---|---|---|
| 01/03/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri filed by Plaintiffs Larry Davis, Randall Dougan, Lewis Finley, Curtis Grider, Lester Harris, Emanuel Jones, Donald Munn, Gloria Tucker, Billy Veazey, Jim Wood. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Davis, Grant) (Entered: 01/03/2019) |
| 01/04/2019 | 9 | MOTION to Expedite *Ruling on Motion to Remand* by Plaintiffs Larry Davis, Randall Dougan, Lewis Finley, Curtis Grider, Lester Harris, Emanuel Jones, Donald Munn, Gloria Tucker, Billy Veazey, Jim Wood. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Davis, Grant) (Entered: 01/04/2019) |
| 01/08/2019 | 10 | CJRA ORDER (GJL). Magistrate Judge Shirley Padmore Mensah termed. Case reassigned to District Judge Audrey G. Fleissig for all further proceedings (KXS) (Entered: 01/08/2019) |
| 01/10/2019 | 11 | MEMORANDUM in Opposition re 7 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/10/2019) |
| 01/11/2019 | 12 | RESPONSE in Opposition re 9 MOTION to Expedite *Ruling on Motion to Remand* filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/11/2019) |
| 01/17/2019 | 13 | MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court for St. Louis County, Missouri filed by Plaintiffs Larry Davis, Randall Dougan, Lewis Finley, Curtis Grider, Lester Harris, Emanuel Jones, Donald Munn, Gloria Tucker, Billy Veazey, Jim Wood. (Davis, Grant) (Entered: 01/17/2019) |

**U.S. District Court**
**Eastern District of Missouri (St. Louis)**
**CIVIL DOCKET FOR CASE #: 4:18-cv-02147-CDP**

Healy et al v. Monsanto Company
Assigned to: District Judge Catherine D. Perry
Case in other court:  Circuit Court, St. Louis County, Missouri,
          18SL-CC04814
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 12/27/2018
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Delores Healy**                 represented by   **Grant L. Davis**
                                                    DAVIS AND BETHUNE
                                                    1100 Main Street
                                                    2930 City Center Square
                                                    Kansas City, MO 64105
                                                    816-421-1600
                                                    Fax: 816-472-5972
                                                    Email: gdavis@dbjlaw.net
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Liza Hubbard**                  represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linda Johnston**                represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Keathley**              represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Edward Kolaczewski**            represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Patricia Lehne**                represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Lane**                  represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

Leah Larsen                          represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vickie Minick**                    represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sandra Raper**                     represented by   **Grant L. Davis**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**                 represented by   **Erik L. Hansell**
                                                      HUSCH BLACKWELL, LLP
                                                      190 Carondelet Plaza
                                                      Suite 600
                                                      St. Louis, MO 63105
                                                      314−480−1500
                                                      Fax: 314−480−1505
                                                      Email: erik.hansell@huschblackwell.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2018 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Court, case number 18SL−CC04814, with receipt number 0865−6946004, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Hansell, Erik) (Entered: 12/27/2018) |
| 12/27/2018 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Hansell, Erik) (Entered: 12/27/2018) |
| 12/27/2018 | 3 | ANSWER to Complaint by Monsanto Company.(Hansell, Erik) (Entered: 12/27/2018) |
| 12/27/2018 | 4 | SUPPLEMENTAL − State Court Docket Sheet. (BAK) (Entered: 12/27/2018) |
| 12/27/2018 | 5 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by Patricia Lehne, Linda Johnston, Charles Lane, Vickie Minick, Liza Hubbard, Leah Larsen, Delores Healy, Charles Keathley, Sandra Raper, Edward Kolaczewski.(BAK) (Entered: 12/27/2018) |
| 12/27/2018 | | Case Opening Notification: All non−governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate (moed−0001.pdf). Judge Assigned: U.S. District Judge Catherine D. Perry. (BAK) (Entered: 12/27/2018) |
| 01/02/2019 | 6 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: State Court − Executed (Hansell, Erik) (Entered: 01/02/2019) |
| 01/03/2019 | 7 | MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri by Plaintiffs Delores Healy, Liza Hubbard, Linda Johnston, Charles Keathley, Edward Kolaczewski, Charles Lane, Leah Larsen, Patricia Lehne, Vickie Minick, Sandra Raper. (Davis, Grant) (Entered: 01/03/2019) |

