BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS LIABILITY
LITIGATION                                                                                          MDL No. 2741

*Bromley, et al. v. Monsanto Company*, E.D. Missouri, Cause No. 4:16-cv-00044

MEMORANDUM IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 118

Plaintiffs move this Panel to vacate Conditional Transfer Order No. 118 ("CTO-118"), issued in *Bromley, et al. v. Monsanto Company*, E.D. Missouri, Cause No. 4:16-cv-00044 pending in the Eastern District of Missouri, Eastern Division, which conditionally transferred this action to MDL 2741 – In Re: Roundup Products Liability Litigation. For the reasons herein below, Plaintiff requests this Panel vacate CTO-118.

I.

BACKGROUND

Plaintiffs in this case are 14 individuals (or their personal representatives) who developed a form of Non-Hodgkin's Lymphoma ("NHL") as a result of their use of Defendant Monsanto Company's (hereinafter "Monsanto") glyphosate based formulated herbicide products branded as Roundup® (herein after the "Roundup Products"). (Petition, at ¶¶ 1-90, attached as Ex. 1). Plaintiffs filed this action on January 8, 2019, in the Circuit Court, County of St. Louis, Missouri, seeking recovery for the permanent damages they sustained as a result of Monsanto's negligent, willful and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling and or sale of the Products. (Petition, ¶¶ 1-90, Ex. 1). Plaintiffs' claims are based on state law theories of liability, with causes of action for defective manufacture and design, failure to warn, violation of Missouri Merchandising

Practice Act § 407.020, negligence, and breach of express and implied warranties. (*Id.* ¶¶ 210-322).

On January 14, 2019, Monsanto removed this action to the U.S. District Court for the Eastern District of Missouri alleging "this Court has subject matter jurisdiction based on diversity of citizenship" because "Monsanto is a citizen of Missouri (which is where its principle place of business is located) and Delaware (Monsanto's state of incorporation)." (*See* Monsanto's Notice of Removal, attached as Ex. 2).

On January 17, 2019, Plaintiffs filed a Notice of Opposition to CTO-118 (attached as Ex. 3). For the reasons herein below, Plaintiffs request that this Panel vacate CTO-118.

## II.
## ARGUMENT & AUTHORITIES

A.  **FEDERAL COURTS LACK JURISDICTION OVER THIS ACTION.**

   *1.   Plaintiff's Motion to Remand should be decided prior to the transfer of this action.*

"Without jurisdiction [a] court cannot proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Thus, "the first and fundamental question is that of jurisdiction." *Id.* "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Id.* (internal quotations omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside [federal courts'] limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Therefore, the Supreme Court has required that jurisdiction be established as a threshold matter. *See Steel Co.*, 523 U.S. at 94-5.

"Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." *Id.* Either a court has jurisdiction or it does not and, therefore, a court has the power to preside over a case or it does not. *See id.* This axiom is equally applicable to MDL proceedings. It cannot be reasonably disputed that a transfer to an MDL proceeding is a judicial act that greatly impacts Plaintiffs' ability to proceed with their case. Consistent with *Steel Co.*, this is not an act which should be effectuated by a court that lacks jurisdiction.

### 2. *Monsanto's removal violates 28 U.S.C. § 1441(b)(2).*

The Court also lacks jurisdiction over the case because it was wrongfully removed from state court. Diversity jurisdiction under 28 U.S.C. § 1441(b)(2) states:

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The purpose and use of the "forum defendant rule" is thoroughly outlined in case law, including in *Lively v. Wild Oats Mkts., Inc.*, 454 F.3d 933. 940:

> The purpose of the forum defendant rule also supports treating it as a non-jurisdictional requirement. Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. *See Tosco Corp. v. Cmtys. for a Better Env't.*, 236 F.3d 495, 502 (9th Cir. 2001) ("The purpose of diversity jurisdiction is to provide a federal forum for out-of-state litigants where they are free from prejudice in favor of a local litigant." (internal quotations marks omitted)). The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court. A procedural characterization of this rule honors this purpose because the plaintiff can either move to remand the case to state court within the 30-day time limit, or allow the case to remain in federal court by doing nothing. Either way, the plaintiff exercises control over the forum.

