# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD BERNARD BROMLEY, BRUCE WAYNE BUDROW, SAMUEL LOUIS CRACCHIOLA, NATHAN LEE DAVIS, MICHAEL WALTER DEVEREAUX, KATHLEEN ANN DICKENSON, MARIA MARGERETE HOWARD, WENDY JEAN ISBELL, SABRINA LYNN KEENE, WALTER HENRY LEE, ROBERT MENARD LYNCH, MICHAEL JOSEPH MCALOON, TRON CHRISTOPHER PAGE, and ERNEST LEROY SHARPE,<br><br>      Plaintiffs,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>      Defendant. | Case No. 4:19-cv-00044<br><br>JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

Defendant Monsanto Company ("Monsanto"), by filing this Notice of Removal and related papers, removes this lawsuit from the Twenty-First Judicial Circuit Court for St. Louis County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### Introduction

In this products liability lawsuit, plaintiffs sue Monsanto Company ("Monsanto") for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Farmers have used glyphosate-based herbicides for decades to increase crop yields. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace,

the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer.  Nevertheless, plaintiffs allege here that they developed cancer – specifically, non-Hodgkin's lymphoma ("NHL") – caused by exposure to Roundup®-branded herbicides.  Numerous federal lawsuits filed by other plaintiffs alleging that they developed NHL due to exposure to Roundup®-branded herbicides have been transferred for coordinated multidistrict litigation ("MDL") proceedings to U.S. District Judge Vince Chhabria in the Northern District of California.  *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.).

As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship.  Monsanto is a citizen of Missouri (which is where its principal place of business is located) and Delaware (Monsanto's state of incorporation).  Plaintiffs are citizens of Alaska, Connecticut, Michigan, Montana, Nebraska, Nevada, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, Utah, and Washington.  Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332.  The statutory amount-in-controversy requirement is also satisfied because plaintiffs seek damages for cancer (NHL) allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

### Basis For Removal

In support of removal, Monsanto states:

1.     Plaintiffs commenced this action in the Twenty-First Judicial Circuit Court for St. Louis County, Missouri, on or about January 8, 2019 by filing a Petition, captioned *Bromley v. Monsanto Co.,* No. 19SL-CC00092 (Mo. Cir. Ct. St. Louis Cnty.) (the "State Court Action").  A

copy of the Petition and any other papers filed in the State Court Action are attached collectively as Exhibit A.

2. Plaintiffs seek damages for NHL allegedly caused by exposure to Monsanto's Roundup®-branded herbicides. *See, e.g.*, Petition at page 2 (Introduction).

3. The Twenty-First Judicial Circuit Court for St. Louis County, Missouri, is located within the Eastern District of Missouri, Eastern Division. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

4. Plaintiff Ronald Bromley is a citizen of the State of North Dakota. Petition ¶ 1.

5. Plaintiff Bruce Budrow is a citizen of the State of Utah. *Id.* ¶ 7.

6. Plaintiff Samuel Cracchiola is a citizen of the State of Nevada. *Id.* ¶ 13.

7. Plaintiff Nathan Davis is a citizen of the State of Montana. *Id.* ¶ 18.

8. Plaintiff Michael Devereaux is a citizen of the State of Michigan. *Id.* ¶ 25.

9. Plaintiff Kathleen Dickenson is a citizen of the State of Washington. *Id.* ¶ 31.

10. Plaintiff Maria Howard is a citizen of the State of Ohio. *Id.* ¶ 36.

11. Plaintiff Wendy Isbell is a citizen of the State of Alaska. *Id.* ¶ 41.

12. Plaintiff Sabrina Keene is a citizen of the State of Oregon. *Id.* ¶ 47.

13. Plaintiff Walter Lee is a citizen of the State of Nebraska. *Id.* ¶ 52.

14. Plaintiff Robert Lynch is a citizen of the State of Connecticut. *Id.* ¶ 60.

15. Plaintiff Michael McAloon is a citizen of the State of Rhode Island. *Id.* ¶ 65.

16. Plaintiff Tron Page is a citizen of the State of South Carolina. *Id.* ¶ 70.

17. Plaintiff Ernest Sharpe is a citizen of the State of North Carolina. *Id.* ¶ 76.

18. Monsanto is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri.

Thus, Monsanto is a citizen of Missouri and Delaware.

