# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GAUDENCIO CHAVEZ and BARBARA CARTER, | Case No.: 4:18-cv-02143-PLC |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| MONSANTO COMPANY | |
| Defendant. | |

## **MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1447(c) and for the reasons set forth in Plaintiffs' Memorandum in Support of Motion to Remand, which Plaintiffs incorporate herein by reference, Plaintiffs move for an Order remanding this action to the Circuit Court of the County of St. Louis, State of Missouri for lack of subject matter jurisdiction. Plaintiffs seek such further and other relief as may be just and proper.

Respectfully submitted,

*/s/ Eric D. Holland*
Eric D. Holland – Bar #MO39935
**HOLLAND LAW FIRM**
300 N. Tucker Blvd., Ste. 801
Saint Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com

*and*

**PARKER WAICHMAN LLP**
Jessica L. Richman
6 Harbor Park Drive
Port Washington, NY 11050
Tel: (516) 466-6500
Fax: (516) 466-6665
jrichman@yourlawyer.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 4th day of January, 2019, to all counsel of record.

>*/s/ Eric D. Holland*
>Eric D. Holland – Bar #MO39935
>**HOLLAND LAW FIRM**
>300 N. Tucker Blvd., Ste. 801
>Saint Louis, MO 63101
>Tel: (314) 241-8111
>Fax: (314) 241-5554
>eholland@allfela.com

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GAUDENCIO CHAVEZ and<br>BARBARA CARTER,<br><br>      Plaintiffs,<br><br>      v.<br><br>MONSANTO COMPANY<br><br>      Defendant. | Case No.: 4:18-cv-02143-PLC<br><br><br>**JURY TRIAL DEMANDED** |

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447(c), and for the reasons that follow, the Court should remand this action to the Circuit Court of the County of St. Louis, State of Missouri. Defendant Monsanto Company ("Monsanto"), the sole defendant, is a forum defendant who was properly served with the petition just hours after Monsanto sought removal of Plaintiffs' action to federal court on the basis of diversity jurisdiction. Thus, although Monsanto argues now that its removal is proper because it was hours prior to service, albeit one day *after* issuance of the summons from the 21st Judicial Circuit Court, the "forum defendant rule" under § 1441(b)(2) nevertheless precludes removal. Monsanto, as the sole defendant, may not circumvent the rule by a premature removal. Monsanto's maneuvers here amount to the sort of egregious conduct and procedural gamesmanship that this Court has previously held to be inconsistent with the underlying rationale of the "forum defendant rule." *Gray v. Monsanto Company*, No. 4:17CV2882 HEA, slip op. at *2 (E.D. Mo. Jan. 19, 2018). Because the Court lacks subject matter jurisdiction, the circumstances here require remand of this action to state court.

## BACKGROUND

Plaintiffs are individuals who seek recovery for damages they incurred and continue to incur as a result of developing non-Hodgkin lymphoma ("NHL"), which was directly and proximately caused by Monsanto's negligent, willful, and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promotion, marketing, distribution, and sale of the products known as Roundup® (hereinafter the "Roundup Products").

Plaintiffs filed this action on December 21, 2018, seeking damages arising from Plaintiff Gaudencio Chavez's development of NHL, including damages suffered by his wife, Plaintiff Barbara Carter. Mr. Chavez's cancer was caused by his use of Monsanto's unreasonably dangerous and defective Roundup® Products. Mr. Chavez purchased, used and/or otherwise was exposed to Monsanto's Roundup® Products. He developed NHL as a direct and proximate result of his exposure to the unreasonably dangerous Roundup® Products and/or their active ingredient glyphosate. This exposure occurred because of Monsanto's wrongful and negligent conduct in the design, development, manufacture, testing, packaging, promotion, marketing, distribution, and/or sale of its Roundup® Products.

Monsanto is a resident of the State of Missouri in the County of St. Louis. On December 26, 2018, the Circuit Court of the County of St. Louis issued the Summons in this civil case to Monsanto. On December 27, 2018, Monsanto filed the Notice of Removal with this Court that is the subject of this Motion to Remand. The sole grounds for the asserted removal was diversity of citizenship under § 1332(a). The morning of the next business day, December 28, 2018, at 9:51 a.m., Plaintiffs served Monsanto's registered agent in St. Louis County with a copy of the Summons and their Petition (attached as Exhibit 1 hereto). For the reasons set forth below,

Plaintiffs respectfully request that the Court remand this action to the St. Louis County Circuit Court.

## ARGUMENT

Federal law requires that a case be remanded from federal to state court if at any time prior to final judgment it appears that the federal court lacks subject matter jurisdiction. *See Spears v. Fresenius Medical Care North America, Inc.*, No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at *2 (E.D. Mo. June 12, 2013). Defendant bears the burden of establishing federal jurisdiction, and it must do so by a preponderance of the evidence. *See In re Prempro Prods. Liab. Litig. ["Prempro"]*, 591 F.3d 613, 619 (8th Cir. 2010).  Proper removal of a state law claim to federal court is made only through Defendant's showing that the action could have originally been filed in federal court. *See id.* at 768.  "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Spears,* 2013 WL 2643302, at *2.

Plaintiffs properly brought their state law claims against Monsanto Company ("Monsanto" or Defendant) in the Circuit Court of the County of St. Louis, State of Missouri.  Plaintiffs' petition sounds only in state law and raises no federal subject matter.  Further, Plaintiffs properly served Monsanto with a copy of the complaint less than 48 hours after the Summons was issued by the Circuit Court of the County of St. Louis, and the very next morning after Monsanto sought removal to this Court.

