**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

---

## MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-113

*Pro se* plaintiff Aubrey Aden does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto's Roundup®-branded products caused plaintiff to develop non-Hodgkin's lymphoma ("NHL").  *See* Mem. in Supp. of Mot. to Vacate CTO-113, ECF No. 830 ("Motion to Vacate").  Instead, in an effort to avoid the MDL, plaintiff opposes transfer based on his belief that Monsanto improperly removed the case to federal court under the forum defendant rule and that subject matter jurisdiction is lacking.  *See* Motion to Vacate.[1]  This is false; Monsanto's removal is based on diversity of citizenship and satisfaction of the amount in controversy requirement.  *See* Monsanto Company's Notice of Removal, *Aden v. Monsanto Co.*, 1:18-cv-00377-HSO-JCG (S.D. Miss. Nov. 29, 2018), ECF No. 1 ("*Aden* Removal Notice").

Regardless of the basis, it is well settled that this Panel does not consider the merits of

---

[1] Plaintiff incorrectly states that "[i]n its removal papers, Monsanto contends that removal is not barred by 28 U.S.C. § 1441(b) because Monsanto, although a local defendant, was not served at the time of removal," Motion to Vacate at 1.  Plaintiff also argues his case should not be transferred for the same reasons as in *Gray v. Monsanto Co.,* 2017 WL 488935 (E.D. Mo. Jan., 19, 2018); *Laster v. Monsanto Co.,* 2018 WL 1566 846 (E.D. Mo. Mar. 30, 2018); and *Heinzen v. Monsanto Co.,* 2018 WL 1397533 (E.D. Mo. Mar. 20, 2018).  Motion to Vacate at 1, 6-7.  In fact, there is no issue with the forum defendant rule of 28 U.S.C. § 1441(b) because Monsanto is not a local defendant in Mississippi and Monsanto removed the case because the Southern District of Mississippi has subject matter jurisdiction based on diversity of citizenship, s*ee Aden* Notice of Removal.  *Gray*, *Laster*, and *Heinzen* have no relevance here, since those cases involved disputes over the applicability of the forum defendant rule.

1

removal when deciding transfer issues. *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL. That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin of "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted. *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.

Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).  Plaintiff's Motion to Vacate should be denied.

I.   **BACKGROUND**

Monsanto removed this case to the Southern District of Mississippi on November 29, 2018, under 28 U.S.C. §§ 1332, 1441, and 1446. *See Aden* Removal Notice at 1-2.  The District Court for the Southern District of Mississippi provided notice to the Panel of this potential tagalong action on December 4, 2018, *see* Notice of Potential Tag-along Action from District

Court - MSS, ECF No. 751, and plaintiff opposed its transfer on December 14, 2018.  *See* Notice

of Opp'n to CTO-113, ECF No. 779.  On January 16, 2019, Monsanto filed a Motion to Stay in

the Southern District of Mississippi to stay the case from proceeding until after the JPML rules

on the transfer of this case to the MDL.  *See* Motion to Stay Rule 16(a) Initial Order Pending

Transfer Ruling By Judicial Panel on Multidistrict Litigation, *Aden v. Monsanto Co.*, 1:18-cv-

00377-HSO-JCG (S.D. Miss. Jan. 16, 2019), ECF No. 12.  On January 25, 2019, the Court

granted the motion, ordering that "[p]roceedings in this matter are stayed and deadlines

terminated due to the Judicial Panel on Multidistrict of Litigation's Conditional Transfer Order

to transfer this case to the MDL court."  *See* Text Only Order, *Aden v. Monsanto Co.*, 1:18-cv-

00377-HSO-JCG (S.D. Miss. Jan. 25, 2019).

## II.     ARGUMENT

### A.     The Panel Should Transfer This Action to MDL No. 2741.

#### 1.     This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's

claims.  By plaintiff's own description, *see* Motion to Vacate at 1, this case shares common

questions of fact with those already consolidated in MDL No. 2741.  *See supra* at 1-2; *see also In

re: Roundup*, 214 F. Supp. 3d at 1348 ("Issues concerning general causation, the background

science, and regulatory history will be common to all actions.").  Because plaintiff's claims raise

many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this

stage of the proceedings.  Despite plaintiff's claim that Monsanto removed this case to delay the

litigation of this case, *see* Motion to Vacate at 2, the Panel already has determined that

centralization is the most efficient way forward in cases where, as here, common discovery of

Monsanto is involved.  *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Further, it would be highly inefficient and would present a risk of inconsistent decisions

for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in one case.  *See Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal.); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  Moreover, MDL transfer presents the most efficient path to its ultimate resolution.  The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims.  Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).  The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 2, 7, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2.    Arguments regarding remand do not prevent transfer.

Plaintiff asserts that he intends to file a motion to remand and therefore CTO-113 should be vacated.  Motion to Vacate at 1, 7.  The Panel has repeatedly rejected the argument that a

dispute over remand should prevent transfer to an MDL.[2]  *See, e.g.*, *In re Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

## III.    CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

---

[2] Plaintiff repeatedly asserts that this case lacks subject matter jurisdiction, *see* Motion to Vacate at 1, 2, 7, however, there is no such issue.  Diversity of citizenship is present and the amount-in-controversy requirement, *see* 28 U.S.C. § 1332(a)(1), has been satisfied.  Accordingly, the showing that Monsanto made in its removal notices about those two issues remains unrebutted and undisputed – and the federal court has subject matter jurisdiction (also known as "original jurisdiction," 28 U.S.C. § 1441(a)).

Dated: January 31, 2019                          Respectfully submitted,

                                                 /s/ Joe G. Hollingsworth
                                                 Joe G. Hollingsworth
                                                 (jhollingsworth@hollingsworthllp.com)
                                                 HOLLINGSWORTH LLP
                                                 1350 I Street NW
                                                 Washington D.C., 20005
                                                 Phone: (202) 898-5800
                                                 Fax: (202) 682-1639

                                                 *Attorneys for Defendant*
                                                 *Monsanto Company*