## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |

THIS DOCUMENT RELATES TO:

*Shaun Graef and Janelle Pitchford v. Monsanto Co. and Azusa Pacific University*,
No. 2:19-cv-02290-DMG-SK (C.D. Cal.),
No. 3:16-md-02741-VC (N.D. Cal.)

## DEFENDANT MONSANTO COMPANY'S MOTION FOR CLARIFICATION AND REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to 28 U.S.C. § 1407,[1] Defendant Monsanto Company ("Monsanto") respectfully asks the Panel to resolve a jurisdictional issue with respect to a transfer order entered by the Panel in the above-captioned case. The transferor court here entered a remand order ***after*** the Panel's final transfer order was filed in the transferee district in MDL No. 2741 (the "Roundup MDL"). The transferor court has nevertheless directed that the case be remanded and sent a transmittal letter to that effect to the state court.

Monsanto therefore asks this Panel to clarify that the transferor court's remand order was moot when entered and that the Panel's transfer order remains in effect. This case should proceed in the Roundup MDL, where Plaintiffs are free to move for remand if they so choose. Moreover, in light of the transferor court's transmittal letter and direction to remand, Monsanto asks for expedited consideration of this motion.

---

[1] The Panel has authority to "entertain[] this motion under Section 1407 for the purpose, inter alia, of determining and deciding the efficacy of its own order." *In re Baycol Prods. Liab. Litig.*, 269 F. Supp. 2d 1376, 1377 (J.P.M.L. 2003).

## BACKGROUND

On February 28, 2019, Plaintiffs filed a Complaint in the Superior Court of California, County of Los Angeles, alleging that Monsanto's Roundup®-branded herbicides caused Mr. Graef to develop non-Hodgkin's lymphoma. On March 27, 2019, Monsanto removed the case to the U.S. District Court for the Central District of California based on diversity and the fraudulent joinder of a local, non-diverse defendant.

Because this action shares common questions of fact with cases in the Roundup MDL, on March 28, 2019, Monsanto filed a notice of potential tag-along with the Panel. On March 29, 2019, the Panel issued Conditional Transfer Order No. 127 ("CTO-127"), transferring this case and three others to the Roundup MDL. The Panel stayed transmittal of the transfer order to the Clerk of the transferee court for seven days to allow any party to file a notice of opposition. CTO-127 (ECF No. 933). On April 8, 2019 at 5:07 AM PDT, the stay was lifted and the transfer order was transmitted to the Clerk in the transferee district for the Roundup MDL. *See* ECF notification - JPML transfer order (Ex. A). The Roundup MDL filed the transfer order at 9:13 AM PDT. *See* ECF notification - N.D. Cal. transfer order (Ex. B).

On April 4, 2019, Monsanto responded to the transferor court's order to show cause why the case should not be remanded to state court. The next day, on April 5, 2019, the transferor court signed (but did not file) an order remanding the case back to the Superior Court of California, Los Angeles County (the "remand order"). On April 8, 2019 at 1:07 PM PDT—four hours *after* the transfer order was entered in the Roundup MDL—the remand order was filed and entered on the docket. *See* ECF notification - C.D. Cal. remand order (Ex. C). The transferor court also issued a transmittal letter to the Los Angeles County Superior Court enclosing a certified copy of the remand order and advising the state court that the case "is hereby remanded

to your jurisdiction." *See* ECF notification and Ltr. from Deputy Clerk, C.D. Cal. (Ex. D). The transferor court did not transmit or otherwise provide notice of the remand order before April 8, 2019 at 1:07 PM PDT.[2]

## ARGUMENT

Under the Panel's governing statute, "[o]rders of transfer and such other orders as the panel may make thereafter shall be filed in the office of the clerk of the transferee district court and ***shall be effective when thus filed***." 28 U.S.C. § 1407(c)(ii) (emphasis added); *see also* Panel Rule 2.1(d) ("An order to transfer or remand pursuant to 28 U.S.C. § 1407 ***shall be effective only upon its filing*** with the clerk of the transferee district court." (emphasis added)); *Bouchard v. CBS Corp.*, No. 11-00458, 2012 WL 1344388, at *3 (E.D. Pa. Apr. 17, 2012) (noting that Section 1407(c)(ii) defines when the transfer order becomes effective); CTO-127 (ECF No. 933) (noting that the transfer order "does not become effective until it is filed in the Office of the Clerk of the [transferee court]"). Once the transfer order becomes effective, the transferor court is "divested of jurisdiction" and "without authority" to adjudicate further. *In re Baycol*, 269 F. Supp. 2d at 1377 (citing *Glasstech, Inc. v. AB Kyro OY*, 769 F.2d 1574 (Fed. Cir. 1985)).

Interpreting 28 U.S.C. §1407(c)(ii), this Panel previously has held that a remand order entered in the transferor district ***after*** the transfer order is filed in the transferee district is "moot when entered" and without effect. Order on Def.'s Mot. for Clarification, *In re Asbestos Prods. Liab. Litig. (No. VI)*, MDL No. 875 (J.P.M.L. June 17, 2011) (ECF No. 7388) [hereinafter "*Asbestos* Order"]; *In re Baycol*, 269 F. Supp. 2d at 1377.[3] For example, in *In re Baycol*, the

---

[2]   Pursuant to Panel Rule 6.1(b)(iv), Monsanto is including as Exhibit E a copy of the complaint and docket sheet in this action.

[3]   *Accord Bouchard*, 2012 WL 1344388, at *1 (finding that the transferor court lacked jurisdiction to enter a remand order that was "signed" the same day the transfer order was filed in

transferee court filed the Panel's transfer order on April 21, 2003. 269 F. Supp. at 1377. Although the transferor court signed a remand order on the same day, it did not enter and file the remand order until April 22, 2003—*after* the Panel's transfer order was filed with the transferee court and had become effective. *Id.* The Panel concluded that its transfer order "takes precedence" and the remand order was "moot when entered by the [] transferor court[]." *Id*.

Similarly here, the remand order was "moot when entered" because it was filed and entered *after* the entry of the transfer order in the transferee district by the Roundup MDL. The transfer order was filed in the Roundup MDL on the morning of April 8, 2019, but the remand order was not entered in the transferor court until later that day. The transferor court is therefore divested of jurisdiction and this action is appropriately transferred to the Roundup MDL.

## **CONCLUSION**

For the aforementioned reasons, the Panel should clarify that the remand order was moot when entered and the transfer order remains in effect.

DATED: April 10, 2019                    Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street N.W.
Washington, D.C. 20005
Tel:  (202) 898-5800
Fax:  (202) 682-1639

*Attorneys for Defendant Monsanto Company*

---

the transferee district but "was only filed" in the transferor district on the following day).