**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 2741 – In re ROUNDUP PRODUCTS LIABILITY LITIGATION**

**Keith Cichy v. Bayer Corp., et al. N.D. Illinois C.A. No. 1:19-cv-02548**

<u>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE CONDITIONAL TRANSFER ORDER**</u>

As required by Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Keith Cichy ("Plaintiff") files this Memorandum of Law in Support of his Motion to Vacate Conditional Transfer Order ("Memorandum"). Plaintiff's Memorandum and supporting documentation show that vacatur is the most efficient and fair way to remedy the procedural and substantive defects in Defendant's removal.

**I. PRELIMINARY STATEMENT**

In order for this case to be subject to transfer to this Federal MDL ("MDL 2741"), there must be a valid basis for subject-matter jurisdiction and a determination that such jurisdiction exists. The constitutional limitation on federal jurisdiction makes federal courts "courts of limited jurisdiction," *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) as opposed to state courts which are generally presumed to have subject-matter jurisdiction over a case. See 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure*, § 3522, p. 100 (3d ed. 2008). A federal court must generally determine whether it has jurisdiction at the outset of litigation and must always make the determination before deciding the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on an issue of law before adjudicating jurisdiction). It is presumed that a cause lies outside of federal courts' limited jurisdiction and the burden of establishing the contrary rests upon the

1

party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am*; 511 U.S. 375, 377 (1994). All courts have an "independent obligation" to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhgras v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). In the context of this Multidistrict Litigation, if subject matter jurisdiction is lacking in the putative transferor District Court (United States District Court for the Northern District of Illinois Eastern Division), the District Court may not transfer this case because without such jurisdiction there is no case to transfer. See *Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975), holding that a transfer to consolidate litigation may not be made unless the District Court properly has jurisdiction of the subject matter of the case. When subject matter jurisdiction is lacking in the District Court, the District Court may not transfer the case. *Sherwood v. Microsoft Corp*, 91 F. Supp.2d 1196, 1199 (M.D. Tenn. 2000) ("[T]he Sixth Circuit has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer.") (*citing BancOhio Corp. v. Fox*, 516 F.2d 29, 31 -32 (6th Cir.1975); *N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F. Supp. 791, 797 (N.D. Ohio 1990). *Caffey v Nationstar Mortg., LLC*, 2016 U.S. Dist. LEXIS 35319 (*9); 2016 WL 1071100, (M.D. Tenn. 2016).

## II. PROCEDURAL HISTORY

On March 05, 2019, the Plaintiff, Keith Cichy, a citizen of Illinois, filed his Complaint in the Circuit Court of Cook County, Illinois against Bayer Corporation (hereinafter "Bayer"), a citizen of Indiana and New Jersey, Monsanto Company (hereinafter "Monsanto"), a citizen of Delaware and Missouri, Northwestern Memorial Hospital (hereinafter "NMH"), a citizen of Illinois, Northwestern Medical Faculty Foundation (hereinafter "NMFF"), a citizen of Illinois, and Olga Frankfurt, M.D. (hereinafter "Frankfurt"), a citizen of Illinois, regarding severe and

permanent injuries sustained by Keith Cichy as a result of his contracting acute myeloid leukemia (hereinafter "AML") from use of Roundup® and for professional negligence in the treatment of his AML related conditions. (*See* Pls' Compl., attached as Exhibit 1).

On March 15, 2019, Defendants Monsanto and Bayer were served with a summons and Plaintiff's State Law Complaint. On March 21, 2019 Defendants NMH and NMFF were served with a summons and Plaintiff's State Law Complaint. On April 17, 2019 Defendant Frankfurt was served with a summons and Plaintiff's State Law Complaint.

On April 15, 2019, Defendant Monsanto filed its Notice of Removal alleging that this controversy is subject to original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, which states in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between—(1) citizens of different states."

On April 19, 2019 the United States Judicial Panel on Multidistrict Litigation ("JPML") filed a Conditional Transfer Order ("CTO") of this action. However, the order is not effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California, and the filing of such an order is stayed if a party files a notice of opposition with the Clerk of the JPML. Plaintiff filed an opposition to the CTO on April 25, 2019, thereby staying the transmission of the CTO to the Northern District of California.

