**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-130)**

Plaintiff does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff to develop acute myeloid leukemia ("AML"), a hematopoietic cancer similar to those previously transferred to MDL No. 2741 by this Panel. *See* Mem. in Supp. of Mot. to Vacate CTO-130 at 8, ECF No. 987-1 ("Motion to Vacate") (conceding that "judicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No.757 (J.P.M.L. filed Dec. 6, 2018).  However, in an effort to avoid the MDL, plaintiff opposes transfer based solely on his belief that Monsanto improperly removed the case to federal court.

It is well settled that this Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer.  *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL.

1

That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence.  *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.

Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiff's Motion to Vacate should be denied.

## I.      BACKGROUND

Despite repeated representations made to this Panel by plaintiff's MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2]  Most of those plaintiffs have no connection to the states in which their claims were filed

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

and some name fraudulently misjoined in-state defendants in an attempt to defeat diversity jurisdiction.

Mr. Cichy has done the latter, bringing claims against: (i) out-of-state defendant Monsanto Company ("Monsanto") (and Bayer Corporation) for strict liability for a design defect, strict liability for failure to warn, and negligence arising from use of Roundup® and allegations that it caused adult acute myeloid leukemia ("AML"); and (2) three in-state healthcare provider defendants – Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and a Dr. Olga Frankfurt ("Healthcare Defendants") – for alleged negligence associated with the prescription of Voriconazole BID, an antifungal medication. *See* Ex. A, Complaint, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 20, 2019). There are no allegations that Monsanto engaged in any negligent conduct in connection with Voriconazole, and the medical negligence claims for prescribing Voriconazole against the Healthcare Defendants are legally and factually distinct from the allegations for strict liability and negligence against Monsanto for selling and promoting Roundup®.

Monsanto therefore removed this case to the Northern District of Illinois on April 15, 2019. *See* Notice of Removal at 1-2, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. Apr. 15, 2019), ECF No. 1 ("Notice of Removal").[3] Monsanto provided notice to the Panel of this potential tagalong action on April 16, 2019, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 956, and plaintiff opposed its transfer on April 25, 2019. *See* Notice of Opp'n to Conditional Transfer Order (CTO-130), ECF No. 968.

---

[3] On May 20, the Healthcare Defendants filed a motion to dismiss for failure to state a claim based on statute of limitations grounds. *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 20, 2019), ECF No. 23.

Plaintiff thereafter filed a motion to remand this case to state court, *see* Plaintiff's Motion to Remand, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 1, 2019), ECF No. 14 ("*Cichy* Remand Motion"), and Monsanto requested that the case be stayed pending a decision from this Panel on MDL transfer.  *See* Monsanto Co.'s Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 1, 2019), ECF No. 18 ("Monsanto's Motion to Stay").[4]  On May 7, Judge Alonso denied the Motion to Stay, ordering that Monsanto file a response to plaintiff's motion to remand by May 28, 2019 and plaintiff file his reply by June 4, 2019.  *See* Minute Entry, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 7, 2019), ECF No. 21.  Judge Alonso stated in the Minute Entry that the Court would rule electronically and set further dates in the future, but did not specify a time for the Court's ruling.  *See id.*

## II.    ARGUMENT

### A.    The Panel Should Transfer This Action to MDL No. 2741.

#### 1.    This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims.  This case shares common questions of fact with those already consolidated in MDL No. 2741.  *See* Ex. A, Complaint, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 20, 2019), ECF No. 1; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions.").  Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings.  Despite

---

[4] On May 28, Monsanto filed a Memorandum in Opposition to Plaintiffs' Motion to Remand. *See* Memorandum in Opposition to Plaintiff's Motion to Remand, No. 1:19-cv-02548-JLA (N.D. Ill. May 28, 2019), ECF No. 26.

plaintiff's claim that Monsanto removed this case in part to delay the litigation of this case, *see* Motion to Vacate at 9-10, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup[®] cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in multiple cases. *See, e.g., Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims. Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a). The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 10, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was

improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2.  The pending motion to remand does not prevent transfer.

The Panel has repeatedly rejected arguments that CTOs should be vacated because of pending motion to remand an action to state court. *See, e.g.*, *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiffs do not cite a single recent published decision in which the Panel denied transfer based on a pending motion to remand and, in fact, ignore large numbers of decisions to the contrary.  Even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course.  *In re Prudential*, 170

F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n. 2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiff argues that MDL transfer should be denied because he believes that his case should be remanded based on the merits of his request, *see* Motion to Vacate at 6, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[5] Here, for the reasons set forth in defendants' remand opposition brief, plaintiff's arguments in support of remand are without merit. *See* Monsanto Company's Memorandum in Opposition to Plaintiff's

---

[5] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

Motion to Remand, *Cichy v. Bayer Corp.*, No. 1:19-cv-02548-JLA (N.D. Ill. May 28, 2019),

ECF No. 26.  But the Panel has no authority to address the merits of a remand motion and, as the

Panel has repeatedly held, a pending remand motion is not a basis to grant a motion to vacate.

## III.   CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and

transfer this action to MDL No. 2741.

Dated: May 31, 2019                           Respectfully submitted,

                                              /s/ Joe G. Hollingsworth
                                              Joe G. Hollingsworth
                                              (jhollingsworth@hollingsworthllp.com)
                                              HOLLINGSWORTH LLP
                                              1350 I Street NW
                                              Washington D.C., 20005
                                              Phone: (202) 898-5800
                                              Fax: (202) 682-1639

                                              *Attorneys for Defendant*
                                              *Monsanto Company*