**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 2741 – In re ROUNDUP PRODUCTS LIABILITY LITIGATION**

**Keith Cichy v. Bayer Corp., et al. N.D. Illinois C.A. No. 1:19-cv-02548**

**PLAINTIFF'S REPLY TO DEFENDANT MONSANTO'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

## I.      INTRODUCTION

This memorandum is respectfully submitted on behalf of Keith Cichy ("Plaintiff") in response to the memorandum in opposition to the Motion to Vacate the Conditional Transfer Order filed by Monsanto Company ("Defendant").  In opposition to the Motion to Vacate the Conditional Transfer Order, Defendant contends that transfer to Federal MDL 2741 ("MDL") is appropriate because the case meets the MDL transfer criteria and the pending rulings on briefs regarding removal in the United States District Court for the Northern District of Illinois do not prevent transfer to the MDL.  However, Plaintiff's motion should be granted because there is no federal diversity jurisdiction and the transfer would be inefficient.  As a matter of comity, and to serve the purposes of 28 U.S.C. § 1407, the MDL Panel should either vacate the Conditional Transfer Order or defer transfer so that the United States District Court for the Northern District of Illinois may decide the threshold jurisdictional issue: whether removal was proper.  That ruling will be issued electronically and the briefing was completed on June 4, 2019.

## II.      ARGUMENT

### a.  The Panel Should Allow the United States District Court for the Northern District of Illinois to Rule on Whether Removal of Plaintiff's Claims Was Proper Based on Diversity Jurisdiction

A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that a MDL transfer motion has been filed.  See Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995); see also

*Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum."). *** This Court, as transferor Court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Spitzfaden v. Dow Corning Corp.*, 1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995) (citing Manual for Complex Litigation, 3d § 31.131.). *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 S. supp. 1186, 1188-89, (N.D. Ca. 1997) (emphasis added). This is particularly true where the pending motions have been fully briefed, as is the case in the present matter before Judge Jorge L. Alonso in the United States District Court for the Northern District of Illinois.

The MDL Panel has in the past timed its action and constructed orders in a manner which will permit the transferor courts to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders on transfer by the Panel. *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1406 (J.P.M.L. 1973). This policy of compatibility has been followed in the past and will be followed in the future by the Panel. *Id.* In the present matter, there is a critical jurisdictional issue, particularly regarding federal diversity requirements. Plaintiff filed a motion to remand his case with a proper memorandum of law (*See* Exhibit A). Defendant then provided their response brief (*See* Exhibit B) and Plaintiff timely filed his reply (*See* Exhibit C). As mentioned, those briefs are being reviewed by Judge Alonso in the Northern District of Illinois.

A review of those memoranda is adequate to demonstrate that there is a complete lack of diversity jurisdiction. Although Defendant continually argues that Co-Defendants, Northwestern

Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D., should be severed from Plaintiff's claims against Defendant, it is obvious that the claims against all defendants derive from the same occurrence.  The federal court would have no jurisdiction over Plaintiff's claims because Plaintiff and Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D. are all domiciled in Illinois, thus destroying diversity of citizenship.  Plaintiff refers the Panel to the memoranda filed in support of the motion to remand for a discussion of exactly why there is no federal jurisdiction of Plaintiff's claims against Defendant.  Judicial economy and the convenience of the parties would not be served by transfer at this time.  The motion to remand and accompanying briefs are ripe for review in the Northern District of Illinois.  If the action were transferred, the resolution of the issues would be delayed and would cost the parties even more time and money.

Contrary to the contention of the Defendant, 28 U.S.C. § 1407 would not be served by transfer.  The pending motion to remand and accompanying briefs do not involve any discovery or related issues relevant to the MDL.  Additionally, there is no indication by any opposing party that a decision on the pending motion by the United States District Court for the Northern District of Illinois would create the possibility of conflicting rulings.  A deferral of a decision on the pending motion to remand would be a serious inconvenience to the parties and would result in additional waste of judicial time.  As such, this action should not be transferred at this time due to the lack of diversity jurisdiction.

**b. Plaintiff's Claim and the Claims Involved in MDL 2741 Are Not Identical and Therefore Transfer Would Be Inefficient**

The contention of Defendant that Plaintiff's claims raise many of the same issues as those already consolidated in the MDL is incorrect.  Here, there is a unique situation where the occurrence of Plaintiff's exposure to Roundup is paired with Co-Defendants', Northwestern

3

Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D., medical negligence. In the MDL, there is no such similar situation that would help promote the efficiency of the case. The issues involved in this action against Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D. are unique to this case with Defendant, Monsanto, and are not compatible to other cases on the MDL. Discovery on the issues of: whether Plaintiff was properly advised of the risks of exposure to Voriconazole; whether Plaintiff was prescribed Voriconazole for longer than was reasonably necessary; whether Defendants failed to consider less harmful antifungal medications; whether Defendants failed to properly manage Plaintiff's GVHD; and whether Defendants failed to have proper procedures in place to ensure that harmful medications were not prescribed for a longer period of time than necessary are all unique to this case.

Defendant has pointed to no specific cases currently on the MDL that would share complete, common factual or legal questions with Plaintiff's claims. The focus of discovery and proceedings in the MDL are just on the liability issues concerning the manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distribution of Roundup, which is common to all parties currently in the MDL. As for the allegations against Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D., similarities to the allegations against them are not present on the MDL. Simply put, it would be inefficient to include Co-Defendants, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D., in the MDL proceedings for the reasons stated.

Defendant points to *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) as a case that illustrates efficiency. There, transfer of a claim to MDL in the

United States District Court for the Southern District of Texas was granted for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as part of the defendant's schemes or courses of conduct. *Id*. It cannot be said that this transfer for expeditious purposes is similar to the present matter. Nothing in *In re Crown Life Ins.* shares factual or legal issues with Plaintiff's claims because this case involves medical negligence that occurred in concert with a products liability claim. Defendant offers no support as to why that transfer for efficiency purposes is comparable to the case at hand, other than offering that the judge in *In re Crown Life Ins.* was familiar with the docket.

Plaintiff will be prejudiced by a transfer of this action away from his local courts where proceedings have already begun and where briefs are pending. Requiring the Plaintiff to wait on unrelated factual and legal disputes in the MDL would seriously delay his right to proper adjudication. Thus, the transfer of the action to the MDL would not be appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant his Motion and enter an Order (1) vacating the Conditional Transfer Order with respect to this cause of action; and (2) granting Plaintiff such additional relief to which he may be entitled and which the Panel deems proper and just.

Dated: June 7, 2019

Respectfully submitted,

/s/ David J. Gallagher
Attorney for Plaintiff

DAVID J. GALLAGHER
MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Suite 1500
Chicago, IL  60603
(312) 726-2699
ARDC#:  6294250
Dgallagher@mnlawoffice.com