# OUNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEITH CICHY, )<br>    Plaintiff, )<br>)<br> vs. )<br>)<br>BAYER CORPORATION, a foreign )<br>corporation, MONSANTO COMPANY, a )<br>foreign corporation, NORTHWESTERN )<br>MEMORIAL HOSPITAL, a domestic not-for- )<br>profit corporation, NORTHWESTERN )<br>MEDICAL FACULTY FOUNDATION, a )<br>domestic not-for-profit corporation, and OLGA )<br>FRANKFURT, M.D., )<br>)<br>    Defendants. ) | Case No. 1:19-cv-02548 |

## MONSANTO COMPANY'S MEMORANDUM
## IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Daniel Meyers (#6299509)
Arnold & Porter Kaye Scholer LLP
70 West Madison Street, Suite 4200
Chicago, Illinois 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Email: daniel.meyers@arnoldporter.com

Thomas J. Dammrich II (#6292653)
Shook, Hardy & Bacon L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195
Email: tdammrich@shb.com

*Attorneys for Defendant Monsanto Company*

4811-3368-7703

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................... 2

I. Legal Standard. ......................................................................................................... 2

II. Plaintiff Fraudulently Joined The Healthcare Defendants. ...................................... 2

III. Plaintiff Fraudulently Misjoined The Healthcare Defendants. ................................ 4

    A. The Allegations Against Monsanto And The Healthcare Defendants Do Not Arise Out Of The Same Transaction Or Occurrence. ........................ 7

    B. Plaintiff Fails To Allege A Question Of Law Or Fact Common To Monsanto And The Healthcare Defendants. ............................................... 9

    C. Joining Plaintiff's Claims Against Monsanto With His Claims Against The Healthcare Defendants Will Result In Prejudice, Expense, And Delay. ........ 10

IV. Alternatively, The Court Should Use Federal Rule Of Civil Procedure 21 To Sever And Drop The Healthcare Defendants ................................................................. 11

V. Plaintiff Is Not Entitled To Attorney's Fees Or Costs. .......................................... 12

CONCLUSION .............................................................................................................................. 13

CERTIFICATE OF SERVICE ...................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Alegre v. Aguayo*,
　No. 06 C 5744, 2007 WL 141891 (N.D. Ill. Jan. 17, 2007) ..........................................8, 13

*Asperger v. Shop Vac Corp.*,
　524 F. Supp. 2d 1088 (S.D. Ill. 2007) ...............................................................................3

*Bailey v. N. Tr. Co.*,
　196 F.R.D. 513 (N.D. Ill. 2000) ........................................................................................8

*Calif. Dump Truck Owners Ass'n v. Cummins Engine Co.*,
　24 F.App'x 727 (9th Cir. 2001) .........................................................................................5

*Dexia Credit Local v. Rogan*,
　604 F. Supp. 2d 1180 (N.D. Ill. 2009) .............................................................................11

*Equal Rights Ctr. v. Kohl's Corp.*,
　No. 14 C 8259, 2017 WL 3453374 (N.D. Ill. Aug. 11, 2017) .........................................12

*Evans v. Bristol-Myers Squibb Co.*,
　No. 12-cv-5005, 2012 WL 4956460 (N.D. Ill. Oct. 16, 2012) ......................................8, 9

*Graff v. Leslie Hindman Auctioneers, Inc.*,
　299 F. Supp. 3d 928, 932 (N.D. Ill. 2017) .........................................................................2

*Greene v. Wyeth*,
　344 F. Supp. 2d 674 (D. Nev. 2004) ..................................................................................5

*Harmon v. OKI Sys.*,
　115 F.3d 477 (7th Cir. 1997) .............................................................................................2

*Hawkins v. Groot Indus., Inc.*,
　210 F.R.D. 226 (N.D. Ill. 2002) ...............................................................................4, 5, 11

*Hill v. C.R. Bard, Inc.*,
　582 F. Supp. 2d 1041 (C.D. Ill. 2008) ...........................................................................3, 4

*In re Benjamin Moore & Co.*,
　318 F.3d 626 (5th Cir. 2002) .............................................................................................5

*In re Depakote Alexander v. Abbott Labs., Inc.*,
　No. 12-CV-52-NJR-SCW, 2016 WL 6563483 (S.D. Ill. Nov. 4, 2016) ....................11, 12

