BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-133)**

Plaintiffs' Motion to Vacate should be denied. Plaintiffs do not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff Terry Knox to develop non-Hodgkin's lymphoma ("NHL"). *See* Mem. in Supp. of Mot. to Vacate CTO-133 at 2-3, ECF No. 1035-1 ("Motion to Vacate"). Instead, in an effort to avoid the MDL, plaintiffs oppose transfer based solely on their belief that Monsanto improperly removed the case to federal court. In fact, plaintiffs' Motion to Vacate is virtually identically to the Brief in Support of Remand they filed in the District of Montana. *See* Brief in Supp. of Mot. to Remand, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 23, 2019), ECF No. 9 ("*Knox* Remand Motion").

It is well settled that this Panel does not consider the merits of removal when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer. *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL.

That effort includes, but is not limited to, significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence.  See Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  See Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.

Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  See 28 U.S.C. § 1407(a).

**I.      BACKGROUND**

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2]  Most of those plaintiffs have no connection to the states in which their claims were filed and some name fraudulently joined in-state defendants in an attempt to defeat diversity.

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the

Plaintiffs here have done the latter, bringing product liability claims against: (i) out-of-state defendant Monsanto Company ("Monsanto") and (ii) in-state defendant Kerry Yates, a Monsanto employee and Montana resident and citizen. *See* Ex. 1, Complaint, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 13, 2019), ECF No. 1-1. Although plaintiffs brought all claims against both defendants, there are no allegations that Mr. Yates engaged in any specific tortious conduct directed toward the plaintiffs. Monsanto therefore removed this case to the District of Montana on May 13, 2019, under 28 U.S.C. §§ 1332, 1441, and 1446. *See* Notice of Removal at 1-2, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 13, 2019), ECF No. 1 ("Notice of Removal"). Monsanto provided notice to the Panel of this potential tagalong action on May 14, 2019, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 997, and plaintiffs opposed its transfer on May 21, 2019. *See* Notice of Opp'n to Conditional Transfer Order (CTO-133), ECF No. 1007.

Plaintiffs thereafter filed a motion to remand this case to state court, *see Knox* Remand Motion, which Monsanto has opposed. *See* Monsanto's Brief in Opp'n to Motion to Remand, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. June 10, 2019), ECF No. 16 ("Monsanto's Brief in Opp'n to Motion to Remand"). Mr. Yates filed a motion for judgment on the pleadings on May 29. *See* Def. Kerry Yates's Brief in Supp. of Motion for Judgment on the Pleadings, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 29, 2019), ECF No. 12. On June 11, Judge Morris set a Motion Hearing for July 31, 2019 regarding the Motion to Remand and Mr. Yates's Motion for Judgment on the Pleadings. *See* Text Order, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. June 11, 2019), ECF No. 17.

---

July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

II.  **ARGUMENT**

  A.  **The Panel Should Transfer This Action to MDL No. 2741.**

    1.  **This case meets the criteria for MDL transfer.**

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiffs' claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. *See* Ex. 1, Complaint, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 13, 2019), ECF No. 1-1 at 2; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."). Because plaintiffs' claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings. The Panel has already determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

The pending motions further demonstrate the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting issues regarding remand and fraudulent joinder arguments to decide similar motions when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so. *See, e.g., Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues

presented by this litigation as a whole and is best positioned to resolve plaintiffs' claims. Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). The fact that plaintiffs do not wish to be part of the MDL, *see* Motion to Vacate at 6, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

## 2. The pending motions do not prevent transfer.

Contrary to plaintiffs' claims, transfer is neither precluded nor premature simply because plaintiffs argue that there is no federal jurisdiction. *See* Motion to Vacate at 6. The Panel has repeatedly rejected arguments that CTOs should be vacated because of pending motions to remand to state court. *See, e.g.*, *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair*

*Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).[3]

Plaintiffs do not cite a single case in which the Panel denied transfer based on a pending motion. Furthermore, even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion" because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n. 2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiffs argue that MDL transfer should be denied because they believe their case should be remanded based on the merits of their request, *see* Motion to Vacate at 6, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had

---

[3] Although not mentioned in plaintiffs' opposition to transfer, Monsanto notes that Mr. Yates' motion for judgment on the pleadings is pending. As this Panel has recognized, MDL courts are well equipped to handle resolution of such motions. *See In re: Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017) ("[W]e deny the requests to delay transfer pending rulings on various pretrial motions (e.g., motions to dismiss or to remand to state court).").

"ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[4]  Here, for the reasons set forth in Monsanto's remand opposition brief, plaintiffs' arguments in support of remand are without merit and, in any event, are properly directed to the transferee court.  *See* Monsanto's Brief in Opp'n to Motion to Remand.

### III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer this action to MDL No. 2741.

Dated: June 25, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*

---

[4] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon " in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").