**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

IN Re: ROUNDUP PRODUCTS LIABILITY
LITIGATION                                                                                           MDL No. 2741

_____

*Terry Knox and Carolyn "Coke" Knox, vs. Monsanto Company and Kerry Yates*,
D. Mont., Great Falls Division, No. 4:19-cv-00036

**PLAINTIFFS' REPLY TO DEFENDANT MONSANTO'S OPPOSITION TO**
**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 133**

**I.      INTRODUCTION**

This reply memorandum is respectfully submitted on behalf of Terry and Carolyn Knox ("Plaintiffs") in response to the memorandum in opposition to the Motion to Vacate the Conditional Transfer Order filed by Monsanto Company ("Defendant"). In opposition to the Motion to Vacate the Conditional Transfer Order, Defendant Monsanto contends that transfer to Federal MDL 2741 ("MDL") is appropriate because the case meets the MDL transfer criteria and the pending rulings on briefs regarding removal and remand in the United States District Court for the District of Montana do not prevent transfer to the MDL. However, Plaintiffs' motion should be granted because there is no federal diversity jurisdiction and the transfer would be inefficient. As a matter of comity, and to serve the purposes of 28 U.S.C. § 1407, the MDL Panel should either vacate the Conditional Transfer Order or defer transfer so that the United States District Court for the District of Montana may decide the threshold jurisdictional issue: whether removal was proper. The briefing on Plaintiffs' Motion to Remand was completed on June 24, 2019 and the matter is set for hearing on July 10, 2019 in Great Falls, Montana.

II.  ARGUMENT

    A.  **The Panel Should Allow the United States District Court for the District of Montana to Rule on Whether Removal of Plaintiffs' Claims Was Proper Based on Diversity Jurisdiction.**

A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that a MDL transfer motion has been filed.  *See* Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995); *see also Villarreal v. Chrysler Corp.*, No. C-95-4414-FMS, 1996 U.S. Dist. LEXIS 3159 at *4, 1996 WL 116832, (N.D. Cal. Mar. 12, 1996) ("… a stay is improper. Judicial economy will be best served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.").  The United States District Court for the District of Montana, as transferor court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, **motions to remand should be resolved before the panel acts on the motion to transfer**." *Spitzfaden v. Dow Corning Corp.*, No. 95-2578, 1995 U.S. Dist. LEXIS 16787, *1 n.1, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995) (citing Manual for Complex Litigation, 3d, § 31.131.) (emphasis added); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89, (N.D. Cal. 1997).  This is particularly true where the pending motions have been fully briefed as is the case in the present matter before Judge Brian Morris in the United States District Court for the District of Montana.

    The MDL Panel has, in the past and on principles of comity, timed its action and constructed orders in a manner which will permit the transferor courts to reach timely decisions on particular issues without abrupt, disconcerting, untimely, or inappropriate orders on transfer by the Panel.  *See In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1406 (J.P.M.L. 1973) (denying transfer without prejudice while a motion for preliminary injunction was pending).

"This policy of compatibility has been followed in the past and will be followed in the future by the Panel." *Id*. In the present matter, there is a critical jurisdictional issue, particularly regarding federal diversity requirements. Plaintiffs filed a motion to remand their case with a proper memorandum of law. *Knox* Motion to Remand and Brief in Support, *Knox v. Monsanto Co.*, 4:19-cv-00036-BMM (D. Mont. May 23, 2019), ECF 8 and 9. Defendant Monsanto then provided its response brief. ECF 16. On June 24, 2019, Plaintiffs timely filed their reply brief. ECF 19 (attached as **Exhibit A**). As mentioned, the matter is set for hearing on July 10, 2019 before Judge Brian Morris in the District of Montana. ECF 22.

