IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TERRY KNOX and CAROLYN "COKE" KNOX | CV 19–36–GF–BMM |
| Plaintiffs, | ORDER |
| vs. | |
| MONSANTO COMPANY and KERRY YATES, | |
| Defendants. | |

## I.    Background

Plaintiffs Terry Knox and Carolyn "Coke" Knox (collectively "Plaintiffs") initially filed this action in Montana state court. Plaintiff Terry Knox alleges that Monsanto's Roundup branded herbicides ("Roundup") acted as a substantial factor in causing him to develop non-Hodgkin Lymphoma. (Doc. 6 at 1-2.) Defendants Monsanto Company ("Monsanto") and Kerry Yates ("Yates") (collectively "Defendants") removed the case to this Court based on diversity jurisdiction. (Doc. 1.) Yates has promoted Roundup in Montana. (Doc. 2 at 2.)

Defendants acknowledge that Yates is a citizen of Montana, but claim that he has been fraudulently joined to this action. (Doc. 1 at 3.)  Plaintiffs filed a Motion to Remand and Memorandum in Support arguing that Yates constitutes a

**EXHIBIT A**

proper defendant and that his presence in this action prevents removal under the forum defendant rule. (Docs. 8 & 9.) Defendants filed a Motion for Judgment on the Pleadings and Memorandum in Support seeking to dismiss Yates from this action. (Docs. 11 & 12 at 2.)

The Court conducted a hearing on these motions on July 10, 2019. (Docs. 8 & 11.) For the reasons discussed below, the Court grants Plaintiffs' motion and remands this case back to state court.

## II.    Legal Standard

Defendants removed this case pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (Doc. 1 at 1.) The Court's subject matter jurisdiction must arise from U.S.C. § 1332 on the basis of diversity of parties.

There exists a strong presumption against federal jurisdiction over cases removed from state courts. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal possess the burden to establish that removal proves proper. *Id.* Courts must strictly construe the removal statute. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A court must remand if any doubt exists that removal had been improper. *Id.*  Proper removal arises only if there exists complete diversity of citizenship–meaning that each plaintiff is a citizen of a different state than each properly joined defendant. 28 U.S.C. § 1332; *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A plaintiff

properly may join multiple defendants in a single action if the plaintiff's claims against them arise from the "same transaction, occurrence, or series of transactions or occurrences" or share a common question of law or fact. Fed. R. Civ. P. 20. This liberal joinder standard promotes trial convenience and judicial economy without affecting the substantive rights of the parties. *Wheat v. Safeway Stores, Inc.*, 404 P.2d 317, 321 (1965).

A court may ignore defendants who fraudulently have been joined. Fraudulent joinder stands a term of art; joinder of a resident defendant proves fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure appears obvious according to the rules of the state. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). To establish fraudulent joinder, the defendant must demonstrate that the plaintiff failed to assert a valid state law claim against the resident defendant. *Id.* The federal court must find that the joinder had been proper and remand the case to state court if there exists a possibility that a state court would determine that the complaint states a cause of action against the resident defendant. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

### III.   Discussion

Defendants assert that Plaintiffs' Complaint lacks sufficient factual detail to state a plausible negligence claim against Yates. (Doc. 12 at 5.) Defendants argue that Yates must be dismissed from the case and that Yates's dismissal would establish complete diversity. *Id.* Plaintiffs counter that a plausible claim exists against Yates and that the case should be remanded to state court. (Doc. 8.)

Defendants argue that Plaintiffs' base their claims against Yates on conduct that occurred in the course and scope of Yates's employment with Monsanto. (Doc. 9 at 8-11.) Plaintiffs do not dispute that the claims against Yates relate to his employment as a sales representative and manager for Monsanto. (Doc. 7 at 2.) Plaintiffs argue that the allegations of misconduct and omission by Yates constitute an exception to the corporate shield. (Doc. 9 at 15.)

