**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-138)**

Plaintiff's Motion to Vacate should be denied. Plaintiff cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff Roland Trosclair, Jr. to develop non-Hodgkin's lymphoma ("NHL"). *See* Mem. in Supp. of Mot. to Vacate CTO-138 at 3, ECF No. 1090-1 ("Motion to Vacate"). Instead, in an effort to avoid the MDL, plaintiff opposes transfer based solely on his belief that Monsanto improperly removed the case to federal court. In fact, plaintiff supports his Motion to Vacate with virtually identical reasoning to his Memorandum in Support of Remand that he filed in the Eastern District of Louisiana.[1] *See* Brief in Supp. of Mot. to Remand, *Trosclair v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. May 29, 2019), ECF No. 7-1 ("*Trosclair* Remand Motion").

It is well settled that this Panel does not consider the merits of removal when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer. *See,*

---

[1] Monsanto notes that plaintiff supplemented his briefing in support of remand in his Motion to Vacate with additional arguments and a supporting declaration that plaintiff did not include in his Remand Motion filed in the Eastern District of Louisiana. For reasons explained in more detail in this Opposition, plaintiff's supplementation in support of his arguments regarding remand is irrelevant to the Panel's determination about whether transfer is appropriate.

1

*e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL. That effort includes, but is not limited to, significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596. Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted. *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.

Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).

I.  **BACKGROUND**

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[2] plaintiffs have employed a strategy of litigation

---

[2] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for

tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[3] Most of those plaintiffs have no connection to the states in which their claims were filed and some name improperly joined in-state defendants in an attempt to defeat diversity.

Plaintiff here has done the latter, bringing product liability claims against: (i) out-of-state defendants Monsanto Company ("Monsanto") and XL Bermuda (a foreign entity), as well as (ii) several in-state defendants, including Catlin Insurance Services, Inc., T.H.E. Insurance Company, 3M Cattle, L.L.C. ("3M Cattle"), and Randy Jacobs, a Monsanto employee.[4] *See* Ex. 1, Petition, *Trosclair v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. May 29, 2019), ECF No. 1-2.  Although plaintiff brought all claims against all defendants, the inclusion of in-state defendants is improper.  Monsanto therefore removed this case to the Eastern District of Louisiana on May 24, 2019, under 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws). *See* Notice of Removal at 1.  Monsanto provided notice to the Panel of this potential tagalong action on June 13, 2019, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 1050, and plaintiff opposed its transfer on June 19, 2019. *See* Notice of Opp'n to Conditional Transfer Order (CTO-138), ECF No. 1059.

Plaintiff thereafter filed a motion to remand this case to state court, *see Trosclair* Remand Motion, which Monsanto has opposed. *See* Monsanto's Opp'n to Motion to Remand, *Trosclair*

---

Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[3] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

[4] Plaintiff also sued an improperly-named defendant, "Monsanto Company Manufacturing Facility." *See* Mot. to Vacate at 6.

*v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. May 24, 2019), ECF No. 19 ("Monsanto's Opp'n to Motion to Remand"). Randy Jacobs and 3M Cattle also filed motions to dismiss on June 21, 2019. *See* Motion to Dismiss for Failure to State a Claim by Randy Jacobs, *Trosclair v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. June 21, 2019), ECF No. 29 and Motion to Dismiss by 3M Cattle, *Trosclair v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. June 21, 2019), ECF No. 33. On June 24, Judge Barbier cancelled the scheduled hearing regarding the motions to dismiss, *see* ECF No. 36, and on June 28, the case was transferred to Judge Guidry. *See* ECF No. 38. Judge Guidry has issued no substantive orders and no hearing date has been scheduled regarding any of the pending motions.

## II.     ARGUMENT

### A.     The Panel Should Transfer This Action to MDL No. 2741.

#### 1.     This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. *See* Ex. 1, Petition, *Trosclair v. Monsanto Co., et al.*, 2:19-cv-10689-GGG-MBN (E.D. La. May 29, 2019), ECF No. 1-2; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."). Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings. The Panel has already determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

The pending motions further demonstrate the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of

inconsistent decisions for district courts around the country that receive future Roundup® cases presenting issues regarding remand and improper joinder arguments to decide similar motions when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so.  *See, e.g., Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  Moreover, MDL transfer presents the most efficient path to its ultimate resolution.  The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims.  Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 4, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2.    The pending motions do not prevent transfer.

Contrary to plaintiff's claims, transfer is neither precluded nor premature simply because plaintiff argues that there is no federal jurisdiction.  *See* Motion to Vacate at 2-6.  The Panel has repeatedly rejected arguments that CTOs should be vacated because of pending motions to remand to state court.  *See, e.g.*, *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion

to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).[5]

Plaintiff does not cite a single case in which the Panel denied transfer based on pending remand or other motions. Furthermore, even in cases where a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion" because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on

---

[5] Monsanto also notes that the pending motions to dismiss by 3M Cattle and Randy Jacobs likewise have no impact on whether the case should be transferred. As this Panel has recognized, MDL courts are well equipped to handle resolution of such motions. *See In re: Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017) ("[W]e deny the requests to delay transfer pending rulings on various pretrial motions (e.g., motions to dismiss or to remand to state court).").

pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n. 2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiff argues that MDL transfer should be denied because he believes that his case should be remanded based on the merits of his request, *see* Motion to Vacate at 2-6, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[6] Here, for the reasons set forth in Monsanto's remand opposition brief, plaintiff's arguments in support of remand are without merit and, in any event, are properly directed to the transferee court. *See*

---

[6] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon " in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n. 1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n. 3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

Monsanto's Opp'n to Motion to Remand.

### III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: July 25, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*