**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re: Roundup Products Liability Litigation<br><br>*Trosclair v. Monsanto Company, et al.*<br>2:19-cv-10689-CBJ-MBN | MDL Docket No. 2741 |

**REPLY TO MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-138)**

In this reply, Plaintiff Roland Trosclair responds to Defendant Monsanto Company's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-138.) This matter is before the Judicial Panel on Multidistrict Litigation ("JPML") only because Monsanto Company ("Monsanto") improperly removed it by asserting that Monsanto's non-diverse co-defendants were improperly joined for the purpose of destroying diversity. Evidence demonstrates that Monsanto is incorrect and that Monsanto has failed to meet its burden as the removing party. Further, there are numerous unique questions of fact applicable to this case only that outweigh any common questions of the MDL.[1] Moreover, MDL Judge Vince Chhabria has already begun remanding cases to their original district courts for trial. As such, Conditional Transfer Order ("CTO") No. 138 must be vacated.

The Panel has the authority to remand an action "at or before the conclusion of pretrial proceedings." *Rules of Procedure of the United States Panel on Multidistrict litigation*, Rule 1.1(j);

---

[1] In Defendant's Opposition to Plaintiff's Motion to Vacate the Conditional Transfer Order, Defendant failed to advise the Court of this matter's prior procedural history on the issues of venue and jurisdiction. The following timeline may be instructive to the Court.

6/18/19 – Oral Arguments on Plaintiff's Motion to Remand is cancelled by Judge Barbier
6/19/19 – Original date set for Oral Argument on Motion to Remand
6/19/19 – Judge Greg Guidry confirmed by Senate
6/21/19 – Judge Guidry received commission
6/24/19 – Oral Argument on Defendant's Motion to Dismiss cancelled (originally set for July 17, 2019)
6/28/19 – Trosclair case assigned to Judge Guidry

28 U.S.C. § 1407(a). Furthermore, "the Panel may remand an action or any… upon the transferee court's suggestion of remand, the Panel's own initiative by entry of an order to show cause, a conditional remand order, or other appropriate order, or motion of any party." *Id.*, Rule 10.1(b). "The statutory power to order a remand under § 1407(a) from the transferee district to the transferor district lies in the Panel, not the transferee district Judge." *In re Roberts*, 178 F.3d 181, 185 (3rd Cir. 1999).

## I. The JPML May Remand This Matter

Monsanto has not met its burden of proving that Mr. Trosclair has no possibility of recovering against the non-diverse defendant. Plaintiff has pleaded facts which assert a valid state law claim of negligence against resident defendants 3M Cattle, LLC and Randy Jacobs. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313. 1318 (9th Cir. 1998). Plaintiff has further pleaded factual allegations which meet Louisiana's joinder standard regarding these defendants. The allegations that Mr. Jacobs removed unfinished product from the Luling Plant without Monsanto's permission and that he then provided it to 3M in repurposed containers on 3M's property clearly set forth a possibility of recovering against Mr. Jacobs for negligence. The same is true for the allegations against 3M for its negligence in providing the unfinished product to the plaintiff with no personal protective equipment or instructions for proper handling.  Plaintiff has more specifically set forth these allegations in earlier briefings and need not repeat them again.

## II. The JPML Is Already Remanding Cases, Indicating MDL Discovery Is Substantially Complete

At the date of this filing, Judge Chhabria has begun remanding cases back to the district courts from whence they came. *See In Re: Roundup Products Liability Litigation*, MDL No. 2741, Pretrial Order No. 150: Scheduling Order for Remand Waves 1 and 2 (June 14, 2019), [ECF 4132]. As such, the majority of discovery in MDL cases has already been completed and, in fact, a trial

has been conducted by Judge Chhabria. Some of these remand orders have been entered with Monsanto's consent. *See Hooks et al. v. Monsanto Co.*, Case No. 3:19-cv-00714-VC, Order to Remand Case to State Court (June 20, 2019); *see also Bouzeames et al v. Monsanto Co.,* Case No. 3:10-cv-00713 VC, Order to Remand Case to State Court (June 20, 2019). Efficiency is not served by transferring this case to Judge Chhabria's court only to have him transfer it back at some indeterminate point in time that could be months or years away while the evidence needed to prove this case becomes stale. It is far more judicially efficient to remand the case now so that case-specific discovery can commence.

### III. This Unique Matter Shares Few Questions of Common Fact with Other MDL Cases, Rendering Any Argument About Judicial Efficiency Moot

In addition to the fact that Judge Chhabria has already begun remanding cases, the matter at hand shares so few common questions with other MDL cases that it warrants remand anyway. For instance, there are no other cases pending before the JPML that involve the removal of unfinished product from the plant production line and no other cases that involve a defendant's distributing unfinished product to the public in incorrectly labeled containers. In fact, this case requires discovery on such numerous unique issues that it distinguishes it from any other case in the MDL and negates any argument that this case should be part of the MDL as a matter of judicial efficiency. These issues include, but are not limited to:

   a.) The actual composition of the unfinished product taken by Defendant Jacobs;

   b.) Where and how Defendant Jacobs acquired the unfinished product;

   c.) Questions surrounding Defendant Jacobs' knowledge of the unfinished product;

   d.) Questions regarding what Defendant Jacobs told Defendant 3M about the unfinished product;

   e.) What 3M knew about the unfinished product;

3

f.) What instructions or lack thereof were given to Plaintiff about the product; and

g.) What type of personal protective equipment or lack thereof was provided to Plaintiff.

### IV. Monsanto Cannot Support Its Arguments Regarding Plaintiff's Motives for Remand

Monsanto argues that Plaintiff seeks only to "avoid the MDL" and claims that "this case can be resolved most efficiently in the MDL." *See* Monsanto Company's Opp. to Plaintiff's Mtn. to Vacate CTO (Doc. No. 1125) at pg. 5. However, "Plaintiffs' choice of forum should be given 'great' or 'substantial' weight when considering whether to transfer a case under § 1494(a)." *United States v. Cinemark USA, Inc.* 66 F. Supp. 2d 881, 887 (N.D. Ohio 1999). Here, the plaintiff has filed in an appropriate forum and is simply seeking to avoid delay and conduct case-specific discovery inasmuch as the common-issue discovery has been substantially completed. As mentioned previously, the longer Plaintiff is prevented from conducting specific discovery, the more stale the evidence becomes.

### CONCLUSION

For the foregoing reasons, this Panel is well within its authority to remand the case. Therefore, the plaintiff respectfully seeks remand back to the Eastern District of Louisiana for determination of jurisdiction or for the commencement of case-specific discovery.

Dated: August 1, 2019                    Respectfully submitted,

**LUNDY LUNDY SOILEAU & SOUTH, LLP**

        s/ Matthew E. Lundy
MATTHEW E. LUNDY (#18988)
501 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 439-0707
Fax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

*Attorney for Plaintiff, Roland Trosclair, Jr.*