BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL 2741 |

This Filing Relates To The Following Cases Only:

*Okamoto et al v. Monsanto Company,* Hawaii, Civil Action No: 19-cv-00330

*Mayer et al v. Monsanto Company,* Hawaii, Civil Action No: 19-cv-00331

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 142**

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), the Plaintiffs in the above captioned cases file this Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-15). Plaintiffs are residents of Hawaii and filed cases against Monsanto Company in the District Court of Hawaii alleging that exposure to the pesticide Roundup caused them to develop non-Hodgkin lymphoma. Plaintiffs acknowledge that their cases are similar to other cases that have been transferred to MDL 2741, In Re: Roundup Products Liability Litigation. However, due to the advanced state of MDL 2741, including the completion of general discovery and a bellwether trial, transfer of actions to MDL 2741 is no longer warranted.

**II. STANDARD**

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L.

1970)). Good cause exists where consolidation fails to promote the "*just and efficient*" conduct of the action. *See* 28 U.S.C. § 1407(a) (emphasis added); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

**I.    ARGUMENT**

**A. Transfer is no Longer Required As All Common Issues have Been Resolved and a Phased Remand of Transferred Cases has been Scheduled.**

"Multidistrict litigation is not static." *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.,* 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009) (granting motion to vacate). This Panel has recognized that "[o]ver the course of time, the relative merits of transferring additional cases can change as the transferee court completes its primary tasks." *Id.* For that reason, "[a]fter a certain point . . . the benefits of transfer should not be assumed to continue." *Id.* As a result, motions to vacate are often granted where the transferee court "has reached an advanced stage." *Id*. Here, MDL No. 2741 is at an advanced stage and has already "accomplished essentially all of the primary objectives of centralization." *See In re Cessna 208 Series Aircraft Products Liability Litigation,* 655 F. Supp. 2d 1379 (J.P.M.L. 2009).

Where the "bulk" of common discovery has been completed (or is in the process of being completed) and can be made available to other parties, transfer is less warranted. *In re A.H. Robins Co., Inc.*, 610 F. Supp. 1099, 1100 (J.P.M.L. 1985) (denying motion to transfer); *see also In re Richardson-Merrell, Inc.*, 582 F. Supp. 890, 891 (J.P.M.L.), on reconsideration, 588 F. Supp. 1448 (J.P.M.L. 1984) (vacating transfer where "discovery pertaining to common issues

2

has been completed in the transferee district" and "procedures exist whereby relevant discovery already completed in the transferee district may be made available to parties in newly filed actions").

This MDL proceeding has been pending before Judge Vince Chhabria in the Northern District of California since October 6, 2016. Currently, there are numerous cases pending before the MDL that were filed in other jurisdictions and transferred to this District pursuant to 28 U.S.C. § 1407. General discovery has been completed in MDL 2741, including *Daubert* hearings, and the completion of a bellwether trial. Pre-trial and post-trial motions were filed by both parties resulting in significant rulings on issues of facts and law that can properly be applied by the transferor courts. Judge Chhabria has thus ordered a phased remand schedule based upon groupings by state. Exhibit A (PTO-150). In each group, only case-specific discovery and case-specific pre-trial motions needs to be completed at which point Judge Chhabria will suggest remand for those case. *Id.* No further general discovery is contemplated. *Id.*

The specter of inconsistent rulings on identical issues or duplicative discovery no longer exists, and concomitantly, the benefits of being included in the multidistrict litigation have disappeared. The stated objective of an MDL transfer is to avoid duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses, and the courts. *See In re Plumbing Fixture,* 298 F.Supp. 484 (J.P.M.L. 1968). This objective has now been served. The core or common discovery has been completed and further centralized pretrial proceedings are unnecessary, unwarranted and unhelpful.

PTO-150 does not address the status of newly filed cases that have not yet been transferred. Adding new cases to the MDL would only slow down the phased remand process

and create inefficiencies and inconvenience for those cases currently pending in the MDL. *In re: Checking Account Overdraft Litigation* (U.S. Jud. Pan. Mult. Lit. 2011) 818 F.Supp.2d 1373 (...the Panel must always consider the impact that transfer of that action could have on the cases already in the MDL.")

Furthermore, vacating transfer will still maintain the benefits of centralization for Okamoto and Mayer. This Panel has recognized that "even absent transfer, many benefits of the MDL are available to expedite resolution [of an action]." *In re: Checking Account Overdraft Litig.*, 818 F.Supp. 2d 1373, 1374 (J.P.M.L. 2011) (granting motion to vacate); *see also In re Bridgestone*, 659 F. Supp. 2d 1371 (granting motion to vacate and noting transferee court has already "made many well considered and useful rulings on procedural, substantive and evidentiary issues"). Plaintiff has full access to the depositions of Defendant's corporate witnesses, generic expert reports, expert depositions, and all documents and databases produced by Defendant. Transfer to the MDL is no longer warranted as the objectives of MDL have been achieved and common discovery is now complete.

**B. The District of Hawaii is More Convenient for the Plaintiffs**

Plaintiffs currently live in Hawaii and were exposed to Roundup in Hawaii. The fact witnesses in this case, including Plaintiffs' physicians, all reside in Hawaii. The corporate witnesses for Monsanto have already testified via video deposition and these videos can be played at trial. Therefore, transfer to the Northern District of California will not foster convenience for the parties.

## **CONCLUSION**

Recognizing that generic discovery is fully completed and case-specific discovery is all

that remains with regard to Plaintiff's case, CTO-142 should be vacated

                                                        Respectfully submitted,

                                                        /s/ Michael J. Miller
Michael J. Miller, Esq.
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
Tel: (540) 672-4224
Fax: (540) 672-3055

Date: August 6, 2019