## BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS                             MDL No. 2741
LIABILITY LITIGATION

This Filing Relates To The Following Cases Only:
*Okamoto, et al. v. Monsanto Company,* Hawaii, No: 1:19-cv-00330
*Mayer, et al. v. Monsanto Company,* Hawaii, No: 1:19-cv-00331

### MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-142)

Plaintiffs' motion to vacate CTO-142 should be denied.  Plaintiffs admit that their cases

share common issues of fact with those already centralized in MDL No. 2741 and involve

allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products

caused plaintiffs to develop non-Hodgkin's lymphoma ("NHL").  *See* Mem. in Supp. of Mot. to

Vacate CTO-142 at 1, ECF No. 1155-1 ("Motion to Vacate").  Nevertheless, plaintiffs oppose

transfer based upon their belief that MDL 2741 – a relatively young MDL proceeding with

pending general document and deposition discovery – is at an "advanced state" and that transfer

of additional cases into the MDL will no longer promote efficiency.  *Id.*  In support of this

request, plaintiffs claim that common discovery has been completed and no continued risk of

inconsistent rulings exists.  *Id.* at 3.

Both claims are incorrect, as is plaintiffs' underlying contention that the MDL is so far

advanced that transfer would no longer be efficient.  The MDL Court has not suggested remand

of any actions.  Moreover, the MDL Court rejected plaintiffs' suggestion to include two cases

originally filed in Hawaii (as were plaintiffs' claims here) in the next work-up groups.  *See* Joint

Case Management Statement, No. 3:16-md-02741-VC (N.D. Cal. May 15, 2019); Pretrial Order

No. 150: Scheduling Order for Remand Waves 1 and 2, No. 3:16-md-02741-VC (N.D. Cal. June

1

14, 2019).  Focusing on discovery, and as plaintiffs' counsel here knows given his position as co-lead counsel on the MDL plaintiffs' leadership committee, the MDL plaintiffs continue to serve discovery requests on Monsanto applicable to all actions (*i.e.*, non-case specific discovery).  For example, in June, the plaintiffs' leadership committee served Requests for Admission in all actions in the MDL asking for, among other things: information regarding Monsanto's hiring of public relations companies; documents in Monsanto's possession regarding various issues; and Bayer's public statements related to glyphosate-based herbicides.  *See* Ex. 1, Plaintiffs' Second Set of Requests for Admission (served June 5, 2019 in the MDL).  The MDL plaintiffs also have served a notice of deposition for a Monsanto corporate representative on certain topics; that deposition is scheduled for October.  *See* Ex. 2, Amended Notice of Deposition of Corporate Designee (served July 30, 2019 in the MDL).  Other general discovery is occurring as well.

The ongoing developments in the MDL also disprove plaintiffs' claims that transfer is no longer efficient and no risk of inconsistent rulings exists.  To promote efficiency, the MDL Court has implemented ongoing procedures to move individual cases (both those in the MDL now and those that will be transferred into it in the future) forward, starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018) (discovery requirements apply to "all cases that are currently part of this MDL and that will become part of this MDL").  To ensure consistency of rulings on similar issues, the MDL Court is continuing to supervise both general and case-specific discovery and plans to resolve pretrial motions – including case-specific *Daubert* and summary judgment motions – prior to remand.  *See* Pretrial Order No. 150: Scheduling Order for Remand Waves 1 and 2, No. 3:16-md-02741-VC (N.D. Cal. June 14, 2019); Pretrial Order No. 147: Tentative Remand Plan, No. 3:16-md-02741-VC (N.D. Cal. May

21, 2019); Pretrial Order No. 158: *Daubert* Choice of Law, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2019). According to the MDL Court, this plan allows the Court to rely upon rulings from prior, allegedly similar summary judgment decisions to achieve more efficient resolution of the MDL as a whole. *See* Pretrial Order No. 147: Tentative Remand Plan, No. 3:16-md-02741-VC (N.D. Cal. May 21, 2019).

Finally, although much has been done in MDL 2741, it is not so advanced as to warrant the discontinuation of transfer of like claims. To date, all cases are proceeding through the case management protocols in place, but none is ripe for remand. In fact, this Panel has transferred 361 cases into the MDL since the entry of the wave-based case management plan. Further, the parties are participating in mediation as ordered by the MDL Court, a process that has not reached any conclusion. There is no reason to discontinue the transfer process now, as it will continue to serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).

