**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **December 5, 2019**

LOCATION OF HEARING SESSION: United States Courthouse
Courtroom 1, Room 1310, First Floor
501 West 5th Street
Austin, Texas  78701

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- 2 -

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 18, 2019.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc: Clerk, United States District Court for the Western District of Texas

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on December 5, 2019, the Panel will convene a hearing session in Austin, Texas, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry       Nathaniel M. Gorton
Matthew F. Kennelly      David C. Norton

SCHEDULE OF MATTERS FOR HEARING SESSION
December 5, 2019 -- Austin, Texas

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2919 -- **IN RE: CP4 FUEL PUMP MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Zachary J. Farlow, et al.; Christopher Moonan, et al.; Frank Ginebra, et al.; Abner Nunez, et al.; Mark D. Chapman, et al.; Mark William Droesser, et al.; Tyler Allen Click, et al.; Eric Stevens, et al.; and Kevin Lee Berry, et al., to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

FARLOW, ET AL. v. FORD MOTOR COMPANY, C.A. No. 3:18-06967
IN RE: GENERAL MOTORS LLC CP4 FUEL PUMP LITIGATION,
   C.A. No. 4:18-07054

Southern District of Florida

GINEBRA, ET AL. v. GENERAL MOTORS LLC, C.A. No. 1:18-25209
NUNEZ, ET AL. v. FORD MOTOR COMPANY, C.A. No. 1:18-25211

Eastern District of Michigan

CHAPMAN, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:19-12333
DROESSER, ET AL. v. FORD MOTOR COMPANY, C.A. No. 5:19-12365

District of New Jersey

DAWSON v. GENERAL MOTORS LLC., C.A. No. 3:19-08680

Southern District of Texas

CLICK, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:18-00455
STEVENS, ET AL. v. FORD MOTOR COMPANY, C.A. No. 2:18-00456
BERRY, ET AL. v. FCA US LLC, ET AL., C.A. No. 2:19-00023

MDL No. 2920 – **IN RE: STOCKX CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of defendants StockX LLC, and StockX, Inc., to transfer the following actions to the United States District Court for the Eastern District of Michigan:

<u>Southern District of Florida</u>

CASEY v. STOCKX, LLC, C.A. No. 1:19‒23285

<u>Eastern District of Michigan</u>

I.C. v. STOCKX, LLC, ET AL., C.A. No. 2:19‒12441

<u>Eastern District of Pennsylvania</u>

MCBRIDE v. STOCKX, LL., C.A. No. 2:19‒03685

MDL No. 2921 – **IN RE: ALLERGAN BIOCELL TEXTURED BREAST IMPLANT PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs A.B., et al., and Dana Zettlemoyer to transfer the following actions to the United States District Court for the Middle District of Tennessee:

<u>Central District of California</u>

A.B., ET AL. v. ALLERGAN, INC., ET AL., C.A. No. 8:19‒01651

<u>Central District of Illinois</u>

TAUBEN v. ALLERGAN, INC., ET AL., C.A. No. 2:19‒02257

<u>District of New Jersey</u>

DOE 1, ET AL. v. ALLERGAN, INC., ET AL., C.A. No. 2:19‒16784

<u>Southern District of New York</u>

DOE 1, ET AL. v. ALLERGAN, INC., ET AL., C.A. No. 7:19‒09151

<u>Middle District of Tennessee</u>

ZETTLEMOYER v. ALLERGAN, INC., ET AL., C.A. No. 3:19‒00866

MDL No. 2922 – **IN RE: DSW TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Motion of defendants Designer Brands Inc., and DSW Shoe Warehouse, Inc., to transfer the following actions to the United States District Court for the Southern District of Ohio:

