# Exhibit A

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS LIABILITY          MDL No. 2741
LITIGATION

*John Thomas Moore, Jr. v. Monsanto Company,* et al., Alabama Southern, Case No. 2:19-cv-00707

### AFFIDAVIT OF JOHN THOMAS MOORE, JR.

I, John Thomas Moore, Jr., make this, my statement and general affidavit under oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his knowledge:

1. My name is John Thomas Moore, Jr. and I am the Plaintiff in the case John T. Moore, Jr. v. Monsanto Company, Helena Agri-Enterprises, LLC, and Central Alabama Farmers Cooperative, Inc. In the Circuit Court of Dallas County, Alabama. Case No: 18-900242. I am over the age of eighteen (19) and reside at 2917 Fernway Drive Montgomery, Alabama 36111.

2. I filed my lawsuit September 25, 2018, and it was wrongly removed to the federal District Court on September 25, 2019.

3. My deposition took place on Monday, September 23, 2019, and after 8 hours of testimony running into the late evening, I became tired because of my health and stopped to see if we could finish the deposition on another day when I felt better. Based on my understanding the attorneys for Defendants said that would be fine and that they did have some further questions and we could probably finish up on Friday, September 27th, which was one of the dates my attorneys offered. To date, Defendants have not provided my lawyers with any times they can finish my deposition. I reserved the right to read and sign my incomplete deposition, which I did not have the opportunity to do prior to Monsanto using my deposition transcript to support its removal.

4. I read Monsanto's removal request and I am writing this affidavit to make clear to this Court Monsanto's mischaracterizations of my incomplete testimony that I did not have an opportunity to read and sign, and to add testimony regarding my experiences with and claims against Defendant Central Alabama Farmers Cooperative, Inc. ("Alabama Co-Op"). Since I have not been allowed to finish my deposition to date and read and sign before Monsanto filed its removal, I would like to present this affidavit as testimony in my lawsuit.

5. I was sixteen years old when I first met Mr. Harold Johnson who was an employee at the Alabama Co-Op. I considered Mr. Johnson to be a friend and someone that I could learn from based on his position at Alabama Co-Op as a chemical consultant. He was a grown man who I respected, and he spent a lot of time with me regarding the use of Roundup and farming in general. He had far more knowledge about farming and the products he sold, including Roundup, than I did especially since I was just a kid. I relied on what Mr. Johnson told me or didn't tell me about the use and safety of Roundup.

6. My relationship with Mr. Johnson and Alabama Co-Op was certainly not as simple as me "picking" things up and delivering them to another location as Monsanto suggests in its papers. Mr. Johnson and Alabama Co-Op knew that I used the Roundup they sold and actively followed up with me on training and how the Roundup was working. In fact, Mr. Johnson, in his position with Alabama Co-Op, came out to where I was working several times to actively participate in showing me how to mix and use Roundup through the spray rigs. I was not asked in my deposition how Alabama Co-Op trained me to use Roundup, but on several occasions when Mr. Johnson came out to the farm on behalf of Alabama Co-Op, and trained me by actively mixing the Roundup himself. Mr. Johnson

did not wear any gloves or any other protective equipment while mixing it or at any point when he was training me. This way of mixing and spraying Roundup without protective gear is something I learned directly from Mr. Johnson and Alabama Co-Op and this is the way I continued to do it the rest of my years using Roundup. Also, on behalf of Alabama Co-Op, Mr. Johnson suggested that I use a Jiffy Jar to hold under a spray nozzle in order to calibrate the sprayer to the proper rates. This additional equipment (Jiffy Jar) and method for calibrating were exclusive to Mr. Johnson and Alabama Co-Op's instructions.

