BEFORE THE UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE ROUNDUP PRODUCTS LIABILITY
LITIGATION

MDL No. 2741

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER 158 (CTO – 158)

### INTRODUCTION

The case before this Court involves an Illinois state court lawsuit brought by an Illinois citizen, Plaintiff David Walter, for injuries suffered as a result of exposure to Monsanto Company and/or Bayer AG's RoundUp® products and Plaintiff's medical providers failure to diagnose the early signs of cancer and treat these injuries. As Plaintiff alleges, his ultimate injury of stage IV non-Hodgkin's lymphoma is a single, indivisible injury proximately caused by the actions and omissions of each and every Defendant—Northwestern Memorial Healthcare ("NMH"), Kimberly McKinnon, Nicolas Zoretic, Bayer AG, and Monsanto Company.

Pursuant to 28 U.S.C. § 1407(a), the conditional transfer of the subject action should be vacated as the conditional transfer will not result in convenience for the parties and witnesses and will not promote the just and efficient conduct of such action. Defendant Monsanto Company improperly removed this action to the Northern District of Illinois. It had no factual or legal basis. As a result of Defendant Monsanto's improper removal, Plaintiff David Walter and numerous Illinois Defendants are unfairly and unnecessarily being required to litigate this action outside of Illinois, in the Northern District of California. Such transfer certainly will not

1

convenience Plaintiff or Illinois Defendants Northwestern Memorial Healthcare, Kimberly McKinnon, and Nicholas Zoretic.

Moreover, the subject CTO here is the direct result Defendant Monsanto's improper removal. As a result, neither this Court or the Northern District of Illinois has federal diversity jurisdiction over Plaintiff David Walter's case. It cannot be reasonably argued that transfer to this Court, based upon improper removal, with no federal jurisdiction, promotes the "just and efficient conduct" of this action. *See* § 28 U.S.C. 1407(a).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2019, Plaintiff filed his Complaint in Cook County Circuit Court against Northwestern Memorial Healthcare ("NMH"), Kimberly McKinnon, and Nicolas Zoretic for injuries suffered as a result of failure to diagnose and treat Plaintiff's non-Hodgkin's lymphoma. (Ex. A, Pltf. Complaint). NMH and Zoretic filed their appearances in the Cook County Circuit Court on May 22, 2019. (Ex. E, NMH Appearance; ex. F, Zoretic Appearance). And McKinnon filed her appearance on May 30, 2019. (Ex. G, McKinnon Appearance).

Plaintiff filed his First Amended Complaint in Circuit Court on July 31, 2019, adding Defendants Bayer AG and Monsanto Company and alleging these entities' products caused Plaintiff's non-Hodgkin's lymphoma. (Ex. B, First Am. Compl.)

On October 1, 2019, Monsanto filed its Notice of Removal to the Northern District of Illinois claiming federal diversity (ex. C, Notice of Removal), despite the facts that Plaintiff David Walter and Defendants NMH, Zoretic, and McKinnon are all citizens of Illinois. (Ex. B, ¶¶5-7; ex. C ¶¶12-14; ex. H, Certification of Professional Researcher Wendi Weidner, attaching documents regarding Plaintiff's and Defendants NMH, Zoretic, and McKinnon's citizenship, and

2

Weidner CV). On October 16 2019, Plaintiff filed his motion to remand now pending before the Northern District of Illinois. (N.D. Ill., Case 1:19-cv-06482 Document #: 19).

## ARGUMENT

I. **Defendant's Removal Was Not Proper and this Court has No Jurisdiction.**

In this action, removal was not proper because there is not complete diversity between Plaintiff and Defendants. Both this Court and the Northern District of Illinois therefore lack diversity jurisdiction. As such, transfer to this Court, based upon improper removal, with no federal jurisdiction, certainly does not promote the "just and efficient conduct" of this action and creates an extreme inconvenience to Plaintiff and Illinois Defendants Northwestern Memorial Healthcare, Kimberly McKinnon, and Nicholas Zoretic. *See* § 28 U.S.C. 1407(a).

