**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 2741 – In re ROUNDUP PRODUCTS LIABILITY LITIGATION**

Robert Rawson v. Bayer Corporation, et al. N.D. Illinois C.A. No. 1:19-cv-06040

**PLAINTIFF'S REPLY TO DEFENDANT MONSANTO'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-153)**

**I.     INTRODUCTION**

This memorandum is respectfully submitted on behalf of Robert Rawson ("Plaintiff") as his reply to the memorandum in opposition to the Motion to Vacate the Conditional Transfer Order filed by Monsanto Company ("Defendant"). In opposition to the Motion to Vacate the Conditional Transfer Order, Defendant contends that transfer to Federal MDL 2741 ("MDL") is appropriate because the case meets the MDL transfer criteria and the pending motion to remand in the United States District Court for the Northern District of Illinois does not prevent transfer to the MDL. However, Plaintiff's motion should be granted because there is no federal diversity jurisdiction and the transfer would be inefficient. As a matter of comity, and to serve the purposes of 28 U.S.C. § 1407, the MDL Panel should either vacate the Conditional Transfer Order or defer transfer so that the United States District Court for the Northern District of Illinois may decide the threshold jurisdictional issue: whether removal was proper.

**II.    ARGUMENT**

    **a. The Panel Should Allow the United States District Court for the Northern District of Illinois to Rule on Whether Removal of Plaintiff's Claims Was Proper Based on Diversity Jurisdiction**

First, the Court must address the remand issue to address the bedrock principle of federal law. (*Ex parte McCardle*, 74 U.S. 506, 514 (1868) (stating that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the

1

cause. And this is not less clear upon authority than upon principle."). The Court cannot proceed at all in any cause without having subject matter jurisdiction. *See GE Betz, Inc. v. Zee Co.,* 718 F.3d 615, 622 (7th Cir. 2013) (remanding the case to state court and stating that "[s]ubject-matter jurisdiction is our foremost concern; without it, the court cannot proceed at all in any cause.") (internal citations omitted). Established case law requires, for legal and practical purposes, that the court first address jurisdiction before moving to substantive legal issues. *Id.*

Moreover, a putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that a MDL transfer motion has been filed. See Manual for Complex Litigation 3d § 31.131, p.252 (3d ed. 1995); see also *Villarreal v. Chrysler Corp.*, 1996 U.S. Dist. LEXIS 3159, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum."). This Court, as transferor Court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Spitzfaden v. Dow Corning Corp.*, 1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995) (citing Manual for Complex Litigation, 3d § 31.131.). *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 S. supp. 1186, 1188-89, (N.D. Ca. 1997) (emphasis added).

The MDL Panel has a history of timing its action and constructing orders in a manner which will permit the transferor courts to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders on transfer by the Panel. *See In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1406 (J.P.M.L. 1973). This policy of compatibility has been followed in the past and will be followed in the future by the Panel. *Id*. In the present

matter, there is a critical jurisdictional issue, particularly regarding federal diversity requirements. Plaintiff filed a motion to remand his case with a proper memorandum of law (*See* Exhibit A).

A review of the memoranda is adequate to demonstrate that there is a complete lack of diversity jurisdiction. Although Defendant continually argues that the Illinois Co-Defendant, Duke's Ace Hardware, should be "ignored" regarding jurisdiction, it is obvious that the claims against Duke's Ace Hardware are legitimate and derive from the same occurrence. The federal court would have no jurisdiction over Plaintiff's claims because Plaintiff and Co-Defendant, Duke's Ace Hardware, are domiciled in Illinois, thus destroying diversity of citizenship. Judicial economy and the convenience of the parties would not be served by transfer at this time. The motion to remand is currently pending in the Northern District of Illinois. If this action is transferred, the resolution of the key jurisdictional issue will be delayed.

Contrary to the contention of the Defendant, 28 U.S.C. § 1407 would not be served by transfer. The pending motion to remand does not involve any discovery or related issues relevant to the MDL. Additionally, there is no indication by any opposing party that a decision on the pending motion by the United States District Court for the Northern District of Illinois would create the possibility of conflicting rulings. A deferral of a decision on the pending motion to remand would be a serious inconvenience to the parties and would result in additional waste of judicial time. *Aranda v. Walgreen Co.*, 11-CV-0654-JPG-DGW, Aug. 4, 2011 Order (S. D. Ill.) ("Where there is a question as to federal jurisdiction prior to the transfer, the Court should make a preliminary assessment of the jurisdictional issue and remand the case to state court if appropriate. After all, it would waste judicial resources to transfer a case to an MDL proceeding in the absence of federal jurisdiction."); *Baker v. Air & Liquid Sys. Corp.*, 11-8-GPM, Feb. 7,

2011 Order (S. D. Ill.). As such, this action should not be transferred at this time because the federal court does not have jurisdiction.

### b. This Case Does Not Meet the Criteria for MDL Transfer.

Plaintiff does not dispute that his claims are related to those in the MDL. Plaintiff is unsettled with the reality that a court with no subject matter jurisdiction over plaintiff's claims is now considering transferring its claims across the country. Second, Plaintiff's valid legal claims against the Illinois defendant, Duke's Ace Hardware, will inevitably be delayed months, possibly years, winding through an overcrowded federal court that lacked jurisdiction from the outset. Third, Plaintiff would be required to re-submit his Motion to Remand to the Transferee Court, when a ruling on his pending Motion to Remand could be accomplished in the Northern District of Illinois in a matter of weeks. Fourth, the parties have already engaged in motion practice and exchanged discovery in the Circuit Court of Cook County, Illinois. In sum, transfer of Robert Rawson's case to MDL 2741 would not serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation. Pretrial motion practice and discovery, if any, will be largely case-specific related in part to the Illinois defendant which is not part of any other case in the MDL. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication. See *In re Eli 1 Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay). As such, the transfer of this action is not appropriate.

### c. Defendants Should Not Be Rewarded for their Blatantly False Assertion of Jurisdiction.

Defendant Duke's Ace Hardware has litigated and defended this matter since May of 2019. However, somehow the basis for removal arose in September. Duke's answered the Plaintiff's complaint denying ownership of the store that sold Roundup to the Plaintiff on May 28, 2019. Monsanto did not file the notice of removal until September 09, 2019, after the parties had engaged in written discovery. Simply put, Monsanto's removal of this action was untimely.

Plaintiff will be prejudiced by a transfer of this action away from local courts where proceedings have already begun, discovery has progressed, and where his motion to remand is currently pending. Requiring the Plaintiff to wait on unrelated factual and legal disputes in the MDL would seriously delay his right to proper adjudication. Thus, the transfer of the action to the MDL would not be appropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant his Motion and enter an Order (1) vacating the Conditional Transfer Order with respect to this cause of action; and (2) granting Plaintiff such additional relief to which he may be entitled and which the Panel deems proper and just.

Dated: October 30, 2019

Respectfully submitted,

/s/ David J. Gallagher
Attorney for Plaintiff

DAVID J. GALLAGHER
DOMINIC C. LOVERDE
MOTHERWAY & NAPLETON, LLP
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603
(312) 726-2699
ARDC#:  6294250
dgallagher@mnlawoffice.com