## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBERT RAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No.: 19-cv-06040 |
| | ) |
| BAYER CORPORATION, a foreign | ) |
| corporation, MONSANTO COMPANY, a | ) |
| foreign corporation, and DUKE'S | ) |
| HARDWARE, INC., a domestic | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO REMAND

NOW COMES the Plaintiff, ROBERT RAWSON, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and hereby moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case to state court on the basis of lack of subject matter jurisdiction and in support thereof states as follows:

1. On March 5, 2019, the Plaintiff, Robert Rawson, a citizen of Illinois, filed his Complaint in the Circuit Court of Cook County, Illinois against Monsanto Company (hereinafter "Monsanto"), a citizen of Delaware and Missouri, and Duke's Hardware, Inc. (hereinafter "Duke's"), a citizen of Illinois. (*See* Plaintiff's Complaint, attached as Exhibit A.).

2. On March 15, 2019, Defendants Monsanto was served with a summons and Plaintiff's State Law Complaint. On March 28, 2019, Duke's was served with a summons and Plaintiff's State Law Complaint.

1

**EXHIBIT A**

3. Plaintiff alleges strict liability, negligence, and that he purchased the Roundup products at Duke's Hardware located at 7610 W. 111th Street in Palos Hills, Illinois.

4. On May 28, 2019, Defendant Duke's answered Plaintiff's Complaint and denied that it owned or operated Duke's Hardware on 7610 W. 111th Street in Palos Hills, Illinois.

5. On September 3, 2019, Defendant Duke's answered interrogatories and stated that it did not own or operate Duke's Hardware on 7610 W. 111th Street in Palos Hills, Illinois.

6. On September 9, 2019, Defendant Monsanto filed its Notice of Removal alleging that this controversy is subject to original federal court jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, which states in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between—(1) citizens of different states."

7. Although the amount in controversy exceeds $75,000, the Plaintiff and Duke's are citizens of Illinois, and therefore, original federal court diversity jurisdiction does not exist under 28 U.S.C. § 1332.

8. Defendant Monsanto's removal of Plaintiff's action from the jurisdiction of the Illinois Circuit Court constitutes a violation of 28 U.S.C. § 1441(b)(2), which provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may *not* be removed** if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought. (Emphasis added).

9. Defendant Monsanto's removal of Plaintiff's action from the jurisdiction of the Illinois Circuit Court also constitutes a violation of 28 U.S.C. § 1446(b)(3), which provides:

> a notice of removal may be filed within **thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. (Emphasis added).

10. Under Defendant Monsanto's theory of removal, it received notice on May 28, 2019 when Duke's filed its Answer to the Complaint denying ownership and/or operating the store at 7610 W. 111th St. in Palos Hills, Illinois. Defendant Monsanto filed its Notice of Removal on September 9, 2019, **109 days** after receiving this notice.

11. Defendant Monsanto based its removal of this action to federal court on a theory that Duke's has been fraudulently mis-joined pursuant to *Tapscott vs. MS Dealer Serv. Corp.*, and should be severed and sent back to State Court pursuant to Rule 21. *See Tapscott vs. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996).

12. The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

13. The Seventh Circuit has held that courts "should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Additionally, "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Id.; see also Mitchell v. Philip Morris USA Inc., et al.,* Case No. 18-CV-7739 (N.D. Ill. Judge Blakey, April 24, 2019) (rejecting defendant's fraudulent joinder argument that the distribution company's

3

citizenship should be ignored, and remanding the case to the Circuit Court of Cook County).

14. The other Defendant in the instant matter is not diverse from the Plaintiff, and the presence of this non-diverse defendant defeats the complete diversity necessary to remove this case to this court. 28 U.S.C.A. §1332 (2012); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996).

15. The Seventh Circuit has held that "plaintiffs as master of their complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.* 211 F.3d 407 (7th Cir. 2000).

16. The issue of Rule 21 discretionary severance was addressed by this Court in *Livingston v. Hoffmann-La Roche, Inc.*, No. 09 C 2611, 2009 U.S. Dist. LEXIS 70242 (N.D. Ill. Aug. 6, 2009).

