# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:19–cv–02067–W–MSB

Martin et al v. Monsanto Company et al
Assigned to: Judge Thomas J. Whelan
Referred to: Magistrate Judge Michael S. Berg
Demand: $75,000
Case in other court:  Superior Court of CA, County of San
                      Diego, 37–02019–00046023–CU–PL–CTL
Cause: 28:1332 Diversity Action

Date Filed: 10/28/2019
Jury Demand: None
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Derrick Martin**                      represented by  **Brian Lee Burchett**
                                                        The Burchett Law Firm, PC
                                                        605 C Street
                                                        Suite 300
                                                        San Diego, CA 92101
                                                        (619) 230–8431
                                                        Fax: 619–639–1125
                                                        Email: brian@theburchettlawfirm.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Laura Martin**                        represented by  **Brian Lee Burchett**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**                    represented by  **E. Alex Beroukhim**
                                                        Arnold & Porter Kaye Scholer LLP
                                                        777 South Figueroa Street
                                                        44th Floor
                                                        Los Angeles, CA 90017–5844
                                                        (213)243–4059
                                                        Fax: (213)243–4199
                                                        Email: Alex.Beroukhim@arnoldporter.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer AG**

**Defendant**

**Home Depot**                          represented by  **Ruta Paskevicius**
                                                        Goodman Neuman Hamilton LLP
                                                        417 Montgomery Street
                                                        10th Floor
                                                        San Francisco, CA 94104
                                                        415–705–0400
                                                        Fax: 415–705–0411
                                                        Email: rpaskevicius@gnhllp.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1–40**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2019 | <u>1</u> | NOTICE OF REMOVAL from Superior Court of California County of San Diego, case number 37–02019–00046023–CU–PL–CTL. ( Filing fee $ 400 receipt number 0974–13103626.), filed by Monsanto Company. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> State Court Complaint, # <u>3</u> Index to Exhibits, # <u>4</u> Exhibit 2, # <u>5</u> Exhibit 3, # <u>6</u> Exhibit 4, # <u>7</u> Proof of Service)<br><br>The new case number is 3:19–cv–02067–W–MSB. Judge Thomas J. Whelan and Magistrate Judge Michael S. Berg are assigned to the case.(sxa) (sjt). (Entered: 10/29/2019) |
| 10/29/2019 | <u>2</u> | NOTICE of Party With Financial Interest by Monsanto Company *and Corporate Disclosure Statement*. Identifying Corporate Parent Bayer AG for Monsanto Company. (Beroukhim, E.) (jao). (Entered: 10/29/2019) |

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Brian L. Burchett (SBN 134757) <br> THE BURCHETT LAW FIRM, PC <br> 605 C Street, Suite 300 <br> San Diego, California 92101 <br> TELEPHONE NO: 619.230.8431    FAX NO. *(Optional):* 619.639.1125 <br> E-MAIL ADDRESS *(Optional):* brian@theburchettlawfirm.com <br> ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **08/30/2019** at 12:58:22 PM <br> Clerk of the Superior Court <br> By Regina Chanez, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
 STREET ADDRESS: 330 West Broadway
 MAILING ADDRESS:
 CITY AND ZIP CODE: San Diego CA 92101
 BRANCH NAME: Central

PLAINTIFF: Derrick Martin and Laura Martin

DEFENDANT: Monsanto Company; Bayer, AG; Home Depot; and

☑ DOES 1 TO 40

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** <br> ☐ **AMENDED** *(Number):* <br> **Type** *(check all that apply):* <br> ☐ **MOTOR VEHICLE**  ☑ **OTHER** *(specify):* Product Liability <br> ☐ **Property Damage**  ☐ **Wrongful Death** <br> ☑ **Personal Injury**  ☐ **Other Damages** *(specify):* | |
| **Jurisdiction** *(check all that apply):* <br> ☐ **ACTION IS A LIMITED CIVIL CASE** <br> **Amount demanded**  ☐ **does not exceed $10,000** <br> ☐ **exceeds $10,000, but does not exceed $25,000** <br> ☑ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)** <br> ☐ **ACTION IS RECLASSIFIED by this amended complaint** <br> ☐ **from limited to unlimited** <br> ☐ **from unlimited to limited** | **CASE NUMBER:** <br><br> 37-2019-00046023-CU-PL-CTL |

1. **Plaintiff** *(name or names):* Derrick Martin and Laura Martin

   alleges causes of action against **defendant** *(name or names):*
   Monsanto Company; Bayer, AG; Home Depot; and Does 1-40

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name):*
   　　(1) ☐ a corporation qualified to do business in California
   　　(2) ☐ an unincorporated entity *(describe):*
   　　(3) ☐ a public entity *(describe):*
   　　(4) ☐ a minor ☐ an adult
   　　　　(a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
   　　　　(b) ☐ other *(specify):*
   　　(5) ☐ other *(specify):*
   b. ☐ **except plaintiff** *(name):*
   　　(1) ☐ a corporation qualified to do business in California
   　　(2) ☐ an unincorporated entity *(describe):*
   　　(3) ☐ a public entity *(describe):*
   　　(4) ☐ a minor ☐ an adult
   　　　　(a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
   　　　　(b) ☐ other *(specify):*
   　　(5) ☐ other *(specify):*

