CV

# U.S. District Court
## U.S. District of Minnesota (DMN)
### CIVIL DOCKET FOR CASE #: 0:19−cv−02636−DSD−DTS

Holzer, Jr. v. Monsanto Company  
Assigned to: Senior Judge David S. Doty  
Referred to: Magistrate Judge David T. Schultz  
Cause: 28:1332 Diversity−Product Liability  

Date Filed: 10/02/2019  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity  

**Plaintiff**

**Frank Holzer, Jr.**     represented by     **Charles H Johnson**  
Law Offices of Charles H Johnson, PA  
2599 Mississippi St  
New Brighton, MN 55112  
651−633−5685  
Fax: 651−633−4442  
Email: bdehkes@charleshjohnsonlaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2019 | 1 | COMPLAINT against Monsanto Company (filing fee $ 400, receipt number AMNDC−7184028) filed by Frank Holzer, Jr.. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Johnson, Charles) (Entered: 10/02/2019) |
| 10/02/2019 | 2 | TEXT ONLY ENTRY: CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge David S. Doty per 3rd/4th Master List list, referred to Magistrate Judge David T. Schultz. Please use case number 19cv2636 DSD/DTS. (MTP) (Entered: 10/02/2019) |
| 10/02/2019 | 3 | Summons Issued as to Monsanto Company. (MTP) (Entered: 10/02/2019) |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Roundup Products Liability Litigation | |
| FRANK HOLZER, JR.<br><br>    Plaintiff<br><br>v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, Frank Holzer, Jr, states and brings this civil action, entitled *In Re. Roundup Products Liability Litigation*. Plaintiff is filing this Complaint for damages against Defendant Monsanto Company and alleges the following:

### NATURE OF THE CASE

1. This is an action for damages suffered by Plaintiff as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup, containing the active ingredient glyphosate.

2. Plaintiff maintains that Roundup and/or glyphosate is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use.

3. Plaintiff's injuries, like those striking thousands of similarly situated victims across

the country, were avoidable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Defendant is incorporated and has their principal place of business outside of the state in which the Plaintiff resides.

5. The amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and cost.

6. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## PARTIES

8. Plaintiff, Frank Holzer, Jr., is and was a natural person and at all relevant times a resident and citizen of South Dakota. Plaintiff brings this action for personal injuries sustained by exposure to Roundup ("Roundup") containing the active ingredient glyphosate and the surfactant POEA. As a direct and proximate result of being exposed to Roundup, Plaintiff developed Lymphoma.

9. "Roundup" refers to all formulations of Defendant's roundup products, including, but not limited to, Roundup Concentrate Poison Ivy and Tough Brush Killer 1, Roundup Custom Herbicide, Roundup D-Pak herbicide, Roundup Dry Concentrate, Roundup Export Herbicide, Roundup Fence & Hard Edger 1, Roundup Garden Form Weed & Grass Kill, Roundup Grass and Weed Killer, Roundup Herbicide, Roundup Original 2k herbicide, Roundup Original II Herbicide, Roundup Pro Concentrate, Roundup Prodry Herbicide, Roundup Promax, Roundup Quik Stik Grass and Weed Killer, Roundup Quikpro Herbicide,

2

or any other formulation of containing the active ingredient glyphosate

10. Defendant MONSANTO COMPANY is a Delaware Corporation, Calif. Secretary of State Entity No. C2362863, in "active" status, with a principal place of business in St. Louis, Missouri.

11. Defendant MONSANTO COMPANY is hereafter referred to as "Monsanto" or "Defendant."

12. Defendant advertises and sells goods, specifically Roundup, Throughout the United States.

13. Defendant transacted and conducted business within the State of South Dakota that relates to the allegations in this Complaint.

14 Defendant derived substantial revenue from goods and products used in the State of South Dakota.

15. Defendant expected or should have expected their acts to have consequences within the State of South Dakota, and derived substantial revenue from interstate commerce.

16. Defendant engaged in the business of designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling, and/or selling Roundup.

17. Defendant is authorized to do business in South Dakota and derives substantial income from doing business in this state.

18. Upon information and belief, Defendant purposefully availed itself of the privilege of conducting activities with the State of South Dakota, thus availing itself of the benefits and protections of its law.

19. Upon information and belief, Defendant designed, sold, advertised, manufactured and/or distributed Roundup, with full knowledge of its dangerous and defective nature.

## FACTUAL ALLEGATIONS

20 At all relevant times, Defendant was in the business of, and did, design, research,

manufacture, test, advertise, promote, market, sell, distribute, and/or acquired and was responsible for others who designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the commercial herbicide Roundup

21. Monsanto is a multinational agricultural biotechnology corporation based in St. Louis, Missouri. It is the world's leading producer of glyphosate.

22. Defendant discovered the herbicidal properties of glyphosate during the 1970's and subsequently began to design, research, manufacture, sell and distribute glyphosate based "Roundup" as a broad-spectrum herbicide.

23. Glyphosate is the active ingredient in Roundup.

24. Glyphosate is a broad-spectrum herbicide used to kill weeds and grasses known to compete with commercial crops grown around the globe.

