**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

---

## REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD REGARDING PLAINTIFF'S MOTION TO VACATE CTO-158

Pursuant to Rule 11.1(b) of the Judicial Panel on Multidistrict Litigation, Monsanto Company ("Monsanto") hereby submits this statement explaining why oral argument need not be heard by the Panel in regards to Plaintiff's Motion to Vacate Conditional Transfer Order 158 ("CTO-158") as it pertains to *David Walter v. Monsanto Co., et al.* (N.D. Ill., 1:19-cv-06482).

As Monsanto explains in more detail in its Response to Plaintiff's Motion to Vacate CTO-158, *see* docket entry No. 1428, it is well settled that the Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer. *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)). The Panel has repeatedly rejected arguments that CTOs should be vacated because of a pending motion to remand an action to state court. *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 1283 (J.P.M.L. Oct. 2, 2019) ("The Panel has held that such jurisdictional issues generally do not present an impediment to transfer . . . Plaintiff can present his remand arguments to the transferee judge."); *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically*

1

*Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole").

Indeed, plaintiff's arguments are so routinely rejected as bases to prevent transfer that the Panel has repeatedly ordered transfer in such cases – including cases in MDL No. 2741 – without oral argument.  *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 1283 (J.P.M.L. Oct. 2, 2019).  Given that the Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer, there is no reason for the Panel to order oral argument in this case at the additional and unnecessary expense of both parties.

Dated: November 19, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*