BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION          MDL No. 2741

This Filing Relates To The Following Cases Only:

*John Thomas Moore, Jr. v. Monsanto Company, et al., Alabama Southern, Case No. 2:19-cv-00707*

### PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-156)

### INTRODUCTION

Plaintiff files this Reply to Defendants Monsanto Company and Helena Agri Enterprises, LLC's Opposition to Plaintiff's Motion to Vacate. Plaintiff incorporates his Motion to Vacate as well as his other pleadings and exhibits as fully referenced herein. Monsanto's Response in Opposition erroneously states that "This case meets the criteria for MDL transfer" without refuting any of the specific facts and arguments presented by Plaintiff in his Motion to Vacate which show "good cause" for why the transfer of this action fails to promote the "just and efficient" conduct of the action and is obviously not "for the convenience of the parties and witnesses". Plaintiff does not waive any of his previous arguments, but based on certain statements made by Defendants in their Oppositions, Plaintiff states in his Reply as follows:

### LEGAL AUTHORITY

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L.

1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

A transfer pursuant to 28 U.S.C. §1407 is not proper when the transferring U.S. District Court does not have proper jurisdiction, as is the case here. *See BancOhio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir.1975). In addition, as to justice and efficiency, principles of comity would dictate against the transfer of any action that has an important motion under submission and/or pending especially a motion that will render the question of transfer under §1407 moot if decided in Plaintiff's favor. Consequently, Plaintiff's Motion to Vacate should be granted.

I. **Transfer is Less Warranted when the Bulk of MDL Common Discovery is Completed and therefore Will Not add to Just and Efficient" Conduct of this Action**

As previously referenced by Plaintiff in his Motion to Vacate -Where the "bulk" of common discovery has been completed (or is in the process of being completed) and can be made available to other parties, transfer is less warranted. *In re A.H.Robins Co., Inc.*, 610 F. Supp. 1099, 1100 (J.P.M.L. 1985) (denying motion to transfer); *see also In re Richardson-Merrell, Inc.*, 582 F. Supp. 890, 891 (J.P.M.L.), on reconsideration, 588 F. Supp. 1448 (J.P.M.L. 1984) (vacating transfer where "discovery pertaining to common issues has been completed in the transferee district" and "procedures exist whereby relevant discovery already completed in the transferee district may be made available to parties in newly filed actions").

This MDL proceeding has been pending before Judge Vince Chhabria in the Northern District of California since October 6, 2016. Currently, there are numerous cases pending before the MDL that were filed in other jurisdictions and transferred to this District pursuant to 28 U.S.C. § 1407. General discovery has been completed in MDL 2741, including *Daubert* hearings, and the completion of a bellwether trial. Pre-trial and post-trial motions were filed by both parties resulting in significant rulings on issues of facts and law that can properly be applied by the Alabama Courts. Judge Chhabria has thus ordered a phased remand schedule based upon groupings by state. (Exhibit B, PTO-150). In each group, only case-specific discovery and case specific pre-trial motions needs to be completed at which point Judge Chhabria will suggest remand for those case. *Id.* No further general discovery is contemplated. *Id.*

Given the current status of the MDL and the Court's own remand of actions in the MDL, Monsanto's generalized blanket statement for all cases that "pretrial consolidation promotes the just and efficient conduct of such actions" is not warranted or supported in this case. Especially, given the fact that the procedural rules for removal were not followed by Defendants making their removal invalid and untimely. Furthermore, given this case had progressed in state court to such a stage (referenced below) for Defendants to make any argument that the MDL provides a more just and efficient conduct for this case is ingenuous to say the least. These issues alone make this case distinguishable from other cases presently pending in the MDL. Therefore, based on the legal precedent above, the specific circumstances of this case, and good cause shown by Plaintiff in his Motion, this Panel should vacate CTO-156.

II. **Transfer of this Case Will Not Ensure Convenience for the Parties and Witnesses**

Despite Monsanto's statements to the contrary, The Circuit Court of Dallas County, Alabama or the Southern District of Alabama are at least as convenient, if not more convenient,

for the parties than the MDL in California. It is certainly more convenient to Plaintiff since he currently lives in Alabama and was exposed to Roundup in Alabama. In addition, the fact witnesses in this case, including Plaintiff's physicians and some of Defendants' potential witnesses, all reside in Alabama, making it a more convenient venue for them than California. Also, the corporate witnesses for Monsanto have already testified via video deposition and these videos can be played at trial in the state or federal courts of Alabama, without any travel obligations for Monsanto at trial.  There is currently a scheduling order pending in state court that the parties previously agreed to and were complying with prior to Defendants' removal. Interrogatories, Requests for Production, Requests for Admission, and Plaintiff Fact Sheets had been completed and exchanged. Depositions had already taken place, including Plaintiff's partial and unfinished deposition. The parties had already made appearances before the state court and argued motions and had submitted to the state court's rulings. Plaintiff's expert witnesses had been disclosed and depositions had been scheduled.

Furthermore, as referenced above, the bulk of the common discovery in the MDL cases has been completed and issues of fact and law have already been adjudicated by the MDL court. Therefore, transfer to the Northern District of California will not foster any additional convenience for the parties, and therefore CTO-156 should be vacated.

## CONCLUSION

There is no complete diversity among the parties. Consequently, the United States District Court for the Southern District of Alabama does not have jurisdiction in this case, and transfer to the Multidistrict Litigation is improper because it will not promote the "just and efficient" conduct of the action and will not ensure "convenience for the parties and witnesses". In addition, a transfer

is no longer required as all common issues have been resolved and a phased transfer of cases has already been scheduled by the transferee court. Based upon the foregoing, Plaintiff respectfully requests the Judicial Panel on Multidistrict Litigation vacate CTO- 156 and remand this matter to The Circuit Court of Dallas County Alabama, or allow the U.S. District Court for the Southern District of Alabama to rule upon Plaintiff's Motion to Strike and Motion to Remand.

Dated:  November 19, 2019                     Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson
Jere L. Beasley
Rhon E. Jones
LaBarron N. Boone
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama  36103
Phone: (334) 269-2343
Fax:    (334) 954-7555
john.tomlinson@beasleyallen.com
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com
labarron.boone@beasleyallen.com

OF COUNSEL:

Jamie A. Johnston (JOH164)
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone:  334.202.9228
Facsimile:   334.265.8789
jamie@jjohnstonpc.com

*Attorneys for Plaintiff John T. Moore*