BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| YVETTER A. D'AUNOY, | * | Civil Action No. 2:19-CV-13594 |
| Plaintiff, | * | |
| Versus | * | Judge: Barry W. Ashe |
| MONSTANTO COMPANY, et al., | * | |
| Defendants. | * | Magistrate: |

**************************************************************************

*Pertains to:*   MDL-2741 – In re Roundup Products Liability Litigation
CONDITIONAL TRANSFER ORDER 169 (CTO-169)
Schedule CTO-169 - Tag-Along Action

**************************************************************************

MOTION TO VACATE CONDITIONAL TRANSFER ORDER WITH INCORPORATED MEMORANDUM, OR IN THE ALTERNATIVE, OPPOSITION AND MOTION FOR CONTINUANCE OF TRANSFER UNTIL TRANSFEROR JUDGE RULES ON MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff to file his Motion to Vacate Conditional Transfer Order, or in the alternative, Motion for Continuance of Transfer Until the Transferor Judge Rules of Plaintiff's Emergency Motion to Remand. Plaintiff requests that the MDL vacate the conditional transfer order or wait to transfer the case until Judge Ashe of the U.S.D.C. for the Eastern District of Louisiana issues a ruling on Plaintiff's Motion to Remand.

Plaintiff request emergency consideration of her Motion to Remand because she suffers as a result of her diagnosis of Chronic Lymphocytic Leukemia ("CLL") a subset of Non-Hodgkin's Lymphoma ("NHL") cancer and cannot afford a delay in her case.

1

This action was originally filed in Louisiana State Court and was improperly removed by Monsanto Corporation. Plaintiff filed her Emergency Motion to Remand to the state court from which it was wrongfully removed. To this end, the submission date of Plaintiff's Emergency Motion to Remand is set for December 5, 2019. The District Court Judge should hear Plaintiff's Emergency Motion to Remand. Once it is determined that there is no federal jurisdiction in this case, remand is mandatory. *Insigna v. LaBella*, 485 F.2d 249 (11th Cir. 1988); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968).

For the MDL's convenience, and in an effort to provide the MDL with a level of comfort to justify vacating the transfer order or at least waiting until Judge Ashe rules on Plaintiff's Emergency Motion to Remand, attached are the following pleadings filed in the captioned matter:

A. Plaintiff's Motion to Remand with Memo in Support (Exhibit 1);

**WHEREFORE**, Plaintiff respectfully requests that this matter not be transferred to the In Re: Roundup Products Liability Litigation before this Honorable Court can rule on Plaintiff's Motion to Remand.

        **LANDRY & SWARR, L.L.C.**

        /s/ *PHILIP C. HOFFMAN*
        PHILIP C. HOFFMAN (#32277)
        FRANK J. SWARR (#23322)
        MICKEY P. LANDRY (#22817)
        MATTHEW CLARK (#31102)
        1100 Poydras Street, Suite 2000
        New Orleans, Louisiana 70163
        Telephone: (504) 299-1214
        Facsimile: (504) 299-1215
        COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify by my signature that on this 22nd day of November 2019, a copy of the foregoing has been filed with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

s/ *Philip C. Hoffman*