BEFORE THE UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE ROUNDUP PRODUCTS LIABILITY
LITIGATION                                                              MDL No. 2741

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER 158 (CTO – 158)**

**ARGUMENT**

In Defendant Monsanto's opposition brief, Defendant claims that Plaintiff David Walter "fraudulently joined" Illinois-state defendants in the subject action. (See Def. Opp., p. 3). Other than asserting this conclusory allegation, Defendant fails to offer even a scintilla of evidence that Plaintiff's naming of Defendants Northwestern Memorial Healthcare ("NMH"), Kimberly McKinnon, and Nicolas Zoretic constituted fraudulent joinder. Indeed, Plaintiff's motion to vacate details the facts and circumstances supporting the inclusion of these Defendants and makes clear there was no fraudulent joinder. Defendant offers no meaningful evidence or argument to dispute Plaintiff's position.

Defendant asserts and relies upon its "fraudulent joinder" accusation to justify its contention that that MDL transfer best promotes the just and efficient resolution of "plaintiff's claims." (See Def. Opp., p. 4). But in making this contention, Defendant completely ignores Plaintiff's claims against Defendants NMH, McKinnon, and Zoretic, solely focuses on Plaintiff's claims against Monsanto. As put forth in Plaintiff's motion to vacate, there is nothing just or efficient about requiring Plaintiff to litigate his claims against these Illinois Defendants in a Federal Court in the State of California.

Moreover, there is nothing just and efficient in forcing Plaintiff to sever his claims. The severing of Plaintiff's claims virtually guarantees contradictory and inconsistent results in the California and Illinois Courts. As Plaintiff made clear in his motion to vacate (including but not limited to the quoting of Monsanto's affirmative defenses), all of the named Defendants here will put blame on the other defendants for Plaintiff's injuries: Monsanto will blame the Illinois Defendants, and the Illinois Defendants will blame Monsanto. Indeed, the respective juries will be required to allocate fault among the Defendants. The odds that the two (2) juries will reach the same or similar verdicts as to percentage of fault is extremely unlikely. As such, requiring Plaintiff to sever his claims—to be decided by two (2) separate juries—is unjust, unfair, and inefficient.

/s/Thomas A. Kelliher
Thomas Kelliher
**Horwitz, Horwitz, and Associates, LTD.**
**Attorneys for Plaintiff**
25 E. Washington, Suite 900
Chicago, IL  60602
Phone: (312) 372-8822
Fax: (312) 372-1673
Email: tom@horwitzlaw.com