UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| MEGHAN CARUSO, individually and as Independent Executor of the Estate of John Caruso, deceased, | |
| Plaintiff, | |
| v. | |
| RUSSO HARDWARE INC., et al. | |
| Defendants, | No.: 19-CV-7121 |
| UNIVERSITY OF ILLINOIS-CHICAGO, | |
| | The Honorable Judge Virginia M. Kendall |
| Intervenor, | |
| and | |
| HOME DEPOT USA, INC, et al. | **PLAINTIFF'S MOTION TO REMAND** |
| Respondents in Discovery. | |

PLAINTIFF'S MOTION TO REMAND

NOW COMES the Plaintiff, Meghan Caruso, individually and as Independent Executor of the Estate of John Caruso, deceased, and moves this Honorable Court to remand this matter to the Circuit Court of Cook County pursuant to 28 U.S.C. §1447. In support thereof, Plaintiff states as follows:

Introduction

1. On October 29, 2019 Defendant Monsanto Company, Inc. removed this case to the Northern District of Illinois with a Notice of Removal that is both procedurally and substantively flawed.

EXHIBIT 1

1

2. Procedurally, Defendant Monsanto Company Inc.'s ("Monsanto") removal of this matter to federal court was untimely.

3. Substantively, Plaintiff's Second Amended Complaint alleges viable, state law claims against a non-diverse, properly joined Defendant.

4. Plaintiff now files this Motion to Remand and incorporates her Memorandum of Law in Support thereof, filed concurrently and attached hereto, to seek remand of this case back to the Circuit Court of Cook County.

## Factual Background

5. This is a wrongful death/survival action arising from the untimely and unnecessary death of John Caruso: a husband, a father, and a landscaper employed by the University of Illinois-Chicago from 2009-2016. *See* Ex. 1, Plaintiff's Second Amended Complaint at Law.

6. In his working capacity, John Caruso regularly used Monsanto's Roundup® herbicide, a toxic chemical formula that has now been indicted multiple times by civil juries and has exposed Monsanto to hundreds of millions of dollars in verdicts. Ex. 1 ¶¶104-107.

7. John Caruso's employer, University of Illinois-Chicago, regularly purchased Monsanto's Roundup® herbicide from an Illinois-based distributor, Defendant Russo Hardware, Inc. ("Russo") which held itself out as an industry leader in landscaping. Ex. 1 ¶¶95, 102, 117.

8. In October 2017, John Caruso, then a 33-year old man, passed away due to complications with non-Hodgkin's lymphoma, a form of cancer that the

2

International Agency for Research on Cancer (IARC) concluded was associated with exposure to one of the primary ingredients in Roundup®: glyphosate. Ex. 1 ¶¶108-09.

9. His wife, the mother of his infant child, and the Independent Executor of his Estate, Meghan Caruso, subsequently filed suit in the Circuit Court of Cook County alleging negligence claims against both Russo and Monsanto, as well as strict liability claims against Monsanto. *See* Ex. 1.

## Procedural Background

10. On October 30, 2018, Plaintiff Meghan Caruso, a citizen of Illinois, filed her Complaint in the Circuit Court of Cook County, Illinois against Russo, also a citizen of Illinois. *See* Ex. A, Plaintiff's Complaint.

11. On October 31, 2018, Russo was served with Plaintiff's Complaint. *See* Ex. B, Affidavit of Service for Defendant Russo.

12. On November 1, 2018, Plaintiff amended her Complaint to add Monsanto, a citizen of Delaware and Missouri. *See* Ex. C, Plaintiff's First Amended Complaint.[1]

13. On November 20, 2018, Monsanto was served with Plaintiff's First Amended Complaint. *See* Ex. D, Affidavit of Service for Monsanto.

14. On January 25, 2019, Russo answered Plaintiff's First Amended Complaint. *See* Ex. E, Defendant Russo's Answer.

---

[1] Plaintiff also initially named three other Monsanto entities as Defendants in the case; however, upon receipt of Affidavits of Non-Involvement from each such entity, they were voluntarily dismissed.

