```
                 IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION

 MEGHAN CARUSO, individually      )   Docket No. 19 C 07121
 and as Independent Executor of   )
 the Estate of John Caruso,       )
 deceased,                        )
                  Plaintiff,      )   Chicago, Illinois
                                  )   November 12, 2019
         v.                       )   9:41 o'clock a.m.
                                  )
 RUSSO HARDWARE INC., et al.,     )
             Defendants.          )
 ---------------------------------)
 UNIVERSITY OF ILLINOIS-CHICAGO   )
             Intervenor,          )
         and                      )
 HOME DEPOT USA, INC., et al.,    )
             Respondents          )
             in Discovery.        )

            TRANSCRIPT OF PROCEEDINGS - Motion Hearing
            BEFORE THE HONORABLE VIRGINIA M. KENDALL

 APPEARANCES:

 For the Plaintiff:          ROMANUCCI & BLANDIN LLC by
                             MR. BRYCE THOMAS HENSLEY
                             321 North Clark street, Suite 900
                             Chicago, Illinois  60654

 For the Defendant           SHOOK HARDY & BACON LLP by
 Monsanto:                   MR. THOMAS JOSEPH DAMMRICH II
                             111 South Wacker Drive, Suite 4700
                             Chicago, Illinois  60606

 For the Intervenor          HEYL ROYSTER VOELKER & ALLEN by
 University of Illinois:     MR. BRETT MICHAEL MARES
                             33 North Dearborn Street, 7th Floor
                             Chicago, Illinois  60602

 Court Reporter:             GAYLE A. McGUIGAN, CSR, RMR, CRR
                             Federal Official Court Reporter
                             219 South Dearborn, Room 2318-A
                             Chicago, Illinois 60604
                             (312) 435-6047
                             Gayle_McGuigan@ilnd.uscourts.gov
```

EXHIBIT 5

1     (Proceedings heard in open court:)
2           THE CLERK:  19 C 7121, Caruso versus Monsanto.
3           THE COURT:  Good morning.
4           MR. HENSLEY:  Good morning, your Honor.  Bryce Hensley
5     on behalf of the plaintiff.
6           MR. DAMMRICH:  Good morning, your Honor.
7     T.J. Dammrich, Shook Hardy, of behalf of defendant Monsanto
8     Company.
9           THE COURT:  Good morning.
10          MR. MARES:  Your Honor, Brett Mares on behalf of the
11    intervenor, University of Illinois.
12          THE COURT:  Good morning.
13          MR. MARES:  Good morning.
14          THE COURT:  So right now there is a multi-district
15    litigation, is there, on this?
16          MR. DAMMRICH:  Yes, that's right.
17          THE COURT:  And where does it stand?
18          MR. DAMMRICH:  In the Northern District of California.
19          THE COURT:  Okay.
20          MR. DAMMRICH:  There's been one bellwether trial.
21    There are 10,000 trials pending before Judge Chhabria.
22          THE COURT:  Seriously, 10,000?  Or you're using that
23    colloquially?
24          MR. DAMMRICH:  Seriously.  More than 10,000 cases.
25          THE COURT:  Who is the judge?

1                MR. DAMMRICH:  Chhabria.

2                THE COURT:  Okay.  I feel for him.

3           (Laughter.)

4                THE COURT:  All right.  So what is your position?

5                MR. HENSLEY:  So, your Honor, there are two motions up

6      today.

7                The first is our motion to remand, which we would ask

8      that a briefing schedule be entered today on that.

9                The second motion is a motion to stay by defendant

10     Monsanto with regards to the JPML process.  And we would object

11     to that for a number of reasons.  And we filed a response brief

12     yesterday.

13               THE COURT:  Right.  So remand to the state court?  Are

14     you excluding yourself from the MDL?

15               MR. HENSLEY:  Yes, your Honor.  The case belongs in

16     state court.  There is an in-state defendant that we named, a

17     distributor.  The case was pending in state court for 363 days.

18     Removal was filed just before the one-year deadline.

19               THE COURT:  Is that proper?

20               MR. DAMMRICH:  Your Honor, we received discovery

21     responses and a declaration from Russo Hardware --

22               THE COURT:  Oh.

23               MR. DAMMRICH:  -- that confirmed that Russo was

24     fraudulently joined --

25               THE COURT:  Got it, got it.

1     MR. HENSLEY:  We would disagree.  We think it is
2  untimely.  And that was laid out in our remand motion.
3     THE COURT:  Okay.  So respond to the remand, please,
4  in two weeks.  Is that fine?
5     MR. DAMMRICH:  We would like to stay it because the
6  case has been tagged for transfer to the JPML.
7     THE COURT:  But you can respond and tell me that in
8  your response, that it should not be remanded, that it should
9  be stayed.  Okay?
10    MR. DAMMRICH:  Okay.
11    THE COURT:  But I'll get his -- he's already given me
12 case law on it.  You can give me your case law on it.  All
13 right?
14    MR. DAMMRICH:  You want me to respond to the remand --
15    THE COURT:  Motion to remand.  Yes.
16    MR. DAMMRICH:  Okay.  Can we get until 12/6 to do
17 that?
18    THE COURT:  Yes, you may.
19    And then do you want two weeks or one?
20    MR. HENSLEY:  12/20 would be fine with us, your Honor.
21    THE COURT:  12/20 is fine.
22    And then I'll take a look at that.
23    And do you want to file a motion to stay, or do you
24 just want --
25    MR. DAMMRICH:  We already filed a motion to stay.

1      THE COURT: Oh, you did. And he responded.
2      MR. HENSLEY: We responded.
3      THE COURT: All right. I'll take a look at that as
4  well. All right? We'll take them both under advisement.
5      So let me bring you back in January then, since you're
6  giving me -- let's say the -- let's see. That's something I
7  want to address if I don't have jurisdiction. Let's say
8  January 27 at 9:00 o'clock. Okay?
9      MR. DAMMRICH: Okay. Your Honor, can we -- we had the
10  11/25 status that was set, that will be stricken?
11      THE COURT: It will be, yes.
12      MR. DAMMRICH: Can we stay the mandatory initial
13  discovery pilot and the joint initial status report until that
14  time too?
15      THE COURT: Yes, you may. Absolutely. Yes. That's
16  one of the bases for doing so. Yes.
17      Okay. Anything else, gentlemen?
18      MR. MARES: No, your Honor.
19      THE COURT: Okay. Have a great day.
20      MR. HENSLEY: Thanks, your Honor.
21    (Proceedings concluded at 9:44 a.m.)

1        C E R T I F I C A T E

2    I certify that the foregoing is a correct transcript of the

3    record of proceedings in the above-entitled matter.

4

5

6    */s/ GAYLE A. McGUIGAN*                    *November 13, 2019*
     Gayle A. McGuigan, CSR, RMR, CRR                    Date
     Official Court Reporter

7