UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS LIABILITY
LITIGATION                                    MDL No. 2741

FAZIO V. MONSANTO COMPNAY ET AL, CASENO.: FLM 2 19-00826
_____/

### PLAINITFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-169)

As required by Rule 7.1(f) of Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Plaintiff Joseph Fazio ("Plaintiff") files this Brief in Support of his Motion to Vacate Conditional Transfer Order (CTO-169). Plaintiff's Memorandum and supporting documentation show that vacatur is the only way to timely remedy the procedural and substantive defects in Defendant's removal.

### PRELIMINARY STATEMENT

If subject matter jurisdiction is lacking, the transferor District Court (United States District Court for the Middle District of Florida), may not transfer this case because without such jurisdiction there is no case to transfer. See *Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975), holding that a transfer to consolidate litigation may not be made unless the District Court properly has jurisdiction of the subject matter of the case.

Plaintiff has moved to remand this case back to Florida State Court – 20th Circuit Court Collier County for lack of subject-matter jurisdiction due to lack of complete diversity among the parties. The Defendant Monsanto Company's removal in this case was improper due to lack of complete diversity under 28 U.S.C. § 1332, it was also untimely and procedurally defective under 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446 (b)(2)(a).

The Honorable Judge John E. Steele (Senior United States District Judge for the Middle District of Florida) has taken Plaintiff's motion to remand under advisement on November 15, 2019. (See Exhibit "A" Docket for Case#: 2:19-cv-00826-JES-NPM) Plaintiff filed his brief in support of his motion to remand on November 18, 2019 and Defendant filed its memorandum in opposition and corrected opposition on December 2, 2019, pursuant to Judge Steele's Order taking said motion under advisement. As Plaintiff will not be filing a reply, the parties are now awaiting a ruling from the Middle District of Florida on Plaintiff's motion to remand.[1]

As the Middle District of Florida has taken Plaintiff's motion to remand under advisement, the JPML transfer should be vacated or in the alternative stayed until the Middle District has ruled on said motion pursuant to Rule 2.1(d) of Rules of Procedure for the Judicial Panel on Multidistrict Litigation.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint for Damages in the Circuit Court, Collier County, Florida, on March 29, 2019, Plaintiff's claim involves common questions of law and/or fact as to Monsanto, Co, Siteone Landscape Supply, LLC. and Island Garden Center of Marco Island, Inc. Plaintiff in this action is seeking recovery for damages as a result of developing Non-Hodgkin's Lymphoma ("NHL"), which was directly and proximately caused by wrongful conduct by Defendants, i.e. the design, development, manufacture, testing, packaging, promoting, marketing, distribution, and/or sale of Roundup and/or other Monsanto glyphosate-containing products ("Roundup").

---

[1] Defendant's memorandum of opposition requests oral argument but no order addressing Defendant's request has been issued.

On November 15, 2019, Defendant Monsanto, Co. filed a Notice of Removal with the United States District Court for the Middle District of Florida – Fort Myers Division, alleging that Co-Defendant Island Garden Center of Marco Island, Inc. was fraudulently joined and therefore this case should be removed to Federal Court.

Co-Defendant Island Garden Center of Marco Island, Inc. is a Florida Corporation with its principle place of business in Collier County, Florida. Plaintiff is also a resident and citizen of Florida. As a result, Plaintiff filed a motion to remand on November 15, 2019 the matter to State Court of Collier County, Florida as Plaintiff contends Monsanto's Notice of Removal is procedurally deficient and Co-Defendant Island Garden Center of Marco Island is properly joined in this matter and complete diversity does not exist between the parties. In response of said motion on November 15, 2019, the Honorable John E. Steele -Senior United States District Judge, issued an order stating:

> Plaintiffs' Motion to Remand is **TAKEN UNDER ADVISEMENT** and the Request for Emergency Hearing on Same (Doc. #11) is Denied.
> Plaintiffs shall file a supporting memorandum of legal authority in support of the motion to remand within SEVEN (7) DAYS of this Order.
> Defendants shall file responses within FOURTEEN (14) DAYS of the filing of the memorandum of law. (Exhibit "B")

Both Plaintiff and Defendant have filed their briefs pursuant to said order and Plaintiff will not request leave to file a reply to Defendant's memorandum in opposition. As a result, the remand issues have been fully briefed and the parties are awaiting a ruling from the Middle District of Florida.

