**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**MDL No. 2741 – In re ROUNDUP PRODUCTS LIABILITY LITIGATION**

*D'Aunoy v. Monsanto Company, Et Al, Eastern District of Louisiana,* **Case No. 1:19-cv-13594**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

As required by Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Yvette D'Aunoy ("Plaintiff") files this Memorandum of Law in Support of her Motion to Vacate Conditional Transfer Order ("Memorandum"). Plaintiff's Memorandum and supporting documentation show that vacatur is the most efficient and fair way to remedy the procedural and substantive defects in Defendant's removal.

**I. PRELIMINARY STATEMENT**

In order for this case to be subject to transfer to this Federal MDL ("MDL 2741"), there must be a valid basis for subject-matter jurisdiction and a determination that such jurisdiction exists. The constitutional limitation on federal jurisdiction makes federal courts "courts of limited jurisdiction," *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978) as opposed to state courts which are generally presumed to have subject-matter jurisdiction over a case. See 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, *Federal Practice and Procedure*, § 3522, p. 100 (3d ed. 2008). A federal court must generally determine whether it has jurisdiction at the outset of litigation and must always make the determination before deciding the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on an issue of law before adjudicating jurisdiction). It is presumed that a cause lies outside of federal courts' limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v.*

1

*Guardian Life Ins. Co. of Am*; 511 U.S. 375, 377 (1994). All courts have an "independent obligation" to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhgras v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). In the context of this Multidistrict Litigation, if subject matter jurisdiction is lacking in the putative transferor District Court (United States District Court for the Eastern District of Louisiana), the District Court may not transfer this case because without such jurisdiction there is no case to transfer. See *Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975), holding that a transfer to consolidate litigation may not be made unless the District Court properly has jurisdiction of the subject matter of the case. When subject matter jurisdiction is lacking in the District Court, the District Court may not transfer the case. *Sherwood v. Microsoft Corp*, 91 F. Supp.2d 1196, 1199 (M.D. Tenn. 2000) ("[T]he Sixth Circuit has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer.") (citing *BancOhio Corp. v. Fox*, 516 F.2d 29, 31 -32 (6th Cir.1975); *N.A.A.C.P.-Special Contribution Fund v. Jones*, 732 F. Supp. 791, 797 (N.D. Ohio 1990). *Caffey v Nationstar Mortg.*, LLC, 2016 U.S. Dist. LEXIS 35319 (*9); 2016 WL 1071100, (M.D. Tenn. 2016).

**II. PROCEDURAL HISTORY**

This is a properly filed state court action that has been improperly removed by Defendant Monsanto Company ("Monsanto"). In September of 2019, the original state court petition of Mrs. D'Aunoy was filed in Orleans Parish as a result of her diagnosis of Chronic Lymphocytic Leukemia ("CLL") a subset of Non-Hodgkin's Lymphoma ("NHL") NHL cancer, which was due to and a consequence of her regular perineal application of Monsanto's Roundup herbicide ("Roundup"). In Plaintiff's Original Petition, she brought negligence and product liability claims against the manufacturers, suppliers, and distributors of Roundup to which she was exposed,

including removing defendants, Monsanto. As set out more fully in Plaintiff's Original Petition (see attached Exhibit 1 – Plaintiff's Original Petition), Roundup was manufactured by Monsanto and were promoted, distributed, and sold by Harry's Hardware, Inc. ("Harry's Hardware"). The principal place of business of Harry's Hardware is 3535 Magazine Street in Orleans Parish, Louisiana. Ohio Security Insurance Company ("Ohio Security") was sued as the insurer of Harry's Hardware and as an insurer its takes on the citizenship of its insured. Therefore, Ohio Security is also a Louisiana citizen for the purposes of diversity jurisdiction.

On October 10, 2019, Monsanto was served with Plaintiff's State Law Complaint. Plaintiff alleges valid negligence claims and that she purchased the Roundup products at Harry's Hardware located in New Orleans, Louisiana. On November 12, 2019, 32 days after receiving service, Monsanto filed its Notice of Removal alleging that this controversy is subject to original federal court jurisdiction based on diversity of citizenship because the local defendant and its insurer were fraudulently joined. In fact, Monsanto accuses Mrs. D'Aunoy of gamesmanship and states "a Louisiana plaintiff has used her "bag of tricks" by improperly joining a Louisiana defendant to try and deprive Monsanto of its important right to remove this lawsuit to federal court." (Rec. Doc. 1 at p. 3 of 16).

