**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**


Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **January 30, 2020**

LOCATION OF HEARING SESSION:          Sam M. Gibbons United States Courthouse
Courtroom 17, 17th Floor
801 North Florida Avenue
Tampa, Florida   33602


TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- 2 -

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 6, 2020.**  The procedures governing Panel oral argument (Panel Rule 11.1) are attached.  The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

cc:  Clerk, United States District Court for the Middle District of Florida

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 30, 2020, the Panel will convene a hearing session in Tampa, Florida, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

SCHEDULE OF MATTERS FOR HEARING SESSION
January 30, 2020 -- Tampa, Florida


**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**


(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)


MDL No. 2923 – **IN RE: VEROBLUE FARMS USA, INC., LITIGATION**

Motion of defendants FishDish, LLC; Kenneth Lockard; Beecher, Field, Walker, Morris, Hoffman & Johnson PC; Horwood Marcus & Berk Chartered; and Goldstein & McClintock, LLP to transfer the following actions to the United States District Court for the Northern District of Illinois:

Northern District of Illinois

VEROBLUE FARMS USA, INC. v. WULF, ET AL., C.A. No. 1:19-06542

Northern District of Iowa

VEROBLUE FARMS USA, INC. v. WULF, ET AL., C.A. No. 3:18-03047

MDL No. 2924 – **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Christina Garza, et al.; Jonathan Dimesky, et al.; Mary Santorella, et al.; and George Cravens, et al., to transfer the following actions to the United States District Court for the District of New Jersey:

Eastern District of California

HANSEN v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 2:19-02069

Northern District of California

BALISTRERI v. BOEHRINGER INGELHAM PHARMACEUTICALS, INC., ET AL., C.A. No. 3:19-07226
GARZA, ET AL. v. SANOFI-AVENTIS U.S. LLC, ET AL., C.A. No. 5:19-05772

District of Colorado

BLAKE v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL.,
   C.A. No. 1:19‑02991

District of Connecticut

DIMESKY, ET AL. v. SANOFI‑AVENTIS U.S. LLC, ET AL., C.A. No. 3:19‑01517
CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
   ET AL., C.A. No. 3:19‑01683

Southern District of Florida

LOPEZ FLORES v. SANOFI US SERVICES INC., ET AL., C.A. No. 0:19‑62313
KERZER v. SANOFI‑AVENTIS U.S. LLC., ET AL., C.A. No. 1:19‑24092
GALIMIDI v. SANOFI US SERVICES INC., ET AL., C.A. No. 1:19‑24395

Southern District of Illinois

SOBIESZCZYK v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
   ET AL., C.A. No. 3:19‑01200

District of New Jersey

SANTORELLA, ET AL. v. SANOFI‑AVENTIS U.S. LLC, ET AL.,
   C.A. No. 3:19‑18146
PINALES v. SANOFI S.A., ET AL., C.A. No. 3:19‑19324
CRAVENS, ET AL. v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,
   ET AL., C.A. No. 3:19‑19368

Eastern District of New York

DE LUCA v. SANOFI‑AVENTIS U.S. LLC, ET AL., C.A. No. 1:19‑06160

Southern District of New York

RODRIGUEZ v. SANOFI U.S. LLC, ET AL., C.A. No. 1:19‑09527

MDL No. 2925 – **IN RE: RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION (NO. II)**

Motion of defendants BNSF Railway Company; Union Pacific Railroad Company; CSX Transportation, Inc.; and Norfolk Southern Railway Company to transfer the following actions to the United States District Court for the District of Columbia or, in the alternative, the United States District Court for the Southern District of Texas or, in the alternative, to transfer the following actions to the United States District Court for the District of Columbia to be included in MDL No. 1869 - In re Rail Freight Fuel Surcharge Antitrust Litigation:

Northern District of Alabama

VULCAN MATERIALS COMPANY, ET AL. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 2:19‒01606

Central District of California

HYUNDAI MOTOR AMERICA, INC. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 8:19‒01880
KIA MOTORS AMERICA, INC. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 8:19‒01881

District of District of Columbia

NORTHERN INDIANA PUBLIC SERVICE COMPANY LLC v. UNION PACIFIC RAILROAD COMPANY, ET AL., C.A. No. 1:19‒02927
UNION ELECTRIC COMPANY D/B/A AMEREN MISSOURI, ET AL. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 1:19‒02940
ALABAMA POWER COMPANY, ET AL. v. UNION PACIFIC RAILROAD COMPANY, ET AL., C.A. No. 1:19‒02963
KELLOGG COMPANY v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 1:19‒02969
AK STEEL CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 1:19‒02970

