**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-166)**

Plaintiff does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff to develop Non-Hodgkin's Lymphoma ("NHL"). *See* Mem. in Supp. of Mot. to Vacate CTO-166 at 2, ECF No. 1484-1 ("Motion to Vacate"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, (J.P.M.L. Dec. 6, 2018) ECF No. 757. However, in an effort to avoid the MDL, plaintiff opposes transfer based on (1) his belief that Monsanto improperly removed the case to federal court and (2) his belief that the MDL is at an advanced stage such that transfer is no longer warranted.

It is well settled that this Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer. *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, (J.P.M.L. Oct. 2, 2019) ECF No. 1283 ("October 2 Transfer Order"); Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Plaintiff also opposes transfer based upon his belief that MDL 2741 – a relatively young

1

MDL proceeding with pending general document and deposition discovery – is at an "advanced stage" and that transfer of additional cases into the MDL will no longer promote efficiency.  *See* Motion to Vacate at 14.  But as the Panel recognized in its October 2, 2019 Transfer Order, "this characterization is inaccurate."  October 2 Transfer Order at 1.  Transfer is efficient given the progress of and work completed to date in the MDL.  That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence.  *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.  The Panel has recently affirmed that progress continues to be made in the MDL and centralization is justified.  October 2 Transfer Order at 2 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741.").  Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiff's Motion to Vacate should be denied.

**I.     BACKGROUND**

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2] Most of those plaintiffs have no connection to the states in which their claims were filed and some name fraudulently joined in-state defendants in an attempt to defeat diversity jurisdiction.

Mr. Bodiford has done the latter, bringing claims for damages against (1) out-of-state defendants Monsanto and Helena Agri-Enterprises and (2) in-state defendant Browning Farms for injuries allegedly sustained from the use of Roundup®-branded herbicides. *See* Complaint, *Bodiford v. Monsanto Co., et al.*, No. 1:19-cv-03133-JFA (D.S.C. Nov. 4, 2019), ECF No. 1-1 ("*Bodiford* Complaint"). The inclusion of the in-state defendant is improper, and Monsanto therefore removed this case to the District of South Carolina on November 4, 2019. *See* Notice of Removal at 3-14. *Bodiford v. Monsanto Co., et al.*, No. 1:19-cv-03133-JFA (D.S.C. Nov. 4, 2019), ECF No. 1 ("Notice of Removal"). Monsanto provided notice to the Panel of this potential tag-along action on November 5, 2019, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 1399, and plaintiff opposed its transfer on November 20, 2019. *See* Notice of Opp'n to Conditional Transfer Order (CTO-166), ECF No. 1436.

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

Plaintiff filed a motion to remand this case to state court, *see* Plaintiff's Motion to Remand, *see Bodiford v. Monsanto Co., et al.*, No. 1:19-cv-03133-JFA (D.S.C. Nov. 18, 2019), ECF No. 9 ("*Bodiford* Remand Motion"), and Monsanto requested that the case be stayed pending a decision from this Panel on MDL transfer.  *See* Monsanto Co.'s Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Bodiford v. Monsanto Co., et al.*, No. 1:19-cv-03133-JFA (D.S.C. Nov. 20, 2019), ECF No. 11-1 ("Monsanto's Motion to Stay").  On December 2, Monsanto filed a motion in opposition to plaintiff's motion to remand.  *Bodiford v. Monsanto Co., et al.*, No. 1:19-cv-03133-JFA (D.S.C. Dec. 2, 2019), ECF No. 16.  As of December 19, the motion to remand and the motion to stay remain pending in the District Court for the District of South Carolina.

## II.     ARGUMENT

### A.     The Panel Should Transfer This Action to MDL No. 2741.

#### 1.     This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims.  This case shares common questions of fact with those already consolidated in MDL No. 2741.  *See Bodiford* Complaint; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 1283 (J.P.M.L. Oct. 2, 2019) at 1 ("Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core.").  Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings.  Despite plaintiff's claim that Monsanto removed this case in part to delay the litigation of this case, *see* Motion to Vacate at 3 and 16, the Panel already has determined that centralization is the most efficient way forward in

4

cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in multiple cases. *See, e.g.,* Pretrial Order No. 197: Denying Motion to Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec. 16, 2019), ECF No. 8492; Pretrial Order No. 198: Granting Motion to Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec. 16, 2019), ECF No. 8493; *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, MDL transfer presents the most efficient path to its ultimate resolution. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims. *See* October 2 Transfer Order at 1-2. Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a). The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 16-17, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012

WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2. The pending motion to remand does not prevent transfer.

Contrary to plaintiff's claims, transfer is neither precluded nor premature simply because plaintiff argues that there is no federal jurisdiction. *See* Motion to Vacate at 4. The Panel has repeatedly rejected arguments that CTOs should be vacated because of a pending motion to remand an action to state court. *See, e.g.*, October 2 Transfer Order at 1 ("The Panel has held that such jurisdictional issues generally do not present an impediment to transfer . . . Plaintiff can present his remand arguments to the transferee judge."); *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiff does not cite a single recent Panel decision denying transfer based on a pending motion to remand and, in fact, ignores large numbers of decisions to the contrary. Even where,

as here, a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion," because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n.2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiff argues that MDL transfer should be denied because he believes that his case should be remanded based on the merits of his request, *see* Motion to Vacate at 5-13, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[3] For the

---

[3] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where

reasons explained in Monsanto's Opposition to Plaintiff's Motion to Remand, the District Court for the District of South Carolina should deny the *Bodiford* Remand Motion. But the Panel has no authority to address the merits of a remand motion and, as the Panel has repeatedly held, a pending remand motion is not a basis to grant a motion to vacate.

