**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-167)**

Plaintiff does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff's decedent husband, Mr. John Caruso, to develop Non-Hodgkin's Lymphoma ("NHL").  *See* Mem. in Supp. of Mot. to Vacate CTO-167, ECF No. 1473-1 ("Motion to Vacate"); Transfer Order, *In re: Roundup Prods. Liab. Litig.* (J.P.M.L. Dec. 6, 2018) ECF No. 757.  However, in an effort to avoid the MDL, plaintiff opposes transfer based solely on her belief that Monsanto improperly removed the case to federal court.

It is well settled that this Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and that remand motions pending in transferor courts do not prevent transfer.  *See, e.g.*, Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL. That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the

1

applicable scientific evidence.  *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.  The Panel has recently affirmed that progress continues to be made in the MDL and centralization is justified.  Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 1283 (J.P.M.L. Oct. 2, 2019) ("October 2 Transfer Order") at 2 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741.").  Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiff's Motion to Vacate should be denied.

**I.  BACKGROUND**

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court.[2]  Most of those plaintiffs have no connection to the states in which their claims were filed

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill. Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the

and some name fraudulently joined in-state defendants in an attempt to defeat diversity jurisdiction.

Ms. Caruso has done the latter, bringing claims against out-of-state defendant Monsanto and in-state defendant Russo Hardware, Inc. ("Russo") arising from use of Roundup®-branded herbicides and the allegations that they caused her husband's non-Hodgkin's Lymphoma ("NHL"). *See* Ex. F, Complaint, *Caruso v. Monsanto Co., et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Oct. 29, 2019), ECF No. 1-6 ("*Caruso* Complaint"). For reasons explained in its Notice of Removal, Monsanto believes that defendant Russo was fraudulently joined. Monsanto therefore removed this case to the Northern District of Illinois on October 29, 2019. *See* Notice of Removal at 3-11, *Caruso v. Monsanto Co., et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Oct. 29, 2019), ECF No. 1 ("Notice of Removal"). Monsanto provided notice to the Panel of this potential tag-along action on October 31, 2019, *see* Monsanto Co.'s Notice of Potential Tag-along Action, ECF No. 1392, and plaintiff opposed its transfer on November 15, 2019. *See* Notice of Opp'n to Conditional Transfer Order (CTO-167), ECF No. 1417.

Plaintiff filed a motion to remand this case to state court, *see* Plaintiff's Motion to Remand, *Caruso v. Monsanto Co., et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Nov. 4, 2019), ECF No. 10 ("*Caruso* Remand Motion"), and Monsanto requested that the case be stayed pending a decision from this Panel on MDL transfer. *See* Monsanto Co.'s Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Caruso v. Monsanto Co., et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Nov. 6, 2019), ECF No. 13 ("Monsanto's Motion to Stay"). On November 12, 2019, Judge Kendall for the District Court of the Northern District of Illinois

---

July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

took the motion to stay under advisement, ordered a briefing schedule for Monsanto to respond to plaintiff's motion to remand, and set a status hearing for January 27, 2020. *See* Minute Entry, *Caruso v. Monsanto Co., et al.*, *et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Nov. 12, 2019), ECF No. 20. Monsanto responded in opposition to the motion to remand on December 6, 2019. *See* Mem. In Opp. to Motion to Remand, *Caruso v. Monsanto Co., et al.*, *et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Dec. 6, 2019), ECF No. 22. As of December 20, the motion to remand and the motion to stay remain pending in the District Court for the Northern District of Illinois.

## II.   ARGUMENT

### A.   The Panel Should Transfer This Action to MDL No. 2741.

#### 1.   This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. *See Caruso* Complaint; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."); October 2 Transfer Order at 1 ("Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core."). Because plaintiff's claims raise many of the same issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the proceedings. Despite plaintiff's claim that Monsanto removed this case in part to delay the litigation of this case, *see* Motion to Vacate at 9-11, the Panel already has determined that centralization is the most efficient way forward in cases where, as here, common discovery of Monsanto is involved. *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending motion to remand further demonstrates the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present

4

a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in multiple cases.  *See, e.g.,* Pretrial Order No. 197: Denying Motion to Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec. 16, 2019), ECF No. 8492; Pretrial Order No. 198: Granting Motion to Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec. 16, 2019); *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar. 28, 2017); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues.  Moreover, MDL transfer presents the most efficient path to its ultimate resolution.  The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims.  *See* October 2 Transfer Order at 1-2.  Transfer therefore will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).  The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 6-14, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

        **2.**        **The pending motion to remand does not prevent transfer.**

Contrary to plaintiff's claims, transfer is neither precluded nor premature simply because plaintiff requests remand. *See* Motion to Vacate at 4-14. The Panel has repeatedly rejected arguments that CTOs should be vacated because of a pending motion to remand an action to state court. *See, e.g.*, October 2 Transfer Order at 1 ("The Panel has held that such jurisdictional issues generally do not present an impediment to transfer . . . Plaintiff can present his remand arguments to the transferee judge."); *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiff does not cite a single recent published decision in which the Panel denied transfer based on a pending motion to remand and, in fact, ignores large numbers of decisions to the contrary. Even where, as here, a stay pending a decision on MDL transfer is not formally entered, the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion,"

6

because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n.2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiff argues that MDL transfer should be denied because she believes that her case should be remanded based on the merits of her request, *see* Motion to Vacate at 4-6, "the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[3] For

---

[3] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon " in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3

reasons explained in Monsanto's Opposition to Plaintiff's Motion to Remand, *Caruso v. Monsanto Co., et al.*, *et al.*, No. 1:19-cv-07121-VMK (N.D. Ill. Dec. 6, 2019), ECF No. 22, the Northern District of Illinois should deny plaintiff's motion to remand. But the Panel has no authority to address the merits of a remand motion and, as the Panel has repeatedly held, a pending remand motion is not a basis to grant a motion to vacate.

### III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: December 20, 2019

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*

---

(1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").