# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Bodiford,<br><br>        Plaintiff,<br>vs.<br><br>Monsanto Company; Helena Agri-Enterprises, LLC d/b/a Helena Chemical Co.; and Browning Farms, Inc.,<br><br>        Defendants. | C/A No. 1:19-cv-03133-JFA<br><br>**ORDER** |

This matter is currently before the Court on Plaintiff Randy Bodiford's Motion to Remand (ECF No. 9), Motion to Amend the Complaint (ECF No. 10), and Defendant Monsanto Company's ("Monsanto") Motion to Stay (ECF No. 11) proceedings pending the Judicial Panel on Multidistrict Litigation's ("JPML") ruling on transfer of this case.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of Plaintiff's claims that extensive use of Roundup®-branded herbicide while working for prior employer Browning Farms, Inc. ("Browning Farms") caused his Non-Hodgkin's Lymphoma. Plaintiff originally filed this lawsuit in the Court of Common Pleas in Allendale County, South Carolina, asserting claims against Roundup manufacturer Monsanto, Browning Farms, and Helena Agri-Enterprises, LLC, which sells Roundup in Allendale County.

A multidistrict litigation ("MDL") proceeding concerning Roundup-branded herbicides is pending in the United States District Court for the Northern District of

California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

Monsanto removed the case to this Court on November 4, 2019, on the basis of diversity jurisdiction arguing that the non-diverse defendant, Browning Farms, is an improper party. The day after removal, Monsanto notified the JPML that this lawsuit should be transferred to the MDL Court in accordance with JPML Panel Rule 7.1. (ECF No. 11-2). Shortly thereafter, the JPML issued a Conditional Transfer Order scheduling this case to be transferred to the MDL Court. (ECF No. 11-3). Plaintiff then filed a motion to remand challenging Monsanto's assertion of the fraudulent joinder theory, as well as a motion to amend the complaint to add two additional defendants. (ECF No. 9 &10).

In light of this procedural posture, Monsanto seeks a temporary stay of the present lawsuit pending the JPML's transfer ruling. (ECF No. 11).

## II.   LEGAL STANDARD

This Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In considering a Motion to Stay, a court should consider three factors, including: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Meyers v. Bayer AG,* 143 F.Supp.2d 1044, 1049 (E.D.Wis.2001).

2

### III.  ANALYSIS

Here, Monsanto urges this Court to stay all proceedings in this action pending the transfer of this case to the United States District Court for the Northern District of California. Monsanto argues that a stay would conserve judicial resources because it would avoid unnecessary duplication of work as well as the possibility of inconsistent rulings. Monsanto also argues that Plaintiff will not be prejudiced by a stay because he will be able to pursue the pending motions before the MDL court and also benefit from the prior proceedings and evidence garnered in the other cases pending before the MDL Judge.

Plaintiff asserts that he will suffer extreme prejudice if this case is stayed because the proceedings will be unnecessarily delayed, and he will be forced to litigate in a remote forum not of his choosing. Additionally, Plaintiff alleges the motion to remand presents unique issues which are better suited for this Court based upon its familiarity with the law of South Carolina. However, the JPML has rejected similar arguments made by plaintiffs in other Roundup cases. *See, e.g.*, JPML Oct. 2, 2019 Transfer Order, No. 3:19-cv-06396-VC, ECF No. 52 (N.D. Cal. Oct. 4, 2019) (rejecting a Louisiana plaintiff's opposition to transfer to the Roundup MDL when the plaintiff argued that Monsanto's fraudulent joinder theory presented facts or legal issues unique from other cases).

Other courts faced with deciding concurrent motions to resolve jurisdictional questions and motions to stay pending transfer to MDLs have determined that "a court should first give preliminary scrutiny to the merits of the motion to remand." *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1049 (E.D. Wis. 2001). However, "if the jurisdictional issue is both difficult and similar or identical to those cases transferred or likely to be

3

transferred[,] the court [may] proceed ... and consider the motion to stay." *Id.* In deciding a motion to stay, a court should consider three factors, including: "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Id.* (citations omitted). The Court finds that the parties have raised jurisdictional issues in their briefs on remand that are both difficult and likely identical to jurisdictional issues raised in other cases before Judge Chhabria. The Court is persuaded that the interests of judicial economy and consistency outweigh the slight delay Plaintiff may experience. Thus, Defendant Monsanto's Motion to Stay should be granted.

The Court would note that this decision is in line with the determinations made by several other District Court Judges presented with the same issue. *See Walter v. Monsanto Co.*, No. 19-cv-6482 (N.D. Ill. Oct. 30, 2019); *Moore v. Monsanto Co.*, No. 2:19-cv-00707-KD-N (S.D. Ala. Oct. 7, 2019); *Rawson v. Bayer Corp.*, No. 1:19-cv-06040 (N.D. Ill. Oct. 2, 2019).

## IV.   CONCLUSION

This Court is persuaded that this case should be stayed pending transfer to MDL No. 2741. Accordingly, the Court declines to rule on Plaintiff's Motion to Remand or Motion to Amend the Complaint, leaving those decisions to Judge Chhabria. Accordingly, Defendant Monsanto's Motion to Stay (ECF No. 11) is granted. The Court declines to rule

on Plaintiff's Motion to Remand (ECF No. 9) or Motion to Amend the Complaint (ECF No. 10).

IT IS SO ORDERED.

December 20, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

5