**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

---

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

---

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-169)**

Plaintiff does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused plaintiff to develop chronic lymphocytic leukemia, a sub-type of Non-Hodgkin's Lymphoma ("NHL").  *See* Mem. in Supp. of Mot. to Vacate CTO-169, ECF No. 1497-1 ("Motion to Vacate"); Transfer Order, *In re: Roundup Prods. Liab. Litig.* (J.P.M.L. Dec. 6, 2018), ECF No. 757.  However, in an effort to avoid the MDL, plaintiff opposes transfer based solely on her belief that Monsanto improperly removed the case to federal court.

This Panel does not consider the merits of removal or the pendency of remand motions when deciding transfer issues and has consistently held that remand motions pending in transferor courts do not prevent transfer.  *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 1283 (J.P.M.L. Oct. 2, 2019) ("October 2 Transfer Order"); Transfer Order at 1-2, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) and *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

Transfer is also efficient given the progress of and work completed to date in the MDL.

1

That effort includes significant discovery regarding the common regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence.  *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted.  *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883.  The Panel has recently affirmed that progress continues to be made in the MDL and centralization is justified.  October 2 Transfer Order at 2 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741.").  Therefore, transfer to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions."  *See* 28 U.S.C. § 1407(a).  Plaintiff's Motion to Vacate should be denied.

## I.      BACKGROUND

Despite repeated representations made to this Panel by plaintiffs' MDL leadership that "thousands" of actions would join this MDL,[1] plaintiffs have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL

---

[1] *See* Pls.' Mot. for Transfer of Actions to the S. Dist. of Ill.  Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Procs. at 2, ECF No. 1; Resp. in Supp. of Pls.' Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Procs. at 1, ECF No. 8.

Court.[2]  Most of those plaintiffs have no connection to the states in which their claims were filed

and some name fraudulently joined in-state defendants in an attempt to defeat diversity

jurisdiction.  Ms. D'Aunoy has done the latter, bringing claims against out-of-state defendants

Monsanto and Ohio Security Insurance Company and in-state defendant Harry's Hardware, Inc.

alleging that exposure to Monsanto's Roundup®-branded products caused plaintiff's injuries.

*See* Complaint, *D'Aunoy v. Monsanto Co., et al.*, No. 2:19-cv-13594-BWA-DMD (E.D. La. Nov.

12, 2019), ECF No. 1-3 ("*D'Aunoy* Complaint").  The inclusion of the in-state defendant is

improper, and Monsanto therefore removed this case to the Eastern District of Louisiana on

November 12, 2019.  *See* Notice of Removal at 3-16, *D'Aunoy v. Monsanto Co., et al.*, No. 2:19-

cv-13594-BWA-DMD (E.D. La. Nov. 12, 2019), ECF No. 1 ("Notice of Removal").  Monsanto

provided notice to the Panel of this potential tag-along action on November 14, 2019, *see*

Monsanto's Notice of Potential Tag-along Action, ECF No. 1412, and plaintiff opposed its

transfer on November 25, 2019.  *See* Notice of Opp'n to Conditional Transfer Order (CTO-169),

ECF No. 1448.

    Plaintiff filed a motion to remand this case to state court, *see* Plaintiff's Motion to

Remand, *D'Aunoy v. Monsanto Co., et al.*, No. 2:19-cv-13594-BWA-DMD (E.D. La. Nov. 19,

2019), ECF No. 6 ("*D'Aunoy* Remand Motion"), and Monsanto requested that the case be stayed

pending a decision from this Panel on MDL transfer.  *See D'Aunoy v. Monsanto Co., et al.*, No.

2:19-cv-13594-BWA-DMD (E.D. La. Nov. 20, 2019), ECF No. 8 ("Monsanto's Motion to

Stay").  On December 2, Judge Ashe granted the Motion to Stay.  *See* Order Granting Motion to

---

[2] *See* Order Lifting Stay of Conditional Transfer Order and Vacating the July 27, 2017, Hearing
Session Order, ECF No. 230; Order Lifting Stay of Conditional Transfer Order and Vacating the
July 27, 2017, Hearing Session Order, ECF No. 221; Order Lifting Stay of Conditional Transfer
Order, ECF No. 197; Conditional Transfer Order (CTO-15), ECF No. 149.

Stay, *D'Aunoy v. Monsanto Co., et al.*, No. 2:19-cv-13594-BWA-DMD (E.D. La. Dec. 2, 2019),

ECF No. 14 ("Stay Order").

## II.     ARGUMENT

### A.     The Panel Should Transfer This Action to MDL No. 2741.

#### 1.     This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiff's

claims.  This case shares common questions of fact with those already consolidated in MDL No.

