# U.S. District Court
## United States District Court for the Western District of Washington (Seattle)
## CIVIL DOCKET FOR CASE #: 2:20-cv-00098-BJR

| | |
|---|---|
| Schlaefer et al v. Monsanto Company | Date Filed: 01/21/2020 |
| Assigned to: Judge Barbara J. Rothstein | Jury Demand: None |
| Case in other court: King County, 19-00002-34105-0 | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1441 Petition for Removal- Product Liability | Jurisdiction: Diversity |

**Plaintiff**

Carol Schlaefer     represented by   **Brian F Ladenburg**
BERGMAN DRAPER OSLUND UDO
821 SECOND AVE STE 2100
SEATTLE, WA 98104
206-957-9510
Fax: 206-957-9549
Email: brian@bergmanlegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Paul Linvog     represented by   **Brian F Ladenburg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**
*a Delaware corporation*     represented by   **Jennifer Campbell**
SCHWABE WILLIAMSON & WYATT (SEA)
1420 5TH AVE
STE 3400
SEATTLE, WA 98101-2339
206-622-1711
Email: jcampbell@schwabe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2020 | 1 | NOTICE OF REMOVAL from King County, case number 19-2-34105-0; (Receipt # 0981-6092641), filed by Monsanto Company. (Attachments: # 1 Civil Cover Sheet, # 2 Complaint)(Campbell, Jennifer) (Entered: 01/21/2020) |
| 01/21/2020 | 2 | CORPORATE DISCLOSURE STATEMENT indicating no Corporate Parents and/or Affiliates. Filed pursuant to Fed.R.Civ.P 7.1. Filed by Monsanto Company (Campbell, Jennifer) (Entered: 01/21/2020) |

| 01/21/2020 | 3 | VERIFICATION OF STATE COURT RECORDS re 1 Notice of Removal by Defendant Monsanto Company (Campbell, Jennifer) (Entered: 01/21/2020) |
|---|---|---|
| 01/22/2020 | | Judge Barbara J. Rothstein added. (GT) (Entered: 01/22/2020) |
| 01/22/2020 | 4 | LETTER from Clerk re receipt of case from King County Superior Court and advising of WAWD case number and judge assignment. (GT) (Entered: 01/22/2020) |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 01/22/2020 13:34:14 | | | |
| **PACER Login:** | hllp1982:2634105:4722683 | **Client Code:** | 1417.0049 |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-cv-00098-BJR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CAROL SCHLAEFER and PAUL LINVOG, wife and husband and their community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, a Delaware Corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM |

Plaintiffs CAROL SCHLAEFER and PAUL LINVOG allege as follows:

## I. PARTIES

1.1     Plaintiffs Carol Schlaefer and Paul Linvog are wife and husband, and have been married since May 5, 1990. Plaintiffs reside in Snohomish, Washington. At all times material hereto, Plaintiffs were residents of the State of Washington.

1.2.    Defendant Monsanto Company is a Delaware Corporation, with its principal place of business in Missouri.

COMPLAINT FOR PERSONAL INJURIES - 1

STRITMATTER KESSLER KOEHLER MOORE
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
x: 206-728-2131

## II.  JURISDICTION AND VENUE

2.1  Defendant Monsanto markets and sells Roundup, an herbicide containing the chemical glyphosate, throughout the state of Washington, including in King and Snohomish Counties.

2.2.  Since its introduction commercially in 1974 to present date, Monsanto has manufactured, marketed, advertised, sold, distributed, and promoted Roundup in Washington state for use as an herbicide.

2.3.  Defendant Monsanto has derived substantial revenue from its sale of Roundup to Washington residents and businesses.  Monsanto purposely availed itself of the privilege of doing business with Washington consumers, like Plaintiff, who purchased and used its Roundup products.

2.4.  Accordingly, Washington courts have specific jurisdiction over claims for injury to Washington residents Plaintiffs Schlaefer and Linvog arising from or relating to exposure to Roundup in Washington State.

