UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                                       MDL No. 2741


**TRANSFER ORDER**


**Before the Panel:** Plaintiffs in the six actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the Northern District of California for inclusion in MDL No. 2741. Defendant Monsanto Company opposes the motions. Defendant Helena Agri-Enterprises, LLC, joins Monsanto's opposition with respect to the Southern District of Alabama *Moore* action.

In support of their motions, plaintiffs in all six actions argue that federal subject matter jurisdiction over their actions is lacking, and that their motions for remand to state court should be decided before transfer. Such jurisdictional issues generally do not present an impediment to transfer.[1] *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Plaintiffs also argue that transfer will cause them inconvenience, as they and their fact witnesses reside in their respective filing jurisdictions, and will delay the resolution of their remand motions. But transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001). Plaintiffs can present their remand arguments to the transferee judge.

---

[1] Plaintiff in the Northern District of Illinois *Caruso* action argues that transfer will cause her unique prejudice because her complaint names, in addition to defendants, four "respondents in discovery." *See* 735 ILCS 5/2-402 ("The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action."). Plaintiff argues that, if transferred, the statutory six-month deadline to convert the respondents in discovery into defendants could pass while the transferee court considers plaintiff's remand motion.

Panel Rule 2.1(d), though, expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. For instance, the transferor court in the Middle District of Florida *Fazio* action already has denied plaintiff's remand motion. Transfer of *Caruso* thus is appropriate.

Plaintiffs in three of the actions (*Bodiford*, *Caruso*, and *Fazio*) argue that transfer is not appropriate because the MDL has reached an advanced stage. This characterization remains inaccurate. *See* Transfer Order at 1-2, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 (rejecting identical argument against transfer). While much of the general discovery of Monsanto has been completed, the transferee court is now organizing the actions for completion of case-specific discovery and disposition of case-specific dispositive and *Daubert* motions on a state-by-state basis before remanding those actions to their transferor courts. *See* Pretrial Order No. 150, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. Jun. 14, 2019), ECF No. 4132.[2] The transferee court has not suggested remand of any action to its transferor court. Thus, significant efficiency and convenience benefits may be achieved through the continued transfer of tag-along actions to MDL No. 2741.

Therefore, after considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). All of the actions listed on Schedule A share multiple factual issues with the cases already in the MDL.

---

[2] *See also* Pretrial Order No. 147 at 1, *In re Roundup Prods. Liab. Litig.*, C.A. No. 3:16-md-02741 (N.D. Cal. May 21, 2019), ECF No. 3834 ("The Court will decide all case-specific summary judgment motions. In addition, because *Daubert* motions relating to causation are so intertwined with summary judgment, the Court will decide those as well. Ninth Circuit law will govern the *Daubert* motions regardless of where the case originated. The courts that will eventually try the cases will be left with any other pretrial motions, including motions in limine, motions to bifurcate, and *Daubert* motions unrelated to summary judgment.").

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

                              PANEL ON MULTIDISTRICT LITIGATION

                              Karen K. Caldwell
                                      Chair

| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                                             MDL No. 2741

## SCHEDULE A

<u>Southern District of Alabama</u>

MOORE v. MONSANTO COMPANY, ET AL., C.A. No. 2:19−00707

<u>Middle District of Florida</u>

FAZIO v. MONSANTO COMPANY, ET AL., C.A. No. 2:19−00826

<u>Northern District of Illinois</u>

WALTER v. MONSANTO COMPANY, ET AL., C.A. No. 1:19−06482
CARUSO v. MONSANTO COMPANY, ET AL., C.A. No. 1:19−07121

<u>Eastern District of Louisiana</u>

D'AUNOY v. MONSANTO COMPANY, ET AL., C.A. No. 2:19−13594

<u>District of South Carolina</u>

BODIFORD v. MONSANTO COMPANY, ET AL., C.A. No. 1:19−03133