BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS                                              MDL No. 2741
LIABILITY LITIGATION

MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND MONSANTO COMPANY'S
JOINT MOTION TO TRANSFER TAG-ALONG ACTIONS
AND RECONSIDER DETERMINATION THAT CERTAIN ACTION(S) ARE NOT
APPROPRIATE FOR INCLUSION IN MDL

Pursuant to 28 U.S.C. § 1407 and Rules 6.1 and 6.3 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, plaintiffs Walter Cameron and Jerry Klein and defendant Monsanto Company ("Monsanto") hereby jointly request that the Panel: (a) reconsider its Determination That Action(s) Are Not Appropriate for MDL Transfer ("Determination"), entered on January 23, 2020; and (b) transfer *Cameron, et al. v. Monsanto Co.*, 4:19-cv-03399 (E.D. Mo.) ("*Cameron*") and *Klein, et al. v. Monsanto Co.*, 4:19-cv-03400 (E.D. Mo.) ("*Klein*") to the Northern District of California for consolidated pretrial proceedings in MDL No. 2741.

On January 21, 2020, Monsanto filed a Notice of Potential Tag-Along alerting the Panel that *Cameron* and *Klein* were appropriate for inclusion in MDL No. 2741. *See* Notice of Potential Tag-Along, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, ECF No. 1581 (J.P.M.L. Jan. 21, 2020). Monsanto attached plaintiffs' complaints to its notice. *See* ECF Nos. 1581-4 and 1581-5. The *Cameron* complaint alleged that Mr. Cameron developed a "form of cancer" after exposure to Roundup®-branded herbicides but did not specify what particular form of cancer he developed. *See* ECF No. 1581-4 at 6. The *Klein* complaint similarly alleged that Mr. Klein "suffered from a form of life-threatening cancer" as a result of exposure to Roundup®-branded herbicides but did not specify the type of cancer at issue. *See* ECF No. 1581-5 at 6. Monsanto filed the Notice of Potential Tag-Along regarding these two cases based on

Monsanto's assessment that they are appropriate for inclusion in MDL No. 2741 because they both involve types of lymphohematopoetic cancer, according to information that plaintiffs' counsel had provided to Monsanto's counsel – namely, multiple myeloma (*Klein*) and chronic myeloid leukemia (*Cameron*).

On January 23, 2020, the Panel declined to transfer these cases. Although the order did not specify the basis for this decision, plaintiffs and Monsanto presume that the Panel denied transfer because the allegations in the complaints did not allow the Panel to determine whether the cancers at issue in these cases are of the type previously transferred to, and appropriate for inclusion in, MDL No. 2741.

Therefore, the parties now provide the Panel with additional information about the cancer types at issue here. According to plaintiffs' counsel, both cases involve types of lymphohematopoetic cancer – multiple myeloma and chronic myeloid leukemia. The Panel has previously determined that cases involving those lymphohematopoetic cancers were appropriate for transfer to MDL No. 2741. *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, ECF No. 757 (J.P.M.L. Dec. 12, 2018) (transferring a case involving allegations of multiple myeloma, over Monsanto's objection); *Barcus, et al. v. Monsanto Co.*, 1:19-cv-02212 (D. Del.) (transferred in CTO-173 on December 18, 2019, ECF No. 1514) (chronic myelogenous (myeloid) leukemia).

Reconsideration of an order denying transfer is appropriate where "recent developments in [the] litigation" or "intervening events" persuade the Panel that transfer "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *See In re Richardson-Merrell, Inc.*, 588 F. Supp. 1448, 1449 (J.P.M.L. 1984) (granting motion to reconsider the Panel's prior order vacating a CTO for these reasons).

Moreover, the Multidistrict Litigation Manual has noted that "[w]here there are significant factual or legal developments bearing on the transfer issue, however, a motion for reconsideration would be useful. The clearest example is if facts existing but not known at the time the matter was initially heard became known." Multidistrict Litig. Man. § 4:29 (2019). The information provided here regarding the cancer types at issue in these cases constitutes facts that were not known to the Panel when it issued the January 23 Order. In light of this new information, reconsideration is appropriate.

For the reasons stated above, plaintiffs and Monsanto respectfully jointly request that the Panel reconsider its January 23, 2020 Determination and transfer *Cameron* and *Klein* to the Northern District of California for consolidated pretrial proceedings in MDL No. 2741.

Dated: February 6, 2020

Respectfully submitted,

/s/ Elliot Adler
Elliot Adler
(elliotadler@theadlerfirm.com)
ADLER LAW GROUP, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Phone: (619) 531-8700
Fax: (619) 342-9600

*Attorneys for Plaintiffs*

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant
Monsanto Company*