Case 3:20-cv-02447-DLC Document 106-7 Filed 05/21/20 Page 1 of 72
Case 3:20-cv-00244-DCN Document 6 Filed 05/21/20 Page 1 of 7

LC18

# U.S. District Court
## District of Idaho (LIVE Database)Version 6.3 (Moscow – Central)
### CIVIL DOCKET FOR CASE #: 3:20–cv–00244–DCN

Hall v. Monsanto Company, et al.
Assigned to: Judge David C. Nye
Demand: $75,000
Case in other court: Latah County, CV29–19–01027
Cause: 28:1332 Diversity–Product Liability

Date Filed: 05/20/2020
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Janice S. Hall**
*individually and as Personal Representative of the Estate of Sherwood J. Hall, III*

represented by **Darrel W Aherin**
AHERIN RICE & ANEGON
PO Box 698
Lewiston, ID 83501
(208) 746–3646
Fax: 1–208–746–3650
Email: ara@aralawoffice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**
*a Delaware Corporation*

represented by **Nicole C Hancock**
Stoel Rives LLP
101 S Capitol Blvd
Suite 1900
Boise, ID 83702
208–387–4231
Email: nicole.hancock@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does I–X**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2020 | 1 | NOTICE OF REMOVAL by Monsanto Company from Second Judicial District, Latah County, case number CV29–19–1027.(Filing fee $400 receipt number0976–2050568.), filed by Monsanto Company. (Attachments: # 1 Exhibit 1, ROA # 2 Exhibit 2, Summons # 3 Exhibit 3, Complaint # 4 Exhibit 4, Declaration of Service # 5 Exhibit 5, Probate of will # 6 Exhibit 6, James Sherwood Hall, III obituary # 7 Cover Sheet)(Hancock, Nicole) |
| 05/20/2020 | 2 | Corporate Disclosure Statement by Monsanto Company identifying Corporate Parent Bayer AG for Monsanto Company. (Hancock, Nicole) |
| 05/20/2020 | 3 | ANSWER to Complaint (Notice of Removal) by Monsanto Company. (Hancock, Nicole) |
| 05/21/2020 | 4 | DOCKET ENTRY ORDER OF RECUSAL: Pursuant to 28 U.S.C. Section 455(b)(5)(iii), the undersigned Magistrate Judge hereby issues this order recusing herself from any further proceedings in this matter. The Clerk is requested to reassign this matter to another judge. Signed by Judge Candy W. Dale. (klw) |
| 05/21/2020 | | DOCKET ENTRY NOTICE of Case Number Change, Case reassigned to Judge David C. Nye for all further proceedings. Judge Candy W. Dale no longer assigned to case. |

| | | |
|---|---|---|
| | | Please use this case number on all future pleadings, 3:20–cv–244–DCN. (jd) |
| 05/21/2020 | | RETURN OF SERVICE/PROCESS ASSUMED EXECUTED – Monsanto Company served on 5/20/2020. (no service document on file, service assumed for internal reporting purpose only) (jd) |
| 05/21/2020 | 5 | NOTICE of Availability of Magistrate Judge and Requirement for Consent sent to counsel for Janice S. Hall and to counsel for Monsanto Company re 1 Notice of Removal. Consent/Objection to Magistrate due by 7/20/2020. (jd) |

Electronically Filed
11/12/2019 4:35 PM
Second Judicial District, Latah County
Henrianne Westberg, Clerk of the Court
By: Peggy Lynd, Deputy Clerk

AHERIN, RICE & ANEGON
Darrel W. Aherin
1212 Idaho Street
P.O. Drawer 698
Lewiston, ID 83501-0698
Phone: (208) 746-3646
Email: ara@aralawoffice.com
ISB# 1534

Attorneys for Plaintiff.

IN THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF LATAH

| | |
|---|---|
| JANICE S. HALL, individually and as Personal Representative of the ESTATE OF SHERWOOD J. HALL, III, <br><br> Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY, a Delaware Corporation, and DOES I-X, <br><br> Defendants. | CASE NO. CV29-19-1027 <br><br> COMPLAINT <br><br> Fee Category: A<sup>A</sup> <br> Fee: $221.00 <br><br> WRONGFUL DEATH |

COMES NOW the plaintiff, Janice S. Hall, individually and as Personal Representative of the estate of Sherwood J. Hall, III, for the heirs, by and through her attorney, Darrel W. Aherin of Aherin, Rice & Anegon, and for a cause of action against the defendants, hereby complains and alleges as follows:

COMPLAINT -- Page 1 of 5
N:\Hall, Janice S\PLEADINGS\COMPLAINT-Wrongful Death.docx--slg

Aherin, Rice & Anegon
Attorneys at Law
Lewiston, Idaho

## GENERAL ALLEGATIONS

### I.

At all times material herein the plaintiff, Janice S. Hall, was a resident of the County of Latah, State of Idaho. Janice S. Hall is the surviving spouse of Sherwood J. Hall, III and is the Personal Representative of the Estate of Sherwood J. Hall, III. Mr. Hall died on November 14, 2017.

