BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE:  ROUNDUP PRODUCTS LIABILITY		MDL No. 2741
LITIGATION

*Phillip Mowry v. Monsanto Company,* **et al.,** Alabama Middle, Case No. 2:20-cv-0215

### PLAINTIFF'S REPLY TO MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-202)

### INTRODUCTION

Plaintiff files this Reply to Defendants Monsanto Company's Opposition to Plaintiff's Motion to Vacate. Plaintiff incorporates his Motion to Vacate as well as his other pleadings and exhibits as fully referenced herein. Monsanto's Response in Opposition erroneously states that plaintiff's attorneys have employed a strategy of "litigation tourism" by simply filing valid state law claims against viable local defendants. Defendants claim this without refuting any of the specific facts and arguments presented by Plaintiff in his Motion to Vacate. Contrarily, Defendant Monsanto and its attorneys continue to perpetuate an unlawful scheme of delay tactics upon plaintiffs and the Courts by untimely removing cases in order to delay trials in state courts. Plaintiff's Motion to Vacate shows "good cause" for why the transfer of this action fails to promote the "just and efficient" conduct of the action and is obviously not "for the convenience of the parties and witnesses". Plaintiff does not waive any of his previous arguments, but based on certain statements made by Defendant Monsanto in its Opposition, Plaintiff states in his Reply as follows:

### LEGAL AUTHORITY

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (*citing In re: IBM Antitrust Litig.*, 316 F. Supp.976 (J.P.M.L.

1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added). A transfer pursuant to 28 U.S.C. §1407 is not proper when the transferring U.S. District Court does not have proper jurisdiction, as is the case here. *See BancOhio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir.1975). In addition, as to justice and efficiency, principles of comity would dictate against the transfer of any action that has an important motion under submission and/or pending especially a motion that will render the question of transfer under §1407 moot if decided in Plaintiff's favor. Consequently, Plaintiff's Motion to Vacate should be granted.

I. **Transfer is Less Warranted when the Bulk of MDL Common Discovery is Completed and therefore Will Not add to Just and Efficient" Conduct of this Action**

Defendant Monsanto argues in its Opposition that "The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve plaintiff's claims" however, -Where the "bulk" of common discovery has been completed (or is in the process of being completed) and can be made available to other parties, transfer is less warranted. *In re A.H.Robins Co., Inc.*, 610 F. Supp. 1099, 1100 (J.P.M.L. 1985) (denying motion to transfer); *see also In re Richardson-Merrell, Inc.*, 582 F. Supp. 890, 891 (J.P.M.L.), on reconsideration, 588 F. Supp. 1448 (J.P.M.L. 1984) (vacating transfer where "discovery pertaining to common issues has been completed in the transferee district" and "procedures exist

whereby relevant discovery already completed in the transferee district may be made available to parties in newly filed actions").

This MDL proceeding has been pending before Judge Vince Chhabria in the Northern District of California since October 6, 2016. Currently, there are numerous cases pending before the MDL that were filed in other jurisdictions and transferred to this District pursuant to 28 U.S.C. § 1407. General discovery has been completed in MDL 2741, including *Daubert* hearings, and the completion of a bellwether trial. Pre-trial and post-trial motions were filed by both parties resulting in significant rulings on issues of facts and law that can properly be applied by the Alabama Courts. Judge Chhabria has thus ordered a phased remand schedule based upon groupings by state. (Exhibit B, PTO-150). In each group, only case-specific discovery and case specific pre-trial motions needs to be completed at which point Judge Chhabria will suggest remand for those case. *Id.* No further general discovery is contemplated. *Id.*

Given the current status of the MDL and the Court's own remand of actions in the MDL, Monsanto's generalized blanket statement for all cases that "pretrial consolidation promotes the just and efficient conduct of such actions" is not warranted or supported in this case. Especially, given the fact that the procedural rules for removal were not followed by Defendants making their removal invalid and untimely. Furthermore, given this case had progressed in state court to such a stage (referenced below) for Defendants to make any argument that the MDL provides a more just and efficient conduct for this case is ingenuous to say the least. These issues alone make this case distinguishable from other cases that are <u>rightfully</u> in the MDL, which have no valid in-state defendant. The cases Monsanto claims this case shares common questions of fact with were removed in bad faith by Monsanto as part of a nationwide scheme to avoid proper state court jurisdiction and trial dates. Therefore, based on the legal precedent above, the specific

circumstances of this case, and good cause shown by Plaintiff in his Motion, this Panel should vacate CTO-202.

## II.  Transfer of this Case Will Not Ensure Convenience for the Parties and Witnesses

Despite Monsanto's statements to the contrary in its Opposition Brief, The Circuit Court of Montgomery County, Alabama or the Middle District of Alabama are at least as convenient, if not more convenient, for the parties than the MDL in California. It is certainly more convenient to Plaintiff since he currently lives in Alabama and was exposed to Roundup in Alabama. In addition, the fact witnesses in this case, including Plaintiff's physicians and some of Defendants' potential witnesses, all reside in Alabama, making it a more convenient venue for them than California. Also, the corporate witnesses for Monsanto have already testified via video deposition and these videos can be played at trial in the state or federal courts of Alabama, without any travel obligations for Monsanto at trial. Although, Monsanto claims that Plaintiff will get to make those same arguments of remand before the MDL Court, this Panel should not require Plaintiff to be severely prejudiced by several months of undue delay, when the federal courts have no jurisdiction over this case. There is currently a scheduling order pending in state court that the parties previously agreed to and were complying with prior to Defendants' removal. Interrogatories and Requests for Production had been completed and exchanged. The parties had already made appearances before the state court and had submitted to the state court's rulings.

Furthermore, as referenced above, the bulk of the common discovery in the MDL cases has been completed and issues of fact and law have already been adjudicated by the MDL court. Therefore, transfer to the Northern District of California will not foster any additional convenience for the parties, and therefore CTO-202 should be vacated.

## **CONCLUSION**

There is no complete diversity among the parties. Consequently, the United States District Court for the Middle District of Alabama does not have jurisdiction in this case, and transfer to the Multidistrict Litigation is improper because it will not promote the "just and efficient" conduct of the action and will not ensure "convenience for the parties and witnesses". In addition, a transfer is no longer required as all common issues have been resolved and a phased transfer of cases has already been scheduled by the transferee court. Based upon the foregoing, Plaintiff respectfully requests the Judicial Panel on Multidistrict Litigation vacate CTO- 202 and remand this matter to The Circuit Court of Montgomery County Alabama, or allow the U.S. District Court for the Middle District of Alabama to rule upon Plaintiff's Motion to Remand.

Dated: May 29, 2020                                    Respectfully submitted,

*/s/ John E. Tomlinson*
John E. Tomlinson
Jere L. Beasley
Rhon E. Jones
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS AND MILES, P.C.**
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama 36103
Phone: (334) 269-2343
Fax: (334) 954-7555
john.tomlinson@beasleyallen.com
jere.beasley@beasleyallen.com
rhon.jones@beasleyallen.com

OF COUNSEL:
Jamie A. Johnston (JOH164)
Jamie A. Johnston, P.C.
509 Cloverdale Road
Suite 101
Montgomery, Alabama 36106
Telephone: 334.202.9228
Facsimile: 334.265.8789
jamie@jjohnstonpc.com

*Attorneys for Plaintiff Phillip Mowry*