# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARSONDI, ANGELA ASHBY, MARY BAUER, BRITTANY BLACKSTOCK, DIANNA BLOKING, DONALD BOULWARE, LAWRENCE BROOKS, JOSE CARDONA, GARY CHANT, DONNA CHEEVER, ANNE COOPER, JILL DADEPPO, EITHNE DALTON, GEORGE DOUGHTY, JAMES ESPOSITO, LORNE FAIR, KEVIN FINNERTY, PHILLIP GARRETT, LESLIE GEBOW, TIMOTHY GERING, ANGELA GREELEY, VERA GREENE, NANCY HAMMILL, DAVID HANSEN, SCOTT HASSLER, ARNOLD HEREDIA, RONALD JOHNSON, RUTH JOHNSTON, JEROME JONES, LINDA JOSEFS, BARBARA LANGLOIS, DAVID LAPORTE, RUSSELL LEONARD, APRIL MABE, GLORIA MARSHALL, KATHERINE MCCREA, GAIL MEIER, JOSEPH MILANESE, TIMMY MILLER, DAVID MOSS, SALLY MOYER, DONALD MUELLER, MARIAN MURPHY, MARK NEAL, WILLIAM OELKLAUS, CHRISTINA PEASE, LINDA PIERSON, JAMES RESTIVO, DONNA RUSSELL, SUSAN RUSSELL, BARBARA SCHAECHER, MICHAEL SILBERNAGEL, RICHARD SMITH, ALVIN TAYLOR, SERGIO VASQUEZ, REBECCA VIANDS-MATTHEWS, KAREN WADE, RONNIE WAGGY, EUGENE WILLIAMS, AMBER COPELAND-DRAXTEN ON BEHALF OF KEITH DRAXTEN, JAMIE KAVELAK ON BEHALF OF TIMOTHY KAVELAK, LINDA OLSEN ON BEHALF OF DIANE PEDERSEN, PATTI VASQUEZ ON BEHALF OF ROSEMARY PHELAN, KENNETH ROMPHF ON BEHALF OF JUDITH ROMPHF, DEBBIE TICE ON BEHALF OF JOHN TICE, AND MIKE WEST ON BEHALF OF DAWN WEST,<br><br>   Plaintiff,<br><br>vs.<br><br>MONSANTO COMPANY,<br><br>   Defendant | MDL No. 2741<br><br>Case No.: 4:20-cv-635<br><br>JUDGE VINCE CHHABRIA<br><br>MEMO IN SUPPORT |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Pursuant to 28 U.S.C. §1441(c)(2) and for the reasons that follow, this Court should order severance and remand the severed claims that do not fall within this Court's original federal question jurisdiction to the Twenty-First Judicial Circuit Court, St. Louis County, Missouri.

1

### I. INTRODUCTION AND BACKGROUND

Plaintiffs are individuals and estate representatives claiming injuries suffered as a result of their use of Defendant Monsanto's (hereinafter "Monsanto") Roundup® products. *See, generally,* Petition. Plaintiffs jointly allege state law claims against Monsanto for injuries and death suffered by those who were exposed to the Roundup® products. *Id.* In its Notice of Removal ("Notice"), Monsanto asserts that removal is proper because one of the plaintiffs, deceased Timothy Kavelak, now being represented by his wife Jamie Kavelak (hereinafter "Plaintiff Kavelak"), was exposed to Roundup® products "while working as a groundskeeper at the Federal Bureau of Prisons in Leavenworth, Kansas.". *See* Notice at pp. 3 ¶ 2; pp. 4 ¶ 6. Monsanto argues that this Court "has original 'federal question' subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over those claims relating to Mr. Kavelak's exposure to Roundup® products on this federal enclave." *See* Notice at pp. 3 ¶ 2; pp. 5 ¶ 8. Monsanto further argues that this Court should exercise supplemental jurisdiction over Plaintiff Kavelak's non-federal claims. *Id.* at p. 5 ¶ 9. Plaintiffs do not dispute that Plaintiff Kavelak's claims are subject to this Court's federal question jurisdiction. Plaintiffs ask this Court for precisely the same relief as the Defendants asked for in its Notice of Removal—that this Court order severance and remand to state court the severed claims of the other plaintiffs who do not allege injuries arising from exposure to Roundup® - branded products on federal enclaves—and therefore do not fall within this Court's original federal question jurisdiction. *See* 28 U.S.C. § 1441(c)(2).

### I. ARGUMENT

**This Court should sever all of the other Plaintiffs claims from Plaintiff Kavelak's claim, and remand these severed claims back to state court.**

This Court should order severance and remand to state court the severed claims of the other plaintiffs who do not allege injuries arising from exposure to Roundup® - branded products on federal enclaves—and therefore do not fall within this Court's original federal question jurisdiction. *See* 28 U.S.C. § 1441(c)(2). ("Upon removal of an action described in paragraph (1)

2

[those claims arising under the Constitution, laws, or treaties of the Unites States (within the meaning of section 1331 of this title)], the district court shall sever from action all claims described in paragraph (1)(B) [those claims which are not within the original or supplemental jurisdiction of the district court] and shall remand the severed claims to the State court from which the action was removed."). These other claims are "not within the original or supplemental jurisdiction of the district court…" 28 U.S.C. § 1441(c)(1)(A)-(B).

This lawsuit consists of claims relating to Plaintiff Kavelak's exposure to Roundup® on a federal enclave, which Plaintiff agrees is within this Court's jurisdiction under Section 1331. However, the claims asserted by the other plaintiffs did not arise on a federal enclave and therefore are not within the original or supplemental jurisdiction of this Court. Thus, this Court should remand those claims back to state court. In its Notice of Removal, Defendants conceded that severance and remand of the claims that do not allege use on a federal enclave is proper. *See* Notice at p. 5 ¶ 10. This Motion is effectively unopposed; however, Plaintiff did not get consent from Defendants to file the motion unopposed. Plaintiffs' counsel reached out to Defendants via email before the filing deadline, but was not able to get a response. Plaintiffs file this Motion to expedite the remand of Plaintiffs who do not allege exposure to Roundup® on a federal enclave.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and this Court should order severance and remand the severed claims to the Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, Missouri.

Dated: June 11, 2020              Respectfully Submitted,

/s/ Arthur Murray
Arthur Murray
**Murray Law Firm**

3

> 650 Poydras Street, Suite 2150
> New Orleans, Louisiana 70130
> Tel: (504) 525-8100
> Fax: (504) 584-5249
> Email: amurray@murray-lawfirm.com

*Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2020 a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

> /s/ Arthur Murray
> Arthur Murray