BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

BRIEF IN SUPPORT OF MONSANTO COMPANY'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Upon creating MDL No. 2741, this Panel noted that the then-existing cases "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma ["NHL"]." *See* Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57.  In a later order, this Panel slightly expanded the scope of the MDL to include two other "blood cancers" – acute lymphocytic leukemia (also called acute lymphoblastic leukemia, or "ALL") and multiple myeloma.  Transfer Order, *In re Roundup Prods. Liab. Litig,*, MDL No. 2741, at 2 (J.P.M.L. Dec. 6, 2018), ECF No. 757.  Under either order, a plaintiff must have one of these specific types of cancer to be included in MDL No. 2741.

The plaintiff in *Loeffler v. Monsanto Co.*, Case No. 2:20-cv-01062-JJT (D. Ariz. filed June 1, 2020) does not have cancer of any type and, therefore, does not meet the basic criteria for inclusion in this MDL.  Instead, Ms. Loeffler alleges that she developed smoldering myeloma as a result of exposure to Roundup® products.  *See* Notice of Tag-Along from District Court, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at Compl. ¶ 1 (J.P.M.L. June 19, 2020), ECF No. 1866-1.[1]  As discussed in more detail below, smoldering myeloma is a precancerous condition

---

[1] The *Loeffler* complaint alleges both multiple myeloma and smoldering myeloma.  *See* Notice of Tag-Along from District Court, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at Compl. ¶ 1

1

that may, but does not always, develop into multiple myeloma. *See infra* at 4. Because plaintiff alleges a different, non-cancer injury, this lawsuit does not share sufficient common questions of fact with the lawsuits already centralized in MDL No. 2741, and transfer of this action will not serve "the convenience of parties and witnesses" or "promote the just and efficient conduct of such actions," 28 U.S.C. § 1407(a). Monsanto therefore requests that the Panel vacate CTO-219 as it relates to the *Loeffler* case.[2]

## I.     ARGUMENT

This Panel has found that "[r]egardless of the particular formulation of Roundup at issue (all of which employ glyphosate as the active ingredient), or the nature of plaintiff's exposure to glyphosate, all the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma in persons exposed to it while using Roundup." *See* Transfer Order at 1-2, ECF No. 57. Similarly, the MDL Court bifurcated discovery to first address the general causation question of "whether there is sufficient admissible evidence that glyphosate and/or Roundup is capable of causing cancer (specifically, Non-Hodgkin's Lymphoma) in humans." Pretrial Order No. 15: Third-Party Discovery and Pending Motions to Seal, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, at 1-2 (N.D. Cal. Mar. 13, 2017), ECF No. 186; *see also* Order re Bifurcation and Agenda for First Case Management Conference, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, at 1 (N.D. Cal. Nov. 14, 2016), ECF No. 25. This

---

(J.P.M.L. June 19, 2020), ECF No. 1866-1; *but see Id.* at Compl. ¶ 6. Plaintiff's law firm recently informed Monsanto's counsel by both phone and e-mail that plaintiff was diagnosed with smoldering myeloma, and that references to multiple myeloma were made in error. *See* June 19, 2020 E-mail from Daniel Kolomitz to Martin Calhoun (attached as Exhibit 1).

[2] Notably, neither party tagged this case as appropriate for inclusion in the MDL. The district court in Arizona independently tagged this case for transfer. *See* Notice of Tag-Along from District Court, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. June 19, 2020), ECF No. 1866.

general causation phase culminated in early March 2018 with an evidentiary hearing and oral argument on the parties' *Daubert* motions focused on plaintiffs' NHL-based allegations, and a ruling by the MDL court limited to those allegations.  *See* Pretrial Order No. 34: Modifying Schedule, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.

Under the Panel's orders, a plaintiff must allege a certain type of cancer diagnosis to be included within MDL No. 2741.  *See generally* Transfer Order at 2, ECF No. 757; *see* Transfer Order at 2, ECF No. 57.  The Panel focused on the limited types of blood cancers listed above in part because the "[International Agency for Research on Cancer] Working Group concluded that the cancers most associated with glyphosate exposure are non-Hodgkin lymphoma and other haematopoietic cancers, including lymphocytic lymphoma/chronic lymphocytic leukemia, B-cell lymphoma, and multiple myeloma."  *See* Transfer Order at 1, ECF No. 757 (citing Compl. ¶ 6, *Johnson v. Monsanto Co.*, C.A. No. 3:18-04546 (N.D. Cal. Jun. 29, 2018), ECF No. 1).

The Panel has determined that complaints alleging injuries, including other cancers, that differ from the certain blood cancers identified in its orders are "not appropriate for inclusion in this MDL."  *See* Notice to Counsel, *In re Roundup Prods. Liab. Litig,*, MDL No. 2741 (J.P.M.L. Oct. 10, 2019), ECF No. 1322 (action alleging testicular seminoma was determined to be not appropriate for inclusion in the MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig,*, MDL No. 2741 (J.P.M.L. Oct. 24, 2019), ECF No. 1368 (action alleging adenocarcinoma was determined to be not appropriate for inclusion in the MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig,*, MDL No. 2741 (J.P.M.L. Mar. 06, 2020), ECF No. 1674 (action alleging leiomyosarcoma was determined to be not appropriate for inclusion in the MDL); *see also*

Transfer Order at 1, ECF No. 757.

Exclusion from MDL No. 2741 is required here given that Ms. Loeffler does not have cancer. Smoldering myeloma is "a precancerous form of myeloma" and may – or may not – develop into active multiple myeloma at a future date. *See* University of Arkansas for Medical Sciences, *Condition: Smoldering Myeloma*, https://uamshealth.com/condition/smoldering-myeloma/ (last visited July 10, 2020); National Cancer Institute, *Drug Shows Promise in Slowing Progression of Smoldering Myeloma to Cancer*, https://www.cancer.gov/news-events/cancer-currents-blog/2019/lenalidomide-slows-progression-smoldering-myeloma (last visited July 10, 2020) ("Smoldering myeloma is a precancerous condition that alters certain proteins in blood and/or increases plasma cells in bone marrow, but it does not cause symptoms of disease. About half of those diagnosed …will develop multiple myeloma within 5 years.").

Although there is the *potential* for progression to multiple myeloma, the fact remains that Ms. Loeffler does not have cancer now and non-cancer claims differ meaningfully from those of plaintiffs with the very limited types of cancers currently in MDL No. 2741. Therefore, transfer of her case will not "serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation." *In re Welding Fume Prods. Liab. Litig.*, 560 F. Supp. 2d 1356, 1357 (J.P.M.L. 2008) (granting motion to vacate MDL transfer for plaintiff claiming different injury than plaintiffs in MDL); *see also In re Nexium (Esomeprazole) Prods. Liab. Litig.*, 908 F. Supp. 2d 1362, 1364 (J.P.M.L. 2012) (excluding plaintiff with differing injuries from those claimed by plaintiffs seeking consolidation as "not fall[ing] within the scope of this MDL"). Therefore, this case can and should proceed most efficiently in the district court in which it was filed, in the District of Arizona.

## II. CONCLUSION

For these reasons, Monsanto requests that the Panel vacate Conditional Transfer Order (CTO-219), ECF No. 1868, as it relates to *Loeffler v. Monsanto Co.*, Case No. 2:20-cv-01062-JJT (D. Ariz. filed June 1, 2020).

Dated: July 13, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*