**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**REPLY BRIEF IN SUPPORT OF MONSANTO COMPANY'S**
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Only cases involving certain types of hematopoietic cancers are to be included within MDL No. 2741. *See generally* Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Dec. 6, 2018), ECF No. 757; *see* Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57; *see also* Monsanto's Brief in Support of Monsanto's Motion to Vacate Conditional Transfer Order with Brief In Support at 3 (J.P.M.L. July 13, 2020), ECF No. 1905-1 ("Monsanto's Brief").

Plaintiff Lauren Loeffler acknowledges that she does not have one of these cancer types, and in fact, has not been diagnosed with cancer at all. *See* Pl.'s Resp. Br., ECF No. 1936-1, at 1. Nevertheless, plaintiff asserts that her case should be transferred because Monsanto "arbitrarily draws the line to exclude the precursors of multiple myeloma." *Id*.

The difference between having and not having cancer is not arbitrary. The Panel has been clear that cases which do not involve certain types of hematopoietic cancer diagnoses are not appropriate for transfer because presumably they do not share sufficiently common issues. *See infra* at 2. Transfer here would inappropriately broaden the scope of the MDL to include non-cancer claims and needlessly frustrate the purpose of the MDL to centralize only those cases that "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma

1

["NHL"]," acute lymphocytic leukemia, and multiple myeloma. *See* Transfer Order at 2, ECF No. 57; *see also* Transfer Order at 2, ECF No. 757.

I. **ARGUMENT**

    A. **Expanding MDL No. 2741 To Include Plaintiff's Case Would Undermine the Efficiency of MDL Centralization.**

Plaintiff admits that she has not been diagnosed with cancer and, instead, has been diagnosed with smoldering myeloma, which she refers to as a "precursor of blood cancer." *See* Pl.'s Resp. Br. at 1. As discussed in Monsanto's initial brief opposing transfer, smoldering myeloma may or may not develop into active multiple myeloma at an unknown future date. *See* Monsanto's Br. at 4. In fact, some people with smoldering myeloma will never develop multiple myeloma. *Id.* Thus, it is possible plaintiff *never* develops a disease at issue in the MDL cases.

Contrary to plaintiff's assertions, inclusion of a smoldering myeloma case in the MDL does not just introduce a matter of "degree" or "scale" of disease. Pl.'s Resp. Br. at 1. The appropriateness for transfer into this MDL does not turn on how severe a plaintiff's cancer is; instead, the issue is whether the plaintiff has one of the specific types of cancer diagnoses that have been deemed to share common characteristics and therefore be suitable for inclusion. Plaintiff does not and may never have cancer and therefore does not possess the basic, underlying criteria for MDL inclusion. In fact, the Panel has determined that complaints alleging injuries, including other cancers, which differ from the certain blood cancers identified in its orders are "not appropriate for inclusion in this MDL." *See* Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 10, 2019), ECF No. 1322 (action alleging testicular seminoma was determined to be not appropriate for inclusion in the MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 24, 2019), ECF No. 1368 (action alleging adenocarcinoma was determined to be not appropriate for inclusion in the

MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Mar. 6, 2020), ECF No. 1674 (action alleging leiomyosarcoma was determined to be not appropriate for inclusion in the MDL); *see also* Transfer Order at 1, ECF No. 757.

Because plaintiff's alleged injury differs from the injuries claimed by plaintiffs in MDL No. 2741, transfer of her case will not "serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation." *In re Welding Fume Prods. Liab. Litig.*, 560 F. Supp. 2d 1356, 1357 (J.P.M.L. 2008) (granting motion to vacate MDL transfer for plaintiff claiming different injury than plaintiffs in MDL); *see also In re Nexium (Esomeprazole) Prods. Liab. Litig.*, 908 F. Supp. 2d 1362, 1364 (J.P.M.L. 2012) (excluding plaintiff with differing injuries from those claimed by plaintiffs seeking consolidation as "not fall[ing] within the scope of this MDL"). Further, transfer of plaintiff's claims would require alternative and additional scientific discovery not currently underway or addressed by the MDL Court. This is particularly significant here as the MDL has been proceeding for more than four years with a specific focus on NHL and, to a lesser extent, certain other hematopoietic cancers. Transfer here also would potentially open the door to transfer of non-cancer disorders and diseases that are not currently envisioned by or at issue within the MDL. Therefore, this case can and should proceed in the district court in which it was filed, in the District of Arizona.

      **B.**    **Plaintiff's Concerns of Duplicative Discovery Are Baseless.**

Plaintiff mistakenly insists that "if [her] case is not transferred, then the Arizona District Court will have to address the question of which blood cancers may be caused by exposure to Roundup— much like the result that the Panel explicitly avoided in ECF 757." Resp. Br. at 5. She then incorrectly suggests that the parties will have to engage in discovery efforts duplicative of those in the MDL multiple myeloma cases. *Id.* At most, the Arizona District Court would be required to assess whether plaintiff's Roundup exposure caused her smoldering myeloma, a

disease and issue not considered by (and not pending before) the MDL Court. To the extent any overlapping areas of discovery exist, coordination of existing discovery between the matters can be easily facilitated to avoid duplicative effort. Such coordination efforts have often been recognized by the Panel as "both practicable and preferable to centralization" where transfer into MDL is unnecessary or inefficient. *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig.*, 38 F. Supp. 3d 1380, 1381 (J.P.M.L. 2014); *see also In re Cymbalta (Duloxetine) Prods. Liab. Litig. (No. II)*, 138 F. Supp. 3d 1375, 1377 (J.P.M.L. 2015); *In re OxyElite Pro & Jack3d Prods. Liab. Litig. (No. II)*, 65 F. Supp. 3d 1412, 1413-14 (J.P.M.L. 2014).

## II.  CONCLUSION

For these reasons, Monsanto requests that the Panel vacate Conditional Transfer Order (CTO-219), ECF No. 1868, as it relates to *Loeffler v. Monsanto Co.*, Case No. 2:20-cv-01062-JJT (D. Ariz. filed June 1, 2020).

Dated: August 10, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*