# U.S. District Court
## Middle District of Florida (Tampa)
### CIVIL DOCKET FOR CASE #: 8:20-cv-01968-VMC-SPF

Bundy v. Monsanto Company et al
Assigned to: Judge Virginia M. Hernandez Covington
Referred to: Magistrate Judge Sean P. Flynn
Case in other court: Sarasota County, 2020 CA 003366 NC
Cause: 28:1446 Notice of Removal-Personal Injury

Date Filed: 08/24/2020
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Rob Bundy**
*a single person*

represented by **Anthony James Manganiello , III**
Icard Merrill Cullis Timm Furen & Ginsburg, PA
2033 Main St Ste 600
Sarasota, FL 34237-6093
941-366-8100
Fax: 941-366-6384
Email: amanganiello@icardmerrill.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**
*a foreign corporation*

represented by **Melissa Raspall Alvarez**
McDermott, Will & Emery, LLP
Suite 4500
333 SE 2nd Ave
Miami, FL 33131
305/347-6551
Email: malvarez@mwe.com
*LEAD ATTORNEY*

**Anthony Nolan Upshaw**
McDermott, Will & Emery, LLP
Suite 4500
333 SE 2nd Ave
Miami, FL 33131
305/358-3500
Fax: 305/347-6500
Email: aupshaw@mwe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Corporation**
*a foreign corporation*

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 08/24/2020 | 1 | COMPLAINT and NOTICE OF REMOVAL from Sarasota, case number 2020 CA 003366 NC filed in State Court on 8/6/2020. Filing Fee $400, receipt number 113A-17217428 filed by Monsanto Company. (Attachments: # 1 State Court COMPLAINT Exhibit 1, # 2 Amended State Court COMPLAINT Exhibit 2, # 3 State Court Other Documents Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 State Court Docket Sheet, # 7 Civil Cover Sheet, # 8 Monsanto's Corporate Disclosure)(Upshaw, Anthony) Modified on 8/25/2020 (CRH). (Entered: 08/24/2020) |
| 08/24/2020 | 2 | NEW CASE ASSIGNED to Judge Virginia M. Hernandez Covington and Magistrate Judge Sean P. Flynn. New case number: 8:20-cv-1968-T-33SPF. (SJB) (Entered: 08/24/2020) |
| 08/24/2020 | 3 | ANSWER and affirmative defenses to Complaint with Jury Demand by Monsanto Company.(Upshaw, Anthony) (Entered: 08/24/2020) |
| 08/25/2020 | 4 | **ENDORSED ORDER: The Court has reason to believe that this action is subject to MDL 2741, In Re: Roundup Products Liability Litigation. Plaintiff is accordingly directed to advise the Court by September 2, 2020, of the status of this case and whether this action should be stayed pending transfer to the MDL. Signed by Judge Virginia M. Hernandez Covington on 8/25/2020. (SGM)** (Entered: 08/25/2020) |
| 08/25/2020 | 5 | **RELATED CASE ORDER AND NOTICE of designation under Local Rule 3.05 - track 2. Signed by Judge Virginia M. Hernandez Covington on 8/25/2020. (TWL)** (Entered: 08/25/2020) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/25/2020 16:05:10 | | | |
| **PACER Login:** | hllp1982:2634105:4722683 | **Client Code:** | 1417.0049 |
| **Description:** | Docket Report | **Search Criteria:** | 8:20-cv-01968-VMC-SPF |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
*CIVIL DIVISION*

ROB BUNDY, a single person,
    Plaintiff,

vs.                            CASE NO. 2020 CA 003366 NC

BAYER CORPORATION and
MONSANTO COMPANY,
    Defendants.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ROB BUNDY, by and through his undersigned attorneys, and sues the Defendants, BAYER CORPORATION and MONSANTO COMPANY and states as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interests. This Court has subject matter jurisdiction pursuant to section 26.012, Florida Statutes.

2. Venue is appropriate before the Twelfth Judicial Circuit as the cause of action accrued in Sarasota County, Florida.

3. At all times material herein, Plaintiff, ROB BUNDY, (hereinafter "BUNDY), was a resident of Sarasota County, Florida.

4. At all times material hereto, the Defendants, BAYER CORPORATION and MONSANTO COMPANY, (hereinafter "BAYER/MONSANTO), were licensed to conduct business and distribute their products within the State of Florida and Sarasota County, Florida and, in fact, did conduct significant business within the State of Florida generally and specifically within Sarasota County. This business included, but is not limited to the marketing,

01197573-1

distribution and sale of Roundup, a herbicide which has been linked to causing Non-Hodgkins Lymphoma.

