# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
### CIVIL DOCKET FOR CASE #: 5:20-cv-01136

Griego v. Monsanto Company
Assigned to:
Demand: $1,000,000,000
Case in other court: 408th Judicial District Court, Bexar County,
                 2020-CI-16069
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/23/2020
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Nick Manuel Griego**
*as Independent Executor of the Estate of*
*Sylvia Lillian Solis, Deceased*

represented by **Nick Manuel Griego**
5802 Imperial Topaz
San Antonio, TX 78222
PRO SE

V.

**Defendant**

**Monsanto Company**

represented by **Ryan S. Killian**
Shook Hardy and Bacon LLP
600 Travis Street, Suite 3400
Houston, TX 77002
713-227-8008
Fax: 713-227-9508
Email: rkillian@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennise Walker Stubbs**
Shook, Hardy & Bacon, L.L.P.
600 Travis St.
Suite 3400
Houston, TX 77002
(713) 546-5682
Fax: (713) 227-9508
Email: jstubbs@shb.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2020 | 1 | NOTICE OF REMOVAL by Monsanto Company (Filing fee $400 receipt number 0542-14000094), filed by Monsanto Company. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Civil Cover Sheet, # 4 Supplement Civil Cover Sheet)(Stubbs, Jennise) (Entered: 09/23/2020) |
| 09/23/2020 | 2 | Certificate of Interested Parties by Monsanto Company. (Stubbs, Jennise) (Entered: 09/23/2020) |

## PACER Service Center

### Transaction Receipt

| 09/24/2020 15:05:48 | | | |
|---|---|---|---|
| **PACER Login:** | hllp1982:2634105:4722683 | **Client Code:** | 1417.0049 |
| **Description:** | Docket Report | **Search Criteria:** | 5:20-cv-01136 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# EXHIBIT 1

Nick Griego
email: Griegomnick@yahoo.com
210-845-9802

2020-CI-16069

408TH JUDICIAL DISTRICT COURT
NICK M GRIEGO VS ROUND UP MONSANTO COMP
DATE FILED: 08/24/2020

| | | |
|---|---|---|
| NICK MANUEL GRIEGO, as | § | IN THE DISTRICT COURT |
| Independent Executor of the Estate of | § | |
| **SYLVIA LILLIAN SOLIS,** Deceased | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| **ROUND UP** | § | _____ JUDICIAL DISTRICT |
| **MONSANTO COMPANY** | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, NICK MANUEL GRIEGO, Address 5802 Imperial Topaz San Antonio Texas 78222 as Independent Executor of the Estate of SYLVIA LILLIAN SOLIS, Deceased, files this Original Petition against ROUND UP/MONSANTO COMPANY, herein referred to as Defendant, and shows unto the Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure.

### RELIEF

2.    Pursuant to Texas Rules of Civil Procedure 47(c)(5), Plaintiff seeks monetary relief over $1,000,000.

### PARTIES

3.    Plaintiff, NICK MANUEL GRIEGO, brings this wrongful-death action as the executor of the estate of SYLVIA LILLIAN SOLIS ("Decedent"), because none of the individuals entitled to bring this action have done so and it has been three months since decedent died. Plaintiff

is a resident of Bexar County, Texas; decedent, at the time of death, was a resident of Bexar County, Texas.

    4.     Defendant, ROUND UP/MONSANTO COMPANY, a Nonresident Corporation, may be served pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company** at the following address: **211 E. 7th Street, Suite 620, Austin, Texas 78701-3218**. Service of said Defendant as described above can be affected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

    5.     Plaintiff. seeks damages within the jurisdictional limits of this Court

    6.     Jurisdiction. Petition was filed within proper statute of limitations

## FACTS

    7.     On August 24th, 2018, at San Antonio Bexar County, Texas, Sylvia Lillian Solis became ill and ultimately died from Leukemia from direct exposure to ROUND UP/MONSANTO COMPANY products as a Migrant Farm Worker/Rancher

    8. When Discovery is made  *{State other relevant facts in separately numbered paragraphs.}*  *{See "Alleging facts,"* **O'Connor's Texas Rules * Civil Trials**, ch. 2-B, § 7.2.1 (2020 ed.).}

## WRONGFUL DEATH ACTION

    9.     Plaintiff is the Executor of the estate of SYLVIA LILLIAN SOLIS ("Decedent").

    10.    Decedent died as a result of defendant's wrongful conduct.

    11.    Decedent would have been entitled to bring this action against Defendant if

Decedent had lived.

