# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION**                                                    MDL No. 2741

## ORDER VACATING CONDITIONAL TRANSFER ORDER

　　**Before the Panel:**  Defendant Monsanto Company moves under Panel Rule 7.1 to vacate our order conditionally transferring the District of Arizona *Loeffler* action listed on Schedule A to the Northern District of California for inclusion in MDL No. 2741.  Plaintiff opposes the motion.

　　After considering the argument of counsel, we conclude that inclusion of *Loeffler* in MDL No. 2741 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  The actions in this MDL involve allegations that plaintiffs developed non-Hodgkin's lymphoma or certain other haematopoietic cancers, including multiple myeloma, as a result of exposure to Monsanto's glyphosate-based herbicides.  *See* Transfer Order at 1–2, MDL No. 2741 (J.P.M.L. Dec. 6, 2018), ECF No. 757.  Plaintiff argues that transfer of *Loeffler* is appropriate because she alleges that she has been diagnosed with "smoldering myeloma."[1] The parties do not dispute that smoldering myeloma is not cancer, but rather a clonal plasma cell disorder that often, though not always, develops into multiple myeloma.  Transferring *Loeffler* to the MDL thus would constitute an expansion of the litigation to non-cancerous conditions.

　　Such an expansion is not appropriate at this juncture.  While there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation, MDL No. 2741 is sufficiently mature that transfer of actions involving new injuries is not warranted.  General causation discovery is complete, and defendant recently announced a settlement that potentially may resolve all or most of the actions currently in the MDL.  Adding cases involving a new injury will only complicate pretrial proceedings and the resolution of the litigation.

　　Plaintiff argues that she will have to duplicate the discovery conducted in the MDL absent transfer.  Alternatives exist, though, to minimize any potential for duplicative discovery.  *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).  In particular, relevant discovery of Monsanto obtained in the MDL can be made available to plaintiff in *Loeffler*.

　　IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated "CTO-

---

[1] Although the complaint also refers to multiple myeloma, the parties agree that plaintiff does not, in fact, suffer from multiple myeloma.

-2-

219" is vacated with respect to the action listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION**                              MDL No. 2741

## SCHEDULE A

<u>District of Arizona</u>

LOEFFLER v. MONSANTO COMPANY, C.A. No. 2:20−01062