# U.S. District Court
## Southern District of Indiana (Indianapolis)
### CIVIL DOCKET FOR CASE #: 1:20-cv-02580-SEB-MPB

| | |
|---|---|
| PIGANELLI v. MONSANTO COMPANY | Date Filed: 10/05/2020 |
| Assigned to: Judge Sarah Evans Barker | Jury Demand: Both |
| Referred to: Magistrate Judge Matthew P. Brookman | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Case in other court: Hamilton County Superior Court, 29D02-2009-CT-6386 | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity-Product Liability | |

**Plaintiff**

| | | |
|---|---|---|
| ROBERT PIGANELLI | represented by | David Alan Anderson<br>ANDERSON & ASSOCIATES PC<br>8900 Keystone Crossing<br>Suite 1100<br>Indianapolis, IN 46240<br>317-846-6655<br>Fax: 317-875-7384<br>Email: andersonlawassoc@sbcglobal.net<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| MONSANTO COMPANY | represented by | Daniel David Trachtman<br>WOODEN & MCLAUGHLIN LLP (Indianapolis)<br>One Indiana Square<br>Suite 1800<br>Indianapolis, IN 46204-2019<br>(317)639-6151<br>Fax: (317)639-6444<br>Email: dan.trachtman@woodenmclaughlin.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2020 | 1 | NOTICE OF REMOVAL from Hamilton County Superior Court, case number 29D02-2009-CT-6386, filed by MONSANTO COMPANY. (Filing fee $400, receipt number 0756-6212269) (Attachments: # 1 Exhibit 1 to Notice of Removal (State Court Record), # 2 Exhibit 2 to Notice of Removal, # 3 Civil Cover Sheet)(Trachtman, Daniel) (Entered: 10/05/2020) |
| 10/05/2020 | 2 | NOTICE of Appearance by Daniel David Trachtman on behalf of Defendant MONSANTO COMPANY. (Trachtman, Daniel) (Entered: 10/05/2020) |
| 10/05/2020 | 3 | ANSWER to Complaint (Notice of Removal) with Jury Demand , filed by MONSANTO COMPANY.(Trachtman, Daniel) (Entered: 10/05/2020) |
| 10/05/2020 | 4 | Corporate Disclosure Statement by MONSANTO COMPANY. (Trachtman, Daniel) |

| | | |
|---|---|---|
| | | (Entered: 10/05/2020) |
| 10/06/2020 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (AKH) (Entered: 10/06/2020) |

Case #: 1:20-cv-02580-SEB-MPB

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/06/2020 15:42:40 | | | |
| **PACER Login:** | hllp1982:2634105:4722683 | **Client Code:** | 1417.0049 |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-02580-SEB-MPB |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

| | |
|---|---|
| STATE OF INDIANA | ) IN THE HAMILTON COUNTY SUPERIOR COURT #2 |
| | ) SS: |
| COUNTY OF HAMILTON | ) CAUSE NO.: 29D02 - 2009- C7 -_____ |

ROBERT PIGANELLI          )
    Plaintiff,                    )
vs.                                     )
                                          )
MONSANTO                      )      TRIAL BY JURY IS DEMANDED
    Defendant.                )

## COMPLAINT

Comes now the Plaintiff, Robert Piganelli, by counsel, and files his Complaint against the Defendant, Monsanto, as follows:

### A. PARTIES

1. At all times relevant hereto, the Plaintiff, Robert Piganelli, was and still is a resident of the City of Carmel, County of Hamilton, State of Indiana.

2. At all times relevant hereto, the Defendant was and still is a Delaware Corporation with a principle place of business in St. Louis, Missouri.

### B. FACTUAL ALLEGATIONS

3. At all relevant times herein, Defendant was in this business of designing, researching, manufacturing, testing, advertising and distributing the commercial herbicide *Roundup*.

4. The Defendant is a multinational agricultural biotechnology company and is the leading producer of glyphosate.

5. The Defendant has manufactured and sells/sold *Roundup* as a broad-spectrum herbicide since the 1970's.

6. Glyphosate is the active ingredient in *Roundup* and acts as a broad-spectrum herbicide used to kill weeds and grasses.

