**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS                                          MDL No. 2741
LIABILITY LITIGATION

**BRIEF IN SUPPORT OF MOTION REQUESTING APPROVAL OF
TAG-ALONG ACTION IN SUPPORT OF NATIONAL BLACK
FARMERS ASSOCIATION**

In accordance with Rule 6.1 of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, National Black Farmers Association hereby moves to have its claims included in MDL Roundup Litigation No. 2741.

National Black Farmers Association ("NBFA") brings the present action to address the injuries that Defendant's product Roundup causes to its members when they use it in farming. Its action stems from the exact same premise as the existing claims within the MDL—namely, that plaintiffs have been exposed to Defendant Monsanto's glyphosate-containing products and have or will develop non-Hodgkin's lymphoma or related haematopoietic cancers as a result. The case thus concerns identical factual and legal issues. And while NBFA is litigating this action as an organization and asserting organizational standing, such standing exists only because its members have standing in their own right, and NBFA is thus asserting claims about injuries indistinguishable from the individual actions consolidated in the MDL.

These individual claims of injury are detailed in the Complaint and are readily identified as identical to the cancer claims at issue in the MDL. As the Complaint explains,

> NBFA has thousands of members who have used Roundup® products containing glyphosate for decades—including Founder and President John Boyd. Some of those members have already been injured by the use of Roundup® products, and others have legitimate reasons to fear (and believe) that they will develop symptoms, and thus require immediate medical monitoring. Both kinds of present injuries separately and independently provide standing for members to seek relief against Monsanto, including injunctive relief. Moreover, NBFA members who have not yet become sick will be more likely to develop cancers if they are unable to enjoin Monsanto's continued marketing

of an unsafe product that does not adequately warn farmers about the dangers of its use, or instruct on how to use it safely.  Plaintiff Compl ¶ 9.

Given the identical injury claims presented, it would be substantially more efficient to consolidate this case along with the others in the MDL Court.  The MDL promotes the just and efficient conduct of litigations and seeks convenience for all the parties. *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig*., 787 F. Supp. 2d 1358, 1359–60 (U.S. Jud. Pan. Mult. Lit. 2011). And consolidation here will accordingly prevent inconsistent rulings on discovery and other pretrial issues, while conserving resources for all the parties, their respective counsels, and the judiciary. *Id.*  Unlike other recent actions that the panel has declined to consolidate in this MDL, this action concerns the exact same injuries and causes: that is, non-Hodgkin's lymphoma and other included blood cancers arising from exposure to Roundup.  This lawsuit accordingly shares common questions with the lawsuits already included in the MDL No. 2741, and the plaintiffs in this action meet the basic criteria for inclusion in this MDL.

The only possible distinction between NBFA's claim on behalf of its members and other claims consolidated in the MDL is that NBFA has requested equitable relief that would prevent Monsanto from continuing to market a cancer-causing product.  But similar injunctive relief has already been sought—and negotiated between the litigating parties—within the MDL.  In particular, defendant Monsanto previously reached what it believed was a class settlement for various forms of forward-looking relief, including diagnostic services, assistances grants and research funding, as part of a settlement proposal.  Following substantial push back, that potential settlement was withdrawn.  The tight overlap between the kinds of relief being considered by parties within the MDL and what the plaintiffs are seeking here demonstrates that this case is factually and legally indistinguishable from those actions, and that the best and most efficient course is to consolidate in with those other actions.

One last point Plaintiff would make is that there is no settlement of a majority of the Roundup cases pending in the United States and the MDL is not treating the litigation as if there is a

settlement. The stay of litigation was recently lifted and at the November 9, 2020 Status Conference it was discussed that four Wave 1 cases are moving to trial and will have pretrial rulings soon while thirteen Wave 2 cases are pending and will be scheduled behind Wave 1. Additionally, Judge Chhabria indicated at the Status Conference that he intends to begin a Wave 3 of cases which will have Daubert and Summary Judgment hearings tentatively set for November 2021.

## Conclusion

This case should be accepted as part of the Roundup MDL Litigation. The injury claims at issue concern the identical type of cancers that were accepted by this panel for the MDL litigation. Not doing so would defeat the purpose of the MDL litigation and could create duplicative and inconsistent rulings resulting in a waste of resources for all involved, including the judicial system.

Dated: November 12, 2020

Respectfully submitted,

NAPOLI SHKOLNIK, PLLC

*/s/ Christopher L. Schnieders*_____
Christopher L. Schnieders   MO # 57725
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
Telephone: 913-246-3860
Fax: 913-312-5841
cschnieders@napolilaw.com

GOLDSTEIN & RUSSELL, P.C.
Thomas C. Goldstein, 458365(DC)
Eric F. Citron, 1001069(DC)
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
Telephone: 202-362-0636
Fax: 866-574-2033
tgoldstein@goldsteinrussell.com
ecitron@goldsteinrussell.com

*Attorneys for Plaintiff*
*National Black Farmers Association*