Query    Reports    Utilities    Help    Log Out

JURYDEMAND

# U.S. District Court
# United States District Court for the Western District of Washington (Seattle)
## CIVIL DOCKET FOR CASE #: 2:20-cv-01269-MJP

Beavers v. Bayer Co et al
Assigned to: Judge Marsha J. Pechman
Case in other court: King County Superior Court, 20-00002-08285-6-SEA
Cause: 28:1446 Petition for Removal- Personal Injury

Date Filed: 08/21/2020
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Ricky Beavers, Jr**                          represented by   **Charles Lewis Meyer**
CHARLES L MEYER
1000 2ND AVE
SUITE 3310
SEATTLE, WA 98104-1046
206-292-0088
Email: lawofficesofcharleslmeyer@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bayer Co**                                   represented by   **Jennifer Campbell**
*a foreign corporation*                                         SCHWABE WILLIAMSON & WYATT (SEA)
1420 5TH AVE
STE 3400
SEATTLE, WA 98101-2339
206-622-1711
Email: jcampbell@schwabe.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Monsanto Inc**                               represented by   **Jennifer Campbell**
*a foreign corporation*                                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/21/2020 | 1 | NOTICE OF REMOVAL from King County Superior Court, case number 20-2-08285-6; (Receipt # AWAWDC-6547097), filed by Monsanto, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Complaint)(Campbell, Jennifer) (Entered: 08/21/2020) |

| 08/21/2020 | 2 | CERTIFICATE OF SERVICE by Defendant Monsanto, Inc. re 1 Notice of Removal (Campbell, Jennifer) (Entered: 08/21/2020) |
|---|---|---|
| 08/21/2020 | 3 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Bayer AG for Monsanto, Inc.. Filed pursuant to Fed.R.Civ.P 7.1. Filed by Monsanto, Inc. (Campbell, Jennifer) (Entered: 08/21/2020) |
| 08/21/2020 | 4 | VERIFICATION OF STATE COURT RECORDS re 1 Notice of Removal by Defendant Monsanto, Inc. (Campbell, Jennifer) (Entered: 08/21/2020) |
| 08/21/2020 | 5 | ANSWER to Complaint; with JURY DEMAND by Monsanto, Inc..(Campbell, Jennifer) (Entered: 08/21/2020) |
| 08/25/2020 |  | Judge Marsha J. Pechman added. (RE) (Entered: 08/25/2020) |
| 08/25/2020 | 6 | LETTER from Clerk re receipt of case from King County Superior Court and advising of WAWD case number and judge assignment. (RE) (Entered: 08/25/2020) |
| 08/28/2020 | 7 | ANSWER to Complaint (Notice of Removal)re: 1 ; with JURY DEMAND Attorney Jennifer Campbell added to party Bayer Co(pty:dft) by Bayer Co.(Campbell, Jennifer) Modified on 8/28/2020 to add link to removal (JF). (Entered: 08/28/2020) |
| 08/28/2020 | 8 | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Bayer AG for Bayer Co. Filed pursuant to Fed.R.Civ.P 7.1. Filed by Bayer Co (Campbell, Jennifer) (Entered: 08/28/2020) |
| 09/18/2020 | 9 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT Joint Status Report due by 10/30/2020, FRCP 26(f) Conference Deadline is 10/16/2020, Initial Disclosure Deadline is 10/23/2020. Signed by Judge Marsha J. Pechman. (GC) (Entered: 09/18/2020) |
| 11/16/2020 |  | MINUTE ORDER: The parties have not complied with the order directing that a joint status report be filed by 10/30/2020 (Dkt. # 9 ). The time for filing the report is hereby extended to 12/16/2020. If the report is not filed by that time, sanctions may be ordered. Sanctions may include dismissal of the action without prejudice. Authorized by Judge Marsha J. Pechman. (GC) (Entered: 11/16/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/17/2020 12:53:56 | | |
| **PACER Login:** | hllp1982 | **Client Code:** | 1417.0005 |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-cv-01269-MJP |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |



**SUPERIOR COURT OF WASHINGTON**

**IN AND FOR KING COUNTY**

20-2-08285-6 SEA

| | |
|---|---|
| Ricky Beavers, Jr., | Case No. |
| Plaintiff, | Complaint for Personal Injury (Product Liability) |
| v. | |
| Bayer Co., a foreign Corporation; and Monsanto, Inc. a foreign Corporation, | |
| Defendants. | |

**I. PARTIES:**

1.1    Ricky Beavers is a single person who resides in King County, State of Washington. Bayer Co., is a foreign corporation and the owner of Monsanto, Inc., the manufacturer of Roundup a herbicide which has been linked to non-Hodgkin's lymphoma cancer.

**II. JURISDICTION AND VENUE:**

2.1    This court has jurisdiction and venue over the parties to this lawsuit for the reason that the injury caused by defendants to plaintiff Beavers occurred in King County, State of Washington. Defendants further have distributed and sold the product Roundup in King County, State of Washington and have therefore submitted to the jurisdiction and venue of this court for any harm caused by its products sold or distributed in King County, State of Washington.

Complaint for Personal Injury (Product Liability) - Page 1

Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104

## III. FACTS:

3.1     As a minor the plaintiff Ricky Beavers, Jr., was exposed to defendant Monsanto's product Roundup for a five-year period up to the Spring of 1997.

3.2     Monsanto is a wholly owned subsidiary of Bayer Co., having been purchased by Bayer Co. in June of 2018, with Bayer assuming all assets and liabilities of Monsanto, and Bayer Co., and Monsanto Inc., are jointly and severally liable for any and all injuries and harm caused to plaintiff Ricky Beavers, Jr.

