**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS LIABILITY      MDL NO. 2741
LITIGATION

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-244)**

As required by Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation ("JPML"), Randy Hayes and Katrina Hayes ("Plaintiffs") file this Memorandum of Law in Support of their Motion to Vacate Conditional Transfer Order ("Memorandum"). Plaintiffs' Memorandum and supporting documentation show that vacatur is the only way to timely remedy the procedural and substantive defects in Defendant's removal.

I.   PRELIMINARY STATEMENT

In order for this case to be subject to transfer to this Federal MDL ("MDL 2741"), there must be a valid basis for subject-matter jurisdiction and a determination that such jurisdiction exists. The constitutional limitation on federal jurisdiction make federal courts "courts of limited jurisdiction," Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) as opposed to state

courts which are generally presumed to have subject-matter jurisdiction over a case. See 13 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure, § 3522, p. 100 (3d ed. 2008). A federal court must generally determine whether it has jurisdiction at the outset of litigation and must always make the determination before deciding the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on an issue of law before adjudicating jurisdiction). "It is presumed that a cause lies outside [of federal courts'] limited jurisdiction and the burden of establishing the contrary resting upon the party asserting jurisdiction". Kokkonen v. Guardian Life Ins. Co. of Am; 514 U.S. 375, 377 (1994). All courts have an "independent obligation" to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhgras v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

In the context of this Multidistrict Litigation, if subject matter jurisdiction is lacking in the putative transferor District Court (District Court for the Northern District of Alabama), the District Court may not transfer this case because without such jurisdiction there is no case to transfer. See Bancohio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir. 1975), holding that a transfer

to consolidate litigation may not be made unless the District Court properly has jurisdiction of the subject matter of the case.

When subject matter jurisdiction is lacking in the District Court, the District Court may not transfer the case. Sherwood v. Microsoft Corp, 91 F. Supp.2d 1196, 1199 (M.D. Tenn. 2000) ("[T]he Sixth Circuit has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer.") (citing BancOhio Corp. v. Fox, 516 F.2d 29, 31 -32 (6th Cir.1975); N.A.A.C.P.-Special Contribution Fund v. Jones, 732 F. Supp. 791, 797 (N.D. Ohio 1990). Caffey v Nationstar Mortg., LLC, 2016 U.S. Dist. LEXIS 35319 (*9); 2016 WL 1071100, (M.D. Tenn. 2016).

Plaintiff has moved to remand this case back to Alabama State Court for lack of subject-matter jurisdiction due to a lack of complete diversity among the parties. The Defendant's removal in this case was not only improper due to the lack of complete diversity under 28 U.S.C. § 1332, it was also untimely and procedurally defective under 28 U.S.C. § 1446 (b)(1) and 28 U.S.C. § 1446 (b)(2)(B).

A. The District Court Case Has Not Been Stayed

Along with its Notice of Removal and Notice of Potential Tag-a-Long Action, the sole removing Defendant (Monsanto) filed a Motion to Stay the proceedings in the United States District Court for the Northern District of Alabama pending transfer to the district for the JPML for consolidation pursuant to 28 U.S.C. § 1407. This Motion to Stay has not yet been ruled on. The resolution of the motion will render the question of transfer under §1407 moot if decided in Plaintiffs' favor.

## II.   PROCEDURAL HISTORY

On September 24, 2020, Plaintiffs Michael Randy Hayes and Katrina Hayes filed a civil complaint in the Twentieth Judicial Circuit, in and for Colbert County, Alabama asserting state causes of action against Monsanto, Sheffield Utilities and Sheffield Light & Power arising out of Michael Randy Hayes' use of industrial glyphosate, a pesticide, that occurred in Colbert County, naming Monsanto, Red River Supplies, Sheffield Light & Power, and Sheffield Utilities as defendants. (Ex. 2, Sub exhibit "B").

On September 28, 2020, Plaintiffs properly served Monsanto via certified mail.

On October 28, 2020, Monsanto filed a notice of appearance in the Colbert County case. Company. That same day, counsel for Monsanto also filed a notice of appearance for defendant "Red River Specialties LLC, formerly known as Red River Specialties, Inc."

