# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **MICHAEL RANDY HAYES and KATRINA HAYES,** | }<br>}<br>} |
| Plaintiffs, | }<br>} Case No: 3:20-cv-01736-LCB |
| v. | }<br>} |
| **MONSANTO COMPANY, et al.** | }<br>} |
| Defendants. | } |



EXHIBIT A

## PLAINTIFFS' EMERGENCY MOTION TO REMAND

### INTRODUCTION

Monsanto's notice of removal is an egregious and transparent attempt to derail state court proceedings in this case. It is procedurally defective on its face and offers no good-faith basis for federal subject matter jurisdiction. This case should be remanded immediately. The removal is baseless:

- Monsanto filed the notice of removal after the 30-day deadline to remove under §1446(b)(2)(B), bizarrely asserting that an affidavit from an employee of the City of Sheffield triggered a new removal window for Monsanto.

- Monsanto's entire theory of federal jurisdiction rests on the false premise of fraudulent joinder of a non-diverse party.

- There is clearly not diversity in Plaintiffs' state court claims.

Monsanto's motive for pursuing such a frivolous removal is obvious: to delay and derail the state court action. In light of the removal, a Conditional Transfer Order to the Roundup MDL pending in California is bound to soon follow.

Resources of the judiciary will be needlessly consumed, and this action will be unnecessarily delayed.

The Plaintiff will be compelled to expend resources litigating both a CTO and a remand – Monsanto is already laying the groundwork for these delays and distractions by preemptively requesting the "opportunity to present written and oral argument" "if any question arises as to the propriety of this removal" - (Doc. 1 - Notice of Removal, p. 9, ¶24).

The motivation of Sheffield Utilities and Sheffield Light & Power Co. in gamesmanship and complicity in removal is also obvious: a transfer of this case to the MDL would dilute Plaintiffs' case among over 3,000 other MDL cases and easily allow these defendants to shift the blame fully to Monsanto. In turn, Monsanto gets to argue intermediary defenses in the MDL and blame parties back in Alabama.

## BACKGROUND

On September 24, 2020, Plaintiffs Michael Randy Hayes and Katrina Hayes filed a civil complaint in the Twentieth Judicial Circuit, in and for Colbert County, Alabama asserting state causes of action against Monsanto, Sheffield Utilities and Sheffield Light & Power arising out of Michael Randy Hayes' use of industrial glyphosate, a pesticide, that occurred in Colbert County, naming Monsanto, Red River Supplies, Sheffield Light & Power, and Sheffield Utilities as defendants. (Doc. 1-1).

On October 8, 2020, Sheffield Light & Power and Sheffield Utilities filed motions to dismiss in Colbert County Circuit Court. These motions (attached hereto as Exhibit "A") were supported only by the allegations of counsel and were signed by "Attorney for named Defendants."

On October 14, 2020, the Colbert County Circuit Court set the motions to dismiss for hearing on November 5, 2020.

On September 28, 2020, Plaintiffs properly served Monsanto via certified mail; the Colbert County Circuit Clerk entered a Notice of Service of such (attached hereto as Exhibit "B").

On October 28, 2020, Monsanto filed a notice of appearance in the Colbert County case. Company. That same day, counsel for Monsanto also filed a notice of appearance for defendant "Red River Specialties LLC, formerly known as Red River Specialties, Inc." A true and correct copy of those notices is attached hereto as Exhibit "C."

Immediately upon appearance in the state court case, Monsanto had access via AlaCourt to all prior filings in the action, including the pending motions to dismiss filed by Sheffield Utilities and Sheffield Light and Power, the identity of counsel for Sheffield Utilities and Sheffield Light and Power, the allegations by those defendants that they were not legal entities, and the hearing date for their motion.

At 11:11 a.m. on November 4, 2020, Plaintiffs filed in the Colbert County case an Amended Complaint in the state court action. Plaintiffs' amended complaint corrected the identity of "Sheffield Light & Power" as "Sheffield Light & Power Co." and specified Alabama Entity ID # number as listed with the Alabama secretary of state. A copy of the amended complaint is attached hereto as Exhibit "D".

Since Monsanto had appeared of record in the Colbert County case, it received immediate electronic notice via AlaCourt of the filing of plaintiffs' amended complaint. A true and correct copy of the AlaCourt "Notice of Electronic Transmittal" is attached hereto as Exhibit "E".

