**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO MOTION REQUESTING APPROVAL OF TAG-ALONG ACTION**

The National Black Farmers Association ("NBFA") seeks transfer of its complaint into MDL No. 2741. Monsanto Company ("Monsanto") opposes transfer. The Clerk of this Panel already has rejected NBFA's first request for transfer, finding that the action "is not appropriate for inclusion in this MDL." *See* Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 30, 2020), ECF No. 2062 ("Notice to Counsel"). This decision is correct, as the allegations in NBFA's complaint differ significantly from the claims in the MDL, and inclusion of this action would introduce inefficiency and distraction into the efficiently progressing MDL proceeding.

The Panel created MDL No. 2741 to address claims by plaintiffs who allegedly developed certain haematopoietic cancers after exposure to Roundup. *See* Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57 (MDL created to address "allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma ["NHL"]."); Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Dec. 6, 2018), ECF No. 757 (slightly expanding scope of MDL No. 2741 to include two other haematopoietic cancers – acute lymphocytic leukemia (also called acute lymphoblastic leukemia, or "ALL") and multiple myeloma).

The Panel recently reiterated that actions falling outside of those boundaries will not be included in the MDL. For example, in rejecting transfer of a case in which the plaintiff alleged the development of a non-cancer injury as a result of Roundup exposure, the Panel concluded that:

> [E]xpansion of the litigation to non-cancerous conditions … is not appropriate at this juncture. While there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation, MDL No. 2741 is sufficiently mature that transfer of actions involving new injuries is not warranted. General causation discovery is complete, and defendant recently announced a settlement that potentially may resolve all or most of the actions currently in the MDL. Adding cases involving a new injury will only complicate pretrial proceedings and the resolution of the litigation.

Order Vacating Conditional Transfer Order, *In re Roundup Prods. Liab. Litig.,* MDL No. 2741, at 1 (J.P.M.L. Oct. 5, 2020), ECF No. 2027 ("Order").

The NBFA, a trade association, does not and cannot assert any personal injury claims. Instead, it seeks to do what this Panel has prohibited – expand the MDL to address alleged non-haematopoietic cancer injuries. *See* Complaint, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1-2, 37-38 (J.P.M.L. Oct. 29, 2020), ECF No. 2060-3 (seeking injunctive relief, including a ban of the sale of Roundup products and requiring additional language in the labeling). Putting aside issues of standing and the merits of the claims, both of which Monsanto contends are lacking, there are stark differences between the alleged "injuries" here and the limited haematopoietic cancer claims in the MDL. The MDL Court previously has declined to include such non-cancer claims in MDL No. 2741. *See* Order, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, at 1 (N.D. Cal. Aug. 10, 2020), ECF No. 11516 (denying motion to administratively relate *City of Grand Rapids General Retirement System & City of Grand Rapids Police & Fire Retirement System v. Bayer Aktiengesellschaft*, No. 20-cv-04737-RS (N.D. Cal.) to

MDL No. 2741). The Panel should do the same here. For all of these reasons, the NBFA's motion for transfer should be denied.

## BACKGROUND

The NBFA initiated this action on August 26, 2020 by filing its complaint in the United States District Court for the Eastern District of Missouri. *See Nat'l Black Farmers Ass'n v. Monsanto Co.*, No. 4:20-cv-01145-SRC (E.D. Mo. Aug. 26, 2020). Monsanto filed its motion to dismiss the complaint on October 26, 2020. Mot. to Dismiss Case by Def. Monsanto Co., *Nat'l Black Farmers Ass'n v. Monsanto Co.*, No. 4:20-cv-01145-SRC (E.D. Mo. Oct. 26, 2020), ECF No. 22.

Three days later, on October 29, NBFA filed a notice of potential tag-along action. *See* National Black Farmers Association's Notice of Potential Tag-Along Actions [sic], *In re Roundup Prod. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 29, 2020), ECF No. 2060. The Clerk rejected this tag the following day. *See* Notice to Counsel, ECF No. 2062. Almost two weeks later, NBFA filed this motion, again seeking transfer. *See* Motion Requesting Approval of Tag-Along Action in Support of National Black Farmers Association, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L Nov. 12, 2020), ECF No. 2076 ("Motion"). Briefing regarding Monsanto's motion to dismiss is proceeding in the district court.

