BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |

### NATIONAL BLACK FARMER'S ASSOCIATION'S RESPONSE TO MONSANTO'S COMPANY OPPOSITION TO APPROVAL TAG-ALONG ACTIONS

Defendant Monsanto Company ("Monsanto") has filed a nine page Opposition to Plaintiff's Motion arguing two points – (1) transfer is inappropriate because Plaintiff National Black Farmers Association ("NBFA") alleges injuries that are non-cancerous and (2) the MDL is too advanced to transfer NBFA's action. These two arguments are contradicted by both the plain language of NBFA's action and by the actions of Monsanto taken within the MDL proceeding. NBFA's Complaint solely alleges injuries related to haematopoietic cancers and it is particularly suited to the MDL's parameters, especially in light of Monsanto's attempt to resolve exposure-only cases within the MDL. NBFA's Motion to have its claims included in MDL Roundup Litigation No. 2741 should be granted.

**NBFA's Cause of Action is Clearly for the Same Cancer Injuries that Make up the MDL**

Monsanto's first argument is belied by the plain language of NBFA's Complaint. While Monsanto repeatedly states that NBFA is attempting to join a "non-cancer" injury, a simple review of NBFA's Complaint reveals that the causes of action all focus on the NBFA members' exposure to Roundup products and resulting cancers that it causes - "Non-Hodgkin's Lymphoma, Hodgkin's Lymphoma, Lymphoma, Multiple Myeloma and/or Leukemia." *See e.g.,* NBFA Complaint at 1, ECF No. 2076-4. The Complaint also pleads the same causes of action that are repeatedly alleged within the MDL (Design Defect, Failure to Warn and Negligence). Further, NBFA's action is entirely focused on the risks and injuries of these cancers that exposure to Roundup has caused and

will cause to its membership.

The relief sought in the Complaint is factually and legally indistinguishable from other actions included in the MDL.  Further, transfer to the MDL "[D]oes not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant where the actions arise from a common factual core." *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig*., 410 F. Supp. 3d 1350, 1353-54 (J.P.M.L. 2019).  Here, there is a common factual core. Plaintiff's membership has been exposed to Monsanto's glyphosate-containing products and has or will develop non-Hodgkin's lymphoma or related haemopoietic cancers as a result.  Any alternative reading of the injuries in the Complaint is disingenuous.

The reality is that Monsanto is conflating the causes of action pled by NBFA and the relief sought.  Seeking equitable relief does not make an action any more or less a candidate for inclusion in an MDL.  Rather, the consideration is if the injury plead is within the province of the existing MDL.  Here, the injury (Non-Hodgkin's Lymphomas and other Haematopoietic cancers) is the same, but the remedy requested is slightly different, although based upon the same evidence and common factual core.  As the Panel has previously held, "While there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation, MDL No. 2741 is sufficiently mature that transfer of actions involving new injuries is not warranted." *See* Order Vacating Transfer, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. October 5, 2020), ECF No. 2027 (Vacating transfer of a non-cancer injury).  Here the cancers pled are already specifically a part of the MDL and, thus, not an expansion.[1]

Equally hypocritical to Monsanto's overall argument is the fact that it has made the same preemption claims in its Motion to Dismiss currently being briefed in the District Court that have already been presented to and rejected by Judge Chhabria in the MDL in the case of *Hardeman v.*

---

[1] Monsanto also seemingly makes a "standing" argument in its brief.  Putting aside that this argument is inappropriate for this forum, NBFA has associational standing and has, in fact, alleged that it has members that were exposed to Roundup and that have developed Non-Hodgkin's lymphoma and other Haematopoietic cancers as a result.

*Monsanto*. *See Hardeman v. Monsanto Co.*, 216 F. Supp. 3d 1037, 1038-39 (N.D. Cal. 2016). Clearly Monsanto's attempt to obtain a contrary ruling on preemption is contrary to the "just and efficient conduct" of this action. *See* 28 U.S.C. § 1407. The efficiencies to be gained through transfer to the MDL are apparent and undeniable.[2]

### The Current Posture of MDL No. 2741 Makes it Exceedingly Important for NBFA to Have a Voice within the MDL

Monsanto's focus on attempting to differentiate NBFA's action for members that have either contracted haematopoietic cancer or been exposed to the risk is curious given that they have tried to settle these very claims within the MDL. In June 2020, Monsanto attempted to obtain approval for settlement of an exposure only settlement class defined as:

Section 1.1 Definition of Settlement Class.

