**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:             **January 28, 2021**

LOCATION OF HEARING SESSION:   United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Washington, DC  20544-0005

TIME OF HEARING SESSION**:**             **11:00 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2 and Orders to Show Cause filed pursuant to Rule 8.1(a).  Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not participate in the Hearing Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument. Note that the training session is not mandatory for attorneys who previously have attended a training session.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 4, 2021**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 28, 2021, the Panel will convene a hearing session in Washington, DC, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry    Nathaniel M. Gorton
Matthew F. Kennelly    David C. Norton
Roger T. Benitez    Dale A. Kimball

SCHEDULE OF MATTERS FOR HEARING SESSION
January 28, 2021 -- Washington, DC

# SECTION A
# MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2978 -- **IN RE: HOTEL BOOKING ACCESS FOR INDIVIDUALS WITH DISABILITIES LITIGATION**

Motion of Hotels and Stuff Inc., to transfer the following actions to the United States District Court for the Western District of Pennsylvania:

District of District of Columbia

SARWAR v. 1061 31ST STREET LLC, C.A. No. 1:20-02601
SARWAR v. TUDOR LP, C.A. No. 1:20-02775

Middle District of Georgia

SARWAR v. OMKAR RAJ 2017 LLC, C.A. No. 3:20-00099

Northern District of Georgia

SARWAR v. CHATUGE RESORT, INC., C.A. No. 2:20-00215

Southern District of Georgia

SARWAR v. JAY NIDHI INC., C.A. No. 5:20-00124

Central District of Illinois

SARWAR v. ELIM KE, INC., C.A. No. 2:20-02273

Southern District of Illinois

SARWAR v. WILKINSON, C.A. No. 3:20-01045

District of Maine

SARWAR v. AUBURN FIRESIDE INN LLC, C.A. No. 2:20‑00355

District of Maryland

SARWAR v. LAVALE HOSPITALITY LLC, C.A. No. 1:20‑02668
SARWAR v. HOTEL GUNTER 2018 LLC, C.A. No. 1:20‑02829

District of Massachusetts

SARWAR v. R.F. DALY REALTY LLC, C.A. No. 1:20‑11774
SARWAR v. AARIA HOSPITALITY LLC, C.A. No. 1:20‑11779
SARWAR v. HYANNIS TRAVEL INN REALTY TRUST, C.A. No. 1:20‑11780
SARWAR v. RED JACKET BEACH LIMITED PARTNERSHIP, C.A. No. 1:20‑11781
SARWAR v. BOXBOROUGH REGENCY LLC, C.A. No. 1:20‑11783
SARWAR v. CONCORD'S COLONIAL INN ONE, LLC, C.A. No. 1:20‑11850
SARWAR v. THE WAGON WHEEL MOTEL INC., C.A. No. 3:20‑11782

District of New Jersey

SARWAR v. BIPIN‑SETH INC., C.A. No. 2:20‑12744

Northern District of New York

SARWAR v. DOBBINS REAL ESTATE, LLC, C.A. No. 1:20‑01111
SARWAR v. 18718 NY 28, LLC, C.A. No. 3:20‑01119
SARWAR v. PATEL, C.A. No. 5:20‑01117
SARWAR v. MAPLEWOOD INN, LLC, C.A. No. 5:20‑01171
SARWAR v. ESA 0504 INC., C.A. No. 5:20‑01174
SARWAR v. TOWN HOUSE MOTOR INN, INC., C.A. No. 6:20‑01060
SARWAR v. RESORT HOLDINGS LP LLC, C.A. No. 8:20‑01161
SARWAR v. WALDY, C.A. No. 8:20‑01173

Western District of Pennsylvania

SARWAR v. MOHAMMAD, C.A. No. 2:20‑01391
SARWAR v. MILLENIUM HOTELS INC., C.A. No. 2:20‑01469

Western District of Texas

SARWAR v. AJNISHA BUILDERS, LLC, C.A. No. 5:20−01098
SARWAR v. MINU, LLC, C.A. No. 5:20−01165
SARWAR v. PATEL, ET AL., C.A. No. 7:20−00239

