**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER (CTO-244)**

Plaintiffs Michael and Katrina Hayes do not and cannot dispute that this case shares

common issues of fact with the cases already centralized in MDL No. 2741.  As do the majority

of plaintiffs in the MDL, plaintiff Michael Hayes alleges that exposure to Monsanto Company's

("Monsanto's") Roundup®-branded products caused him to develop non-Hodgkin's Lymphoma

("NHL").  *See* Mem. in Supp. of Mot. to Vacate CTO-244, *In re: Roundup Prods. Liab. Litig.*,

MDL No. 2741 (J.P.M.L. Dec. 9, 2020), ECF No. 2109-1 ("Motion to Vacate"); Transfer Order,

*In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Dec. 6, 2018), ECF No. 757.

However, in an effort to avoid the MDL, plaintiffs oppose transfer based solely on their belief

that Monsanto improperly removed the case to federal court.

It is well settled that this Panel does not consider the merits of remand motions when

deciding transfer issues and that the pendency of remand motions in transferor courts does not

prevent transfer.  *See, e.g.*, Transfer Order, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL

No. 2754, at 1-2 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing

*In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*,

170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).  In fact, the Panel has previously transferred

cases to this MDL despite pending remand motions in those cases.  *See, e.g.,* Transfer Order, *In*

*re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616;

Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283.

Transfer is efficient given the progress of and work completed to date in the MDL. That effort includes significant discovery regarding the regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596. Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted. *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883. The Panel has affirmed that progress continues to be made in the MDL and centralization is justified. Order Vacating Conditional Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 5, 2020), ECF No. 2027 (noting that actions within the "MDL involve allegations that plaintiffs developed [NHL]… as a result of exposure to Monsanto's glyphosate-based herbicides" and that "there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741."). Therefore, transfer of this matter to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient

conduct of such actions." *See* 28 U.S.C. § 1407(a).  Plaintiffs' Motion to Vacate should be denied.

## I.      BACKGROUND

Despite seeking this MDL, plaintiffs generally have employed a strategy of litigation tourism, filing numerous cases in various state courts in an apparent effort to bypass the MDL Court when desired.  Many of those plaintiffs have no connection to the states in which their claims were filed, while others name fraudulently joined in-state defendants in an attempt to defeat diversity jurisdiction.

Plaintiffs have done the latter, bringing claims against out-of-state defendants Monsanto and Red River Specialties, LLC (formally Red River Specialties, Inc.), as well as Sheffield Light & Power and Sheffield Utilities, two in-state defendants plaintiffs fraudulently joined in an effort to defeat diversity jurisdiction.  *See* Ex. 1, Complaint, *Hayes, et al. v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB (N.D. Ala. Nov. 4, 2020), ECF No. 1-1.  Monsanto removed this case to the Northern District of Alabama on November 4, 2020.  *See* Notice of Removal, *Hayes et al. v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB, at 9 (N.D. Ala. Nov. 4, 2020), ECF No. 1 ("Notice of Removal").  Monsanto provided notice to the Panel of this potential tag-along action on November 5, 2020.  *See* Monsanto's Notice of Potential Tag-along Action, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 5, 2020), ECF No. 2069.  On November 16, 2020, receiving no opposition from plaintiffs, the Panel finalized CTO-244, ordering the transfer of this matter to the MDL.  *See* Conditional Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 16, 2020), ECF No. 2083.  Only after transfer was finalized did plaintiffs file an opposition and request that CTO-244 be reinstated.  *See* Motion to Reinstate CTO-244, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 16, 2020), ECF

No. 2085.  This Panel granted that request.  *See* Order Reinstating CTO-244, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 17, 2020), ECF No. 2092.

In the transferor court, plaintiffs filed a motion to remand this case to state court, *see* Plaintiffs' Motion to Remand, *Hayes, et al. v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB (N.D. Ala. Nov. 5, 2020), ECF No. 3 ("*Hayes* Remand Motion"), and Monsanto requested that the case be stayed pending a decision from this Panel on MDL transfer.  *See* Monsanto Co.'s Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Hayes, et al. v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB (N.D. Ala. Nov. 9, 2020), ECF No. 5 ("Monsanto's Motion to Stay").  On December 16, 2020, the transferor court granted Monsanto's Motion to Stay.  See Text Order Granting Motion to Stay, *Hayes, et al. v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB (N.D. Ala. Dec. 16, 2020), ECF No. 12.

