**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

**MONSANTO COMPANY AND BAYER AG'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND**

*Pro se* plaintiff Ralph Applegate filed a motion to remand both of his actions, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045 (S.D. Ohio Jan. 16, 2018), and *Applegate v. Bayer AG*, No. 2:19-cv-04264 (S.D. Ohio Sept. 24, 2019), to the Franklin County Common Pleas Court in Ohio. *See* Motion to Remand, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 17, 2020), ECF No. 2090.[1] Both actions contain overlapping allegations, but the latter action purports to name Bayer AG[2] as the defendant instead of Monsanto Company ("Monsanto") (collectively "defendants"). In seeking remand, plaintiff does not and cannot dispute that his cases share common issues of fact with the cases already centralized in MDL No. 2741 involving allegations that exposure to Monsanto's Roundup®-branded products caused plaintiff to develop

---

[1] Although plaintiff requests remand to state court, this Panel's authority allows it to consider remand only to the appropriate federal district court. *See* 28 U.S.C. § 1407 ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated…"). Here, that court is the United States District Court for the Southern District of Ohio.

[2] In its Answer to Plaintiff's Complaint and Separate and Affirmative Defenses, Bayer AG asserted several defenses, including insufficient process, insufficient service of process, and lack of personal jurisdiction. *See* Answer, *Applegate v. Bayer AG*, Case No. 2:19-cv-04264 (S.D. Ohio Sept. 30, 2019), ECF No. 3. Preserving and without waiving those defenses, Bayer AG hereby joins in Monsanto Company's request that the Panel deny the remand motion.

1

a form of non-Hodgkin's Lymphoma ("NHL").  *See* Pro Se Party's Memorandum, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Dec. 3, 2020), ECF No. 2117 ("Motion to Remand"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Dec. 6, 2018), ECF No. 757.  Instead, he is expressing – for the second time – a preference to proceed in a different court.  *See* Motion to Remand at 1; *see also* Memorandum in Support of Plaintiff's Motion to Vacate, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Mar. 5, 2018), ECF No. 514-1 (requesting that conditional transfer order in case brought against Monsanto be vacated based on his belief that the Franklin County Common Pleas Court has favorable settlement procedures and that his rights under the Due Process Clause were denied due to the lack of notice of a hearing prior to transfer).

This Panel previously considered the suitability of plaintiff's cases for transfer into the MDL and decided that transfer was appropriate, once over plaintiff's objections and once absent objection by either party.  *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. June 6, 2018), ECF No. 599 (transferring action brought against Monsanto); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 9, 2019), ECF No. 1314 (transferring action naming Bayer AG as defendant).

There is still progress to be made in the way of pretrial proceedings, discovery, and motions practice (including resolution of plaintiff's pending motions to remand in both matters).  As the Panel recently reconfirmed, centralization continues to be the most efficient way forward in cases where, as here, similar injuries are involved[3] and procedures for conducting case-

---

[3] *See* Order Vacating Conditional Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 5, 2020), ECF No. 2027 ("…there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation…"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Feb. 5, 2020), ECF No. 1616 ("[J]urisdictional issues generally do not present an impediment to

specific discovery are in place. Remand of either matter now will not serve "the convenience of parties and witnesses" or "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). The Panel should not jump ahead of the MDL Court in assessing whether remand is appropriate and, instead, should allow the MDL process to proceed. Plaintiff's Motion to Remand should be denied.

## I.   BACKGROUND

Plaintiff filed his claims against Monsanto on December 14, 2017 and against Bayer AG on August 22, 2019. *See* Complaint, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045 (S.D. Ohio Jan. 16, 2018), ECF No. 1-1; Complaint (the "Monsanto action"), *Applegate v. Bayer AG*, No. 2:19-cv-04264 (S.D. Ohio Sept. 24, 2019), ECF No. 1-1 (the "putative Bayer AG action"). Plaintiff's actions were removed to U.S. District Court for the Southern District of Ohio on January 16, 2018 and September 24, 2019, respectively. *See* Notice of Removal, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045 (S.D. Ohio Jan. 16, 2018), ECF No. 1; Notice of Removal, *Applegate v. Bayer AG*, No. 2:19-cv-04264 (S.D. Ohio Sept. 24, 2019), ECF No. 1.

