UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                                                MDL No. 2741


TRANSFER ORDER


**Before the Panel**: We are presented with two motions in this docket. First, plaintiffs in the Northern District of Alabama *Hayes* action move under Panel Rule 7.1 to vacate our order that conditionally transferred *Hayes* to the Northern District of California for inclusion in MDL No. 2471. Second, plaintiff in the Eastern District of Missouri *National Black Farmers Association* (*NBFA*) action moves under 28 U.S.C. § 1407(c) to transfer *NBFA* to MDL No. 2471. Defendant Monsanto Company opposes both motions.

In support of their motion to vacate, plaintiffs in *Hayes* primarily argue that federal subject matter jurisdiction over *Hayes* is lacking, and that their pending motion for remand to state court should be decided before transfer. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001).[2]  Plaintiffs can present their remand arguments to the transferee court.

Plaintiffs also argue that pretrial motion practice and discovery in *Hayes* will be case-specific. This argument is not persuasive. Like the actions in MDL No. 2741, plaintiffs allege that Mr. Hayes was exposed to Roundup and, as a result, developed non-Hodgkin's lymphoma.

---

[1] The Sixth Circuit decision in *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975), which plaintiffs cite in support of their motion, is not to the contrary. The Sixth Circuit has declined to read *BancOhio* as preventing Section 1407 transfer when a jurisdictional objection is pending. *See In re McConnell*, No. 11-4265, slip op. at 2 (6th Cir. Apr. 26, 2012) (denying mandamus petition objecting to Panel transfer while a jurisdictional motion was pending; "The writ in *BancOhio* was addressed to the transferor judge, not the MDL Panel. . . , and was issued after the transferor judge had ruled on the merits of the petitioners' motion to dismiss for lack of jurisdiction. The court was not asked, and did not consider, whether the MDL Panel is authorized to transfer a case *before* the transferor court has ruled on a pending jurisdictional issue.") (emphasis in original).

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

That plaintiffs assert additional claims against unique defendants is of no moment. *See In re New England Compounding Pharm., Inc., Prods. Liab. Litig.*, 38 F. Supp. 3d 1384, 1385–86 (J.P.M.L. 2014) ("Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core.").

Finally, the *Hayes* plaintiffs argue that transfer will inconvenience them because their witnesses primarily are in Alabama. Centralization under Section 1407 is for pretrial proceedings only, however, and there usually is no need for parties or witnesses to travel to the transferee court for depositions or court hearings. *See In re MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003). In any event, transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

The *NBFA* action, unlike *Hayes* and the overwhelming majority of actions in MDL No. 2741, does not involve personal injury claims. Instead, plaintiff—an association—seeks to enjoin Monsanto from continuing to market and sell Roundup, to recall its products already in the stream of commerce, or failing that, to include warnings on Roundup like those mandated for tobacco products. Plaintiff argues that transfer is appropriate because *NBFA* involves the same factual core as the action in MDL No. 2741. We agree. Like the plaintiffs in the MDL, plaintiff in *NBFA* asserts product liability claims against Monsanto and alleges that exposure to Roundup causes non-Hodgkin's lymphoma. *NBFA* thus will involve many of the same issues concerning general causation, the background science, and regulatory history of Roundup as the actions in the MDL.

Monsanto argues that the advanced procedural posture of the MDL weighs against transfer of a unique action such as *NBFA*. Monsanto is correct that we have declined to transfer to the MDL actions in which plaintiffs allege that they suffered injuries other than non-Hodgkin's lymphoma or a similar haematopoietic cancer. *See* Order Vacating Conditional Transfer Order at 1, MDL No. 2741 (J.P.M.L. Oct. 5, 2020), ECF No. 2027. At its core, however, *NBFA* involves the same allegations that exposure to Roundup causes non-Hodgkin's lymphoma. *NBFA* merely seeks different relief. This is not a significant obstacle to centralization where the action otherwise shares a common factual core with the actions in the MDL. *See In re New England Compounding*, 38 F. Supp. 3d at 1385–86. We are persuaded that inclusion of *NBFA* in MDL No. 2741 is appropriate and will not undermine the efficiencies of the MDL. The transferee judge has the discretion to employ separate tracks or other appropriate pretrial management techniques to address the unique issues presented by *NBFA*. *See In re Proton-Pump Inhibitor Prods. Liab. Litig. (No. II)*, 261 F. Supp. 3d 1351, 1354 (J.P.M.L. 2017)

Therefore, after considering the parties' arguments, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2741, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we

held that the Northern District of California was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes non-Hodgkin's lymphoma. *See In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. 2016). Both *Hayes* and *NBFA* share multiple factual issues with the cases already in the MDL.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Catherine D. Perry            Nathaniel M. Gorton
Matthew F. Kennelly           David C. Norton
Roger T. Benitez              Dale A. Kimball

**IN RE: ROUNDUP PRODUCTS**
**LIABILITY LITIGATION** MDL No. 2741

## SCHEDULE A

<u>Northern District of Alabama</u>

HAYES, ET AL. v. MONSANTO COMPANY, ET AL., C.A. No. 3:20-01736

<u>Eastern District of Missouri</u>

NATIONAL BLACK FARMERS ASSOCIATION v. MONSANTO COMPANY, C.A. No. 4:20-01145