BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION

MDL No. 2741

### NATIONAL BLACK FARMER'S ASSOCIATION'S RESPONSE TO MONSANTO'S COMPANY MOTION TO RECONSIDER TRANSFER ORDER FOR *NATIONAL BLACK FARMERS ASSOCIATION v. MONSANTO COMPANY*

Defendant Monsanto Company ("Monsanto") asks this panel to reconsider its order transferring this matter to the MDL on the grounds that it misread Plaintiff National Black Farmers Association ("NBFA")'s complaint, which Monsanto claims to earnestly believe is *not* limited to non-Hodgkin's lymphoma and similar haematopoietic cancers. We are happy to clear up any confusion: **The complaint is limited to claims related to Roundup causing non-Hodgkin's lymphoma and similar haematopoietic cancers.** This clarification is in truth unnecessary, because in our prior briefing we likewise represented that "NBFA's Complaint solely alleges injuries related to haemopoietic cancers." MDL No. 2741, Doc. 2127 at 1. And so this panel held that, "[a]t its core … *NBFA* involves the same allegations that exposure to Roundup causes non-Hodgkin's lymphoma," *see* Transfer Order, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. February 4, 2021), ECF No. 2189, and does not, like other cases Monsanto cited, assert "injuries other than non-Hodgkin's lymphoma or a similar haematopoietic cancer." *Id.* Thus, to the extent there is any genuine confusion here, it can only be because Monsanto refuses to take yes for an answer.

Critically, even if we had somehow hoodwinked this panel (and ourselves) and accidentally written a complaint that was surreptitiously not limited to Roundup causing non-Hodgkin's

lymphoma and similar haematopoietic cancers, we would have already lost the benefit of this magic trick. That's because we did in fact represent to this panel that our complaint was so limited, and this panel accepted that representation in ruling in our favor on a contested motion. *See, e.g.*, *Pegram v. Herdrich*, 530 U.S. 211, 227 n.8 (2000) ("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."). Nor, of course, as officers of the court, would we ever tell one set of judges one thing and another judge another. As a result, Monsanto's aggressive misreading of the complaint would be irrelevant *even if* it were not obviously ignoring the complaint's very first page, which explains that Roundup is a "highly dangerous product" that cannot be safely marketed because "we now know that using Roundup … causes cancer—*including Non-Hodgkin's Lymphoma, Hodgkin's Lymphoma, Lymphoma, Multiple Myeloma, and/or Leukemia*." E.D. Mo. No. 20-1145, Doc. 1 at 1 (Aug. 26, 2020).

Meanwhile, as the panel would have correctly expected, we have already represented to Judge Chhabria that NBFA's complaint is indeed about haematopoietic cancers. In requesting a scheduling order for this matter, we thus told the MDL court that:

> NBFA's action is based upon its standing as an ideal associational representative for its members for the purposes of prosecuting a suit that seeks only prospective, injunctive relief. And indeed, ***while Defendant Monsanto's liability related to haematopoietic cancers in this action is being asserted on the same theory as the personal injury clams in the MDL***, the relief requested by NBFA is exclusively injunctive in nature and includes a request to bar Monsanto from its current approach to marketing its glyphosate-containing products in a manner that unreasonably endangers NBFA's members, or to ensure in the alternative that those products are accompanied by adequate warnings.

*See* Motion to Enter Scheduling Order, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (N.D. C.A. February 24, 2021), ECF No. 12638. In response to this request for a scheduling order, the MDL court directed the parties to submit a Joint Case Management Statement with proposed

scheduling deadlines by March 31, 2021 and set the Case Management Conference for April 14, 2021, clearly demonstrating an intent that this matter be considered within the MDL. *See* Order, *In Re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (N.D. C.A. March 1, 2021), ECF No. 12651.

So what is going on here? To be honest, we don't know. But it is at least notable that Monsanto seems to want to keep these issues—which fall squarely within the MDL's province—away from the court that has spent the last five years steeped in them using whatever arguments it can muster. And it is further notable that, while Monsanto is screaming here about the impropriety of merely consolidating non-hematopoietic cancer claims into the MDL for pre-trial coordination (something that, again, we aren't even trying to do), it is very quietly trying to settle all future claims of injury from current Roundup exposure *respecting any disease whatsoever* using the mechanism of a class action in that same MDL. That doesn't seem quite kosher: Monsanto seems to us to be telling this panel that different cancer claims are so distinct that they cannot be even consolidated for pre-trial purposes, while telling Judge Chhabria that all disease claims arising from Roundup exposure are sufficiently similar that the Constitution permits finally resolving the claims of absent class members who develop any future diseases using a representative litigation brought by plaintiffs with haematopoietic cancer (not to mention a representative litigation in *that same MDL*). That said, the proposed settlement agreement is not nearly so upfront about all the kinds of claims it is trying to cut off as we have been here. *See* MDL Doc. 12531-2, at 2-3 (Feb. 4, 2021) ("Settlement Class" is defined as almost everyone who was *exposed* to Roundup Products before February 3, 2021, even if they did not use it themselves, whether they "have been diagnosed with NHL as of February 3, 2021" or "have *not* been diagnosed with NHL" as of that date) (emphasis added). Maybe Monsanto is so attuned to the perceived wiggle room it sees in our complaint because it is less innocently carving out similar wiggle room in the text of a settlement

agreement that will bind tens of thousands of future victims with all kinds of Roundup-related diseases.

For present purposes, it suffices for this panel to deny Monsanto's meritless motion for reconsideration. But it is important that the courts not let Monsanto continue to play it both ways. If Monsanto does in fact maintain in the MDL that a class action therein is an appropriate vehicle for the resolution of non-cancer claims (let alone non-haematopoietic cancer claims), we will inform this panel so that it can take any action it deems appropriate, including revising its approach to the scope of the MDL or asking Monsanto to show cause why it should not be estopped from further arguing that different Roundup-related diseases do not merit consolidated judicial treatment.

For all of these reasons, as well as those stated in previous briefing on these issues, Monsanto's Motion to Reconsider should be denied.

Dated: March 5, 2021                                Respectfully submitted,

**NAPOLI SHKOLNIK, PLLC**

*/s/ Christopher L. Schnieders*_____
Christopher L. Schnieders, MO # 57725
6731 W. 121st Street, Suite 201
Overland Park, KS 66209
Telephone: 913-246-3860
Fax: 913-312-5841
cschnieders@napolilaw.com

**BEN CRUMP LAW**

Benjamin L. Crump
FL Bar #72583
TN Bar #038054
Washington D.C. Bar #1552623
122 S. Calhoun St.
Tallahassee, FL 32301
Telephone: 850-888-4140
Court@bencrump.com

**GOLDSTEIN & RUSSELL, P.C.**

Thomas C. Goldstein, 458365(DC)
Eric F. Citron, 1001069(DC)
7475 Wisconsin Avenue, Suite 850
Bethesda, MD 20814
Telephone: 202-362-0636
Fax: 866-574-2033
tgoldstein@goldsteinrussell.com
ecitron@goldsteinrussell.com

*Attorneys for Plaintiff*
*National Black Farmers Association*