# U.S. District Court
## Western District of Kentucky (Bowling Green)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00165-GNS

| | |
|---|---|
| Campbell v. Monsanto Company | Date Filed: 09/25/2020 |
| Assigned to: Chief Judge Greg N. Stivers | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity Action | Nature of Suit: 365 Personal Inj. Prod. Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**Kathy Ann Campbell**  
*And as Administratrix of the Estate of David Andrew Campbell*  
*estate of*  
David Andrew Campbell

represented by **Nancy E. S. Calloway**  
P. O. Box 457  
Elkton, KY 42220  
270-265-2322  
Fax: 270-265-2377  
Email: callowaylaw@bellsouth.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2020 | 1 | COMPLAINT against Monsanto Company. Filing fee $400, receipt number 0644-3192547, filed by Kathy Ann Campbell. (Attachments: # 1 Cover Sheet, # 2 Summons) (DLW) (Entered: 09/25/2020) |
| 09/25/2020 | 2 | Case Assignment (Random Selection): Case Assigned to Chief Judge Greg N. Stivers. (DLW) (Entered: 09/25/2020) |
| 09/25/2020 | 3 | Summons Issued as to Monsanto Company. **Counsel for Plaintiff is responsible for printing and serving the attached issued summons.** (DLW) (Entered: 09/25/2020) |
| 01/12/2021 | 4 | TEXT ORDER by Chief Judge Greg N. Stivers (EBOC) on 1/12/2021. Upon the Court's own motion, **IT IS HEREBY ORDERED** that the Plaintiff shall file with the Court a Status Report on or before 1/27/2021. Plaintiff shall indicate whether settlement has been reached in the above-referenced matter, and if not, what action needs to be taken to prepare this case for final disposition.<br><br>This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.<br><br>cc: Counsel of Record (TJD) (Entered: 01/12/2021) |
| 01/27/2021 | 5 | MOTION Extension of time to serve summons re 4 Order,, by Plaintiff Kathy Ann Campbell (Calloway, Nancy) (Additional attachment(s) added on 2/2/2021: # 1 Proposed Order) (CDF). (Entered: 01/27/2021) |
| 01/27/2021 | 6 | STATUS REPORT by Kathy Ann Campbell. (Calloway, Nancy) (Entered: 01/27/2021) |

| 02/01/2021 | 7 | NOTICE of Deficiency re 5 Motion for Extension of Time to Serve Summons. Reason for Deficiency: Failure to tender a proposed order. Failure to comply will be brought to the attention of the Court. Response due by 2/8/2021. (CDF) (Entered: 02/01/2021) |
|---|---|---|
| 02/01/2021 | 8 | NOTICE *of filing proposed order* by Kathy Ann Campbell re 5 MOTION Extension of time to serve summons re 4 Order,, (Attachments: # 1 Proposed Order granting Motion to Extend Time for Service) (Calloway, Nancy) (Entered: 02/01/2021) |
| 02/04/2021 | 9 | ORDER by Chief Judge Greg N. Stivers on 2/3/2021 granting 5 Motion for Extension of Time for Service for an additional 60 days. The Clerk may issue a new summons when submitted by Plaintiff. cc: Counsel(JWM) (Entered: 02/04/2021) |
| 03/26/2021 | 10 | NOTICE *of Filing* by Kathy Ann Campbell re 9 Order on Motion for Miscellaneous Relief (Attachments: # 1 Summons New Summons) (Calloway, Nancy) (Entered: 03/26/2021) |
| 03/29/2021 | 11 | Summons Reissued as to Monsanto Company. **Counsel for Plaintiff is responsible for printing and serving the attached issued summons.** (CDF) (Entered: 03/29/2021) |
| 03/31/2021 | 12 | SUMMONS Returned Executed by Kathy Ann Campbell. Monsanto Company served on 3/30/2021, answer due 4/20/2021. (Attachments: # 1 Exhibit summons executed) (Calloway, Nancy) Modified to correct served and answer due date on 4/1/2021 (CDF). (Entered: 03/31/2021) |
| 04/01/2021 | 13 | NOTICE *of Filing* by Kathy Ann Campbell re 11 Summons Reissued (Attachments: # 1 Exhibit 2nd summons executed) (Calloway, Nancy) (Entered: 04/01/2021) |
| 04/01/2021 | | REISSUED SUMMONS Returned Executed (See DN 13 -1.) by Kathy Ann Campbell. Monsanto Company served on 4/1/2021, answer due 4/22/2021. (CDF) (Entered: 04/02/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 04/05/2021 10:24:44 | | | |
| **PACER Login:** | sh0019sh:2634072:0 | **Client Code:** | 31943.356965 rhb |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-00165-GNS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |



