UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 2741 |

NANCY C. SALAS,
a Florida Resident,

    Plaintiff,

vs.

MONSANTO COMPANY, a foreign corporation; BAYER CORPORATION, a foreign corporation; BAYER AG, a foreign corporation; ANDREW JACK CONROY, a Florida resident; and HOME DEPOT U.S.A, INC., a foreign corporation,

    Defendants.

_____/

## PLAINTIFF'S NOTICE OF OPPOSITION TO THE CONDITIONAL TRANSFER ORDER

Plaintiff, Nancy C. Salas, by and through undersigned counsel and pursuant to Rule 7.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("J.P.M.L." or the "Panel"), hereby files this Notice of Opposition in response to the J.P.M.L.'s Conditional Transfer Order to transfer the action to the United States District Court for the Northern District of California. *See* D.E. 2258 (the "CTO").

In summary, Plaintiff respectfully submits that this action—which was originally filed in state court in Florida—was wrongly removed and the federal courts lack jurisdiction over this action. Accordingly, Plaintiff intends to move to remand this action back to state court and submits that the CTO should be vacated or stayed pending the District Court's resolution of Plaintiff's

Motion for Remand.

On January 11, 2021, Plaintiff filed her Complaint for Personal Injuries against Defendants in the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County. *See Nancy C. Salas v. Monsanto Company, et al.*, Case No. 2020-000615-CA-01 (the "State Court Action"). On March 30, 2021, Monsanto filed a Notice of Removal to the United States District Court for the Southern District of Florida. See Nancy C. Salas v. Monsanto Company, et al., Case No. 1:21-cv-21217 (the "District Court Case"). Pursuant to 28 U.S.C. § 1447, Plaintiff's deadline to file a motion to remand the case is April 29, 2021.

Plaintiff intends to move for remand on or before that deadline. Monsanto's removal of this action to federal court was untimely and otherwise unavailing, and there is no federal jurisdiction over this action.

Regardless of the outcome of Plaintiff's anticipated motion to remand the case, it would be needlessly vexatious for this case to be transferred to the MDL proceeding in the Northern District of California. Accordingly, Plaintiff respectfully submits that a limited stay of the transfer—pending resolution of the motion to remand—is appropriate. Such a stay would result in no meaningful prejudice and minimal delay to the parties and to the federal courts.

WHEREFORE, Plaintiff respectfully requests that the Panel vacate the Transfer Order without prejudice, or stay it pending the District Court's resolution of Plaintiff's Motion for Remand.

Dated: April 12, 2021   Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

–3–

By: /s/ Steven C. Marks
STEVEN C. MARKS
Fla. Bar No. 516414
smarks@podhurst.com
KRISTINA M. INFANTE
Fla. Bar No. 112557
kinfante@podhurst.com
PABLO ROJAS
Fla. Bar No. 1022427
projas@podhurst.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of April, 2021, a true and correct copy of the foregoing was served via the Florida portal which will furnish an electronic copy to all counsel of record.

By: /s/ Steven C. Marks