## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS                          MDL NO. 2741
LIABILITY LITIGATION


NANCY C. SALAS,                                   S.D. Fla. Case No.
                                                      1:21-cv-21217

     Plaintiff,

vs.

MONSANTO COMPANY; BAYER
CORPORATION; BAYER AG; ANDREW
JACK CONROY; HOME DEPOT U.S.A, INC.;
KLI SHELL LUMBER & HARDWARE, LLC;
and ORLANDO VALDES,

     Defendants.

_____/


## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO
## VACATE THE CONDITIONAL TRANSFER ORDER (CTO-264)

Plaintiff, Nancy C. Salas, by and through undersigned counsel and pursuant to Rule 7.1(c)

of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, hereby

files this motion to vacate the Conditional Transfer Order transferring this action to the United

States District Court for the Northern District of California.  *See* D.E. 2258 (the "CTO").

In summary, the federal courts lack jurisdiction over this action.  This action was initially

filed in state court in Florida, and Monsanto wrongfully removed it to federal court. Plaintiff

intends to move to remand this action back to state court, and Plaintiff's deadline to file said motion

in the District Court for the Southern District of Florida is April 29, 2021.  Accordingly, Plaintiff

respectfully submits that transfer of this case to the MDL proceeding would be premature pending

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

the resolution of the remand motion, and that it would promote judicial economy to vacate or stay the CTO until such time as the Southern District of Florida rules on Plaintiff's motion to remand. Plaintiff therefore respectfully requests that the CTO be vacated, or at a minimum stayed pending the resolution of the remand motion.

## **BACKGROUND**

On January 11, 2021, Plaintiff filed her Complaint for Personal Injuries against Defendants in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Monsanto first attempted to remove the case on February 16, asserting a tangential relationship to the bankruptcy of one of the other defendants.  In an effort to avoid unnecessary litigation, Ms. Salas dismissed her claims against the defendants related to the bankruptcy proceedings.  Ms. Salas then moved to remand the case back to state court.

Notably, Monsanto *did not oppose* Ms. Salas's first remand motion.  Indeed, Monsanto filed a response indicating its non-opposition to the remand.  *See* D.E. 13, *Nancy C. Salas v. Monsanto Company, et al.*, Case No. 1:20-cv-24392 (S.D. Fla.).  As Monsanto explained, "the federal jurisdictional basis, which Monsanto invoked in its Notice of Removal for this Court to exercise subject matter jurisdiction over this lawsuit, is no longer present."  *Id*.  On March 2, 2021, the District Court for the Southern District of Florida granted Ms. Salas's motion to remand.  And for a period of time thereafter, this case proceeded in state court.

On March 30, 2021, Monsanto *again* removed this case to the United States District Court for the Southern District of Florida, this time alleging that Ms. Salas had fraudulently joined Florida-resident Defendants Andrew Jack Conroy, Orlando Valdes, and KLI Shell Lumber & Hardware LLC ("KLI").  *See Nancy C. Salas v. Monsanto Company, et al.*, Case No. 1:21-cv-21217 (the "District Court Case").  It is this second removal that has resulted in this action being

on the federal courts' dockets, and which Ms. Salas intends to contest by filing a motion to remand on or before the deadline of April 29, 2021.

On April 6, 2021, pursuant to 28 U.S.C. § 1407, the J.P.M.L. conditionally transferred this action to the Northern District of California. *See* D.E. 1.  On April 13, 2021, Plaintiff filed her Notice of Opposition to the CTO. *See* D.E. 5.  At all times material, Defendants Monsanto, Conroy, Valdes, and KLI have been represented by the same counsel.

## ARGUMENT

Monsanto's latest effort to establish federal jurisdiction over this action should fail for at least two independent reasons.  First, Monsanto's removal of this case was plainly untimely.  Second, even if the removal had been timely, it is unavailing.  Monsanto has not met—and cannot meet—its heavy burden of demonstrating fraudulent joinder by clear and convincing evidence.

Under the federal removal statute, a defendant has 30 days from the date of receipt of the complaint to remove a state-court action.  *See* 28 U.S.C. § 1446.  Monsanto removed this action 78 days after receiving a copy of Ms. Salas's complaint and 64 days after being served with the complaint.  In its Notice of Removal, Monsanto does not dispute that it has failed to meet the presumptive 30-day deadline.  Rather, Monsanto seeks to circumvent the deadline by asserting that it "first ascertained" that the case was removable after "receiving" declarations from Mr. Conroy and Mr. Valdes in late March 2021.  But this contention is both contrary to law and implausible as a matter of fact.  For example, Mr. Conroy has been a Monsanto employee for more than 20 years.  He is represented by the same counsel as Monsanto, and the substance of his declaration has been a matter of public record and well-known to Monsanto for at least several months, if not years.  Simply put, it is implausible that Monsanto first learned of the substance of his declaration in March 2021.

