# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

NANCY C. SALAS,

        Plaintiff,

     v.

MONSANTO COMPANY, *et al.*,

        Defendants.

Case No. _____

## DECLARATION OF ANDREW JACK CONROY

I, Andrew Jack Conroy, declare as follows:

1.    I am over the age of eighteen.  If I were called to testify, I could and would competently testify to the statements set forth in this declaration.  This declaration is based on my personal knowledge and my review of the Complaint filed by Nancy Salas in the lawsuit that she filed against various defendants, including Monsanto Company ("Monsanto") and me.  I submit this declaration in support of Monsanto's Notice of Removal.

2.    I am employed by Bayer CropScience LP as Area Sales Manager, Vegetation Management.  I have held that position since April 2019.  Previously, I was employed (for approximately 18 months) by a joint venture between Monsanto and another company.  Before my employment by that joint venture, I was employed by Monsanto for more than 20 years.

3.    During my work at Monsanto, the joint venture, and Bayer CropScience LP, I acquired substantial knowledge about Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient, and the different markets for which Monsanto created and designed Roundup®-branded herbicides.  There are three markets for which Monsanto has created and designed Roundup®-branded herbicides: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) the industrial, turf, and ornamental ("IT&O") market.  Agricultural

Roundup®-branded herbicides have been designed for, and are sold (via distributors) to, farmers and other agricultural workers to eliminate weeds that adversely affect crops.  Residential-lawn-and-garden Roundup®-branded herbicides have been designed for, and are sold to, home-owners to eliminate weeds in their yards, drive-ways, and other parts of their residential properties.  Those herbicides are sold at hardware stores and major retail stores, like Home Depot stores.  IT&O Roundup®-branded herbicides have been designed for, and are sold (via distributors) to, companies – for example, large landscaping companies, companies that own or operate golf courses, railroad companies, and other businesses – and government agencies to eliminate weeds in or near, for example, roads, golf courses, railroad tracks, or rights-of-way.

4.      I have never had any role in or involvement with designing, manufacturing, packaging, assembling, creating, or obtaining regulatory approval for any kind of Roundup®-branded herbicide.  I have never had any role in or involvement with determining what language should be included in labelling, or what warnings should be provided, for any kind of Roundup®-branded herbicide.  I have never had any role in or involvement with developing advertisements or commercials for any kind of Roundup®-branded herbicides or developing the content of any such advertisements or commercials.

5.      At various times during my employment discussed above in Paragraph 3, my job duties have involved two categories of Roundup®-branded herbicides – agricultural herbicides and/or IT&O herbicides.  I have discussed those herbicides with, and otherwise provided information about those herbicides to, farmers who buy and/or use agricultural Roundup®-branded herbicides and professionals who buy and/or use IT&O Roundup®-branded herbicides.

6.      My job duties have never involved residential-lawn-and-garden Roundup®-branded herbicides.  I have never had any role with or involvement in promoting, marketing, or selling

2

residential-lawn-and-garden Roundup®-branded herbicides.

7.      In her Complaint, Ms. Salas alleges that she used Roundup®-branded herbicides at her residences and that she bought those herbicides at: (a) Home Depot stores in Miami, Florida; (b) a Kmart store in Key Largo, Florida; and (c) a KLI Shell Lumber & Hardware, LLC store located on Overseas Highway in Key Largo, Florida (the "KLI Shell Overseas Highway Store"). The Complaint alleges that Ms. Salas' injuries were caused by her use of Roundup®-branded herbicides.

8.      I have never had any control over – or any connection whatsoever to – the Roundup®-branded herbicides that allegedly caused Ms. Salas' injuries. I have never worked at a Home Depot store, or a Kmart store, or the KLI Shell Overseas Highway Store. I have never spoken to or otherwise communicated with Home Depot USA, Inc. or any Home Depot store about Roundup®-branded herbicides. I have never spoken to or otherwise communicated with any Kmart store about Roundup®-branded herbicides. I have never spoken to or otherwise communicated with the KLI Shell Overseas Highway Store about Roundup®-branded herbicides.

9.      I have never had any role with or involvement in the chain of distribution by which Roundup®-branded herbicides get from the point of manufacture to the point of sale to customers at Home Depot stores, Kmart stores, or the KLI Shell Overseas Highway Store.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March *27*, 2021 at *Winter Haven*, Florida

Andrew Jack Conroy