**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION | MDL No. 2741 |
| NANCY C. SALAS,<br><br>      Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY; BAYER CORPORATION; BAYER AG; ANDREW JACK CONROY, HOME DEPOT U.S.A, INC.; KLI SHELL LUMBER & HARDWARE, LLC; and ORLANDO VALDES,<br><br>      Defendants. | S.D. Fla. Case No.<br>1:21-cv-21217 |

**MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-264)**

Plaintiff Nancy C. Salas does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741. Like the majority of plaintiffs in the MDL, Plaintiff Nancy C. Salas alleges that exposure to Monsanto Company's ("Monsanto's") Roundup®-branded products caused her to develop non-Hodgkin's Lymphoma ("NHL"). *See* Plaintiff's Complaint, ¶¶ 135–141, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. April 27, 2021), ECF No. 2285-3 1t 38–39; CTO-264, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. April 14, 2021), ECF No. 2269. However, in an effort to avoid the MDL, Plaintiff opposes transfer based solely on the belief that Monsanto improperly removed the case to federal court.

It is well settled that this Panel does not consider the merits of remand motions when deciding transfer issues and that the pendency of remand motions in transferor courts does not

prevent transfer. *See, e.g.*, Transfer Order, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754, at 1-2 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)). In fact, the Panel has previously transferred cases to this MDL despite pending remand motions in those cases. *See, e.g.,* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616; Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283.

Transfer is efficient given the progress of and work completed to date in the MDL. That effort includes significant discovery regarding the regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. July 10, 2018), ECF No. 1596. Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for Plaintiff Fact Sheets to be submitted. *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 26, 2018), ECF No. 1883. The Panel has affirmed that progress continues to be made in the MDL and centralization is justified. Order Vacating Conditional Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 5, 2020), ECF No. 2027 (noting that actions within the "MDL involve allegations that plaintiffs developed [NHL] . . . as a result of exposure to Monsanto's glyphosate-based herbicides" and that "there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the

1" = "1" "4811-5649-1496" "" 4811-5649-1496

subject of the litigation"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741."). Therefore, transfer of this matter to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). Plaintiff's Motion to Vacate should be denied.

## I.   BACKGROUND

Despite seeking this MDL, plaintiffs in the Roundup® litigation generally have filed numerous cases in various state courts in an apparent effort to bypass the MDL Court when desired, often by fraudulently joining in-state defendants in an attempt to defeat diversity jurisdiction.

Here, Plaintiff has done just that, bringing claims against out-of-state defendants Monsanto (and other defendants), as well as Andrew Jack Conroy, Orlando Valdes, and KLI Shell Lumber & Hardware, LLC—three in-state defendants Plaintiff fraudulently joined in an effort to defeat diversity jurisdiction. *See* Complaint, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. April 27, 2021), ECF No. 2285-3. Monsanto removed this case to the Southern District of Florida, Miami Division on March 30, 2021. *See* Notice of Removal, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. April 27, 2021), ECF No. 2285-4. Monsanto provided notice to the Panel of this potential tag-along action on April 1, 2021. *See* Monsanto's Notice of Potential Tag-along Action, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Apr. 1, 2021), ECF No. 2253.

Plaintiff timely noticed her opposition to the transfer. *See* Plaintiff's Corrected Notice of Opposition to the Conditional Transfer Order (CTO-264), *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Apr.13, 2021), ECF No. 2267. Pursuant to the briefing schedule

3

established by the Panel, Plaintiff filed her Motion to Vacate the Conditional Transfer Order (CTO-264) on April 27, 2021. *See In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Apr. 27, 2021), ECF No. 2285 ("Motion to Vacate").

Two days later, in the transferor court, Plaintiff filed a motion to remand this case to state court. *See* Plaintiff's Motion to Remand, *Salas v. Monsanto Co., et al.*, No. 1:21-cv-21217-MGC (S.D. Fla. Apr. 29, 2021, ECF No. 6 ("Remand Motion"). On April 30, 2021, Monsanto requested that the case be stayed pending this Panel's decision on MDL transfer. *See* Monsanto's Expedited Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Salas v. Monsanto Co., et al.*, No. 1:21-cv-21217-MGC (S.D. Fla. Apr. 30, 2021), ECF No. 7 ("Monsanto's Motion to Stay"). Plaintiff filed an opposition to the motion to stay, *Salas v. Monsanto Co., et al.*, No. 1:21-cv-21217-MGC (S.D. Fla. May 3, 2021), ECF No. 8, and Monsanto filed a reply in support, *Salas v. Monsanto Co., et al.*, No. 1:21-cv-21217-MGC (S.D. Fla. May 4, 2021), ECF No. 10. On May 13, 2021, Monsanto filed its opposition to Plaintiff's Motion to Remand. *See Salas v. Monsanto Co., et al.*, No. 1:21-cv-21217-MGC (S.D. Fla. May 13, 2021), ECF No. 11. Both motions remain pending.

**II.   ARGUMENT**

    **A.   The Panel Should Transfer This Action to MDL No. 2741.**

        **1.   This case meets the criteria for MDL transfer.**

Transfer to MDL No. 2741 best promotes the just and efficient resolution of Plaintiff's claims. This case shares common questions of fact with those already consolidated in MDL No. 2741. Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57 (noting cases in the MDL "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes [NHL]"); *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. Oct.

