UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 2741 |

| | |
|---|---|
| NANCY C. SALAS,<br><br>    Plaintiff,<br><br>vs.<br><br>MONSANTO COMPANY; BAYER<br>CORPORATION; BAYER AG; ANDREW<br>JACK CONROY; HOME DEPOT U.S.A, INC.;<br>KLI SHELL LUMBER & HARDWARE, LLC;<br>and ORLANDO VALDES,<br><br>    Defendants.<br>_____/ | S.D. Fla. Case No.<br>1:21-cv-21217 |

### PLAINTIFF'S RESPONSE IN SUPPORT OF ITS MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-264)

Plaintiff, Nancy C. Salas, by and through undersigned counsel, hereby files this response in support of its Motion to Vacate the Conditional Transfer Order transferring this action to the United States District Court for the Northern District of California[1] (the "CTO"). For the reasons outlined below, vacating or staying the CTO would promote judicial efficiency and economy, and Monsanto's arguments to the contrary are unavailing.

### ARGUMENT

Monsanto makes several arguments in opposing Ms. Salas's motion.  First, Monsanto contends that the pendency of Ms. Salas's Motion to Remand before the Southern District of

---

[1]    This Reply will refer to the United States District Court for the Northern District of California as the "MDL Court."

Florida does not *per se* preclude transfer to the MDL Court. *See* D.E. 2310 at 6. And to be sure, the mere pendency of the Remand Motion does not prevent this Panel from transferring this case to the MDL Court. But the converse is also true: the mere pendency of a conditional transfer order does not limit the ability of a district court to consider and rule on a pending motion to remand. *See Waters v. Bausch & Lomb, Inc.*, 2006 WL 8433439, at *2 (S.D. Fla. July 28, 2006) (quoting *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979)). Accordingly, "[m]any district courts have held that the interests of judicial economy are best served by giving at least preliminary scrutiny to the merits of a motion to remand, even where a motion to transfer is pending before the JPML." *Id.* (citing cases).

Here, prudential and pragmatic considerations counsel against immediate transfer. This Panel has previously recognized that where there is a potentially dispositive motion pending before a district court involving distinct issues of state law, it would serve the interest of efficiency and convenience to allow that court to rule on the motion, given the court's familiarity with state law. *See In re: Accutane Prods. Liab. Litig.*, 560 F. Supp. 2d 1370, 1371 (J.P.M.L. 2008) (vacating conditional transfer order). Here, Ms. Salas's Remand Motion turns principally on questions of Florida law, and the disposition of that motion may divest the federal courts of jurisdiction altogether. Accordingly, as in *Accutane*, vacating or staying the CTO would promote efficiency and economy.

Second, Monsanto argues that transfer of this case would be efficient. *See* D.E. 2310 at 4. But as noted above, the opposite is true, and Monsanto's specific arguments regarding efficiency are unavailing. For example, although Monsanto argues that "[t]his case shares common questions of fact" with cases consolidated in the MDL Court, *see id.*, Plaintiff's Remand Motion <u>does not</u> turn on any of those common questions. Rather, the Remand Motion turns principally on questions

2

of *Florida* law as applied to Plaintiff's specific allegations. To Plaintiff's knowledge, <u>*no case*</u> transferred to, tagged for transfer to, or otherwise consolidated with the Roundup MDL has raised similar issues. And the Florida-based district court overseeing Plaintiff's case for the time being is best placed to resolve those issues.

Third, and relatedly, Monsanto raises the specter of "inconsistent decisions" in "future Roundup cases presenting [similar] remand issues[.]" *Id.* at 5. But Monsanto can point to no past or pending case presenting similar issues. Accordingly, this argument is purely conjectural.

Prompt resolution of Plaintiff's Remand Motion by the Southern District of Florida would not only serve judicial economy, but it would also be consistent with the majority approach adopted by district courts facing remand motions in cases tagged for transfer to an MDL. *See Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001); Charles A. Wright, et al., Federal Practice & Procedure, § 3866.1 (3d ed. Apr. 2021 update) (explaining that the *Meyers* methodology "has resonated with district courts").

The *Meyers* analysis proceeds in three steps. First, the district court should give preliminary scrutiny to the merits of the remand motion. If this preliminary analysis suggests that removal was improper, then "the court should complete its consideration and remand the case to state court." *Betts v. Eli Lilly & Co.*, 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006) (citations and quotation marks omitted). However, if this preliminary analysis suggests that this jurisdictional issue is factually or legally difficult, the court proceeds to the second step.

At the second step, the court considers whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. *See Meyers*, 143 F. Supp. 2d at 1049. If other cases have *not* raised very similar jurisdictional issues, then the court should consider the motion to remand on the merits. If other cases *have* raised

3

similar or identical issues, then the court should proceed to the third step. *See id.* ("Only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to the third step and consider the motion to stay.").

At the third step, the district court considers the stay motion based on traditional factors including judicial economy, any hardship or prejudice to the moving party, and any hardship or prejudice to the non-moving party. *See id.*

As the *Meyers* approach makes clear, the question whether the transferor court or transferee court is best placed to resolve questions of subject matter jurisdiction depends in large part on whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding. *See id.* at 1049. Here, the jurisdictional issues in this case are predominantly questions of Florida law. Namely, Monsanto must prove by clear and convincing evidence that the three Florida-resident Defendants were fraudulently joined because Plaintiff *cannot possibly* assert claims against them under Florida law. These Florida-law issues are not similar to jurisdictional issues decided or pending resolution by the MDL Court. To Plaintiff's knowledge, the MDL Court has not resolved a single Florida-law issue to date and has not considered allegations of fraudulent joinder of Florida defendants.

## **CONCLUSION**

For the foregoing reasons, vacating or staying the transfer of this action to the Northern District of California pending the resolution of the Remand Motion in the Southern District of Florida court will promote judicial economy and will not meaningfully prejudice any of the parties to this action.

**Podhurst** Orseck **P.A.**
One SE Third Avenue, Suite 2300, Miami, FL 33131 • Miami 305.358.2800 Fax 305.358.2382 • Fort Lauderdale 954.463.4346    www.podhurst.com

WHEREFORE, Plaintiff respectfully requests that this Court vacate the CTO or, in the alternative, stay the transfer of this action pending the resolution of Plaintiff's pending Remand Motion.

Dated: May 25, 2021

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800 / Fax (305) 358-2382

By: /s/ Steven C. Marks
STEVEN C. MARKS
Fla. Bar No. 516414
smarks@podhurst.com
KRISTINA M. INFANTE
Fla. Bar No. 112557
kinfante@podhurst.com
PABLO ROJAS
Fla. Bar No. 1022427
projas@podhurst.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 25th day of May, 2021, a true and correct copy of the foregoing was served via ECF which will furnish an electronic copy to all counsel of record: Anthony N. Upshaw, Esq. (aupshaw@mwe.com) and Melissa R. Alvarez, Esq. (malvarez@mwe.com), MCDERMOTT WILL & EMERY, LLP, *Counsel for Monsanto Company, Bayer Corporation, Bayer AG, Andrew Jack Conroy, KLI Shell Lumber & Hardware, and Orlando Valdes*; and Daniel J. Santaniello, Esq. and Kelly L. Kesner, Esq. (luksmia-pleadings@LS-Law.com), LUKS, SANTANIELLO, PETRILLO & COHEN, *Counsel for Home Depot U.S.A., Inc.*

By: /s/ Steven C. Marks