# EXHIBIT 8

# EXHIBIT 6: FORM OF RELEASE

# CONFIDENTIAL RELEASE OF ALL CLAIMS

**Recitals**

1. By signing this Confidential Release Of All Claims ("Release"), I, _____, the undersigned Releasing Party,[*] represent that I am a Settlement Class Member as defined in the Settlement Agreement dated as of _____, 2021 (the "Agreement") and filed with the Court in *Robert Ramirez, et al. v. Monsanto Company*, Case No. 3:16-md-02741-VC & 3:19-cv-02224-VC, or an authorized Representative Claimant.  I understand that the terms of the Agreement govern the resolution of my Claim.  I acknowledge that I have been given the opportunity to review the Agreement prior to my execution of this Release and the opportunity to review it with my Counsel, if I so chose.  A copy of the Agreement is available at [Settlement Website URL].

2. I further understand that, as a condition precedent to accepting a Compensation Award from the Settlement Program, I am required to submit, among other things, a release of any and all past, present or future Claims for injury, damages and/or losses of any kind, or wrongful death that I (and any other Releasing Party, below) have, or may have in the future, against the Defendant and all other Released Persons arising from, related to, or in any way allegedly caused by in whole or in part, or connected with the Product User's use of or exposure to any Roundup Products.[†]

3. Accordingly, in consideration for the amount being paid by the Defendant, I hereby acknowledge the terms and consideration referenced herein as adequate and in return give and make the following releases, waivers, acknowledgements and agreements for the benefit of Defendant and the Released Persons.  This Release of claims for my personal injury is also entered into by my spouse, if applicable, who will execute a signature page hereto.  Spouses are not entitled to a separate payment under the Settlement Program by

---

[*] All capitalized terms used in this Release and not defined herein shall have the meanings assigned to them in the Agreement.

[†] "Roundup" or "Roundup Product" or "Roundup Products" means any glyphosate-containing product developed, manufactured, distributed, sold, and/or marketed by the Defendant (or any of its direct or indirect subsidiaries), or by any Person to the extent such product contains glyphosate exclusively supplied by the Defendant (or any of its direct or indirect subsidiaries), under any name or brand: (a) prior to or as of the Settlement Date; or (b) after the Settlement Date if the product has a chemical formulation identical to a Roundup Product developed, manufactured, distributed, sold, and/or marketed prior to or as of the Settlement Date.  Exhibit 1 to the Agreement contains a list of names and brands of Roundup Products of which the Defendant is currently aware following reasonable inquiry.  A product not on the list but meeting the foregoing definition shall be a Roundup Product under the Settlement Agreement and this Release.

Exhibit 6                                                                                                                Page 1

reason of their relationship with the Product User who is the subject of this Release. However, nothing in this Release precludes a spouse from making their own claim, on their own behalf, as a Product User.

4. By signing this Release and accepting and receiving any Compensation Award issued, both I, and any spouse who executes this Release, irrevocably agree to be bound by the Agreement and the Settlement Program and the decisions of the Claims Administrator, Settlement Administrator, Lien Administrator or other administrators under the Settlement Program.  I further understand that receipt of a Compensation Award includes circumstances where all or part of my Compensation Award is paid to resolve or reduce any lien against my award.

**Release**

5. The term "Defendant" for purposes of this Release means Monsanto Company.

6. The term "Released Person" or "Released Persons" means (a) Monsanto Company and Bayer AG and each and all of their respective past, present, or future, direct or indirect, predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, and joint venturers (collectively, the "Monsanto Group"); (b) the past, present and future manufacturers, formulators, distributors, marketing agents, commissionaires, resellers, retailers (including, without limitation, wholesale distributors, private label distributors, and all retailers and retail distributors), clinical researchers, agents, licensees, contractors and consultants of or with respect to Roundup Products, and any and all past, present, or future suppliers of materials, components, and services used in the development, registration, formulation, manufacture, distribution, handling, sale or marketing of Roundup Products, including the labeling and packaging thereof, and each and all of their respective past, present, or future, direct or indirect, predecessors, successors, parents, subsidiaries, affiliates, divisions, joint ventures, and joint venturers; and (c) any past, present or future officer, director, shareholder, owner, employee, partner, trustee, representative, agent, servant, insurer, attorney, predecessor, successor, or assignee of any of the above.  All Released Persons are third-party beneficiaries of the Agreement for purposes of enforcing the release and indemnity provisions herein for each Person described in clauses (a), (b),  and (c) of this paragraph, their respective past, present, and/or future parents, subsidiaries, divisions, affiliates, joint venturers, predecessors, successors, assigns, and transferees and their respective past, present and/or future shareholders (or the equivalent thereto), directors (or the equivalent thereto), officers (or the equivalent thereto), owners, managers, principals, employees, consultants, advisors, attorneys, agents, servants, representatives, heirs, trustees, executors, estate administrators, and the personal representatives (or the equivalent thereto), and the respective insurers of all such Persons referred to in clauses (a), (b), and (c) of this paragraph to the extent of their capacity as the insurer of such Persons.

