**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

# U.S. District Court
## District of South Dakota (Southern Division)
## CIVIL DOCKET FOR CASE #: 4:21-cv-04152-KES

Dr. William Horner v. Bayer AG et al
Assigned to: U.S. District Judge Karen E. Schreier
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/01/2021
Jury Demand: Plaintiff
Nature of Suit: 365 Torts: Personal Injury - Product Liability
Jurisdiction: Diversity

**Plaintiff**

**Dr. William Horner**  represented by  **Derek A. Nelsen**
Fuller, Williamson, Nelsen & Preheim, LLP
7521 S. Louise Ave.
Sioux Falls, SD 57108
(605) 333-0003
Fax: (605) 333-0007
Email: dnelsen@fullerandwilliamson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric T. Preheim**
Fuller, Williamson, Nelsen & Preheim, LLP
7521 S. Louise Ave.
Sioux Falls, SD 57108
(605) 333-0003
Fax: (605) 333-0007
Email: epreheim@fullerandwilliamson.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bayer AG**

**Defendant**

**Bayer Cropscience Holding Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2021 | 1 | **COMPLAINT with Jury Demand, $402.00 fee paid, receipt# ASDDC-3621189, in shell case on 09/01/2021 filed by Dr. William Horner on 09/01/2021. (VMM) (Entered: 09/02/2021)** |
| 09/10/2021 | 2 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 3 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 4 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 5 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 6 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 7 | REQUEST FOR ISSUANCE OF SUMMONS(ES) by Dr. William Horner. (Nelsen, Derek) (Entered: 09/10/2021) |
| 09/10/2021 | 8 | Summons Issued as to All Defendants. Six Summons(es), a Rule 73 Memo, a copy of Fed.R.Civ.P.4, and AO 85s for each party delivered to plaintiff's counsel via electronic delivery. (Attachments: # 1 Bayer Cropscience Holding - Pierre, # 2 Bayer AG- Tallahassee, # 3 Bayer AG - Germany, # 4 Bayer AG - Whippany, # 5 Bayer AG- Pittsburg, # 6 Bayer AG- Pierre, # 7 AO 85)(VMM) (Entered: 09/10/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/16/2021 11:10:44 | | | |
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.356965 |
| **Description:** | Docket Report | **Search Criteria:** | 4:21-cv-04152-KES |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |



# Notice of Service of Process

null / ALL
Transmittal Number: 23765581
Date Processed: 09/14/2021

| | |
|---|---|
| **Primary Contact:** | Jane Pullen<br>Bayer CropScience LP<br>5000 Centre Green Way<br>Suite 400, Building III, 4th Floor (D-11)<br>Cary, NC 27513-5817 |
| **Electronic copy provided to:** | Romaine Fulton<br>Christine Letts<br>Lisa Roman |
| **Entity:** | Bayer CropScience Holding Inc.<br>Entity ID Number  2268113 |
| **Entity Served:** | Bayer CropScience Holding Inc. |
| **Title of Action:** | Dr. William Horner vs. Bayer AG |
| **Matter Name/ID:** | Dr. William Horner vs. Bayer AG (11559115) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | U.S. District Court, SD |
| **Case/Reference No:** | 4:21-cv-04152-KES |
| **Jurisdiction Served:** | South Dakota |
| **Date Served on CSC:** | 09/13/2021 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Derek A. Nelsen<br>605-333-0003 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

| | |
|---|---|
| DR. WILLIAM HORNER<br><br>*Plaintiff(s)*<br>v.<br><br>BAYER AG<br>and<br>BAYER CROPSCIENCE HOLDING INC.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 4:21-cv-004152-KES<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* BAYER CROPSCIENCE HOLDING INC.
c/o Corporation Service Company, Registered Agent
503 South Pierre Street
Pierre, SD 57501-4522

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Derek Nelsen and Eric Preheim
FULLER, WILLIAMSON, NELSEN & PREHEIM, LLP
7521 South Louise Avenue, Sioux Falls, SD 57108
(605) 333-0003
dnelsen@fullerandwilliamson.com
epreheim@fullerandwilliamson.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   09/10/2021   _____
Signature of Clerk or Deputy Clerk

