**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                             MDL No. 2741

This Document Relates to the Following:

*Renteria v. Monsanto Company et al*,
2:21-cv-00994-GBW-SMV (D. New Mexico)

**PLAINTIFF MARITA RENTERIA'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-292)**

Plaintiff Marita Renteria, through undersigned counsel, respectfully moves this Panel, pursuant to Rule 7.1(f) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, for an order vacating its October 15, 2021 order conditionally transferring the Plaintiff's above-referenced cause of action, for the reasons set forth below.

1.On January 17, 2020, Marita Renteria filed suit in New Mexico state court, seeking damages arising from her exposure to the toxic herbicide Roundup and ensuing development of Non-Hodgkin's lymphoma. *See* Exhibit 1, Original Complaint, *Marita Renteria v. Monsanto Company et al.,* Case No. D-101-CV-2020-00180 (1st Judicial District Court Santa Fe County, New Mexico January 17, 2020). The case proceeded in state court for twenty-one months.

2.On October 13, 2021, Defendant Monsanto Company ("Monsanto") wrongfully removed Ms. Renteria's case to federal court. Exhibit 2, Notice of Removal [Doc. 1 in 2:21-cv-00994 D.N.M.]. The removal was clearly untimely, as the case had been on file for twenty-one months at the time it was removed. The removal obviously violated Monsanto's 30-day deadline. *See* 28 U.S.C. § 1446(b)(1) (promulgating 30-day removal deadline). Independently, the case could not be removed on alleged diversity grounds because it had been on file for well over a year at the time of removal: "A case may not be removed under subsection (b)(3) on the basis of

1

jurisdiction conferred by section 1332 [28 U.S.C. § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

3. There is no question on the face of the docket sheet that the removal was doubly defective, and the sole point in removing the case was to delay its resolution by securing a cross-country transfer to the federal MDL.

4. Nine days after the wrongful removal to federal court, Ms. Renteria filed a Motion to Remand (October 22, 2021) [Doc. 5 in 2:21-cv-00994 D.N.M.] and Brief in Support (October 22, 2021) [Doc. 6 in 2:21-cv-00994 D.N.M.], filed herewith as Exhibit 3. The motion accurately explains that the removal is triply defective. The removal is: i) substantively baseless because the local defendant was not fraudulently joined; ii) untimely pursuant to 28 U.S.C. § 1446(b)(1); and, iii) untimely pursuant to 28 U.S.C. § 1446(c)(1). *See, generally*, Exhibit 3. Marita Renteria also requests an award of attorney fees incurred as a result of the removal. *See* 28 U.S.C. § 1447(c); Exhibit 3, at Motion, p. 3 ¶5 [Doc. 5, Page 3 of 4].

5. Notwithstanding that the removal is patently untimely and that Monsanto should be compelled to reimburse Ms. Renteria for her costs and fees associated with it, Monsanto moved to stay the remand motion, arguing that allegedly staying a case is the "general rule" that a proposed transferor court should follow. *See* Exhibit 4, Def. Monsanto's Br. in Supp. of Expedited Mot. for Stay of All Proceedings Pending JPML Transfer Ruling [Doc. 8 in 2:21-cv-00994 D.N.M.], at p. 2.

6. Following a Tag-Along notice, this Panel issued Conditional Transfer Order 292 on October 15, 2021. Later that same day, Ms. Renteria filed a timely Notice of Opposition. This panel set a briefing schedule for the instant motion, with the due date of November 1, 2021. Doc.

No. 2502, MDL No. 2741 (J.P.M.L. October 18, 2021) (Text Notice promulgating October 18, 2021). This motion and the accompanying Brief in support is timely filed according to this deadline.

7. Congress has promulgated explicit requirements for transfer of a case into one multidistrict litigation court: "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Here, transfer could not possibly serve "the convenience of parties and witnesses," or the promotion of "just and efficient conduct" of the action (*see* 28 U.S.C. § 1407(a)).

8. The only purpose of the transfer will be to achieve a warrantless delay during which the case travels across the country between courts lacking subject matter jurisdiction in the first instance. The proposed transferee Court does not have any other case before it involving the same issues presented in the Renteria case. The only issue for any federal court to resolve is that the removal is defective and the case must be remanded to State court. There is no other matter to decide, and because the sole issue is unique to Ms. Renteria's case, a cross-country transfer would achieve no efficiency whatsoever.

9. The following exhibits are filed in support of this Motion:

   a. Exhibit 1, Original Complaint, *Marita Renteria v. Monsanto Company et al.,* Case No. D-101-CV-2020-00180 (1st Judicial District Court Santa Fe County, New Mexico January 17, 2020).

   b. Exhibit 2, Notice of Removal [Doc. 1 in 2:21-cv-00994 D.N.M.].

   c. Exhibit 3, Motion to Remand (October 22, 2021) [Doc. 5 in 2:21-cv-00994 D.N.M.]

and Brief in Support (October 22, 2021) [Doc. 6 in 2:21-cv-00994 D.N.M.].

d. Exhibit 4, Def. Monsanto's Br. in Supp. of Expedited Mot. for Stay of All Proceedings Pending JPML Transfer Ruling [Doc. 8 in 2:21-cv-00994 D.N.M.].

WHEREFORE, for these reasons and those more fully explained in the accompanying brief, Movant Marita Renteria respectfully requests that this tribunal grant this Motion and vacate Conditional Transfer Order 292.

Dated: November 1, 2021

Respectfully Submitted,

*/s/ Anthony K. Bruster*
Anthony K. Bruster
New Mexico Bar No. 20283
Christopher Johnson
New Mexico Bar No. 153605
John C. Hull
Texas Bar No. 24050791
BRUSTER PLLC
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
Facsimile: (817) 796-2929
akbruster@brusterpllc.com
cjohnson@brusterpllc.com
jhull@brusterpllc.com

*Counsel for Marita Renteria*