BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ROUNDUP PRODUCTS
LIABILITY LITIGATION                                            MDL No. 2741

This Document Relates to the Following:

*Renteria v. Monsanto Company et al*,
2:21-cv-00994-GBW-SMV (D. New Mexico)

**<u>PLAINTIFF MARITA RENTERIA'S BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-292)</u>**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ............................................................................................... 1

II. BACKGROUND OF THE LITIGATION ............................................................................. 1

III. SUMMARY OF THE ARGUMENT ..................................................................................... 3

IV. ARGUMENT AND AUTHORITIES ..................................................................................... 4

    A. Federal Courts Are Required to Consider Lack of Jurisdiction First in Priority. ................ 5

    B. Transfer Could Not Possibly Serve the Convenient, Efficient, or Just Conduct of this Litigation, Because the MDL Court Does Not Have the Same Issues Before It in Any Other Case. ................................................................................................................................. 7

    C. The Promotion of Justice Requires that Monsanto's Track Record of Forum-Shopping No Longer Be Rewarded. ............................................................................................................ 10

    D. The Panel Should Abstain until the New Mexico Court Rules on Plaintiff's Motion to Remand. ................................................................................................................................. 10

V. REQUEST FOR RELIEF .................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re: Accutane Prod. Liab. Litig.*,
 560 F. Supp. 2d 1370 (J.P.M.L. 2008)..................................................................................4

*In re Air Crash Disaster at J.F.K. Int'l Airport*,
 MDL-227 (J.P.M.L. filed July 20, 1977)..............................................................................11

*In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*,
 542 F. Supp. 2d 1357 (J.P.M.L. 2008)..................................................................................8

*In re Aqueous Film-Forming Foams Prod. Liab. Litig.*,
 No. MDL 2873, 2021 WL 755083 (J.P.M.L. Feb. 4, 2021) ..................................................7

*Arbaugh v. Y&H Corp.*,
 546 U.S. 500 (2006).............................................................................................................6

*In re C.R. Bard, Inc.*,
 No. MDL 2187, 2015 WL 1641343 (J.P.M.L. Apr. 7, 2015).................................................7

*In re Deering Milliken Patent*,
 328 F. Supp. 504 (J.P.M.L. 1970).......................................................................................11

*In re Eliquis (Apixaban) Prod. Liab. Litig.*,
 No. MDL 2754, 2017 WL 6569794 (J.P.M.L. May 30, 2017)...............................................7

*In re: Genetically Modified Rice Litig.*,
 No. 2:11-CV-00033, 2011 WL 7143470 (J.P.M.L. May 19, 2011) .......................................7

*In re: Grain Shipment Litig.*,
 319 F. Supp. 533 (J.P.M.L. 1970).........................................................................................4

*Healy v. Ratta*,
 292 U.S. 263 (1934).............................................................................................................9

*Home Depot U. S. A., Inc. v. Jackson*,
 139 S. Ct. 1743 (2019)......................................................................................................5, 6

*In re: IBM Antitrust Litig.*,
 316 F. Supp. 976 (J.P.M.L. 1970).........................................................................................4

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod.
 Liab. Litig.*,
 No. 18CV2130, 2018 WL 3768753 (J.P.M.L. Aug. 1, 2018)................................................7

*Johnson v. Wattenbarger*,
   361 F.3d 991 (7th Cir. 2004) ......................................................................................6

*In re Kaehni Patent*,
   311 F. Supp. 1342 (J.P.M.L. 1970) ...........................................................................11

*Kokkonen v. Guardian Life Ins. Co. of America*,
   511 U.S. 375 (1994) ...............................................................................................5, 6

*In re L.E. Lay & Co. Antitrust Litig.*,
   391 F. Supp. 1054 (J.P.M.L. 1975) ...........................................................................10

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*,
   No. MDL 2502, 2014 WL 10790383 (J.P.M.L. June 6, 2014) .................................7

*Mansfield, C. & L.M.R. Co. v. Swan*,
   111 U.S. 379 (1884) ..................................................................................................5

