# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| MARITA RENTERIA, | |
| Plaintiff, | |
| v. | Case No. 2:21-cv-00994-GBW-SMV |
| MONSANTO COMPANY and SIDCO CORPORATION, | |
| Defendants. | |

**DEFENDANT MONSANTO COMPANY'S BRIEF IN SUPPORT OF EXPEDITED**
**MOTION FOR STAY OF ALL PROCEEDINGS PENDING JPML TRANSFER RULING**

**INTRODUCTION**

This products liability lawsuit about non-Hodgkin's lymphoma ("NHL") allegedly caused by Roundup®-branded herbicides belongs in the multidistrict litigation ("MDL") proceedings involving numerous other Roundup®/NHL lawsuits that have been pending since 2016 in the United States District Court for the Northern District of California ("the MDL Court"). Therefore, in accordance with Judicial Panel on Multidistrict Litigation ("JPML") Rule 7.1, Monsanto Company ("Monsanto") filed papers with the JPML to have this case transferred to the MDL Court. The JPML recently issued a conditional transfer order, Conditional Transfer Order ("CTO No. 292") (J.P.M.L. Oct. 15, 2021) (attached as Exhibit 1), and Plaintiff filed a "Notice of Opposition," to that order, so the parties soon will submit briefing to the JPML regarding whether it should transfer this lawsuit to the MDL Court.

For the reasons discussed in more detail below, this Court should grant this motion and issue a temporary stay of all further proceedings in this case, including briefing and ruling on Plaintiff's recently filed Motion to Remand ("Remand Motion"), ECF No. 5, to allow the JPML to decide that transfer issue. The brief stay requested here is consistent with, and supported by,

stay rulings issued repeatedly in similar contexts by federal district courts in other Roundup®

lawsuits,[1] as well as by this Court and other federal district courts in other cases, *see infra* pages

6-7 & note 2 (citing cases).  As shown by those stay rulings, the Remand Motion does not preclude

this Court from exercising its discretion to issue a stay pending the JPML's transfer ruling.  As

this Court acknowledged when issuing a stay pending a JPML transfer ruling even though

plaintiffs had filed a motion to remand the case to state court:  "Often, deference to the MDL court

for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and

predictability in litigation that underlies the MDL system."  *New Mexico State Investment Council

v. Alexander*, 317 B.R. 440, 443 (D.N.M. 2004).  Indeed, "[t]the general rule is for federal courts

to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has

transferred the case to the [district court presiding over the MDL proceedings]."  *Jackson ex rel.

Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn.

Apr. 3, 2001); *see Martinez v. Merck & Co., Inc.*, No. 05-633 JH/WDS, 2005 WL 8163867, at *2

(D.N.M. July 14, 2005) (granting stay motion and stating that, "[f]aced with concurrent motions

---

[1] *See* Text Order, *Hayes v. Monsanto Co., et al.*, No. 3:20-cv-01736-LCB (N.D. Ala.  Dec. 16, 2020) (granting Monsanto's stay motion) ("*Hayes* Stay Order") (attached as Exhibit 2); Text Order, *Mowry v. Monsanto Co., et al.*, No. 2:20-cv-00215-MHT-SMD (M.D. Ala. June 23, 2020) (denying plaintiff's motion for expedited ruling on plaintiff's remand motion and stating that "[t]he court prefers to allow the MDL panel to rule first [regarding transfer]") ("*Mowry* Stay Order") (attached as Exhibit 3); Endorsed Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling, *Moore v. Monsanto Co., et al.*, No. 2:19-cv-00707-KD-N (S.D. Ala. Oct. 7, 2019) ("*Moore* Stay Order") (attached as Exhibit 4); Order Granting Monsanto's Motion to Stay All Proceedings Pending JPML Transfer Ruling, *Walter v. Monsanto Co., et al.*, No. 1:19-cv-06482 (N.D. Ill. Oct. 30, 2019) ("*Walter* Stay Order") (attached as Exhibit 5); Minute Entry Granting Monsanto's Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Rawson v. Bayer Corp. et al.*, No. 1:19-cv-06040 (N.D. Ill. Oct. 2, 2019) ("*Rawson* Stay Order") (attached as Exhibit 6); Order Granting Defendant's Motion for Temporary Stay Pending Decision on Transfer to the MDL, *Cobb, et al. v. Monsanto Co., et al.*, Case No. 4:17-cv-01105-JMB (E.D. Mo. Apr. 12, 2017) ("*Cobb* Stay Order") (attached as Exhibit 7); Order Granting Monsanto's Motion for Temporary Stay, *O'Brien, et al. v. Monsanto Co.*, No. 4:17-cv-01192-CEJ (E.D. Mo. Apr. 10, 2017) ("*O'Brien* Stay Order") (attached as Exhibit 8).

