## BEFORE THE UNITED STATES
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741 |
| MARITA RENTERIA, | D.N.M. Case No. 2:21-cv-00994 |
| Plaintiff, | |
| v. | |
| MONSANTO COMPANY and SIDCO CORPORATION, | |
| Defendants. | |

### MONSANTO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-292)

Plaintiff Marita Renteria does not and cannot dispute that this case shares common issues of fact with the cases already centralized in MDL No. 2741. Like the majority of plaintiffs in the MDL, Plaintiff is suing Monsanto Company ("Monsanto") claiming that Monsanto's Roundup®-branded products caused her to develop non-Hodgkin's Lymphoma ("NHL"). *See* Plaintiff's Amended Complaint, Introduction & ¶¶ 56–58, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 14, 2021, 2021), ECF No. 2493-3 at 3, 17; CTO-292, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 15, 2021), ECF No. 2497. However, in an effort to avoid the MDL, Plaintiff opposes transfer based on: (1) an oft-rejected argument that the transferor court should first decide her pending motion to remand; and (2) an irrelevant and baseless accusation of gamesmanship in other cases. The arguments should be rejected.

It is well-settled that this Panel does not consider the merits of remand motions when deciding transfer issues and that the pendency of remand motions in transferor courts does not

1

prevent transfer. *See, e.g.*, Transfer Order, *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754, at 1-2 (J.P.M.L. May 30, 2017), ECF No. 170 ("*In re Eliquis* Transfer Order") (citing *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001)).  In fact, the Panel has repeatedly transferred cases to this MDL despite pending remand motions in those cases. *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Aug. 10, 2021), ECF No. 2417; Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616; Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283.

Transfer is efficient given the work completed to date in the MDL.  That effort includes significant discovery regarding the regulatory history of the products at issue and the consideration of various arguments by the parties regarding the applicable scientific evidence. *See* Pretrial Order No. 34: Modifying Schedule, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC  (N.D. Cal. Nov. 17, 2017), ECF No. 761; Pretrial Order No. 45: Summary Judgment and *Daubert* Motions, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC  (N.D. Cal. July 10, 2018), ECF No. 1596.  Further, there is a procedure in place for case-specific discovery to begin with "all cases that are currently part of this MDL and that will become part of this MDL," starting with deadlines for submission of Plaintiff Fact Sheets. *See* Pretrial Order 50: Plaintiff Fact Sheet Completion and Deficiencies, *In re: Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC  (N.D. Cal. Sept. 26, 2018), ECF No. 1883.  The Panel has affirmed that progress continues to be made in the MDL and centralization is justified.  Order Vacating Conditional Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, at 1 (J.P.M.L. Oct. 5, 2020), ECF No. 2027 (noting that actions within the "MDL involve allegations that plaintiffs developed [NHL] . . . as a result of

exposure to Monsanto's glyphosate-based herbicides" and that "there are still efficiencies to be gained through transfer of potential tag-along actions involving the cancers that are the subject of the litigation"); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("[S]ignificant efficiency and convenience benefits remain to be achieved through the continued transfer of tag-along actions to MDL No. 2741."). Therefore, transfer of this matter to MDL No. 2741 will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). Plaintiff's Motion to Vacate should be denied.

I.    **BACKGROUND**

Despite seeking this MDL, plaintiffs in the Roundup® litigation generally have filed numerous cases in various state courts in an apparent effort to bypass the MDL Court when desired, often by fraudulently joining in-state defendants in an attempt to defeat diversity jurisdiction.