Case: 4:18-cv-2147   As of: 01/24/2019 10:30 AM CST   3 of 3

| 01/03/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Delores Healy, Liza Hubbard, Linda Johnston, Charles Keathley, Edward Kolaczewski, Charles Lane, Leah Larsen, Patricia Lehne, Vickie Minick, Sandra Raper. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Davis, Grant) (Entered: 01/03/2019) |
|---|---|---|
| 01/04/2019 | 9 | MOTION to Expedite *Ruling on Motion to Remand* by Plaintiffs Delores Healy, Liza Hubbard, Linda Johnston, Charles Keathley, Edward Kolaczewski, Charles Lane, Leah Larsen, Patricia Lehne, Vickie Minick, Sandra Raper. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Davis, Grant) (Entered: 01/04/2019) |
| 01/10/2019 | 10 | MEMORANDUM in Opposition re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/10/2019) |
| 01/11/2019 | 11 | RESPONSE in Opposition re 9 MOTION to Expedite *Ruling on Motion to Remand* filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/11/2019) |
| 01/17/2019 | 12 | REPLY MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Delores Healy, Liza Hubbard, Linda Johnston, Charles Keathley, Edward Kolaczewski, Charles Lane, Leah Larsen, Patricia Lehne, Vickie Minick, Sandra Raper. (Davis, Grant) (Entered: 01/17/2019) |

**U.S. District Court**
**Eastern District of Missouri (St. Louis)**
**CIVIL DOCKET FOR CASE #: 4:18−cv−02146−CAS**

Mize et al v. Monsanto Company
Assigned to: District Judge Charles A. Shaw
Case in other court:  Circuit Court, St. Louis County, Missouri,
                 18SL−CC04815
Cause: 28:1332 Diversity−(Citizenship)

Date Filed: 12/27/2018
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Billy Mize**                                   represented by   **Grant L. Davis**
    DAVIS AND BETHUNE
    1100 Main Street
    2930 City Center Square
    Kansas City, MO 64105
    816−421−1600
    Fax: 816−472−5972
    Email: gdavis@dbjlaw.net
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Larry Mize**                                   represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Orlando Moore**                                represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Moreland**                               represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ronald Painter**                               represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Patterson**                              represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Tommie Robertson**                             represented by   **Grant L. Davis**
    (See above for address)
    *LEAD ATTORNEY*
    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Todd Zettie**                    represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Don Walker**                     represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dana Wolford**                   represented by   **Grant L. Davis**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Monsanto Company**               represented by   **Erik L. Hansell**
                                                    HUSCH BLACKWELL, LLP
                                                    190 Carondelet Plaza
                                                    Suite 600
                                                    St. Louis, MO 63105
                                                    314−480−1500
                                                    Fax: 314−480−1505
                                                    Email: erik.hansell@huschblackwell.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/27/2018 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Court, case number 18SL−CC04815, with receipt number 0865−6945985, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Hansell, Erik) (Entered: 12/27/2018) |
| 12/27/2018 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Hansell, Erik) (Entered: 12/27/2018) |
| 12/27/2018 | 3 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by David Patterson, Orlando Moore, Tommie Robertson, Don Walker, Larry Mize, Todd Zettie, Billy Mize, James Moreland, Dana Wolford, Ronald Painter.(BAK) (Entered: 12/27/2018) |
| 12/27/2018 | 4 | SUPPLEMENTAL − State Court Docket Sheet. (BAK) (Entered: 12/27/2018) |
| 12/27/2018 |   | Case Opening Notification: All non−governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate  (moed−0001.pdf). Judge Assigned: U.S. District Judge Charles A. Shaw. (BAK) (Entered: 12/27/2018) |
| 12/27/2018 | 5 | ANSWER to Complaint by Monsanto Company.(Hansell, Erik) (Entered: 12/27/2018) |
| 01/02/2019 | 6 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: State Court − Executed (Hansell, Erik) (Entered: 01/02/2019) |
| 01/03/2019 | 7 | MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri by Plaintiffs Billy Mize, Larry Mize, Orlando Moore, James Moreland, Ronald Painter, David Patterson, Tommie Robertson, Don Walker, Dana Wolford, Todd Zettie. (Davis, Grant) (Entered: 01/03/2019) |

| 01/03/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Billy Mize, Larry Mize, Orlando Moore, James Moreland, Ronald Painter, David Patterson, Tommie Robertson, Don Walker, Dana Wolford, Todd Zettie. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Davis, Grant) (Entered: 01/03/2019) |
|---|---|---|
| 01/04/2019 | 9 | MOTION to Expedite *Ruling on Motion to Remand* by Plaintiffs Billy Mize, Larry Mize, Orlando Moore, James Moreland, Ronald Painter, David Patterson, Tommie Robertson, Don Walker, Dana Wolford, Todd Zettie. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Davis, Grant) (Entered: 01/04/2019) |
| 01/10/2019 | 10 | MEMORANDUM in Opposition re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri, and in the alternative,MOTION For Temporary Stay Pending JPML Transfer Ruling filed by Defendant Monsanto Company. (Hansell, Erik)**[Docket text expanded to reflect title of document. Modified on 1/11/2019 (MRC).]** (Entered: 01/10/2019) |
| 01/11/2019 | 11 | RESPONSE in Opposition re 9 MOTION to Expedite *Ruling on Motion to Remand* filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/11/2019) |
| 01/17/2019 | 12 | REPLY MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Billy Mize, Larry Mize, Orlando Moore, James Moreland, Ronald Painter, David Patterson, Tommie Robertson, Don Walker, Dana Wolford, Todd Zettie. (Davis, Grant) **[Attorney filing error. Incorrect filing event was used. Docket text entry modified to reflect document filed. Modified on 1/18/2019 (MRC).]** (Entered: 01/17/2019) |