The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Defendant's Notice of Removal argues: "In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between all parties…" *See Ex. 2, pg. 4*. Defendant ignores the diversity exception outlined in § 1441(b)(2), as Monsanto also states in the Notice of Removal that Monsanto is a citizen of Missouri, home to Monsanto's principal place of business. *Id* at *pg. 2*. As a home-forum defendant, Monsanto cannot remove itself from the jurisdiction of the courts of Missouri based on diversity of citizenship. To permit the removal of this matter from Monsanto's home-state court would be a clear violation of the forum defendant rule.

### 3. *This case was wrongfully removed from state court.*

For these reasons, removal is not warranted and, thus the federal courts lack jurisdiction over this action.

**B.    THIS ACTION IS NOT PROPERLY TRANSFERRABLE TO MDL.**

In order for an action to be transferred to MDL, (1) the action must involve one or more common questions of fact with the consolidated actions; (2) the transfer of the action must be for the convenience of parties and witnesses; and (3) the transfer of the action must promote the just and efficient conduct of such actions. 28 U.S.C.A. §1407(a). Although this action may involve common questions of fact with the consolidated actions, that factor, standing alone, is not sufficient

to warrant transfer. Further, convenience and efficiency require that jurisdiction be resolved by the district court prior to transfer.

### 1. *Convenience requires jurisdiction be resolved prior to transfer.*

The transfer of this action would inconvenience Plaintiffs by extending the process and delaying the determination of remand. The district court is not only *a* proper forum—but *the* proper forum—to determine jurisdiction. Because the issue of remand does not raise issues exclusively within the expertise of the transferee court, the transfer of this action prior to the determination of jurisdiction would inconvenience the parties and serve no purpose other than unnecessarily delaying this matter. Thus, convenience requires that jurisdiction be resolved prior to transfer.

### 2. *Efficiency requires jurisdiction to be resolved prior to transfer.*

Many courts are of the opinion that addressing remand issues prior to transfer by the MDL Panel is generally a more efficient use of judicial resources than handing it off to the transferee court. *See, e.g., T.F. ex rel. Foster v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 WL 3000229, *1 (E.D. Mo. July 23, 2012); *Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 WL 116832 *1 (N.D. Cal. Mar. 12, 1996); *Hilbert v. Aeroquip, Inc.*, 486 F.Supp.2d 135, 142 (D. Mass. 2007); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp 1186, 1189 (N.D. Cal. 1997). The just and efficient resolution of Plaintiffs' action would be best served by allowing the issue of remand to be determined immediately by the district court. If jurisdiction is found to be lacking, any time Plaintiffs spent in the MDL awaiting a hearing on their Motion to Remand will have been needlessly wasted. Plaintiffs are suffering from NHL. Justice demands that Plaintiffs' claims be heard in as timely a manner as possible. For these reasons, the transfer of this action would in no way promote the just and efficient resolution of this action.

### III.
### CONCLUSION & PRAYER

Federal courts are charged with determining subject-matter jurisdiction before taking any action in a case. The statute on multidistrict litigation does not create jurisdiction where it otherwise does not exist. Because the district court lacks jurisdiction over this action, this Court also lacks jurisdiction over this action. Even the benefits of consolidation cannot substitute for jurisdiction or improper transfer.

For the foregoing reasons, 28 U.S.C.A. §1407 mandates this action remain pending in the Eastern District of Missouri, Eastern Division until such time as the district court resolves the pending jurisdictional issue. Accordingly, Plaintiffs respectfully request that this Panel vacate CTO-118 as it relates to this matter, and grant such other relief to which Plaintiffs are justly entitled.

Dated: January 24, 2019                    Respectfully submitted,

                                           /s/ Eric D. Holland
                                           ERIC D. HOLLAND
                                           Holland Law Firm
                                           300 N. Tucker Blvd., Suite 801
                                           St. Louis, MO 63101
                                           TEL: 314-241-8111
                                           FAX: 314-241-5554
                                           Email: eholland@allfela.com


                                           **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of January, 2019, I served *Plaintiffs' Memorandum in Support of Motion to Vacate Conditional Transfer Order No. 118* on all counsel of record using the CM/ECF System which will send notification of such filing to all counsel of record, in accordance with the Federal Rules of Civil Procedure.

/s/ Eric D. Holland
ERIC D. HOLLAND
Holland Law Firm
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
TEL: 314-241-8111
FAX: 314-241-5554
Email: eholland@allfela.com