19. The Petition seeks compensatory and punitive (exemplary) damages based on the allegations that Monsanto's Roundup®-branded herbicides caused cancer (NHL). Therefore, it is plausible from the face of the Petition that plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs. As discussed above, those cases have been transferred to the Northern District of California for coordinated MDL proceedings. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.).

20. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship between all parties (plaintiffs and Monsanto) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. Monsanto has not been served with the Petition in the State Court Action. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C § 1446(b).

22. Because Monsanto has not been served, the forum defendant rule of 28 U.S.C § 1441(b)(2) does not apply here, and this case is removable under 28 U.S.C. § 1441(a). *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (expressly ruling that forum defendant could properly remove case to federal court on basis of diversity jurisdiction when forum defendant did not accept service of the

complaint until after the notice of removal had been filed); *Johnson v. Emerson Elec. Co.*, Case No. 4:13-CV-1240-JAR, 2013 WL 5442752 (E.D. Mo. Sept. 30, 2013) (denying remand motion after pre-service removal); *Terry v. J.D. Street & Co., Inc.*, Case No. 4:09CV01471 FRB, 2010 WL 3829201 (E.D. Mo. Sept. 23, 2010) (same); *Taylor v. Cottrell, Inc.*, Case No. 4:09CV536 HEA, 2009 WL 1657427 (E.D. Mo. June 10, 2009) (same); *Brake v. Reser's Fine Foods, Inc.*, Case No. 4:08CV1879 JCH, 2009 WL 213013 (E.D. Mo. Jan. 28, 2009) (same); *Johnson v. Precision Airmotive, LLC*, Case No. 4:07CV1695 CDP, 2007 WL 4289656 (E.D. Mo. Dec. 4, 2007) (same); *see also, e.g.*, *Saratoga Advantage Trust Tech. & Commc'ns Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-cv-04881-RMW, 2015 WL 9269166 (N.D. Cal. Dec. 21, 2015) (same); *Davis v. Hoffman-LaRoche, Inc.*, Case No. 13-5051 JSC, 2014 WL 12647769 (N.D. Cal. Jan. 14, 2014) (same); *Regal Stone Ltd. v. Longs Drug Stores Cal. L.L.C.*, 881 F. Supp. 2d 1123, 1127-28 (N.D. Cal. 2012) (same). *But see, e.g.*, *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 865-66 (E.D. Mo. 2016) (granting remand motion after pre-service removal), *appeal dismissed*, (8th Cir. Mar. 16, 2017).

23. The relevant facts and procedural posture of this case are the same as the cases cited above in which federal courts denied remand motions after pre-service removals. Diversity jurisdiction exists based upon the citizenship of the parties and the amount in controversy, and lack of service of process on Monsanto renders § 1441(b)(2) inapplicable.

24. For the reasons set forth above, this lawsuit is properly removed to this Court.

25. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Twenty-First Judicial Circuit Court for the County of St. Louis, Missouri and promptly served on plaintiffs.

Dated: January 14, 2019	Respectfully submitted,

By: /s/ Erik L. Hansell
HUSCH BLACKWELL LLP
Erik L. Hansell, #51288
The Plaza in Clayton
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone:	(314) 480-1500
Facsimile:	(314) 480-1505
erik.hansell@huschblackwell.com

HOLLINGSWORTH LLP
Joe G. Hollingsworth, Esq.
(*pro hac vice* anticipated)
1350 I Street, N.W.
Washington, DC  20005
Telephone:	(202) 898-5800
Facsimile:	(202) 682-1639
jhollingsworth@hollingsworthllp.com

*Attorneys for Defendant Monsanto Company*

**CERTIFICATE OF SERVICE**

  I certify that on this 14th day of January 2018, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the Notice of Removal was caused to be served upon the following counsel via United States mail:

Eric D. Holland
R. Seth Crompton
Patrick R. Dowd
HOLLAND LAW FIRM, LLC
300 N. Tucker, Suite 801
St. Louis, MO 63101
Tel: (315) 241-8111
Fax: (314) 241-5554
Email: eholland@allfela.com
Email: scrompton@allfela.com
Email: pdowd@allfela.com

and

Jackey W. South
Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, LA 70602
Tel: (337)439-0707
Fax: (337)439-1029
Email: jsouth@lundylawllp.com

*Attorneys for Plaintiffs*

                By: /s/ Erik L. Hansell
                   Erik L. Hansell, #51288
                   HUSCH BLACKWELL LLP