Monsanto's removal of this case from state court on the basis of diversity jurisdiction was premature and entirely improper under 28 U.S.C. § 1441(b) because Monsanto, as the sole defendant, is a citizen of the forum state and was properly served with the summons and complaint. Although Plaintiffs are residents of a diverse state, Monsanto is a corporation with its principal place of business in Missouri. As explained below, this Court has previously held that the "forum

3

defendant rule" pursuant to 28 U.S.C. § 1441(b) barred Monsanto's removal of this action from state court.

Under 28 U.S.C. § 1441(a), a defendant may remove a case from a state court to a federal district court if the federal courts have original jurisdiction over the case.  ***Where the federal court's original jurisdiction is based on diversity, however, § 1441(b) imposes an additional restriction known as the "forum defendant rule."***  The relevant provision provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may ***not*** be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

§ 1441(b)(2) (emphasis added).  Therefore, the presence of a local defendant at the time removal is sought bars removal. Under the forum defendant rule, removal of Plaintiffs' properly filed case from state court was defective on its face because Monsanto is a citizen of Missouri, the forum state, and the sole basis for removal asserted by Monsanto is diversity jurisdiction under § 1332(a). Notice of Removal, ¶¶ 6-7. Monsanto's status as the sole defendant in this litigation renders this rule all the more applicable.

Monsanto ignores the rules and instead argues in its removal notice that it was proper to remove this action before Monsanto was served with the complaint and that, somehow, makes the forum defendant rule inapplicable. Notice of Removal, ¶¶ 8-9.  Monsanto was served the very next morning, mere hours after it sought removal. Indeed, it was served at 9:51 a.m. on December 28, 2018.

Although Monsanto filed its removal notice after it became aware of the issued Summons, but before it was served, the question of whether pre-service removal is proper has not been resolved in the Eighth Circuit. Courts have adopted a number of approaches for resolving the matter, and the better reasoned view among courts seeks to preserve the intentions behind the

4

forum defendant rule without allowing defendants to circumvent a plaintiff's forum choice. "This Court has observed that [t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served." *Laster v. Monsanto Company*, No. 4:18–CV–397 CAS, slip op. at *3 (E.D. Mo. March 30, 2018) (citations and internal quotation marks omitted).

As the Court in *Gray* explained, "[t]he forum defendant rule is based on the reasoning that the presence of an instate defendant negates the need for protection from local biases, even in multi-defendant cases. . . . Critically, the "joined and served" language provides a safety valve for the rule: it prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." No. 4:17CV2882 HEA, slip op. at *2 (internal quotation marks and citations omitted). There, the court found that, because the forum defendant was the sole defendant and because it had removed the action only 15 days after the filing of the complaint (***thus not allowing the plaintiff sufficient time to serve it***), the defendant had engaged in procedural gamesmanship to keep the action out of state court, which contravened the underlying purpose of the rule. *See id*. at *3. Accordingly, the *Gray* court granted the plaintiff's motion to remand. *See id*. *See also Laster,* No. 4:18–CV–397 CAS, at *3 ("Given the ability of defendants to learn of lawsuits filed long before any formal service of process can occur, to blindly apply the "properly joined and served" language of section 1441(b)(2) is to eviscerate the purpose of the forum defendant rule."). That same result is the appropriate result here.

In short, Monsanto's removal to federal court was premature and improper, exhibiting precisely the gamesmanship that contravenes the purpose of the forum defendant rule. Justice and efficiency would not be served by further postponing resolution of the prefatory issue of subject matter jurisdiction.

5

## CONCLUSION

For the reasons set forth above, the Court should remand this action to the Circuit Court of the County of St. Louis, State of Missouri.

        Respectfully submitted,

        */s/ Eric D. Holland*
        Eric D. Holland – Bar #MO39935
        **HOLLAND LAW FIRM**
        300 N. Tucker Blvd., Ste. 801
        Saint Louis, MO 63101
        Tel: (314) 241-8111
        Fax: (314) 241-5554
        eholland@allfela.com

        *and*

        **PARKER WAICHMAN LLP**
        Jessica L. Richman
        6 Harbor Park Drive
        Port Washington, NY 11050
        Tel: (516) 466-6500
        Fax: (516) 466-6665
        jrichman@yourlawyer.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via the Court's CM/ECF filing system, this 4th day of January, 2019, to all counsel of record.

*/s/ Eric D. Holland*
Eric D. Holland – Bar #MO39935
**HOLLAND LAW FIRM**
300 N. Tucker Blvd., Ste. 801
Saint Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com

# EXHIBIT 1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: MAURA B MCSHANE | Case Number: 18SL-CC04822 |
|---|---|
| Plaintiff/Petitioner: GAUDENCIO CHAVEZ | Plaintiff's/Petitioner's Attorney/Address ERIC D HOLLAND SUITE 801 300 N TUCKER SAINT LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent: MONSANTO CO | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 |
| Nature of Suit: CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: MONSANTO CO
Alias:
130 SOUTH BEMISTON AVENUE
SUITE 700
CLAYTON, MO 63105

SERVE REGISTERED AGENT
CSC OF ST LOUIS COUNTY INC



COURT SEAL OF
ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

26-DEC-2018
Date
_____ Clerk

Further Information:
TLC

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Kate Miller @ CSC of St. Louis County (name) Customer Service (title).
☐ other _____
Served at 130 S. Bemiston #700, Clayton, MO 63105 (address)
in St. Louis (County/City of St. Louis), MO, on 28TH December, 2018 (date) at 9:51 AM (time).
Robert P. Thomure                     _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)  Subscribed and sworn to before me on 12-28-2018 (date).
My commission expires: 11-12-2022
Date                                   Notary Public



ROBERT L THOMURE
My Commission Expires
November 12, 2022
St. Louis County
Commission #14426906

OSCA (7-99) SM30 (SMCC) For Court Use Only: Document ID# 18-SMCC-10715   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.