On May 1, 2019, Plaintiff filed a Motion to Remand because the Federal Court lacks subject matter jurisdiction as there is not complete diversity amongst the parties, and the attempt to manufacture federal jurisdiction where none exists by seeking severance of properly included Illinois Defendants tramples on our system of federalism.

A.     **The Case Has Not Been Stayed**

On May 06, 2019 Monsanto filed a Motion to Stay the proceedings in the United States District Court for the Northern District of Illinois Eastern Division pending transfer to the district for the JPML for consolidation pursuant to 28 U.S.C. § 1407. Plaintiff filed an objection to the Motion to Stay noting that the District Court must first determine the remand issue and whether the Court has subject-matter jurisdiction before deciding whether to stay the case or transfer it to another Court. A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that a MDL transfer motion has been filed. See Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995); see also *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum."). *** This Court, as transferor Court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Spitzfaden v. Dow Corning Corp.*, 1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995) (citing Manual for Complex Litigation, 3d § 31.131.). *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 S. supp. 1186, 1188-89, (N.D. Ca. 1997) (emphasis added).

The United States District Court for the Northern District of Illinois heard the Motion to Stay, along with the Motion to Remand on May 07, 2019 and denied Monsanto's motion to Stay and entered a briefing schedule on Plaintiff's Motion to Remand. (Court Order of May 07, 2019 attached hereto as Ex 2).

**B.    Proceedings Are On-Going And The Remand Issue Is Set to Be Addressed after June 04, 2019**

As stated above, the United States District Court for the Northern District of Illinois Eastern Division has set a briefing schedule on the Motion for Remand. Monsanto has been granted leave to respond to the motion by May 28, 2019. The Plaintiff has been granted leave to file a reply in support of his motion by June 04, 2019. The Court has stated that it would issue a written ruling electronically once the briefing has been completed. The most efficient course of action now, both for the parties and for the Courts, is to permit the United States District Court for the Northern District of Illinois to decide the threshold jurisdictional issue: whether removal was proper. A transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice Plaintiff by causing further needless delay and unnecessary expense. In addition to justice and efficiency, principles of comity would dictate against the transfer of any action that has an important motion under submission and/or pending especially a motion that will render the question of transfer under §1407 moot if decided in Plaintiff's favor.

### III. ARGUMENT AND AUTHORITIES

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

As demonstrated below, Plaintiff's motion to vacate should be granted for at least four reasons. First, there is no basis for federal jurisdiction in this case. Second, the vacating of the CTO imposes little danger of inconsistent rulings or duplicative proceedings. Third, transfer will not serve the convenience of the parties and witnesses and promote the "just and efficient" conduct of this litigation. Fourth, the JPML should not reward the gamesmanship of the legal system by the Defendant.

### A. There Is No Basis for Federal Jurisdiction in this Case.

Defendant Monsanto's claim to federal jurisdiction fails. There is no subject matter jurisdiction. The legal reasoning supporting these claims is more fully briefed in Plaintiff's Motion to Remand that is set for ruling in the Northern District of Illinois. (Ex 2). A brief recap of those arguments follows. There Is No Subject Matter Jurisdiction. Defendant Monsanto claims throughout its pleadings filed in federal court that diversity jurisdiction exists. That is not true. There is no diversity jurisdiction because there is not complete diversity amongst the parties. Defendant is not asking the court to exercise subject matter jurisdiction. Defendant is asking that the court create subject matter jurisdiction where none exists. Defendant claims without basis that the Illinois defendants are dispensable. Defendant asks the Court to sever properly joined and served Illinois defendants to create diversity jurisdiction. Defendant's request is deeply troubling in that it ignores our system of federalism. And, it is a request that makes the prosecution of this case less efficient because it will create parallel actions in state and federal court dealing with the same issues.