**Page**

*In re Guidant Corp. Implantable Defibrillator Prods. Liability Litig.*,
  No. 07-cv-01487, 2007 WL 2572048 (D. Minn. Aug. 30, 2007) ......................................... 6

*In re Rezulin Prods. Liab. Litig.*,
  No. 00-cv-02843, 2003 WL 21276425 (S.D.N.Y. June 2, 2003) ........................................ 6

*In re Zyprexa Prods. Liab. Litig.*,
  No. 04-cv-01615, 2004 WL 2812095 (E.D.N.Y. Dec. 3, 2004) .......................................... 6

*Kroupa v. Garbus*,
  583 F. Supp. 2d 949 (N.D. Ill. 2008) .................................................................................. 4

*Lee v. Mann*,
  No. LE-424-1, 2000 WL 724046 (Va. Cir. Ct. April 5, 2000) ........................................... 6

*Legal Helpers Debt Resolution, LLC v. Glob. Client Sols.*,
  No. 12-CV-03055, 2012 WL 3017886 (N.D. Ill. July 23, 2012) ....................................... 2

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005) ......................................................................................................... 13

*Matter of Asbestos II Consol. Pretrial*,
  No. 86 C 1739, 1989 WL 56181 (N.D. Ill. May 10, 1989) ............................................... 7

*Oda v. United States*,
  No. CV11-04514-PSG, 2012 WL 692409 (N.D. Cal. Mar. 2, 2012) ................................. 9

*Poulos v. Naas Foods, Inc.*,
  959 F.2d 69 (7th Cir. 1992) ....................................................................................... 2, 3, 4

*Robinson v. Avanquest N. Am. Inc.*,
  No. 14 C 8015, 2015 WL 196343 (N.D. Ill. Jan. 13, 2015) .............................................. 4

*Schwartz v. Graebel Van Lines, Inc.*,
  No. 05 C 4682, 2006 WL 1343533 (N.D. Ill. May 15, 2006) ........................................... 5

*Schwartz v. State Farm Mutual Auto Insurance Co.*,
  174 F.3d 875 (7th Cir.1999) .............................................................................................. 2

*Sires v. Eli Lilly & Co.*,
  No. 5:05-117-JMH, 2005 WL 1239636 (E.D. Ky. May 24, 2005) ................................... 6

*Stone v. Zimmer, Inc.*,
  No. 09-80252-CIV, 2009 WL 1809990 (S.D. Fla. June 25, 2009) .................................... 6

*Sutton v. Davol, Inc.*,
  251 F.R.D. 500 (E.D. Cal. 2008) ............................................................................. 4, 5, 10

4811-3368-7703

**Page**

*Tapscott v. MS Dealer Serv. Corp.*,
    77 F.3d 1353 (11th Cir. 1996) ...................................................................................5

*Tile Unlimited, Inc. v. Blanke Corp.*,
    788 F. Supp. 2d 734 (N.D. Ill. 2011) ..........................................................................3

*UWM Student Ass'n v. Lovell*,
    888 F.3d 854 (7th Cir. 2018) ....................................................................................10

*Walton v. Bayer Corp.*,
    643 F. 3d 994 (7th Cir. 2011) ....................................................................................4

**Statutes**

735 ILCS 5/13-212(a) ........................................................................................................3

28 U.S.C. § 1332(a) ...........................................................................................................2

28 U.S.C. § 1441 ................................................................................................................2

28 U.S.C. § 1446(a) ...........................................................................................................4

**Rules**

Federal Rule of Civil Procedure 20(a)(2) ..........................................................................7

Federal Rule of Civil Procedure 21 ..........................................................................11, 12

4811-3368-7703

Defendants Monsanto Company and Bayer Corporation (collectively "Monsanto") submit the following Memorandum in Opposition to Plaintiff's Motion to Remand. Plaintiff has combined two unrelated lawsuits in an attempt to deprive Monsanto and Bayer of their right to a federal forum. The claims against the non-diverse defendants (health care providers), which are time-barred, are based on the prescription of an antifungal medication which has no connection to Monsanto or the product on which Plaintiff's product liability claims against Monsanto are based. The Court should deny Plaintiff's Motion to Remand, and dismiss, sever or drop Plaintiff's claims against the non-diverse defendants.