A review of Plaintiffs' memoranda in support of their motion to remand demonstrates that there is a complete lack of diversity jurisdiction. Although Defendant Monsanto continually argues that Co-Defendant, Kerry Yates, has been fraudulently joined, it is obvious that Plaintiffs have sufficiently alleged viable state law claims of negligence, product liability and breach of warranties against all Defendants. Contrary to Monsanto's arguments, Plaintiffs' have alleged that Co-Defendant Kerry Yates engaged in specific tortious conduct directed toward Plaintiffs because he promoted and warrantied the Roundup used in Plaintiffs' large farming operation. Furthermore, even though Montana law does not require personal contact with the plaintiff because tortious conduct alone is sufficient, Plaintiffs' allegations related to Co-Defendant Yates' promotion and representations regarding Roundup during his warranty approval sufficiently fulfill that requirement. Thus, the federal court would have no jurisdiction over Plaintiffs' claims because Plaintiffs and Co-Defendant, Kerry Yates, are all residents of Montana, thus destroying diversity of citizenship. Plaintiffs refer the Panel to the memoranda filed in support of the motion to remand for a more detailed discussion of exactly why there is no federal jurisdiction of Plaintiffs' claims against Defendants. Judicial economy and the

convenience of the parties would not be served by transfer at this time. The motion to remand and accompanying briefs are ripe for review in the District of Montana. If the action were transferred, the resolution of the issues would be delayed and would cost the parties even more time and money.

Contrary to the contention of Monsanto, 28 U.S.C. § 1407 would not be served by transfer. The pending motion to remand and accompanying briefs do not involve any discovery or related issues relevant to the MDL. While Monsanto has argued that there is the possibility of conflicting rulings, it has not identified any actual conflicting ruling thus far in the extensive Roundup litigation where Monsanto has argued that "numerous cases" have been filed in "various state courts in an apparent effort to bypass the MDL Court." Thus, the risk of conflicting decisions is minimal. A deferral of a decision on the pending motion to remand would be a serious inconvenience to the parties and would result in additional waste of judicial time. As such, this action should not be transferred at this time due to the lack of diversity jurisdiction.

> **B.    Plaintiffs' Claims and the Claims Involved in MDL 2741 Are Only Partially Identical and Therefore Transfer Would Be Inefficient.**

The contention of Monsanto that Plaintiffs' claims raise many of the same issues as those already consolidated in the MDL is only partially correct. Here, there is a unique situation where Plaintiff Terry Knox's exposure to Roundup is paired with the promotion and warranty of Roundup by Co-Defendant, Kerry Yates, who is Monsanto's Montana-based manager and sales representative. Thus, one of the key witnesses and a party Co-Defendant is located in Montana. Consequently, transfer will not serve "the convenience of parties and witnesses" or "promote the just and efficient conduct of such actions." *See* U.S.C. § 1407(a). Discovery on the issues

related to Co-Defendant Kerry Yates is unique to this case and more efficiently carried out in Montana.

Defendant Monsanto has pointed to no specific cases currently in the MDL that would share complete, common factual or legal questions with Plaintiffs' claims related to Co-Defendant Yates' activities in Montana and his interaction with Plaintiff Terry Knox. Discovery and the proceedings in the MDL are primarily focused on the liability issues against Monsanto concerning the manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and distribution of Roundup, which is common to all parties currently in the MDL. While Plaintiffs' allegations against Co-Defendant Kerry Yates are nearly identical to those against Monsanto, Kerry Yates' involvement with Plaintiffs in Montana during his warranty approval is unique and it would not be just or efficient to transfer this case to the MDL proceedings for the reasons stated.

## II.   CONCLUSION

Plaintiffs will be prejudiced by a transfer of this action away from their local courts where proceedings have already begun and where briefs are pending. Discovery of matters related to the Montana Co-Defendant will be more efficient in Montana. Requiring Plaintiffs to wait on factual and legal disputes in the MDL would seriously delay their right to proper adjudication. Thus, the transfer of the action to the MDL would not be appropriate.

For the foregoing reasons, Plaintiffs respectfully request that the Panel grant their Motion and enter an Order (1) vacating the Conditional Transfer Order with respect to this cause of action; or (2) allow the U.S. District Court for the District of Montana to rule upon Plaintiffs' Motion to Remand.

DATED this 2nd day of July, 2019.

        By: /s/ A. Christopher Edwards
            A. Christopher Edwards
            EDWARDS, FRICKLE & CULVER
            1648 Poly Drive, Suite 206
            Billings, MT 59102
            Tel: 406-256-8155/Fax: 406-256-8159
            Email: chris@edwardslawfirm.org

            Counsel for Plaintiffs Terry Knox and Carolyn "Coke" Knox