The following four paragraphs refer to Yates:

> ¶ 3: "Defendant Kerry Yates is a resident of Great Falls, Cascade County, Montana. At times relevant to this action, Kerry Yates was Monsanto's sales representative in Montana and promoted its commercial herbicide Roundup and other products. Kerry Yates knew that Terry Knox used thousands of gallons of Monsanto's Roundup products but failed to warn him of any dangers." (Doc. 6 at 2.)

> ¶ 5: "Kerry Yates is an individual resident of Montana doing business for Monsanto in Montana. Defendants

know that Roundup products are and were sold throughout Montana, and, more specifically, caused Roundup to be promoted and sold to Plaintiff Terry Knox in Montana." *Id.*

¶ 62: "At all times relevant, Defendant Kerry Yates marketed, promoted and warrantied Roundup that was used by Terry Knox." *Id.* at 11.

¶ 70: "At all times relevant, Defendant Kerry Yates marketed, promoted, and warrantied Roundup that was used by Plaintiff." *Id.* at 12.

Montana law provides that an agent acting in the course of his agency is personally liable "when the agent's acts are wrongful in their nature." Mont. Code Ann. § 28-10-702(3). The Montana Supreme Court construed this statute to mean that an agent is not personally liable for actions that are merely an implementation of corporate "goals, policies, and business interests." *Phillips v. Mont. Ed. Assn.*, 610 P.2d 154, 158 (Mont. 1980). An employee-defendant must act in his own financial interest as opposed to that of his employer, or with intent to harm the particular plaintiff in order to be personally liable. *Id.*

District courts in Montana have determined that it is enough to allege that the corporate agent either ignored warnings or participated in the principal's tortious conduct to hold the agent personally liable. *See Castro v. ExxonMobil Oil Corp.,* 2012 WL 523635 (D. Mont. 2012). An employee-defendant may be held

personally liable if they "ignored complaints and the allegedly unsafe conditions that existed[.]" *Id.* at *4.

*Woller v. BNSF Ry. Co.*, CV-17-93-GF-BMM-JTJ (D. Mont. 2018) represents a situation similar to the allegations presented by Plaintiffs in this case. *Woller* involved a plaintiff who resided in proximity to Burlington Northern Santa Fe ("BNSF") railroad property in Libby, Montana. (Doc. 47 at 2.) Plaintiff was exposed to asbestos dust from BNSF's property and operations. *Id.* BNSF employed John Swing ("Swing") as a managing agent for BSNF in Libby, Montana. *Id.* at 2-3. BNSF acknowledged that Swing maintained citizenship in Montana, but argued that he was fraudulently joined in order to defeat diversity jurisdiction. *Id.* at 1. BNSF argued that any negligence on Swing's part occurred in the course and scope of his employment. *Id.* at 4. BNSF removed the case to federal court. Plaintiff filed a motion to remand the case. (Doc. 1.)

The Court determined that the compliant sufficiently alleged a negligence claim against Swing. (Doc. 47 at 7.) The complaint alleged as follows: "John Swing was a managing agent for BNSF in Libby, Montana, and as such is separately responsible for acts wrongful in this nature. Allegations herein as to BNSF's conduct and knowledge by this reference specifically include defendant John Swing." (Doc. 4 at 16-17.) The complaint further alleged that Swing was

negligent because he failed to inquire, study, and evaluate the dust hazard to human health, failed to take measures to prevent toxic dust from collecting upon and escaping from BNSF's property, and failed to warn plaintiff of the true nature of the hazardous effects of the dust. *Id.*

Defendants rely on the Declaration of Yates (Doc. 1-2) to refute Plaintiffs' assertion that he was personally negligent. (Doc. 16 at 10.) While a defendant may present summary judgment type evidence such as affidavits to establish fraudulent joinder, the "inquiry is far different from the summary judgment type inquiry." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 at 112, (3d Cir. 1990). The defendant bears the burden of showing fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 2016 (9th Cir. 2007). General denials of responsibility are not sufficient to satisfy the "clear and convincing" standard of proof. *Hampton v. Georgia-Pac. L.L.C.*, 2010 WL 3432594 at *6 (S.D. Ala 2011).