## I.    BACKGROUND

Despite requesting the formation of what is now MDL 2741, plaintiffs and their counsel have employed various strategies to avoid it, including litigation tourism, filing numerous cases in various state courts including unnecessary in-state co-defendants, or, now, opposing transfer by arguing that the MDL no longer benefits them.[1]

Plaintiffs attempt to avoid the MDL by arguing that it is "at an advanced stage" where transfer will no longer be efficient. *See* Motion to Vacate at 2-4. Contrary to plaintiffs'

---

[1] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

assertions, however, the MDL is not "advanced" to a point of completion – it was created only three years ago and transfer of cases continues to remain valuable to the resolution of the litigation as a whole.  The MDL Court apparently agrees.  As noted above and below, rather than viewing its work as concluded, the MDL Court has recently entered a variety of case management orders to ensure cases progress toward remand in a consistent and efficient manner, while at the same time lowering the risk of inconsistent judicial decisions and duplicate work within the federal judiciary.

## II.   ARGUMENT

Under 28 U.S.C. § 1407(a), "transfers shall be made by the judicial panel . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  Whether the Panel's continued inclusion of tag-along actions in an MDL is appropriate is based upon a review of the status of the MDL proceedings and an assessment of the relative merits of transferring additional cases.  *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009).  The Panel considers various factors in determining whether continued transfers are appropriate, including but not limited to: the transferee judge's remaining work in the MDL; whether the majority of cases in the MDL have been resolved; the duration of existence of the MDL; and whether the benefits of transfer continue.  *See id.*; *see also In re: Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379 (J.P.M.L. 2009).  The Panel also considers "the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."  *See*, *e.g.*, *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1352 (J.P.M.L. 2012).  Each of these factors favors transfer here.

**A.      The MDL Court Does Not View Its Work as Complete at This Time.**

Recent case management orders in the MDL demonstrate that the transferee judge recognizes that much is left to do.  For example, the MDL Court recently implemented plans that permit continued control over general and case-specific discovery in current and future cases. The Panel has already determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved.  *See In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1347 (J.P.M.L. 2016).  As mentioned earlier, plaintiffs continue to seek common discovery of Monsanto to apply to all actions in the MDL, and there is a significant risk that plaintiffs will seek additional discovery in federal court in Hawaii that has already been propounded in the MDL, is in addition to that in the MDL, or has been deemed to be outside the scope of discovery by the MDL Court.  The risk of duplicative discovery or inconsistent rulings regarding appropriate discovery boundaries is precisely what the "original transfer was intended to prevent."  *In re Koratron Patent Litig.*, 327 F. Supp. 559, 560 (J.P.M.L. 1971) (denying motion to vacate transfer to MDL where "substantial" discovery had already been completed to avoid duplicative discovery).

On the case-specific discovery front, in addition to an order requiring the submission of plaintiffs' fact sheets in all cases currently and to be transferred into the MDL, the MDL Court is coordinating additional discovery in staggered remand "waves."  *See* Pretrial Order No. 150: Scheduling Order for Remand Waves 1 and 2, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. June 14, 2019).  This plan entails state-based remand of cases grouped in waves based on governing state law.  *Id.* at 1.  The first wave for eventual remand will include cases originating from California and Nebraska (Wave 1) followed by additional remands in cases originating from Illinois and North Carolina (Wave 2).  The MDL Court intends to resolve any challenges to general or specific causation experts before remanding these cases, as well as

issues of state law in any motions for summary judgment, in part due to the MDL Court's belief that its experience in resolving such motions in other MDL 2741 cases makes continued centralization of these matters more efficient.  *See* Pretrial Order No. 158: *Daubert* Choice of Law, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2019) ("[E]ven if it were possible to apply slightly differing interpretations of federal law, doing so 'would surely reduce the efficiencies achievable through consolidated preparatory proceedings.' *In re Korean Air Lines Disaster*, 829 F.2d at 1175.").