<u>Central District of California</u>

AUSTIN v. DESIGNER BRANDS INC., C.A. No. 2:19‒08187

<u>Northern District of California</u>

WINGATE, ET AL. v. DSW SHOE WAREHOUSE, INC., C.A. No. 3:19‒05324

<u>Southern District of California</u>

LAGUARDIA v. DESIGNER BRANDS INC., ET AL., C.A. No. 3:19‒01568

<u>Southern District of Florida</u>

DARGOLTZ v. DESIGNER BRANDS INC., C.A. No. 0:19‒62274

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 – **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Deborah Lyon to transfer of the following action to the United States District Court for the Northern District of Texas:

Northern District of California

LYON v. DEPUY ORTHOPAEDICS, INC., ET AL., C.A. No. 4:19−05270

MDL No. 2627 – **IN RE: LUMBER LIQUIDATORS CHINESE−MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Stacy Moore to transfer of the following action to the United States District Court for the Eastern District of Virginia:

Northern District of Georgia

MOORE v. LUMBER LIQUIDATORS, INC., C.A. No. 1:19−03454

MDL No. 2666 – **IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Emma M. Williams to transfer of the following action to the United States District Court for the District of Minnesota:

Western District of Missouri

WILLIAMS v. 3M, ET AL., C.A. No. 4:19−00617

MDL No. 2672 – **IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Timothy Bowers, et al., to transfer of the following action to the United States District Court for the Northern District of California:

<u>Eastern District of Virginia</u>

BOWERS, ET AL. v. VOLKSWAGEN GROUP OF AMERICA, INC.,, ET AL., C.A. No. 1:19-01043

MDL No. 2738 – **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Melissa Parsons, et al., to transfer of the following action to the United States District Court for the District of New Jersey:

<u>Eastern District of Kentucky</u>

PARSONS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 7:19-00068

MDL No. 2741 – **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Michal Pizl; Robert Rawson; and Scott Van Der Zanden, et al., to transfer of their respective following actions to the United States District Court for the Northern District of California:

<u>District of Hawaii</u>

PIZL v. MONSANTO COMPANY, C.A. No. 1:19-00397

<u>Northern District of Illinois</u>

RAWSON v. BAYER CORPORATION, ET AL., C.A. No. 1:19-06040

<u>District of Oregon</u>

VAN DER ZANDEN, ET AL. v. MONSANTO COMPANY, INC., C.A. No. 3:19-01382

MDL No. 2800 – **IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Georgia:

<ins>Central District of California</ins>

ALAN v. EQUIFAX INC., ET AL., C.A. No. 2:19‑06588
VENTRESS v. EQUIFAX, INC., C.A. No. 8:19‑01466

<ins>Southern District of Indiana</ins>

FLOWERS v. EQUIFAX, INC., C.A. No. 1:19‑03678
HUTCHINSON v. EQUIFAX, INC., C.A. No. 1:19‑03681
HUTCHINSON v. EQUIFAX, INC., C.A. No. 1:19‑03682

<ins>Southern District of Ohio</ins>

WILLIAMS v. EQUIFAX, INC., C.A. No. 1:19‑00622

<ins>Eastern District of Texas</ins>

BASS v. EQUIFAX, INC., C.A. No. 4:19‑00452

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

<ins>Northern District of Illinois</ins>

HESTRUP v. H.D. SMITH, LLC, ET AL., C.A. No. 1:19‑05905

<ins>District of Maryland</ins>

HOWARD COUNTY, MARYLAND v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‑02116

<ins>District of Nevada</ins>

CLARK COUNTY v. PURDUE PHARMA, L.P., ET AL., C.A. No. 2:19‑01616

District of New Jersey

COUNTY OF OCEAN, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 3:19‒17138
CITY OF TRENTON, NEW JERSEY v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 3:19‒17155

Eastern District of New York

ALLEGANY COUNTY v. PURDUE PHARMA LP, ET AL., C.A. No. 2:19‒04891

Northern District of New York

CITY OF AMSTERDAM v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒00896

Southern District of New York

CITY OF POUGHKEEPSIE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19‒06800