7. In its removal paper, Monsanto inaccurately says I testified that I did not believe anyone at Alabama Co-Op concealed anything from me. At that point in my deposition, I understood the Monsanto attorney to be speaking specifically about Mr. Johnson personally concealing or deceiving me and not the actual company Alabama Co-Op, which is who I sued in this case. I didn't think that Mr. Johnson would personally conceal something to deliberately cause me bodily injury, and I wouldn't think he would deceive me, but I don't know. Whether Mr. Johnson concealed something or deceived me for his own financial gain or for other reasons is another story. As I said in my deposition, Alabama Co-Op and Mr. Johnson neglected to tell me everything about the product. I firmly believe that Alabama Co-Op concealed and kept information from me about the safety of Roundup so that I would continue to use it. Alabama Co-Op and Mr. Johnson knew far more about Roundup than a sixteen-year old kid would about the product and the fact it was dangerous to my health. They wanted to sell the product and did a lot to get me to use it including keeping important information from me including the fact that I needed to wear protective gear while mixing and spraying and that Roundup causes cancer. It is my understanding that we are allowed under the law to continue to find out what Mr. Johnson and Alabama Co-Op knew and whether there is evidence that Mr. Johnson did deceive me.

8. I do believe Mr. Johnson and Alabama Co-Op wanted me to continue to use the Roundup they sold and knew things about the safety, health risks, and the need to wear protective gear, which they didn't disclose to me. While actively training me on its use, if Mr. Johnson or Alabama Co-Op had disclosed to me or not concealed from me that there were health or cancer risks involved in the use of Roundup, and had instructed me to wear protective gear, I would have certainly taken precautions to protect myself, or not used Roundup at all, not only at that time, but later on in life. I know for certain that Mr. Johnson and Alabama Co-Op never disclosed anything to me about cancer or needing to use protective gear when applying Roundup and I believe they should have, especially since they actively took on the responsibility of training me on how to use it. I certainly believe that the company Alabama Co-Op knew about and intentionally concealed this important and material information from me regarding the health risks of Roundup. Alabama Co-Op possibly could have even concealed certain information from its employees like Mr. Johnson and used those employees to further conceal the truth to customers like myself.

9. Also, Monsanto claims that I stated in my deposition that I had no "proof" that "CAF" (Alabama Co-Op) had reason to believe that Roundup branded products could allegedly cause cancer. The actual question the Monsanto attorney asked me was "Going back to the 1980's, do you have any proof <u>or</u> any reason to believe that the co-op knew Roundup products could allegedly cause cancer?" (My deposition pg 77, lines 16-22). I believe my incomplete and unsigned testimony shows that I answered No as to having "proof". I did NOT answer No as to whether I had a reason to believe that Alabama Co-Op knew Roundup products could cause cancer. I am not a lawyer and don't know what constitutes "proof" in this type of case or that it is required for me to have "proof" at this stage in my lawsuit. It is my understanding that I was allowed under the law to continue to gather evidence regarding what Alabama Co-Op knew at that time to provide proof to a jury. I certainly DO have reason to believe, and DO believe, Alabama Co-Op knew that the Roundup products they sold had risks of causing cancer and that they knew I needed to wear protective gear when using, or I wouldn't have included them in my lawsuit.

10. My case is set for trial in Dallas County State Court in March 20, 2020. I chose to bring my lawsuit and have my trial in Selma Alabama where I grew up and farmed. I believe Monsanto has removed my case to federal court for one purpose and that is to delay my trial. I am still under the care of my oncologist and still have a port in my chest for future chemotherapy. Given my cancer, I hope to be alive to walk my daughter down the aisle in February and to see this case through to trial in March.

I declare that the statements contained in this Affidavit are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NOT.

_John Thomas Moore, Jr._

John Thomas Moore, Jr.

STATE OF ALABAMA           )
                           )
COUNTY OF Chilton          )

    I, the undersigned authority, a Notary Public in and for said County and State, hereby certify that JOHN THOMAS MOORE, JR., whose name is signed to the forgoing instrument and is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, he executed the same voluntarily on the day the same bears date.

    GIVEN under my hand and seal, this 21st day of October, 2019.

_Tammy Soltohick_
Notary Public
My Commission Expires: 11-14-20