### A. There is neither federal diversity jurisdiction nor fraudulent joinder here.

Under Seventh Circuit precedent, Monsanto "must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the 'additional hurdle' of 28 U.S.C. § 1441(b)(2), or the 'forum defendant rule.'" *Morris v. Nuzzo*, 718 F.3d 660, 664-65 (2013) (quoting *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)). Section 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Under "fraudulent joinder," an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a non-diverse defendant against whom the plaintiff's claim has "no chance of success." *Morris*, 718 F.3d at 666.

Defendant Monsanto's removal is clearly in bad faith as Defendant never even attempted to dispute the properness of the joinder in any meaningful way. Instead, Defendant simply calls

it a fraudulent joinder with no basis. In its Notice of Removal, Monsanto did not dispute the jurisdictional facts in Plaintiff's pleading, showing diversity. (Ex. C, Notice of Removal, ¶ 9-15). Monsanto did not dispute that (1) Plaintiff is a citizen of Illinois, (id., ¶9); (2) Northwestern Memorial Healthcare ("NMH") is a citizen of Illinois, (id., ¶12); (3) Kimberly McKinnon is a citizen of Illinois, (id., ¶13); or (4) Nicolas Zoretic is a citizen of Illinois, (id., ¶14). Diversity is plainly lacking in this case because Plaintiff and three (3) of the five (5) defendants are citizens of Illinois.

Moreover, Defendant Monsanto bears a "heavy burden," in establishing fraudulent joinder: Monsanto "must show that, Plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992). Framed in another way, the federal court "must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (quoting *Poulous*, 959 F.2d at 73). In conducting this analysis, this Court turns to state law to determine whether Plaintiff has any reasonable possibility of success in his claims against either Northwestern, McKinnon, or Zoretic. *Schur*, 577 F.3d at 765.

In its Notice of Removal, Defendant Monsanto made no attempt whatsoever to satisfy its burden here, showing that this Court has no jurisdiction and that Defendant's action is without merit. Indeed, the viability of the malpractice case is uncontradicted. In Illinois, any complaint alleging medical malpractice—the claim alleged against the non-diverse defendants—requires that the plaintiff obtain an Attorney's affidavit and report of merit from a health professional prior to proceeding with the claim. 735 Ill. Comp. Stat. Ann. 5/2-622; *Miller v. Gupta*, 174 Ill. 2d 120, 125 (1996). Plaintiff David Walter attached the required affidavit and report to the Plaintiff's initial Complaint naming the non-diverse defendants. That affidavit and report make

4

clear that the physician-consultant found Plaintiff has a "reasonable and meritorious action against [the non-diverse defendants.]" (Ex. A, Attorney Affidavit and Physician Report attached to Original Complaint). The consultant's report also details the specific failures upon which Plaintiff's action against the non-diverse defendants is based. (Id.)

Because Monsanto did not even try to meet its "heavy burden" in establishing "fraudulent joinder," the federal courts, in considering removal, may not "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." *See Schur*, 577 F.3d at 763

### B.   This Court should not apply Rule 21 to sever and drop the non-diverse Defendants in this case.

In its Notice of Removal, Monsanto argues that this Court should apply Rule 21 to sever and drop the non-diverse Defendants so that this Court can retain jurisdiction over this case pursuant to Rule 21 of the Federal Rules of Civil Procedure. But Rule 21 only comes into effect, if "the Court finds that joinder is improper." *Birdo v. Dave Gomez*, 214 F.Supp.3d 709, 722 (N.D. Ill. 2016) (quoting *McDowell v. Morgan Stanley & Co.*, 645 F.Supp.2d 690, 694 (N.D. Ill. 2009)).

As a threshold matter, Rule 21 is generally used to cure diversity defects for complaints originally filed in federal courts, or when the plaintiff adds a non-diverse party after the defendant removes an otherwise diverse complaint to federal court. *See Schur*, 577 F.3d at 759.

#### i.   *Rule 20 permits joinder.*

Rule 20 permits joinder of defendants if (1) any right to relief is asserted against the defendants jointly, severally, or in the alternative with respect to or arising out of the same or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action. FRCP 20. The plain text of Rule 20 does not require a

5

multitude of common questions of law, facts, or that common questions predominate; rather, the plain text of Rule 20 requires that there be "*any* question of law or fact common to all defendants [that] will arise in the action." FRCP 20(a)(2)(13) (emphasis added).