17. Generally, "the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91, 126 S. Ct. 606, 614 (2005) (quotations omitted); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002).

18. Rule 21 provides that: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms*, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).

19. However, the Court may only drop claims against dispensable parties. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223

4

(1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered.").

20. Before deciding whether or not Duke's is a dispensable party, however, the Court must consider whether they were mis-joined. *See, e.g., Elmore v. Henderson,* 227 F.3d 1009, 1012 (7th Cir. 2000) (observing that the district court's dismissal was erroneous because there was no misjoinder and, even if there were misjoinder, the remedy was not made on just terms as required by Rule 21).

21. A party is mis-joined if it is not a proper party under Rule 20(a). *See Ramos v. Playtex Prods., Inc.,* No. 08 C 2703, 2008 WL 4066250, at *2 (N.D. Ill. Aug. 27, 2008); *Schwartz v. Graebel Van Lines, Inc.,* No. 05 C 4682, 2006 WL 1343533, at *1 (N.D. Ill. May 15, 2006) ("[b]ecause Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a)."); *Stark v. Ind. School Dist. No. 640,* 163 F.R.D. 556, 563-64 (D. Minn. 1995).

22. Rule 20(a) permits joinder of defendants if (1) the plaintiff asserts any "right to relief . . . against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and" (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

23. Monsanto, in its notice of removal asserts that Plaintiff's allegations against Duke's are baseless because Duke's purportedly "never owned or operated" the Duke's Hardware located at 7610 W. 111th Street in Palos Hills, Illinois. (Doc. 1 at ¶ XX.).

5

24. Publications, newsletters, Illinois' Secretary of State, and Duke's own website show that Duke's owns and operates the store located at 7610 W. 111th St. in Palos Hills, Illinois. (Doc. 2 at XX).

25. This creates serious doubt over Duke's statement that it does not own the facility at 7610 W. 111th St, for further support that this should be remanded. *See Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (holding that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states).

26. Also, without Duke's as a distributor, Roundup would have never been advertised, marketed, distributed, sold, and available to the Plaintiff. Accordingly, Duke's role in this matter is directly related to Plaintiff's exposure to Roundup®, and as such they are part of the same series of transactions or occurrences and properly joined. *See Cadagin v. Johnson & Johnson*, No. 18-CV-1821-SMY-DGW, 2018 WL 5004716, at *3 (S.D. Ill. 2018) (finding that the plaintiff did not fraudulently join Walgreens, who plaintiff claimed negligently sold and marketed baby powder).

27. Cases applying Rule 21 where there is no misjoinder do so because "'there are sufficient other reasons for ordering a severance.'" *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 560 n.5 (1st Cir. 2003) (quoting *Wyndham Assoc. v. Bintliff*, 398 F.3d 614, 618 (2d Cir. 1968)).

28. This case is not like others applying Rule 21 to removal actions, which generally involve a plaintiff who waits until after the case is removed to federal court to add a non-diverse defendant, in an attempt to avoid removal. *See, e.g., Smado*, 111 F.R.D. at 416. 26. Here, Plaintiff initially chose to sue Duke's in state court. Because the non-diverse defendant was a party to the original complaint and Plaintiff has not

6

attempted to defeat removal by adding non-diverse defendants, there is no reason to use Rule 21 to retain jurisdiction.

29. Plaintiff has incurred attorney's fees and costs in conjunction with the preparation of this Motion for Remand and related Memorandum. This Court has discretion under 28 U.S.C. § 1447(c) to require Defendant Monsanto to reimburse Plaintiff's costs and any actual expenses, including attorney fees, incurred as a result of the improper removal of this action from state court.

30. Plaintiff's Memorandum in support of its Motion to Remand is filed concurrently herewith.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order:

A. That remands this case back to the Circuit Court of Cook County, Illinois; and,

B. That awards Plaintiff his reasonable attorney's fees and costs incurred in conjunction with prosecuting the remand of this case.