   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| | | |
|---|---|---|
| Form Approved for Optional Use <br> Judicial Council of California <br> PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property** <br> **Damage, Wrongful Death** | Code of Civil Procedure, § 425.12 <br> *www.courtinfo.ca.gov* |

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin v. Monsanto Company, et al. | |

4. ☐ Plaintiff *(name)*:

    is doing business under the fictitious name *(specify)*:

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ **except** defendant *(name)*: Monsanto Company
    (1) ☑ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  c. ☑ **except** defendant *(name)*: Home Depot
    (1) ☐ a business organization, form unknown
    (2) ☑ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  b. ☑ **except** defendant *(name)*: Bayer, AG
    (1) ☐ a business organization, form unknown
    (2) ☑ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  d. ☐ **except** defendant *(name)*:
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe)*:

    (4) ☐ a public entity *(describe)*:

    (5) ☐ other *(specify)*:

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers)*: 1-30      were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers)*: 1-40      are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify)*:

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin v. Monsanto Company, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):*

   Exemplary Damages


11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*

   Plaintiff Laura Martin suffered a loss of consortium due to the injuries suffered by her husband, plaintiff Derrick Martin.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:


13. The relief sought in this complaint is within the jurisdiction of this court.


14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   paragraphs 5(b) and 5(c)


Date:  August 30, 2019

Brian L. Burchett
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Martin v. Monsanto Company, et al. | |

FIRST **CAUSE OF ACTION—Products Liability**   Page ___4___

_(number)_

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint
_(Use a separate cause of action form for each cause of action.)_

Plaintiff _(name):_ Derrick Martin and Laura Martin

Prod. L-1. On or about _(date):_ **September 2009** plaintiff was injured by the following product:

Roundup and Roundup Pro weed killer. Derrick Martin, a professional landscaper, first discovered in mid-February 2018 that said products had been linked as a potential cause of cancers, including Non-Hodgkins Lymphoma, which he'd suffered in 2009.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being

☑ used in the manner intended by the defendants.

☐ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a

☑ purchaser of the product.   ☑ user of the product.

☐ bystander to the use of the product.   ☐ other _(specify):_

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4. ☑ **Count One—Strict liability** of the following defendants who

a. ☑ manufactured or assembled the product _(names):_

Monsanto Company; its successor in interest Bayer, AG; and

☑ Does ___1___ to ___30___

b. ☐ designed and manufactured component parts supplied to the manufacturer _(names):_

☐ Does _____ to _____

c. ☑ sold the product to the public _(names):_

Monsanto Company; its successor in interest Bayer, AG; Home Depot; and

☑ Does ___1___ to ___40___

Prod. L-5. ☑ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff _(names):_

Monsanto Company; its successor in interest Bayer, AG; and

☑ Does ___1___ to ___40___

Prod. L-6. ☐ **Count Three—Breach of warranty** by the following defendants _(names):_

☐ Does _____ to _____

a. ☐ who breached an implied warranty

b. ☐ who breached an express warranty which was

☐ written ☐ oral

Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are listed in Attachment-Prod. L-7 ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE:<br>Martin v. Monsanto Company, et al. | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page _____ 5 _____

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*

　　Monsanto Company and its successor Bayer, AG

Plaintiff alleges defendant was guilty of

[✓]　malice

[✓]　fraud

[✓]　oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Monsanto Company formulated Roundup and Roundup Pro (the "Carcinogenic Poisons"), labeled, advertised, and marketed them knowing they were substantially likely to cause cancer, in particular Non-Hodgkins Lymphoma, in humans using the Carcinogenic Poisons as expected or exposed to reasonably expected levels of the Carcinogenic Poisons.

Defendants chose not to disclose the known carcinogenicity of the Carcinogenic Poisons in the labeling and product information defendants provided with the products and in defendants' advertising of the products for sale.

Defendants made public statements falsely denying the carcinogenicity of the Carcinogenic Poisons. Defendants created or assisted in creating false and misleading scientific and medical studies purportedly showing the Carcinogenic Poisons were not carcinogenic when defendants knew them to be carcinogenic.

Defendants lobbied government agencies such as the United States Environmental Protection Agency not to identify the Carcinogenic Poisons' active ingredient, glycophosphate, as a carcinogen even though defendants knew it was.

Bayer, AG ratified the fraud, malice and oppression of Monsanto Company in that it acquired Monsanto in 2016, Bayer's officers and directors learned of Monsanto's misconduct, approved of that misconduct, and continued to engage in the same type of misconduct during and after completing the acquisition of Monsanto.

Defendants took these actions in the interest of increasing profits, knowing that as a result of their wrongful actions, consumers and others exposed to the Carcinogenic Poisons would, as a direct result of that exposure, develop various forms of cancer and become very sick or die.

EX-3. The amount of exemplary damages sought is

a.　[✓]　not shown, pursuant to Code of Civil Procedure section 425.10.

b.　[ ] $

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12<br>*www.courtinfo.ca.gov*