25. Glyphosate is a "non-selective" herbicide, meaning it kills indiscriminately based only on whether a given organism produces a specific enzyme, 5-enolpyruvylshikimic acid-3-phosphate synthase, known as EPSP synthase.

26. Glyphosate inhibits the enzyme 5-enolpyruvylshikimic acid-3-phosphate synthase that interferes with the shikimic pathway in plants, resulting in the accumulation of shikimic acid in plant tissue and ultimately plant death.

27. Sprayed as a liquid, plants absorb glyphosate directly through their leaves, stems, and roots, and detectable quantities accumulate in the plant tissues.

28. Each year, approximately 250 million pounds of glyphosate are sprayed on crops, commercial nurseries, suburban lawns, parks, and golf courses. This increase in use has been driven largely by the proliferation of genetically engineered crops, crops specifically tailored to resist the activity of glyphosate.

29. Defendant is intimately involved in the development, design, manufacture, marketing, sale, and/or distribution of genetically modified ("GMO") crops, many of which

4

are marketed as being resistant to Roundup i e., "Roundup Ready®." As of 2009, Defendant was the world's leading producer of seeds designed to be Roundup Ready®. In 2010, an estimated 70% of corn and cotton, and 90% of soybean fields in the United States contained Roundup Ready® seeds.

30. The original Roundup, containing the active ingredient glyphosate, was introduced in 1974. Today, glyphosate products are among the world's most widely used herbicides. Monsanto's glyphosate products are registered in more than 130 countries and are approved for weed control in more than 100 crops. No other herbicide active ingredient compares in terms of number of approved uses.

31. For nearly 40 years, farmers across the globe have used Roundup, unaware of its carcinogenic properties.

### REGISTRATION OF HERBICIDES UNDER FEDERAL LAW

32. The manufacture, formulation and distribution of herbicides, such as Roundup, are regulated under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7. U.S.C. § 136 *et seq*. FIFRA requires that all pesticides be registered with the Environmental Protection Agency ("EPA) prior to their distribution, sale, or use, except as described by FIFRA 7 U.S.C. 136a(a).

33. The EPA requires as part of the registration process, among other requirements, a variety of tests to evaluate the potential for exposure to pesticides, toxicity to people and other potential non-target organisms, and other adverse effects on the environment. Registration by the EPA, however, is not an assurance or finding of safety. The determination the EPA makes in registering or re-registering a product is not that the product is "safe," but rather that use of the product in accordance with its label directions

5

"will not generally cause unreasonable adverse effects on the environment." 7 U.S.C. § 136(a)(c)(5)(D).

34. FIFRA defines "unreasonable adverse effects on the environment" to mean "any unreasonable risk to man or the environment, taking into account the economic, social, and environmental costs and benefits of the use of any pesticide." 7 U.S.C. § 136(bb). FIFRA thus requires the EPA to make a risk/benefit analysis in determining whether a registration should be granted or allowed to continue to be sold in commerce.

35. The EPA and the State of South Dakota registered Roundup for distribution, sale, and manufacture in the United States and the State of South Dakota.

36. FIFRA generally requires that the registrant, Monsanto, conduct health and safety testing of pesticide products. The government is not required, nor is it able, to perform the product tests that are required of the manufacturer.

37. The evaluation of each pesticide product distributed, sold, or manufactured is completed at the time the product is initially registered. The data necessary for registration of a pesticide has changed over time. The EPA is now in the process of re-evaluating all pesticide products through a Congressionally-mandated process called "re-registration." 7 U.S.C. § 136a-1. In order to reevaluate these pesticides, the EPA demands the completion of additional tests and the submission of data for the EPA's review and evaluation.

38. In the case of glyphosate and Roundup, the EPA had planned on releasing its preliminary risk assessment – in relation to the registration process – no later than July 2015. The EPA completed its review of glyphosate in early 2015, but delayed releasing the assessment pending further review in light of the World Health Organization's findings.

**PLAINTIFF EXPOSURE TO ROUNDUP**

39. Plaintiff used Roundup in routine farming operations for a significant portion of Plaintiffs life. Plaintiff followed all safety and precautionary warnings during the course of

use.

40. As a result of exposure to RoundUp, Plaintiff developed lymphoma. Plaintiff was diagnosed with diffuse Lymphoma in June, 2006.

41. As a result of this injury the Plaintiff began treatment for lymphoma in June, 2006.

## CAUSES OF ACTION

42. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check those that apply):

__X__ FIRST CAUSE OF ACTION – NEGLIGENCE

__X__ SECOND CAUSE OF ACTION – STRICT LIABILITY;

__X__ FAILURE TO WARN

__X__ DEFECTIVE DESIGN AND MANUFACTURE

__X__ FOURTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendant as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendant's unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: October 2, 2019

                                    Respectfully submitted,

                                    /s/ Charles H. Johnson
                                    Charles H. Johnson
                                    Bar No. 50696
                                    *Attorney for Plaintiff*
                                    LAW OFFICES OF CHARLES H. JOHNSON,
                                    PA 2599 Mississippi Street
                                    New Brighton, MN 55112-5060
                                    Telephone:   (651) 633-5685
                                    Fax Phone:   (651) 633-4442
                                    bdehkes@charleshjohnsonlaw.com