3

15. Pertinent to the issues contained within this Motion to Remand were the following answers:

  a. Russo denied having superior knowledge compared to Roundup® users and consumers, including its carcinogenic properties, and denied failing to accompany its sale and marketing with warnings or precautions for that grave danger. Ex. E ¶93.

  b. Russo admitted that it identified itself as "the premier power equipment and landscape supply dealer of the Midwest." Ex. E ¶95.

  c. Russo admitted that it is a member of various national trade organizations and that some of its employees attend various trade shows and industry seminars and are trained through vendor training programs and in-house training sessions. Ex. E ¶¶97-99.

  d. Russo denied the significance of the IARC evaluation, denied the toxicity of glyphosate, and denied glyphosate and Roundup® causes non-Hodgkin's Lymphoma. Ex. E ¶¶9-12.

  e. Russo denied its awareness of the IARC's 2015 findings and other evidence regarding glyphosate and its dangerous and carcinogenic qualities. Ex. E ¶¶100-101.

  f. Russo admitted selling "some products to the University of Illinois at Chicago," but denied that it specifically sold Roundup® to them or that it exposed Plaintiff to Roundup®. Ex. E ¶27.

  g. Russo denied having knowledge of the dangerous and defective nature of Roundup®. Ex. E ¶29.

  h. Russo denied ever selling Roundup® to John Caruso and denied failing to warn consumers about the dangers associated with Roundup® and glyphosate. Ex. E ¶102.

16. On August 5, 2019, Plaintiff sent discovery requests, including interrogatories and requests for production, to Russo and a separate set of discovery requests to Monsanto. Ex. F, Plaintiff's Certificate of Service of Discovery Requests.

17. On August 6, 2019, the parties appeared before the Honorable Karen O'Malley in the Circuit Court of Cook County and an order was entered requiring Russo and Monsanto to answer written discovery by September 19, 2019. Ex. G, 08.06.19 Order.

18. On September 3, 2019, Plaintiff filed a Motion for Extension of Time to Answer Discovery. Ex. H, Plaintiff's Motion for Extension of Time.

19. On September 10, 2019, counsel for Monsanto, speaking for both remaining Defendants, sent an email to Plaintiff's counsel confirming that both Monsanto and Russo agreed to the extension of time. On September 13, 2019, counsel for Monsanto finalized agreement to the extension of time, again, on behalf of both Defendants. Ex. I, Emails from Defense Counsel 09.10.19 and 09.13.19.

20. On October 11, 2019, Plaintiff responded to Russo and Monsanto's initial discovery requests. Ex. J, Plaintiff's Certificate of Service of Discovery Answers.

21. On October 11, 2019, counsel for Monsanto emailed Plaintiff's counsel Monsanto's responses to Plaintiff's discovery requests, as well as Russo's responses to Plaintiff's discovery requests. Ex. K, Emails from Defense Counsel 10.11.19.

22. All of Russo's responses to Plaintiff's discovery requests were signed by counsel for Monsanto. Ex. L1-L3, Responses to Plaintiff's Discovery Requests.

23. On October 16, 2019, Counsel for Monsanto filed an Appearance on behalf of Russo. Ex. M, Appearance for Defendant Russo.

24. On October 21, 2019, Plaintiff amended her Complaint, which did not alter the substance of any allegations or claims against Monsanto or Russo, but added

5

four additional respondents in discovery, whose involvement in the case are not relevant for purposes of the action's removal to this Court or this Motion to Remand. Ex. 1.

## Monsanto's Removal was Improper

25. On October 29, 2019, Monsanto removed this action to the Northern District of Illinois claiming diversity of citizenship despite the fact that Russo is incorporated in and maintains its principal place of business in Illinois—a fact that Monsanto does not dispute. Dkt. 1 ¶11, 13.

26. Monsanto relies on the doctrine of fraudulent joinder in a last-ditch effort—made over 360 days from the commencement of the action—to not only remove the case to federal court, but eventually transfer the matter to the MDL proceeding in the United States District Court for the Northern District of California. Dkt. 1 ¶¶3, 13-29.

## Monsanto's Removal is Procedurally Defective

27. Monsanto has the burden of proving that its removal to federal court was timely and complied with the statutory provisions of removal. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013); *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

28. Monsanto's Notice of Removal, while within the one-year window prescribed by §1446(c), was conspicuously filed just days before that time-period expired and based on information it claims purportedly suggests that Russo is joined improperly, which Plaintiff does not concede, that has been readily available since

6

Russo's filed its Answer to Plaintiff's First Amended Complaint on January 25, 2019. *See* Ex. E. [2]

29.     Because Monsanto was aware of this information for approximately 277 days, its Notice of Removal runs afoul of §1446(b)(3), which requires that any notice of removal be filed within 30 days after the receipt by the defendant of a pleading, motion, order, or other paper from which it may be first ascertained that a case has become removable. *See* Ex. E; *Cf.* Dkt. 1 ¶26-28.