## ARGUMENT AND AUTHORITIES

The Judicial Panel shall only transfer a civil action upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. *See* U.S.C. § 1407(a). As discussed below, Plaintiff's motion to vacate should be granted as: (1) there is no basis for federal jurisdiction in this case and (2) the transfer will not serve the convenience of the parties and witnesses and promote "just and efficient" conduct of this litigation.

**Federal Jurisdiction does not exist in this case.**

Defendant Monsanto Company's claim to federal jurisdiction fails as their notice of removal was procedurally defective and there is no subject matter jurisdiction. As mentioned above, Plaintiff has submitted a brief in support of his motion to remand which is currently pending a ruling in the Middle District of Florida. A brief recap of said arguments are as follows:

**A. Removal was Procedurally Defective.**

Defendant contends in its notice that said removal is timely due to a November 14, 2019, declaration by the President of Island Garden Center of Marco Island. However, Plaintiff contends that said deadline passed months ago. Defendant's heavily rely on Plaintiff's responses to Defendant's first set of interrogatories, which were provided on July 12, 2019. Defendant relies on the answers to those interrogatories as well as a declaration by the president of Island Garden Center of Marco Island stating that Island Garden Center of Marco Island was not formed at the time of Plaintiff's purchase of Round Up as the basis for this removal. Defendant's had since July 12, 2019 to file the notice for removal and the formation Defendant Island Garden Center was not suddenly ascertained,

it was information that Defendant always had access to and either was or should have been aware of well in advance of November 15, 2019. The deadline to remove passed 30 days after the receipt of the interrogatory responses (July 12, 2019). As a result, Monsanto's notice of removal is procedurally defective pursuant to 28 U.S.C. § 1446(b)(3).

Monsanto's notice of removal also is procedurally defective as Monsanto did not get consent from Co-Defendant Island Garden Center of Marco Island prior to said removal. Plaintiff contends Island Garden is a properly joined defendant. Further, the determination of whether Island Garden is a properly joined defendant has yet to be decided. Monsanto was required to contact Island Garden's counsel in order to determine whether Island Garden would have consented to Monsanto's notice of removal pursuant to 28 U.S.C. § 1446 (b)(2)(a). As a result, Monsanto's notice of removal is also procedurally defective pursuant to 28 U.S.C. § 1446 (b)(2)(a).

### B. There is No Subject Matter Jurisdiction.

As mentioned above this case has both a Florida Plaintiff and a Co-Defendant (Island Garden Center of Marco Island) who is incorporated and headquartered in the state of Florida. As a result, complete diversity between the parties does not exist. In its removal, Defendant relies on an inconclusive interrogatory response by Plaintiff and a declaration from the President of Island Garden Center in support of its removal.

"The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 n. 9 (5th Cir. Unit A 1981)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Cabalceta v. Standard Fruit*

*Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)." *Legg v. Wyeth*, 428 F.3d 1322, 1323 (11th Cir. 2005)

The declaration states Island Garden Center was incorporated in 2010. Plaintiff filed as an exhibit in its brief in support of its motion to remand multiple entities named Island Garden Center which have listed the same principal address prior to 2010. As a result, there is an issue of fact as to when Island Garden Center of Marco Island was formed and whether any assets or liabilities were transferred when the new articles of incorporation were formed in 2010. *See Legg v. Wyeth*, 428 F.3d 1322, 1323 (11th Cir. 2005)

Plaintiff's interrogatory response reads as follows:

"6. Describe in detail when the alleged purchases of Round Up from Island Garden Center of Marco Island, Inc. occurred

Answer: **To the best of my knowledge** I purchased Round Up from Island Garden Center of March Island, Inc. from 1990-2000."