On November 19, 2019, Mrs. D'Aunoy filed her Emergency Motion for Remand (Exhibit 2). Remand is required because Monsanto has failed to meet their heavy burden of showing improper joinder because: (1) Plaintiff's petition adequately states negligence claims under Louisiana law against two Louisiana Defendants, (2) Monsanto cannot meet its heavy burden of showing improper joinder by merely stating that the two Louisiana Defendants are non-manufacturers; (3) Louisiana Defendant Harry's Hardware was a distributor/seller of Roundup and

should have known about the dangers of Roundup, and as such can be found liable under negligence theories alleged by Plaintiff in her Original Petition.

On November 20, 2019 the United States Judicial Panel on Multidistrict Litigation ("JPML") filed a Conditional Transfer Order ("CTO") of this action. However, the order is not effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California, and the filing of such an order is stayed if a party files a notice of opposition with the Clerk of the JPML. Plaintiff filed a notice of opposition to the CTO on November 22, 2019, thereby staying the transmission of the CTO to the Northern District of California.

### A. The Eastern District of Louisiana Should Resolve the Motion to Remand if this Honorable Court Does Not Remand the Case

A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that a MDL transfer motion has been filed. See *Manual for Complex Litigation* 3d § 31.131, p.252 (3d ed. 1995); see also *Villarreal v. Chrysler Corp.,* 1996 U.S. Dist. LEXIS 3159, No. C-95-4414, 1996, WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum."). This Court, as transferor Court, "retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer." *Spitzfaden v. Dow Corning Corp.*, 1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995) (citing *Manual for Complex Litigation*, 3d § 31.131.). *Tortola Restaurants, L.P. v. Kimberly-Clark Corp*., 987 S. supp. 1186, 1188-89, (N.D. Ca. 1997) (emphasis added). The Motion to Remand has already been filed in the United States District Court for Eastern District of Louisiana before the Honorable Barry Ashe.

The most efficient course of action now, both for the parties and for the Courts, is for this court to remand this action to the Louisiana state court. However, if this honorable court is not inclined to do so, the next most efficient course of action is to permit the United States District Court for the Eastern District of Louisiana to decide the threshold jurisdictional issue: whether removal was proper. A transfer at this stage would not promote the "just and efficient" conduct of this action and would prejudice Plaintiff by causing further needless delay and unnecessary expense. If this Court were to allow the transfer prior to the decision of the Jurisdictional issue in the Eastern District of Louisiana, the Plaintiff would be required to brief the motion to remand again in the Northern District of California, and incur the costs of counsel traveling to California for hearing on a motion to remand that is properly before the Eastern District of Louisiana. In addition to justice and efficiency, principles of comity would dictate against the transfer of any action that has an important motion under submission and/or pending especially a motion that will render the question of transfer under §1407 moot if decided in Plaintiff's favor.

**III. ARGUMENT AND AUTHORITIES**

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (citing *In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial

administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

As demonstrated below, Plaintiff's motion to vacate should be granted for at least four reasons. First, there is no basis for federal jurisdiction in this case. Second, the vacating of the CTO imposes little danger of inconsistent rulings or duplicative proceedings. Third, transfer will not serve the convenience of the parties and witnesses and promote the "just and efficient" conduct of this litigation. Fourth, the JPML should not allow Monsanto to take advantage of the legal system.

**A. There Is No Basis for Federal Jurisdiction in this Case.**

Defendant Monsanto's claim to federal jurisdiction fails. There is no subject matter jurisdiction. Harry's Hardware a Louisiana citizen. Ohio Security is the insurer of Harry's Hardware and is also considered a Louisiana citizen. The legal reasoning supporting these claims is more fully briefed in Plaintiff's Motion to Remand that was filed in the Eastern District of Louisiana. (See Exhibit 2 – Plaintiff's Emergency Motion to Remand). Monsanto claims throughout its pleadings filed in federal court that diversity jurisdiction exists. That is not true. There is no diversity jurisdiction because there is not complete diversity amongst the parties. Monsanto is not asking the court to exercise subject matter jurisdiction. Monsanto is asking that the court create subject matter jurisdiction where none exists by "ignoring" Harry's Hardware's and Ohio Security's citizenship. Monsanto claims without basis that no court would render judgment against Harry's, the Louisiana defendant, and therefore it is dispensable. Monsanto asks the Court to "ignore" a properly joined and served Louisiana defendant to create diversity jurisdiction. Defendant's request is deeply troubling in that it ignores our system of federalism and is procedurally defective.