Northern District of Georgia

MERCEDES‒BENZ USA, LLC v. BNSF RAILWAY COMPANY, ET AL., C.A. No. 1:19‒04409

-3-

District of Idaho

THE AMALGAMATED SUGAR COMPANY, LLC v. BNSF RAILWAY COMPANY,
  ET AL., C.A. No. 1:19‒00376

Northern District of Illinois

CONAGRA BRANDS, INC. v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 1:19‒06504
PCS SALES (USA), INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 1:19‒06505
LAFARGE NORTH AMERICA, INC., ET AL. v. BNSF RAILWAY COMPANY,
  ET AL., C.A. No. 1:19‒06506
OLD WORLD INDUSTRIES, LLC v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 1:19‒06507

Western District of Louisiana

AXIALL CORP., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 2:19‒01272

District of New Jersey

CAMPBELL SOUP COMPANY, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 1:19‒18567

Western District of New York

AMERICAN ROCK SALT COMPANY LLC v. BNSF RAILWAY COMPANY LLC,
  ET AL., C.A. No. 6:19‒06727

Western District of North Carolina

DUKE ENERGY CAROLINAS, LLC, ET AL. v. BNSF RAILWAY COMPANY,
  ET AL., C.A. No. 3:19‒00494

Eastern District of Pennsylvania

CERTAINTEED CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
  C.A. No. 2:19‒04523

Western District of Pennsylvania

NOVA CHEMICALS, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 2:19‑01259
ALCOA CORPORATION, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 2:19‑01261
KEYSTONE FUELS, LLC, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 2:19‑01415

Eastern District of Tennessee

GRAIN CRAFT, INC. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 1:19‑00278
EASTMAN CHEMICAL COMPANY, ET AL. v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 2:19‑00168

Western District of Tennessee

NORTHDOWN INDUSTRIES, INC., ET AL. v. BNSF RAILWAY COMPANY,
    ET AL., C.A. No. 1:19‑01225

Southern District of Texas

MOTIVA ENTERPRISES LLC v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19‑03753
IPSCO TUBULARS, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19‑03760
COFFEYVILLE RESOURCES NITROGEN FERTILIZERS, LLC, ET AL. v.
    BNSF RAILWAY COMPANY, ET AL., C.A. No. 4:19‑03762
PHILLIPS 66 COMPANY v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19‑03763
TALEN ENERGY SUPPLY, LLC, ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 4:19‑03764

Eastern District of Virginia

DOMINION ENERGY, INC., ET AL. v. BNSF RAILWAY COMPANY, ET AL.,
    C.A. No. 3:19‑00717

MDL No. 2927 – **IN RE: ZEROCLICK, LLC, ('691 & '443) PATENT LITIGATION**

Motion of defendants Microsoft Corporation and Dell Technologies Inc. to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of California

HP INC. v. ZEROCLICK, LLC, C.A. No. 4:19‑06532

Western District of Texas

ZEROCLICK, LLC v. DELL TECHNOLOGIES, INC., C.A. No. 6:19‑00569
ZEROCLICK, LLC v. LG ELECTRONICS, INC., ET AL., C.A. No. 6:19‑00571
ZEROCLICK, LLC v. MICROSOFT CORPORATION, C.A. No. 6:19‑00572
ZEROCLICK, LLC v. SAMSUNG ELECTRONICS CO., LTD., ET AL.,
    C.A. No. 6:19‑00573

MDL No. 2928 – **IN RE: HOTEL INDUSTRY SEX TRAFFICKING LITIGATION**

Motion of plaintiffs H.H., M.A., Jane Doe C.D., A.B.,V.G., and H.G., to transfer the following actions to the United States District Court for the Southern District of Ohio:

Northern District of Georgia

DOE 1 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19‑03840
DOE 2 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19‑03841
DOE 3 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19‑03843
DOE 4 v. RED ROOF INNS, INC., ET AL., C.A. No. 1:19‑03845
H.M. v. RED LION HOTELS CORPORATION, ET AL., C.A. No. 1:19‑04859