### 3. The MDL is not so advanced that centralization is no longer warranted.

Plaintiff also attempts to avoid the MDL by arguing that it is "at an advanced stage" where transfer will no longer be efficient. *See* Motion to Vacate at 13-16. Contrary to plaintiff's assertions, however, the MDL is not "advanced" to a point of completion – it was created only three years ago and transfer of cases continues to remain valuable to the resolution of the litigation as a whole. The MDL Court apparently agrees. Rather than viewing its work as concluded, the MDL Court has entered a variety of case management orders to ensure cases progress toward remand in a consistent and efficient manner, while at the same time lowering the risk of inconsistent judicial decisions and duplicate work within the federal judiciary. For example, the MDL Court recently implemented plans that permit continued control over general and case-specific discovery in current and future cases. The Panel has already determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup,* 214 F. Supp. 3d at 1347.[4] As the Panel recently

---

counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

[4] Plaintiffs continue to seek common discovery of Monsanto to apply to all actions in the MDL, and there is a significant risk that plaintiffs will seek additional discovery in federal court in South Carolina that has already been propounded in the MDL, is in addition to that in the MDL, or has been deemed to be outside the scope of discovery by the MDL Court. The risk of duplicative discovery or inconsistent rulings regarding appropriate discovery boundaries is

noted, "while much of the general discovery of Monsanto has been completed, the transferee court is now organizing the actions for completion of case-specific discovery and disposition of case-specific dispositive and Daubert motions . . . thus, significant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741." October 2 Transfer Order at 1-2.

On the case-specific discovery front, in addition to an order requiring the submission of plaintiffs' fact sheets in all cases currently and to be transferred into the MDL, the MDL Court is coordinating additional discovery in staggered remand "waves." *See* Pretrial Order No. 150: Scheduling Order for Remand Waves 1 and 2, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. June 14, 2019), ECF No. 4132. This plan entails state-based remand of cases grouped in waves based on governing state law. *Id.* at 1. The first wave for eventual remand will include cases originating from California and Nebraska (Wave 1) followed by additional remands in cases originating from Illinois and North Carolina (Wave 2). The MDL Court intends to resolve any challenges to general or specific causation experts before remanding these cases, as well as issues of state law in any motions for summary judgment, in part due to the MDL Court's belief that its experience in resolving such motions in other MDL 2741 cases makes continued centralization of these matters more efficient. *See* Pretrial Order No. 158: *Daubert* Choice of Law at 3-4, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2019), ECF No. 4549 ("[E]ven if it were possible to apply slightly differing interpretations of federal law, doing so 'would surely reduce the efficiencies achievable through consolidated preparatory proceedings.' *In re Korean Air Lines Disaster*, 829 F.2d at 1175.").

---

precisely what the "original transfer was intended to prevent." *In re Koratron Patent Litig.*, 327 F. Supp. 559, 560 (J.P.M.L. 1971) (denying motion to vacate transfer to MDL where "substantial" discovery had already been completed to avoid duplicative discovery).

9

The MDL Court has stated its intent to schedule additional waves for trial-work up at a later point in time; thus, transfer continues to best promote the just and efficient resolution of plaintiff's claims. *See In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Finally, in determining whether transfer is appropriate, the Panel considers the convenience of the parties and witnesses in the entire litigation; this is true even when certain parties claim individual inconveniences. *See*, *e.g.*, *In re: Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d at 1352. By continuing to preside over general discovery of Monsanto, the MDL Court can ensure both consistency and efficiency.[5] *See In re Sta-Power Indus., Inc. Sec. & Antitrust Litig.*, 404 F. Supp. 476, 477 (J.P.M.L. 1975) (denying motion to vacate transfer because the MDL judge was "well-acquainted with the issues involved in this litigation" and was in the best position to manage additional discovery requests if the need arose). And, as discussed above, the MDL Court has in place both case management plans designed to move individual cases toward remand and trial without overwhelming transferor courts, while at the same time ordering talks on resolution as a whole. *See* Pretrial Order No. 141: Order Vacating Trial and Setting Upcoming Hearing, No. 3:16-md-02741-VC (N.D. Cal. Apr. 11, 2019), ECF No. 3325 (ordering mediation among the parties); *see also* Transfer Order, *In re Auto Body Shop Antitrust Litig.*, MDL No. 2557, 2015 WL 4747834, at *1 (J.P.M.L. Apr. 1, 2015) (holding that transfer to

---

[5] In addition, the cases that plaintiff cites for the proposition that where the "bulk" of discovery has been completed, transfer is less warranted, are inapposite. In *In re A.H. Robins Co.*, the Panel declined to create an additional MDL for 1,700 cases because an existing MDL had been pending for ten years and the bulk of the completed common discovery could be made available to parties. 610 F. Supp. at 1100. In *In re Richardson-Merrell*, the Panel ultimately reconsidered its ruling and did transfer six actions to the MDL. 588 F. Supp. 1448, 1449 (J.P.M.L. 1984).

the MDL would prevent inconsistent rulings, including on anticipated summary judgment motions, because "the transferee court already has ruled on dispositive motions and thus is familiar with the factual and legal issues likely to be presented"); *In re Managed Care Litig.*, 246 F. Supp. 2d 1363, 1365 (J.P.M.L. 2003) ("It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407.").

Given the MDL Court's deep institutional knowledge of the common issues involved across all cases, its plan to work up and remand individual cases, and the efficiency to be gained in coordinating the proceedings, transfer of plaintiff's claims to the MDL will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a).

### III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: December 20, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*