2741.  *See D'Aunoy* Complaint; *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d

1346, 1348 (J.P.M.L. 2016) ("Issues concerning general causation, the background science, and

regulatory history will be common to all actions."); October 2 Transfer Order at 1 ("Transfer

under Section 1407 does not require a complete identity of factual issues or parties when the

actions arise from a common factual core.").  Because plaintiff's claims raise many of the same

issues as those in the MDL, there is no prejudice to joining the MDL at this stage of the

proceedings.  Despite plaintiff's claim that Monsanto removed this case in part to delay the

litigation of this case, *see* Motion to Vacate at 9-10, the Panel already has determined that

centralization is the most efficient way forward in cases where, as here, common discovery of

Monsanto is involved.  *See In re: Roundup*, 214 F. Supp. 3d at 1347.

Plaintiff's pending motion to remand further demonstrates the increased efficiency that

MDL transfer promotes in these circumstances.  It would be highly inefficient and would present

a risk of inconsistent decisions for district courts around the country that receive future

Roundup® cases presenting remand issues to decide similar motions, when the MDL court can

and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in

multiple cases.  *See* Stay Order at 1 n.2 (noting that the MDL court has in the past and could in

this case rule on remand arguments); *see also, e.g.,* Pretrial Order No. 197: Denying Motion to

4

Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec. 16, 2019), ECF No. 8492; Pretrial

Order No. 198: Granting Motion to Remand, *In re: Roundup Prods. Liab. Litig.* (N.D. Cal., Dec.

16, 2019), ECF No. 8493; *Pennie v. Monsanto Co.*, No. 3:17-cv-01711-VC (N.D. Cal. filed Mar.

28, 2017); *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001)

("The transferee judge's familiarity with this docket furthers the expeditious resolution of the

litigation taken as a whole.").

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the

efficiencies of having the MDL Court decide these issues.  Moreover, MDL transfer presents the

most efficient path to its ultimate resolution.  The MDL Court is very familiar with the issues

presented by this litigation as a whole and is best positioned to resolve plaintiff's claims.  *See*

October 2 Transfer Order at 1-2.  Transfer therefore will serve "the convenience of parties and

witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).

*See also* Stay Order at 1 n.2 ("Plaintiff's motion to remand is not an impediment to transfer to

the Roundup® MDL, and it is appropriate to stay this case pending the decision of the MDL

panel.").  The fact that plaintiff does not wish to be part of the MDL, *see* Motion to Vacate at 8-

10, does not change the fact that, at this point in the litigation, this case can be resolved most

efficiently in the MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No.

1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where

plaintiff argued that case was improperly removed from parallel consolidated state court

proceedings and remand motion was fully briefed).

## 2.   The pending remand briefing does not prevent transfer.

Contrary to plaintiff's claims, transfer is neither precluded nor premature simply because

plaintiff argues that there is no federal subject matter jurisdiction.  *See* Motion to Vacate at 2-8.

The Panel has repeatedly rejected arguments that CTOs should be vacated because of a pending

motion to remand an action to state court.  *See, e.g.*, October 2 Transfer Order at 1 ("The Panel

has held that such jurisdictional issues generally do not present an impediment to transfer . . .

Plaintiff can present his remand arguments to the transferee judge."); *In re: Eliquis* Transfer

Order at 1-2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In*

*re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May

19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand

generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*,

2012 WL 7807340, at *1 (same, holding that "[w]e have long held that jurisdictional objections

are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to

the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No.

2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a

particular action might inconvenience some parties to that action, such transfer is often necessary

to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc.,*

*Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr.

7, 2015) (same); *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L.

2001), 178 F. Supp. 2d at 1366 (same).

     Plaintiff does not cite a single recent published decision in which the Panel denied

transfer based on a pending motion to remand or pending remand briefing and, in fact, ignores

large numbers of decisions to the contrary.  Although plaintiff argues that MDL transfer should

be denied because he believes that his case should be remanded based on the merits of his

request, *see* Motion to Vacate at 2-9, "the Panel does not have the authority to determine the

applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the

Panel] regularly order[s] transfer of actions over the objection that remand is required under

applicable precedent." *In re Eliquis* Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order at 1, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order at 1, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[3]  For reasons explained in Monsanto's Response in Opposition to Plaintiff's Motion to Remand, *D'Aunoy v. Monsanto Co., et al.*, No. 2:19-cv-13594-BWA-DMD (E.D. La. Nov. 27, 2019), ECF No. 12, plaintiff's motion to remand should be denied.  But the Panel has no authority to address the merits of a remand motion and, as the Panel has repeatedly held, a pending remand motion or briefing is not a basis to grant a motion to vacate.

## III.   CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: January 2, 2020                              Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)

---

[3] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*