2.5.  Monsanto transacts business in King County, Washington.  Venue is therefore proper in King County pursuant to 4.12.015(1).

## III. FACTS

3.1  At all relevant times, Monsanto designed, manufactured, researched, tested, advertised, promoted, marketed, sold and distributed the herbicide Roundup.

3.2.  Monsanto is a multinational agricultural biotechnology corporation based in St. Louis, Missouri.  It is the world's foremost producer of the chemical glyphosate.

3.3.  The original Roundup, containing the active ingredient glyphosate, was introduced in 1974.  Today, glyphosate products are among the world's most widely used

COMPLAINT FOR PERSONAL INJURIES - 2

STRITMATTER KESSLER KOEHLER MOORE
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
x: 206-728-2131

herbicides.

3.4. As early as the 1980s, Monsanto became aware of the carcinogenic effects of glyphosate.

3.5. In 1985, the Environmental Protection Agency ("EPA) of the federal government published a memorandum classifying glyphosate as a Category C oncogene.

3.6. In the ensuing decades, scientific research was conducted and published establishing a link between exposure to glyphosate and the onset of certain cancers, most significantly the class of cancers known as non-Hodgkin's lymphomas. Included within the class of such cancers is chronic lymphocytic leukemia. Roundup contains additional chemicals, including "adjuvants" that are not inert and that increase the carcinogenic toxicity of Roundup beyond what is seen from exposure to mere glyphosate alone. In or about 2015, the WHO, through the International Agency for Research on Cancer ("IARC"), published a monograph after reviewing the science on glyphosate. IARC concluded that glyphosate was a likely human carcinogen.

3.7. On or about December 28, 2016, Plaintiff Schlaefer was diagnosed with chronic lymphocytic leukemia.

3.8. Plaintiff Schlaefer is a passionate and accomplished gardener and has been for decades. She has won awards for her efforts in garden shows. She maintains a large and diverse garden on her property in Snohomish, Washington of over 2 acres. Since 1985 and continuing until approximately 2017, Ms. Schaefer regularly and systematically used Roundup on her multi-acre property as an herbicide to assist in keeping down unwanted weeds. This use of the product was as it was intended to be used by the manufacturer.

COMPLAINT FOR PERSONAL INJURIES - 3

STRITMATTER KESSLER KOEHLER MOORE
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
x: 206-728-2131

3.9. At no time was Ms. Schlaefer advised by Monsanto of any health risks regarding cancer associated with use of this product. Specifically, Ms. Schlaefer was not warned that the product could cause or increase her risk of non-Hodgkin's lymphoma. Had she been so advised, she could have sought and used an alternative means of keeping weeds down in her garden.

3.10. As a result, Defendant Monsanto knew or should have known that tests of glyphosate alone were insufficient to establish the safety of Roundup.

3.11 Defendant Monsanto did not test, or did not adequately share results of testing, for exposure to the finished product Roundup and any resulting disease, including cancers such as non-Hodgkin's lymphoma.

3.12. As a direct result of her systematic, decades-long exposure to Roundup, Plaintiff Schlaefer developed cancer. This cancer was avoidable and preventable. Plaintiff developed this cancer because of Monsanto's failure to adequately warn her of the known association between Roundup and cancer and because of Monsanto's failure to adequately design, market and sell a product reasonably safe for ordinary use by consumers.

### IV. FIRST CAUSE OF ACTION: STRICT LIABILITY FOR UNSAFE PRODUCT UNDER WASHINGTON'S PRODUCT LIABILITY ACT

4.1 Plaintiffs reincorporate paragraphs 1.1-3.12 above.

4.2. At all times relevant to this litigation, Monsanto engaged in the business of testing, developing, designing, manufacturing, selling, distributing, and promoting Roundup products in Washington State.