### II.

The defendant is a Delaware Corporation. The defendant is the manufacturer of Roundup and sells Roundup in the State of Idaho.

### III.

Defendants Doe I-X are corporations or entities or individuals who may do business with Defendant Monsanto Company regarding the manufacture and sale of Roundup. Should plaintiff discover these entities, an amended complaint will be filed.

### IV.

The decedent, Sherwood J. Hall, III, hereafter Mr. Hall, applied the product Roundup to the real property of Mr. and Mrs. Hall since the mid 1980's for the control of weeds.

### V.

Mr. Hall died of Non-Hodgkin's Follicular Lymphoma on November 14, 2017.

### VI.

The use of Roundup is linked to persons using the Roundup product developing Non-Hodgkin's Lymphoma in varying forms.

### VII.

The defendants had knowledge of the dangers of the product Roundup but continued to market the product.

## COUNT I

## NEGLIGENCE

### VIII.

Plaintiff realleges paragraphs I-VII as though fully set forth herein.

### IX.

Defendant, Monsanto, breached their duty of consumer safety by failing to disclose the known dangers of Roundup. Monsanto was negligent in the manufacture and marketing of Roundup.

### X.

As a direct proximate cause of defendant Monsanto's negligence and carelessness, Mr. Hall suffered a fatal disease.

### COUNT II
### STRICT LIABILITY – DESIGN DEFECT

### XI.

Plaintiff realleges paragraphs I-VII as though fully set forth herein.

### XII.

The defendant, Monsanto designed Roundup in a way that makes them liable for a defective product.

### XIII.

As a direct proximate cause of defendant Monsanto's design defects, Mr. Hall suffered a fatal disease.

### COUNT III
### STRICT LIABILITY – FAILURE TO WARN

### XIV.

Plaintiff realleges paragraphs I–VII as though fully set forth herein.

### XV.

The defendant, Monsanto, failed to warn the sellers of its product Roundup and failed to warn the users of Roundup from the hazards and dangers to human health posed by the use of Roundup.

## XVI.

As a direct proximate cause of defendant Monsanto's failure to warn, Mr. Hall suffered a fatal disease.

## COUNT IV

## BREACH OF IMPLIED WARRANTY

### XVII.

Plaintiff realleges paragraphs I–VII as though fully set forth herein.

### XVIII.

The defendant, Monsanto, failed in its implied warranty to users that its product, Roundup, was safe to use and was not a danger to user's health.

### XIX.

As a direct proximate cause of defendant Monsanto's breach of its implied warranty, Mr. Hall suffered a fatal disease.

## DAMAGES

### XX.

Plaintiff has incurred funeral expenses as a result of the death of Mr. Hall. Plaintiff has suffered damages because of the death of Mr. Hall. The heirs of Mr. Hall have been damaged because of the death of Mr. Hall.

### XXI.

The plaintiff seeks all wrongful death damages and special damages for all heirs.

### XXII.

The defendants' negligence was a proximate cause of plaintiff's damages. Plaintiff's damages exceed the amount of $10,000.00.

### XXIII.

The conduct of the defendant, Monsanto, was an extreme deviation from reasonable standards of care and the plaintiff will seek an order of the court to allow the Complaint to be amended to include a claim for punitive damages.

## XXIV.

The plaintiff has hired an attorney, namely Darrel W. Aherin of the law firm of Aherin, Rice & Anegon, to prosecute this matter and is entitled to costs and attorney fees.

**WHEREFORE**, the plaintiff prays for judgment against the defendants, and each of them, as follows:

FIRST: For funeral expenses in an amount to be proven at trial;

SECOND: For all damages allowed for wrongful death damages to plaintiff individually and to all heirs of Mr. Hall;

THIRD: For an order allowing the plaintiff to file an amended complaint to include a claim for punitive damages against the defendant, Monsanto;

FOURTH: For costs expended in bringing this action, including reasonable attorney fees, as allowed by law; and,

FIFTH: For such other and further relief as the Court deems just and proper.

DATED this 12th day of November, 2019.

AHERIN, RICE & ANEGON

By /s/ Darrel W. Aherin
DARREL W. AHERIN
Attorney for Plaintiff.