5. Plaintiff, BUNDY was exposed to, and harmed by, Defendants, BAYER/MONSANTO's product Roundup for a five year period from 2007 to 2012 as a consequence of his ownership of a lawncare business in Sarasota County, Florida and his use of and exposure to the Roundup product.

6. Monsanto, is a wholly owned subsidiary of the Bayer Corporation, having been purchased by Bayer Corporation in June 2018 with Bayer assuming all assets and liabilities of Monsanto Company, Bayer Corporation and Monsanto Company are jointly and severally liable for any and all injuries and harm proximately caused by use of the product Roundup to Plaintiff, BUNDY.

7. Plaintiff, BUNDY used Roundup on a regular basis, and as a result was exposed to and harmed by Roundup, within his lawncare business for the five years prior to his diagnosis of Non-Hodgkin's Lymphoma in 2012.

8. Plaintiff, BUNDY was regularly exposed to the ingredient glysophate, which was a major ingredient in the manufacturing of Defendants, BAYER/MONSANTO product Roundup.

9. Defendants, BAYER/MONSANTO were aware, as early as 1981, that the ingredient glysophate was a known carcinogen and that the product Roundup which contained glysophate as a major ingredient was therefore not reasonably safe as designed and distributed.

10. Defendants, BAYER/MONSANTO having knowledge of the design defect within its product Roundup, failed to warn of glysophate's causal relation to cancer and that the product was not reasonably safe.

01185346-3

11. In fact, Defendants, BAYER/MONSANTO distributed scientific papers proclaiming the safety of its products while having constructive knowledge of the carcinogenic characteristics of glysophate. The Defendants, BAYER/MONSANTO went so far as to "ghost write" scientific papers falsely proclaiming the safety of its herbicides all the while knowing of the carcinogenic properties of glysophate. Defendants, BAYER/MONSANTO also intervened within government review of glysophate toxicity and engineered efforts to discredit critics of their products.

12. The actions were done for a singular purpose: to protect Defendants, BAYER/MONSANTO's profits by concealing the known cancer risk of Roundup to the public and to its consumers.

13. As a direct and proximate cause of his exposure to Roundup the Plaintiff, BUNDY developed Non-Hodgkins Lymphoma and was forced to undergo extensive and painful treatments including but not limited to chemotherapy. The very nature of this disease, and the nature of the exposure, is such that the Plaintiff, BUNDY will suffer increased cancer risk the rest of his life and therefore the Plaintiff, BUNDY must undergo continuing monitoring to guard against the cancer's recurrence. The stress and anxiety associated with same has caused a dramatic impact on the Plaintiff, BUNDY's ability to enjoy his life and has caused extreme and ongoing mental anguish.

14. This disease devastated the Plaintiff, BUNDY's family, and his business. The disabilities associated with Non-Hodgkins Lymphoma has negatively effected the Plaintiff, BUNDY's ability to work and his earning capacity.

15. The Plaintiff, BUNDY first had notice that Roundup was the cause of his Non-Hodgkins Lymphomaon or about April 2, 2020 when he was provided a report by Dr. Tony S. Quang.

## COUNT I – NEGLIGENCE

16. The Plaintiff re-alleges and incorporates by reference hereto the allegations contained in paragraphs 1 through 15 of the General Allegations, as if fully set forth herein.

17. As outlined above, Defendants, BAYER/MONSANTO knew that their product, Roundup was unreasonably dangerous and likely to cause Non-Hodgkins Lymphoma to the consumers of this product.

18. Despite this knowledge, Defendants, BAYER/MONSANTO continued to negligently keep glysophate as part of the design of its Roundup product. Despite this knowledge, Defendants, BAYER/MONSANTO continued to negligently manufacture Roundup with glysophate as a major ingredient. And, despite this knowledge, Defendants, BAYER/MONSANTO never warned its consumers of the inherently dangerous properties of glysophate in any of the packaging or materials associated with its product Roundup during the years relevant to this action.