12.    {*In separately numbered paragraphs, identify elements and facts supporting a negligence claim.*}  {*See* FORM 21A:1; *"Negligence,"* **O'Connor's Texas Causes of Action**, ch. 21-A, § 1 et seq. (2020 ed.).}

12.    {*In separately numbered paragraphs, identify elements and facts supporting another claim actionable under the Texas Wrongful Death Act.*}  {*See "Conduct that is actionable,"* **O'Connor's Texas Causes of Action**, ch. 7-B, § 2.3.1(1) (2020 ed.).}

13.    Defendant's conduct that caused decedent's death was a producing cause of injury to plaintiff, which resulted in the following damages: {*identify plaintiff's damages*}. { *See "Plaintiff suffered actual injury,"* **O'Connor's Texas Causes of Action**, ch. 7-B, § 2.5 (2020 ed.); *"Remedies,"* **O'Connor's Texas Causes of Action**, ch. 7-B, § 3 (2020 ed.); *"Pleading exemplary damages,"* **O'Connor's Texas Causes of Action**, ch. 41-A, § 3.4 (2020 ed.).}

## DAMAGES

The conduct of Defendant, as alleged above, was a direct, proximate and producing cause of the damages resulting from the exposure of Plaintiff's Decedent, and of the following general and specific damages Plaintiff's Decedent sustained the following:

a.    Damages to punish Defendant for proximately causing Decedent's cancer and/or wrongful death;

b.    The conscious physical pain and suffering and mental anguish sustained by Decedent;

c.    The physical impairment and/or death suffered by Decedent;

d.    Reasonable and necessary medical and/or funeral/burial expenses incurred by Plaintiff's Decedent; and

e.    Plaintiff seeks punitive and exemplary damages.

f.      All legal fees be paid by defendant

## SURVIVAL ACTION

16.     In *{the alternative/addition}* to other counts, decedent, before dying, had a cause

of action for *{identify cause of action}* . *{In separately numbered paragraphs, identify elements*

*and facts supporting a survival action, add any claims for exemplary damages, attorney fees, or*

*equitable relief, and include a statement that damages are within the jurisdictional limits of the*

*court. See ¶ 14, this form.}* *{See* FORM 7A:1; *"Survival,"* **O'Connor's Texas Causes of Action,**

ch. 7-A, § 1 et seq. (2020 ed.).*}*

## JURY DEMAND

18.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial of this

cause, they recover judgment of and against the Defendants for damages in a sum in excess of the

minimum jurisdictional limits of the Court, plus interest thereon at the legal rate, for pre- and post-

judgment interest, for costs of Court, and for such other and further relief to which they may show

herself justly entitled.

Respectfully submitted,

8/24/2020

Nick Manuel Griego
*Pro Se*



null / ALL
**Transmittal Number: 21947115**
Date Processed: 08/27/2020

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Anne Troupis (Monsanto)<br>Bayer U.S. LLC<br>800 N Lindbergh Blvd<br>Saint Louis, MO 63167-1000 |

| | |
|---|---|
| **Entity:** | Monsanto Company<br>Entity ID Number  2282193 |
| **Entity Served:** | Round Up Monsanto Company |
| **Title of Action:** | Griego, Nick Manuel, as Independent Executor of the Estate of Sylvia Lillian Solis  vs. Round Up Monsanto Company |
| **Matter Name/ID:** | Griego, Nick Manuel, as Independent Executor of the Estate of Sylvia Lillian Solis  vs. Round Up Monsanto Company (10468154) |
| **Document(s) Type:** | Petition |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2020-CI-16069 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/26/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Nick Manuel Griego<br>210-845-9802 |

**Notes:**    The document matches the original as it was received.  All pages served are included in the image.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