1

7. Studies have shown that the glyphosate in *Roundup* contains carcinogenic properties.

8. As early as the 1980's, the Defendant was aware of glyphosate's carcinogenic properties.

9. Despite such knowledge, the Defendant continued to market "*Roundup*" as "safer than table salt" and "practically non-toxic" to mammals, birds and fish.

10. For many years, the Plaintiff sprayed *Roundup* on a regular basis at his home in accordance with the directions provided by the *Roundup* label.

11. On or about September 18, 2018, the Plaintiff was diagnosed with non-Hodgkin's lymphoma (herein, "NHL").

12. As a result of his injury, Plaintiff has incurred and expects to incur significant economic and non-economic injuries.

### C. CAUSES OF ACTION

### COUNT I. STRICT LIABLILITY – DESIGN DEFECT
### (IC 34-20-2-1)

13. Defendant created a product, to wit: *Roundup*, which was and is unreasonably dangerous to any user or consumer for its normal, intended use.

14. The Plaintiff is in the class of persons that the Defendant should reasonably foresee as being subject to the harm caused by the defective condition.

15. The Defendant is engaged in the business of selling *Roundup*.

16. The Defendant's production of *Roundup* was expected to and in fact did reach the Plaintiff without substantial alteration in the condition in which the product was sold by the Defendant.

17.   The Defendant failed to exercise reasonable care under the circumstances in designing the product *Roundup*.

18.   At the time of the Plaintiff's use of and exposure to Roundup, Roundup was being used for the purposes and in a manner normally intended, as a broad-spectrum herbicide.

19.   The Plaintiff was exposed to Defendant's product, without knowledge of *Roundup*'s dangerous characteristics.

20.   The Plaintiff could not, by the exercise of reasonable care, have discovered *Roundup*'s defects herein mentioned or perceived its danger.

21.   By reason of the foregoing, the Defendant has become strictly liable to the Plaintiff for the manufacturing, marketing, promoting, distribution, and selling of a defective product to wit: *Roundup*.

22.   As a result of the foregoing acts and omissions, the Plaintiff developed NHL, and suffered severe and personal injuries, which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, and financial expenses for past, present and future medical care.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper. Additionally, Plaintiff demands a jury trial on all issues contained herein.

## COUNT II. STRICT LIABLILITY – FAILURE TO WARN
### (IC 34-20-4-2)

23.   Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

24. At all times herein mentioned, the aforesaid product was defective and because the Defendant, as manufacturer and seller of the product, failed to properly package or label the product to give reasonable warnings of danger about the product when Defendant, by exercising reasonable diligence, could have made such warnings or instructions available to user or consumer, including the Plaintiff.

25. Specifically, the Defendant failed to provide proper labelling with warnings regarding *Roundup*'s carcinogenic qualities and possible side effects, including, but not limited to, developing non-Hodgkin's lymphoma as a result of exposure and use.

26. The Defendant is strictly liable because it failed to exercise reasonable care under the circumstances in providing warnings or instructions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper. Additionally, Plaintiff demands a jury trial on all issues contained herein.

### D. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant on each of the above-referenced claims and causes of action and as follows:

1. Awarding compensatory damages including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2. Awarding compensatory damages to Plaintiff for past and future damages, including, but not limited to, Plaintiff's pain and suffering and for severe and permanent

personal injuries sustained by the Plaintiff including health care costs and economic loss;

3. Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determine at trial of this action;

4. Punitive and/or exemplary damages for the wanton, willful, fraudulent, and reckless acts of the Defendant which demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiff in an amount sufficient to punish Defendant and deter future similar conduct, to the extent allowed by applicable law;

5. Pre-judgment interest;

6. Post-judgment interest;

7. Awarding Plaintiff reasonable attorneys' fees;

8. Awarding Plaintiff the costs of these proceedings; and,

9. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED**

                                          Respectfully submitted,

                                          /s/ David A. Anderson
                                      David A. Anderson, Atty. No. 10480-49
                                      ANDERSON & ASSOCIATES, PC
                                      9247 N. Meridian St., Suite 112
                                      Indianapolis, IN 46260
                                      (317) 846-6655   Fax: (866) 875-7384
                                      andersonlawassoc@sbcglobal.net
                                      david@davidandersonlaw.com