3.3     Ricky Beavers, Jr. over a five year period preceding his diagnosis of non-hodgkin's lymphoma in the spring of 1997 had used roundup to spray his yard and the church parking lot which he was assigned to do by his father for chores.

3.4     During the spring and summer of the five years previous to the spring of 1997 he was exposed to the ingredient glyphosate which Monsanto, Inc., knew as early as 1981 was a carcinogenic and a major ingredient in their manufacture of Roundup. As a consequence, the product Roundup manufactured and distributed by defendant Monsanto, Inc., was not reasonably safe as designed, and further Monsanto is liable to Ricky Beavers, Jr. because having knowledge of the design defect Monsanto, Inc., failed to warn of glyphosate's causal relation to cancer that the product was not reasonably safe. They failed to disclose this information for personal gain and profit all to the harm and detriment of plaintiff Ricky Beavers.

3.5     As a direct and proximate cause of plaintiff's exposure he incurred non-Hodgkin's lymphoma. He underwent extensive and painful treatment to include chemotherapy at Children's Orthopedic Hospital in Seattle, Washington.

3.6     He in effect had his whole active high school experience destroyed, his family incurred medical expenses for his care and treatment, and he continues to have need for care and medical monitoring to the present which will continue into the future.

Complaint for Personal Injury (Product Liability) -
Page 2

Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104

3.7     The disabilities associated with non-Hodgkin's lymphoma have, also, effected his ability to work, and his earning capacity to the present and into the future. Plaintiff has additionally incurred pain, suffering, emotional distress and loss of enjoyment of life to the present and continuing into the future.

3.8     Mr. Beavers had notice that Roundup was the cause of his non-Hodgkin's lymphoma on or about February 19, 2020 when he was provided the report from Dr. Randal Beaton which indicates by a more probable than not basis Roundup and its carcinogenic ingredient glyphosate was the cause of his non-Hodgkin's lymphoma. His first indication that Roundup may have been the cause occurred in 2018 when the Johnson v. Bayer and Monsanto lawsuit resulted in a favorable verdict against roundup. RCW 7.72.60(3) sets the time for suit as (3) years from the date the plaintiff discovered or in the exercise of due diligence should have discovered the harm and its cause. Plaintiff's claim is well within the three-year statute of limitation and he has an valid claim under R.C.W. 7.72.030 for his injuries caused by the defective design of the product Roundup and for Monsanto's failure to warn.

3.9     In support of plaintiff's claim Monsanto, Inc., knew the following and took the following deceptive actions in violation of RCW 19.86 (Consumer Protection Act).

1) Knew the cancer risks of glyphosate but used it anyway, and without warning consumer's of the known danger which they had evidence of as early as 1981.

2) Ghost wrote scientific papers proclaiming the safety of its herbicides, all the while knowing of the carcinogenic characteristic of glyphosate.

3) Worked with certain regulatory officials to quash a government review of glyphosate toxicity.

4) Engineered efforts to discredit critics.

3.10    The above acts and actions were done with the sole purpose of protecting Monsanto, Inc.'s profits and to conceal the known risks of Roundup use from the consuming public.

Complaint for Personal Injury (Product Liability) -
Page 3

Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104

## IV.  LAIBILITY:

4.1      Based on the actions of the defendant Monsanto, Bayer Co., is wholly and severally liable as a consequence of its purchase in whole of all of Monsanto, Inc's, assets and liabilities.

4.2      Defendants are liable to plaintiff for the injuries he has incurred as a consequence of his exposure to Roundup under RCW 70.72.030 (1) which states in part a product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not reasonably safe as designed or not reasonably safe because adequate warnings or instructions were not provided.

4.3      The use of a known carcinogenic glyphosate makes Roundup not reasonably safe as well as Monsanto, Inc.'s, failure to warn of this defect makes them strictly liable to plaintiff for his injuries and damages as forth above.

## V.  VIOLATION OF RCW 19.86:

5.1      Given defendant's knowledge of the risks and the efforts with which they have gone to cover up the potential harm to plaintiff and other consumers the defendant's actions meet the (5) criteria for bringing a Consumer Protection claim and plaintiff is entitled to all the relief allowed under the act in addition to his remedies for violation of RCW 70.72.030.

## VI.  STRICT LIABILITY IN TORT UNDER 402A:

6.1      Further plaintiff is entitled to relief under Reinstatement of Torts 402A adopted by Washington courts making defendants strictly liable when injured or harmed by either a defective product or a failure to warn.

## VIII.  DAMAGES:

As a direct and proximate cause of defendant's acts and actions described above plaintiff Ricky Beavers, Jr. is entitled to damage jointly and severally from the defendants as follows:

1) Medical expenses to the present and into the future

Complaint for Personal Injury (Product Liability) -
Page 4

Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104

2) Loss of earnings and diminished earning capacity to the present and continuing into the future.

3) For pain, suffering, emotional distress and loss of enjoyment of life to the present and continuing into the future.

4) For all damages recoverable under RCW 19.86 to include reasonable attorney's fees and treble damages as allowable under law.

Wherefore plaintiff prays for relief against the above-named defendants jointly and several as follows:

1. For judgement against the defendants for an amount that is proven fair and reasonable at time of trial;

2. For all relief plaintiff is entitled to under RCW 19.86;

3. For plaintiff's costs, and reasonable attorney's fees as are recoverable under law; and

4. For such other and further relief the Court deems just and equitable.

Dated this 29th day of April, 2020.


LAW OFFICES OF CHARLES MEYER


CHARLES L. MEYER, WSBA #5279
Attorney for Plaintiff,
Ricky Beavers, Jr.

Law Offices of Charles L. Meyer
1000 Second Avenue, Suite 3200
Seattle, WA 98104
Telephone (206) 292-0088 / Facsimile (206) 621-6443