On November 4, 2020, Plaintiffs filed in the Colbert County case an Amended Complaint in the state court action. Plaintiffs' amended complaint corrected the identity of "Sheffield Light & Power" as "Sheffield Light & Power Co." and specified Alabama Entity ID # number as listed with the Alabama secretary of state. (Ex. 2, Sub exhibit "D").

Thereafter on November 4, 2020, in the face of notice that the amended complaint had identified an Alabama party specifically by Alabama Secretary of State Entity ID Number, and after receipt of a motion containing direct citations to Alabama precedent that the original complaint had been superseded and was no longer operative, Monsanto filed its notice of removal, attaching only Plaintiffs' original complaint filed in September. (Doc. 1, 1-1)

I.   **The Notice of Removal is Untimely**

Monsanto's disregard of the 30-day deadline to remove under § 1446(b)(3) is glaring and its attempt to resurrect its removal window transparent.

Monsanto had until October 29, 2020 to file its notice of removal – although it filed a notice of appearance on October 28, 2020 and had access to the pending motions to dismiss, Monsanto did not file its notice of removal until November 4, 2020 – 37 days after it was served with the state court complaint.  It is untimely.

## III.   ARGUMENT AND AUTHORITIES

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." In re: Grain Shipment Litig., 319 F. Supp. 533, 534 (J.P.M.L. 1970) (citing In re: IBM Antitrust Litig., 316 F. Supp.976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. See 28 U.S.C. § 1407(a); see also H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and be for the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." See H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added).

As demonstrated below, Plaintiffs' motion to vacate should be granted for at least five reasons. First, there is no basis for federal jurisdiction in this case. Second, the vacating of the CTO imposes little danger of inconsistent rulings or duplicative proceedings. Third, transfer will not serve the convenience of the parties and witnesses and promote the "just and efficient" conduct of this litigation. Fourth, the JPML should not reward the gamesmanship of the legal system by the Defendant. Fifth, the Alabama District Court is in a better position to interpret Eleventh Circuit precedent on fraudulent joiner, among other issues.

1. There Is No Basis for Federal Jurisdiction in this Case.

Defendant Monsanto's claim to federal jurisdiction fails for two reasons. First, removal was procedurally defective. Second, there is no subject matter jurisdiction.

The legal reasoning supporting these claims is more fully briefed in Plaintiffs' Motion to Remand. (Ex. A & Exhibits) A brief recap of those arguments follows.

A. Removal Was Procedurally Defective.

As stated in Plaintiffs' Motion to Remand, the removal by Monsanto was untimely as it was filed more than 30 days after service in violation of 28 U.S.C. § 1446 (b)(2)(B).

B. There Is No Subject Matter Jurisdiction.

Defendant Monsanto claims throughout its pleadings filed in federal court that diversity jurisdiction exists. That is not true. There is no diversity jurisdiction because there is not complete diversity amongst the parties. Defendant is not asking the court to exercise subject matter jurisdiction. Defendant is asking that the court create subject matter jurisdiction where none exists.

Defendant claims without basis that the Alabama defendants are fraudulently joined. Defendant asks the Court to invalidate properly joined and served Alabama defendants to create diversity jurisdiction while at the same time claiming that these non-diverse defendants are the intervening and/or proximate cause of Plaintiffs' damages. In addition to being inconsistent and hypocritical, Defendant's request is deeply troubling in that it ignores our system of federalism. It is a request that makes the prosecution of this case less efficient because it will create parallel actions in state and federal court dealing with the same issues.