At 11:44 a.m. on November 4, 2020, Plaintiffs filed in Colbert County a Response to Motion to Dismiss and Motion to Vacate Hearing (attached hereto as Exhibit F) citing the filing of their amended complaint and requesting the pending motion to dismiss be denied as moot because:

- An amended complaint supersedes the previously filed complaint and becomes the operative pleading, unless it subsequently is modified. *Grayson v. Hanson*, 843 So. 2d 146 (Ala. 2002).

- Once an amended pleading is interposed, the original pleading no longer performs any function and any subsequent motion by an opposing party should be directed to the amended pleading. *Holley v. St. Paul Fire & Marine Ins. Co.*, 396 So. 2d 75 (Ala. 1981).

- Plaintiffs' Amended Complaint superseded the Complaint, making moot Defendants' Motion to Dismiss under *Ex parte Puccio*, 923 So. 2d 1069 (Ala. 2005).

Since Monsanto had appeared in the Colbert County case, it received through counsel via AlaCourt immediate electronic notice of the filing of Plaintiffs' Response to Motion to Dismiss and Motion to Vacate Hearing. A true and correct copy of the AlaCourt "Notice of Electronic Transmittal" of Plaintiff's Motion is attached hereto as Exhibit "G".

At 12:30 p.m. on November 4, 2020, in the face of notice that the amended complaint had identified an Alabama party specifically by Alabama Secretary of State Entity ID Number, and after receipt of a motion containing direct citations to Alabama precedent that the original complaint had been superseded and was no longer operative, Monsanto filed its notice of removal, attaching only Plaintiffs' original complaint filed in September. (Doc. 1, 1-1)

This Court should not countenance such vexatious tactics. For the reasons set forth below, the Court should expedite resolution of this motion, immediately remand this case to state court without awaiting an opposition from Monsanto.

## I. The Notice of Removal is Untimely

Monsanto's disregard of the 30-day deadline to remove under § 1446(b)(3) is glaring and its attempt to resurrect its removal window transparent.

Monsanto had until October 29, 2020 to file its notice of removal – although it filed a notice of appearance on October 28, 2020 and had access to the pending motions to dismiss, Monsanto did not file its notice of removal until November 4, 2020 – 37 days after it was served with the state court complaint. It is untimely.

The procedure for removal of civil actions, stated in 28 U.S.C. § 1446, requires "defendants desiring to remove any civil action from a State court [to] file in the district court the United States for the district and division within which such action is pending a notice of removal . . . ." 28 U.S.C. § 1446(a). The removal procedure further requires that "[t]he notice of removal of a civil action . . . be filed within 30 days after the receipt by the defendant . . . [of] a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b).

Under the procedure for removal of civil actions, stated in 28 U.S.C. § 1446, the Monsanto had thirty days from the date of service of the complaint to file a notice of removal with this court. That thirty-day period began on September 29, 2020 and ended on October 28, 2020.

When interpreting a removal statute, this court should interpret the statute narrowly, with doubts resolved against removal. *Allen v. Chrsitenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003). Failure to comply with § 1446(b) renders removal

defective and justifies remand. *Snapper v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

Based on narrow construction of the language of the statute, the defendants have not timely filed a notice of removal. The statute plainly requires a removing defendant to file notice of removal in the Northern District of Alabama within thirty days of receiving the complaint.

**II.    Monsanto Relies on a Sham "Document" for Late Removal**

To attempt to circumvent this time-bar, Monsanto relies on § 1446(b)(3), which provides that, if a case is not removable based on the initial pleading, a defendant may file a notice of removal within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Monsanto contends that an affidavit of the dated November 3, 2020 is an "order or other paper" that triggered its deadline to remove.

The affidavit on which Monsanto relies as a trigger for removal was clearly created by Monsanto only for purposes of removal. The affidavit is stylized with a federal court heading of this case and is notarized by one of the lawyers for Sheffield Utilities and Sheffield Light & Power in the very state court case that is the subject of this removal. (Doc. 1-3, page 2) Paradoxically, no affidavit was used by Sheffield Utilities or Sheffield Light & Power to support their state court motions to dismiss – instead those motions relied only on arguments of lawyers. The affidavit cited by Monsanto as a triggering document should be disregarded as a self-serving sham.

This is not a close call. Monsanto failed to remove the case within 30 days after it appeared in the state court case and had notice of filings by co-defendants alleging the very basis for which it now seeks out of time removal. In light of

Monsanto's failure to satisfy the prerequisites for removal, this case should be remanded to state court.