## ARGUMENT

NBFA's request for transfer must be evaluated in the context of the current status of MDL No. 2741. As an initial matter, in this MDL, "[r]egardless of the particular formulation of Roundup at issue (all of which employ glyphosate as the active ingredient), or the nature of plaintiff's exposure to glyphosate, all the actions entail an overarching query—whether glyphosate causes non-Hodgkin's lymphoma [or other blood cancers] in persons exposed to it while using Roundup." *See* Transfer Order at 1-2, ECF No. 57. Further, as recognized by this

Panel, the MDL has made substantial progress and is past the point where enlargement to include unrelated claims is efficient or advisable. Order at 1, ECF No. 2027 ("…MDL No. 2741 is sufficiently mature that transfer of actions involving new injuries is not warranted."). Given the differences in the claims asserted and relief sought between the NBFA case and the cases in the MDL, there is little danger of duplicative discovery. Whatever relevant discovery that may have occurred in the MDL could be efficiently shared with the NBFA without the complications transfer would bring.

### I.  Transfer Is Inappropriate Because the NBFA Alleges Injuries Different Than Those in the MDL.

Under the Panel's orders, a plaintiff must allege a certain type of haematopoietic cancer diagnosis to be included within MDL No. 2741. *See generally* Transfer Order at 2, ECF No. 757; *see* Transfer Order at 2, ECF No. 57. The Panel focused on these limited types of blood cancers in part because the "[International Agency for Research on Cancer] Working Group concluded that the cancers most associated with glyphosate exposure are non-Hodgkin lymphoma and other haematopoietic cancers, including lymphocytic lymphoma/chronic lymphocytic leukemia, B-cell lymphoma, and multiple myeloma." *See* Transfer Order at 1, ECF No. 757 (citation omitted).

The Panel consistently has refused to transfer cases alleging injuries that differ from the haematopoietic cancers identified in its orders. This includes refusing to transfer non-haematopoietic cancer claims and personal injury claims that do not involve cancer at all. *See* Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 10, 2019), ECF No. 1322 (action alleging testicular seminoma was not appropriate for inclusion in the MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 24, 2019), ECF No. 1368 (action alleging adenocarcinoma was not appropriate for inclusion in the MDL); Notice to Counsel, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Mar. 6,

2020), ECF No. 1674 (action alleging leiomyosarcoma was not appropriate for inclusion in the MDL); *see also* Transfer Order at 1, ECF No. 757; Order at 1, ECF No. 2027 (transfer of case involving non-cancer injury would "only complicate pretrial proceedings and the resolution of the litigation.").

Having already had its transfer request rejected once, the NBFA now incorrectly claims that "[i]ts action stems from the exact same premise as the existing claims within the MDL—namely, that plaintiffs have been exposed to Defendant Monsanto's glyphosate-containing products and have or will develop non-Hodgkin's lymphoma or related haematopoietic cancers as a result." Motion at 1, ECF No. 2076. However, the Complaint does not identify a single individual with any eligible haematopoietic cancer, nor does the Complaint assert any personal injury claims. The Complaint also does not seek damages that may be related to personal injury claims, such as medical costs, pain and suffering, or the like. Ultimately, the claims brought and relief sought share few, if any, factual or legal issues in common with the cases currently in the MDL. Whatever injuries members of NBFA allegedly may develop or seek damages for in the future, the fact remains that NBFA does not assert any claims appropriate for inclusion in the MDL.

**II.     As This Panel Previously Held, the Advanced State of MDL No. 2741 Weighs Against Transfer.**

Expansion of this advanced MDL to include non-cancer claims would hinder its resolution and eliminate its efficiencies. To date, the transferor judge has presided over a bifurcated discovery process to first address the general causation question of "whether there is sufficient admissible evidence that glyphosate and/or Roundup is capable of causing cancer (specifically, Non-Hodgkin's Lymphoma) in humans." Pretrial Order No. 15: Third-Party Discovery and Pending Motions to Seal, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-

VC, at 1-2 (N.D. Cal. Mar. 13, 2017), ECF No. 186; *see also* Order re Bifurcation and Agenda for First Case Management Conference, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, at 1 (N.D. Cal. Nov. 14, 2016), ECF No. 25. This general causation phase culminated in early March 2018 with an evidentiary hearing and oral argument on the parties' *Daubert* motions focused on plaintiffs' NHL-based allegations, and a ruling by the MDL court limited to those allegations. *See* Pretrial Order No. 34: Modifying Schedule, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596.