(a) "Settlement Class" means (i) **those individuals who are either citizens or Residents of the United States as of June 24, 2020 or who claim exposure to Roundup Products through the application of Roundup Products in the United States and who as of June 24, 2020** both (1) have been exposed to Roundup Products through the application of Roundup Products and (2) have not commenced a lawsuit or otherwise retained counsel with respect to any individual actual or potential personal injury or false advertising claims arising from, resulting from, in any way relating to or in connection with such exposure; and (ii) all Derivative Claimants. "Exposure to Roundup Products through the application of Roundup Products" includes exposure through mixing and any other steps associated with application, whether or not the individual performed the application, mixing, or other steps associated with application himself or herself.

Section 1.2 Definition of Subclasses.

(a) "Subclass 1" means Settlement Class Members who have been diagnosed with NHL as of the Settlement Date, and their Derivative Claimants.
(b) **"Subclass 2" means Settlement Class Members who have not been diagnosed with NHL as of the Settlement Date, and their Derivative Claimants**. *See* Class Action Settlement Agreement, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 3 (N.D. C.A. June 24, 2020), ECF No. 11042-2 (Emphasis added).

This settlement was withdrawn by Monsanto due to numerous filings calling into question the

---

[2] Monsanto's argument that the MDL is too "advanced" for NBFA's action is contradicted by the fact that Daubert hearings in Wave 3 for cases alleging the same cancers alleged by NBFA are being set for late 2021. Likewise, no less than 57 cases alleging the same cancers were transferred into the MDL in November 2020.

validity of such a settlement, as well as concerns from the Court related to the ability to settle such an action as a class.

In an order addressing some issues within the settlement, Judge Chhabria stated:

> Given the diffuse, contingent, and indeterminate nature of the proposed class, it seems unlikely that most class members would have an opportunity to consider in a meaningful way (if at all) whether it is in their best interest to join the class. There's nothing wrong with certifying a class of people who are candidates to suffer harm in the future when the class is narrow and readily identifiable—for example, NFL players who have not yet developed CTE. In a case like that, it's relatively easy to ensure that the class members are notified and given meaningful chance to consider their options before deciding whether to opt out of the settlement. **A class that includes all Roundup users who will get cancer in the future is very different. For example, the idea that a migrant farmworker or someone who is employed part time by a small gardening business would receive proper notification (much less the opportunity to consider their options in a meaningful way) is dubious**. *See* Order, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC, at 3 (N.D. Cal. July 6, 2020), ECF No. 11182 (Emphasis Added).

Judge Chhabria went on to express that it was his expectation that if preliminary approval of the class was not obtained that "the parties will presumably move to Plan B for devising a system to address future claims." *Id.* at 4. As stated above, approval was not obtained because it was withdrawn. Meanwhile, it is clear that Judge Chhabria anticipates addressing this issue within the MDL in the future.

The fact that claims mirroring those made by NBFA are not only present within the MDL, but are being discussed for potential resolution that will be addressed by the Court make it all the more important that NBFA be able to meaningfully participate in the process within the MDL. As is stated in NBFA's Complaint, its membership is largely rural Black farmers who frequently have limited internet connectivity and literacy concerns. This is specifically the type of population that Judge Chhabria's order speaks to and specifically a group that needs to have a significant voice in this litigation that directly affects it.

For all of these reasons, as well as those stated previously, NBFA's Motion to have its claims included in MDL Roundup Litigation No. 2741 should be granted.

Dated: December 10, 2020

Respectfully submitted,

NAPOLI SHKOLNIK, PLLC

*/s/ Christopher L. Schnieders*_____
Christopher L. Schnieders   MO # 57725
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
Telephone: 913-246-3860
Fax: 913-312-5841
cschnieders@napolilaw.com

GOLDSTEIN AND RUSSELL PC

Thomas C. Goldstein DC # 458365
Eric F. Citron DC # 1001069
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
Telephone: 202-362-0636
Fax: 866-574-2033
tgoldstein@goldsteinrussell.com
ecitron@goldsteinrussell.com

*Attorneys for Plaintiff*
*National Black Farmers Association*