Eastern District of Wisconsin

SARWAR v. MAA LLC, C.A. No. 1:20−01448

MDL No. 2979 − **IN RE: NATIONAL RIFLE ASSOCIATION BUSINESS EXPENDITURES LITIGATION**

Motion of The National Rifle Association of America to transfer the following actions to the United States District Court for the Northern District of Texas:

Northern District of New York

NATIONAL RIFLE ASSOCIATION OF AMERICA v. JAMES, C.A. No. 1:20−00889

Middle District of Tennessee

DELL'AQUILA v. LAPIERRE, ET AL., C.A. No. 3:19−00679

Northern District of Texas

NATIONAL RIFLE ASSOCIATION OF AMERICA v. ACKERMAN MCQUEEN, INC., ET AL., C.A. No. 3:19−02074
ACKERMAN MCQUEEN, INC. v. STINCHFIELD, C.A. No. 3:19−03016

MDL No. 2981 − **IN RE: GOOGLE ANTITRUST LITIGATION**

Motion of plaintiff J. Jackson Paige to transfer the following actions to the United States District Court for the District of Columbia:

Northern District of California

EPIC GAMES, INC. v. GOOGLE LLC, ET AL., C.A. No. 3:20−05671
IN RE GOOGLE PLAY CONSUMER ANTITRUST LITIGATION, C.A. No.3:20−05761
IN RE GOOGLE PLAY DEVELOPER ANTITRUST LITIGATION, C.A. No. 3:20−05792
PEEKYA SERVICES, INC. v. GOOGLE LLC, ET AL., C.A. No. 3:20−06772

BENTLEY, ET AL. v. GOOGLE LLC, ET AL., C.A. No. 3:20−07079
MCNAMARA v. GOOGLE LLC, ET AL., C.A. No. 3:20−07361
HERRERA v. GOOGLE LLC, C.A. No. 3:20−07365
CARROLL v. GOOGLE LLC, C.A. No. 3:20−07379
IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION,
   C.A. No. 5:20−03556

    District of District of Columbia

PAIGE v. GOOGLE LLC, ET AL., C.A. No. 1:20−03158

MDL No. 2983 − **IN RE: DICKEY'S BARBECUE RESTAURANTS, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Ross Diczhazy, et al., to transfer the following actions to the United States District Court for the Southern District of California:

    Southern District of California

DICZHAZY, ET AL. v. DICKEY'S BARBECUE RESTAURANTS, INC., ET AL.,
   C.A. No. 3:20−02189
MARQUEZ v. DICKEY'S BARBECUE RESTAURANTS, INC., ET AL.,
   C.A. No. 3:20−02251

    Northern District of Texas

KOSTKA v. DICKEY'S BARBECUE RESTAURANTS, INC., C.A. No. 3:20−03424

SECTION B
MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT


MDL No. 2179 ‒ **IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010**

　　Opposition of plaintiff Brian J. Donovan to transfer of the following action to the United States District Court for the Eastern District of Louisiana:

　　Middle District of Florida

　　　DONOVAN v. BARBIER, ET AL., C.A. No. 8:20‒02598

MDL No. 2286 ‒ **IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

　　Opposition of plaintiff Ashok Arora to remand, under 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Northern District of Illinois:

　　Southern District of California

　　　ARORA v. MIDLAND CREDIT MANAGEMENT, INC., ET AL., C.A. No. 3:15‒01712
　　　　(N.D. Illinois, C.A. No. 1:15‒06109)

MDL No. 2331 ‒ **IN RE: PROPECIA (FINASTERIDE) PRODUCTS LIABILITY LITIGATION**

　　Motion of defendant Merck & Co., Inc., to transfer the following action to the United States District Court for the Eastern District of New York:

　　District of New Jersey

　　　MCALEXANDER v. MERCK & CO. INC., C.A. No. 2:20‒15042

MDL No. 2738 – **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Nancy Acord Gill, et al., to transfer of the following action to the United States District Court for the District of New Jersey:

Central District of California

GILL, ET AL. v. JOHNSON AND JOHNSON, ET AL., C.A. No. 2:20‒08561

MDL No. 2741 – **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Michael Randy Hayes, et al., to transfer of the *Hayes* action to the United States District Court for the Northern District of California; motion of plaintiff National Black Farmers Association to transfer the *National Black Farmers Association* action to the United States District Court for the Northern District of California; and motion of plaintiff Ralph A. Applegate for remand, pursuant to 28 U.S.C. § 1407(a), of the *Applegate* actions to the United States District Court for the Southern District of Ohio:

Northern District of Alabama

HAYES, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 3:20‒01736

Northern District of California

APPLEGATE v. MONSANTO COMPANY, C.A. No. 3:18‒03363 (S.D. Ohio, C.A. No. 2:18‒00045)
APPLEGATE v. BAYER AG, C.A. No. 3:19‒06800 (S.D. Ohio, C.A. No. 2:19‒04264)

Eastern District of Missouri

NATIONAL BLACK FARMERS ASSOCIATION v. MONSANTO COMPANY, C.A. No. 4:20‒01145

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

 Oppositions of plaintiffs to transfer of their respective following actions to the United State District Court for the Northern District of Ohio; motion of The Plaintiffs' Executive Committee in MDL No. 2804 to transfer the *Walmart* action to the United States District Court for the Northern District of Ohio; motion of defendant Hikma Pharmaceuticals USA Inc., to transfer the *Smith* and *Blankenship* actions to the United States District Court for the Northern District of Ohio; and motion of plaintiffs for remand, pursuant to 28 U.S.C. § 1407(a), of the City of Santa Fe and City and City of Albuquerque actions to the United States District Court for the District of New Mexico:

  Northern District of Illinois

VILLAGE OF ADDISON, ET AL. v. CEPHALON, INC., ET AL., C.A. No. 1:20–05534

  Northern District of Mississippi

SMITH v. INDIVIOR, INC., ET AL., C.A. No. 3:20–00187
BLANKENSHIP v. INDIVIOR, INC., ET AL., C.A. No. 4:20–00135

  Eastern District of Missouri

BARRY COUNTY v. ALLERGAN PLC, ET AL., C.A. No. 4:20–01452

  Northern District of Ohio

CITY OF ALBUQUERQUE v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
 C.A. No. 1:20–45136 (D. New Mexico, C.A. No. 1:19–01168)
CITY OF SANTA FE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:20–45137
 (D. New Mexico, C.A. No. 1:19–01105)

  Northern District of Oklahoma

CITY OF TULSA v. CEPHALON, INC., ET AL., C.A. No. 4:20–00493

  Western District of Oklahoma

ELK CITY CITY OF v. CEPHALON, INC., ET AL., C.A. No. 5:20–00998

    Eastern District of Pennsylvania

LABORERS' DISTRICT COUNCIL BUILDING AND CONSTRUCTION
  HEALTH AND WELFARE FUND v. PURDUE PHARMA L.P., ET AL.,
  C.A. No. 2:20‒04804
SHEET METAL WORKERS LOCAL 19 HEALTH FUND v. PURDUE PHARMA
  L.P., ET AL., C.A. No. 2:20‒04805
DISTRICT ATTORNEY OF CLEARFIELD COUNTY v. PURDUE PHARMA L.P.,
  ET AL., C.A. No. 2:20‒05171
ASBESTOS WORKERS LOCAL UNION NO. 2 WELFARE FUND v. ALLERGAN,
  PLC, ET AL., C.A. No. 2:20‒05191

    Eastern District of Texas

WALMART, INC. v. U.S. DEPARTMENT OF JUSTICE, ET AL.,
  C.A. No. 4:20‒00817

MDL No. 2873 ‒ **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS
  LIABILITY LITIGATION**

Oppositions of plaintiffs Teresa Mauldin, et al.; Attorney General Dana Nessel, et al.; and Tina Poynter-Abell to transfer of their respective following actions to the United States District Court for the District of South Carolina:

    Northern District of California

MAULDIN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:20‒07212

    Western District of Michigan

NESSEL, ET AL. v. CHEMGUARD, INC., ET AL., C.A. No. 1:20‒01080

    Eastern District of Missouri

POYNTER-ABELL v. 3M COMPANY, ET AL., C.A. No. 4:20‒01568

MDL No. 2875 – **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**

Motion of defendants Aurobindo Pharma USA, Inc., and CVS Pharmacy, Inc., to transfer the following action to the United States District Court for the District of New Jersey:

<u>Middle District of Florida</u>

HERNANDEZ v. CVS PHARMACY INC., C.A. No. 8:20‒02409

MDL No. 2885 – **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

<u>District of Minnesota</u>

BISCHOFF, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒01984
ANDERSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02010
BRIONES v. 3M COMPANY, ET AL., C.A. No. 0:20‒02042
AKIN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02125
ALDRIDGE, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02256
DODSON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02297
BILLUPS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02298
BISSESSAR, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02313
ALLMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‒02338

MDL No. 2913 – **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Doreen Toth, et al.; Cullen Schoppa; Caroline Kherkher; and William Beck Woodruff and defendants Fontem US, Inc.; LOEC, Inc.; Reynolds American Inc.; R.J. Reynolds Tobacco Company; Japan Tobacco International U.S.A., Inc.; and Logic Technology Development LLC to transfer of their respective following actions to the United States District Court for the Northern District of California:

<u>Southern District of New York</u>

TOTH, ET AL. v. JUUL LABS, INC., ET AL., C.A. No. 7:20‒08517

Southern District of Texas

SCHOPPA v. JUUL LABS, INC., ET AL., C.A. No. 4:20‒03535
KHERKHER v. JUUL LABS, INC., ET AL., C.A. No. 4:20‒03540
WOODRUFF v. JUUL LABS, INC., ET AL., C.A. No. 4:20‒03543

MDL No. 2924 ‒ **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Rochanda Hawkins to transfer of the following action to the United States District Court for the Southern District of Florida:

Northern District of Illinois

HAWKINS v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 1:20‒06509

MDL No. 2936 ‒ **IN RE: SMITTY'S/CAM2 303 TRACTOR HYDRAULIC FLUID MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Nationwide Agribusiness Insurance Company to transfer of the following actions to the United States District Court for the Western District of Missouri:

Eastern District of Louisiana

NATIONWIDE AGRIBUSINESS INSURANCE COMPANY v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:20‒02890
NATIONWIDE AGRIBUSINESS INSURANCE COMPANY v. SMITTY'S SUPPLY, INC., ET AL., C.A. No. 2:20‒02892

MDL No. 2945 ‒ **IN RE: AHERN RENTALS, INC., TRADE SECRET LITIGATION**

Oppositions of plaintiff Ahern Rentals, Inc., to transfer of the following actions to the United States District Court for the Western District of Missouri:

Northern District of California

AHERN RENTALS, INC. v. SCHREINER, C.A. No. 3:20‒06750

Eastern District of Missouri

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM INC., ET AL.,
C.A. No. 4:20‒01565

Eastern District of Texas

AHERN RENTALS, INC. v. EQUIPMENTSHARE.COM, INC., C.A. No. 2:20‒00333

MDL No. 2959 ‒ **IN RE: PROVEN NETWORKS, LLC, PATENT LITIGATION**

Opposition of defendant F5 Networks, Inc., to transfer of the following action to the United States District Court for the Western District of Texas:

Northern District of California

PROVEN NETWORKS, LLC v. F5 NETWORKS, INC., C.A. No. 3:20‒05571

MDL No. 2982 ‒ **IN RE: FEDERAL BUREAU OF PRISONS HOME CONFINEMENT LITIGATION (NO. II)**

Motion of plaintiff Rhonda Fleming to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

TORRES, ET AL. v. MILUSNIC, ET AL., C.A. No. 2:20‒04450

Northern District of Florida

FLEMING v. STRONG, C.A. No. 4:20‒00212
LEE v. STRONG, C.A. No. 4:20‒00329

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

  (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

  (i) the dispositive issue(s) have been authoritatively decided; or
  (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

  (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
  (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.