## II.    ARGUMENT

### A.    The Panel Should Transfer This Action to MDL No. 2741.

#### 1.    This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of plaintiffs' claims.  This case shares common questions of fact with those already consolidated in MDL No. 2741.  Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57 (noting cases in the MDL "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes [NHL]"); *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. Oct. 3, 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from

a common factual core.").  Because plaintiffs' claims raise many of the same issues as those in

the MDL, there is no prejudice to joining the MDL at this stage of the proceedings.  Despite

plaintiffs' claim that Monsanto removed this case in part to delay the litigation of this case, *see*

Motion to Vacate at 13, the Panel already has determined that centralization is the most efficient

way forward.  *See In re: Roundup*, 214 F. Supp. 3d at 1347; Order Vacating Conditional Transfer

Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 at 1 (J.P.M.L. Oct. 5, 2020), ECF No.

2027.  Furthermore, even if some parties to an action experience an inconvenience or delay, the

Panel has deemed transfer appropriate "if it furthers the expeditious resolution of the litigation

taken as a whole."  *See, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365,

1366 (J.P.M.L. 2001).

  Plaintiffs' pending motion to remand the matter to state court further demonstrates the

increased efficiency that MDL transfer promotes in these circumstances.  It would be highly

inefficient and would present a risk of inconsistent decisions for district courts around the

country that receive future Roundup® cases presenting remand issues to decide similar motions,

when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact,

has already done so in multiple cases.  *See, e.g., Bryant v. Monsanto Co.,* MDL No. 2741, 2019

WL 6873145 (N.D. Cal. Dec. 16, 2019) (pretrial order denying motion to remand); *Cichy v.

Monsanto Co.*, MDL No. 2741, 2019 WL 6122004 (N.D. Cal. Nov. 19, 2019) (pretrial order

granting motion to remand); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F.

Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket

furthers the expeditious resolution of the litigation taken as a whole.").

  Plaintiffs' preference to avoid the MDL by filing in state court does not outweigh the

efficiencies of having the MDL Court decide these issues.  Moreover, MDL transfer presents the

most efficient path to its ultimate resolution.  The MDL Court is very familiar with the issues

presented by this litigation as a whole and is best positioned to resolve plaintiffs' claims.  *See*

Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 at 1-2 (J.P.M.L. Oct. 2,

2019), ECF No. 1283.  Transfer, therefore, will serve "the convenience of parties and witnesses"

and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).  The fact

that plaintiffs do not wish to be part of the MDL, *see generally* Motion to Vacate, does not

change the fact that, at this point in the litigation, this case can be resolved most efficiently in the

MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL

7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued

that case was improperly removed from parallel consolidated state court proceedings and remand

motion was fully briefed).

### 2.    The pending motion to remand does not prevent transfer.

Contrary to plaintiffs' claims, transfer is neither precluded nor premature simply because

plaintiffs believe that there is no federal jurisdiction.  *See* Motion to Vacate at 7.  The Panel has

repeatedly rejected arguments that CTOs should be vacated because of a pending motion to

remand an action to state court.  *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*,

MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616 ("Such jurisdictional issues generally do

not present an impediment to transfer . . . Plaintiffs can present their remand arguments to the

transferee judge."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L.

Oct. 2, 2019), ECF No. 1283 (same, noting that between the date of filing of a remand motion

and when transfer to MDL is finalized, the transferor court has sufficient time to rule on remand

motions if they so choose to do); *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion

to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*,

MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s

we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.,* MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiffs do not cite a single recent published decision in which the Panel denied transfer based on a pending motion to remand and, in fact, ignore large numbers of decisions to the contrary.  Even in cases where a stay pending a decision on MDL transfer is *not* formally entered – unlike the case here, where a stay *has been* entered – the Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion" because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course.  *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n.2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Although plaintiffs argue that MDL transfer should be denied and cite allegedly supporting case law, *see* Motion to Vacate at 13, "the Panel does not have the authority to

determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re: Eliquis*, Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 at 1 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 at 1 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[1]  Monsanto plans to file an opposition to plaintiffs' motion to remand at the proper time.  Meanwhile, the transferor court has issued a stay order pending a ruling on transfer from the Panel.  *See* Order, *Hayes, et al. v. Monsanto Co. et al.*, No. 3:20-cv-01736-LCB (N.D. Ala. Dec. 16, 2020), ECF No. 12.  Here, the Panel has no authority to address the merits of a remand motion and, as the Panel has repeatedly held, a pending remand motion is not a basis to grant a motion to vacate.

## III.   CONCLUSION

For these reasons, Monsanto requests that the Panel deny plaintiffs' Motion to Vacate and

---

[1] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

transfer this action to MDL No. 2741.

Dated: December 22, 2020                    Respectfully submitted,

                                           /s/ Joe G. Hollingsworth
                                           Joe G. Hollingsworth
                                           (jhollingsworth@hollingsworthllp.com)
                                           HOLLINGSWORTH LLP
                                           1350 I Street NW
                                           Washington D.C., 20005
                                           Phone: (202) 898-5800
                                           Fax: (202) 682-1639

                                           *Attorneys for Defendant*
                                           *Monsanto Company*