In the Monsanto action, Monsanto identified the case as a potential tag-along action on January 17, 2018, *see* Monsanto Co.'s Notice of Potential Tag-Along Action, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Jan. 17, 2018), ECF No. 440, and a conditional transfer order was filed on January 18, 2018, *see* Conditional Transfer Order (CTO-67), *In re:*

---

transfer…[as] significant efficiency and convenience benefits may be achieved through the continued transfer of tag-along actions to MDL No. 2741."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 3, 2016), ECF No. 57 ("[I]ndividualized factual issues…do not negate the efficiencies to be gained by centralization…. Those differences are not an impediment to centralization when common questions of fact are multiple and complex, as they are here.").

*Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Jan. 18, 2020), ECF No. 442. The Panel did not receive a notice of opposition to transfer by January 25, 2018, as the CTO briefing schedule provided for, and thus the Panel finalized the transfer to the Northern District of California on January 26, 2018. On January 30, 2018, the case was opened in the Northern District of California as *Applegate v. Monsanto Co.*, No. 3:18-cv-00663 (N.D. Cal. Jan. 30, 2018).

Subsequently, on February 5, 2018, the Panel received a notice of opposition from plaintiff postmarked January 22, 2018, *see* Notice of Opposition to Conditional Transfer Order (CTO-67), *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2018), ECF No. 469, at which point the Panel reinstated CTO-67. *See* Order Reinstating CTO-67, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2018), ECF No. 468. Plaintiff filed his single-page brief in support of his motion to vacate on March 5, 2018, *see* Motion to Vacate, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Mar. 5, 2018), ECF No. 514-1, to which Monsanto responded on March 26, 2018, *see* Monsanto Co.'s Opposition to Plaintiff's Motion, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Mar. 26, 2018), ECF No. 537. Plaintiff filed "Supplemental Information" on April 17, 2018 and May 21, 2018. *See* Supplemental Information, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Apr. 17, 2018), ECF No. 559; Supplemental Information, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. May 21, 2018), ECF No. 586. Meanwhile, the transferor court, which maintained jurisdiction during the pendency of the transfer briefing, issued a decision denying remand of plaintiff's case to Ohio state court. *See* Order Denying Motion to Remand, *Applegate v. Monsanto Co.*, No. 2:18-cv-00045 (S.D. Ohio Apr. 9, 2018), ECF No. 22. On June 6, 2018, the Panel rejected plaintiff's arguments and again transferred the Monsanto action to the

Northern District of California, with the new case being opened as Case No. 3:18-cv-03363 (N.D. Cal.). *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. June 6, 2018), ECF No. 599; *see also Applegate v. Monsanto Co.*, No. 3:18-cv-03363 (N.D. Cal. June 7, 2018). On August 19, 2020, two years after transfer, plaintiff filed a motion to remand in the MDL. *See* Motion to Remand, *Applegate v. Monsanto Co.*, No. 3:18-cv-03363 (N.D. Cal. Aug. 19, 2020), ECF No. 51. The motion and related briefing are pending.

In the putative Bayer AG action, Bayer AG provided notice to the Panel of this potential tag-along action on September 26, 2019. *See* Notice of Potential Tag-Along, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Sept. 26, 2019), ECF No. 1270. Receiving no opposition from plaintiff, the Panel transferred the action from the Southern District of Ohio to the Northern District of California. *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 9, 2019), ECF No. 1314. On October 23, 2019, the case was opened in the Northern District of California as *Applegate v. Bayer AG*, No. 3:19-cv-06800, (N.D. Cal. Oct. 23, 2019). On August 18, 2020, almost one year after transfer, plaintiff filed a motion to remand, claiming that pretrial proceedings were complete. *See* Motion to Remand, *Applegate v. Bayer AG*, No. 3:19-cv-06800 (N.D. Cal. Aug. 18, 2020), ECF No. 17. Bayer AG has submitted a response but, to date, no reply has been filed and no ruling on the motion has been issued. *See* Opposition to Motion to Remand, *Applegate v. Bayer AG*, No. 3:19-cv-06800 (N.D. Cal. Sept. 3, 2020), ECF No. 19.

Subsequent to the remand motions filed in the Northern District of California, plaintiff filed this remand motion on November 17, 2020. Motion to Remand, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 17, 2020), ECF No. 2090. Plaintiff later filed a brief in support of this motion. Pro Se Party's Memorandum, *In re: Roundup Prods. Liab. Litig.*,

MDL No. 2741 (J.P.M.L. Dec. 3, 2020), ECF No. 2117.  Again, plaintiff's motion did not contain any new arguments in favor of remand.  Motions to Remand, ECF Nos. 2090 and 2117.