# Notice of Service of Process

null / ALL
**Transmittal Number: 22980761**
Date Processed: 03/30/2021

| | |
|---|---|
| **Primary Contact:** | Anne Troupis (Monsanto)<br>Bayer U.S. LLC<br>800 N Lindbergh Blvd<br>Saint Louis, MO 63167-1000 |

| | |
|---|---|
| **Entity:** | Monsanto Company<br>Entity ID Number  2282193 |
| **Entity Served:** | Monsanto Company |
| **Title of Action:** | Campbell, Kathy Ann vs. Monsanto Company |
| **Matter Name/ID:** | Campbell, Kathy Ann vs. Monsanto Company (11094378) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Death |
| **Court/Agency:** | U.S. District Court, Western District, KY |
| **Case/Reference No:** | 1:20CV-165-GNS |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 03/29/2021 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Nancy E.S. Calloway<br>270-265-2322 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Kentucky ▼

| | |
|---|---|
| KATHY ANN CAMPBELL, et al.<br><br>*Plaintiff*<br><br>v.<br>MONSANTO COMPANY¹<br><br>*Defendant* | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Monsanto Company
c/o CORPORATION TRUST COMPANY OF NEVADA STE 500 6100 NEIL ROAD RENO NV 89511 DMM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancy E.S. Calloway, Attorney at Law
P.O. Box 457
Elkton, KY 42220
(270) 265-2322
Email: callowaylaw@bellsouth.net

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
  _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
  _____, a person of suitable age and discretion who resides there,
  on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
  designated by law to accept service of process on behalf of *(name of organization)* _____
  _____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____
                                                          *Server's signature*

                                                          *Printed name and title*


                                                          *Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  LOGAN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant St. Louis, MO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Nancy E.S. Calloway, Attorney at Law
P.O. Box 457, Elkton, KY 42220 (270) 265-2322

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- '1 U.S. Government Plaintiff
- '2 U.S. Government Defendant
- '3 Federal Question *(U.S. Government Not a Party)*
- X'4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff Logan County, Kentucky (For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | '1 | '1 | Incorporated *or* Principal Place of Business In This State | '4 | '4 |
| Citizen of Another State | '2 | '2 | X Incorporated *and* Principal Place of Business In Another State | '5 | '5 |
| Citizen or Subject of a Foreign Country | '3 | '3 | Foreign Nation | '6 | '6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | **PERSONAL INJURY** | **PERSONAL INJURY** | | | |
| '110 Insurance | '310 Airplane | '365 Personal Injury - | '625 Drug Related Seizure of Property 21 USC 881 | '422 Appeal 28 USC 158 | '375 False Claims Act |
| '120 Marine | '315 Airplane Product Liability | X Product Liability | '690 Other | '423 Withdrawal 28 USC 157 | '376 Qui Tam (31 USC 3729(a)) |
| '130 Miller Act | '320 Assault, Libel & Slander | '367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | '400 State Reapportionment |
| '140 Negotiable Instrument | | | | | '410 Antitrust |
| '150 Recovery of Overpayment & Enforcement of Judgment | | | | **PROPERTY RIGHTS** | '430 Banks and Banking |
| '151 Medicare Act | '330 Federal Employers' Liability | | | '820 Copyrights | '450 Commerce |
| '152 Recovery of Defaulted Student Loans (Excludes Veterans) | '340 Marine | '368 Asbestos Personal Injury Product Liability | | '830 Patent | '460 Deportation |
| | '345 Marine Product Liability | | | '840 Trademark | '470 Racketeer Influenced and Corrupt Organizations |
| '153 Recovery of Overpayment of Veteran's Benefits | '350 Motor Vehicle | **PERSONAL PROPERTY** '370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | '480 Consumer Credit |
| | | | '710 Fair Labor Standards Act | '861 HIA (1395ff) | |
| | | | | '862 Black Lung (923) | '490 Cable/Sat TV |
| '160 Stockholders' Suits | '355 Motor Vehicle Product Liability | '371 Truth in Lending | '720 Labor/Management Relations | '863 DIWC/DIWW (405(g)) | '850 Securities/Commodities/Exchange |
| '190 Other Contract | '360 Other Personal Injury | '380 Other Personal Property Damage | '740 Railway Labor Act | '864 SSID Title XVI | '890 Other Statutory Actions |
| '195 Contract Product Liability | | '385 Property Damage Product Liability | '751 Family and Medical Leave Act | '865 RSI (405(g)) | '891 Agricultural Acts |
| '196 Franchise | '362 Personal Injury - Medical Malpractice | | '790 Other Labor Litigation | | '893 Environmental Matters |
| | | | '791 Employee Retirement Income Security Act | | '895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | '896 Arbitration |
| '210 Land Condemnation | '440 Other Civil Rights | **Habeas Corpus:** | | '870 Taxes (U.S. Plaintiff or Defendant) | |
| '220 Foreclosure | '441 Voting | '463 Alien Detainee | | | '899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| '230 Rent Lease & Ejectment | '442 Employment | '510 Motions to Vacate Sentence | | '871 IRS—Third Party 26 USC 7609 | |
| '240 Torts to Land | '443 Housing/ Accommodations | | | | |
| '245 Tort Product Liability | '445 Amer. w/Disabilities Employment | '530 General '535 Death Penalty | **Other:** | | '950 Constitutionality of State Statutes |
| '290 All Other Real Property | | | **IMMIGRATION** | | |
| | '446 Amer. w/Disabilities - Other | '540 Mandamus & Other '550 Civil Rights | '462 Naturalization Application '465 Other Immigration Actions | | |