3

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

In addition to being untimely, Monsanto's removal was substantively unavailing. It is well settled that a removing party alleging fraudulent joinder must carry a heavy burden. Here, Monsanto's specific burden is to demonstrate by clear and convincing evidence that there is *no possibility* that a Florida court would sustain *any* of Ms. Salas's claims against *any* of the three Florida defendants: Mr. Conroy, Mr. Valdes, and KLI.

Monsanto does not meet this burden. For example, it is undisputed that Mr. Conroy was a major seller, promoter and distributor of Roundup products in Florida. Accordingly, there is at least a possibility—if not a high likelihood—that a Florida court would sustain Ms. Salas's claims against him. Monsanto's sole argument to the contrary is that Mr. Conroy's job was focused on promoting Roundup to industrial and agricultural customers, rather than residential customers. But Ms. Salas strongly disputes Mr. Conroy's credibility and version of events. And even accepting Monsanto and Mr. Conroy's version of events, Mr. Conroy's self-serving assertions fall well short of establishing fraudulent joinder by clear and convincing evidence. The issue raised by Mr. Conroy and Monsanto—whether Mr. Conroy's undisputed activities in promoting and selling Roundup are *causally* related to Ms. Salas's injuries—is a factual issue that is not ripe or proper for disposition on a fraudulent joinder posture.

I.   **Monsanto's removal of this action was untimely, and its invocation of the "other paper" exception to the 30-day deadline is misleading.**

As noted above, Monsanto removed this case 78 days after receiving a courtesy copy of the complaint, and 64 days after being served with the complaint. It is well-settled that "[t]he removal statute should be strictly construed against removal, in favor of remand." *Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). The statute's 30-day deadline is no exception. *See, e.g., Crews v. Nat'l Boat owners Ass'n (NBOA) Marine Ins. Agency, Inc.*, 2006 WL 902269, at *2 (M.D. Ala.

4

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346        www.podhurst.com

Apr. 6, 2006) ("Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied.").

Under the statute, defendants have 30 days to remove a case, and this time period presumptively begins to run from the date of receipt of the complaint. In certain circumstances, the 30-day clock can begin to run from the date when the removing party first *learns* of the removability of the case, for example from an "other paper" that reveals that the case is removable. *See* 28 U.S.C. § 1446(b)(3).  However, this exception only applies where the removing party could not have *intelligently* ascertained the removability of the case based on the complaint.  In other words, defendants seeking removal have a duty to conduct basic diligence and investigate the possible existence of federal jurisdiction as early as possible.  *See*, *e.g.*, *Negrin-Perez v. Home Depot U.S.A., Inc.*, 2006 WL 8433578, at *2 (S.D. Fla. Apr. 18, 2006) (defendants must "investigate the existence of diversity jurisdiction" within 30 days of receipt of the complaint); *Simpson v. Primerica Life Ins. Co.*, 2017 WL 2857699, at *5 (M.D. Ala. May 22, 2017); *Scriptchek Visual Verification Systems, Inc. v. R.R. Donnelley & Sons Co., Inc.*, 2021 WL 226095, at *2 (S.D. Fla. Jan. 22, 2021);  *Bankston v. Ill. Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006).  *See also* Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 at n. 55 (3d ed., Oct. 2020 update) (collecting cases).

Here, Monsanto appears to concede—as it must—that it did not comply with the presumptive 30-day deadline. *See* Notice of Removal at 15.[1]  But Monsanto appears to argue that the § 1446(b)(3) exception applies.  Specifically, Monsanto's Notice of Removal states in a conclusory fashion that a declaration by Mr. Conroy dated March 27 and a declaration by Mr.

---

[1]     Monsanto's Notice of Removal, which is Docket Entry 1 in *Nancy C. Salas v. Monsanto Company, et al.*, Case No. 1:21-cv-21217, is attached to this Motion as Exhibit A.

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

Valdes dated March 29 "are the 'other paper[s] from which it may first be ascertained that [this] case is . . . removable.'" *See id*. (citing 28 U.S.C. § 1446(b)(3)) (alterations in original).  For the reasons stated below, Monsanto's invocation of the "other paper" exception is unavailing.

A. **Monsanto cannot invoke the "other paper" exception as to the Conroy declaration.**

As relevant here, the Conroy declaration contains (1) basic assertions about Mr. Conroy's job duties and responsibilities as an employee of Monsanto, and (2) conclusory statements about Mr. Conroy's role or lack thereof in marketing, promoting and distributing Roundup.[2]  Namely, Mr. Conroy asserts he did not market, sell, or distribute Roundup products to *residential* customers such as Ms. Salas.  For several reasons, it is misleading for Monsanto to suggest that it could not have ascertained the substance of this declaration until March 27, 2021.