4

3, 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core.").

Plaintiff's Motion to Vacate and Remand Motion further demonstrate the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country that receive future Roundup® cases presenting remand issues to decide similar motions, when the MDL court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so in multiple cases. *See, e.g., Bryant v. Monsanto Co.,* MDL No. 2741, 2019 WL 6873145 (N.D. Cal. Dec. 16, 2019) (pretrial order denying motion to remand); *Cichy v. Monsanto Co.*, MDL No. 2741, 2019 WL 6122004 (N.D. Cal. Nov. 19, 2019) (pretrial order granting motion to remand); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole."). Indeed, in both the Motion to Vacate and the Remand Motion, Plaintiff illustrates this very point by citing and relying upon *In re Roundup Products Liability Litigation*, 396 F. Supp. 3d 893, 897 (N.D. Cal. 2019)—a ruling from the MDL court addressing multiple motions to remand. *See* Motion to Vacate at 9; Remand Motion at 7.

Plaintiff's preference to avoid the MDL by filing in state court does not outweigh the efficiencies of having the MDL Court decide these issues. Moreover, MDL transfer presents the most efficient path for ultimate resolution of this lawsuit. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve Plaintiff's claims.

1" = "1" "4811-5649-1496" "" 4811-5649-1496

*See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 at 1-2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283. Plaintiff cannot dispute this point; her Motion to Vacate includes an entire section entitled, "The court overseeing the Roundup MDL recently observed that Monsanto had untimely removed several cases under similar circumstances." Motion to Vacate at 9; *see also* Remand Motion at 7 (same).

Transfer, therefore, will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a). The fact that Plaintiff does not wish to be part of the MDL, *see generally* Motion to Vacate, does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL. *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2. The pending motion to remand does not prevent transfer.

Contrary to plaintiff's arguments, transfer is neither precluded nor premature simply because plaintiff believes that there is no federal jurisdiction. *See* Motion to Vacate at 1–2. The Panel has repeatedly rejected arguments that CTOs should be vacated because of a pending motion to remand an action to state court. *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616 ("Such jurisdictional issues generally do not present an impediment to transfer. . . . Plaintiffs can present their remand arguments to the transferee judge."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 (same, noting that between the date of filing of a remand motion and when transfer to MDL is finalized, the transferor court has sufficient time to rule on remand motions if they so choose to do); *In re: Eliquis* Transfer Order at 1-2 (denying plaintiffs' motion

1" = "1" "4811-5649-1496" "" 4811-5649-1496

to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same).

Plaintiff does not cite a single Panel ruling in which the Panel denied transfer based on a pending motion to remand, and she wholly ignores the large number of Panel rulings to the contrary. Plaintiff does not even address the issue actually now before the Panel—whether transfer is appropriate here. Instead, she simply argues that the case should be remanded to state court. *See generally* Motion to Vacate. Indeed, her Motion to Vacate is substantively identical to her Remand Motion, *compare* Motion to Vacate *with* Remand Motion, but the Panel is not the appropriate court to decide the Remand Motion, as discussed below.

In the Conclusion of her Motion to Vacate, Plaintiff does ask, "in the alternative" and without providing any supporting argument, that the Panel "stay transfer of this action pending the resolution of Plaintiff's anticipated motion to remand this action back to state court." Motion to Vacate at 20. But the Panel has repeatedly held that "there is no need to delay transfer in order to

7

accommodate any interest of the transferor court in resolving a pending remand motion" because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course. *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n.2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same). Like the rest of her Motion to Vacate, Plaintiff's procedurally improper and wholly unsupported request for a stay ignores the applicable law.

Finally, because Plaintiff argued only in favor of remand, the Panel should disregard her arguments entirely. "[T]he Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus [the Panel] regularly order[s] transfer of actions over the objection that remand is required under applicable precedent." *In re: Eliquis*, Transfer Order at 1-2 (denying motion to vacate CTO); *see also* Transfer Order, *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592 at 1 (J.P.M.L. Dec. 7, 2016), ECF No. 1040 (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar Xarelto cases removed to that district"); Transfer Order, *In re: Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 1871 at 1 (J.P.M.L. Oct. 2, 2013), ECF No. 1159 (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").[1] Monsanto timely filed its opposition to the Remand Motion; the merits of those

---

[1] *See also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 764 F. Supp. 2d 1352, 1353 n.1 (J.P.M.L. 2011) (refusing to take argument that counterclaims were likely to fail as a matter of law into account when ordering transfer where

1" = "1" "4811-5649-1496" "" 4811-5649-1496

arguments need not be addressed here. The Panel does not have authority to address the merits of a remand motion and, as the Panel has repeatedly held, a pending remand motion is not a basis to grant a motion to vacate.

## III. CONCLUSION

For these reasons, Monsanto requests that the Panel deny Plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: May 18, 2021

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/Jennise W. Stubbs*
    Jennise W. Stubbs
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone: (713) 227-8008
    Facsimile: (713) 227-9508
    Email: jstubbs@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

---

counterclaims implicated factual issues shared with MDL cases); *In re Ivy*, 901 F.2d at 9 ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case."); *see also Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case.").

## CERTIFICATE OF SERVICE

I certify that on the 18th day of May, 2021, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-244)** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs

1" = "1" "4811-5649-1496" "" 4811-5649-1496