7. The term "Releasing Party" or "Releasing Parties" means (i) me, (ii) any current spouse, or former spouses who were spouses at any time from the date of the alleged Roundup-related injury, asserting an unfiled Claim of any kind by reason of their relationship to me, and (iii) any and all Persons who independently, derivatively or otherwise, by reason

Exhibit 6                                                                                                                                    Page 2

of their relationship with or to me, have sued or asserted a Claim against, or could have sued or asserted a Claim against, Defendant or any other Released Person, including but not limited to, any and all of my spouses, domestic partners, heirs, beneficiaries, next of kin, executors, administrators, successors, and assigns. Without in any manner limiting the foregoing, this Release is expressly intended to include and does include any and all Claims which any spouse, domestic partner, heir, beneficiary, next of kin, agent, estate, executor, administrator, personal representative, successor and assign, or any person or entity otherwise entitled to a Claim, may now or may hereafter have or assert against Defendant and/or the Released Persons, whether known or unknown, and any and all other claims, whether known or unknown, arising out of or by reason of or in any manner connected with the Product User's alleged use of or exposure to Roundup Products and the alleged injuries.

8. In return for good and valuable consideration, the sufficiency of which is acknowledged, I do hereby on my own behalf and on behalf of each other Releasing Party and with regard to claims arising from the injuries that resulted in my Compensation Award, knowingly and voluntarily **RELEASE, REMISE, ACQUIT and FOREVER DISCHARGE, and AGREE and COVENANT NOT TO SUE,** Defendant and the Released Persons and each of them from:

    a. any and all past, present or future rights, remedies, actions, claims, counterclaims, demands, causes of action, suits at law or in equity, verdicts, suits of judgments, judgments and/or Liens, including any of the foregoing for wrongful death, survival actions of any kind, personal injury and/or bodily injury, sickness, medical complications, disease, emotional distress and/or injury, mental or physical pain and/or suffering, emotional and/or mental harm, financial or psychological harm, fear of disease or injury, Non-Hodgkin's lymphoma ("NHL"), future NHL, fear of future NHL, cancer, future cancer, fear of future cancer, treatment or surgery, loss of enjoyment of life, loss of society, loss of companionship, loss of income, loss of wages, loss of consortium, past or future medical expenses, medical screening or monitoring, future cost of insured services, past cost of insured services or any other form of injury, and including any of the foregoing for direct damages, indirect damages, consequential damages, incidental damages, punitive or exemplary damages, statutory and other multiple damages or penalties of any kind, pre-judgment or post-judgment interest, or any other form of damages whatsoever, whether past, present or future, and whether based upon contract, breach of contract, warranty or covenant, breach of warranty or covenant, tort, negligence, strict liability, gross negligence, recklessness, willful or wanton conduct, malice, oppression, conscious disregard, joint and several liability, guarantee, contribution, reimbursement, subrogation, indemnity, defect, failure to warn, fault, misrepresentation, common law fraud, statutory consumer fraud, quantum meruit, breach of fiduciary duty, violation of statutes or administrative regulations and/or any other legal (including common law), statutory, equitable or other theory or right of action, whether presently known or unknown, developed or undeveloped, discovered or undiscovered, foreseen or unforeseen, matured or unmatured, accrued or not accrued, past, present or future, or now recognized by law or that

Exhibit 6                                                                                                                                         Page 3

        may be created or recognized in the future by statute, regulation, judicial decision or in any other manner that in any way may arise from, relate to, or are in any way connected with (1) the Product User's use of or exposure to any Roundup Products (as defined above), and/or any injury, losses, or damages of any kind ever claimed, or may at any time in the future be claimed, to have been caused, in whole or in part, by any such use of or exposure to Roundup Products or from any medical treatments allegedly occurring because of the use of or exposure to any Roundup Products; (2) claims relating to the availability of future Medicare-covered expenses, and any claims arising out of such medical treatments, including any private cause of action I or any other Person may have under 42 U.S.C. 1395y(b)(3)(A); and/or (3) claims arising from or related to the Settlement Program and the decisions of the Claims Administrator, Settlement Administrator, Claims Program, Lien Administrator and other administrators of the Settlement Program (collectively subpart (a) are "<u>Claims</u>"), which any Releasing Party may have ever had, may now have, or at any time hereafter may have, against Defendant or any of the Released Persons; and

    **b.**    any and all debts, liabilities, covenants, promises, contracts, agreements and/or obligations of whatever kind, nature, description or basis, whether fixed, contingent or otherwise, whether presently known or unknown, developed or undeveloped, discovered or undiscovered, foreseen or unforeseen, matured or unmatured, or accrued or not accrued, which are, or may be, in any way connected with the Product User's use of or exposure to any Roundup Products, and/or with any injury, losses, or damages ever claimed, or may at any time in the future claim, to have been caused, in whole or in part, by any such use of or exposure to any Roundup Products or from any medical expenses allegedly incurred because of the Product User's use of or exposure to any Roundup Product; (collectively subpart (b) are "<u>Liabilities</u>"), which Defendant or any Released Person may have ever had, may now have or at any time hereafter may have to me or any other Releasing Party.

The Claims and Liabilities set forth in Paragraph 8 (a) and (b) are the "<u>Released Claims and Liabilities</u>." This Release is irrevocable by me upon my execution as of the date set forth beneath my name and my submission of it to the Claims Administrator and my acceptance and receipt of a Compensation Award.

**9.**    Without in any manner limiting the foregoing, I (and/or any other Releasing Party), pursuant to the applicable law of my state of residence or any other state's law found to be applicable, by signing this Release and accepting any Compensation Award issued, specifically release and give up any and all rights to and claim of pecuniary loss, injury or damage as those terms are defined in the applicable state's wrongful death statute and as interpreted by the courts of the applicable state, which might accrue to me and/or my estate and others by virtue of the death of any Releasing Party, whether such claims are pursued directly or indirectly or by some person or persons in a representative capacity, if such claims arise in any way from or are in any way connected or related to Releasing Party's use of or exposure to any Roundup Product. It is expressly understood and agreed by Releasing Parties and Defendant and the Released Persons that a substantial

reason and consideration of Defendant and the Released Persons in forbearing from any further steps in defending against the Claim and in agreeing to fund the Agreement as set forth in this Release and in the Agreement is the settlement, release and elimination at this time of any and all claims that Releasing Parties or others have now or in the future might have, absent this Release, for the wrongful death of any Releasing Party or Product User in relation to the use of or exposure to any Roundup Product.