# United States District Court
## District of South Dakota
United States Courthouse
Office of the Clerk
400 South Phillips, Room 128
Sioux Falls, SD 57104

Matthew W. Thelen                                                                                           Telephone
Clerk of Court                                                                                              (605) 330-6600

## MEMORANDUM

TO:        Plaintiffs, Removing Parties and/or their Counsel

FROM:      Matt Thelen, Clerk of Court

RE:        Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

Rule 73 of the Federal Rules of Civil Procedure requires that all parties be notified of the opportunity to consent to have a magistrate judge conduct all proceedings in civil cases. The Clerk's office has prepared an AO 85 form for each party in this case. **Parties should not electronically file this form.**

If you filed the Complaint or Petition in this case:

a. You were given an AO 85 form by the Clerk's Office.
b. You were also given an AO 85 form for any other plaintiffs in this case. YOU must deliver an AO 85 form to *all other plaintiffs* in this case.
c. The Clerk's Office attached an AO 85 to each of the summonses it issued in this case if summonses were requested. An AO 85 form must be delivered to each defendant in this case. If the United States or its agencies, corporations, officers or employees are being sued, you must comply with Fed. R. Civ. P. 4(i).

If you filed a Notice of Removal in this case:

a. You were given an AO 85 form by the Clerk's Office.
b. You were also given an AO 85 form for each of the other parties in this case. It is your responsibility to deliver an AO 85 form to each of the other parties in this case.

If you filed a Waiver of Summons in this case:

a. You were given an AO 85 form by the Clerk's Office.
b. You were also given an AO 85 form for each of the other parties in this case. It is your responsibility to deliver an AO 85 form to each of the other parties in this case.

Revised 1-3-18

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

| | | |
|---|---|---|
| DR. WILLIAM HORNER<br>*Plaintiff*<br>v.<br>BAYER AG et al<br>*Defendant* | )<br>)<br>)<br>)<br>) | Civil Action No. 21-4152 |

### NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

*Parties' printed names*            *Signatures of parties or attorneys*            *Dates*

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date:

*District Judge's signature*

*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

**Do Not Electronically File**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DR. WILLIAM HORNER,<br><br>Plaintiff,<br><br>v.<br><br>BAYER AG and BAYER CROPSCIENCE HOLDING INC.,<br><br>Defendants. | 4:21-cv-_4152_<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Dr. William Horner, through his counsel, for his Complaint and Demand for Jury Trial against Defendants Bayer AG and Bayer CropScience Holding Inc., states:

## Opening Statement

Dr. Horner was a 30-year user of Roundup, an herbicide containing glyphosate. In January 2021, Dr. William Horner was diagnosed with diffused large B-cell non-Hodgkin lymphoma, subtype S. This case is about compensating Dr. Horner for that disease and received medical treatment as a result of the manufacturing, distributing, marketing, and selling of a product that was known to probably be cancerous, to countless Americans, including Dr. Horner.

## Parties

1. Plaintiff Dr. William Horner is, and at all relevant times was, a resident of Brandon, Minnehaha County, South Dakota.

2. Defendant Bayer AG ("Bayer AG") is a German corporation and purchaser of Monsanto Company, Inc. ("Monsanto"), including its liabilities related to Roundup.

3. Defendant Bayer CropScience Holding Inc. ("Bayer Crop"), a wholly owned subsidiary of Bayer AG, is a Delaware Corporation with its principal place business in Saint Louis,

4:21-cv-_____
Complaint and Demand for Jury Trial

Missouri, that, based upon information and belief, manufactured, labeled, marketed, and distributed Roundup following Bayer AG's purchase of Monsanto.

### Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.

5. The damages at issue exceed $75,000.

6. This Court is the proper venue under 28 U.S.C. § 1391(b)(2).

### Background and Facts

7. In 1970, Monsanto discovered the herbicidal properties of glyphosate and began marketing it in products in 1974 under the brand name Roundup.