*Ex parte McCardle*,
   7 Wall. 506 (1868) .....................................................................................................5

*McDonal v. Abbott Laboratories*,
   408 F.3d 177 (5th Cir. 2005) .....................................................................................6

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
   No. MDL 1720, 2017 WL 4582708 (J.P.M.L. Aug. 2, 2017) ...................................7

*In re Plumbing Fixture Cases*,
   298 F. Supp. 484 (J.P.M.L. 1968) .............................................................................10

*In re Prof'l Hockey Antitrust Litig.*,
   352 F. Supp. 1405 (J.P.M.L. 1973) .....................................................................10, 11

*In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*,
   170 F. Supp. 2d 1346 (J.P.M.L. 2001) ......................................................................7

*In re Resource Exploration, Inc., Securities Litig.*,
   483 F. Supp. 817 (J.P.M.L. 1980) .............................................................................11

*In re: Roundup Prod. Liab. Litig.*,
   MDL No. 2741, Doc. 2488 (J.P.M.L. Oct. 8, 2021) .......................................2, 3, 10

*Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1999) ..................................................................................................6

*Sangha v. Navig8 ShipManagement Private Ltd.*,
   882 F.3d 96 (5th Cir. 2018) .......................................................................................6

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) ................................................................................................... 8

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) .................................................................................................. 5, 6

*Syngenta Crop Prot., Inc. v. Henson*,
    537 U.S. 28 (2002) ...................................................................................................... 8

*Univ. of S. Alabama v. Am. Tobacco Co.*,
    168 F.3d 405 (11th Cir. 1999) .................................................................................... 6

*In re: Welding Fume Prod. Liab. Litig.*,
    560 F. Supp. 2d 1356 (J.P.M.L. 2008) ....................................................................... 8

## Statutes

28 U.S.C. § 1332(a) ............................................................................................................. 9

28 U.S.C. § 1407(a) ..................................................................................................... *passim*

28 U.S.C. § 1446(b)(1) ............................................................................................... 2, 8, 9

28 U.S.C. § 1446(c)(1) ............................................................................................... 2, 8, 9

28 U.S.C. § 1447(c) ......................................................................................................... 2, 6

## Other Authorities

FED. R. CIV. P. 1 ................................................................................................................. 3

H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 U.S.C.C.A.N. 1898 ......................... 4

Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*,
    78 F.R.D. 575 (1978) ............................................................................................... 11

Pursuant to Rule 7.1(f) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML"), Plaintiff, Marita Renteria, files this Brief in Support of her Motion to Vacate Conditional Transfer Order (CTO-292), and would show as follows:

## I. PRELIMINARY STATEMENT

This Panel's statutory mandate is to "determin[e] that transfers . . . will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). A cross-country transfer would represent the antithesis of justice and convenience. Transfer would be inefficient, because the only proper federal action is to remand to state court, and Plaintiff's remand motion raises issues unique to this one case. The removal notice was filed approximately twenty months too late. The only issues to be adjudicated relate to the specific pleadings and relevant timeline of Plaintiff Marita Renteria's case. Therefore, no possible efficiency could be achieved by transferring these unique issues from the local court to the MDL in California. Because considerations of convenience, efficiency, and justice all compel the conclusion that the New Mexico court should resolve the timing and pleadings issues that are not pending in the California MDL, CTO-292 should be vacated.

## II. BACKGROUND OF THE LITIGATION

On January 17, 2020, Plaintiff Marita Renteria filed suit in New Mexico state court, County of Santa Fe, seeking to recover damages arising from her exposure to the cancer-causing herbicide Roundup and her ensuing development of non-Hodgkin's Lymphoma ("NHL"). The case proceeded in state court for twenty-one months. Incredibly, on **October 13, 2021**, Defendant Monsanto Company ("Monsanto") filed a triply defective removal to federal court, claiming alleged fraudulent joinder of Defendant Sidco Corporation ("Sidco"). Sidco had been

1

served with process on **March 2, 2020**. See Exhibit 2, Notice of Removal, at Case 2:21-cv-00994, Doc. 1-1, Page 2 of 252 (docket sheet).