to stay pending transfer to the JPML and motions to remand, many district courts have exercised their discretion to stay proceedings in VIOXX litigation in order to facilitate the just and efficient disposition of their dockets").  Moreover, briefly staying proceedings in this case pending the JPML ruling will promote judicial economy, will not prejudice Plaintiff, and will avoid prejudice to Monsanto.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this lawsuit (initially filed in a New Mexico state court), Plaintiff Marita Renteria asserts products liability claims regarding Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient.  *See generally* First Am. Compl., ECF No. 1-1.  For decades, farmers have used glyphosate-based herbicides to increase crop yields, while homeowners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control.  Monsanto Company's Notice of Removal ¶ 1 ("Notice of Removal"), ECF No. 1.  Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries.  *Id.*  Since 1974, when Monsanto first introduced Roundup®-branded herbicides to the marketplace, the United States Environmental Protection Agency has repeatedly concluded that glyphosate does not cause cancer, including as recently as January 2020.  *Id.*  Nevertheless, Plaintiff alleges that she developed cancer (NHL) due to her exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides.  *E.g.*, First Am. Compl. ¶ 57, ECF 1-1, at 199 (ECF page).

On October 13, 2021, Monsanto removed this case to this Court based on arguments and evidence that establish that Plaintiff fraudulently joined the New Mexico defendant (Sidco Corporation), which is Plaintiff's family business.  *See* Notice of Removal.  On October 22, 2021, Plaintiff filed her Motion to Remand ("Remand Motion"), ECF No. 5, and Brief in Support, ECF

No. 6.  Notably, those filings do not dispute – indeed, do not even address – Monsanto's showing that Sidco Corporation is Plaintiff's family business.

Promptly after filing the Notice of Removal, Monsanto filed papers with the JPML to transfer this lawsuit to the MDL Court for coordinated and consolidated pretrial proceedings with numerous other Roundup® lawsuits that have been filed against Monsanto in courts throughout the country.  As Ms. Renteria is alleging in this case, plaintiffs in those lawsuits allege that they developed NHL from exposure to Monsanto's Roundup®-branded herbicides.  Pursuant to 28 U.S.C. § 1407, those lawsuits have been transferred to the MDL Court (the Honorable Vince G. Chhabria).  *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).  Since the *In re Roundup* MDL was created in 2016 and assigned to Judge Chhabria, he has gained extensive knowledge regarding the issues presented in the Roundup® litigation.  He has presided over evidentiary *Daubert* hearings – regarding both general causation (whether Roundup®-branded herbicides can cause NHL) and specific causation (whether Roundup®-branded herbicides caused an individual plaintiff's NHL) – and a five-week jury trial involving NHL claims.  Judge Chhabria also has ruled on several remand motions involving issues of fraudulent joinder (and other issues), and has other remand motions pending for decision involving Monsanto's fraudulent joinder arguments.

On October 15, 2021, the JPML issued a conditional transfer order that would transfer this lawsuit to the MDL Court, CTO No. 292 (Ex. 1), and Plaintiff filed a notice of opposition to that order.  Accordingly, Plaintiff and Monsanto soon will submit briefing to the JPML regarding whether it should transfer this case to the MDL Court.  Based on the JPML's briefing schedule, Plaintiff's motion to vacate CTO 292 is due November 1, 2021, and the briefing on that motion will be completed by November 29, 2021.