Here, Plaintiff has done just that, bringing claims against diverse defendant Monsanto as well as non-diverse defendant, Sidco Corporation ("Sidco"), which Plaintiff fraudulently joined in an effort to prevent removal. *See* Amended Complaint, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. October 14, 2021), ECF No. 2493-3.   Monsanto removed this case to the District of New Mexico on October 13, 2021—within 30 days of the filing of the Amended Complaint, which for the first time, asserted only one, patently non-viable claim against Sidco. *See* Notice of Removal, *Renteria v. Monsanto Co., et al.*, No. 2:21-cv-00994-JB-SMV (D.N.M. Oct. 13, 2021), ECF No. 1.   As detailed in Monsanto's Notice of Removal and Monsanto's Opposition to Plaintiff's Motion to Remand, Sidco was founded by Plaintiff's parents and is now run by her brother, Sidco's Director and President. *See* Monsanto's Notice of Removal, *Renteria*, No. 2:21-cv-00994-JB-SMV (D.N.M. Oct. 13, 2021), ECF No. 1; Monsanto's Opposition to

Plaintiff's Motion to Remand, *Renteria*, No. 2:21-cv-00994-JB-SMV (D.N.M. Nov. 5, 2021), ECF No. 13. Plaintiff never pursued any discovery against Sidco and failed to seek an entry of default against Sidco, even though ***more than 18 months elapsed*** between when Sidco entered its appearance and when it responded to the Complaint by filing its Answer. Moreover, Plaintiff waited until September 27, 2021—more than a year after filing this lawsuit—before she filed the Amended Complaint that gave rise to Monsanto's fraudulent joinder removal argument. As discussed in more detail in Monsanto's Notice of Removal and Monsanto's Opposition to Plaintiff's Motion to Remand, Plaintiff engaged in bad faith conduct in a scheme to prevent Monsanto from exercising its important right to remove this lawsuit to federal court.[1]

Monsanto provided notice to the Panel of this potential tag-along action on October 14, 2021. *See* Monsanto's Notice of Potential Tag-along Action, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 14 2021), ECF No. 2493. Plaintiff timely noticed her opposition to the transfer. *See* Plaintiff's Notice of Opposition (CTO-292), *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 15, 2021), ECF No. 2500. Pursuant to the briefing schedule established by the Panel, Plaintiff filed her Motion to Vacate the Conditional Transfer Order (CTO-292), along with a supporting Brief, on November 1, 2021. *See In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Nov. 1, 2021), ECF No. 2525 ("Motion to Vacate").

In the transferor court, Plaintiff filed a motion to remand this case to state court on October 14, 2021. *See* Plaintiff's Motion to Remand, *Renteria*, No. 2:21-cv-00994-JB-SMV (D.N.M. Oct.

---

[1] Plaintiff's arguments regarding untimeliness lack merit. Monsanto's Notice of Removal was timely and complied with two provisions in the removal statute. *See* 28 U.S.C. § 1446(b)(3) (stating that, when a case is not removable based on an initial pleading, a notice of removal may be filed within 30 days from the service of "an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable"); 28 U.S.C. § 1446(c)(1) (stating that a case can be removed more than a year after its initial filing if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action").

22, 2021), ECF No. 5 ("Remand Motion").  On October 26, 2021, Monsanto requested that the case be stayed pending this Panel's decision on MDL transfer.  *See* Monsanto's Expedited Motion to Stay Proceedings Pending JPML Ruling on Transfer to Multidistrict Litigation, *Renteria*, No. 2:21-cv-00994-JB-SMV  (D.N.M. Oct. 26, 2021), ECF No. 7 ("Monsanto's Motion to Stay").  Plaintiff filed an opposition, *Renteria*, No. 2:21-cv-00994-JB-SMV (D.N.M. Oct. 29, 2021), ECF No. 8, and Monsanto filed a reply, *Renteria*, No. 2:21-cv-00994-JB-SMV  (D.N.M. Nov. 1, 2021), ECF No. 11.  On November 3, 2021, the transferor court entered an order declining to stay briefing on the Remand Motion.  *Renteria*, No. 2:21-cv-00994-JB-SMV  (D.N.M. Nov. 3, 2021), ECF No. 12.

Accordingly, on November 5, 2021, Monsanto filed its opposition to the Remand Motion. *See Renteria*, No. 2:21-cv-00994-JB-SMV  (D.N.M. Nov. 5, 2021), ECF No. 13.  The briefing on the Remand Motion closed with Plaintiff's reply, filed November 12, 2021.  *See Renteria*, No. 2:21-cv-00994-JB-SMV  (D. N.M. Nov. 12, 2021), ECF No. 14.