# U.S. District Court
## Eastern District of Missouri (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:18-cv-02116-CDP

Roberts et al v. Monsanto Company
Assigned to: District Judge Catherine D. Perry
Case in other court:  Circuit Court, St. Louis County, Missouri,
          18SL-CC04750
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 12/20/2018
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Jimmy Roberts**

    represented by    **Grant L. Davis**
DAVIS AND BETHUNE
1100 Main Street
2930 City Center Square
Kansas City, MO 64105
816-421-1600
Fax: 816-472-5972
Email: gdavis@dbjlaw.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Dora Rodgers**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Donald Owens**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Rick Naylor**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Michael Owney**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Pendergrass**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Sanders**

    represented by    **Grant L. Davis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Johnnie Stone                    represented by  **Grant L. Davis**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**Monsanto Company**             represented by  **Erik L. Hansell**
                                                 HUSCH BLACKWELL, LLP
                                                 190 Carondelet Plaza
                                                 Suite 600
                                                 St. Louis, MO 63105
                                                 314−480−1500
                                                 Fax: 314−480−1505
                                                 Email: erik.hansell@huschblackwell.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 12/20/2018 | 1 | NOTICE OF REMOVAL from St. Louis County Circuit Coourt, case number 18SL−CC04750, with receipt number 0865−6937761, in the amount of $400 Jury Demand,, filed by Monsanto Company. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet, # 3 Original Filing Form)(Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: Plaintiff (Hansell, Erik) (Entered: 12/20/2018) |
| 12/20/2018 | 3 | SUPPLEMENTAL − State Court Docket Sheet. (BAK) (Entered: 12/20/2018) |
| 12/20/2018 | 4 | Petition (Removal/Transfer) Received From: Circuit Court, St. Louis County, Missouri, filed by James Pendergrass, Donald Owens, Thomas Sanders, Dora Rodgers, Johnnie Stone, Rick Naylor, Jimmy Roberts, Michael Owney.(BAK) (Entered: 12/20/2018) |
| 12/20/2018 | | Case Opening Notification: All non−governmental organizational parties (corporations, limited liability companies, limited liability partnerships) must file Disclosure of Organizational Interests Certificate  (moed−0001.pdf). Judge Assigned: U.S. District Judge Catherine D. Perry. (BAK) (Entered: 12/20/2018) |
| 12/21/2018 | 5 | ANSWER to Complaint by Monsanto Company.(Hansell, Erik) (Entered: 12/21/2018) |
| 12/27/2018 | 6 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendant Monsanto Company Sent To: State Court − Executed (Hansell, Erik) (Entered: 12/27/2018) |
| 01/03/2019 | 7 | MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri by Plaintiffs Rick Naylor, Donald Owens, Michael Owney, James Pendergrass, Jimmy Roberts, Dora Rodgers, Thomas Sanders, Johnnie Stone. (Davis, Grant) (Entered: 01/03/2019) |
| 01/03/2019 | 8 | MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Rick Naylor, Donald Owens, Michael Owney, James Pendergrass, Jimmy Roberts, Dora Rodgers, Thomas Sanders, Johnnie Stone. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Davis, Grant) (Entered: 01/03/2019) |
| 01/04/2019 | 9 | MOTION to Expedite *Ruling on Motion to Remand* by Plaintiffs Rick Naylor, Donald Owens, Michael Owney, James Pendergrass, Jimmy Roberts, Dora Rodgers, Thomas Sanders, Johnnie Stone. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Davis, Grant) (Entered: 01/04/2019) |
| 01/10/2019 | 10 | MEMORANDUM in Opposition re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/10/2019) |

| 01/11/2019 | 11 | RESPONSE in Opposition re 9 MOTION to Expedite *Ruling on Motion to Remand* filed by Defendant Monsanto Company. (Hansell, Erik) (Entered: 01/11/2019) |
| 01/17/2019 | 12 | REPLY MEMORANDUM in Support of Motion re 7 MOTION to Remand Case to State Court to Circuit Court of St. Louis County, Missouri filed by Plaintiffs Rick Naylor, Donald Owens, Michael Owney, James Pendergrass, Jimmy Roberts, Dora Rodgers, Thomas Sanders, Johnnie Stone. (Davis, Grant) Modified on 1/18/2019 (MCB). (Entered: 01/17/2019) |