### B. Vacatur Is Warranted Because This Case Poses Little Danger of Inconsistent Rulings or Duplicative Proceedings.

Plaintiff's Motion to Vacate Conditional Transfer Order should be granted because the most just and efficient course is to allow the United States District Court for the Northern

District of Illinois Eastern Division to decide Plaintiff's pending Motion to Remand. The Panel frequently abstains from ordering transfers when important motions await decision by the originating court. See, e.g., *In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was sub judice because the Panel has "consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of a motion for summary judgment that had been submitted to the transferor judge). In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. See *In re Air Crash Disaster at J.F.K. Int'l Airport*, MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on sub judice motion to remand that action to state court), cited by Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 577, n. 15 (1978); see also, *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent*, 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by transferor judges

7

on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

Here, a transfer of this action would not promote "significant economy and efficiency in judicial administration," H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 but would delay the resolution of the motion to remand. The motion to remand is scheduled for ruling in the Northern District of Illinois Eastern Division after June 04, 2019. (Ex. 1).

**C. Transfer Will Not Serve the Convenience of the Parties and Witnesses and Promote the "Just and Efficient" Conduct of This Litigation.**

Transfer will not serve the convenience of Plaintiff Keith Cichy, who is a resident of Cook County Illinois where both the Northern District of Illinois Eastern Division and the Circuit Court of Cook County are located. Transfer will not serve the convenience of the witnesses and multiple defendants who are located in Cook County Illinois. The result of a transfer would be that Plaintiff's claims would spend many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset. Plaintiff would be required to re-submit his Motion to Remand to the Transferee Court, when a ruling on his pending Motion to Remand is just weeks away. A transfer of this action would greatly prejudice Plaintiff by depriving him of the earliest and most efficient resolution of the right to pursue his claims in Illinois State Court (if his pending Motion to Remand is granted) or in the United States District Court for the Northern District of Illinois (if the pending Motion to Remand is denied). Judicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts. Nevertheless, the excessive delay and "marginalization of juror fact finding" (i.e., dearth of jury trials) sometimes associated with traditional MDL practice are developments that cannot be defended. *Delaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d at 153 (D. Mass. 2006). By forcing Plaintiff in the instant case to await resolution of irrelevant

discovery and factual disputes relating to different parties, theories of recovery and remedies, consolidation with MDL 2741 unreasonably delays Plaintiff's pursuit of his claims. In sum, transfer of Plaintiff Keith Cichy's case to MDL 2741 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Pretrial motion practice and discovery, if any, will be largely case-specific related in part to the numerous Illinois defendants which are not part of any other case in the MDL. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication. See *In re Eli 1 Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay). As such, the transfer of this action is not appropriate.

### D. The JPML Should Not Reward the Gamesmanship of the Legal System by the Defendant.

It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no purpose other than to indefinitely delay the litigation. This is exactly what the Defendant has done here. The Defendant is well aware that diversity does not exist in this case, and has simply ignored the rules and is now requesting that this case be subsumed in the MDL prior to allowing the Plaintiff the opportunity of having the District Court of the Northern District of Illinois Eastern Division rule on whether or not federal jurisdiction exists in this action or reach the merits of Plaintiff's claims in this action. The removal of an action for the purposes of delay has been strongly disapproved of before. If in fact the removal of this action was done for the purpose of delay, the Court strongly disapproves of such gamesmanship of the legal system and

waste of judicial resources. Rule 11 states, "[b]y presenting to the court a pleading, written motion, or other papers an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Counsel should be mindful of this and cautious in pursuing such tactics in the future. *Dale Sundby, et al. v. The Bank of New York Mellon, et al.*, Case No. 11CV627 DMS (RBB), U.S. District Court for the Southern District of California (May 3, 2011) finding that the bank had failed to meet its burden of demonstrating the court's jurisdiction upon removal and that remand was warranted. This Panel, as the Court held in *Sundby,* should strongly disapprove of the Defendants' gamesmanship of the legal system and waste of judicial resources in the instant case.

### IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant his Motion and enter an Order (1) vacating the Conditional Transfer Order with respect to this cause of action; and (2) granting Plaintiff such additional relief to which he may be entitled and which the Panel deems proper and just.

Dated: May 08, 2019

Respectfully submitted,

/s/ David J. Gallagher
Attorney for Plaintiff

DAVID J. GALLAGHER
MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Suite 1500
Chicago, IL  60603
(312) 726-2699
ARDC#:  6294250
Dgallagher@mnlawoffice.com