## INTRODUCTION

In his March 5, 2019 Complaint, Plaintiff asserts claims against Monsanto and Bayer under theories of strict products liability, failure to warn, and negligence associated with the promotion and sale of Roundup®-branded herbicides, which have glyphosate as their active ingredient. ECF No. 15-1 (Counts I-VI). The Plaintiff's Complaint also asserts claims against non-diverse defendants Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, and Olga Frankfurt, M.D. (collectively, "Healthcare Defendants") under theories of medical negligence associated with the prescription of Voriconazole BID, an antifungal medication with no connection to Monsanto. ECF No. 15-1 (Counts VII-IX). The Healthcare Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(6) "because it is clear from the face of the complaint that plaintiff's claims against [the Healthcare Defendants] are barred by the applicable statute of limitations." ECF No. 23 at ¶ 1.

The Plaintiff fraudulently joined and/or misjoined the Healthcare Defendants in an attempt to destroy diversity jurisdiction. Plaintiff's claims against Monsanto belong in federal court and should be transferred to multidistrict litigation, where this case would join other products liability lawsuits involving Monsanto's Roundup®-branded herbicides. *See In re Roundup Prods. Liab.*

4811-3368-7703

*Litig.*, No. 3:16-md-02741-VC (N.D. Cal.) (the "MDL Court). The distinct doctrines of fraudulent joinder and fraudulent misjoinder as well as Federal Rule of Civil Procedure 21 give this Court the power to dismiss, sever, or drop Plaintiff's claims against the Healthcare Defendants and retain jurisdiction over Plaintiff's claims against Monsanto. As set forth in the Notice of Removal, there is complete diversity of citizenship between Plaintiff (Illinois) and Defendants Monsanto (Delaware and Missouri) and Bayer (Indiana and New Jersey). ECF No. 1 at ¶¶ 8-10. Because removal to this Court was proper, Plaintiff's request for reimbursement should also be denied.

## ARGUMENT

### I.  Legal Standard.

Monsanto may remove the Plaintiff's civil suit to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship under § 1332(a) because the non-diverse Healthcare Defendants were not properly joined by Plaintiff. *Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 932 (N.D. Ill. 2017). Here, the allegations in the Complaint alone satisfy Monsanto's burden of establishing federal jurisdiction, but "the removability of a case is determined from the record as a whole." *Legal Helpers Debt Resolution, LLC v. Glob. Client Sols.*, No. 12-CV-03055, 2012 WL 3017886, at *1 (N.D. Ill. July 23, 2012) (quoting *Kroupa v. Garbus*, 583 F. Supp. 2d 949, 950 n. 1 (N.D. Ill. 2008)); *see also Harmon v. OKI Sys.*, 115 F.3d 477, 479–80 (7th Cir. 1997). Thus, the Court should consider the Complaint, the MDL Court proceedings, and the Healthcare Defendants' Motion to Dismiss, and deny Plaintiff's Motion to Remand.

### II.  Plaintiff Fraudulently Joined The Healthcare Defendants.

Fraudulent joinder cannot destroy diversity jurisdiction. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72-74 (7th Cir. 1992); *see also Schwartz v. State Farm Mutual Auto Insurance Co.*, 174 F.3d 875, 878-79 (7th Cir.1999) (affirming district court's decision to retain jurisdiction after fraudulent joinder). A plaintiff has fraudulently joined a defendant when there is no "reasonable

2

4811-3368-7703

possibility that a state court would rule against the non-diverse defendant." *Poulos*, 959 F.2d at 73. *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1092 (S.D. Ill. 2007) (same). "Although plaintiffs are normally free to choose their own forum, they may not join an in-state defendant solely for the purpose of defeating federal jurisdiction." *Hill v. C.R. Bard, Inc.*, 582 F. Supp. 2d 1041, 1045 (C.D. Ill. 2008). Otherwise, as the Seventh Circuit has recognized, a plaintiff "could defeat diversity jurisdiction by joining his grandmother as a defendant - surely some set of facts might make her liable." *Poulos*, 959 F.2d at 74.

Fraudulent joinder "can be found when the statute of limitations for a cause of action against a joined party had run and thus there is no possibility that a plaintiff could state a cause of action against nondiverse defendants in state court." *Hill*, 582 F. Supp. 2d at 1048 (citing *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 690 (7th Cir.1998) ("We must determine whether the statute of limitations had run against Wright and Knight ... If the time to bring the cause of action had expired, then the district court was correct in dismissing Wright and Knight as fraudulently joined.")); *see also Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 737 (N.D. Ill. 2011) ("the fraudulent joinder doctrine permits a district court considering removal to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction") (internal quotation omitted).