In *Stanley v. BNSF Railway Co. and Lynn Ludwig*, CV-14-136-BLG-SPW (D. Mont. 2015) the Court granted a motion to remand to state court under similar circumstances to allegations made by the Plaintiffs here. *Stanley* involved a plaintiff who suffered serious injuries when his truck was hit by a train at railroad crossing in Hysham, Montana. (Doc. 14 at 1-2.)  Plaintiff sued BNSF and Lynn

Ludwig ("Ludwig") in state court. *Id*. Defendants removed the case to federal court asserting that Ludwig was fraudulently joined to defeat diversity jurisdiction and that she could not be held personally liable. *Id.* Ludwig was a Montana resident and designated as BNSF's local "point of contact" for the Hysham area. *Id.* BNSF offered an affidavit from Ludwig to counter the allegations stated in the complaint. *Id.* at 6. Ludwig claimed that she was not involved in the events which lead to the accident and was only responsible for supervising employees who maintained the track. *Id*.

The Court determined that the Ludwig's denial of the allegations in her affidavit were insufficient to overcome the burden of showing fraudulent joinder. *Id.*at 11-12. In pertinent part the complaint alleged as follows:

> "For a least a year prior to the date of the subject accident on October 13, 2013, Hysham town officials had complained to BNSF officials, including Defendant Ludwig, that BNSF trains were being parked and left standing unoccupied for extended periods of time on the north siding track completely blocking the "west" protected and controlled crossing, making it. completely unusable, thereby forcing motorists, including truckers, to use the unprotected "east" crossing." (Doc. 5 at 2.)

Ordering remand, the Court held that the plaintiff's allegations were sufficient to pursue a negligence claim against Ludwig. The self-serving affidavit of a defendant cannot eliminate the prospect of any factual dispute particularly when

the complaint is in direct disagreement. *Smith v. Smithkline Beecham Corp.*, 2010 WL 3432594 at *4 (E.D. Ky 2010). Because the complaint and Ludwig's affidavit presented conflicting claims and evidence the defendants did not meet their burden of establishing Ludwig was fraudulently joined.

The allegations against Yates prove similar to those against Ludwig. Plaintiff alleges that "Kerry Yates knew that Terry Knox used thousands of gallons of Monsanto's Roundup products but failed to warn him of any dangers." (Doc. 6 at 2.) Yates stated in his declaration that he was responsible for providing support for distributers and retailers of Roundup in Montana. (Doc. 1-2). During his employment Yates has occasionally communicated with end-users regarding product performance issues. *Id*. Yates admits that he promoted Roundup as safe. (Doc. 7 at 9.) Yates acknowledges that glyphosate is an active ingredient in Roundup and concedes that glyphosate has been classified as a carcinogen. *Id.* at 3-5. Yates denies that there exists any risk of injury associated with the use of or exposure to Roundup. *Id.* 17.

Plaintiffs allege that Yates personally knew of Terry Knox's use of Roundup and that Yates failed to warn Terry Knox of the product's dangers. Yates does not recall ever communicating with Plaintiffs. (Doc. 1-2). The Complaint refers to both Monsanto and Yates collectively as "Defendants." (Doc. 6.) The Complaint further

refers to "Monsanto" and "Yates" individually where necessary. *Id*. Plaintiffs'

Complaint clearly states a claim against Yates.

Taking the facts stated in Plaintiffs' Complaint as true, Yates's general

denial of responsibility is insufficient to establish fraudulent joinder by clear and

convincing evidence.

## IV.   Conclusion and Order

Plaintiffs sufficiently plead factual allegations against Yates to meet the

liberal joinder standard. If any doubt exists that removal is proper this Court must

remand.

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is **GRANTED**

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the

Pleadings is **DENIED**.

DATED this 17th day of July, 2019.


Brian Morris
United States District Court Judge