Notably, the MDL currently contains two other cases that, like plaintiffs' claims here, were originally filed in Hawaii.  Although the MDL Court declined the MDL plaintiffs' request to place the Hawaii cases in one of the initial "waves," *see supra* at 1, the MDL Court has stated its intent to schedule additional waves for trial-work up at a later point in time.  *Id.*  Given that "[p]laintiffs acknowledge that their cases are similar to other cases that have been transferred to MDL 2741," Motion to Vacate at 1, transfer best promotes the just and efficient resolution of plaintiffs' claims.  *See In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

**B.     This MDL Is Not So Advanced That Centralization Is No Longer Efficient.**

This MDL is only three years old.  That is "young" for a product liability MDL, especially given that there are currently over one thousand actions pending.  *See*, *e.g.*, *Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation* (MDL No. 1358; formed in 2000 and ongoing).  Indeed, the cases that plaintiffs cite in their opposition to support their arguments involve MDLs that had been established longer than MDL 2741.  *See In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009) (nine years); *In re: Cessna 208 Series Aircraft Prods. Liab. Litig.*, 655 F. Supp. 2d 1379

(J.P.M.L. 2009) (four years); *In re A.H. Robins Co., Inc.*, 610 F. Supp. 1099, 1100 (J.P.M.L. 1985) (ten years).

As plaintiffs note, there has been one initial trial in the MDL, but that verdict is on appeal.  No cases have been remanded to transferor courts (although specific plans and schedules to do so are in place), and no cases in the MDL have been resolved to finality.  These factors weigh in favor of continued centralization.

C.      **The Benefits of Transfer Continue To Exist and Will Result in Increased Efficiencies for all Parties and Witnesses.**

Finally, in determining whether transfer is appropriate, the Panel considers the convenience of the parties and witnesses in the entire litigation; this is true even when certain parties claim individual inconveniences.  *See*, *e.g.*, *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d at 1352.

The fact that plaintiffs do not wish to be part of the MDL, *see* Motion to Vacate at 4, does not change the fact that, at this point in the litigation, these cases can be resolved most efficiently when centralized.  By continuing to preside over general discovery of Monsanto, the MDL Court can ensure both consistency and efficiency.[2]  *See In re Sta-Power Indus., Inc. Sec. & Antitrust Litig.*, 404 F. Supp. 476, 477 (J.P.M.L. 1975) (denying motion to vacate transfer because the MDL judge was "well-acquainted with the issues involved in this litigation" and was in the best position to manage additional discovery requests if the need arose).  And, as discussed above, the MDL Court has in place both case management plans designed to move individual cases toward

---

[2] In addition, the cases that plaintiffs cite for the proposition that where the "bulk" of discovery has been completed, transfer is less warranted, are inapposite.  In *In re A.H. Robins Co.*, the Panel declined to create an additional MDL for 1,700 cases because an existing MDL had been pending for ten years and the bulk of the completed common discovery could be made available to parties.  610 F. Supp. at 1100. In *In re Richardson-Merrell*, the Panel ultimately reconsidered its ruling and did transfer six actions to the MDL.  588 F. Supp. 1448, 1449 (J.P.M.L. 1984).

remand and trial without overwhelming transferor courts, while at the same time ordering talks on resolution as a whole. *See* Pretrial Order No. 141: Order Vacating Trial and Setting Upcoming Hearing, No. 3:16-md-02741-VC (N.D. Cal. Apr. 11, 2019) (ordering mediation among the parties); *see also* Transfer Order, *In re Auto Body Shop Antitrust Litig.*, MDL No. 2557, 2015 WL 4747834, at *1 (J.P.M.L. Apr. 1, 2015) (holding that transfer to the MDL would prevent inconsistent rulings, including on anticipated summary judgment motions, because "the transferee court already has ruled on dispositive motions and thus is familiar with the factual and legal issues likely to be presented"); *In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ("It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407.").

Given the MDL Court's deep institutional knowledge of the common issues involved across all cases, its plan to work up and remand individual cases, and the efficiency to be gained in coordinating the proceedings, transfer of plaintiffs' claims to the MDL will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).

## III.    CONCLUSION

The Panel should not permit plaintiffs to avoid the MDL process simply because they now argue that joining the MDL will no longer benefit them. The MDL Court remains in the best position to streamline discovery and promote efficient resolution of the litigation. For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and transfer these actions to MDL No. 2741.

Dated: August 27, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth

Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*