Eastern District of Oklahoma

ATOKA COUNTY BOARD OF COMMISSIONERS v. PURDUE PHARMA, LP,
  ET AL., C.A. No. 6:19‒00279
HASKELL COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19‒00280
LATIMER COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19‒00282
CITY OF SEMINOLE v. PURDUE PHARMA, LP, ET AL., C.A. No. 6:19‒00291
OKFUSKEE COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA, LP, ET AL., C.A. No. 6:19‒00300

Western District of Oklahoma

BOARD OF COUNTY COMMISSIONERS OF GRADY COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00703
BOARD OF COUNTY COMMISSIONERS OF CADDO COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00710
CITY OF SHAWNEE v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00711
BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00721
CIMARRON COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00776
CITY OF BETHANY v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00804
CITY OF ANADARKO v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00815
CITY OF FORT COBB v. PURDUE PHARMA LP, ET AL., C.A. No. 5:19‒00816

Eastern District of Pennsylvania

MOSS v. ENDO PHARMACEUTICALS, INC., ET AL., C.A. No. 2:19‒03611

Eastern District of Tennessee

TAKOMA REGIONAL HOSPITAL, ET AL. v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 2:19‒00157

Southern District of Texas

COUNTY OF KLEBERG v. CVS HEALTH CORPORATION, C.A. No. 4:19‒02815
COUNTY OF JIM HOGG v. CVS HEALTH CORPORATION, C.A. No. 4:19‒02816
COUNTY OF WILLIAMSON v. WALGREENS BOOTS ALLIANCE, ET AL.,
  C.A. No. 4:19‒03299

Western District of Virginia

PATRICK COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
  C.A. No. 4:19‒00032
SHENANDOAH COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
  C.A. No. 5:19‒00056
THE CITY OF WAYNESBORO, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
  C.A. No. 5:19‒00058
CUMBERLAND COUNTY, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
  C.A. No. 6:19‒00054
CITY OF RADFORD, VIRGINIA v. PURDUE PHARMA, L.P., ET AL.,
  C.A. No. 7:19‒00525

Southern District of West Virginia

TILLEY, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19‒00566

MDL No. 2814 ‒ **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**

  Opposition of plaintiff Daniel Stuart Grago to transfer of the following action to the United States District Court for the Central District of California:

Northern District of California

GRAGO v. FORD MOTOR COMPANY, C.A. No. 4:19‒04043

MDL No. 2873 – **IN RE: AQUEOUS FILM‑FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motion of defendant 3M Company to transfer the following action to the United States District Court for the District of South Carolina:

District of New Jersey

MIDDLESEX WATER COMPANY v. 3M COMPANY, ET AL., C.A. No. 2:18‑15366

MDL No. 2875 – **IN RE: VALSARTAN PRODUCTS LIABILITY LITIGATION**

Motion of Plaintiffs' Co-Lead Counsel in MDL No. 2875 to expand the scope of MDL No. 2875 and to transfer the following actions to the United States District of Court for the District of New Jersey:

Northern District of Alabama

THOMAS v. HETERO DRUGS LTD., ET AL., C.A. No. 6:19‑01290

Eastern District of Arkansas

ESTATE OF LARRY BROCK v. TEVA PHARMACEUTICAL INDUSTRIES LTD., ET AL., C.A. No. 4:19‑00538

Eastern District of Tennessee

BRANHAM v. HETERO DRUGS, LIMITED, ET AL., C.A. No. 3:19‑00265

Western District of Tennessee

BENNETT, ET AL. v. ZHEJIANG HUAHAI PHARMACEUTICAL CO., LTD., ET AL., C.A. No. 2:19‑02418

MDL No. 2885 – **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Michael Drago to transfer of the following action to the United States District Court for the Northern District of Florida:

District of Massachusetts

DRAGO v. 3M COMPANY, ET AL., C.A. No. 1:19‑11663

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i)    The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i)    the dispositive issue(s) have been authoritatively decided; or
        (ii)    the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
        (ii)    The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.1

    (f)    <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.