Under Seventh Circuit law, "it is of course proper to sue joint tortfeasors in the same complaint." *Diehl v. H.J. Heinz Co.*, 901 F.2d 73, 73-74 (7th Cir. 1990) (citing FRCP 20(a)). Moreover, district courts have found joinder proper in situations where the plaintiff's claims that the incidents appear to be chronologically and factually distinct. *See Papachristos v. Hilton Mgt., LLC*, 14 CV 5501, 2015 WL 1094852, at *4 (N.D. Ill. Mar. 10, 2015) (remanding case to state court after finding joinder permissible under Rule 20 where Plaintiff brought allegations against both defendants for the same injuries to the same parts of her body).[1]

In *Diehl*, the plaintiff filed suits against two defendants—H.J. Heinz Company and Metromail Corporation. 901 F.2d at 73-74. The plaintiff claimed (1) injuries sustained after being struck by a forklift at a warehouse owned by Metromail, and (2) injuries sustained four months later after tripping over debris in a warehouse owned by Heinz. *Id.* The Seventh Circuit reasoned that though "[i]t may seem odd that a single complaint should encompass injuries inflicted four and a half months apart by different firms not acting in concert," the plaintiff's claim "that the accident at Heinz warehouse aggravated the back injury she had sustained in the accident at the Metromail warehouse . . . [i]f true and if both defendants were negligent or otherwise culpable," would make them "successive joint tortfeasors despite the lack of concert

---

[1] *See, e.g., Gonzales*, 2014 WL 2591690, at *1 (joinder permissible where plaintiff alleged he slipped and fell in a store, and was then involved in a car accident four months later, suffering injuries to his head, neck, and shoulders in both incidents); *Jacques v. Hyatt Corp.*, No. 11 CV 5364, 2012 WL 3010969, at *4 (N.D.Cal. July 23, 2012) (allowing joinder where plaintiff alleged he fell in a hotel and injured his knee, then aggravated his injury two months later due to a defective knee brace he was wearing).

between them." *Id.* Because the concept of successive injurers as joint tortfeasors is derived from joinder principles, the Court found "it is of course proper to sue joint tortfeasors in the same complaint." *Id.* at 73-74 (citing FRCP 20(a)).

Plaintiff alleges that his stage IV non-Hodgkin's lymphoma is a single, indivisible injury, caused by Monsanto and Bayer's RoundUp® product and the medical negligence of Defendants NMH, McKinnon, and Zoretic. (Ex. B, First Am. Compl., ¶20). As the common law doctrine of joint and several liability provides, "when two or more individuals contribute to the same, indivisible injury, each individual may be held jointly and severally liable for the entire injury." *Woods v. Cole*, 181 Ill.2d 512, 518 (1998). Alternatively, Plaintiff's injuries were likely exacerbated or aggravated by NMH, McKinnon, and Zoretic. If true and if any of the non-diverse are culpable, this would make them successive joint tortfeasors despite the lack of concert between them. *See Diehl*, 901 F.3d at 73-74; *Woods*, 181 Ill.2d at 517-20 (discussing four categories in which courts have historically imposed joint and several liability). Under *Diehl*, Plaintiff's joinder of Defendants Bayer, Monsanto, NMH, McKinnon, and Zoretic is proper because Defendants are alleged joint tortfeasors and "it is of course proper to sue joint tortfeasors in the same complaint." *See Diehl*, 901 F.2d at 73.

Further, in light of the proximity in time, the overlapping damages, and the single indivisible injury, or alternatively exacerbated or aggravated injury, the claims here are part of the same series of occurrences. Plaintiff alleges he suffered injuries—non-Hodgkin's lymphoma—as a result of Monsanto and/or Bayer's conduct, and that thereafter his injuries were not diagnosed in its early stages and/or were aggravated as a result of Northwestern, McKinnon, and Zoretic's negligence. (See generally, ex. B, Counts III, IV, V).

Additionally, common questions of law and fact exist in this case: Most obviously, the claims against the Defendants include the common issue of what portion of Plaintiff's injury was caused by Monsanto's conduct, Bayer's conduct, Northwestern's conduct, McKinnon's conduct, and Zoretic's conduct. *See Papachristos v. Hilton Mgt., LLC*, 14 CV 5501, 2015 WL 109485, at *5 (N.D. Ill. Mar. 10, 2015) (noting each defendant will likely argue that the other is responsible for Plaintiff's injuries, and that it is possible that though both defendants are found liable, separate fact-finders could determine that the other defendant's conduct was primarily responsible for Plaintiff's injuries).