Dated: September 17, 2019

Respectfully submitted,

/s/ David J. Gallagher
Attorney for Plaintiff

DAVID J. GALLAGHER
MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699
ARDC#: 6294250
Dgallagher@mnlawoffice.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT RAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No.: 19-CV-06040 |
| | ) |
| BAYER CORPORATION, a foreign corporation, MONSANTO COMPANY, a foreign corporation, and DUKE'S HARDWARE, INC., a domestic corporation, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

Now comes the plaintiff, ROBERT RAWSON, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and hereby moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this case to state court on the basis of lack of subject matter jurisdiction and in support thereof states as follows:

**I. INTRODUCTION**

This matter should be remanded because MONSANTO COMPANY's ("Monsanto") removal is untimely, fails to meet its burden of proving fraudulent joinder, is based on false representations, and is not warranted under Illinois and Seventh Circuit law. The Plaintiff's Complaint sets forth personal injury claims founded on long established principals of Illinois tort law related to the defective product known as Roundup®, a glyphosate based herbicide, manufactured by Monsanto. Plaintiff has alleged claims of strict product liability, failure to warn, and negligence against Monsanto (*See* Plaintiff's Complaint, attached hereto as Exhibit A, Counts IV – VI ¶ 130-184.). The Plaintiff's Complaint also sets forth personal injury claims

1

sounding in negligence and strict liability against Duke's Hardware Inc. ("Duke's"), a company incorporated and headquartered in Illinois, for distributing, marketing, promoting, and selling the Roundup®. (*See* Complaint, Counts VII – VIII ¶ 185-200.).

Defendant Monsanto has removed this action to federal court, asserting that original federal jurisdiction is established under 28 U.S.C. §1332, which requires complete diversity between the adverse parties. Recognizing that the Plaintiff and Duke's are citizens of Illinois, Defendant Monsanto urges that Duke's was fraudulently joined because "there is no reasonable possibility that a state court would rule against Duke's." (See Notice of Removal ¶ 13). As of the date of filing, Duke's has not joined in the motion to remove, moved to dismiss, nor otherwise challenged the legal sufficiency of the Plaintiff's Complaint.

## II. ARGUMENT

### A. Defendant Monsanto Has Not Met Its Burden to Show That Plaintiff Improperly Joined Duke's.

Defendant Monsanto, as the party seeking removal, has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Also, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). As articulated by the U.S. Supreme Court, the removability of a case is determined by examining the face of the complaint, without consideration of any defenses raised by the defendant. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). A defendant "bear[s] a heavy burden to establish fraudulent joinder," and courts must "resolv[e] all issues of fact and law in favor of the plaintiff." *Poulos v Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The Seventh Circuit has suggested that this "burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)," in which all well pled

2

allegations of a complaint, as well as all reasonable inferences to be drawn there from, are taken as true. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir.2009); *see also Indeck Power Equip. Co. v. Jefferson Smurfit Corp.*, 881 F. Supp. 338, 341 (N.D. Ill. 1995).

Monsanto based its removal of this action to federal court on a theory that no State Court would find against Duke's because it claims it "never owned or operated" the Palos Hills Store located at 7610 W. 111th St., Palos Hills, Illinois and therefore, Duke's was improperly joined. First, Duke's does own and operate the Duke's Hardware store located at 7610 W. 111th St., in Palos Hills, Illinois. Publications, newsletters, Illinois' Secretary of State, and Duke's own website show that Duke's owns and operates the store located at that location. (See attached Exhibit A). Duke's has been defending this action for over five months and has not filed a single dispositive motion, motion to dismiss, nor otherwise indicated it does not own nor operate the store at that location. Duke's disavowing ownership, control, and/or operational oversight is a farce.

However, even assuming Duke's assertion has some validity, this constitutes a genuine issue of material fact regarding diversity of parties, which requires remand. The Seventh Circuit has held that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *see also Thornton v. Hamilton Sundstrand Corp.*, 121 F. Supp. 3d 819, 826 (N.D. Ill. 2014) (noting that the fraudulent standard is even more favorable to the plaintiff than the standard under Rule 12(b)(6)), *aff'd sub nom. Thornton v. M7 Aerospace LP*, 796 F.3d 757 (7th Cir. 2015).