30.     Even if the information Monsanto uses to support removal was not included in Russo's Answer — which it was — at some point prior to answering Plaintiff's discovery requests, counsel for Monsanto was retained or entered into a representation agreement with its other current client, Russo, and therefore had even greater access to the information it claims to have just received on the eve of filing their Notice of Removal. Ex. L.

31.     Simply put, Monsanto had over nine months to remove this matter to federal court based on purported evidence readily available to it in Russo's Answer to Plaintiff's First Amended Complaint, but failed to do so. Therefore, removal was improper.

32.     Even if Monsanto did not have access to the information it claims serve as a basis and was just discovered within the last month, Monsanto's counsel's

---

[2] Importantly, Plaintiff unequivocally and explicitly denies there are any facts in this case that support removal as the matter belongs in state court. Plaintiff is not admitting that Russo is fraudulently joined. Rather, for the sake of argument only, Plaintiff is accepting that the facts identified by Monsanto are grounds for removal and is demonstrating that Monsanto's knowledge of such facts far surpasses the 30-day deadline set forth in the removal statute.

7

representation of Russo, upon information and belief, began over 30 days ago at which point removal could have been ascertained from routine conversations with their client or in their investigation to timely respond to the pending discovery requests from Plaintiff and Intervenor. They failed to do so; therefore, removal was improper.

### Monsanto's Removal is Substantively Defective

33. Along with the dispositive procedural defect of untimeliness, Monsanto's Notice of Removal substantively fails to rise to the exacting standard required to establish subject matter jurisdiction on removal.

34. The party seeking removal has the burden of establishing federal subject matter jurisdiction. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 757 (7th Cir. 2009); *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989).

35. There is a strong presumption in favor of remand and all doubts about the propriety of removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

36. Monsanto fails to meet this burden and overcome the presumption in favor of remand.

37. Initially, Monsanto has failed to prove that there are diverse parties under 28 U.S.C. §1332.

38. More specifically, and in responding to the arguments raised in Monsanto's Notice of Removal, Dkt. 1, Monsanto falls woefully short of meeting its burden of proving Plaintiff fraudulently joined Russo.

8

39. Monsanto attempts to claim that Russo, who is not diverse, was fraudulently joined because Plaintiff "has no reasonable possibility" of success. Dkt. 1 ¶¶22, 28. But "[a] defendant seeking removal bears a 'heavy burden'" of showing "no chance of success" against the nondiverse defendants. *Whelchel v. Briggs & Stratton Corp.*, 850 F. Supp. 2d 926, 931 (N.D. Ill. 2012) (Pallmeyer, J.); *see also Aquino v. C.R. Bard, Inc.*, No. 18 C 5291, 2018 WL 5717423, at n.3 (N.D. Ill. Nov. 1, 2018).

40. Contrary to Monsanto's assertion, Plaintiff pled sufficient facts in her Second Amended Complaint to allege Russo could be held liable under a state law negligence theory.

41. The district court must evaluate the removed complaint using the "liberal federal notice pleading standards," not the fact pleading standard employed by Illinois state courts. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.,* 536 F.3d 663, 670 (7th Cir. 2008); *Hanna v. Plumer,* 380 U.S. 460, 465, (1965); *Grivas v. Parmelee Transp. Co.,* 207 F.2d 334, 337 (7th Cir.1953).

42. In determining whether a plaintiff has a reasonable chance of success in establishing a claim against a non-diverse defendant, the district court must resolve all disputed questions of fact and law in favor of the plaintiff. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

43. However, the standard applied to pleadings for purpose of fraudulent joinder is even more favorable to the plaintiff than that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Whelchel*, 850 F. Supp. 2d at 931.

9

44. The only question is whether the claims against the non-diverse defendant are "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3rd Cir. 1992); *Robles v. Nexstar Media Grp., Inc.*, No. 17 C 08551, 2018 WL 898464, at *2 (N.D. Ill. Feb. 15, 2018).

45. Plaintiff – with the benefit of only just having received written discovery and without the opportunity to even meet and confer with Defendants on their deficient responses, let alone take depositions of record-keepers, custodians, or other relevant witnesses to assess the veracity of the statements made in the discovery responses — has adequately pled claims against Russo that defeat Monsanto's allegations of fraudulent joinder.