Further, after clarification with Plaintiff he has provided an affidavit which confirms his purchase of Round Up from Island Garden Center of Marco Island, Inc. post 2010. Based on the foregoing, Plaintiff contends that there is sufficient evidence to support a valid cause of action against Island Garden Center of Marco Island. As a result, the joinder against the resident defendant Island Garden Center of Marco Island is legitimate and complete diversity does not exist.

### C. Transfer WILL NOT serve the convenience of the Parties and Witnesses and Promote the "Just and Efficient" Conduct of this Litigation

Transfer will not serve the convenience of Plaintiff who resides in Collier County, Florida. The transfer will not serve the convenience of multiple fact witnesses and Co-

Defendant Island Garden Center of Marco Island who is also located in Collier County, Florida. If this case were transferred the result would amount to a delay of months and potentially years as there are thousands of cases in the current MDL. Plaintiff would also be required to re-submit its Motion to Remand to the Transferee Court, when a ruling on same should be issued shortly.

A transfer would also Prejudice Plaintiff who was previously granted a motion for speedy trial based on his age and health condition (4 cancer recurrences and a potential 5th) and would unreasonably delay his day in Court. Judicial Economy will also be best served by allowing the Middle District of Florida to first rule on Plaintiff's Motion to Remand as all briefs have been submitted and Judge Steele has taken said motion under advisement.

Plaintiff also contends that transferring this case to the MDL will not promote judicial economy as Judge Chhabria has begun transferring cases back to their home districts in waves grouped by governing state law. (Exhibit "B")

Based on the foregoing, Plaintiff requests this Panel to vacate the conditional transfer order as the transfer of this case to the respective MDL will not serve convenience to the parties and witnesses nor will it promote the just and efficient cause of this litigation.

## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant its Motion and enter an Order (1) staying any ruling until the Middle District of Florida has had an opportunity to rule on Plaintiff's motion to remand; (2) vacating the Conditional

Transfer Order with respect to this cause of action; and (3) granting Plaintiff additional relief to which it may be entitled and which the Panel deems just and proper.

| | |
|---|---|
| **Balaban Law LLC** <br> **Attorneys for Plaintiffs** | **Stanley G. Swiderski, P.A.** <br> **Co-Counsel for Plaintiffs** |
| *s/Andrew Ramos* <br> Andrew S. Ramos, Esq. <br> FBN: 118867 <br> Ramos@denverfirm.com <br> Roman Balaban, Esq. <br> Roman@denverfirm.com <br> 8055 East Tufts Avenue, Suite 325 <br> Denver, Colorado 80237 <br><br> Tel:303-377-347433020 <br> Fax: 303-377-3576 | s/Stanley Swiderski <br> Stanley G. Swiderski, Esq., <br> FBN: 377473 <br> 1930 Tyler Street <br> Hollywood, Florida, 33020 <br> Tel: 954-966-0700 <br> Fax 954-965-8087 <br> Swidski@aol.com <br> Paralegal.sgs@gmail.com |

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on December 6, 2019, we served this document via CM/ECF which was electronically delivered to the following parties on the service list:

Anthony N. Upshaw, Esq. \
Florida Bar No. 861091 \
McDERMOTT WILL & EMERY LLP \
333 SE 2nd Avenue, Suite 4500 \
Miami, FL 33131 \
aupshaw@mwe.com \
Tel: 305-329-4431 \
Fax: 305-675-8031 \
***Counsel for Monsanto Company and Siteone Landscape Supply, LLC***

Ralph Marchbank Jr., Esq. \
Florida Bar No. 305571 \
Dickinson & Gibbons, P.A., 401 \
North Cattlemen Road, Suite 300, \
Sarasota, FL 34232 \
Rmarchbank@dglawyers.com \
***Counsel for Island Garden Center of Marco Island, Inc***