Monsanto's removal of the State Court action was untimely. 28 U.S.C. § 1446(b)(1) requires that the notice of removal of a civil action or proceeding be filed within 30 days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based. The Defendant did not file its Notice of Removal until November 12, 2019 which is 32 days after it was served with the initial pleading on October 10, 2019. Therefore, based on timeliness alone, this case should be remanded.

### B. Vacatur Is Warranted Because This Case Poses Little Danger of Inconsistent Rulings or Duplicative Proceedings.

Plaintiff's Motion to Vacate Conditional Transfer Order should be granted because the most just and efficient course is to send this case back to Louisiana state court whether that be via this court or the United States District Court for the Eastern District of Louisiana when it decides Plaintiff's pending Motion to Remand. The Panel frequently abstains from ordering transfers when important motions await decision by the originating court. See, e.g., *In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was sub judice because the Panel has "consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407"); *In re Resource Exploration, Inc.*, Securities Litig., 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of a motion for summary judgment that had been submitted to the transferor judge). In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss.

See *In re Air Crash Disaster at J.F.K. Int'l Airport*, MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court), cited by Stanley A. Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 577, n. 15 (1978); see also, *In re Prof'l Hockey Antitrust Litig*., 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent*, 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by transferor judges on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

Here, a transfer of this action would not promote "significant economy and efficiency in judicial administration," H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 but would delay the resolution of the motion to remand.

**C. Transfer Will Not Serve the Convenience of the Parties and Witnesses and Promote the "Just and Efficient" Conduct of This Litigation**.

Transfer will not serve the convenience of Mrs. D'Aunoy, who is a resident of Orleans Parish Louisiana where both the Eastern District of Louisiana and the Civil District Court for the Parish of Orleans are located. Transfer will not serve the convenience of the witnesses, employees, or owners of Harry's Hardware who are located in New Orleans, Louisiana. The result of a transfer would be that Mrs. D'Aunoy's claims would spend many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset. Plaintiff would be required to re-submit her Motion to Remand to the Transferee Court, when a ruling on her pending Motion to Remand could be accomplished now or in the Eastern District of Louisiana in a matter of weeks.

A transfer of this action would greatly prejudice Plaintiff by depriving her of the earliest and most efficient resolution of her case.

Judicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts. Nevertheless, the excessive delay and "marginalization of juror fact finding" (i.e., dearth of jury trials) sometimes associated with traditional MDL practice are developments that cannot be defended. *Delaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d at 153 (D. Mass. 2006). By forcing Plaintiff in the instant case to await resolution of irrelevant discovery and factual disputes relating to different parties, theories of recovery and remedies, consolidation with MDL 2741 unreasonably delays Plaintiff's pursuit of her claims. In sum, transfer of Mrs. D'Aunoy's case to MDL 2741 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Pretrial motion practice and discovery, if any, will be largely case- specific related in part to the Louisiana defendant. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication. See *In re Eli 1 Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay). As such, the transfer of this action is not appropriate.

**D. The JPML Should Not Reward Monsanto for Taking Advantage of the Legal System**

It is a misuse of the MDL Panel procedures to file an untimely and baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no purpose other than to indefinitely delay the litigation. This is exactly what Monsanto has done here. Monsanto is well aware that diversity does not exist in this case,

and has simply ignored the rules and is now requesting that this case be subsumed in the MDL prior to allowing the Plaintiff the opportunity of having the Eastern District of Louisiana rule on whether or not federal jurisdiction exists in this action or reach the merits of Plaintiff's claims in this action. The removal of an action for the purposes of delay has been strongly disapproved of before.

## IV. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Panel grant his Motion and enter an Order (1) vacating the Conditional Transfer Order with respect to this cause of action; and (2) granting Plaintiff such additional relief to which he may be entitled and which the Panel deems proper and just.

**LANDRY & SWARR, L.L.C.**

/s/ *PHILIP C. HOFFMAN*
PHILIP C. HOFFMAN (#32277)
FRANK J. SWARR (#23322)
MICKEY P. LANDRY (#22817)
MATTHEW CLARK (#31102)
1100 Poydras Street, Suite 2000
New Orleans, Louisiana 70163
Telephone:  (504) 299-1214
Facsimile:  (504) 299-1215
COUNSEL FOR PLAINTIFF