District of Massachusetts

DOE C.D. v. R‑ROOF ASSET, LLC, ET AL., C.A. No. 1:19‑11192

Eastern District of Michigan

H.G. v. MARRIOTT INTERNATIONAL, INC., ET AL., C.A. No. 4:19‑13622

District of New Hampshire

B. v. INTER‑CONTINENTAL HOTELS CORPORATION, ET AL.,
    C.A. No. 1:19‑01213

Eastern District of New York

S.J. v. CHOICE HOTELS CORPORATION, ET AL., C.A. No. 1:19−06071

Northern District of New York

V. G. v. G6 HOSPITALITY, LLC, C.A. No. 1:19−01520

Southern District of Ohio

H.H. v. G6 HOSPITALITY LLC, ET AL., C.A. No. 2:19−00755
M.A. v. WYNDHAM HOTELS & RESORTS, INC., ET AL., C.A. No. 2:19−00849
DOE S.W. v. LORAIN−ELYRIA MOTEL, INC., ET AL., C.A. No. 2:19−01194
T.S. v. INTERCONTINENTAL HOTELS GROUP, ET AL., C.A. No. 2:19−02970
A.C. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:19−04965
C.T. v. RED ROOF INNS, INC., ET AL., C.A. No. 2:19−05384

District of Oregon

B. v. HILTON WORLDWIDE HOLDINGS, INC., ET AL., C.A. No. 3:19−01992

Eastern District of Pennsylvania

A.B. v. MARRIOTT INTERNATIONAL, INC., C.A. No. 2:19−05770

Southern District of Texas

W. v. HILTON WORLDWIDE HOLDINGS, INC., ET AL., C.A. No. 4:19−04172

Eastern District of Virginia

A.D. v. WYNDHAM HOTELS AND RESORTS, INC., C.A. No. 4:19−00120

Western District of Washington

M.L. v. CRAIGSLIST, INC., ET AL., C.A. No. 3:19−06153

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 1917 – **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION**

Opposition of defendant LG Electronics U.S.A., Inc., to transfer of the following action to the United States District Court for the Northern District of California:

District of Puerto Rico

GOVERNMENT OF PUERTO RICO, ET AL. v. PANASONIC CORPORATION OF NORTH AMERICA, ET AL., C.A. No. 3:19‒01246

MDL No. 2738 – **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Monica Denwiddie, et al., and Edwina Abram, et al., to transfer of their respective following actions to the United States District Court for the District of New Jersey:

Eastern District of Missouri

DENWIDDIE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:19‒02652
ABRAM, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:19‒02711

MDL No. 2741 – **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs John Thomas Moore, Jr.; Joseph Fazio; David Walter; Meghan Caruso; Yvette D'Aunoy; and Randy Bodiford to transfer of their respective following actions to the United States District Court for the Northern District of California:

Southern District of Alabama

MOORE v. MONSANTO COMPANY, ET AL., C.A. No. 2:19‒00707

Middle District of Florida

FAZIO v. MONSANTO COMPANY, ET AL., C.A. No. 2:19‒00826

Northern District of Illinois

WALTER v. MONSANTO COMPANY, ET AL., C.A. No. 1:19‒06482
CARUSO v. MONSANTO COMPANY, ET AL., C.A. No. 1:19‒07121

Eastern District of Louisiana

D'AUNOY v. MONSANTO COMPANY, ET AL., C.A. No. 2:19‒13594

District of South Carolina

BODIFORD v. MONSANTO COMPANY, ET AL., C.A. No. 1:19‒03133

MDL No. 2800 ‒ **IN RE: EQUIFAX, INC., CUSTOMER DATA SECURITY BREACH
LITIGATION**

Oppositions of plaintiffs Rochelle Anita Johnson, Stephanie D. Granger, and Harold
Schmidt to transfer of their respective following actions to the United States District Court for
the Northern District of Georgia:

Central District of California

JOHNSON v. EQUIFAX, INC., C.A. No. 2:19‒07986

Southern District of Indiana

GRANGER v. EQUIFAX, INC., C.A. No. 1:19‒03679

Eastern District of Virginia

SCHMIDT v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:19‒01125

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Ohio and oppositions of defendants AmerisourceBergen Drug Corporation, et al., and Johnson & Johnson, et al., to remand, under 28 U.S.C. § 1407(a), of the *City and County of San Francisco, et al.*, and *The Cherokee Nation, et al.*, actions to their respective transferor courts:

Central District of California

COUNTY OF ALAMEDA, ET AL. v. RICHARD S. SACKLER, ET AL., C.A. No. 8:19–02154

District of Delaware

CITY OF DOVER, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19–01749

Eastern District of Kentucky

CITY OF HENDERSON v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:19–00067
HARDIN COUNTY FISCAL COURT, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 3:19–00068

Western District of Kentucky

BOWLING GREEN–WARREN COUNTY COMMUNITY HOSPITAL CORPORATION, ET AL. v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19–00148