4.3. At all times relevant to this litigation, Monsanto's Roundup products were expected to reach and did reach the intended consumers and users of the product in Washington

COMPLAINT FOR PERSONAL INJURIES - 4

without substantial change in their condition as designed, manufactured, sold, distributed, labeled and marketed.

4.4. Contrary to the Washington Product Liability Act, R.C.W. 7.72 et seq., Roundup products were sold in Washington in a manner where they were defective and not reasonably safe. These defects include without limitation being not reasonably safe in design, not reasonably safe in terms of meeting the expectations of a normal, reasonable consumer, not reasonably safe for lack of an adequate warning that clearly and unambiguously conveyed the cancer risk of the product, and not reasonably safe for lack of an appropriate design or formulation that would not cause cancer in humans.

4.5. As a direct and proximate cause of Monsanto placing its defective Roundup products in the stream of commerce in Washington, Plaintiff Schlaefer suffered grave injury, including physical pain and discomfort, as well as economic damages, including medical and financial expenses, together with other damages as discussed below.

## V. SECOND CAUSE OF ACTION: NEGLIGENCE

5.1. Plaintiff realleges paragraphs 1.1-3.12 above.

5.2. In marketing and selling a product known to cause cancer, Monsanto failed to exercise reasonable care insofar as Monsanto did not exercise the degree of care, skill, acumen and judgment expected of a reasonable herbicide manufacturer.

5.3. This lack of reasonable care includes a failure to warn and a failure to test, as well as a failure to sell an alternate herbicide free from the carcinogenic effects found in Roundup. It also includes a failure to disclose known risks associated with Roundup to ordinary consumers of the product, such as Plaintiff Schlaefer.

COMPLAINT FOR PERSONAL INJURIES - 5

STRITMATTER KESSLER KOEHLER MOORE
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
x: 206-728-2131

5.4. Monsanto owed Plaintiff Schlaefer, and all similarly situated consumers of its products a duty of ordinary care, either under Washington's Product Liability Act or under principles of common law negligence to the extend such claims are not encompassed or preempted by Washington's product liability act.

5.5. Monsanto breached this duty in selling its product without adequate warnings and without disclosing the known cancer risks associated with Roundup.

5.6. As a direct and proximate result of Monsanto's breach of its duty, Plaintiff Schlaefer and her husband sustained damages, including her cancer diagnosis, and treatment.

## VI. DAMAGES

6.1 As a direct result of her cancer diagnosis, Plaintiff Schlaefer has sustained compensable damages. These damages include medial expenses, treatment expenses, and pecuniary loss in an amount to be proven at the time of trial.

6.2 As a direct result of her cancer diagnosis, Plaintiff Paul Linvog has sustained a compensable loss of consortium under Washington law for the loss of society, companionship, love and support cause by Ms. Schlaefer's diagnosis and treatment.

## VII. PRAYER

7.1 WHEREFORE, Plaintiffs pray for judgment against the Defendant, jointly and severally, as follows:

A. For a judgment of liability in favor of the Plaintiffs and against the Defendant;

B. For an award of damages in favor of the Plaintiffs and against the Defendant in an amount to be proven at time of trial, for all medical expenses, economic loss, pecuniary loss, emotional distress, pain, suffering, and loss of consortium associated with this loss;

COMPLAINT FOR PERSONAL INJURIES - 6

STRITMATTER KESSLER KOEHLER MOORE
3600 15TH Ave West. Suite 300
Seattle, WA 98119
206-448-1777
x: 206-728-2131

C. For prejudgment interest at the statutory rate on economic damages incurred by Plaintiffs;

D. For Plaintiffs' costs and disbursements herein and a reasonable attorney's fee;

E. For such further relief as to the Court seems just.

DATED this 27th day of December, 2019.

STRITMATTER KESSLER KOEHLER MOORE

*s/ Brian F. Ladenburg*

Brian F. Ladenburg, WSBA No. 29531
Counsel for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES - 7