19. These actions were each blatant breaches of the duty Defendants, BAYER/MONSANTO owed to its consumer/consumer BUNDY.

20. As a direct and proximate result of the above described negligent conduct of the Defendants, BAYER/MONSANTO, and the Plaintiff, BUNDY's exposure to Defendant's product, Roundup, the Plaintiff, BUNDY, incurred Non-Hodgkins Lymphoma and has sustained extensive damages which include but are not limited to:

(a) Medical expenses in the past and continuing indefinitely into the future;
(b) Devastation to his business and family life in the past and continuing indefinitely into the future;
(c) Significant and permanent loss of important bodily functions;
(d) His ability to work and loss of earning in the past and continuing indefinitely into the future;

01185346-3

(e) Pain and suffering, emotional distress, loss of enjoyment of life in the past and continuing indefinitely into the future; and

(f) Entitlement to Punitive damages, which will be separately alleged through amendment pursuant to Florida law.

21. The aforementioned losses/damages are either permanent or continuing in nature and the Plaintiff, BUNDY, will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, BUNDY, by and through his undersigned attorneys demands judgement against Defendants, BAYER/MONSANTO, jointly and severally for damages in an amount within the jurisdictional limits of this Court, to wit: more than Thirty Thousand Dollars ($30,000.00) plus costs and for such other relief to which the Plaintiff, BUNDY, may be justly entitled.

## COUNT II – STRICT LIABILITY

22. The Plaintiff re-alleges and incorporates by reference hereto the allegations contained in paragraphs 1 through 15 of the General Allegations, as if fully set forth herein.

23. At all times relevant, the Defendants, BAYER/MONSANTO were a manufacturer, wholesaler, distributor and/or retailer of the product Roundup.

24. Plaintiff, BUNDY was an actual and intended consumer of the product Roundup. Plaintiff, BUNDY utilized this product without any substantial change in its condition from the time it was manufactured and/or sold by the Defendants, BAYER/MONSANTO and utilized this product in the manner in which it was intended and/or reasonably foreseen by the Defendants, BAYER/MONSANTO.

25. Based on their actions above, the Defendants, BAYER/MONSANTO are wholly, jointly and severally liable for the acts and actions of BAYER/MONSANTO, as a consequence of the purchases in whole of all assets and liabilities outlined above.

26. At all times relevant Roundup was inherently and unreasonably dangerous as it contained the known carcinogen glysophate.

27. Defendants, BAYER/MONSANTO are strictly liable to Plaintiff, BUNDY under Restatement of Torts § 402A and Florida Law, making Defendants strictly liable for their

01185346-3

product which was not reasonably safe as designed, manufactured and/or not reasonably safe because adequate warnings or instructions were not provided.

28. As a direct and proximate result of the above described conduct and the above described activities by the Defendants, BAYER/MONSANTO, and the Plaintiff, BUNDY's exposure to Defendant's product, Roundup, the Plaintiff, BUNDY, incurred Non-Hodgkins Lymphoma and has sustained extensive damages which include but are not limited to:

(a) Medical expenses in the past and continuing indefinitely into the future;
(b) Devastation to his business and family life in the past and continuing indefinitely into the future;
(c) Significant and permanent loss of important bodily functions;
(d) His ability to work and loss of earning in the past and continuing indefinitely into the future;
(e) Pain and suffering, emotional distress, loss of enjoyment of life in the past and continuing indefinitely into the future; and
(f) Entitlement to punitive damages, which will be separately alleged through amendment pursuant to Florida law.

WHEREFORE, Plaintiff, BUNDY, by and through his undersigned attorneys demands judgement against Defendants, BAYER/MONSANTO, jointly and severally for damages in an amount within the jurisdictional limits of this Court, to wit: more than Thirty Thousand Dollars ($30,000.00) plus costs and for such other relief to which the Plaintiff, BUNDY, may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand trial by jury concerning all issues contained in the above styled cause of action.

01185346-3

## DESIGNATION OF EMAIL ADDRESSES FOR SERVICE OF DOCUMENTS

Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), the undersigned counsel gives notice of the following primary, secondary and tertiary e-mail addresses for service of pleadings in this matter:

Primary Email Address: Amangnaiello@icardmerrill.com

Secondary Email Address: Rgrek@icardmerrill.com

DATED this 14th day of August, 2020.

> ICARD, MERRILL, CULLIS, TIMM,
> FUREN & GINSBURG, P.A.
> 2033 Main Street, Suite 600
> Postal Drawer 4195
> Sarasota, Florida 34230
> (941) 366-8100 - Phone
> (941) 366-6384 - Fax
>
>
> ANTHONY J. MANGANIELLO, III, ESQ.
> Florida Bar No. 0052307
> *Attorneys for Plaintiff*

01185346-3