NICK Griego
5802 Imperial topar
SAn Antonio TX
78222



U.S. POSTAGE PAID
FCM LETTER
SAN ANTONIO, TX
78223
AUG 24, 20
AMOUNT
$6.95
R2303S100408-99

1000          78701

AttN: LegaT DEP"
Round up / Monsanto
211 E 7th Street, Suit 620
Austin TX.
78701-3218



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 0090 0001 5171 5934

78701-321870



2020-CI-16069

408TH JUDICIAL DISTRICT COURT
NICK M GRIEGO VS ROUND UP MONSANTO COMP
DATE FILED: 08/24/2020

Pro Se Acknowledgement

Cause Number:_____

I have received, read and understand all of the Pro Se Hearing Guidelines. I agree to abide by these guidelines and understand that my failure to do so may result in adverse action against me, that I may be asked to leave the Courtroom, or that I may not receive the relief I am seeking.

If the opposing party will sign a **Waiver of Citation**, it is only valid if the notarized signature is dated <u>at least one (1) day after</u> the date the **Original Petition for Divorce** is filed.

If I am filing for a divorce or for a change in custody, and my spouse and I care for minor-age children, I will take the required class, **"Helping Children Cope with Divorce"**, <u>before</u> asking the court to enter a final Order or Decree. I understand that my divorce will not be granted without presenting the certificate of completion.

I understand that I may hire an attorney to represent me or, if I meet certain requirements, I may be entitled to free counsel. By choosing to voluntarily represent myself, I am now proceeding Pro Se. I will receive no special favors, assistance, or advice from the Judge, judicial staff, or clerks as they cannot and do not represent either party in the litigation. I will be expected to comply with all relevant rules of procedural, evidentiary, and substantive law. I understand that the filing and service fees are not refundable under any circumstance.

_____
Signature of Pro Se Litigant

8/24/2020
_____
Date



**DOCUMENT SCANNED AS FILED**



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*September 21, 2020*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

EMERIL GOODSELL, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

**NOTICE: THIS DOC**

408TH JUDICIAL DISTRICT COURT

Cause   NICK M GRIEGO  VS ROUND UP MONSANTO COMP.

DATE FILED: 08/24/2020                    (this form)

Plaintiff: _Nick Griego_          In the   (check one):
(Print first and last name of the person filing the lawsuit.)   ☐ District (
                                          _____
And                                      Court   ☐ County \
                                         Number   ☐ Justice Court   2020CI16069 -P00003

Defendant: _Roundup / Monsanto Company_ _Bexar_   Texas
(Print first and last name of the person being sued.)   County

## Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

### 1. Your Information

My full legal name is: _Nick_   _Manuel_   _Griego_   My date of birth is: _04/29/1982_
                         First      Middle       Last                        Month/Day/Year

My address is: (Home) _582 Fm Perial topaz San Antonio TX 78222_

(Mailing) _____

My phone number: _210-815-9802_ My email: _Griegomnick@yahoo.com_

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | Esmeralda Baca | 58 | mom |
| 2 | Kylie Griego | 18 | Daughter |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

### 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

☐ I do not receive needs-based public benefits. **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:
(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)
☐ Food stamps/SNAP   ☐ TANF ☐ Medicaid   ☐ CHIP   ☐ SSI ☐ WIC   ☐ AABD
☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance ☐ Emergency Assistance
☒ Telephone Lifeline   ☐ Community Care via DADS   ☒ LIS in Medicare ("Extra Help")
☒ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☒ Other: _Social Security Disability / Disabled PTSD Veteran_

**DOCUMENT SCANNED AS FILED**

**4. What is your monthly income and income sources?**

I get this monthly income:

$ 0    in monthly wages. I work as a _____ for _____
                                      *Your job title*            *Your employer*

$ 0    in monthly unemployment. I have been unemployed since *(date)* _____

$ 0    in public benefits per month.

$ 0    from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 1301    from ☐ Retirement/Pension ☐ Tips, bonuses ☐ Disability ☐ Worker's Comp
             ☒ Social Security ☐ Military Housing ☐ Dividends, interest, royalties
             ☐ Child/spousal support
             ☐ My spouse's income or income from another member of my household *(If available)*

$ 0    from other jobs/sources of income. *(Describe)* _____

$ 0    is my *total* **monthly** income.