2. Vacatur Is Warranted Because This Case Poses Little Danger of Inconsistent Rulings or Duplicative Proceedings.

Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO – 244) should be granted because the most just and efficient course is to allow the United States District Court for the Northern District of Alabama to decide Plaintiffs' pending Motion to Remand. The Panel frequently abstains from ordering transfers when important motions await decision by the originating court. See, e.g., In re L.E. Lay & Co. Antitrust Litig., 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); In re Prof'l Hockey Antitrust Litig., 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was sub judice because the Panel has "consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407"); In re Resource Exploration, Inc., Securities Litig., 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of a motion for summary judgment that had been submitted to the transferor judge). In particular, the Panel has stayed prior transfer decisions pending a

decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. See In re Air Crash Disaster at J.F.K. Int'l Airport, MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on sub judice motion to remand that action to state court), cited by Stanley A. Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 577, n. 15 (1978); see also, In re Prof'l Hockey Antitrust Litig., 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); In re Kaehni Patent, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed pending decision of court on motion to dismiss); In re Deering Milliken Patent, 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) (transfer under §1407 denied to allow decision by transferor judges on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

 Here, a transfer of this action would not promote "significant economy and efficiency in judicial administration," H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900 (emphasis added) but would delay the resolution of the motion to remand.

3. Transfer Will Not Serve the Convenience of the Parties and Witnesses and Promote the "Just and Efficient" Conduct of This Litigation.

Transfer will not serve the convenience of Plaintiffs, who are located in Alabama. Transfer will not serve the convenience of the witnesses and multiple defendants who are located in Alabama.

The result of a transfer would be that Plaintiffs' claims would spend many months or years winding through an overcrowded federal court that lacked jurisdiction from the outset. Plaintiffs would be required to re-submit their Motion to Remand to the Transferee Court, when a threshold ruling could be had now.

A transfer of this action would greatly prejudice Plaintiffs by depriving them of the earliest and most efficient resolution of the right to pursue their claims in Alabama State Court (if their pending Motion to Remand is granted) or in the United States District Court for the Northern District of Alabama (if the pending Motion to Remand is denied).

Judicial economy is undoubtedly well-served by MDL consolidation when scores of similar cases are pending in the courts. Nevertheless, the excessive delay and "marginalization of juror fact finding" (i.e., dearth of jury trials) sometimes associated with traditional MDL practice are developments

that cannot be defended. Delaventura v. Columbia Acorn Trust, 417 F. Supp. 2d at 153 (D. Mass. 2006). By forcing Plaintiff in the instant case to await resolution of irrelevant discovery and factual disputes relating to different parties, theories of recovery and remedies, consolidation with MDL 2741 unreasonably delays Plaintiffs' pursuit of their claims.

In sum, transfer of Plaintiffs' case to MDL 2741 would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

Pretrial motion practice and discovery, if any, will be largely case-specific related in part to the numerous Alabama defendants which are not part of any other case in the MDL. To the extent that any such discovery will overlap with that taking place in the MDL, various alternatives to Section 1407 transfer are available to minimize duplication. See In re Eli 1 Lilly & Co. (Cephalexin Monohydrate) Patent Litig., 446 F. Supp. 242, 244 (J.P.M.L. 1978) (noting that parties could cross-notice depositions, stipulate that discovery relevant to more than one action be usable in all those actions, seek orders from the involved courts directing coordination of pretrial efforts, or seek a stay). As such, the transfer of this action is not appropriate.

4. The JPML Should Not Reward the Gamesmanship of the Legal System by the Defendants

It is a misuse of the MDL Panel procedures to file a baseless Notice of Removal and then immediately seek to exploit the MDL Panel procedures to transfer a case to a foreign jurisdiction for no purpose other than to indefinitely delay the litigation. This is exactly what the Defendant has done here. The Defendant is well aware that complete diversity exists, well aware that the removal was untimely, and has simply ignored the rules and is now requesting that this case be subsumed in the MDL prior to allowing the Plaintiffs to have the opportunity of having the District Court for the Northern District of Alabama rule on whether or not federal jurisdiction exists in this action or reach the merits of Plaintiffs' claims in this action.

The removal of an action for the purposes of delay, like the tactics in this case, have been strongly disapproved of before.

If in fact the removal of this action was done for the purpose of delay, the Court strongly disapproves of such gamesmanship of the legal system and waste of judicial resources. Rule 11 states, "[b]y presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge,

information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not be presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). Counsel should be mindful of this and cautious in pursuing such tactics in the future.