### III. Probable Causes of Action in Colbert County Circuit Court

Finally, the outcome of Monsanto's fraudulent joinder argument is moot if the court finds that the case is due to be remanded. Accordingly, the court need not address the parties' fraudulent joinder arguments. See *Maxwell v. E-Z-Go*, 2012 U.S. Dist. LEXIS 19502, at *17 n. 6 (M.D. Ala. Feb. 16, 2012) ("Because the Court has found that the removal is procedurally defective, § 1446(b)(3), the Court will not address Plaintiff's and Defendants' substantive contentions regarding the existence of subject matter jurisdiction.").

However, Plaintiff will address Monsanto's argument that there is "no reasonable possibility" that Plaintiffs can establish a cause of action against either Sheffield Light & Power or Sheffield Utilities. It is clear that Plaintiffs have viable claims against both:

#### a. There is a viable claim against Sheffield Utilities

When considering a fraudulent joinder argument raised in a motion to remand, federal courts must not weigh the merits of a plaintiff's claim beyond asking whether there is an arguable claim under state law. *Crowe*, 113 F.3d at 1538; see *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.").

Sheffield Utilities faces a strong argument that it is judicially estopped from claiming status as a non-entity – among other reasons, for the simple fact that it has sued its customers and allowed itself to be sued as "Sheffield Utilities" for years. A true and correct copy of an AlaCourt search reflecting such is attached as Exhibit "H" and a Sworn Statement of Account chosen at random attached as Exhibit "I" reflecting Sheffield Utilities' suing as an entity. Exhibit "J" reflects just this years' litigation as Sheffield Utilities and Exhibit "K" reflects Plaintiff's pay stub at Sheffield Utilities. All of this is more than enough to rise to a "possibility" of Sheffield as an entity.

### b. There is a viable claim against Sheffield Light & Power Co.

Where a plaintiff files an amended complaint adding a party defendant, the amended complaint becomes the operative complaint for purposes of determining jurisdiction at removal. *Malowney Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting "[a]n amended complaint supersedes an original complaint"); see *Ross v. Sam's East, Inc.*, 2006 U.S. Dist. LEXIS 38838, 2006 WL 1643999, at *1 (M.D. Fla. 2006) (holding Court lacked diversity jurisdiction where plaintiff, a Florida citizen, filed an amended complaint in state court adding a party defendant who also was a Florida citizen).

Here, it is undisputed that Plaintiff's Amended Complaint supersedes the Initial Complaint. For removal purposes, diversity jurisdiction must exist not only when the original action is filed, but also at the time of removal. *Turner v. Pa. Lumbermen's Mut. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 78086, 2007 WL 3104930, at *2 (11th Cir. 2007) (citing *Stevens v. Nichols*, 130 U.S. 230, 231, 9 S. Ct. 518, 32 L. Ed. 914 (1889)). *Massey v. SOKC, LLC*, No. 6:12-CV-470-Orl-36TBS, 2012 U.S. Dist. LEXIS 147911, at *6-7 (M.D. Fla. Oct. 15, 2012).

Without question, both at the time of filing the initial complaint and at the time of Monsanto's removal of this action, after the filing of an amended complaint, there existed unquestionably party defendants who defeated diversity – and that is exactly why the record reflects a transparently backwards series of actions on the part of defendants in an attempt to frustrate the process. They have already succeeded at wasting the time and resources of the Court and delaying this action. Further tolerance this conduct will only serve to frustrate and delay this action and obfuscate justice.

## CONCLUSION

For the foregoing reasons, the Court should immediately remand this case to the Colbert County Circuit Court without reply from Monsanto.

Respectfully Submitted,

**/s/Trey J. Malbrough**
**Trey J. Malbrough (MAL037)**
The Malbrough Firm LLC
Age Herald Building
2107 Fifth Avenue North, Suite 301
Birmingham, Alabama 35203
Telephone: (205) 701-0707
Facsimile: (205) 820-0123
Email: trey@tmbfirm.com

*One of the Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing to the person(s) named below via electronic service through the ECF system on this day, November 5, 2020:

| | |
|---|---|
| Halron W. Turner, Esq.<br>Turner, Onderdonk, Kimbrough,<br>Howell, Huggins & Bradley, PA<br>13212 West Central Avenue<br>Post Office Drawer 1389<br>Chatom, AL 36518<br>Email: hwt@tokh.com<br>*Attorneys for Defendants Monsanto Company, Red River Specialties, LLC, & Red River Specialties, Inc.* | Steve A. Baccus, Esq.<br>R. Keith Worsham, Esq.<br>Almon, McAlister, Baccus & Worsham<br>P. O. Box 148<br>Tuscumbia, AL 35674<br>Email: sbaccus_2000@yahoo.com<br>Email: rkw11111@yahoo.com |

                                               /s/ Trey J. Malbrough
                                               Trey J. Malbrough