In addition, the MDL Court also has supervised significant discovery regarding the regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence as related to NHL. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596. Further, per MDL protocols, case-specific discovery proceeds on a set schedule that includes deadlines for the submission of Plaintiff Fact Sheets focused on topics relevant to the alleged development of NHL or haematopoietic cancer as a result of exposure to Roundup products and therefore would not fit the allegations raised by the NBFA. *See* Pretrial Order No. 50: Plaintiff Fact Sheet Completion and Deficiencies, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883. To date, two waves of cases have completed or are in the midst of this fact discovery process, a third wave is about to start the discovery process, and multiple case-specific motions (again, all related to claims regarding

NHL) have been or are being resolved. Joint Case Management Statement, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 2, 2020), ECF No. 12003. The inclusion of NBFA's distinct claims would derail this smoothly running process, requiring revisions to the scope of fact and expert discovery and introducing new legal issues related to, among other things, various types of injunctive relief not currently being addressed by the MDL Court.

The MDL Court also appointed a mediator to assist the parties in resolution of the matters currently within the MDL. Minute Entry for Jul. 2, 2019, *In re: Roundup Prods. Liab. Litig.*, (N.D. Cal. Jul. 2, 2019), ECF No. 4441. Those efforts have been successful in many cases and are actively ongoing in others. *See* Joint Case Management Statement, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 2, 2020), ECF No. 12003. As a result, the Panel has determined that "there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation." Order, MDL No. 2741 at 1, ECF No. 2027; *see also* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 at 2(J.P.M.L. Feb. 5, 2020), ECF No. 1616 ("Significant efficiency and convenience benefits may be achieved through the continued transfer of tag-along actions to MDL No. 2741.").

The efficiencies created by centralization do not apply to non-cancer claims, including those asserted by NBFA. As this Panel recently concluded in denying transfer of a non-cancer claim, "[a]dding cases involving a new injury will only complicate pretrial proceedings and the resolution of the litigation." Order at 1, ECF No. 2027. Transfer of NBFA's claims to MDL No. 2741 will not serve "the convenience of parties and witnesses" and "promote the just and

efficient conduct of such actions," 28 U.S.C. § 1407(a), and instead will derail and delay the significant progress being made in addressing claims with similar alleged injuries.

Of note, the MDL Court has declined to expand the MDL to include non-cancer claims. On July 16, 2020, the City of Grand Rapids General Retirement System and City of Grand Rapids Police & Fire Retirement System filed an administrative motion requesting that the MDL Court relate their action, which involves a variety of securities-based claims, to MDL No. 2741. The MDL Court denied their request. *See* Order Denying Motion, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Aug. 10, 2020), ECF No. 11516. As with the non-cancer, non-personal injury claims asserted in *City of Grand Rapids*, the NBFA's claims are too dissimilar from those haematopoietic cancer claims currently in MDL 2741 to support inclusion.

### III.  If Any Overlapping Issues Exist, Coordination Is a More Efficient Path Forward Than Transfer of NBFA's Claims into the MDL.

NBFA argues that if this case is not transferred, it will be forced to duplicate existing discovery conducted in the MDL. Given the stark differences in the claims, significant overlap in relevant discovery is suspect. But, even assuming some overlap exists, coordination and shared discovery is a more efficient approach than expansion of the MDL to include NBFA's disparate claims. As this Panel noted in declining to transfer non-cancer claims into MDL No. 2741, "[a]lternatives exist … to minimize any potential for duplicative discovery," including making "relevant discovery of Monsanto obtained in the MDL" available to NBFA. Order, MDL 2741 at 1, ECF No. 2027 (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978)); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004)).

The Panel has recognized that such coordination efforts are "both practicable and preferable to centralization" where transfer into MDL is unnecessary or inefficient and where the

same defendant is involved in both actions. *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig.*, 38 F. Supp. 3d 1380, 1381 (J.P.M.L. 2014); *see also In re Cymbalta (Duloxetine) Prods. Liab. Litig. (No. II)*, 138 F. Supp. 3d 1375, 1377 (J.P.M.L. 2015); *In re OxyElite Pro & Jack3d Prods. Liab. Litig. (No. II)*, 65 F. Supp. 3d 1412, 1413-14 (J.P.M.L. 2014).

## CONCLUSION

For these reasons, Monsanto requests that the Panel deny NBFA's request to transfer its claims into MDL No. 2741.

Dated: December 3, 2020

Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendant*
*Monsanto Company*