## II.    ARGUMENT

### A.    Plaintiff's Cases Belong and Should Remain In the MDL.

When transferring plaintiff's claims in the Monsanto and putative Bayer AG actions into the MDL, the Panel found that the cases "share[] multiple factual issues with the cases already in the MDL."  *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. June 6, 2018), ECF No. 599; Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 9, 2019), ECF No. 1314 (finding Bayer AG action "involve[s] questions of fact that are common to the actions previously transferred to the Northern District of California").

Nothing has changed that would suggest the Panel reverse course and remand these cases.  While much of the general discovery of Monsanto has been completed, significant pretrial proceedings still need to be conducted in both actions.  The MDL Court has procedures in place to efficiently complete case-specific discovery of individual claims and decide case-specific dispositive and *Daubert* motions on a state-by-state basis before remanding those actions to their transferor courts.  *See, e.g.,* Pretrial Order No. 150, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741 (N.D. Cal. Jun. 14, 2019), ECF No. 4132.  Given that plaintiff's claims have not completed either of these processes, his representation that pretrial proceedings are complete, *see* Motion to Remand, *Applegate v. Bayer AG*, No. 3:19-cv-06800 (N.D. Cal. Aug. 18, 2020), ECF No. 17, is incorrect.

Keeping these actions in the MDL "furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay." *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. June 6,

2018), ECF 599 (citing *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.")). As the Panel has noted, supervision by and compliance with the MDL processes "almost certainly will inure to plaintiff's benefit, given the transferee court's familiarity with the issues and the substantial discovery that has taken place in the MDL." *Id.*

### B. This Panel Should Not Remand Plaintiff's Claims before the MDL Court Completes Pretrial Proceedings and Indicates That the Case Is Ready for Remand.

This Panel is generally reluctant to remand cases in which pretrial proceedings are pending, often leaving such decisions – and the timing of those decisions – to the MDL judge. *See* Order Denying Remand, *In re: Western States Wholesale Natural Gas Antitrust Litigation*, MDL No. 1566, at 1 (J.P.M.L. Aug. 5, 2015), ECF No. 265 ("[P]retrial proceedings…have not been completed in the [actions]….In these circumstances, we conclude that the most prudent course is to provide [the assigned judge] the opportunity to review and assess the status of litigation in-depth. If he determines that the continued inclusion in the MDL of one or more of these actions is no longer warranted, he is free to suggest Section 1407 remand of that action.").

Here, the MDL Court has not yet suggested remand of any action appropriately included in the MDL. Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616. And, in each of plaintiff's actions, remand motions are pending. It would be highly inefficient and would present a risk of inconsistent decisions for this Panel to decide similar motions. The MDL Court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in multiple cases. *See, e.g., Bryant v. Monsanto Co.,* No. 3:19-cv-06395, 2019 WL 6873145 (N.D. Cal. Dec. 16, 2019) (pretrial order denying motion to remand); *Cichy v. Monsanto Co.*, No. 3:19-cv-04575, 2019 WL 6122004 (N.D. Cal. Nov. 19,

2019) (pretrial order granting motion to remand); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole.").

For these reasons, the decisions of whether and when to remand plaintiff's claims should be left to the MDL Court pursuant to the case management plans it has in place. Plaintiff's preference to avoid the MDL does not outweigh the efficiencies of having the MDL Court decide these issues. The MDL Court is very familiar with the issues presented by this litigation and is best positioned to resolve plaintiff's claims. *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1-2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283. Remaining in the MDL, therefore, will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).

Furthermore, even if the movement of plaintiff's cases is somewhat slower than others in the MDL, the Panel has deemed centralization appropriate "if it furthers the expeditious resolution of the litigation taken as a whole." *See, e.g.*, *In re Crown Life Ins. Co.*, 178 F. Supp. 2d at 1366. There is no factual or legal basis for this Panel to single out these cases and remand them ahead of many others that are further along in the MDL process.

### III. CONCLUSION

For these reasons, Monsanto and Bayer AG request that the Panel deny plaintiff's' Motion to Remand.

Dated: December 28, 2020         Respectfully submitted,

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
(jhollingsworth@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street NW
Washington D.C., 20005
Phone: (202) 898-5800
Fax: (202) 682-1639

*Attorneys for Defendants
Monsanto Company and Bayer AG*