| '448 Education | '555 Prison Condition'<br>560 Civil Detainee<br>Conditions of<br>Confinement | | |

**V. ORIGIN** (Place an "X" in One Box Only)

'1 Original  '2 Removed from  '3 Remanded from  '4 Reinstated or  '5 Transferred from  '6 Multidistrict  '8 Multidistrict Proceeding State Court Appellate Court Reopened
Another District Litigation -  Litigation -

(specify)    Transfer    Direct File

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 23 U.S.C.§1332 |
|---|---|
| | Brief description of cause: Tort under product liability, breach of warranty, fraud, fraudulent concealment |

**VII. REQUESTED IN COMPLAINT:**   ✓ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   **DEMAND** damages   CHECK YES only if demanded in complaint:
**JURY DEMAND:** X ✓ Yes  ✓ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE _____ DOCKET NUMBER _____

DATE 9-24-2020   SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 07/16)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.

Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

KATHY ANN CAMPBELL,
And as Administratrix of the
Estate of David Andrew Campbell,
    Plaintiff,

v.                                                     CIVIL ACTION NO. 1:20CV-165-GNS

MONSANTO COMPANY,
    Defendant.

JURY DEMAND

## COMPLAINT

Comes the Plaintiff Kathy Ann Campbell, of and by counsel and makes the following representations to the Court for the purpose of filing this Complaint against Monsanto Company.

1. That she is a resident of Lewisburg, Kentucky and at all times herein has resided there.

2. That she is the widow of David Andrew Campbell who died December 25, 2015 from the effects of Stage IV adenocarcinoma or esophageal cancer or non-Hodgkins Lymphoma which was diagnosed on September 25, 2015.

3. That Monsanto Company is a multinational agricultural biotechnology corporation based in St. Louis, Missouri, who makes and markets a product known as Round-up, containing glyphosate which has recently been proved to be a carcinogen capable of causing non-Hodgkins Lymphoma, adenocarcinoma or esophageal cancer.

### JURISDICTION

1. Federal diversity jurisdiction in this Court is proper under 23 U.S.C.§1332 because Plaintiff is a citizen of a different state from the Defendant Monsanto Company's

1

states of citizenship, and the aggregate amount in controversy exceed $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over Monsanto because Monsanto knows or should have known that its Roundup® products are sold throughout the Commonwealth of Kentucky, and, more specifically, cause Roundup® to be sold to Plaintiff and her husband in the Commonwealth of Kentucky where they used the product in their home gardening up until the point Mr. Campbell was diagnosed with the cancer. Additionally, Mr. Campbell was employed with Smith & Douglas, a fertilizer company in this District, where he worked in the chemical house and used Roundup® in his job. Thus, Mr. Campbell was exposed to this product for over a period of years up until his diagnosis in 2015.

3. Moreover, Monsanto maintains sufficient contacts with the Commonwealth of Kentucky such that this Court's exercise of personal jurisdiction over it does not offend traditional notions of fair plan and substantial justice.