*First*, Mr. Conroy has at all times material been a Monsanto employee[3] and represented by the same counsel as Monsanto.[4]  Courts in the Eleventh Circuit have correctly rejected the notion that a defendant cannot "intelligently ascertain" basic facts about co-defendants that are its agents or employees.  *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011) (observing that removal was untimely where the alleged "other paper" was deposition testimony of the defendant's own employee); *Crews*, 2006 WL 902269, at *2 (granting remand motion because, among other things, "the NBOA Agency and its agent . . . were both

---

[2]     The Conroy declaration, which was attached to Monsanto's Notice of Removal, is attached to this Motion as Exhibit B.

[3]     In his declaration, Mr. Conroy states that since April 2019, he has been employed by a division of Bayer AG, a German life sciences company that acquired Monsanto in 2018. Previously, he was employed directly by Monsanto for more than 20 years. *See* Ex. B at 2.

[4]     Indeed, Mr. Conroy and Monsanto are represented by the same counsel in a number of additional Roundup-related actions. *See David Jacobs v. Monsanto Company, et al.*, No. CACE-19-013224 (Broward County); *Lawrence Behar v. Monsanto Company, et al.,* No. 2020-008726-CA-01 (Miami-Dade County); *Dale Erickson v. Monsanto Company, et al.*, No. 50-2020-CA-010208-XXXX-MB-AF (Palm Beach County); *Nancy Salas v. Monsanto Company, et al.*, No. 2021-000615 CA 01 (Miami-Dade County).

6

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

acting as agents for [the removing party] prior to the filing of the lawsuit"). Other courts have also embraced this approach, particularly where the removing defendant and the allegedly fraudulently joined defendant are represented by the same counsel. *See Praisler v. Ryder Integrated Logistics, Inc.*, 417 F. Supp. 2d 917, 921 (N.D. Ohio 2006).

*Second*, even setting aside Mr. Conroy's relationship with Monsanto, the substance of the Conroy declaration has been well-known to Monsanto within the context of this litigation. For example, Mr. Conroy has previously made identical assertions in his answers to Ms. Salas's complaint, both in this action on February 23, and in an earlier-filed action on November 2, 2020.[5] Monsanto was served with both answers, and was aware of their substance.[6] Accordingly Monsanto cannot claim to have learned of these assertions for the first time on March 27.

*Third*, Monsanto *previously removed* a materially similar action filed by Ms. Salas *for the same reason* it is now seeking to remove this action. In the earlier case, as here, Monsanto alleged fraudulent joinder of Mr. Conroy. And there, as here, Monsanto attached to its notice of removal a declaration by Mr. Conroy concerning his job responsibilities. Indeed, that declaration was materially identical to Mr. Conroy's March 27 declaration. That earlier notice of removal was filed on October 26, 2020. In short, Monsanto cannot claim to have first learned of the substance of the Conroy declaration on March 27, because it filed a substantively identical declaration in federal court five months earlier.

---

[5]     Prior to the instant action, Ms. Salas filed an earlier action in state court naming as defendants Monsanto and Mr. Conroy, among others. Monsanto removed that earlier action alleging fraudulent joinder of Mr. Conroy. In an effort to avoid unnecessary litigation regarding federal jurisdiction, Ms. Salas dismissed the case without prejudice and filed the instant action in Florida state court.

[6]     Indeed, Mr. Conroy has filed materially identical answers and affirmative defenses in a number of other actions also involving Monsanto. *See* note 4, *supra* (citing cases).

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

**B.    Monsanto cannot invoke the "other paper" exception as to the Valdes declaration.**

As for the alleged fraudulent joinder of Defendants Valdes and KLI, it is undisputed that KLI owns and manages a hardware store in Key Largo, Florida, that Mr. Valdes is the CEO of KLI, and that Ms. Salas purchased Roundup products at the KLI store.  *See* Compl. at ¶ 136 (alleging purchase of Roundup at the KLI Shell Lumber store).  In his declaration dated March 29, 2021, Mr. Valdes asserts that KLI acquired the hardware store in question in 2017, did not assume the previous owner's liabilities, and therefore had nothing to do with Ms. Salas's purchases and use of Roundup, which took place approximately between 2004 and 2014.[7]

In its Notice of Removal, Monsanto asserts that it could not have learned of the substance of the Valdes declaration until March 29, 2021.  *See* Ex. A at 43.  But the procedural history of this action undermines Monsanto's assertion.  Ms. Salas first filed suit naming KLI and Mr. Valdes as defendants on January 11, 2021.  Monsanto's counsel was provided a courtesy copy of the complaint on that same date, and was served with the complaint on January 25.  As noted above, Monsanto first removed this action on February 16, alleging that several other defendants had a tangential relationship with a bankruptcy proceeding.  After Ms. Salas dismissed those defendants, Monsanto filed a notice of non-opposition to the removal, conceding that the asserted basis for federal jurisdiction no longer existed.