10. Releasing Parties further understand and agree that under the present state of the law in my state of residence or in any other state found to be applicable that absent this Release and regardless of the entry of any judgment which might result in litigation by Releasing Parties against Defendant or the Released Persons, certain of Releasing Party's relatives, dependents or others might have claims for the death of Releasing Party against some or all Released Persons; and Releasing Parties further understand and agree that by executing this Release and accepting any Compensation Award issued, Releasing Parties acknowledge that they have received fair, just and adequate consideration for any claims for the wrongful death of Releasing Party which may arise in relation to Releasing Party's use of or exposure to any Roundup Product.  Releasing Parties further understand and agree that by executing this Release and accepting any Compensation Award issued, Releasing Parties, pursuant to the law of their state of residence or any other state's law found to be applicable, have forever remised, released, acquitted, forever discharged and given up any and all Released Claims and Liabilities that Releasing Parties or others might have against Defendant and the Released Persons for any actual or alleged wrongful death of a Releasing Party arising from or alleged to arise from Releasing Party's use of or exposure to any Roundup Products.

11. I acknowledge that I (and/or any other Releasing Party) may in the future learn of additional or different facts as they relate to the Released Claims or Liabilities, the Defendant and/or Released Persons' activities, and/or any injury I (and/or any other Releasing Party) have ever claimed, or may at any time in the future claim, was caused, in whole or in part, by the use of or exposure to any Roundup Product.  I understand and acknowledge the significance and consequences of releasing all of the Released Claims and Liabilities.  To the extent that any law, statute, ordinance, rule, regulation, case, court order, judicial process or other legal provision or authority (each a "Law"), including, but not limited to, the provisions of Section 1542 of the California Civil Code, may at any time purport to preserve my and/or any other Releasing Party's right to hereinafter assert any such unknown and/or unanticipated Claims and/or Liabilities, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) each Releasing Party's rights under such Law, including, without limitation, Section 1542 of the California Civil Code, as amended, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PERSON.**

Exhibit 6                                                                                                           Page 5

12. I, on behalf of myself and other Releasing Parties, also hereby expressly waive and fully, finally and forever settle and release any and all Released Claims and Liabilities that I, and any other Releasing Party, may have against Defendant and/or the Released Persons under § 17200, et seq., of the California Business and Professions Code or by any law of the United States or of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to such provisions.

13. On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of Defendant and each Released Person, and are intended to be construed as broadly as possible so that Defendant and other Released Persons shall never be called upon to pay any further sums or expenses or be liable, directly or indirectly, to any Person seeking contribution and/or indemnity from Defendant or the Released Persons, or any of them, by reason of any legal actions brought against them by me or other Releasing Parties pertaining in any way to, or arising from, or connected with the Released Claims and Liabilities.

14. **WITHOUT LIMITING THE FOREGOING, THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED OR PROVED THAT SOME OR ALL OF THE RELEASED CLAIMS AND LIABILITIES ARE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, STRICT LIABILITY, GROSS NEGLIGENCE, BREACH OF WARRANTY, VIOLATION OF LAW, DEFECTIVE PRODUCT, CONSCIOUS DISREGARD, FRAUD, OPPRESSION, MISREPRESENTATION, MALICE, AND/OR CONDUCT OF ANY TYPE (INCLUDING, BUT NOT LIMITED TO, WILLFUL, WANTON, OR INTENTIONAL CONDUCT) BY ONE OR MORE RELEASED PERSON AND/OR ANY OTHER PERSON. THIS RELEASE IS SPECIFICALLY INTENDED TO AND DOES INCLUDE, BUT IS NOT LIMITED TO, A RELEASE OF, AND COVENANT NOT TO SUE FOR, DAMAGES OF ANY KIND, OR FOR A WRONGFUL DEATH CLAIM THAT MAY BE BROUGHT AT ANY TIME BY OR ON BEHALF OF ANY OF THE RELEASING PARTIES, THEIR ESTATES, HEIRS OR BENEFICIARIES IN CONNECTION WITH ANY OF THE FACTS, EVENTS AND/OR INCIDENTS, THAT GAVE RISE TO OR ARE IN ANY WAY CONNECTED WITH ANY OF THE RELEASED CLAIMS AND LIABILITIES.**

## Attorneys' Fees; Division of Any Compensation Award Payment

15. I understand that Defendant and the Released Persons are not responsible for any attorneys' fees, costs (including, but not limited to, court costs), ad litem fees, common benefit fees, costs or assessments, or fees and expenses that I or my Counsel have incurred or may at any time incur, including, but not limited to, in connection with the entering into of this Release and having any pending lawsuit dismissed, other than administrative costs as outlined in the Agreement. I understand that, with respect to any Compensation Award that may be made to me under the Settlement Program, any division of such Compensation Award between me, any current spouse or other person executing this Release, and our respective Counsel (if any) shall be determined by me and such other Person(s), and such division, or any dispute in relation to such division, shall in no way affect the validity of this Release or any stipulation of dismissal with prejudice provided to dismiss my pending lawsuit. Releasing Party represents and

Exhibit 6   Page 6

warrants that any legal expenses, bills, costs or contingency fee agreements resulting or arising out of representation of Releasing Party by any attorney in relation to Releasing Party's alleged exposure to Roundup Products, other than those for the services of Class Counsel or the Legal Services Program, are Releasing Party's responsibility to pay, and that any Liens based on any legal expenses, bills, costs or contingency fee agreements incurred as a result of Releasing Party's alleged exposure to or use of Roundup Products will be satisfied solely by Releasing Party except as set forth in the Agreement and approved by the Court.  Releasing Party will indemnify, repay and hold Defendant and the Released Persons harmless from any such claims.