8. Roundup is a non-selective herbicide used to kill weeds.

9. Monsanto was the world's leading producer of glyphosate.

10. Monsanto's glyphosate products were registered in 130 countries and approved for use on over 100 different crops. Numerous studies establish that glyphosate is found in rivers, streams, and groundwater in agricultural areas where Roundup is used. It has been found in food, in the urine of agricultural workers, and even in the urine of people who are not in direct contact with glyphosate.

11. On July 29, 2015, the International Agency for Research on Cancer ("IARC"), a World Health Organization ("WHO"), issued a formal monograph that classified glyphosate as a Group 2A herbicide, which means that it is probably carcinogenic to humans. The cancers most associated with glyphosate exposure are non-Hodgkin lymphoma and other hematopoietic cancers.

12. The IARC's conclusions confirmed that glyphosate is toxic to humans.

2

4:21-cv-_____
Complaint and Demand for Jury Trial

13. Glyphosate is toxic to humans.

14. Glyphosate is carcinogenic to humans.

15. Glyphosate causes non-Hodgkin lymphoma and other hematopoietic cancers.

16. Bayer Ag purchased Monsanto, and any and all of the rights associated with the manufacturing, distributing, and marketing of Roundup, after the July 29, 2015 IARC's formal monograph that classified glyphosate as a Group 2A herbicide (probably carcinogenic to humans).

17. Bayer Crop is a wholly owned subsidiary of Bayer Ag and oversees the manufacturing, labeling, marketing, and distribution of Roundup.

18. Bayer Ag and Bayer Crop knew about the July 29, 2015 IARC's formal monograph that classified glyphosate as a Group 2A herbicide (probably carcinogenic to humans).

19. Bayer Ag and Bayer Crop knew, or should have known, that Roundup was toxic to humans before Monsanto was purchased.

20. Bayer Ag and Bayer Crop knew, or should have known, that Roundup was carcinogenic to humans before Monsanto was purchased.

21. Bayer Ag and Bayer Crop knew, or should have known, that Roundup causes non-Hodgkin lymphoma and other hematopoietic cancers before Monsanto was purchased.

22. Monsanto, Bayer Ag, and Bayer Crop represented Roundup as safe to humans and the environment, including, but not limited to, proclaiming to the world, and, particularly, to United States consumers, that glyphosate-based herbicides, including Roundup, create no unreasonable risks to human health or to the environment.

4:21-cv-_____
Complaint and Demand for Jury Trial

## FACTS SPECIFIC TO THIS CASE

23. Dr. Horner has owned and lived on an acreage in South Dakota since 1983.

24. Dr. Horner sprayed Roundup regularly throughout his acreage to control weeds.

25. In January 2021, Dr. Horner was diagnosed with diffused large B-cell non-Hodgkin lymphoma, subtype S.

26. Dr. Horner has endured substantial pain and suffering as a result of the non-Hodgkin lymphoma disease.

27. Dr. Horner has suffered, and will continue to suffer, severe and permanent physical injuries as a result of the non-Hodgkin lymphoma disease.

28. Dr. Horner has undergone, and will continue to undergo, extensive medical treatments to combat the non-Hodgkin lymphoma disease.

29. Dr. Horner has incurred, and will continue to incur, significant expenses for medical care and treatment as a result of the non-Hodgkin lymphoma disease.

30. Dr. Horner has suffered, and will continue to suffer, emotional distress as a result of the non-Hodgkin lymphoma disease.

### Count 1
*(Manufacturer-Seller Liability (Strict))*

31. Dr. Horner restates the preceding paragraphs of this Complaint as though fully set forth herein.

32. Bayer Ag's and Bayer Crop's Roundup was in a defective condition, which made it unreasonably dangerous to humans, including Dr. Horner.

33. The defect existed at the time Bayer Ag and Bayer Crop distributed and sold Roundup.

4

4:21-cv-_____
Complaint and Demand for Jury Trial

34. Roundup was expected by Bayer Ag and Bayer Crop to reach the general public, including homeowners with lawns and/or acreages like Dr. Horner.

35. Roundup did, in fact, reach the general public, including homeowners with lawns and/or acreages like Dr. Horner, without substantial unforeseeable change in the condition Roundup was in when it left Bayer Ag's and Bayer Crop's control.