Monsanto's removal is substantively baseless, because Sidco is not fraudulently joined. *See* Exhibit 3. Independently however, Sidco has been a properly served defendant in the case for well over a year. Therefore, Monsanto's removal violated both the 30-day deadline (*see* 28 U.S.C. § 1446(b)(1)) and the one-year limit for removal on diversity grounds (*see* 28 U.S.C. § 1446(c)(1)).

Thus, Monsanto removed on alleged diversity grounds notwithstanding that the case had been on file ***for twenty-one months***, with the allegedly "fraudulently joined" defendant originally named in the state-filed complaint. The sole basis for the patently defective removal was to delay the case with an MDL transfer. But Monsanto has been gaming the system in the other direction too, by keeping cherry-picked cases out of the federal MDL notwithstanding that those cases actually do belong there. Monsanto failed for years to give this Panel notice of other Roundup cases pending in federal courts across the country. *See In re: Roundup Prod. Liab. Litig.,* MDL No. 2741, Doc. 2488, Page 3 of 5 & n.3 (Oct. 8, 2021) (noting several related actions apparently pending in federal court for years without Monsanto noticing the potential tag-along and ordering Monsanto to provide notice).

Plaintiff Marita Renteria respectfully requests that this tribunal follow the statutory language requiring, as a prerequisite to transfer, that justice and efficiency will be promoted. 28 U.S.C. § 1407(a). The timing issues compelling remand to state court are unique to this case, as is the matter of how much money Monsanto owes Ms. Renteria for the costs of removal under Section 1447(c). *See* 28 U.S.C. § 1447(c); Exhibit 3, at Motion, p. 3 ¶5 [Doc. 5, Page 3 of 4]. Efficiency could not possibly be served by transferring these unique, case-specific issues from

one court lacking federal subject matter jurisdiction to another court lacking federal subject matter jurisdiction. Moreover, Monsanto has a proven track record of forum-shopping outside of the MDL. *See In re: Roundup Prod. Liab. Litig.,* MDL No. 2741, Doc. 2488, Page 3 of 5 & n.3 (Oct. 8, 2021). Justice could not possibly be served by allowing Monsanto to succeed in a clearly baseless removal-for-delay stratagem.

**III.    SUMMARY OF THE ARGUMENT**

Plaintiff Marita Renteria respectfully requests that the Panel vacate its conditional transfer of this matter to the Northern District of California in order for the District of New Mexico to address the motion to remand. Doing so will foster the just, speedy, and inexpensive determination of this action. *See* FED. R. CIV. P. 1. On the other hand, transferring Ms. Renteria's case across the country will achieve the polar opposite of the objectives of multidistrict litigation. Considerations of justice, convenience, and efficiency overwhelmingly compel the conclusion that this case should not be transferred.

The federal judiciary lacks subject matter jurisdiction. Therefore, the penalty of an indefinite stay, which the transfer would impose, is a significant injustice without any legal foundation. The proposed transferee court does not have before it any remand motions requiring adjudication of the timing of pleadings in Ms. Renteria's case, or the amount of fees and costs that should be awarded to her as a result of a triply defective removal. Thus, judicial efficiency would not be served by a transfer. Indeed, bouncing the case between federal courts that lack subject matter jurisdiction in the first instance is the antithesis of efficiency. In short, all purposes to be served by multidistrict litigation are violated here if CTO-292 is not vacated.

## IV. ARGUMENT AND AUTHORITIES

A conditional transfer order is an administrative act of the Panel Clerk "which can be and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (citing *In re: IBM Antitrust Litig.*, 316 F. Supp. 976 (J.P.M.L. 1970)). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. *See* 28 U.S.C. § 1407(a); *see also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 U.S.C.C.A.N. 1898, 1900 (explaining that "pretrial consolidation must promote the just and efficient conduct of such actions and before the convenience of the parties and witnesses"). Congress intended for consolidation to be ordered "only where significant economy and efficiency in judicial administration may be obtained." *See* H.R. Rep. No. 1130, 1968 U.S.C.C.A.N. at 1900.