## ARGUMENT

It is well established that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also, e.g.*, *Landis*, 299 U.S. at 254 ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (quoting with approval *Clinton*, 520 U.S. at 706); *Baca*, 806 F.3d at 1269-70 (stating that it is "well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants") (quotation marks omitted).

Consistent with this power, this Court and other federal district courts often stay proceedings – including rulings on remand motions – when a lawsuit is pending before the JPML for a ruling regarding whether the lawsuit should be transferred to a district court presiding over MDL proceedings. *See New Mexico v. Volkswagen Grp. of America, Inc.*, No. 1:16-cv-00147-MCA-LF, 2016 WL 4072342 (D.N.M. Apr. 27, 2016); *Levy v. Volkswagen Akti [sic] Engesellschaft*, No. 1:15-cv-01179-RJ-LF, 2016 WL 8261798 (D.N.M. Feb. 22, 2016); *Torres v. Johnson & Johnson*, No. 14-743 KG/RHS, 2014 WL 6910478 (D.N.M. Sept. 16, 2014); *Martinez*, 2005 WL 8163867; *Pace v. Merck & Co., Inc.*, No. CIV 04-1356 MCA/ACT, 2005 WL 6125457 (D.N.M. Jan. 10, 2005); *New Mexico State Investment Council*, 317 B.R. 440; *see also supra* note 1 and *infra* note 2 (citing cases). The reason for staying proceedings pending a JPML transfer ruling is straightforward: if the case is transferred to an MDL court, that court can rule on the remand motion in conjunction with other remand motions presenting similar issues and can preside over other pretrial proceedings – thereby preserving judicial resources, ensuring consistent rulings,

and otherwise furthering the goals of coordination.  As this Court stated when holding that it was

proper to grant a stay motion despite a pending remand motion:

> [I]t would be a waste of this Court's judicial resources to consider a
> motion to remand on a case that ultimately may be transferred to the
> MDL.  Following remand [*sic*; probably meant "JPML transfer" instead
> of "remand"], the MDL judge . . . will rule on the motion to remand.
> There is no need to duplicate work or risk inconsistent results.  As the
> magistrate judge points out, staying this matter does not foreclose the
> state's jurisdictional challenge [asserted in the motion to remand]
> because the MDL court will provide a forum for the motion to remand.

*Volkswagen Grp. of America*, 2016 WL 4072342, at *2 (overruling plaintiff's objections to

magistrate judge's stay order).  Thus, "[t]the general rule is for federal courts to defer ruling on

pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the

[district court presiding over the MDL proceedings]."  *Jackson*, 2001 WL 34048067, at *6.

## I.   Plaintiff's Remand Motion Does Not Prevent This Court From Staying Proceedings In This Case Pending The JPML's Transfer Ruling.

Although Plaintiff may contend that her pending Remand Motion precludes this Court from

granting this stay motion, that argument would miss the mark.  In the Roundup® litigation, federal

district courts repeatedly have stayed proceedings pending a JPML transfer ruling, even when such

a stay meant that a ruling on a pending remand motion was deferred until after the JPML transfer

ruling was issued.  *See supra* note 1 (citing *Hayes* Stay Order (Ex. 2); *Mowry* Stay Order (Ex. 3);

*Moore* Stay Order (Ex. 4); *Walter* Stay Order (Ex. 5); *Rawson* Stay Order (Ex. 6); *Cobb* Stay Order

(Ex. 7); *O'Brien* Stay Order (Ex. 8)).  Moreover, in other lawsuits, such stay rulings repeatedly

have been issued by this Court and other district courts.[2]