## II.    ARGUMENT

### A.    The Panel Should Transfer This Action to MDL No. 2741.

#### 1.    This case meets the criteria for MDL transfer.

Transfer to MDL No. 2741 best promotes the just and efficient resolution of Plaintiff's claims.  This case shares common questions of fact with those already consolidated in MDL No. 2741.  Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741, at 2 (J.P.M.L. Oct. 3, 2016), ECF No. 57 (noting cases in the MDL "share common factual questions arising out of allegations that Monsanto's Roundup herbicide, particularly its active ingredient, glyphosate, causes [NHL]"); *see also In re: Roundup Prods. Liab. Litig.*, 214 F. Supp. 3d 1346, 1348 (J.P.M.L. Oct. 3, 2016) ("Issues concerning general causation, the background science, and regulatory history will be common to all actions."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No.

2741, at 1 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 ("Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core.").

Plaintiff's Motion to Vacate and Remand Motion further demonstrate the increased efficiency that MDL transfer promotes in these circumstances. It would be highly inefficient and would present a risk of inconsistent decisions for district courts around the country presiding over Roundup® cases to decide remand motions presenting similar fraudulent joinder arguments. Rather, the MDL Court can and should act as a clearinghouse for these kinds of rulings and, in fact, has already done so when deciding several remand motions involving fraudulent joinder arguments. *See, e.g.*, *In re Roundup Prods. Liab. Litig. (Salas)*, MDL No. 2741, 2021 WL 5149862 (N.D. Cal. Nov. 5, 2021) (denying remand motion and accepting Monsanto's fraudulent joinder arguments); *In re Roundup Prods. Liab. Litig. (Carson)*, MDL No. 2741, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021) (same); *In re Roundup Prods. Liab. Litig. (Pike)*, MDL No. 2741, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021) (same); *In re Roundup Prods. Liab. Litig. (Roybal)*, MDL No. 2741, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021) (same); *In re Roundup Prods. Liab. Litig. (Bryant)*, MDL No. 2741, 2019 WL 6873145 (N.D. Cal. Dec. 16, 2019) (same); *see also, e.g.*, *In re Crown Life Ins. Co. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole."). Indeed, in recent remand-denial rulings addressing fraudulent joinder arguments, the MDL Court repeatedly has invoked "the experience the Court has gained throughout the course of this MDL." *Roundup Prods. Liab. Litig. (Salas)*, 2021 WL 5149862, at *2 (quoting *Roundup Prods. Liab. Litig. (Roybal)*, 2021 WL 4186714, at *2).

Plaintiff claims that her Remand Motion "raises unique issues" rendering transfer

inefficient, Br. ISO Motion to Vacate at 7–8, but fraudulent joinder removals generally involve different factual scenarios, different underlying substantive law, and different non-diverse defendants, so her argument lacks merit. For example, the Panel recently denied a plaintiff's motion to vacate a CTO in the *Salas* case, which involved three fraudulently joined defendants. Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Aug. 10, 2021), ECF No. 2417. That case also involved circumstances that could well have been described as unique: two of the defendants had acquired a store where, prior to the acquisition, the plaintiff had allegedly purchased Roundup®-branded products, and the third defendant was a Monsanto employee. *See Roundup Products Liab. Litig. (Salas)*, 2021 WL 5149862, at *1–2. Nonetheless, as noted above, the eventual remand-denial ruling was based, in part, on the MDL Court's "experience . . . gained throughout the course of" the *Roundup* MDL. *Id.* at *2.