As noted in the Healthcare Defendant's Motion to Dismiss, Plaintiff's claims against the Healthcare Defendants accrued no later than April 8, 2015, and are therefore barred under the 2-year statute of limitations applicable to medical negligence claims under 735 ILCS 5/13-212(a). *See* ECF No. 23 at ¶¶ 19-22. Plaintiff filed this action on March 5, 2019, approximately twenty-three (23) months *after* the statute of limitations expired on April 8, 2017. *Id.* at ¶ 23. Thus, there

3

4811-3368-7703

is "no reasonable possibility" that Plaintiff can state a cause of action against the non-diverse Healthcare Defendants, who were joined solely for purposes of defeating diversity jurisdiction with Monsanto. *Poulos*, 959 F. 2d at 74; *see also Walton v. Bayer Corp.*, 643 F. 3d 994, 999 (7th Cir. 2011) (recognizing that fraudulent joinder occurs where "the nondiverse defendant was joined simply to defeat removal").

Because the statute of limitations has run on Plaintiff's claims against the Healthcare Defendants, it is evident that Plaintiff joined them in this action solely for the purpose of defeating diversity jurisdiction. Plaintiff's Motion should be denied, and the Healthcare Defendants should be dismissed pursuant to the doctrine of fraudulent joinder. *See Hill*, 582 F. Supp. 2d at 1049 ("Plaintiff would have no possibility of success against the doctors in state court, they have been fraudulently joined in federal court for the purpose of defeating diversity jurisdiction, and the Motion for Remand must be DENIED.").[1]

### III. Plaintiff Fraudulently Misjoined The Healthcare Defendants.

Plaintiff also fraudulently misjoined the Healthcare Defendants to try to prevent removal. Fraudulent misjoinder occurs when Federal Rule of Civil Procedure 20(a) requirements are not met, resulting in a misjoinder of parties in an attempt to defeat diversity jurisdiction. *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008) *citing Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996); *see also Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 229-30 (N.D. Ill. 2002). Under Rule 20(a), joinder of defendants in one action is permitted if: (1) the

---

[1] Although the statute of limitations basis for fraudulent joinder was not addressed in the Notice of Removal and was first raised in the Healthcare Defendants' motion to dismiss filed in federal court (ECF No. 23), a Notice of Removal needs only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This Court is permitted to consider "the record as a whole" in determining removability, *Kroupa*, 583 F.Supp.2d at 950 n.1, and "has the option of treating the Notice of Removal as if it had been amended to include relevant ... later-filed" information, *Robinson v. Avanquest N. Am. Inc.*, No. 14 C 8015, 2015 WL 196343, at *3 (N.D. Ill. Jan. 13, 2015). Moreover, Plaintiff's brief in support of his Motion to Remand already addresses the doctrine of fraudulent joinder. ECF No. 15 at 5-7.

4

4811-3368-7703

plaintiff asserts against all defendants "any right to relief . . . arising out of the same transaction ... or occurrences;" **and** (2) "any question or law or fact common to all defendants will arise in the action." *Schwartz v. Graebel Van Lines, Inc.*, No. 05 C 4682, 2006 WL 1343533, *2 (N.D. Ill. May 15, 2006) (quoting Fed. R. Civ. P. 20(a) (emphasis added)). "Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a)." *Hawkins*, 210 F.R.D. at 229-230. Misjoinder is fraudulent where unrelated claims are joined in a single action "in order to defeat diversity jurisdiction in federal court." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004); *see also Sutton*, 251 F.R.D. at 504.

The Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, first recognized that "[m]isjoinder may be just as fraudulent as the joinder of a resident against whom a plaintiff has no possibility of a cause of action." 77 F.3d at 1360. "A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant *having no real connection with the controversy*.'" *Id*. (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (emphasis added)). The Fifth and Ninth Circuits subsequently embraced the fraudulent misjoinder doctrine to promote efficiency and avoid confusion. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002) (recognizing the "force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction"); *Calif. Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F.App'x 727, 729 (9th Cir. 2001) (assuming that the Ninth Circuit would accept fraudulent misjoinder doctrine).