For example, Monsanto raises in its affirmative defenses that,

> If plaintiff suffered injuries or damages ... such injuries or damages resulted from: (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities ... such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injuries or damages.

(Ex. D, Monsanto Ans./Aff. Def. ¶15). Monsanto further alleges,

> In the event that the jury determines that there was some liability on the part of Monsanto, which Monsanto specifically denies, and further finds that its fault is less than 25% of the total fault attributable to the defendants sued by plaintiff, and any third party defendant who could have been sued by plaintiff, any judgment entered in favor of plaintiff and against Monsanto must reflect joint and several liability for all past and future medical and medically related expenses, but only several liability for other damages.

(Id. at ¶19). Monsanto will be blaming the non-diverse defendants for the very injury that they contributed to cause.

        ii.     *Plaintiff's joinder of Defendants is permissible under Illinois law.*

Under the Illinois Civil Practice Act, joinder of defendants is proper here:

> [a]ny person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or

8

> settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

735 ILCS 5/2-405(a). Also,

> It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him or her; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which such defendant may have no interest.

735 ILCS 5/2-405(b). Finally,

> If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties

735 ILCS 5/2-405(c).

In general, the common law doctrine of joint and several liability provides that "when two or more individuals tortiously contribute to the same, indivisible injury, each individual may be held jointly and severally liable for the entire injury." *Woods v. Cole*, 181 Ill.2d at 518. And,

> a tortfeasor who acts independently and concurrently with other individuals to produce an indivisible injury to a plaintiff may be held jointly and severally liable for that injury, even though the tortfeasor does not act in concert with the other individuals, and shares no common purpose or duty with them.

*Id.* As the Illinois Supreme Court further explained, such an "independent concurring tortfeasor is not held liable for the entirety of a plaintiff's injury because he or she is responsible for the actions of the other individuals who contribute to the plaintiff's injury"; rather, "an independent, concurring tortfeasor is held jointly and severally liable because the plaintiff's injury cannot be divided into separate portions, and because the tortfeasor fulfills the standard elements of tort

9

liability"—*i.e.*, "his or her tortious conduct was an actual and proximate cause of the plaintiff's injury." *Id.* at 518-19.

In *Burke v. Rothschild's Liquor Mart, Inc.*, 148 Il.2d 429, 439 (1992), the Illinois Supreme Court held that both a store and the City were jointly liable to the plaintiff who suffered irreversible quadriplegia. The *Burke* Court noted that it was incontestable that the plaintiff was injured due to the store's negligence. *Id.* It was equally indisputable that the plaintiff's injury was exacerbated and/or that he received an additional injury through his subsequent mishandling by the City's employees: There was no clear medical evidence to show either that the plaintiff's quadriplegia came about solely though negligence of the store, or that the paralysis caused by the behavior of the store was a temporary condition capable of reversal absent the City's misconduct. *Id.* In short, the *Burke* Court reasoned that either injury or both injuries could have caused plaintiff's lasing condition; the plaintiff's injury was an indivisible harm. *Id.*

In the case at bar, Plaintiff alleges that his injury was a single, indivisible injury. (Ex. B, ¶20). In line with *Burke*, Plaintiff alleges that he was injured due to his exposure to Bayer and/or Monsanto's RoundUp products. (Id., Counts I, II). Further, Plaintiff's Complaint demonstrates that he incurred the same injury through the subsequent negligence of NMH, McKinnon, and Zoretic. (Id., Counts III, IV, V). Ultimately a jury will decide whether Plaintiff's stage IV non-Hodgkin's lymphoma came about solely through Bayer and/or Monsanto's conduct and products, or whether his condition brought about through the failure to adequately diagnose the condition in its early stages due to NHM, McKinnon, and Zoretic's negligence. Alternatively, Defendants are still properly joined if Plaintiff's injuries were aggravated due to NMH, McKinnon, and/or Zoretic's conduct. *See Sakellariadis v. Campbell*, 391 Ill.App.3d 795 (1st Dist. 2009) (first cause of action was aggravated by the second cause of action); *Schwartz v.*