Duke's is not diverse from the Plaintiff, and the presence of Duke's defeats the complete diversity necessary to remove this case to this court. 28 U.S.C.A. §1332 (2012); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). The Seventh Circuit has held that "plaintiffs as master of their

3

complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.* 211 F.3d 407 (7th Cir. 2000). For the reasons stated above, this matter should be remanded to the Circuit Court of Cook County, Illinois. *See also Mitchell v. Philip Morris USA Inc., et al.*, Case No. 18-CV-7739 (N.D. Ill. Judge Blakey, April 24, 2019) (rejecting defendant's fraudulent joinder argument that the distribution company's citizenship should be ignored, and remanding the case to the Circuit Court of Cook County).

### B. Duke's is a Properly Joined Defendant and May Not Be Severed Nor Ignored.

Generally, "the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder of necessary parties." *Lincoln Property Co. v. Roche,* 546 U.S. 81, 91, 126 S. Ct. 606, 614 (2005) (quotations omitted); *see also Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 718 (7th Cir. 2002). Rule 21 provides that: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms,* add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added). However, the Court may only drop claims against dispensable parties. *Newman-Green, Inc. v. Alfonzo-Larrain,*490 U.S.826, 832, 109 S. Ct. 2218, 2223 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered."). Interestingly, Defendants did not even invoke Rule 21.[1]

Before deciding whether or not the Duke's is a dispensable party, however, the Court must consider whether they were mis-joined. *See, e.g., Elmore v. Henderson,* 227 F.3d 1009,

---

[1] Monsanto does not, and cannot, invoke Federal Rule of Civil Procedure 21 to sever the claim because Monsanto knows Duke's is a necessary party. Rather, Monsanto simply asks that the court "disregard" Duke's as a defendant. (See Notice of Removal Par. 13). Accordingly, the relief sought by Monsanto would keep Duke's, an Illinois corporation, in the lawsuit, and therefore abrogates any purported federal jurisdiction.

4

1012 (7th Cir. 2000) (observing that the district court's dismissal was erroneous because there was no misjoinder and, even if there were misjoinder, the remedy was not made on just terms as required by Rule 21).

A party is mis-joined if it is not a proper party under Rule 20(a). *See Ramos v. Playtex Prods., Inc.*, No. 08 C 2703, 2008 WL 4066250, at *2 (N.D. Ill. Aug. 27, 2008); *Schwartz v. Graebel Van Lines, Inc.*, No. 05 C 4682, 2006 WL 1343533, at *1 (N.D. Ill. May 15, 2006) ("Because Rule 21 does not include a standard for proper joinder, courts use the permissive joinder standards contained in Federal Rule of Civil Procedure 20(a)."); *Stark v. Ind. School Dist. No. 640*, 163 F.R.D. 556, 563-64 (D. Minn. 1995). Rule 20(a) permits joinder of defendants if (1) the plaintiff asserts any "right to relief . . . against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and" (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

As the Seventh Circuit has repeatedly held, "[f]raudulent joinder is difficult to establish—a defendant must demonstrate that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. Framed a different way, the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) (internal quotations and citations omitted); *see also Chesapeake & Ohio R.R. Co. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280 (1914).

As held by the Supreme Court in *Chesapeake*, the nonresident defendant must present a statement of proof that compels the court to find that the joinder was intended solely to defeat federal jurisdiction:

> So, when in such a case a resident defendant is joined with the nonresident, the joinder, even although fair upon its face, may be

5

> shown by a petition for removal to be only a fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly engendering that conclusion. Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith... *Id.* 232 U.S. at 152.

Stated differently, a defendant is fraudulently joined only when "there is **no possibility** that a plaintiff can state a cause of action against [the] non-diverse defendant in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993) (emphasis added). A defendant seeking removal based on an alleged fraudulent joinder has the "heavy" burden of proving that, after the court resolves all issues of law and fact in the plaintiff's favor, there is no reasonable possibility the plaintiff can establish a cause of action against a diversity-defeating defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