46. Even without having such discovery, Plaintiff alleged – not just on information and belief – that based on admissions from their own website, Russo had superior knowledge due to its holding itself out as "the premier power equipment and landscape supply dealer of the Midwest," was environmentally-conscious, was a member of national organizations, and that its employees attended trade shows, industry seminars, vendor training programs, and periodic training sessions. Ex. 1 ¶¶95-99.

47. Plaintiff has also produced and received in discovery numerous order forms from Russo filled out by University of Illinois-Chicago, as well as receipts reflecting purchases by University of Illinois-Chicago from Russo during the relevant time period that John Caruso worked there and after the release of the IARC Report. Ex. N, Russo Documents.

10

48.    Monsanto's argument regarding Plaintiff's wife finding the 2015 IARC Report only further supports Plaintiff's point. Dkt. 1 ¶24. If a member of the general public was able to find out this information, surely "the premier power equipment and landscape supply dealer of the Midwest" knew about it as well. Ex. 1 ¶95.

49.    Even if Russo never knew about the dangerous qualities of Roundup® as it contends, *See* Dkt. 1, Ex. C, then it certainly *should have* known based on Plaintiff's allegations, which is a basis for liability under a negligence claim in Illinois. *See Solis v. BASF Corp.*, 2012 IL App (1st) 110875 ¶68; *see also Lexington Ins. Co. v. Office Depot*, 943 F.Supp.2d 844, 847-48 (N.D. Ill. 2013) (stating that plaintiff failed to allege that distributor knew or *should have known* of a product's defective condition).

50.    The statements within Russo's President's Declaration stand in stark contrast to materials received in discovery in which Russo sponsored an educational program discussing the dangers of the primary ingredient in Roundup®: glyphosate. Ex. N, HRVA 011000-011001, 011032-011033

51.    Plaintiff's claims against Russo are far from frivolous; in fact, Russo has been involved in this case for nearly a full year and never once filed a motion to dismiss or motion to strike, disputed their joinder in the case, or otherwise challenged the legal or factual sufficiency of Plaintiff's claims in any of her pleadings.

52.    Rather than allow Plaintiff's claims to move forward in state court where they proceeded without challenge for the prior 363 days, Monsanto has manufactured a basis for removal through its answers to Russo's interrogatories—

which, not coincidentally were signed by Monsanto's lawyers. *See* Ex. E; *Cf.* Dkt. 1 ¶22.

53. Monsanto's other bases for removal focus on the strength of Plaintiff's allegations as to Russo's knowledge versus the Declaration of Eric Adams, Dkt. 1 ¶¶22-23, as well arguments over whether John Caruso was more informed than Russo over the dangers of Roundup®, Dkt. 1 ¶¶24-25.

54. These are fact questions, which would arguably survive dispositive motions, let alone the rigorous standard Monsanto is required to prove to show fraudulent joinder.

55. Monsanto is asking this Court to accept a removal based on contested allegations in the pleadings and undeveloped fact questions on the merits.

56. At base, Monsanto's arguments are thinly-guised, misplaced attempts at dispositive motion practice masquerading as allegations of fraudulent joinder.

57. Russo's Answers to Plaintiff's 48 Production Requests only further support this point as Russo claimed not to have information relating to 36 such Requests and then only agreed to turn over unnamed, unidentified materials to the remaining 12 Requests, "provided that Plaintiff presents sufficient evidence Plaintiff's decedent was exposed to glyphosate-containing herbicides distributed by Russo…" Ex. L2. Russo has since turned over no such documents.

58. The Illinois Supreme Court's Rules, Ill S. Ct. R. 201, *et seq.,* contain no such requirement for a Plaintiff to present *any* evidence to acquire relevant discovery

in the possession of a Defendant. *See i.e.* Ill. S. Ct. R. 201(b) (requiring full disclosure of discovery).

59. Russo's withholding of such documents in discovery in such close proximity to Monsanto's filing of its Notice of Removal not only frustrates Plaintiff's ability to exact all bases and evidentiary support for its Motion to Remand, but is a transparent display of gamesmanship.

60. Notwithstanding, Monsanto has failed to meet their burden in proving that Russo was fraudulently joined.

## Conclusion

WHEREFORE, Plaintiff Meghan Caruso, individually and as Independent Executor of the Estate of John Caruso, respectfully requests this Court enter an Order remanding this case back to the Circuit Court of Cook County.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: November 4, 2019 | /s/ Bryce T. Hensley (#6327025)<br>**ROMANUCCI & BLANDIN, LLC**<br>321 N. Clark Street, Suite 900<br>Chicago, IL 60654<br>bhensley@rblaw.net |