District of Maryland

THE COUNTY COMMISSIONER OF CARROLL COUNTY, MARYLAND v. ALLERGAN PLC, ET AL., C.A. No. 1:19–03254

Eastern District of Missouri

CAMDEN COUNTY v. WILLIAMS, ET AL., C.A. No. 4:19–02930
LINCOLN COUNTY v. SACKLER, ET AL., C.A. No. 4:19–02953

Northern District of Ohio

THE CHEROKEE NATION v. MCKESSON CORPORATION, ET AL.,
  C.A. No. 1:18‒45695 (E.D. Oklahoma, C.A. No. 6:18‒00056)
CITY AND COUNTY OF SAN FRANCISCO, ET AL. v. PURDUE PHARMA
  L.P., ET AL., C.A. No. 1:19‒45022 (N.D. California, C.A. No. 3:18‒07591)

Southern District of Ohio

THE COUNTY OF FAYETTE, OHIO, ET AL. v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 2:19‒04347

Eastern District of Oklahoma

LEFLORE COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
  PHARMA LP, ET AL., C.A. No. 6:19‒00362

Western District of Oklahoma

BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY v.
  MCKESSON CORPORATION, ET AL., C.A. No. 5:19‒00921
BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00926
BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00984
BOARD OF COUNTY COMMISSIONERS OF TEXAS COUNTY v. PURDUE
  PHARMA LP, ET AL., C.A. No. 5:19‒00987

Eastern District of Pennsylvania

ADAMS COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19‒04438

District of South Carolina

THE STATE OF SOUTH CAROLINA v. MCKESSON CORPORATION, ET AL.,
  C.A. No. 3:19‒02783

Middle District of Tennessee

RHODES, ET AL. v. RHODES TECHNOLOGIES, INC., ET AL.,
  C.A. No. 3:19‒00885

Southern District of Texas

COUNTY OF ANGELINA v. ALLERGAN PLC, ET AL., C.A. No. 4:19‒03590
COUNTY OF BURLESON v. WALMART, INC., ET AL., C.A. No. 4:19‒03845

Eastern District of Virginia

THE COUNTY BOARD OF ARLINGTON COUNTY, VIRGINIA v.
    MALLINCKRODT PLC, ET AL., C.A. No. 1:19‒01446

Western District of Virginia

AMHERST COUNTY, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
    C.A. No. 6:19‒00077
BOTETOURT COUNTY, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
    C.A. No. 7:19‒00759

Southern District of West Virginia

HARRIS, ET AL. v. MCKESSON CORPORATION, ET AL., C.A. No. 2:19‒00707

MDL No. 2848 ‒ **IN RE: ZOSTAVAX (ZOSTER VACCINE LIVE) PRODUCTS
                LIABILITY LITIGATION**

Opposition of plaintiff Rebecca Gentile to transfer of the following action to the United
States District Court for the Eastern District of Pennsylvania:

Southern District of Ohio

GENTILE v. MERCK & CO., INC., ET AL., C.A. No. 2:19‒04174

MDL No. 2873 ‒ **IN RE: AQUEOUS FILM‒FORMING FOAMS PRODUCTS
                LIABILITY LITIGATION**

Motion of defendants Daikin Industries, Ltd.; Daikin America, Inc.; E.I du Pont de
Nemours and Company; The Chemours Company LLC; Arkema, Inc.; Arkema France, S.A.;
3M Company; and Solvay Specialty Polymers, USA, LLC, to transfer the following action to the
United States District Court for the District of South Carolina:

Southern District of Ohio

HARDWICK v. 3M COMPANY, ET AL., C.A. No. 2:18‒01185

MDL No. 2913 – **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Brian Bentley; People of the State of Illinois, et al.; Jamie Beyer; and Rene Chaney and defendant Schwartz E-Liquid LLC to transfer of their respective following actions to the United States District Court for the Northern District of California:

Northern District of Alabama

BENTLEY v. JUUL LABS, INC., ET AL., C.A. No. 5:19‒01313
MAY v. JUUL LABS, INC., ET AL., C.A. No. 6:19‒01794

Northern District of Illinois

PEOPLE OF THE STATE OF ILLINOIS, ET AL. v. JUUL LABS, INC.,
  C.A. No. 1:19‒06301

Eastern District of Missouri

BEYER, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 4:19‒02772

Southern District of Ohio

CHANEY v. JUUL LABS, INC., ET AL., C.A. No. 2:19‒04145

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)      Schedule.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)      Oral Argument Statement.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

      (i)    The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)      Hearing Session.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

      (i)    the dispositive issue(s) have been authoritatively decided; or
      (ii)   the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)      Notification of Oral Argument.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

      (i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
      (ii)    The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)      Duty to Confer.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.1

(f)      Time Limit for Oral Argument.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.