**5. What is the value of your property?**
"My **property** includes:       Value*

| | |
|---|---|
| Cash | $ 0 |
| Bank accounts, other financial assets | |
| _____ | $ 0 |
| _____ | $ 0 |
| _____ | $ 0 |
| Vehicles (cars, boats) *(make and year)* | |
| _____ | $ 0 |
| 1994 toyota tacoma | $ 3000 |
| _____ | $ 0 |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| _____ | $ 0 |
| _____ | $ 0 |
| _____ | $ 0 |

*Total* value of property → $ 3000

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**
"My monthly expenses are:      Amount

| | |
|---|---|
| Rent/house payments/maintenance | $ 900 |
| Food and household supplies | $ 150 |
| Utilities and telephone | $ 170 |
| Clothing and laundry | $ |
| Medical and dental expenses | $ |
| Insurance (life, health, auto, etc.) | $ 30 |
| School and child care | $ |
| Transportation, auto repair, gas | $ |
| Child / spousal support | $ |
| Wages withheld by court order | |
| | $ |
| Debt payments paid to: *(List)* | $ |
| _____ | $ |
| | $ |

*Total* Monthly Expenses → $ 1250

**7. Are there debts or other facts explaining your financial situation?**
"My **debts** include: *(List debt and amount owed)*   Credit Debt

_____
_____

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") Check here if you attach another page.*☐

**8. Declaration**
I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is _Nick Greyo_ . My date of birth is : 09/29/1982

My address is 5602 Imperial Oak San Antonio, Texas 78272
             *Street*                *City*       *State*       *Zip Code*       *Country*

▶ _____   signed on 0 nd Nov in Bexar County, Texas
*Signature*             *Month/Day/Year*       *county name*       *State*

DOCUMENT SCANNED AS FILED

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:



*September 21, 2020*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By:

EMERIL GOODSELL, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

FILED
9/21/2020 8:53 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo

## CAUSE NO. 2020-CI-16069

| | | |
|---|---|---|
| **NICK MANUEL GRIEGO,** as | § | **IN THE DISTRICT COURT OF** |
| Independent Executor of the Estate of | § | |
| **SYLVIA LILLIAN SOLIS,** Deceased | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **ROUNDUP** | § | |
| **MONSANTO COMPANY,** | § | |
| | § | |
| **Defendant.** | § | **408TH JUDICIAL DISTRICT** |

---

### DEFENDANT MONSANTO COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Monsanto Company ("Monsanto") (incorrectly named as "Round Up/Monsanto Company"), by and through the undersigned counsel, and files its Answer to Plaintiff's Original Petition and respectfully states as follows:

### I.     GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Monsanto generally denies each and every allegation made against it in Plaintiff's Original Petition and demands strict proof thereof.

### II.     AFFIRMATIVE AND/OR SEPARATE DEFENSES

1.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that the Original Petition, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that venue is improper in this Court.

3.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred because Plaintiff cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

4.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's and/or Plaintiff's Decedent's alleged injuries.

5.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

6.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

7.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

8.      Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

9.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that any claims based on allegations that Monsanto misled, defrauded, made misrepresentations to, or withheld information from U.S. EPA are preempted by federal law. *See, e.g.*, *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Nathan Kimmel, Inc. v. Dowelanco*, 275 F.3d 1199 (9th Cir. 2002).

10.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

11.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred, in whole or in part, because Plaintiff's and/or Plaintiff's Decedent's injuries, if any, were the result of conduct of Plaintiff, Plaintiff's Decedent, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to pre-existing medical conditions.

12.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that the doctrines contained in Restatement (Second) of Torts § 402A, comments j and k, bar Plaintiff's claims against Monsanto in whole or in part.

13.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that applicable statutes of limitations and/or repose bar Plaintiff's claims in whole or in part.

14.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that the doctrine of laches bars Plaintiff's claims in whole or in part.