Dale Sundby, et al. v. The Bank of New York Mellon, et al., Case No. 11CV627 DMS (RBB), U.S. District Court for the Southern District of California (May 3, 2011) finding that the bank had failed to meet its burden of demonstrating the court's jurisdiction upon removal and that remand was warranted.

    This Panel, as the Court held in Sundby, should strongly disapprove of the Defendant's gamesmanship of the legal system and waste of judicial resources in the instant case.

5. The Alabama District Court is in a better position to interpret Eleventh Circuit precedent on fraudulent joiner, among other threshold jurisdictional issues that may result in a transfer back to State Court. In that regard, however, the Defendant's path will not be easy:

The dispute over satisfaction of the citizenship requirement in this case has to do with whether Plaintiffs fraudulently joined non-diverse defendants

"[W]hen there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant[,]" fraudulent joinder is established.

Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Relatedly, if fraudulent joinder is established, then the resident defendant issubject to dismissalas a party and its citizenship is disregarded for diversity requirement purposes. See id.

The Eleventh Circuit extensively addressed the issue of removal based on diversity jurisdiction when it is alleged that a non-diverse defendant has been fraudulently joined in Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). There the court stated:

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court. Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989). The burden of the removing party is a 'heavy one.' B. Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981).

Crowe, 113 F.3d at 1538.

The standard is onerous because, absent fraudulent joinder, a plaintiff has the absolute right to choose his forum. That is, courts must keep in mind that the plaintiff is the master of his complaint and has the right to choose how and where he will fight his battle. As *Crowe* further recognized:

This consequence makes sense given the law that "absent fraudulent joinder, plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to a final determination." Parks v. The New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962). The strict construction of removal statutes also prevents "exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal," see Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc., 507 F. Supp. 740, 744 (S.D. Ga. 1981) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedures § 3721), a result that is costly not only for the plaintiff, but for all the parties and for society when the case must be re-litigated. Crowe, 113 F.3d at 1538.

To establish fraudulent joinder of a resident defendant, the burden of proof on

the removing party is a "heavy one," see Crowe, 113 F.3d at 1538 (citation omitted), requiring clear and convincing evidence and particularity in pleading. Parks, 308 F.2d at 478 (citations omitted). Although affidavits and depositions may be considered, the court must not undertake to decide the merits of the claim but must look to whether there is a possibility that a claim exists. More particularly, the Crowe court explained the framework for analyzing fraudulent joinder as:

While 'the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b),' [B. Inc., v. Miller Brewing Co., 663 F.2d 545, 549, n.9 (5th Cir., Unit A 1981)], the jurisdictional inquiry 'must not subsume substantive determination.' Id. at 550. Over and over again, we stress that 'the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.' Id. at 548-49. When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law. See id. 'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case tostate court.' Coker v.

Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir. 1993). Crowe, 113 F.3d at 1538 (emphasis added). In a later fraudulent joinder decision, the Eleventh Circuit elaborated: The fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis. In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' Crowe, 113 F.3d at 1538.

Pacheco de Perez v. AT & T Co.,139 F.3d 1368, 1380-81 (11th Cir. 1998); see also Tillman v. R.J. Reynolds Tobacco, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court.").

## IV.   REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectfully request that the Panel grant their Motion and enter an Order (1) vacating the Conditional Transfer Order 244 (CTO – 244) with respect to this cause of action; and (2) granting Plaintiffs such additional relief to which they may be entitled and which the Panel deems proper and just.

Respectfully submitted, this 1st day of December 2020.

                                             **/s/Trey J. Malbrough**
                                             Trey J. Malbrough
                                             Bar Number: ASB-2898-R46M
                                             *Attorney for Plaintiffs*
                                             The Malbrough Firm LLC
                                             Age Herald Building
                                             2107 Fifth Avenue North, Suite 301
                                             Birmingham, Alabama 35203
                                             Telephone: (205) 701-0707
                                             Facsimile: (205) 820-0123
                                             Email: trey@tmbfirm.com