4. Venue is proper within this District under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to the claims asserted in this complaint occurred in this District. Further, Monsanto, as a corporate entity, is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

PARTIES TO THIS ACTION

4. David Andrew Campbell was born on 6/11/1959 and resided with his wife, Kathy Ann Campbell in Lewisburg, Kentucky until the time of his death on December 25, 2015. Upon information and belief Mr. Campbell was exposed to was employed with Smith & Douglas, a fertilizer company in this District, where he worked in the chemical house and used Roundup® in his job. Thus, Mr. Campbell was exposed to this product for

2

over a period of years (within at least the past eight years) up until his diagnosis of Stage IV adenocarcinoma or esophageal cancer or non-Hodgkins Lymphoma. Mr. Campbell did not have any other known exposure to glyphosate or other carcinogen within the relevant time period herein. At the time of his diagnosis he had symptoms of dysphagia and weight loss, and after undergoing a EGD with biopsy and a PET scan which showed multiple suspicious lymph nodes, Plaintiff and Mr. Campbell were advised by his doctor on September 25, 2015 that he had a cancer at the GE junction and the tumor showed adenocarcinoma.

5. Mr. Campbell died of this cancer on December 25, 2015.

6. At all times described above he was married to Kathy Ann Campbell and they resided together at their residence in Lewisburg, Kentucky.

7. That Mr. Campbell endured extreme pain and suffering in the months prior to his death.

8. That Kathy Ann Campbell endured immense anguish over observing his suffering and tending to his needs, and since his illness and death she has been deprived of his love and affection, and the normal services a husband would provide to his wife, such that she has a claim for consortium herein.

9. Defendant Monsanto Company is a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri.

10. At all times relevant to this Complaint, Monsanto was the entity that discovered the herbicidal properties of glyphosate and was the manufacturer of Roundup®.

11. Glyphosate is a broad-spectrum, non-selective herbicide4 used in a wide variety of herbicidal products around the world and in the Commonwealth of Kentucky.

12. For several decades farmers, agricultural entities and ordinary household gardeners have used Roundup® without knowing the dangers presented by this product.

Defendant assured the public for all these years that Roundup® was harmless. In this process Monsanto falsified date and attacked legitimate studies that found the product to be dangerous, and led a prolonged campaign of misinformation to convince government agencies, farmers and ordinary consumers of the product that it was safe.

13. This product was required to be registered with the Environmental Protection Agency (EPA) as a pesticide under the Federal Insecticide, Fungicide and Rodenticide Act (7 U.S.C. § 136, *et seq.* and 136a. The EPA is thus required to make a risk/benefit analysis in determining whether a registration should be granted or the product allowed to be sold in commerce. This analysis is dependent upon the health and safety testing of such pesticide products by the registrant, and in this case Monsanto was required to follow certain protocols governing the conduct of tests and laboratory practices for such registration.

14. That the EPA had completed its review of glyphosate in 2015, but delayed releasing the risk assessment pending further review in light of the WHO's health related findings which found this chemical (the main ingredient of Roundup®) was a probable cause of cancer.

15. Early studies had caused the EPA to change its original classification of glyphosate as possibly carcinogenic to humans in 1985 to a finding of non-carcinogenicity in humans in 1991 based upon flawed and falsified studies provided by Monsanto to the EPA. In 1976 the United States Food and Drug Administration (FDA) inspected the laboratory hired by Monsanto, Industrial Bio-Test Laboratories to test the Roundup® product for the registration. The EPA audited this laboratory and found these toxicology studies were invalid.

16. Monsanto later hired Craven Laboratories in 1991 to perform pesticide and herbicide studies for Roundup®. This company was subsequently found to have used employees who were found to have used fraudulent practices in such tests.

17. Between 2002 and 2009 multiple studies found that other ingredients in Roundup® besides the glyphosate created a substance more toxic than glyphosate alone. These studies were available to the Defendant, and Defendant knew or should have known that the end product was more toxic than glyphosate alone.

18. In 2015 several countries around the world instituted bans on Roundup® based primarily on the WHO's findings.

19. During the entire time David Andrew Campbell was exposed to Roundup® he did not know that it was injurious to his health or the health of others due to the public relations and advertising campaign and deception before the EPA that was practiced by Monsanto. The danger of this product in causing cancer and other serious illness was not revealed until 2018, when this information was publicized due to certain lawsuits and jury verdicts, among which was the case of a jury verdict in California in favor of Dewayne Johnson, a groundskeeper who was exposed to Roundup®.

20. The Plaintiff had no way of knowing about the danger of this exposure to Roundup® until after the decision in the above described case decided on August 11, 2018 rendering a favorable verdict against Monsanto. Thus, within the time period of any applicable statutes of limitations (ie. Wrongful death), Plaintiff could not have discovered and did not discover, through the exercise of reasonable diligence, the exposure to Roundup®, glyphosate and other toxic ingredients in the product were injurious to human health. Prior to the revelations of the danger of this product via lawsuits in 2018, Kathy Campbell would not have known and did not know of the risks

of the use and exposure to this product. Thus, all applicable statutes of limitations have been tolled by the operation of the discovery rule with respect to her claim.