In short, Monsanto has known that KLI and Mr. Valdes were defendants to this action since January 11.  Moreover, KLI and Mr. Valdes are represented in this action by the same counsel as Monsanto and Mr. Conroy.  Surely, had Monsanto undertaken the basic diligence and investigation required by the "intelligent ascertainment" standard, it could have ascertained the facts alleged in

---

[7]    The Valdes declaration, which was attached to Monsanto's Notice of Removal, is attached to this Motion as Exhibit C.

8

the Valdes declaration.  But Monsanto evidently failed to do so, and only sought to remove this case over two months after receiving Ms. Salas's complaint.

### C.     The court overseeing the Roundup MDL recently observed that Monsanto had untimely removed several cases under similar circumstances.

Notably, Monsanto recently made similar allegations of fraudulent joinder with respect to several cases that were transferred to the Roundup MDL pending in the Northern District of California.  In those cases, Judge Chhabria observed that Monsanto's fraudulent joinder argument was untimely under the removal statute.  *See In re Roundup Products Liability Litigation*, 396 F. Supp. 3d 893, 897 (N.D. Cal. 2019).

Specifically, Monsanto alleged fraudulent joinder of two California-resident defendants: a company called Wilbur-Ellis Feed and a company called Wilbur-Ellis Company.  In essence, Monsanto made the same argument about the Wilbur-Ellis defendants that it does about KLI, Mr. Valdes and Mr. Conroy: that they could not have sold Roundup to the plaintiffs and therefore could not be liable to the plaintiffs.  Specifically, Monsanto claimed that Wilbur-Ellis Feed sold only animal feed and not Roundup and that Wilbur-Ellis Company sold Roundup only to agricultural and industrial customers, not residential customers.  But as the court noted, "Monsanto presumably knew at the outset that Wilbur Ellis Feed was not a proper defendant, and it presumably knew at or near the outset that Wilbur Ellis Company was not a proper defendant for some plaintiffs." *Id.*  "In other words, all the arguments Monsanto now makes in support of removal could have been made at or near the outset of these cases." *Id.*

Here, Monsanto's claim that its removal was timely is even weaker than in the cases at issue in Judge Chhabria's order.  The Wilbur-Ellis defendants were unaffiliated companies, much like KLI and Mr. Valdes in the instant action.  But here, Monsanto is also alleging fraudulent

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

joiner of Mr. Conroy, *one of its own employees*.  Therefore, for the reasons that Judge Chhabria highlighted, Monsanto's attempt to remove this action was untimely.

## II.   Monsanto's burden of demonstrating "fraudulent" joinder is a heavy one.

Even if Monsanto's effort at removal had been timely, Monsanto has not met its burden of establishing fraudulent joinder and complete diversity.  As a threshold matter, it bears noting that this burden is "heavy." *Katz v. Costa Armatori, S. p.A.*, 718 F. Supp. 1508, 1510 (S.D. Fla. 1989).  To establish fraudulent joinder, Monsanto must prove that "there is no possibility that the plaintiff can establish a cause of action against the resident defendant[.]" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).[8]  And here, Monsanto must meet this burden as to *all* three of Mr. Conroy, Mr. Valdes, and KLI.  Moreover, Monsanto must prove fraudulent joinder by clear and convincing evidence.  *See Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). *See also* Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3723.1 (3d ed. Apr. 2021 update) (explaining that "[a] claim that the plaintiff has engaged in fraudulent joinder must be alleged with particularity . . . and supported by *clear and convincing evidence*") (emphasis added).

Just as the burden of proof borne by the *removing party* is heavy, the standard applied to review the *plaintiff*'s complaint for fraudulent joinder "is a lax one."  *Stillwell*, 663 F.3d at 1333. When evaluating a removal based on fraudulent joinder, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Crowe*, 113 F.3d at 1538.  Moreover, because the fraudulent joinder analysis considers merely the *possibility* that the plaintiff may sustain an