**Covenant Not To Pursue Certain Claims**

16. I hereby agree and covenant that I will never:  (i) take any legal, or other action to initiate, pursue or maintain, or otherwise attempt to execute upon, collect or otherwise enforce, any of the Released Claims and Liabilities of or against Defendant or any Released Person, (ii) institute any new legal action against any Defendant or any Released Person relating to any injury I (and/or any other Releasing Party) have ever claimed, could have claimed or may at any time hereafter claim, were caused in whole or in part by the use of or exposure to any Roundup Product, whether that use or exposure has occurred in the past or occurs in the future, and/or (iii) attempt to execute or collect on, or otherwise enforce, any judgment that may be entered against Defendant or any Released Person in any legal action described in clause (ii) or maintain my pending legal action against Defendant or other Released Persons relating to alleged injuries from exposure to or use of Roundup Products after accepting and receiving any Compensation Award issued.  I further agree and covenant that I will not take any legal or other action to initiate, pursue or maintain a claim against the Released Persons, Claims Administrator, Settlement Administrator, Claims Program, Lien Administrator, nor any employee, agent or representative of any of them, in connection with the Settlement Program, except, with respect to each such Person's own willful misconduct.

**Dismissal of Pending Action**

17. It is further agreed and understood that, to the extent applicable, the pending Claim or cause of action brought by me or on my behalf shall be concluded by entry of a stipulation of dismissal with prejudice with my consent and the consent of all Releasing Parties in accordance with the terms of the Agreement and upon accepting and receiving a Compensation Award.

**Liens**

18. I understand and acknowledge that all Liens against my Compensation Award or the costs and expenses incurred in resolving any such Liens against my Compensation Award are the **sole** responsibility of the Persons executing this Release and not Defendant or any other Released Person.

19. I represent and warrant that all bills or costs, or Liens obligations resulting from or arising out of or relating in any way to my alleged exposure to or use of Roundup Products and

Exhibit 6                                                                                                                    Page 7

diagnosis of non-Hodgkin's Lymphoma that are not satisfied or resolved by the Lien Administrator have been or will be paid, resolved or otherwise satisfied by me or my Counsel on my behalf, including any Liens or claims based on any hospital or medical expenses incurred by a Government Payor or any other Person including providers and insurers, as a result of my alleged injuries, prior to the distribution of any of the settlement proceeds to me or any other individual or entity acting on my behalf. Nothing herein shall be construed to restrict my Counsel's right to use portions of my Compensation Award to extinguish or resolve any such Liens arising from or relating to my Compensation Award. Furthermore, I agree that, upon request, I or my Counsel shall provide, or shall cause the Claims Administrator or Lien Administrator to provide, to Defendant confirmation of the satisfaction and discharge of any or all such Liens for which I am responsible for their resolution.

20. I expressly agree and undertake to release, protect, indemnify, and hold harmless Defendant and the Released Persons from all damages, costs and expenses incurred on account of any Claims, Liens, demands, rights, or causes of action by any Governmental Payor, individual or entity, including but not limited to any financial institution, medical provider, doctor, hospital, chiropractor, health insurer, worker's compensation insurer, other insurers, HMO, Medicare, Medicare Advantage, Medicaid, Governmental Authority Third-Party Payor/Providers, Other Insurer, any other government program or any other government entity, federal or state or local, or any other third party, claiming or asserting:

   a. a right on behalf of or through me or other person who is a Settlement Class Member as defined in the Agreement as against the Defendant or Released Persons arising from or relating to the Released Claims;

   b. a Lien upon, subrogated interest in, or right or entitlement to the proceeds of my Compensation Award from this settlement, in whole or in part, for any reason, including the provision of medical and/or hospital care and/or the payment of medical and/or hospital expenses by any third-party provider/payor;

   c. a right to reimbursement or subrogation for any reason arising out of the consideration payable under the Settlement Agreement or this Release;

   d. a right to recovery by, or reimbursement related to Medicare Parts A & B, Medicare Part C, and/or Medicare Part D, for conditional payments made or to be made with respect to covered items and services (or any portion thereof), pursuant to 42 U.S.C. § 1395y(b), and corresponding regulations, including but not limited to 42 CFR § 411.22, 411.24, 422.108, and 423.462, including any amendments thereto or interpretations thereof that may be placed upon such statutes and regulations by any state or federal court (sometimes commonly known as the "Medicare Secondary Payer" laws and program);

   e. a right against the Defendant or Released Persons due to the fact that I am, if in fact I am or become, a party to bankruptcy proceedings at such time as to affect the rights of Defendant or Released Persons under the Agreement or this Release; or

Exhibit 6                                                                                                          Page 8

      **f.**    a right by operation of contract, law or equity, for medical expenses, disability benefits or any other charge or expense, directly, indirectly by way of assignment, or by subrogation, relating to the incidents that form the basis of this Release.