36. The defective condition of Roundup caused Dr. Horner's diffused large B-cell non-Hodgkin lymphoma, subtype S disease.

## Count 2
### (*Failure to Warn*)

37. Dr. Horner restates the preceding paragraphs of this Complaint as though fully set forth herein.

38. At all relevant times, there was a danger of causing cancer in humans with the foreseeable use of Roundup.

39. Bayer Ag and Bayer Crop provided an inadequate warning of the danger of Roundup causing cancer by using Roundup.

40. As a result of the inadequate warning, Roundup was rendered defective and unreasonably dangerous.

41. The defective and unreasonably dangerous condition existed at the time the Roundup left Bayer Ag's and Bayer Crop's control.

42. Roundup was expected by Bayer Ag and Bayer Crop to reach the general public, including homeowners with lawns and/or acreages like Dr. Horner.

5

4:21-cv-_____
Complaint and Demand for Jury Trial

43. Roundup did, in fact, reach the general public, including homeowners with lawns and/or acreages like Dr. Horner, without substantial unforeseeable change in the condition Roundup was in when it left Bayer Ag's and Bayer Crop's control.

44. The defective condition of Roundup caused Dr. Horner's diffused large B-cell non-Hodgkin lymphoma, subtype S disease.

### Count 3
### (*Negligence*)

45. Dr. Horner restates the preceding paragraphs of this Complaint as though fully set forth herein.

46. Bayer Ag and Bayer Crop, directly or indirectly, caused Roundup to be sold, distributed, packaged, labeled, marketed, promoted, and/or used by homeowners with lawns and/or acreages, including Dr. Horner.

47. Bayer Ag and Bayer Crop had a duty to use the amount of care in the manufacturing, testing, researching, marketing, advertising, promoting, packaging, distributing, and selling of Roundup that a reasonably careful manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

48. Bayer Ag and Bayer Crop breached that duty by continuing to manufacture, market, advertise, promote, package, distribute, and sell Roundup as it did following the purchase of Monsanto, which included the rights to Roundup.

49. Bayer Ag and Bayer Crop also breached that duty by failing to give adequate warning of known or reasonably anticipated dangers, such as causing cancer, with the use of Roundup

6

because injury to a user could be reasonably anticipated if an adequate warning was not given for a reasonably foreseeable use of the product.

50. At all times relevant to this litigation, Bayer Ag and Bayer Crop knew, or should have known, of the hazards and dangers of Roundup and, specifically, the carcinogenic properties of glyphosate.

51. Bayer Ag and Bayer Crop knew or, in the exercise of reasonable care, should have known that the use of, or exposure to, Roundup could cause or be associated with cancer and thus created a dangerous and unreasonable risk of injury to the users of Roundup, including Dr. Horner.

52. Despite the knowledge of glyphosate's carcinogenic properties, and the ability to investigate, study, and test Roundup and to provide adequate warnings, Bayer Ag and Bayer Crop failed to do so.

53. In fact, Bayer Ag and Bayer Crop wrongfully concealed information and made false and/or misleading statements concerning the safety of Roundup.

54. Bayer Ag's and Bayer Crop's negligence included:

   a. Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and/or distributing Roundup without thorough and adequate pre-and post-market testing;

   b. Manufacturing, producing, promoting, formulating, creating, developing, designing, selling, and/or distributing Roundup while negligently and/or intentionally concealing and failing to disclose the results of trials, tests, and studies of exposure to glyphosate, and the risk of serious harm to humans as a result of the use and exposure to Roundup;

   c. Failing to use reasonable and prudent care in the design, research, manufacture, and development of Roundup products so as to avoid the risk of serious harm associated with the use of Roundup;