Congress has promulgated explicit requirements for transfer of a case into one multidistrict litigation court: "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This Panel has vacated conditional transfer orders based upon findings that transfer "would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time." *In re: Accutane Prod. Liab. Litig.*, 560 F. Supp. 2d 1370, 1370 (J.P.M.L. 2008). Here, transfer could not possibly serve "the convenience of parties and witnesses," or the promotion of "just and efficient conduct" of the action (*see* 28 U.S.C. § 1407(a)). The only purpose of the transfer will be to achieve a warrantless delay during which the case travels across the country between courts lacking subject matter jurisdiction in the first instance.

4

The instant litigation is a perfect example of litigation in which abstention from transfer is warranted. As explained below, the only action that a federal court can take in this case is to consider the remand motion, which raises unique issues regarding a New Mexico state case that is not otherwise before the court in MDL No. 2741. When this Panel has transferred cases with outstanding remand motions, the Panel has reasoned that the proposed transferor court is able to consider the remand motion. Here, the proposed transferor court is being told that even in this case—where the removal violates the plain statutory language, including the "one year" rule for diversity removal—the court should follow a purported "general rule" of not considering the lack of federal subject matter jurisdiction. This result is unjust to Ms. Renteria, who is battling the effects a cancer contracted as a result of her Roundup exposures.

### A. Federal Courts Are Required to Consider Lack of Jurisdiction First in Priority.

Congressional mandate and Supreme Court precedent require that jurisdiction be considered as a threshold matter and that wrongfully removed cases be remanded to state court. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co.*, 523 U.S. at 94–95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111

U.S. 379, 382 (1884)); *see also McDonal v. Abbott Laboratories*, 408 F.3d 177, 180 (5th Cir. 2005) ("we consider the threshold inquiry of subject matter jurisdiction"). Federal Courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). The Court's "first duty" is "to determine the existence of subject-matter jurisdiction." *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004). *See also Sangha v. Navig8 ShipManagement Private Ltd.,* 882 F.3d 96, 100 (5th Cir. 2018) ("the general expectation" is "that federal courts address subject-matter jurisdiction at the outset in the 'mine run of cases' and reach other issues first only where the jurisdictional issue is 'difficult to determine' and the other grounds are relatively 'less burdensome.'") (citing *Ruhrgas*; further citation omitted).

Subject matter jurisdiction is clearly lacking, and the only action that can be taken in federal court is to remand the case, as required by the black letter of federal statutory law. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall be remanded**." 28 U.S.C.A. § 1447(c) (emphasis added). This statutory language is a mandatory command. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition to this statutory mandate, the United States Supreme Court has emphasized that jurisdiction is a requirement that should be decided as a threshold matter.[1]

Therefore, the lack of federal subject matter jurisdiction is a weighty issue, one that must be resolved, according to controlling precedent. When transferring cases notwithstanding outstanding remand motions, this Panel reasons that the transferor court has the time and the

---

[1] *See Steel, Home Depot,* and *Kokkonen* (quoted above).

opportunity to address the remand motions.[2] Here, however, Monsanto has represented to the proposed transferor court that even in this case—where the removal flagrantly violates the temporal limits on removals promulgated in the black letter of statutory law[3]--the court should follow a "general rule" of staying consideration of the lack of subject matter jurisdiction. *See* Exhibit 4, Def. Monsanto's Br. in Supp. of Expedited Mot. for Stay of All Proceedings Pending JPML Transfer Ruling [Doc. 8 in 2:21-cv-00994 D.N.M.], at p. 2.

### B. Transfer Could Not Possibly Serve the Convenient, Efficient, or Just Conduct of this Litigation, Because the MDL Court Does Not Have the Same Issues Before It in Any Other Case.

The rationale that Monsanto will give for why this case should be transferred across the country, notwithstanding the obvious lack of subject matter jurisdiction, is that the MDL No. 2741 court can resolve the lack of subject matter jurisdiction. However, the prerequisites of § 1407(a) must be met for this Panel to exercise its transfer authority. Here they are not, because the proposed transferee court does not have any other remand motion before it that involves the

---

[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[T]hose courts wishing to address [remand] motions have adequate time in which to do so[.]"); *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2873, 2021 WL 755083, at *1 n.1 (J.P.M.L. Feb. 4, 2021) ("Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so."); *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 18CV2130, 2018 WL 3768753, at *1 n.2 (J.P.M.L. Aug. 1, 2018) (same); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. MDL 1720, 2017 WL 4582708, at *1 n.3 (J.P.M.L. Aug. 2, 2017) (same); *In re Eliquis (Apixaban) Prod. Liab. Litig.*, No. MDL 2754, 2017 WL 6569794, at *1 n.2 (J.P.M.L. May 30, 2017) (same); *In re C.R. Bard, Inc.*, No. MDL 2187, 2015 WL 1641343, at *1 n.1 (J.P.M.L. Apr. 7, 2015) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, No. MDL 2502, 2014 WL 10790383, at *1 (J.P.M.L. June 6, 2014) ("Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so."); *In re: Genetically Modified Rice Litig.*, No. 2:11-CV-00033, 2011 WL 7143470, at *1 n.1 (J.P.M.L. May 19, 2011) ("Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon that motion generally has adequate time in which to do so.").

same issues. Where, as here, the case likely requires consideration of unique issues, the conditional transfer order should be vacated. *See, e.g., In re: Welding Fume Prod. Liab. Litig.*, 560 F. Supp. 2d 1356, 1357 (J.P.M.L. 2008) (CTO vacated where majority of claims involved neurological injuries and the plaintiff whose case was subject to the CTO had developed a different injury, laryngeal cancer); *In re Ameriquest Mortg. Co. Mortg. Lending Pracs. Litig.*, 542 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) ("The complaints in the two actions before us plead individual claims based on the specific loan transactions at issue in those actions, which will likely require unique discovery and other pretrial proceedings. Accordingly, we are persuaded that inclusion of these two actions in MDL No. 1715 is not presently warranted.").

Because the remand motion raises unique issues, transfer for consolidation could not possibly be efficient. The *only* act for any federal court is remand to state court, and that is most efficiently done by having the New Mexico court resolve the case-specific controversy before it without devoting federal resources to a transfer. *See* Exhibit 3, Motion to Remand and Brief in Support. Monsanto has argued that a transfer will avoid duplicative rulings and discovery. These arguments are built upon a faulty foundation. Because there is no federal subject matter jurisdiction, the federal judiciary is without power to proceed. *See id.*; see also § IV.A *supra*.

Here, the lack of federal subject matter jurisdiction is clear. Monsanto cannot possibly satisfy the strict standard for removal jurisdiction. "[R]emoval is entirely a creature of statute" and the removal statutes "are to **be strictly construed**." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (emphasis added; citation omitted). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

---

[3] 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)[4] (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934); further citation omitted).

 Here, there is no diversity of citizenship in the instant matter because the Plaintiff and Defendant Sidco share New Mexico citizenship. *See* 28 U.S.C. § 1332(a); *see also* Exhibit 3, Brief in Support, pp. 6-10 [Doc. 6 in 2:21-cv-00994 D.N.M.]. Sidco was served on **March 2, 2020**. *See* Exhibit 2, Notice of Removal, at Case 2:21-cv-00994, Doc. 1-1, Page 2 of 252 (docket sheet). But the case was removed on **October 13, 2021**. *See* Exhibit 2. The removal obviously violated Monsanto's 30-day deadline. *See* 28 U.S.C. § 1446(b)(1) (promulgating 30-day removal deadline). Independently, the case could not be removed on alleged diversity grounds because it had been on file for well over a year at the time of removal: "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). S*ee also* Exhibit 3, Motion to Remand and Brief in Support.

 The remand issues are unique to the timing and pleadings in Ms. Renteria's state-filed case. There is no justice, efficiency, or convenience to be served by transferring case-specific issues, compelling the conclusion that the federal judiciary lacks subject matter jurisdiction, to another federal court. The remand motion is already on file in the District of New Mexico, Monsanto's response is due this week, and this case should remain there until that court considers the propriety of federal jurisdiction in this matter.

---

[4] Superseded by statute on other grounds.

### C. The Promotion of Justice Requires that Monsanto's Track Record of Forum-Shopping No Longer Be Rewarded.

Transfer must promote justice. 28 U.S.C. § 1407(a) ("Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."). Here, Monsanto has failed to provide notice of Roundup cases that it chose to pursue in federal courts outside of MDL 2741. *See In re: Roundup Prod. Liab. Litig.,* MDL No. 2741, Doc. 2488, Page 3 of 5 & n.3 (Oct. 8, 2021) (no potential tag-along notice had been provided notwithstanding several related actions pending in federal court for years). Put another way, for years Monsanto has gotten away with pursuing Roundup litigation in federal courts outside of MDL 2741.

One of the polestars of the transfer statute is the promotion of justice. 28 U.S.C. § 1407(a). It does not promote justice to allow a party that has gamed the MDL system—by deliberately operating in federal courts outside of it without notice to this tribunal—to force a case that does not belong in federal court at all into the MDL.

### D. The Panel Should Abstain until the New Mexico Court Rules on Plaintiff's Motion to Remand.

Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-292) should be granted because the most just and efficient course is to allow the District of New Mexico Court to decide Ms. Renteria's motion to remand. The Panel abstains from ordering transfer when important motions await decision by the originating court. *See, e.g., In re L.E. Lay & Co. Antitrust Litig.,* 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court") (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968)); *In re Prof'l Hockey Antitrust*

*Litig.,* 352 F. Supp. 1405, 1406 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was *sub judice* because the Panel has "consistently adhered to well-founded principles of comity in deciding motions to transfer under Section 1407"); *In re Resource Exploration, Inc., Securities Litig.,* 483 F. Supp. 817, 822 (J.P.M.L. 1980) (declining to transfer an action "on principles of comity" due to the pendency of motion for summary judgment that had been submitted to the transferor judge). In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. *See In re Air Crash Disaster at J.F.K. Int'l Airport,* MDL-227 (J.P.M.L. filed July 20, 1977) (unpublished order deferring Panel decision on question of transfer of tag-along action until decision by transferor court on *sub judice* motion to remand that action to state court) (cited by Stanley A. Weigel, *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts,* 78 F.R.D. 575, 577, n. 15 (1978)); *see also In re Prof'l Hockey Antitrust Litig.,* 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on injunction); *In re Kaehni Patent,* 311 F. Supp. 1342, 1344 (J.P.M.L. 1970) (transfer order stayed pending decision of court on motion to dismiss); *In re Deering Milliken Patent,* 328 F. Supp. 504, 505-06 (J.P.M.L. 1970) ("There is a reasonable prospect that the multidistrict character of all the cases here before us may be eliminated by district court action on motions presently pending.").

      Here, abstention is necessary because Monsanto has a proven track record of unjust machinations involving the MDL, because cases must be remanded once it appears federal jurisdiction is lacking, and because transfer of a case raising unique issues would not possibly promote efficiency.

## V. REQUEST FOR RELIEF

Transfers are authorized in the interests of justice, efficiency, and convenience. 28 U.S.C. § 1407(a). To transfer Marita Renteria's case would represent the antithesis of these statutory requirements. For the foregoing reasons, Plaintiff respectfully requests that the Panel grant Plaintiff's motion to vacate in its entirety and vacate Conditional Transfer Order 292.

Dated: November 1, 2021

Respectfully Submitted,

*/s/ Anthony K. Bruster*
Anthony K. Bruster
New Mexico Bar No. 20283
Christopher Johnson
New Mexico Bar No. 153605
John C. Hull
Texas Bar No. 24050791
BRUSTER PLLC
680 N. Carroll Ave., Suite 110
Southlake, Texas 76092
Telephone: (817) 601-9564
Facsimile: (817) 796-2929
akbruster@brusterpllc.com
cjohnson@brusterpllc.com
jhull@brusterpllc.com

*Counsel for Marita Renteria*