---

[2] *See, e.g.*, *Volkswagen Grp. of America*, 2016 WL 4072342; *Levy*, 2016 WL 8261798; *Torres*,
2014 WL 6910478; *Martinez*, 2005 WL 8163867; *Pace*, 2005 WL 6125457; *New Mexico State
Investment Council*, 317 B.R. 440; *see also, e.g.*, *Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-
CV-00668-KOB, 2016 WL 3483166, at *5-6  (N.D. Ala. June 27, 2016); *Roach v. Merck & Co.,
Inc.*, No. 06-0044-CG-C, 2006 WL 8437943, at *1 (S.D. Ala. Mar. 17, 2006). *Walker v. Merck &*

The numerous stay orders discussed above are consistent with the well-established principle that MDL courts can – and do – decide subject matter jurisdiction issues, including remand motions.  As the JPML stated, "We have long held that jurisdictional objections are not an impediment to transfer.  Plaintiff can present his motion for remand to state court to the transferee court."  *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012); *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (ruling in favor of JPML transfer and rejecting plaintiffs' argument that transfer was invalid due to lack of federal subject matter jurisdiction and improper removal; stating that "the jurisdictional objections can be heard and resolved by a single court" presiding over MDL proceedings); *Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the [JPML] of the ability to transfer the case.") (citing *Ivy*, 901 F.2d at 9); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (stating that "a pending motion for remand is not a bar to transfer" and that "[t]he transferee judge can rule on plaintiffs' pending remand motion"); *Roach*, 2006 WL 8437943, at *1 (stating that "[t]he existence of jurisdictional objections do not affect either the transferor court's ability to issue a stay or the MDL Panel's authority to transfer an action").

Likewise, in the *Moore* Roundup® lawsuit (which Monsanto removed from an Alabama state court), the JPML: (a) rejected plaintiff's argument that his remand motion should be decided by an Alabama federal court; and (b) transferred that lawsuit to the *In re Roundup* MDL Court over plaintiff's objections.  *See* JPML Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL

---

*Co., Inc.*, No. 05-CV-360-DRH, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005); *Bd. of Trustees of Teachers' Ret. Sys. of State of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900, 906 (N.D. Ill. 2002).

No. 2741 (J.P.M.L. Feb. 7, 2020) ("JPML Transfer Order") (attached as Exhibit 9).[3]  That transfer order stated that the pending remand motion, and the issue of remand, did *not* serve as a valid basis to deny transfer to the MDL Court because that remand motion would be decided by the MDL Court.  JPML Transfer Order at 1 (stating that the "jurisdictional issues [raised by plaintiffs] generally do not present an impediment to transfer" and that "Plaintiffs can present their remand arguments to the transferee judge") (citing *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).

## II.  A Brief Stay Pending The JPML Transfer Ruling Will Promote Judicial Economy, Will Not Prejudice Plaintiff, And Will Avoid Prejudice To Monsanto.

As this Court has stated, three factors should be examined when analyzing whether to stay a case while the JPML decides whether to transfer the case to a district court presiding over MDL proceedings:  the "judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated"; "potential prejudice to the non-moving party"; and "hardship and inequity to the moving party if the action is not stayed."  *Levy*, 2016 WL 8261798, at *1 (quotation marks omitted); *Pace*, 2005 WL 6125457, at *1.  In *Levy* and *Pace*, this Court granted stays pending JPML transfer rulings even though remand motions were pending.

Likewise, this Court should issue the stay requested by Monsanto here because, *inter alia*, judicial economy heavily favors a stay pending the JPML's transfer ruling.  In presiding over the *In re Roundup* MDL proceedings since 2016, Judge Chhabria has gained extensive experience with the factual and legal issues presented by the Roundup® litigation – and has issued rulings on various fraudulent joinder removal arguments.  In light of the JPML's decision to create the MDL Court to preside over coordinated pretrial proceedings in the Roundup® litigation and given the

---

[3] That JPML order also transferred other Roundup® cases with pending remand motions to the MDL Court over those plaintiffs' objections.

large number of Roundup® lawsuits, it is appropriate for remand motions in the Roundup®
litigation to be decided based on a single, consistent rule of law applied by the MDL Court.  That
is what a district court recognized in another Roundup® case when issuing a stay order pending
transfer to the MDL Court:

> Balancing [plaintiff's] argument of a slight delay in his remand ruling against
> preserving judicial resources and avoiding duplicative efforts, the Court, in
> its discretion, concludes that a temporary stay is warranted under the
> circumstances.  The MDL court presiding over the Roundup® lawsuits will
> be able to decide [plaintiff's] motion, along with similar remand motions,
> based on a consistent rule of law.

*Walter* Stay Order at 2-3 (Ex. 4).

This Court and other federal courts repeatedly have recognized that the interests of
promoting judicial economy and avoiding inconsistent rulings are served by allowing the JPML to
transfer cases to courts presiding over MDL proceedings.  *See Ivy*, 901 F.2d at 9 (stating that
"[c]onsistency as well as economy is thus served" by transferring cases to one MDL court); *Hurd
v. Novartis Pharm. Corp.*, No 20-262 JAP/GBW, 2021 WL 2914993, at *2 (D.N.M. July 12, 2021)
(Wormuth, M.J.) (granting motion for stay pending JPML transfer ruling; stating that "[s]taying
proceedings advances judicial economy" and "protects all parties" from the possibility of
inconsistent rulings); *Mims v. Davol, Inc.*, No. 16-CV-136 MCA/GBW, 2018 WL 3025059, at *3
(D.N.M. June 18, 2018) (same; stating that "imposing a stay in this case would avoid potentially
duplicative litigation" and that court's resources would be conserved by waiting for JPML transfer
ruling); *Avants v. Prospect Mortgage, LLC*, No. 13cv0376 WJ/KBM, 2013 WL 11826548, at *3
(D.N.M. Oct. 9, 2013) (same; stating that "[t]he Court will not expend its resources on efforts that
may later be changed by the JPML" and that "[t]his Court finds that the interests of judicial

economy weigh in favor of granting the stay").[4]  If this Court does not grant this stay motion, the Court runs the risk of wasting valuable judicial resources on a case that the JPML probably will transfer to the MDL Court if this Court gives the JPML the time needed to make that ruling.  *See Hess*, 2016 WL 3483166, at *5; *Avants*, 2013 WL 11826548, at *3; *see also Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp.*, No. 3:14CV706, 2015 WL 222312, at *3 (E.D. Va. Jan. 14, 2015) (stating that "[c]ourts often stay cases awaiting a JPML decision on inclusion into an MDL to avoid needless duplication of work") (quotation marks omitted).

Moreover, Plaintiff will not be prejudiced if this Court grants the brief stay requested here.  As discussed above, she can present her remand arguments to the MDL Court.  To the extent that Plaintiff is concerned about proceeding with discovery, the MDL Court established procedures pursuant to which she can access a voluminous collection of documents previously produced by Monsanto in other Roundup® lawsuits, which Plaintiff can use in this case – regardless of whether it remains in the MDL Court or is remanded to state court.  The MDL Court addressed sharing of discovery and coordination with state court Roundup® cases, stating that "[i]t is contemplated by

---

[4] *See also, e.g.*, *Hess*, 2016 WL 3483166, at *5 (stating that "the decision by the transferee court [presiding over MDL proceedings] would provide consistency and promote judicial economy" and granting stay pending JPML transfer ruling); *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (stating that "the likelihood of inconsistent rulings will be greatly diminished" after cases are transferred to one MDL court and that "[t]he desire to avoid inconsistent rulings guides decisions affecting the MDL process"); *Louisiana ex. rel. Caldwell v. Fresenius Med. Care Holdings, Inc.*, No. 14-490-SDD-RLB, 2014 WL 4441502, at *2 (M.D. La. Sept. 9, 2014) (granting motion to stay pending JPML transfer ruling because the "policies of efficiency and consistency in pre-trial rulings are furthered by a stay of these proceedings pending the MDL panel's decision [on transfer]"); *Reichert v. Mark Starring & Assocs., Inc.*, No. 11-2171, 2011 WL 5078279, at *2 (E.D. La. Oct. 26, 2011) (stating that "the policies of efficiency and consistency of pre-trial rulings will be furthered by a stay of the proceedings in this Court" pending a JPML transfer ruling); *Ortenzio v. Eli Lilly & Co.*, No. 1:06CV179, 2007 WL 1813786, at *1 (N.D. W. Va. June 21, 2007) (stating that "one of the important functions of a transfer to the JPML pursuant to 28 U.S.C. § 1407(a) is to further judicial economy and to eliminate the potential for conflicting pretrial rulings") (quotation marks omitted).

the Court and the parties that all discovery conducted in these proceedings may be used in any

related state court action, in accordance with that state's law and rules of evidence . . . subject to

any agreements between the parties, and to all orders regarding the confines of discovery within

this MDL and the issuance of similar protective orders and discovery protocols in the state court

proceedings."  Pretrial Order No. 7, at 2, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-

VC (N.D. Cal. Jan. 10, 2017), ECF No. 103.  Thus, allowing this lawsuit to be transferred to the

MDL Court – if the JPML determines that transfer is appropriate – will not preclude Plaintiff from

getting access to Monsanto's documents.[5]

Finally, any prejudice arguments that Plaintiff may make do not outweigh the prejudice to

Monsanto and the interests of judicial economy that favor a brief stay in this case.  Monsanto

should not be subjected to potentially inconsistent rulings and the burden of duplicative litigation,

and this Court should not waste judicial resources on this Roundup® lawsuit, given that the JPML

has designated the MDL Court to preside over coordinated and consolidated pretrial proceedings

for Roundup® lawsuits.  *See Volkswagen Grp. of America*, 2016 WL 4072342, at *2 (overruling

objections to magistrate judge's stay order based on, *inter alia*, "the potential prejudice to

defendants in terms of duplicative motions practice" and conclusion that it "would be a waste of

this Court's judicial resources to consider a motion to remand on a case that ultimately may be

transferred to the MDL [judge]"); *Levy*, 2016 WL 8261798, at *2 (granting stay motion because,

*inter alia*, "if the Court denies a stay, [defendant] will bear the burden of duplicative litigation in

---

[5] If Plaintiff has any prejudiced-based arguments for opposing transfer of this lawsuit to the MDL
Court, she can present those arguments to the JPML.  If those arguments have merit, the JPML
will decline to transfer this case to the MDL court.  For purposes of Monsanto's stay motion, the
issue is not whether Plaintiff would be prejudiced by transfer to the MDL Court but rather whether
Plaintiff would be prejudiced by this Court briefly staying proceedings in this case while the JPML
decides whether the case should be transferred to the MDL Court.

different courts and there is a possibility of conflicting decisions" and granting stay motion "would conserve judicial resources"); *Yearwood v. Johnson & Johnson, Inc.*, No. RDB-12-1374, 2012 WL 2520865, at *4 (D. Md. June 27, 2012) (stating that denial of stay motion "would potentially subject Defendant[s] to the significant burden of duplicative litigation" and that "[d]efendants would be prejudiced by additional discovery or motion practice that could create duplicative and potentially inconsistent obligations") (quotation marks omitted); *Brandt v. BP, P.L.C.*, No. 2:10-cv-01460, 2010 WL 2802495, at *2 (D.S.C. July 14, 2010) (stating that a "delay of a few months . . . [is] slight when compared to the hardship to the defendants and the interests of judicial economy" and that "the burden of litigating in multiple jurisdictions" is one of the reasons for staying the proceedings).

## **CONCLUSION**

For the foregoing reasons, the Court should grant this motion on an expedited basis and stay all proceedings in this case – including briefing and ruling on the Remand Motion – until after the JPML has decided whether to transfer this case to the MDL Court.

Dated: October 26, 2021

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Alex Walker*
Alex C. Walker
Post Office Box 2168
Albuquerque, NM 87103-2168
Telephone: (505) 848-1800
Facsimile: (505) 848-9710
awalker@modrall.com

*Attorney for Defendant Monsanto Company*

WE HEREBY CERTIFY that on this 26th day of October, 2021, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Alex Walker* _____

  Alex C. Walker

*W4195590.DOCX*