Plaintiff's preference to avoid the MDL Court by filing in state court does not outweigh the efficiencies of having this case adjudicated, along with other Roundup cases, by the MDL Court. Moreover, transferring this case to the MDL Court presents the most efficient path for ultimate resolution of this lawsuit. The MDL Court is very familiar with the issues presented by this litigation as a whole and is best positioned to resolve Plaintiff's claims. *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 at 1-2 (J.P.M.L. Oct. 2, 2019), ECF No. 1283. And Plaintiff's Remand Motion essentially admits that this case is far behind where it would be if it were transferred to the MDL Court, stating that the "case was just getting off the ground with the commencement of discovery when Monsanto filed the Notice of Removal." *See* Plaintiff's Motion to Remand, *Renteria*, No. 2:21-cv-00994-JB-SMV (D. N.M. Oct. 22, 2021), ECF No. 6.

Plaintiff does not dispute this point; her arguments relating to efficiency—the central question before this Panel—relate solely to the circumstances of her Remand Motion.[2]

Transfer, therefore, will serve "the convenience of parties and witnesses" and "promote the just and efficient conduct of such actions," *see* 28 U.S.C. § 1407(a).  Plaintiff's wish to avoid the MDL does not change the fact that, at this point in the litigation, this case can be resolved most efficiently in the MDL.  *See, e.g.*, *In re: Gadolinium Contrast Dyes Prods. Liab. Litig.*, MDL No. 1909, 2012 WL 7807340, at *1 (J.P.M.L. Apr. 16, 2012) (denying motion to vacate CTO where plaintiff argued that case was improperly removed from parallel consolidated state court proceedings and remand motion was fully briefed).

### 2.   The pending motion to remand does not prevent transfer.

Although Plaintiff attempts to present her Remand Motion as a basis for the Panel to conclude that transfer would not be efficient in this case, her argument bottoms out on the foreclosed contention that transfer is improper because (she argues) diversity jurisdiction is absent. *See* Br. ISO Motion to Vacate at 9.  The Panel rejects this argument every time it is made.  *See, e.g.*, Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Feb. 5, 2020), ECF No. 1616 ("Such jurisdictional issues generally do not present an impediment to transfer. . . . Plaintiffs can present their remand arguments to the transferee judge."); Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 2, 2019), ECF No. 1283 (same, noting that between the date of filing of a remand motion and when transfer to MDL is finalized, the

---

[2] Ironically, while suggesting that the Remand Motion is complex and unique, Plaintiff also claims that the lack of diversity jurisdiction is "obvious" and "clear." Br. ISO Motion to Vacate at 7–8.  Of course, it is not for the Panel to determine whether removal was appropriate. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand.").  As briefly explained above, however, Monsanto's removal was proper because Plaintiff fraudulently joined Sidco, her family business.

transferor court has sufficient time to rule on remand motions if they so choose to do); *In re: Eliquis* Transfer Order at 1–2 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *In re: Genetically Modified Rice Litig.*, MDL No. 1811, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011) (same, and holding that "[a]s we have often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer"); *In re: Gadolinium Contrast Dyes*, 2012 WL 7807340, at *1 (holding that "[w]e have long held that jurisdictional objections are not an impediment to transfer. Plaintiff can present his motion for remand to state court to the transferee court."); *In re: Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, MDL No. 2226, 2012 WL 7764151, at *1 (J.P.M.L. Apr. 16, 2012) (same, holding that "while transfer of a particular action might inconvenience some parties to that action, such transfer is often necessary to further the expeditious resolution of the litigation taken as a whole"); *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, MDL No. 2187, 2015 WL 1641343, at *1 (J.P.M.L. Apr. 7, 2015) (same); *In re Crown Life Ins.*, 178 F. Supp. 2d at 1366 (same). Plaintiff does not cite a single Panel ruling in which the Panel denied transfer based on a pending motion to remand, and she completely ignores the large number of Panel rulings to the contrary.

### 3.   Plaintiff's resort to baseless accusations provides further support for the conclusion that the Motion to Vacate lacks merit.

As shown above, Plaintiff's arguments relating to transfer are recycled arguments that plaintiffs routinely make and that this Panel routinely rejects. Plaintiff apparently recognizes that her other arguments will not win the day, so she resorts to baseless accusations, claiming that transfer should be denied here because Monsanto did not unilaterally tag certain Roundup®-related consumer class actions to the MDL. Br. ISO Motion to Vacate at 10. The questions before the Panel, however, are whether "*this action* involves common questions of fact with the actions previously transferred to MDL No." 2741 and whether transfer "will serve the convenience of the

parties and witnesses and promote the just and efficient conduct of the litigation."   *In re: C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2015 WL 1641343, at *1 (emphasis added). Plaintiff's irrelevant attempt to impugn Monsanto should be disregarded.

In the interest of correcting the record, however—and as this Panel's rulings already reflect—Monsanto has never, as Plaintiff contends, "gamed the MDL system," Br. ISO Motion to Vacate at 10.   Plaintiff's accusations are based on a Transfer Order entered by this Panel on October 8, 2021.   *See* Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 8, 2021), ECF No. 2488.   The referenced order merely grants a motion to transfer that, in the Panel's own words, "present[ed] a close question."   Transfer Order, *In re: Roundup Prods. Liab. Litig.*, MDL No. 2741 (J.P.M.L. Oct. 8, 2021), ECF No. 2488.   Nothing about the ruling suggests any improper conduct on Monsanto's part, and Plaintiff's attempt to distort routine litigation into some sort of misconduct highlights the weakness of her substantive arguments.

**B.      Plaintiff's request that the Panel "abstain" from ruling is baseless and should be denied because the transferor court has enough time to rule on the Remand Motion, if it wants to do so before the Panel rules on the motion at issue here.**

Though she purports to seek efficiency, Plaintiff also asks the Panel to "abstain" from ruling on her Motion to Vacate until the transferor court decides her Remand Motion.   Br. ISO Motion to Vacate at 10–11, but such requests are routinely denied and should be denied here. The Panel has repeatedly held that "there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion" because the transferor court has sufficient time and retains the jurisdiction to rule on a motion while the Panel considers a contested MDL transfer in its normal course.   *In re Prudential*, 170 F. Supp. 2d at 1347-48 (denying plaintiffs' motion to vacate CTO premised on pending remand motion); *see also In re Asbestos Prods. Liab. Litig.*, 170 F. Supp. 2d 1348, 1349 n.1 (J.P.M.L. 2001) (same); *In re: Eliquis* Transfer Order at 1 n.2 (same); *In re: C.R. Bard*, 2015 WL 1641343, at *1 n.1 (same).

Rather than citing any ruling from this Panel that stayed transfer pending resolution of a motion to remand, Plaintiff cites a secondary source that references an unpublished order from 1977 that apparently, under unknown circumstances, reached such a result. *See* Br. ISO Motion to Vacate at 11 (citing Stanley A. Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 585 n.15 (1978)). That unpublished order has not been presented to the Panel (or to Monsanto) so one cannot assess whether the order is accurately described in the cited secondary source and cannot evaluate the persuasiveness—or lack of persuasiveness—of that order. Plaintiff's reliance upon such an outdated, flimsy "authority" and Plaintiff's failure to cite anything more recent and persuasive shows what little support she has for the extraordinary relief that she requests. The Panel should decide Plaintiff's motion without waiting for a ruling on the remand motion.

## III.    CONCLUSION

For the foregoing reasons, Monsanto requests that the Panel deny Plaintiff's Motion to Vacate and transfer this action to MDL No. 2741.

Dated: November 22, 2021                    Respectfully submitted,

                                            SHOOK, HARDY & BACON L.L.P.

                                            BY: */s/Jennise W. Stubbs*
                                                Jennise W. Stubbs
                                                600 Travis Street, Suite 3400
                                                Houston, TX  77002-2926
                                                Telephone:  (713) 227-8008
                                                Facsimile:   (713) 227-9508
                                                Email:        jstubbs@shb.com

                                            *Attorneys for Defendant*
                                            *MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of November, 2021, I electronically transmitted the foregoing **DEFENDANT MONSANTO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-292)** to the Clerk of the court using the ECF system for filing and transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by FED. R. CIV. P. 5.

*/s/Jennise W. Stubbs*
Jennise W. Stubbs