Faced with similar factual scenarios, numerous federal courts have severed and remanded claims against non-diverse healthcare providers fraudulently misjoined with product liability claims asserted against out-of-state manufacturers. *See e.g., Sutton*, 251 F.R.D. at 505 ("claims based on strict products liability against the removing Defendants are separate from Plaintiff['s]

5

4811-3368-7703

claims of medical malpractice [which] are not based on the allegedly negligent testing and manufacture" of a product); *In re Guidant Corp. Implantable Defibrillator Prods. Liability Litig.*, No. 07-cv-01487, 2007 WL 2572048 (D. Minn. Aug. 30, 2007) (medical malpractice claim lodged against physician who explanted defibrillator were fraudulently misjoined with products liability case against manufacturer of defibrillator); *In re Rezulin Prods. Liab. Litig.*, No. 00-cv-02843, 2003 WL 21276425, at *1 (S.D.N.Y. June 2, 2003) ("the joinder of the malpractice claim[s] with the others" was improper; denying remand and severing and remanding only claims against physicians); *Sires v. Eli Lilly & Co.*, No. 5:05-117-JMH, 2005 WL 1239636 at 7 (E.D. Ky. May 24, 2005) (claims against the manufacturer "do not arise out of the same transaction or occurrence as the claims against" the health care provider defendants; denying remand); *Stone v. Zimmer, Inc.*, No. 09-80252-CIV, 2009 WL 1809990, *4 (S.D. Fla. June 25, 2009) ("joinder of the malpractice claim . . . with the product liability claim [is] inappropriate because these claims do not both involve common questions of law or fact and do not assert joint, several or alternative liability arising out of the same transaction, occurrence or series of transactions or occurrences.") (citations omitted); s*ee also In re Zyprexa Prods. Liab. Litig.*, No. 04-cv-01615, 2004 WL 2812095 (E.D.N.Y. Dec. 3, 2004) (severing claims against physicians); *Lee v. Mann*, No. LE-424-1, 2000 WL 724046, at *2 (Va. Cir. Ct. April 5, 2000) (claims against pharmaceutical manufacturer and physician "do not arise out of the 'same transaction or occurrence'"; granting motion for severance).

Although the Seventh Circuit has neither adopted nor rejected the doctrine of fraudulent misjoinder, and while some courts in the districts of the Seventh Circuit have declined to adopt it, this case merits its application. Plaintiff's claims against the Healthcare Defendants are based on their prescription of Voriconazole, a product with no connection to Monsanto or Roundup®, and

6

4811-3368-7703

are both legally and factually distinct from the allegations for strict liability and negligence alleged against Monsanto for selling and promoting Roundup®. Plaintiff's Complaint alone shows he has misjoined two unrelated cases. Paragraphs 1-185 focus exclusively on Roundup® (except for brief references to the Healthcare Defendants for purposes of jurisdiction and venue). Then, starting with Count VII at Paragraphs 186-213, Plaintiff separately discusses purported facts concerning the Healthcare Defendants. *Compare* ECF No. 15-1 at ¶¶ 1-185 *with* ¶¶ 186-213. Notably, in each of the subsequent Counts against the Healthcare Defendants, Plaintiff incorporates by reference *only* those factual allegations applicable to and pleaded against the Healthcare Defendants. *See* ECF No. 15-1 at ¶¶ 217-244 (incorporating paragraphs 186-213 by reference into Count VIII); ¶¶ 248-275 (incorporating paragraphs 217-244 by reference into Count IX). Plaintiff *does not* incorporate by reference Paragraphs 1-185 (relating to Monsanto and Roundup®) into allegations against the Healthcare Defendants. As explained below, Plaintiff cannot satisfy either prong of Rule 20(a)(2) and remand will result in prejudice, expense, and delay.

    **A.    The Allegations Against Monsanto And The Healthcare Defendants Do Not Arise Out Of The Same Transaction Or Occurrence.**

No "transaction, occurrence, or series of transactions or occurrences" connects Plaintiff's claims against Monsanto with Plaintiff's separate claims against the Healthcare Defendants. Fed. R. Civ. P. 20(a)(2). Plaintiff attempts to overcome this deficiency by summarily arguing that "[t]he claims against Defendants Monsanto and the Healthcare Defendants arise out of two closely related transactions: AML caused by the prolonged exposure to Roundup® and the subsequent medical negligence in the treatment of the AML." ECF No. 15 at 8-9. This position ignores key criteria considered under the Rule 20 analysis, including the time, place, duration and extent of the injuries alleged. *See Matter of Asbestos II Consol. Pretrial*, No. 86 C 1739, 1989 WL 56181, \*1 (N.D. Ill. May 10, 1989) (the "transaction of occurrence test" is not satisfied where "[n]o allegation

7

is made that the individual plaintiffs and decedents suffered exposure to products of any defendant at the same time nor at the same place" and where "all plaintiff's exposure differs as to duration and magnitude").

In this case, the injuries allegedly caused by the Healthcare Defendants occurred at a different time and place, and were of a different duration and magnitude, as compared to those allegedly caused by Monsanto. Plaintiff has not alleged, and cannot legitimately claim, that Monsanto engaged in any negligent conduct in connection with Voriconazole, or that the Healthcare Defendants engaged in any negligent conduct in connection with Roundup®. Without a "causal link between a common and identifiable wrongful act on part of" all defendants, Rule 20's "common transaction or occurrence requirement" is not satisfied. *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 516 (N.D. Ill. 2000).

The cases that Plaintiff relies on involve claims asserted against defendants whose conduct was linked through a common product – *i.e.*, where the claims against the in-state defendants are based on the prescription of the same product on which the plaintiff's product liability claim is based, and therefore, arose out of the same transaction or occurrence. In *Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891 (N.D. Ill. Jan. 17, 2007), the Court noted that the conduct of the defendants, a pharmaceutical manufacturer and doctor, was "closely related" because the allegations against both defendants centered on the pharmaceutical drug Vioxx. 2007 WL 141891, at *6. One of the defendants in that case was the manufacturer of Vioxx, the other defendant prescribed Vioxx to the plaintiff. *Id.* *Evans v. Bristol-Myers Squibb Co.* involved 81 plaintiffs (including four citizens of the same two states as defendants) joined in a suit against pharmaceutical-manufacturers related to overpromotion of the same drug. No. 12-cv-5005, 2012 WL 4956460 (N.D. Ill. Oct. 16, 2012). The defendants each had some association with "the

8

4811-3368-7703

drug known by the brand name Plavix." *Id*. at *1. Here, there is no common product, transaction, or occurrence linking Plaintiff's claims against the Healthcare Defendants with Monsanto. There are two completely different products at issue: a prescription antifungal medication, Voriconazole, and an herbicide, Roundup®. Plaintiff's joinder of these claims fails the "transaction or occurrence" requirement of Rule 20(a).

> **B.    Plaintiff Fails To Allege A Question Of Law Or Fact Common To Monsanto And The Healthcare Defendants.**

The allegations in the Complaint against the Healthcare Defendants also are legally and factually distinct from the allegations against Monsanto. The claims against Monsanto involve product-liability-related legal theories. The claims against the Healthcare Defendants involve medical negligence. No question of law or fact common to all Defendants exists. A finding of liability against the Healthcare Defendants "will have no bearing whatsoever on a finding of liability" against Monsanto as "the evidence required in determining liability in either case will be completely separate." *Oda v. United States*, No. CV11-04514-PSG, 2012 WL 692409, *2 (N.D. Cal. Mar. 2, 2012) ("joinder of the products liability defendant and the medical malpractice defendant" was improper "because '[a]ny liability that may be found against either [defendant] would not be a basis for liability as to the other,' and thus the separate claims do not involve common questions of law or fact.") (quoting *Guidant Corp.*, 2007 WL 2572048 at *2).

It is undeniable that different evidence will be required to determine the liability of the Healthcare Defendants versus Monsanto. Plaintiff's claims against the Healthcare Defendants concern the prescription of Voriconazole, an antifungal medication. ECF No. 15-1, at ¶¶ 186-278. Plaintiff claims he was treated for graft-versus-host disease with Voriconazole, and was also prescribed Voriconazole for hypopigment lesions linked to Bowen's disease, and for his Mohs procedure. *Id.* at ¶¶ 193-98, 201-02. After using Voriconazole for years, Plaintiff was allegedly

9

4811-3368-7703

diagnosed with photosensitivity/phototoxicity and Bowen's disease due to prolonged exposure. *Id.* at ¶¶ 209, 212. Plaintiff claims that he was not warned of the possibility of photosensitivity/phototoxicity by any of the Healthcare Defendants. *Id.* at ¶ 215. None of these allegations raise legal or factual issues common with Plaintiff's claims against Monsanto, which concern Plaintiff's alleged exposure to Roundup® and subsequent diagnosis of acute myeloid leukemia. *Id.* at ¶ 74.

### C. Joining Plaintiff's Claims Against Monsanto With His Claims Against The Healthcare Defendants Will Result In Prejudice, Expense, And Delay.

Plaintiff's interpretation of Rule 20 ignores the purpose and limitations of the rule. While Rule 20 grants courts "considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes ... [s]till, there are limits." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). "Unrelated claims against different defendants belong in different suits." *Id.* (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Joinder is improper where "the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." *UWM*, 888 F.3d at 863 (citing 7 Wright & Miller, Federal Practice and Procedure § 1652 (3d ed.)).

Leaving Plaintiff's claims against all Defendants joined will undoubtedly result in confusion, prejudice, and additional litigation expense. Joining unrelated parties in a single suit exacerbates mass tort litigation issues, leading to congestion of state court dockets, delay, excess costs, and increases the risk of inconsistent judicial rulings. Rather than serving judicial economy, leaving Plaintiff's claims joined will prevent transfer to the MDL Court. But coordinated MDL Court proceedings serve judicial economy by avoiding duplication of discovery, preventing inconsistent or repetitive rulings, and conserving the financial resources of the parties, their counsel, and the judiciary. *Sutton*, 251 F.R.D. at 505 (severing and remanding medical malpractice

10

4811-3368-7703

claims against non-diverse defendants pursuant to Rule 21 "to preserve the interests of judicial expediency and justice so that all pre-trial discovery on the products liability case can be coordinated in a single forum"). The MDL Court has already entered a Conditional Transfer Order, which will be fully briefed no later than June 7, 2019. *See* MDL No. 2741, ECF No. 970. Plaintiff's fraudulently misjoined claims against the Healthcare Defendants should be severed and remanded to enable transfer of the Roundup® claims to the MDL Court.

**IV.     Alternatively, The Court Should Use Federal Rule Of Civil Procedure 21 To Sever And Drop The Healthcare Defendants.**

Rule 21 of the Federal Rules of Civil Procedure governs misjoinder and nonjoinder of parties and provides that "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21. "The Supreme Court has squarely held that a court may use Rule 21 to dismiss a dispensable, non-diverse party in order to save diversity jurisdiction." *Dexia Credit Local v. Rogan*, 604 F. Supp. 2d 1180, 1184–85 (N.D. Ill. 2009), *aff'd*, 602 F.3d 879 (7th Cir. 2010) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 832-833 (1989)); *see also In re Depakote Alexander v. Abbott Labs., Inc.*, No. 12-CV-52-NJR-SCW, 2016 WL 6563483, at *1 (S.D. Ill. Nov. 4, 2016) ("Rule 21 allows this Court to drop a nondiverse dispensable party to secure subject matter jurisdiction in the remaining action … When a district court exercises this power to drop a party to preserve subject matter jurisdiction, the dismissal under Rule 21 is retroactive.") (citing *Newman-Green, Inc. v. Alfonzo-Larrain*. 490 U.S. 826, 832 (1989)). "Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit." *Hawkins*, 210 F.R.D. at 229.

Under Rule 21, a party is "dispensable" when the Court can "accord complete relief among the existing parties in his absence, and there are no practical problems that would be created by his dismissal." *Depakote*, 2016 WL 6563483, at *2 (citing *Altom*, 823 F.3d at 420). In its order

11

dismissing dispensable plaintiffs in *Depakote*, the Southern District of Illinois recognized that each dismissed plaintiff had "an individual and distinct claim against [the] Defendants", and further, that "[c]ombining multiple claims into a single complaint does not make each individual claim indispensable from the others." *Id.* The same rationale holds true here. Plaintiff's claims against the Healthcare Defendants are distinct from Plaintiff's claims against Monsanto, will require different evidence, do not arise out of a common transaction or occurrence, and do not involve questions of law or fact common to all Defendants.

Finally, because Plaintiff's claims against the Healthcare Defendants and Monsanto do not involve a common transaction, occurrence, or question of law or fact, severance will prevent prejudice and juror confusion that will necessarily arise if unrelated issues and standards are presented in a single trial of Plaintiff's misjoined claims. *See Equal Rights Ctr. v. Kohl's Corp.*, No. 14 C 8259, 2017 WL 3453374, *3-4 (N.D. Ill. Aug. 11, 2017) (severing claims due to the "varying nature and factual bases of Plaintiffs' claims" and recognizing "the prejudice that could result from the jury confusing evidence as to one [party] and applying it to another.") (citing *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, *3 (N.D. Ill. Mar. 30, 2010) ("Without severance . . . a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder ...")). For these reasons, Plaintiff's claims against the Healthcare Defendants should be severed or dropped pursuant to Rule 21 of the Federal Rules of Civil Procedure.

**V.     Plaintiff Is Not Entitled To Attorney's Fees Or Costs.**

Plaintiff's request for attorney's fees and costs should be denied because Plaintiff has not demonstrated that "clearly established law demonstrated that defendant had no basis for removal." ECF No. 15 at 10 (quoting *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawaii 2007)).

12

4811-3368-7703

To the contrary, the removal is supported by the case law. As discussed herein, as well as in Monsanto's Notice of Removal, removal of this action was and is warranted in light of Plaintiff's fraudulent joinder and misjoinder of the Healthcare Defendants in an attempt to deprive Monsanto of its right to a federal forum. As recognized by the Supreme Court of the United States, where, as here, "an objectively reasonable basis [for removal] exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing cases).[2]

As explained above, Monsanto properly removed this case and this Court has diversity jurisdiction. But even if the Court remands the case, Plaintiff is not entitled to fees and costs.

## CONCLUSION

For the foregoing reasons, Monsanto requests that the Court deny Plaintiff's Motion to Remand, and dismiss, sever and remand, or drop Plaintiff's claims against the Healthcare Defendants, while retaining jurisdiction over Plaintiff's claims against Monsanto.

Dated: May 28, 2019

Respectfully submitted,

**MONSANTO COMPANY**

By: /s/ Thomas J. Dammrich II
One of Its Attorneys

| | |
|---|---|
| Daniel Meyers (#6299509) | Thomas J. Dammrich II (#6292653) |
| Arnold & Porter Kaye Scholer LLP | Shook, Hardy & Bacon L.L.P. |
| 70 West Madison Street, Suite 4200 | 111 South Wacker Drive, Suite 4700 |
| Chicago, Illinois 60602 | Chicago, Illinois 60606 |
| Telephone: (312) 583-2300 | Telephone: (312) 704-7700 |
| Facsimile: (312) 583-2360 | Facsimile: (312) 558-1195 |
| Email: daniel.meyers@arnoldporter.com | Email: tdammrich@shb.com |

---

[2] Moreover, both this Court and the Supreme Court have recognized that even an adverse ruling resulting in remand to state court is insufficient grounds for awarding attorney's fees and costs. *Id.* at 137 ("[H]ad Congress intended to award fees as a matter of course to a party that successfully obtains a remand, [it] would have surely drawn more explicit statutory language and legislative comment.") (internal quotations omitted); *see Alegre*, 2007 WL 141891 at *7 ("[T]he mere fact that the defendant fails to carry his burden does not of itself require an award of costs to the plaintiff.") (citing *Kuperstein v. Hoffman–Laroche, Inc.*, 457 F. Supp. 2d 467, 474 (S.D.N.Y.2006)).

13

## CERTIFICATE OF SERVICE

I, Thomas J. Dammrich II, an attorney, hereby certify that on **May 28, 2019**, I caused a true and complete copy of the foregoing **MONSANTO COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** to be electronically filed with the Clerk of the Court using the Court's CM/ECF system which will send a notice of electronic filing to all counsel listed below:

David J. Gallagher
**Motherway & Napleton, LLP**
140 South Dearborn Street, Suite 1500
Chicago, Illinois 60603
Email:   dgallagher@mnlawoffice.com

*Attorney for Plaintiff*

Dominique Savinelli
James Patrick O'Shea II
**Husch Blackwell LLP**
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Email:   Dominique.Savinelli@huschblackwell.com
          James.Oshea@huschblackwell.com

*Attorneys for Defendants
Bayer Corporation and Monsanto Company*

Marie K. Lynch
**Swanson, Martin & Bell, LLP**
330 North Wabash Street, Suite 3300
Chicago, Illinois 60611
Email:   mlynch@smbtrials.com

*Attorneys for Defendants Northwestern Memorial Hospital; Northwestern Medical Faculty Foundation; and Olga Frankfurt, M.D.*

　　　　　　　　　　　　　　　　　　　　  _/s/   Thomas J. Dammrich II_

4811-3368-7703