*Sawn*, 63 Ill.App.2d 148, 157-58 (5th Dist. 1965) (same). It is "the province of the fact finder" to determine the extent to which each contributed to the nature and severity of the plaintiff's injuries. *Id.*

Contrary to Monsanto's Notice of Removal, Plaintiff properly joined the Defendants in this action under both Illinois law and federal case law. Because Plaintiff's right to relief is asserted against the defendants in this case jointly, severally, or in the alternative with respect to or arising out of the same or series of transactions or occurrences, and a question of law or fact common to all defendants will arise, Defendants were properly joined. Therefore, Defendant Monsanto had no good faith basis to remove this case to federal court.

### C. There is no basis for a "fraudulent misjoinder" claim here.

In its Notice of Removal, Monsanto argued that the Illinois Defendants were fraudulently misjoined. In its Notice of Removal, Defendant Monsanto—without any factual support—claims that Plaintiff added the non-diverse Defendants to prevent removal. But this claims is both disingenuous and baseless: Plaintiff amended his complaint to add Monsanto and Bayer after filing his case against the non-diverse Defendants in Illinois state court. But even if the facts were as Monsanto claims—that the defendants who Plaintiff named before adding Monsanto and Bayer were added to prevent removal—that is within the privileges that Plaintiff is afforded under federal law. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000).

Plaintiff, as master of his complaint, may include (or omit) claims or parties in order to determine the forum. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). And as the Appeals Court explained in *Garbie v. DaimlerChrysler Corp.*, even if plaintiffs add a non-diverse defendant to prevent removal, "that is their privilege"—"it is enough the claims be real, that the parties not be nominal." 211 F.3d 407, 410 (2000).

11

> II. **Transfer to this Court, Based upon Improper Removal, with No Federal Jurisdiction, Rewards Bad Faith Motion Practice, does not Promote the "Just and Efficient Conduct" of this Action, and does not Convenience Plaintiff or the Illinois Defendants.**

Plaintiff David Walter, Defendant Northwestern Memorial Healthcare, Defendant Kimberly McKinnon, and Defendant Nicolas Zoretic are all Illinois citizens in close proximity to the Northern District of Illinois. The Illinois Courts are far more convenient to these Illinois citizens. The Northern District of California is an extreme inconvenience for everybody except the movant whose removal is baseless. All of the medical malpractice liability evidence will come from Illinois evidence and Illinois witness. In addition, all of the damages evidence and damages witnesses will likewise come from Illinois. Simply put, to require transfer to the California Courts under the facts here is extremely disruptive and inconvenient to Plaintiff and the majority of the Defendants in this action.

Moreover, such a transfer is simply not "just." As detailed above, the subject conditional transfer order resulted purely from an improper removal lacking foundation—and not based upon any good faith application of the facts or law. To require Plaintiff and the Illinois Defendants to litigate this case in California, over 2,000 miles away, is profoundly unfair and unjust. Indeed, it cannot be reasonably argued that transfer to this Court, based upon improper removal, with no federal jurisdiction, promotes the "just and efficient conduct" of this action for Plaintiff David Walter or the Illinois Defendants Northwestern Memorial Healthcare, Kimberly McKinnon, and Nicholas Zoretic. *See* § 28 U.S.C. 1407(a).

> III. **Lastly, Plaintiff Requests that this Court Stay any further Action on this Subject Conditional Transfer Order until the Northern District of Illinois Rules on Plaintiff's Pending Motion to Remand.**

As noted earlier in this Brief, Plaintiff David Walter filed his motion to remand on October 16, 2019, pending before the Northern District of Illinois. (N.D. Ill., Case 1:19-cv-

06482 Document #: 19). Towards the ends of judicial economy and for the convenience of the parties, in particular Plaintiff and the Illinois Defendants, Plaintiff requests that this Court stay any further action on CTO—158 as it relates to Plaintiff's case until the Northern District of Illinois has ruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate should be granted.

/s/Thomas A. Kelliher
Thomas Kelliher
**Horwitz, Horwitz, and Associates, LTD.**
**Attorneys for Plaintiff**
25 E. Washington, Suite 900
Chicago, IL  60602
Phone: (312) 372-8822
Fax: (312) 372-1673
Email: tom@horwitzlaw.com