There can be no dispute that Illinois law provides liability against Duke's. As a general matter, "Illinois law imposes a broad duty of care in the negligence context: every person or business owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons." *See Mitchell,* Case No. 18-CV-7739; *citing Jones v. Live Nation Entm't, Inc.,* 63 N.E.3d 959, 971 (Ill. App. Ct. 2016). Those parties in the distributive chain of defective products, such as Duke's, may be liable for products liability claims and negligence. *See Skarski v. Ace-Chicago Great Dane Corp.,* 138 Ill. App. 3d 301, 305, 485 N.E.2d 1312, 1315 (1985); *see Hammond v. North American Asbestos Corp.* (1983), 97 Ill.2d 195, 73 Ill. Dec. 350, 454 N.E.2d 210 (holding that "all persons in the distributive chain are liable for injuries resulting from a

6

defective product, including suppliers, distributors, wholesalers and retailers."); *see also Cadagin v. Johnson & Johnson,* No. 18-CV-1821-SMY-DGW, 2018 WL 5004716, at *3 (S.D. Ill. 2018) (finding that the plaintiff did not fraudulently join Walgreens, who plaintiff claimed negligently sold and marketed baby powder).

Duke's was engaged in the business of promoting, marketing, distributing, selling, and otherwise placing the Roundup® into the stream of commerce. Duke's is therefore liable under the claims set forth in Plaintiff's complaint. At common law, in order to be subject to strict product liability, a defendant must be engaged in the business of placing such products in the stream of commerce. *See Torres v. Wilden Pump & Eng'g Co.,* 740 F.Supp. 1370 (1990); *Timm v. Indian Springs Recreation Ass'n,* 187 Ill.App.3d 508, 543 N.E.2d 538, 135 Ill.Dec. 155 (4th Dist. 1989) (used golf cart, isolated sale; no liability). Any person in the chain of distribution of a product, including manufacturers, suppliers, distributors, wholesalers, retailers, and commercial lessors, could be held strictly liable for any defect. *Cruz v. Midland--Ross Corp.,* 813 F.Supp. 628 (1993); *Crowe v. Pub. Bldg. Comm'n,* 74 Ill.2d 10, 383 N.E.2d 951, 23 Ill.Dec. 80 (1978). These claims and causes of actions have been upheld and reinforced by the Illinois Supreme Court, where it stated:

> "In a products liability action, all persons in the distributive chain are liable for injuries resulting from a defective product, including suppliers, distributors, wholesalers and retailers. Imposition of liability upon these parties is justified on the ground that their position in the marketing process enables them to exert pressure on the manufacturer to enhance the safety of the product. Regardless of the nature of the commercial transaction and even though he does not create the defect, a seller who puts a defective product into the stream of commerce may still be held strictly liable to an injured user." *See Hammond v. North American Asbestos Corp.* (1983), 97 Ill.2d 195, 206 (internal citations omitted).

7

Plaintiff has sufficiently alleged a cause of action for products liability against Duke's. As detailed in the Complaint, Duke's is an Illinois resident and was a distributor, marketer, and seller of Roundup to the general public, including Plaintiff from 1974 to 2018. (Complaint, ¶ 5-6). On February 1, 2013, Plaintiff, Robert Rawson, was diagnosed with extranodal marginal zone lymphoma (MALT) a type of non-Hodgkin Lymphoma (NHL). (Complaint, ¶ 73).

In pleading consistent with the Illinois Patter Jury Instructions, Plaintiff alleges there existed in the Roundup at the time it left the control of Duke's a condition which made the Roundup unreasonably dangerous because of the increased likelihood of NHL associated with exposure to the Roundup® products. Complaint, Count VIII ¶ 191-200; see also IPI Civil (2011) 400. Plaintiff also pleads negligence against Monsanto for at least nine separate theories of recovery, and Duke's did not challenge a single one of them on a motion to dismiss. (Complaint, Count VII ¶ 185-190).

Counts VII-VIII of Plaintiff's Complaint sufficiently alleges all of the necessary elements of a cause of action for negligence and strict product liability against Duke's. Monsanto cannot credibly claim that it is impossible for the Plaintiff to establish a cause of action against this diversity-defeating defendant, particularly in light of the fact that this Court must resolve all facts and legal issues in favor of the Plaintiff. *See Batoff v. State Farm Ins. Co.*, 977 f.2d 848, 853 (3d Cir. 1992) (courts should not find fraudulent joinder where they must conduct an "intricate analysis of state law" to find a claim non-actionable).

Moreover, in Illinois, plaintiffs are encouraged to join any causes of action, against any defendants. 735 ILCS 5/2-614(a) (2012); *see Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 199, 652 N.E.2d 267, 272 (1995). The joinder of defendants is governed by section 2-405 of the Code of Civil Procedure. 735 ILCS 5/2-405 (2012). The statute reads as follows:

8

>     (a) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.
>
>     (b) It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him or her; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which such defendant may have no interest.
>
>     (c) If the plaintiff is in doubt as to the person from whom he or she is entitled to redress, he or she may join two or more defendants, and state his or her claim against them in the alternative in the same count or plead separate counts in the alternative against different defendants, to the intent that the question which, if any, of the defendants is liable, and to what extent, may be determined as between the parties. 735 ILCS 5/2-405.

The objective of joinder is the economy of actions and trial convenience. The determining factors are that the claims arise out of closely related "transactions" and that there is in the case a significant question of law or fact that is common to the parties. *Boyd*, 166 Ill. 2d at 199 (quoting *City of Nokomis v. Sullivan*, 14 Ill.2d 417, 420, 153 N.E.2d 48 (1958)).

These requirements have been met here. The claims against Defendants Monsanto and the Duke's arise out of the same closely related transactions: NHL caused by the sale and prolonged exposure to Roundup®. Monsanto manufactured the Roundup® and Duke's distributed, sold, promoted, and marketed it, and as such they are part of the same series of transactions or occurrences. *See Skarski v. Ace-Chicago Great Dane Corp.*, 138 Ill. App. 3d 301, 305 (1985) (concluding that a company may be held liable for marketing and distributing dangerous products). Cases applying Rule 21 where there is no misjoinder do so because "'there

9

are sufficient other reasons for ordering a severance.'" *Acevedo-Garcia v. Monroig,* 351 F.3d 547, 560 n.5 (1st Cir. 2003) (quoting *Wyndham Assoc. v. Bintliff,* 398 F.3d 614, 618 (2d Cir. 1968)).

This case is not like others applying Rule 21 to removal actions, which generally involve a plaintiff who waits until after the case is removed to federal court to add a non-diverse defendant, in an attempt to avoid removal. *See, e.g., Smado,* 111 F.R.D. at 416.

Here, Plaintiff initially chose to sue the Duke's and Monsanto in state court. Because the non-diverse defendant, Duke's, was a party to the original complaint and Plaintiff has not attempted to defeat removal by adding a non-diverse defendant, there is no reason to use Rule 21 to retain jurisdiction. It would be unjust to "ignore" Duke's for the sole purpose of maintaining diversity.

### C. Monsanto's Theory of Removal Should Be Rejected as Untimely.

This court should also reject Monsanto's Notice of Removal as untimely. Under Seventh Circuit precedent, the 30–day removal clock begins to run when "the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Walker v. Trailer Transit, Inc.,* 727 F.3d 819, 824 (7th Cir. 2013). Notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleadings setting forth a claim for relief. 28 U.S.C. § 1446(b)(1). Duke's answered Plaintiff's Complaint on May 28, 2019. In its Answer, Duke's denied Plaintiff's allegation that Duke's owned and operated the Duke's Hardware store at 7610 W. 111th Street in Palos Hills, IL. (See Deft's Answer Attached as Exhibit C).

Under Monsanto's theory of improper joinder, Duke's Answer would have adequately triggered Monsanto's notice that there's no reasonable possibility that a State Court would rule

10

against Duke's. However, Monsanto waited 109 days to file its Notice of Removal on September 9, 2019. Due to this delay, Monsanto failed to satisfy Section 1446(b)(1)'s 30 day requirement, and its notice was untimely. The Court should reject Monsanto's Notice of Removal as untimely. *See Green Tree Servicing, LLC v. Williams*, 2014 U.S. Dist. LEXIS 85306, at *6 (N.D. Ill. June 24, 2014) (rejecting defendant's notice of removal as untimely and remanding to the Circuit Court of Cook County, Illinois).

### D. Duke's Did Not Join Nor Consent to this Removal in Violation of 28 U.S.C. § 1446.

Plaintiff filed its Complaint in Cook County against Monsanto and Duke's. In spite of this fact, the Notice of Removal was only filed on behalf of Monsanto, and admittedly fails to include Duke's consent. As a general rule, valid removal from state to federal court requires the unanimous consent of all defendants. *See, e.g., Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). This general rule was explicitly codified in 28 U.S.C. § 1446, which reads, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (West 2019). There are exceptions to this general rule that various courts in this district have set forth. *See, e.g., Willey v. Midwest Telecomm. Sys., Inc.*, No. 20220, 1991 U.S. Dist. LEXIS 12101, 1991 WL 166980, at *1 (N.D. Ill. Feb. 11, 1991) (exception for unknown defendants, nominal and formal parties, and defendants fraudulently joined); *Gallagher v. Max Madsen Mitsubishi*, No. 90-0508, 1990 U.S. Dist. LEXIS 11314, 1990 WL 129611, at *7 (N.D. Ill. Aug. 27, 1990) (exception where plaintiff's claim against removing defendant was separate and independent from the other claims in the suit); *Carver v. Sears Roebuck & Co.*, No. 86-7339, 1986 U.S. Dist. LEXIS 19586, 1986 WL 11380, at *1 (N.D. Ill. Oct. 6, 1986) (exception for defendant not yet served).

11

As stated previously, Monsanto failed to meet its burden of showing that Duke's was improperly joined. Accordingly, none of these exceptions saves Monsanto's Notice of Removal and this case should be remanded to the Circuit Court of Cook County. *See Green Tree Servicing, LLC*, 2014 U.S. Dist. LEXIS 85306, at *6 (N.D. Ill. June 24, 2014) (remanding to the Circuit Court of Cook County, Illinois where the movant failed to join all defendants or gain their consent).

### E. Plaintiff is Entitled to Reimbursement of His Attorney Fees and Costs Incurred as a Result of Defendant Monsanto's Wrongful Removal of This Matter From State Court.

Plaintiff has incurred attorney fees in conjunction with the remand of this case back to its proper forum. "[A]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The intent of the statute is to reimburse a party, like the Plaintiff, who has incurred expenses in attacking an insufficient and ill-advised removal. A district court should award attorney fees to a plaintiff if, at the time a defendant filed the notice of removal, clearly established law demonstrated that defendant had no basis for removal. *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220 (D. Hawai'i 2007); *see also Gibbs v. I-Flow*, 2009 WL 482285 (S.D. Ind. 2009) (district court ordered remand and retained jurisdiction solely to award plaintiff attorney fees and costs.).

Monsanto's removal is untimely, did not maintain the consent from all defendants, is based on flimsy factual assertions, is procedurally defective, and falls woefully short of established case law for improper joinder. As a result of Defendant Monsanto's frivolous removal, Plaintiff has had to conduct extensive research and review of the law as well as draft and submit several carefully authored arguments in response. This required extra time and effort

on the part of Plaintiff's attorney, all of which should have been unnecessary given the unambiguous and firmly established pleading standard for claim against Duke's, and the clear and concise allegations set forth in Counts VII-VIII of the Complaint. For these reasons, an award of attorney fees and costs is appropriate in this instance, especially given the egregious factual claims based on the record.

### III. CONCLUSION

A heavy burden rests upon the party seeking to prove fraudulent mis-joinder and thereby establish diversity of citizenship for federal jurisdictional purposes. Not only has Defendant Monsanto failed to meet this heavy burden, its proffered reason for claiming the Healthcare Defendants were fraudulently mis-joined lacks any basis in precedent and constitutes an abuse of the removal process. Accordingly, Plaintiff respectfully request that Defendant Monsanto's attempt to interpose federal jurisdiction be rejected and this case remanded with an appropriate award of attorney fees and costs to the Plaintiff.

Respectfully submitted,

/s/ David J. Gallagher
*Attorney for Plaintiff*

DAVID J. GALLAGHER
**MOTHERWAY & NAPLETON, LLP**
140 S. Dearborn, Suite 1500
Chicago, IL 60603
(312) 726-2699
Attorney No: 56421
dgallagher@mnlawoffice.com

13