15.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's Decedent's misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

16.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that if Plaintiff and/or Plaintiff's Decedent experienced injuries or damages as alleged, which is denied, such injuries or damages resulted from:  (a) acts or omissions of persons or entities for which Monsanto is neither liable nor responsible or, in the alternative, Monsanto is entitled to an assessment of the relative degree of fault of all such persons and entities; or (b) resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Monsanto.  Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's and/or Plaintiff's Decedent's alleged injuries or damages.

17.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Monsanto had no legal relationship or privity with Plaintiff and/or Plaintiff's Decedent and owed no duty to Plaintiff and/or Plaintiff's Decedent by which liability could be attributed to it.

18.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Monsanto made no warranties of any kind or any representations of any nature whatsoever to Plaintiff and/or Plaintiff's Decedent.  If any such warranties were made, which Monsanto specifically denies, then Plaintiff and Plaintiff's Decedent failed to give notice of any breach thereof.

19.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that any representations that were made, if any, were made without any intent to induce reliance.

20.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's Decedent assumed the risks alleged in the Petition.

21.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are preempted or otherwise barred in whole or in part by the Freedom of Speech Clause of the First Amendment of the U.S. Constitution.

22.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims for punitive and/or exemplary damages are barred because such an award would violate Monsanto's due process, equal protection and other rights under the United States Constitution, the Texas Constitution, and/or other applicable state constitutions.

23.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims for punitive and/or exemplary damages are barred because Plaintiff has failed to allege conduct warranting imposition of such damages under Texas law and/or other applicable laws.

24.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law, including Tex. Civ. Prac. & Rem. Code §§ 41.004(a), 41.008(b).

25.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred in whole or in part by Plaintiff's and/or Plaintiff's Decedent's own contributory/comparative negligence.

26.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred in whole or in part by Plaintiff's and/or Plaintiff's Decedent's own failure to mitigate damages.

27.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that the incidents made the basis of this lawsuit were unavoidable accidents, and thus, Plaintiff's claims are barred.

28.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred in whole or in part by the sophisticated user doctrine.

29.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff and/or Plaintiff's Decedent received from collateral sources.

30.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that if Plaintiff and/or Plaintiff's Decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

31.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred or limited to the extent that Plaintiff asserts claims that are governed by the laws of a state that does not recognize, or limits, such claims.

32.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred to the extent that Plaintiff seeks relief under the laws of states that do not govern Plaintiff's claims.

33.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff's claims are barred, in whole or in part, by application of Tex. Civ. Prac. & Rem. Code § 82.008.

34.     Subject to and without waiver of its general denial, Monsanto affirmatively asserts that Plaintiff has failed to allege fraud with sufficient particularity.

35.     Subject to and without waiver of its general denial, Monsanto further pleads that it

is entitled to all the benefits and defenses regarding settlement credits available to Monsanto pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, including credit or set-off for any money collected by Plaintiff and/or Plaintiff's Decedent from any tortfeasor as settlement or judgment based on the incident and injuries at issue in this case.

36.     Monsanto pleads and incorporates all affirmative defenses pleaded by any other party to the extent those defenses are applicable to the claims against Monsanto.

37.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

### III.     JURY DEMAND

Monsanto hereby demands a trial by jury on all issues in this action.

### IV.     PRAYER

WHEREFORE, Monsanto respectfully demands judgment in its favor and against Plaintiff, dismissing Plaintiff's Original Petition with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated:  September 21, 2020

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  */s/ Ryan S. Killian*

Jennise W. Stubbs
State Bar No.:  24033309
jstubbs@shb.com
Ryan S. Killian
State Bar No.:  24105667
rkillian@shb.com
600 Travis Street, Suite 3400
Houston, TX  77002-2926
Telephone:     (713) 227-8008
Facsimile:      (713) 227-9508

*Attorneys for Defendant,*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of September 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the e-filing system and was separately served via (1) certified mail and (2) electronic mail on the Plaintiff:

Nick M. Griego
5802 Imperial Topaz
San Antonio, TX 78222
Midland, TX – 79710
Email: griegomnick@yahoo.com

*/s/ Ryan S. Killian*
Ryan S. Killian