21. Moreover, the applicable statutes of limitations have also been tolled by Monsantos' knowing and active fraudulent concealment and denial of the facts alleged throughout the time period relevant to this action. Rather than disclosing critical safety information about this dangerous product, Monsanto has consistently and falsely represented the safety of the Roundup® and glyphosate products.

22. Monsanto was under a continuous duty to disclose to potential users of this product, including the Plaintiff and David Campbell, accurate safety information and risks associated with the use or exposure to this product. However, Monsanto knowlingly, affirmatively, and actively concealed safety information concerning its Roundup® and glyphosate products and the critical risks associated with such use of or exposure to these products. Thus, Monsanto is estopped from relying on any statues of limitations in defense of this action.

23. Monsanto is also liable for strict liability with regard to defective design. At all times relevant to this litigation, Monsanto's Roundup® products were manufactured, designed and labeled in an unsafe, defective and inherently dangerous manner that was dangerous for use by or to the public, David Campbell and the Plaintiff. Monsanto placed these products in the stream of commerce without adequately testing or investigating the safety of such products, and knew or should have known at the time of its marketing that exposure to this product could cause a risk of cancer and other severe illnesses, and that it could have employed safer alternative designs and formulations. Thus, these products were inadequately designed. Such defective design of these products resulted in products that were more dangerous

than the ordinary consumer would expect. Thus, the Defendant violated the products liability laws of the Commonwealth of Kentucky. This violation was a direct and proximate cause of the injury, pain, suffering and death of David Campbell and Kathy Campbell's loss of his love and affection and services of a husband and their subsequent loss due to medical expenses and care and treatment of David Campbell.

24. Moreover the Defendant is likewise liable for the failure to warn the public and the Plaintiff and her husband herein of the danger of the Roundup® products. The Defendant could have provided warnings or instructions regarding these risks because Defendant had access to the information and the unreasonable risks of harm associated with this product.

25. Defendant is also liable for breach of express warranty through the statements made by Defendant in labels, publications, package inserts, and other written materials intended for consumers of the Roundup® products. Defendant represented to the public creating an express warranty that said products would conform to the representations. Any warnings provided were incomplete and deceptive.

26. For the reasons stated above, the Defendant violated the Product Liability Act and related statutes of Kentucky: KRS 411.310 to 411.340.

27. The Defendant is further liable for fraudulent misrepresentation and fraudulent concealment. According to the facts stated above, the Defendant made a material misrepresentation that the above named products were safe for human use, that the representation was false (based upon faulty research) or made with reckless disregard for its truth, that the misrepresentation was made to induce the Plaintiff and David Campbell to act (to use the Roundup® products), that the Plaintiff and David Campbell reasonably relied upon these misrepresentations and that was the direct and proximate

cause of the injury and death of David Campbell and the losses of consortium to Kathy Campbell as further complained of herein.

28. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiffs have suffered severe and permanent injury due to the death and suffering of David Campbell, the financial damages of medical bills and loss of his income to the family, and the loss of consortium to Kathy Campbell.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That the Defendant be served with the summons and complaint, and this case be heard by a jury.

2. That the Plaintiff be compensated for compensatory damages in an amount to be proved at trial, punitive damages, attorney fees and costs, litigation expenses, judicial interest and for all other general and equitable relief.

Dated this the 24th Day of September, 2020.

/s/NANCY E.S. CALLOWAY
NANCY E.S. CALLOWAY
ATTORNEY FOR PLAINTIFF
P.O. Box 457
Elkton, KY  42220
(270) 265-2322
Email:  callowaylaw@bellsouth.net

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

KATHY ANN CAMPBELL,
And as Administratrix of the
Estate of David Andrew Campbell,
    Plaintiff,

v.                                      CIVIL ACTION NO. 1:20CV-165-GNS

MONSANTO COMPANY,
    Defendant.

                                                            JURY DEMAND

## ORDER

The Plaintiff having moved, and the court being sufficiently advised that the Plaintiff's motion has shown good cause,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion to Extend Time for Service is granted for an additional Sixty Days from the date of the entry of this order. The Clerk may issue a new summons when submitted by Plaintiff.

                                                                                 Greg N. Stivers, Chief Judge
                                                                                 United States District Court

TENDERED BY:                                                                   February 3, 2021

/s/NANCY E.S. CALLOWAY
NANCY E.S. CALLOWAY
ATTORNEY FOR PLAINTIFF
P.O. Box 457
Elkton, KY 42220
(270) 265-2322
Email: callowaylaw@bellsouth.net

1