---

[8]     Monsanto's Notice of Removal appears not to invoke the other possible basis for fraudulent joinder, which occurs when "the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."  *Id.*  Accordingly, Plaintiff does not address that basis here.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346     www.podhurst.com

action against a defendant, a complaint may survive an allegation of fraudulent joinder even where it does not satisfy the *plausibility* standard of Fed. R. Civ. P. 12(b)(6).  *See id.* (reversing and remanding where the district court wrongly applied the 12(b)(6) standard to a fraudulent joinder analysis).  "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must* find that the joinder was proper and remand the case to the state court."  *Id.* (emphasis added).  *See also Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968) (explaining that where there have been allegations of fraudulent joinder, "the question is whether there is arguably a *reasonable basis* for predicting that state law *might* impose liability") (emphasis added).[9]

Consistent with this standard, "[t]he Eleventh Circuit cautions the district court to avoid 'weigh[ing] the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Hampton v. Georgia-Pacific L.L.C.*, 2011 WL 5037403, at *5 (S.D. Ala. Oct. 24, 2011) (quoting *Crowe*, 113 F.3d at 1538) (alteration in original).  Indeed, the Eleventh Circuit has explained that the fraudulent joinder standard effectively reduces to a standard of frivolity. *See Crowe*, 113 F.3d at 1542 ("[W]e emphasize that the district court is to stop short of adjudicating the merits of cases that *do not appear readily to be frivolous or fraudulent*.") (emphasis added).

Crucially, where a defendant presents purported evidence of fraudulent joinder, the plaintiff is *not* required to present rebuttal evidence in order to seek a remand. *See Taylor Newman*, 436 F. App'x at 892.  Rather, all that is required is for the Plaintiff to "generally contest[ ]" the

---

[9]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

defendants' version of events, *see id.*, or to "at least weakly contest[ ] Defendants' factual assertions," *Cline v. St. Jude Medical, Inc.*, 2013 WL 12067482, at *5–6 (N.D. Ga. Oct. 31, 2013).

## III.  Monsanto does not meet its burden of proving fraudulent joinder of Mr. Conroy.

Monsanto does not—and cannot—prove by clear and convincing evidence that there is *no possibility* that a Florida court would sustain Ms. Salas's claims against Mr. Conroy.  On the contrary, Ms. Salas's claims against Mr. Conroy are plainly viable under Florida law.

In Florida, "[t]he law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment."  *White v. Wal-Mart Stores, Inc.*, 918 So.2d 357, 358 (Fla. 1st DCA 2005).  Accordingly, where an employee of a corporation participates in a tort or in the corporation's negligence, that employee is liable.  *Id.*  Here, Ms. Salas's complaint asserts two state-law causes of action against Mr. Conroy: negligence and strict products liability.  *See* Compl. at ¶¶142–159. These causes of action arise from Mr. Conroy's role as a senior account representative for Monsanto, responsible for sales, marketing and promotion of Roundup products in Florida.

### A.  Monsanto's argument for fraudulent joinder requires making significant inferences in Monsanto's favor.

As a threshold matter, it bears noting that many of the Complaint's allegations regarding Mr. Conroy are uncontested.  For example, neither Monsanto nor Mr. Conroy dispute the central allegation that Mr. Conroy sold Roundup in Florida.  On the contrary, Mr. Conroy was a senior manager for Monsanto directly involved in selling and promoting Roundup throughout Florida for several years.  Nor does Monsanto or Mr. Conroy assert that Mr. Conroy lacked any knowledge of Roundup's toxic effects during the relevant time period.

Instead, Monsanto essentially asserts that Mr. Conroy cannot be liable to Ms. Salas, because his job was focused on selling and distributing Roundup to *industrial* and *agricultural*

12

customers, rather than *residential* customers like Ms. Salas.  In other words, Monsanto's argument requires making a significant factual inference in favor of removal: that a Monsanto employee focused on industrial and agricultural customers *could never have* contributed to the sale and distribution of Roundup products to a residential user like Ms. Salas.[10]  Of course, making such an inference in favor of removal would requiring flipping the fraudulent joinder analysis on its head. At this stage of the case and on this posture, all reasonable inferences must be drawn in favor of Ms. Salas and *against* removal. *See Crowe*, 113 F.3d at 1539.

>    **B.**   **Even accepting Mr. Conroy's assertions as credible, they do not satisfy the stringent standard of foreclosing liability by "clear and convincing" evidence.**

Even assuming *arguendo* that Mr. Conroy's assertions are credible, the Conroy declaration *still* falls short of the stringent "clear and convincing" standard for fraudulent joinder for at least two reasons.  <u>First</u>, the crux of Mr. Conroy's assertions and Monsanto's fraudulent joinder argument focuses on the issue of *causation*.  Namely, both Mr. Conroy and Monsanto assert that Mr. Conroy's professional activities related to Roundup—extensive though they may have been— could not be the *cause* of Ms. Salas's injuries because he was only involved in sales to industrial and agricultural customers.

But it is well-settled in Florida that causation in tort cases is a question of fact that is properly resolved at summary judgment or at trial.  *See*, *e.g.*, *McCain v. Florida Power Corp.*, 593 So.2d 500, 502 (Fla. 1992); *Paterson v. Deeb*, 472 So.2d 1210, 1220 (Fla. 1st DCA 1985). Accordingly, Florida courts routinely decline to grant motions to dismiss that turn on factual

---

[10]     Mr. Conroy and Monsanto also make a variety of narrow assertions that <u>*do not*</u> satisfy the stringent standard of foreclosing the possibility that a Florida court sustain Ms. Salas's claims against him.  For example, Defendants assert that Mr. Conroy "has never had any role in . . . determining what language should be included in labelling . . . for any kind of Roundup-branded herbicide."  Ex. A at 8 (citing the Conroy declaration).  But even if this assertion were true, it does not foreclose Mr. Conroy's liability to Ms. Salas, because Ms. Salas's claims are not exclusively based on the labels affixed to containers of Roundup herbicides.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

assertions about a lack of causation.  *See*, *e.g.*, *Roos v. Morrison*, 913 So.2d 59, 68 (Fla. 1st DCA 2005).  *See also L.M. Duncan & Sons v. City of Clearwater*, 478 So.2d 816 (Fla. 1985) (grant of motion to dismiss is premature where motion turns on issues of fact).  In short, factual assertions regarding causation are *not* a proper ground to dismiss a claim, much less to hold that a claim has *no possibility* of surviving a motion to dismiss, which is the standard applicable on a fraudulent joinder posture.

Indeed, the Eleventh Circuit has specifically explained—in rejecting an allegation of fraudulent joinder—that "[t]he fact that the plaintiffs may not ultimately prevail against the individual defendants because of an *insufficient causal link* between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (emphasis added).

*Second*, as noted above, Monsanto's burden is heavier than that of a defendant moving to dismiss under Rule 12(b)(6).  *See Stillwell*, 663 F.3d at 1333 (rejecting use of 12(b)(6) standard in the fraudulent joinder context).  One would therefore think that Mr. Conroy would have moved to dismiss complaints filed by other Roundup victims based on similar allegations.  But notably, Mr. Conroy has not done so.  Instead, to Plaintiff's knowledge, Mr. Conroy has filed answers in response to every Roundup-related complaint in which he has been named as a Defendant. *See* note 4, *supra* (citing cases). This includes two complaints filed by Ms. Salas, one of them in the instant action.[11]

---

[11]     *See* D.E. 4, *Nancy C. Salas v. Monsanto Company, et al.*, Case No. 1:21-cv-21217 (S.D. Fla.).

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346          www.podhurst.com

### C.   Courts in the Eleventh Circuit routinely reject fraudulent joinder arguments similar to those made by Monsanto here.

Moreover, district courts in the Eleventh Circuit have previously _rejected_ fraudulent joinder arguments similar to the one raised by Monsanto as to Mr. Conroy. *See Hampton v. Georgia-Pacific L.L.C.*, 2011 WL 5037403, at *6–*7 (S.D. Ala. Oct. 24, 2011). In *Hampton*, the plaintiff filed suit in Alabama against Georgia-Pacific, a non-resident corporation, and two Alabama-resident employees of Georgia-Pacific. The lawsuit alleged that the plaintiff was injured by a dangerous condition at a Georgia-Pacific plant in Alabama. Georgia-Pacific removed the action, asserting that the two resident defendants were fraudulently joined. In support of its removal notice, Georgia-Pacific filed affidavits from the Alabama-resident employees disclaiming responsibility for safety in the area at issue. *See id*. at *3. Although the plaintiff did not submit rebuttal evidence, the court correctly granted the plaintiff's motion to remand.

The court explained that Georgia-Pacific's arguments about the scope of the resident defendant's job responsibilities and duties were not proper grounds for a finding of fraudulent joinder. "Defendants do not dispute that they held the positions claimed by plaintiff, or that those positions had duties involving safety at the plant. Whether those responsibilities . . . were as limited as defendants claim to avoid liability . . . appears[s] to be [a] matter[ ] for the jury to determine. Accordingly, the individual defendants' denials of responsibility are not sufficient to satisfy the 'clear and convincing' standard of proof[.]" *Id*. at *6. "Defendants do not argue that state law provides no possible claim against a responsible employee, [only that the non-diverse defendants] lacked such responsibility." *Id*. at *7.

The *Hampton* analysis is directly on point, particularly as to Monsanto's assertion that Mr. Conroy was fraudulently joined. Here, as in *Hampton*, Monsanto does not dispute that state law provides a claim against a responsible Monsanto employee, only that Mr. Conroy lacked such

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346 | www.podhurst.com

responsibility. And crucially, *Hampton* does not stand alone.  Courts in the Eleventh Circuit routinely reject arguments alleging the fraudulent joinder of a local employee of a non-resident corporation.  *See*, *e.g.*, *Pacheco de Perez*, 139 F.3d at 1380; *Fee v. Volvo Grp. N. Am.*, 2020 WL 6865777 (N.D. Ga. Oct. 20, 2020); *Krobtasch v. Target Corp.*, 2020 WL 6375175 (S.D. Fla. Oct. 30, 2020); *Allen v. Monsanto Co.*, 2009 WL 426546, at *4 (N.D. Fla. Feb. 20, 2009); *Alred v. Preferred Compounding Corp.*, 2020 WL 429486, at *8 (N.D. Ala. Jan. 28, 2020); *Atwood v. Weyerhaeuser USA, Inc.*, 2010 WL 749337, at *6 (S.D. Ala. Feb. 26, 2010); *Stillwell*, 663 F.3d at 1334; *Haney v. King America Finishing, Inc.*, 2012 WL 5473501, at *6 (S.D. Ga. Nov. 9, 2012). *See also Water Works & Sewer Bd. of Town of Centre v. 3M Co.*, 2017 WL 5153568 (N.D. Ala. Nov. 7, 2017) (remanding case despite fraudulent joinder assertion involving non-diverse defendant corporation); *Waits v. Kubota Tractor Corp.*, 2019 WL 4917903 (N.D. Ala. Oct. 4, 2019) (non-diverse defendants were sellers of diverse defendant's products).

### D.     Ms. Salas disputes Mr. Conroy's credibility and version of events.

Mr. Conroy's declaration is insufficient to establish fraudulent joinder for one additional and independent reason.  Ms. Salas disputes both the credibility of the declaration and the version of events suggested in the declaration and in Monsanto's Notice of Removal.  First, the declaration is self-serving: in essence, it amounts to a conclusory statement by Mr. Conroy that he is not liable for Ms. Salas's injuries.  Second, Ms. Salas disputes Mr. Conroy and Monsanto's assertion that a senior sales manager focused on industrial and agricultural customers *necessarily* had *nothing* to do with sales of Roundup to residential users.

Third, even without the benefit of discovery, there is publicly available information that directly undermines the version of events articulated in the declaration, and calls into question Mr. Conroy's credibility.  For example, Mr. Conroy was listed as a speaker for a meeting of the Alabama Vegetation Management Society in February 2020, and the program described him as

16

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

"National Account Manager for the Roundup business in the Southeast focusing on retail sales and promoting Roundup brands."[12]   The fact that Mr. Conroy has held himself out as promoting and selling Roundup *retail* customers undermines his factual assertion that he was only responsible for Roundup sales to commercial or industrial users.

In short, Mr. Conroy's declaration raises *factual issues* regarding the scope of his duties and his causal responsibility, if any, for Ms. Salas's injuries.  Ms. Salas disputes Mr. Conroy's factual assertions and characterizations, and these factual disputes are properly resolved after discovery, at summary judgment or trial.  They are inappropriate to present for resolution on a fraudulent joinder posture.  *See Taylor Newman*, 436 F. App'x at 892; *Cline,* 2013 WL 12067482, at *5–6.  *See also Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir. 1962) ("[D]oubt with respect to the allegations concerning the resident defendants being false as when the question depends upon the credibility of witnesses or the weight of evidence will not render the joinder fraudulent.").

**IV.   Monsanto does not meet its heavy burden of demonstrating fraudulent joinder of Mr. Valdes and KLI.**

Monsanto's theory of fraudulent joinder as to KLI and Mr. Valdes is that KLI acquired the hardware store at which Ms. Salas purchased Roundup only *after* she stopped buying Roundup at that store, and that KLI and the store's previous owner agreed that KLI and Mr. Valdes would not assume the previous owner's liabilities. *See* Notice of Removal at 12.  This theory, in turn, relies on statements in the Valdes declaration that KLI and the store's previous owner memorialized this agreement as part of an asset purchase contract involving the store.

To reiterate, Monsanto's burden in alleging fraudulent joinder is to eliminate even the *possibility* that Ms. Salas's claims against both defendants will survive in state court.  But the

---

[12]      *See* Meeting Agenda, attached as Exhibit D.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    |    www.podhurst.com

statements in the Valdes declaration fall well short of this stringent standard.  For one thing, it is not clear whether the Valdes declaration fully and accurately describes the terms of the alleged asset purchase agreement between KLI and the previous owner.  Ms. Salas has never been provided a copy of this alleged agreement, nor to Plaintiff's knowledge has such a copy been filed with any court.

And even assuming that KLI and the store's previous owner *had* agreed that KLI and Mr. Valdes would not assume the previous owner's liability, that does not settle the question of assumption of liability under Florida law.  In Florida, the buying successor company can assume the selling predecessor company's liabilities under *any* one of the following four scenarios: (1) the successor expressly or impliedly assumes obligations of the predecessor, (2) the transaction is a de facto merger, (3) the successor is a mere continuation of the predecessor, or (4) the transaction is a fraudulent effort to avoid liabilities of the predecessor.  *See Bernard v. Kee Mfg. Co., Inc.,* 409 So. 2d 1047, 1049 (Fla. 1982). The Valdes declaration addresses only the first of the four scenarios—an express or implied assumption by the successor company—but it does not address, much less foreclose, the possibility that KLI assumed the predecessor company's liability in any of the other three ways recognized by Florida law.

The second scenario, a de facto merger, merits particular attention here.  "A de facto merger occurs when one corporation is absorbed by another, i.e., there is a continuity of the selling corporation evidenced by such things as the same management, personnel, assets, location and stockholders." *Orlando Light Bulb Serv., Inc. v. Laser Lighting & Elec. Supply, Inc.*, 523 So. 2d 740, 743, n.1 (Fla. 5th DCA 1988). As a question of fact, '[t]he finder of fact may look to any other factors reasonably indicative of commonality or of distinctiveness." *Id.*

18

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346   |   www.podhurst.com

Similarly, the third scenario, "[t]he concept of continuation of business[,] arises where the successor corporation is merely a continuation or reincarnation of the predecessor corporation under a different name." *Amjad Munim, M.D., P.A. v. Azar*, 648 So. 2d 145, 154 (Fla. 4th DCA 1994). "While having common attributes does not automatically impose liability on a successor corporation, merely repainting the sign on the door and using new letterhead certainly gives the appearance that the new corporation is simply a continuation of the predecessor corporation." *Lab. Corp. of Am. v. Prof'l Recovery Network*, 813 So. 2d 266, 270 (Fla. 5th DCA 2002).

Here, there are reasons to believe that the alleged purchase of the hardware store by KLI was a de facto merger or merely continued the predecessor's business. For example, the store has been known by the "KLI" name for as long as Ms. Salas can remember, including before the alleged 2017 purchase by Defendant KLI and during the period of time when Ms. Salas purchased and used Roundup.

To be sure, the Valdes declaration raises important issues of fact as to whether KLI assumed the liabilities of the predecessor company. But it does not foreclose the possibility that KLI did so, and certainly not by clear and convincing evidence. On the contrary, properly resolving the question of whether KLI assumed such liabilities will require at least some fact discovery regarding the relationship between KLI and the predecessor company, the precise nature of the alleged transaction by which the hardware store was sold to KLI, and the extent to which KLI is merely a continuation of the predecessor company.

## CONCLUSION

Ms. Salas has stated viable claims against Florida defendants Mr. Conroy, Mr. Valdes and KLI. Monsanto's removal of this action was untimely and failed to meet its heavy burden of establishing that all three Florida defendants were fraudulently joined. Accordingly, Ms. Salas

19

**Podhurst** Orseck **P.A.**

One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346      www.podhurst.com

will soon move to remand this action.  Vacating or staying the transfer of this action to the MDL pending the resolution will promote judicial economy and will not meaningfully prejudice any of the parties to this action.

WHEREFORE, Plaintiff respectfully requests that this Court vacate the CTO or, in the alternative, stay transfer of this action pending the resolution of Plaintiff's anticipated motion to remand this action back to state court.

Dated: April 27, 2021

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

By:  */s/ Steven C. Marks*
      STEVEN C. MARKS
      Fla. Bar No. 516414
      smarks@podhurst.com
      KRISTINA M. INFANTE
      Fla. Bar No. 112557
      kinfante@podhurst.com
      PABLO ROJAS
      Fla. Bar No. 1022427
      projas@podhurst.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 27th day of April, 2021, a true and correct copy of the foregoing was served via ECF which will furnish an electronic copy to all counsel of record: Anthony N. Upshaw, Esq. (aupshaw@mwe.com) and Melissa R. Alvarez, Esq. (malvarez@mwe.com), MCDERMOTT WILL & EMERY, LLP, *Counsel for Monsanto Company, Bayer Corporation, Bayer AG, Andrew Jack Conroy, KLI Shell Lumber & Hardware, and Orlando Valdes*; and Daniel J. Santaniello, Esq. and Kelly L. Kesner, Esq. (luksmia-pleadings@LS-Law.com), LUKS, SANTANIELLO, PETRILLO & COHEN, *Counsel for Home Depot U.S.A., Inc.*

By:  */s/ Steven C. Marks*