**21.**    The indemnification and hold harmless provisions in this Section specifically include the payment of all reasonable costs and expenses of investigation, defense, settlement, attorneys' fees, judgments, court costs and any and all other costs and expenses of defending any such claim. It is the express intent of the Parties that the indemnities provided in this Section be construed as broadly as possible to encompass every conceivable Lien.

**22.**    I understand and agree that the settlement of my Claims against Defendant and Released Persons could impact my right to future Medicare benefits, including the denial by Medicare of claims for future benefits related to the injury claims being released in this Release. It is further understood and agreed that I hereby waive any right to assert in the future any claims I may have relating to the matters referenced in this paragraph, known and unknown, including any private cause of action I may have under 42 U.S.C. § 1395y(b)(3)(A) against any of the Released Persons, even though if such claims were known, such knowledge would materially affect the terms of this Release.

**23.**    I agree that I and/or my Counsel on my behalf shall take all necessary steps to provide and permit the release of confidential information and otherwise cooperate with and facilitate the satisfaction by or on behalf of Defendant of any reporting obligations under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), the release from any MMSEA reporting obligations, or the reporting requirements of any other Governmental Authority. I acknowledge and agree that the confidentiality of this Release or my application for a Compensation Award does not bar Defendant from reporting information required to be disclosed under Section 111 of the MMSEA or applicable regulations.

**24.**    I expressly warrant and represent that this Section is a material provision of this Release and the Agreement. If it is determined that I have provided false or misleading information with respect to any payments made by Medicare or other Governmental Payor for medical treatment, I shall forfeit to Defendant the settlement funds in the amount of any unpaid Liens and fines, penalties, attorneys' fees, or other costs and expenses assessed by Medicare (or its agent) or the U.S. federal government (or its agent) under 42 U.S.C. § 1395y, if any. I agree that any forfeited funds may be applied towards payment of any of my outstanding liens.

**Nature of Settlement Award Payments**

**25.**    I also hereby state and acknowledge, as set forth in the Agreement and agreed to by Defendant and the Released Persons, that all Compensation Awards paid pursuant to the Settlement Program constitute damages on account of personal injuries or physical injuries or physical sickness within the meaning of Section 104 of the Internal Revenue Code of 1986, as amended, arising from the physical injuries alleged to have resulted from the use of or exposure to any Roundup Product, and no portion of the proceeds paid

under the Settlement Program represents punitive or exemplary damages, nor prejudgment or post-judgment interest, nor damages arising from non-physical injuries. I hereby waive and dismiss with prejudice any and all present claims for punitive or exemplary damages and waive any and all future claims for punitive or exemplary damages. No warranty or representation of the tax consequences, if any, is made by Defendant or the Released Persons.

**Indemnification for Released Claims and Liabilities; Contribution and Indemnity Claims Extinguished**

**26.** I hereby agree, jointly and severally with any other Persons executing this Release, to INDEMNIFY and HOLD HARMLESS Defendant and each Released Person from and against the following: (i) any and all Claims that may be asserted, made or maintained at any time by, on behalf of, or for the benefit of, any Releasing Party, or someone claiming by, through or under any Releasing Party, against Defendant or any Released Person, with respect to any of the aforementioned Released Claims and Liabilities; (ii) any and all damages, losses, costs (including, but not limited to, court costs), expenses (including, but not limited to, legal fees and expenses) and/or Liabilities incurred or suffered by, or imposed on, Defendant or any Released Person in connection with, arising out of or resulting from any Claim described in clause (i) of this sentence (including, but not limited to, any amount paid or to be paid in satisfaction of any such Claim) and/or, without limitation of the foregoing, any breach by me, my representatives or Counsel (or any Person executing this Release) of any of the terms of this Release; (iii) any and all Claims made or asserted (prior to, on or after the date of this Release) arising by virtue of any common law and/or statutory claim for wrongful death in any way, arising out of, relating to, resulting from, in whole or in part, by the use of or exposure to any Roundup Product brought by, or on behalf of, any heir, beneficiary, next-of-kin, or estate of Releasing Party; and (iv) any and all Claims made or asserted (prior to, on or after the date of this Release), including claims for contribution and/or indemnity, by any other Person against Defendant or any Released Person in any way, arising out of, relating to, resulting from, in whole or in part, by the use of or exposure to any Roundup Product by me or my Product User. Further, to the extent necessary under law to give effect to this paragraph and/or to extinguish claims for contribution and/or indemnity against Defendant and any Released Person for the Released Claims and Liabilities, or to satisfy such indemnity obligation that arises due to a contribution or indemnity claim by a third party, I further agree, jointly and severally with any Person executing this Release: (1) to reduce any judgment Releasing Parties might recover against any Persons other than a Released Person by release and discharge in an amount, fraction, portion, or percentage necessary under applicable state or federal law to bar, eliminate, or satisfy claims against Defendant or the Released Persons for contribution and/or indemnity to the fullest extent permitted by applicable state or federal law arising from any Claims or Liabilities hereby released, including any amount re-allocated by applicable state or federal statute or common law to Defendant or the Released Persons resulting from uncollectability and/or insolvency of other Persons determined to be at fault, as well as (2) to indemnify and hold harmless Defendant and any Released Persons in accordance with this Paragraph 26 as may still be necessary after having performed clause (1) above of this Paragraph 26.

Exhibit 6                                                                                                Page 10

Releasing Parties shall execute any additional documentation that may be required under applicable state or federal law in order to give effect to this provision.

    **a.**    The indemnification set forth in this Section specifically includes, but is not limited to, the payment of all reasonable costs and expenses of investigation, defense, settlement, attorneys' fees, judgments, court costs and all other costs and expenses of defending any such claims.  This indemnity is specifically intended to operate and be applicable even if it is alleged or proved that all or some of the damages being sought were caused as a whole or in part by any act, omission, negligence, gross negligence, breach of contract, intentional conduct, violation of statute or common law, breach of warranty, product defect, strict liability or any other conduct whatsoever of Defendant or the Released Persons.

    **b.**    If, despite the provisions of this paragraph, Defendant or any Released Persons incur any payment or judgment due to any claim, including a claim for contribution or indemnity arising out of a claim brought by a Releasing Party against another person, the Releasing Party shall indemnify, repay and hold harmless Defendant and the Released Person for such amount or shall not attempt to execute or to collect any judgment or any portion of any judgment obtained against one or more of the non-Released Persons to the extent or in a manner that the execution or collection of the judgment or any portion thereof would create in the judgment debtor any right to recover from Defendant or any of the Released Persons any sums based on claims for contribution, indemnity, and/or subrogation.

**Non-Disparagement**

**27.**    I will not directly or indirectly make any negative or disparaging statements against Defendant or the Released Persons maligning, ridiculing, defaming, or otherwise speaking ill of them, their products or their business affairs, practices, policies, standards, or reputation, provided that nothing in the Agreement or this Release shall be deemed to interfere with (a) any Party's communications with family members and Counsel or (b) any Party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies.

**Acknowledgement of Comprehension**

**28.**    IN CONSIDERATION FOR THE RELEASES, UNDERSTANDINGS, WARRANTIES, AND REPRESENTATIONS MADE BY THE RELEASING PARTY IN THIS RELEASE AND AFTER EXECUTION AND DELIVERY OF THIS RELEASE BY THE RELEASING PARTY AND RECEIPT OF ANY REQUIRED COURT APPROVALS, MONSANTO COMPANY SHALL PAY THE COMPENSATION AWARD, AS DEFINED BELOW, AND OTHER GOOD AND VALUABLE CONSIDERATION TO THE RELEASING PARTY, WITH THE FUNDS TO BE DISBURSED BY THE CLAIMS ADMINISTRATOR FROM THE SETTLEMENT FUND, PURSUANT TO THE TERMS OF THE AGREEMENT, INCLUDING, BUT NOT LIMITED TO, THE RELEASING PARTY'S ELIGIBILITY TO RECEIVE THE COMPENSATION AWARD, AFTER EXECUTION OF THIS RELEASE.  THE PAYMENT OF THE COMPENSATION AWARD IS FOR SETTLEMENT OF THE

Exhibit 6      Page 11

>    **RELEASED CLAIMS AND INCLUDES, BUT IS NOT LIMITED TO, ANY COURT COSTS, EXPENSES, ATTORNEYS' FEES AND COMMON BENEFIT ASSESSMENTS, INCURRED BY THE RELEASING PARTY.  THE EXECUTION AND RETURN OF THIS RELEASE IS A CONDITION PRECEDENT TO THE PAYMENT OF THE COMPENSATION AWARD TO THE SETTLEMENT CLASS MEMBER.**

29. **I AM ENTERING INTO THIS RELEASE FREELY AND VOLUNTARILY, WITHOUT BEING INDUCED, PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING ON ANY REPRESENTATION OR OTHER STATEMENT MADE BY OR ON BEHALF OF, DEFENDANT OR ANY OTHER PERSON.  I UNDERSTAND THE TERMS OF THE AGREEMENT AND HOW THE CLAIMS PROGRAM, CLAIMS ADMINISTRATOR AND/OR SETTLEMENT ADMINISTRATOR, DETERMINED THE AMOUNT OF MY AWARD, ACKNOWLEDGE AND ACCEPT THE NATURE, VALUE AND SUFFICIENCY OF THE CONSIDERATION DESCRIBED IN THIS RELEASE, INCLUDING THE AMOUNT OF A MONETARY AWARD FROM THE SETTLEMENT PROGRAM PURSUANT TO THE AGREEMENT.  I ACKNOWLEDGE THAT I HAVE BEEN PROVIDED THE OPPORTUNITY TO REVIEW THE AGREEMENT AND HAVE READ THIS RELEASE, AND I HAVE HAD AN OPPORTUNITY TO OBTAIN ADVICE FROM, AND ASK QUESTIONS OF, COUNSEL OF MY CHOOSING REGARDING THE TERMS AND LEGAL EFFECT OF THE AGREEMENT AND THIS RELEASE AND MY DECISION TO PARTICIPATE IN THE SETTLEMENT PROGRAM FUNDED PURSUANT TO THE AGREEMENT.**

30. **FURTHER, I ACKNOWLEDGE THAT I HAVE BEEN INFORMED OF ALL THESE MATTERS, AND THAT I HAVE HAD THE OPPORTUNITY TO BE ASSISTED BY COUNSEL, EITHER THROUGH CLASS COUNSEL, THE LEGAL SERVICES PROGRAM IF IT IS IN PLACE AT THE TIME OF THIS RELEASE, OR PRIVATE COUNSEL THAT I MAY RETAIN AT MY OWN EXPENSE.  I FURTHER ACKNOWLEDGE THAT I UNDERSTAND THIS RELEASE AND THE AGREEMENT AND I FURTHER UNDERSTAND THAT ANY AMOUNTS PAID TO ME WILL BE PAID SUBJECT TO LIENS AND THE PROVISIONS OF THE AGREEMENT AND THIS RELEASE.**

31. **I ALSO ACKNOWLEDGE THAT THE SETTLEMENT PROGRAM AND THE AGREEMENT ARE TO RESOLVE THE CLAIMS OF NUMEROUS CLAIMANTS AND THAT THE AWARD TO ME MAY BE FOR A SUM DIFFERENT THAN AWARDS TO OTHER CLAIMANTS BASED ON THE TERMS OF THE AGREEMENT AND I ACCEPT AND AGREE TO THOSE TERMS.**

## Waiver of Certain Provisions Regarding Timing of Any Payments

32. If I have any civil action pending in any jurisdiction that has enacted, promulgated or otherwise adopted any law containing provisions that establish specific time periods within which funds, if any, must be paid to me in connection with the release of such civil action (including, but not limited to, Pennsylvania Rule of Civil Procedure 229.1), I hereby (i) specifically and expressly waive (to the fullest extent permitted by applicable law) my rights under any such provisions and (ii) agree that any decision about any Compensation Award and the payment of any Compensation Award shall be made solely in accordance with the terms and conditions of the Settlement Program set forth in the Agreement, including the criteria and allocation established by the Claims Administrator, Settlement Administrator, or Claims Program.

Exhibit 6   Page 12

**Informed Consent and Submission to Authority of Settlement Program**

33. I understand that I have the right to make an informed decision regarding participation in the Settlement Program. I further understand that the Settlement Program provides a means outside of the control of Defendant to make Compensation Awards based on objective criteria, including categories subject to specified reductions which have been outlined to me, and which will be applied to my Claim if applicable and based on the facts of my Claim.

**No Admission of Fault**

34. I understand and agree that Defendant has entered into the Agreement solely by way of compromise and resolution. The Agreement, and this Release, are not, and shall not be construed at any time to be, an admission of liability, responsibility or fault of or by Defendant or any other Released Person.

**Representations and Warranties**

35. I hereby represent and warrant that: I have full power, authority and capacity to enter into this Release, which is enforceable in accordance with its terms. Except with respect to Liens, I have the sole right to receive any and all Compensation Awards with respect to my Claim under the Settlement Program. Neither I nor any other Releasing Party has sold, assigned, transferred or otherwise disposed of, or pledged or otherwise encumbered, any of the Released Claims and Liabilities in whole or in part. If I am signing as a Legal Representative of a Product User, I will attach to the signed Release valid proof of authority to enter into the Release.

36. I and any Person executing this Release further specifically warrant and represent that to the extent any bankruptcy action is pending, I and other Releasing Parties will take all necessary actions to notify the Bankruptcy Court of this settlement and will fulfill all obligations to said Bankruptcy Court. I further agree, jointly and severally with any Person executing this Release, to indemnify, defend, and hold harmless, up to the amount of the Compensation Award issued to me, Defendant and the Released Persons from any loss, claim, expense, demand, or cause of action of any kind or character, including costs and attorneys' fees that result from the failure, if any, of any or all Releasing Parties to fulfill their obligations to said Bankruptcy Court. Upon request, Releasing Parties further agree that we will provide written confirmation that we fulfilled said Bankruptcy Court obligations. I and any Person executing this Release acknowledge that Defendant entered into the Agreement in reliance upon the representations and warranties made in this Release.

**Governing Law**

37. THIS RELEASE, INCLUDING ITS CONSTRUCTION AND INTERPRETATION, SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAW OF THE STATE OF MISSOURI, WITHOUT REGARD TO ANY CHOICE-OF-LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANOTHER JURISDICTION.

Exhibit 6                                                                                                          Page 13

**Forum Selection**

**38.**     If any Party to this Release should institute any action at law or in equity to enforce the terms of this Release, then venue for any such action shall be exclusively in the United States District Court for the Northern District of California and shall be filed as part of *In re: Roundup Products Liability Litig.*, MDL No. 2741.

**Severability**

**39.**     I agree that if any provision of this Release is adjudicated to be invalid, illegal or unenforceable in any jurisdiction, the relevant provision shall be deemed modified to the extent necessary to make it enforceable in such jurisdiction and, if it cannot be so modified, this Release shall be deemed amended to delete herefrom the invalid or unenforceable provision, and this Release shall be in full force and effect as so modified. Any such modification or amendment shall apply only to the operation of this Release in the particular jurisdiction in which such adjudication was made and shall not affect such provision in any other jurisdiction.  To the fullest extent permitted by applicable law, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive any provision of law that renders any provision of this Release invalid, illegal or unenforceable in any respect.

**Legal Representatives and Spouses**

**40.**     If I am signing this Release as a legal representative of a Person or an estate of such Person who was injured or suffered death allegedly caused by the use of or exposure to any Roundup Product ("allegedly injured person or alleged decedent"), then (i) all references in this Release to my injury from the use of or exposure to any Roundup Product shall mean the injury from the use of or exposure to any Roundup Product of such allegedly injured person or decedent, all references in this Release to any person claiming by, through or under, or in relation to me shall also mean any person claiming by, through or under, or in relation to such allegedly injured person or decedent, (ii) if such allegedly injured person or alleged decedent is not deceased, he or she shall also be a Releasing Party, (iii) if such allegedly injured person or decedent is deceased, I am executing this Release both individually and on behalf of the estate of such allegedly injured person or decedent, for the injuries claimed on behalf of the decedent, and (iv) prior to the submission of this Release to Defendant, I have or will obtain judicial approval of this Release at my own expense, to the extent required under applicable Law.

**41.**     Notwithstanding anything to the contrary herein, it is expressly agreed that any claim or cause of action which my spouse executing this Release may have for any loss, injuries or damages which s/he may suffer solely as a result of his/her actual personal exposure to Roundup Products is reserved and unaffected by this Release.  The execution of this Release by my spouse, individually, is only as to her derivative claims because of his/her relationship to me.

Exhibit 6                                                                                                                                    Page 14

**Other Terms and Conditions**

42. <u>Use of Release</u>: No portion of this Release shall be deemed or construed as an admission on the part of any Defendant.

43. <u>Construction of Release</u>: The terms of this Release have been negotiated by Counsel for Defendant and Class Counsel and the language of the Release shall not be construed in favor of or against anyone based on which party drafted the document. The headings used herein are for reference only and shall not affect the construction of this Release.

44. <u>Entire Agreement</u>: This Release constitutes the entire agreement between Releasing Party and Defendant and the Released Persons with respect to the subject matter of this Release, and there are no other written or oral agreements, understandings or arrangements except as set forth herein. The terms of this Release may not be modified or waived except in writing signed by the parties hereto.

**Definitions**

45. "<u>Claims</u>" has the meaning set forth in Paragraph 8 of this Release.

46. "<u>Counsel</u>" means, with respect to any particular Person, a lawyer representing a claimant either as a Class Counsel, or as a designated lawyer under the Legal Services Program established in the Settlement Agreement, or a lawyer privately retained by an individual claimant.

47. "<u>Compensation Award</u>" means any payment resulting from a Compensation Award or other consideration or remuneration under the Agreement, which payment is subject to Liens, the attorneys' fees and costs provision in a retention agreement with Counsel, other common benefit attorney fees and costs assessed by a court, and/or administrative expenses.

48. "<u>Governmental Authority</u>" means any government or political subdivision, department, commission, board, bureau, agency, or other governmental authority, whether United States federal, state, District of Columbia, city, county, municipal, territorial, or otherwise domestic, or foreign, or supranational, or any instrumentality whether domestic, foreign, or supranational.

49. "<u>Governmental Payor</u>" means (a) any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs, including, but not limited to, the Medicare Program, the Medicaid Program, Tricare, the Department of Veterans Affairs, and the Indian Health Service and (b) any entity paid by such a plan, program, or entity to provide benefits under contract on a prepaid or capitated basis.

50. "<u>Liabilities</u>" has the meaning set forth in Paragraph 8 of this Release.

51. "<u>Lien</u>" means any statutory lien of a Governmental Payor or any mortgage, lien, pledge, charge, security interest, hypothecation, assignment, encumbrance, subrogation right,

Exhibit 6                                                                                                                          Page 15

      reimbursement claim, right of indemnity, right to payment, third-party interest or adverse claim, of any nature whatsoever, in each case whether statutory or otherwise, held or asserted by any Person.

52. "Other Insurer" means any Person other than a Governmental Payor, a provider, a patient, or a relative or guardian of a patient that is obligated, under contract, agreement or otherwise, to pay health care costs of a Settlement Class Member, including, without limitation, a self-insured plan operated by an employer or a corporate or association health insurer or liability insurer.

53. "Person" means a natural person, partnership (whether general or limited), limited liability company, trust, estate, association (including any group, organization, co-tenancy, plan, board, council or committee), corporation, Governmental Authority, custodian, nominee or any other individual or entity (or series thereof) in its own or any representative capacity, in each case, whether domestic or foreign.

54. "Personal Signature" or "Signature" means the handwritten or electronic signature by the person whose signature is required on the document. Unless otherwise specified in this Settlement Agreement, a Personal Signature on a document may be submitted by: (a) an actual original handwritten "wet ink" signature on hard copy; or (b) a PDF or other electronic image of an actual handwritten "wet ink" signature on a hard document; or (c) an electronic signature authorized, signed and submitted by the person whose signature is required and administered by DocuSign or a similar approved vendor.

55. "Product User" means, in relation to any particular Releasing Party, the natural person (including the deceased natural person) who is the Settlement Class Member who receives a Compensation Award who allegedly was exposed to Roundup.

56. "Released Claims and Liabilities" has the meaning provided in Paragraph 8 of this Release.

57. "Released Person" or "Released Persons" has the meaning provided in Paragraph 6 of this Release.

58. "Releasing Party" or "Releasing Parties" has the meaning provided in Paragraph 7 of this Release.

59. "Settlement Program" means the program for payment of Accelerated Payment Awards and the Claims Program.

**Miscellaneous**

60. Where the context so requires, terms used in the singular in this Release shall be deemed to include the plural and *vice-versa*.

61. This Release may be executed in counterparts, each of which shall be an original and all of which shall together constitute one and the same instrument.

Exhibit 6                                                                                                                                  Page 16

**Certification of Medicare Status**

**62.**   Have you ever been enrolled in Medicare, now or in the past?   [**Check one**]

   Yes: _____          No: ____

**IN WITNESS WHEREOF**, I have executed this Release effective as of the date set forth under my name below:

| SIGNATURE BY PRODUCT USER / RELEASING PARTY‡ | |
|---|---|
| **Signature of Releasing Party:** | |
| **Printed Name:** | |
| **Social Security No.:** | |
| **Date of Birth:** | |
| **Date of Signature:** | ____/____/_____ <br> (month) (day) (year) |

---

‡   INSTRUCTION: The Release must be executed with the Personal Signature of the Releasing Party. If executed on behalf of a Releasing Party by a legal representative (e.g., legal guardian), evidence of such authority must be attached and submitted with the Release executed with the Personal Signature of the legal representative.

Exhibit 6                                                                                           Page 17