4:21-cv-_____
Complaint and Demand for Jury Trial

    d. Failing to design and manufacture Roundup so as to ensure that it was at least as safe and effective as other herbicides in the market;

    e. Failing to provide adequate instructions, guidelines, and safety precautions to those who Bayer Ag and Bayer Crop could reasonably foresee would use and be exposed to Roundup;

    f. Failing to warn consumers, including Dr. Horner, that the use of and exposure to Roundup presented sever risks of cancer and other grave illnesses;

    g. Failing to warn consumers, including Dr. Horner, that Roundup's risk of harm was unreasonable and that there were safe and effective alternative herbicides available;

    h. Systematically suppressing or downplaying evidence about the risks, incidence, and prevalence of the dangers of Roundup and glyphosate;

    i. Representing that Roundup was safe for its intended use when, in fact, Bayer Ag and Bayer Crop knew or should have known that Roundup was not safe for its intended purpose;

    j. Refusing or declining to make or propose any changes to Roundup's labeling or other promotional materials that would alert consumers, including Dr. Horner, of the risks of Roundup and glyphosate;

    k. Advertising, marketing, and recommending the use of Roundup, while concealing and failing to disclose or warn of the dangers known by Bayer Ag and Bayer Crop to be associated with or caused by the use of or exposure to Roundup and glyphosate; and

    l. Continuing the manufacture and sale of Roundup with the knowledge that Roundup was unreasonably unsafe and dangerous.

55. Bayer Ag's and Bayer Crop's conduct, as described in this Complaint, was reckless. Bayer Ag and Bayer Crop regularly risked the lives of consumers and users of Roundup, including Dr. Horner, while knowing of the dangers of glyphosate.

56. Bayer Ag and Bayer Crop made conscious decisions not to redesign, relabel, warn, or inform the public, including homeowners with lawns and/or acreages, including Dr. Horner.

8

4:21-cv-_____
Complaint and Demand for Jury Trial

57. Roundup was expected by Bayer Ag and Bayer Crop to reach the general public, including homeowners with lawns and/or acreages like Dr. Horner.

58. Roundup did in fact reach the general public, including homeowners with lawns and/or acreages like Dr. Horner, without substantial unforeseeable change in the condition the Roundup was in when it left Bayer Ag's and Bayer Crop's control.

59. Roundup caused Dr. Horner's diffused large B-cell non-Hodgkin lymphoma, subtype S disease.

### Count 4
### (*Punitive Damages*)

60. Dr. Horner restates the preceding paragraphs of this Complaint as though fully set forth herein.

61. Bayer Ag and Bayer Crop acted with oppression, fraud, and/or malice, as established in this Complaint, and punitive damages are necessary and appropriate in order to punish and deter.

### Requested Relief

Dr. Horner requests the following relief:

1. Enter judgment in Dr. Horner's favor.

2. Award Dr. Horner compensatory damages, plus pre-judgment interest thereon.

3. Award attorneys' fees and other costs as allowed by law.

4. Award punitive damages as allowed by law.

5. Grant such other further relief as the Court deems appropriate.

### Demand for Jury Trial

Dr. Horner respectfully demands a trial by jury on all issues so triable.

9

4:21-cv-_____
Complaint and Demand for Jury Trial

Dated: September 1, 2021.

                                          FULLER, WILLIAMSON, NELSEN
                                          & PREHEIM, LLP

                                          _/s/ Derek A. Nelsen_
                                          Derek A. Nelsen
                                          Eric T. Preheim
                                          7521 South Louise Avenue
                                          Sioux Falls, SD 57108
                                          (605) 333-0003
                                          dnelsen@fullerandwilliamson.com
                                          epreheim@fullerandwilliamson.com
                                            *Attorneys for Plaintiff*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DR. WILLIAM HORNER

## DEFENDANTS
BAYER AG and BAYER CROPSCIENCE HOLDING INC.

(b) County of Residence of First Listed Plaintiff    Minnehaha County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Germany
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Derek A. Nelsen and Eric T. Preheim
Fuller & Williamson, LLP, 7521 S. Louise Ave., Sioux Falls, SD 57108
(605) 333-0003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332
Brief description of cause:
Plaintiff alleges personal injuries and damages following the use of Defendants' product(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                            DOCKET NUMBER

DATE: 09/01/2021
SIGNATURE OF ATTORNEY OF RECORD: *Eric Nelsen*

**FOR OFFICE USE ONLY**
RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE