# U.S. District Court
## Eastern District of Louisiana (New Orleans)
### CIVIL DOCKET FOR CASE #: 2:21-cv-02315-SM-KWR

| | |
|---|---|
| Gautier et al v. Monsanto Company et al | Date Filed: 12/16/2021 |
| Assigned to: Judge Susie Morgan | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Karen Wells Roby | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Demand: $75,000 | |
| Cause: 28:1332 Diversity-Personal Injury | Jurisdiction: Diversity |

**Plaintiff**

**Nadezhda Gautier**    represented by    **John M. Robin**
John M. Robin, Attorney at Law
600 Covington Center
Covington, LA 70433
985-893-0370
Email: johnmrobin@johnmrobinlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Thomas Gautier**    represented by    **John M. Robin**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

**Defendant**

**Bayer Corporation**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/16/2021 | 1 | COMPLAINT with jury demand against Bayer Corporation, Monsanto Company (Filing fee $ 402 receipt number ALAEDC-9150023) filed by Nadezhda Gautier, Thomas Gautier. (Attachments: # 1 Civil Cover Sheet)Attorney John M. Robin added to party Nadezhda Gautier(pty:pla), Attorney John M. Robin added to party Thomas Gautier(pty:pla).(Robin, John) (Entered: 12/16/2021) |
| 12/16/2021 | 2 | Initial Case Assignment to Judge Susie Morgan and Magistrate Judge Karen Wells Roby. (aj) (Entered: 12/16/2021) |

CLERK'S OFFICE
A TRUE COPY
Dec 17 2021
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NADEZHDA GAUTIER and her husband THOMAS M. GAUTIER | * * * | CIVIL ACTION NO. 2:21-cv-2315 |
| VERSUS | * * | SECTION " " |
| MONSANTO COMPANY and BAYER CORPORATION | * * * | Judge: Magistrate: |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | JURY TRIAL REQUESTED |

## **COMPLAINT AND JURY DEMAND**

AND NOW COME, Plaintiffs, Nadezhda Gautier and her husband Thomas M. Gautier; by and through undersigned attorneys, who files this Complaint against Defendant, Monsanto Company; and avers in support thereof the following:

### **NATURE OF THE CASE**

l. This is an action for damages suffered by Plaintiff as a direct and proximate result of Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup containing the active ingredient glyphosate.

2. Plaintiffs maintain that Roundup and/or glyphosate is defective, dangerous, and harmful to health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use.

3. Plaintiff's injuries, like those striking thousands of similarly situated victims across the country, were avoidable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendants and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants. Defendants are either incorporated and/or have their principal place of business outside of the state in which the Plaintiffs reside.

5. The amount in controversy between Plaintiffs and Defendants exceeds $75,000.00, exclusive of interest and cost.

6. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper within this district pursuant to 28 U.S.C. § 1391 in that Defendant conducts business here and is subject to personal jurisdiction in this district. Furthermore, Defendant sells, markets, and/or distributes Roundup within the State of Louisiana. Also, a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## PARTIES

1. Plaintiffs, Nadezhda Gautier and her husband Thomas M. Gautier, are an adult individual and currently a citizen and resident of the Parish of St. Tammany, State of Louisiana.

2. "Roundup" refers to all formulations of Defendant's roundup products.

3. Defendant MONSANTO COMPANY is a Delaware corporation, with a principal place of business in St. Louis, Missouri.

4. Defendant MONSANTO COMPANY is hereafter referred to "Monsanto Defendant" or "Defendant".

5. Defendant BAYER CORPORATION "Bayer or Defendant" who acquired and merged with MONSANTO COMPANY is the parent company of MONSANTO COMPANY, with a

2

principal place of business in Whippany, New Jersey.

6. Defendant advertises and sells goods, specifically Roundup, in St. Tammany Parish, Louisiana.

7. Defendant transacted and conducted business within the State of Louisiana that relates to the allegations in this Complaint.

8. Defendant derived substantial revenue from goods and products used in the State of Louisiana.

9. Defendant expected or should have expected their acts to have consequences within the State of Louisiana, and derived substantial revenue from interstate commerce.

10. Defendant engaged in the business of designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling, and/or selling Roundup.

11. Defendant is authorized to do business in Louisiana and derive substantial income from doing business in this state.

12. Upon information and belief, Defendant purposefully availed themselves of the privilege of conducting activities within the State of Louisiana, thus invoking the benefits and protections of its laws.

13. Upon information and belief, Defendant did act together to design, sell, advertise, manufacture and/or distribute Roundup, with full knowledge of its dangerous and defective nature.

**FACTUAL ALLEGATIONS**

1.

From approximately the years 2000 to 2017, Nadezhda Gautier used Round Up spray bottles

3

to control weeds at her New Orleans and Metairie homes nearly every week.

2.

The Roundup product was used regularly by plaintiff as a tool to maintain her property until Nadezhda Gautier was diagnosed with B-cell non-Hodgkins Lymphoma in March 2018. Nadezhda Gautier discovered that Roundup was the cause of her B-cell non-Hodgkins Lymphoma on or about June 2021.

3.

At all relevant times, Defendant was in the business of, and did, design, research, manufacture, test, advertise, promote, market sell, distribute, and/or have acquired and are responsible for those who have designed, researched, manufactured, tested, advertised, promoted marketed, sold, and distributed the commercial herbicide Roundup.

4.

Monsanto is a multinational agricultural biotechnology corporation based in Peapack, New Jersey. It is the world's leading producer of glyphosate.

5.

Defendant discovered the herbicidal properties of glyphosate during the 1970's and subsequently began to design, research, manufacture, sell and distribute glyphosate based "Roundup" as a broad spectrum herbicide.

6.

Glyphosate is the active ingredient in Roundup.

7.

Glyphosate is a broad-spectrum herbicide used to kill weeds and grasses known to compete

with commercial crops grown around the globe.

8.

For nearly 40 years, consumers have used Roundup, unaware of its carcinogenic properties.

9.

At all times material hereto, Monsanto intended that Roundup reach the consumers, including the plaintiff, in the condition in which it was originally sold and distributed by them.

10.

At all times material hereto, Monsanto put Roundup into the stream of commerce without any alteration or modification of the drug by any distributer or retailer.

11.

At all times material hereto, Monsanto designed, tested, manufactured, labeled, formulated warnings, marketed, promoted, sold, and distributed Roundup to consumers throughout the United States, including the plaintiff.

12.

Monsanto knew, or should have known if they had exercised reasonable care, that Roundup was unsafe and/or unreasonably dangerous to certain individuals, including the plaintiff, but withheld such information from consumers, including the plaintiff.

13.

Upon information and belief, Monsanto's and Roundup's warnings, if any, were inadequate to inform plaintiff and other consumers as to the known dangers associated with the exposure to Roundup, which rendered the drugs defective and unreasonably dangerous under LRS 9:2800.51 - 9:2800.59, known as the Louisiana Products Liability Act.

14.

Plaintiff had no knowledge, or reason to believe of the potential dangers, particularly B-cell non-Hodgkins Lymphoma and/or other severe or life threatening skin or other adverse reactions associated with using Roundup. Had the defendant, Monsanto, included adequate warning of the dangers associated with Roundup, Plaintiff would not have purchased Roundup. Therefore, Plaintiff would not have been exposed to Roundup.

15.

The defendant, Monsanto, failed to warn consumers, including the plaintiff, in any of the material associated with Roundup, such as package inserts, the label on the box or packaging, and/or in any of their advertisements of Roundup, that Roundup could cause B-cell non-Hodgkins Lymphoma.

16.

At all times material hereto, plaintiff used Roundup in accordance with the product label, the packaging material, and/or the box or packaging.

17.

As a direct and proximate result of being exposed to Roundup, plaintiff developed B-cell non-Hodgkins Lymphoma.

18.

As a direct and proximate result of Monsanto's negligence, carelessness, and/or recklessness described in this complaint, plaintiff suffered severe physical and psychological pain and suffering, inconvenience, and the loss of life's pleasures and enjoyment.

19.

As a direct and proximate result of Monsanto's negligence, carelessness, and/or recklessness described in this complaint, Plaintiff suffered a loss of earnings and earning capacity, to her great financial detriment and loss.

20.

As a direct and proximate result of Monsanto's negligence, carelessness, and/or recklessness described in this complaint, Plaintiff has incurred and will continue in the future to incur medical bills for medical treatment in an attempt to effect a cure for her injuries.

21.

Defendant, Monsanto had a duty to use reasonable care in designing, manufacturing, testing, labeling, packaging, taking to market, marketing, promoting, selling, advertising, formulating warnings, actually warning, and/or distributing Roundup.

22.

Defendant, Monsanto, breached their duties to the plaintiff as set forth below.

23.

Defendant, Monsanto knew, or should have known if they had exercised reasonable care, that Roundup was of such a nature that if not properly manufactured, labeled/adequate with warnings, tested, and/or inspected before sold, the product would likely cause harm to the product user, including Plaintiff.

24.

Defendant, Monsanto knew, or should have known if they had exercised reasonable care, that Roundup caused unreasonably dangerous side effects including, but not limited to B-cell non-Hodgkins Lymphoma, and/or other severe or life-threatening or other adverse reactions associated

7

with using Roundup.

25.

Despite this knowledge, defendant continued to promote, market, distribute, and sell Roundup to consumers, including the plaintiff without adequate warnings of these side effects.

26.

Defendant, Monsanto knew, or should have known if they had exercised reasonable care, that consumers, including the plaintiff, would suffer a foreseeable injury as a consequence of the defendant's failure to exercise its due care in its manufacturing, testing, labeling, packaging, marketing, promoting, selling, advertising, warning, and/or distributing Roundup.

27.

Defendant, Monsanto failed to adequately warn and/or report to consumers, including the plaintiff, that during its testing of Roundup there were numerous instances of severe adverse skin or other adverse reactions to the product, including, but not limited to B-cell non-Hodgkins Lymphoma.

28.

As a direct and proximate result of the defendant's negligence, carelessness, and/or recklessness described in this complaint, plaintiff suffered damages as set forth above.

29.

Defendant, Monsanto is liable to petitioner under LRS 9:2800.51-2800.59, known as the Louisiana Products Liability Act, which is pled as if copied in extenso.

30.

Defendant is liable to petitioner under LCC Article 2315 et. seq. for negligence as set forth

above.

31.

Additionally, Nadezhda Gautier's husband, Thomas M. Gautier, asserts a claim for loss of consortium and services and society.

**WHEREFORE**, plaintiffs, pray for reasonable damages and judgment against the defendant, Monsanto Company, in an amount which will appropriately compensate the plaintiff for her injuries. Plaintiffs, Nadezhda Gautier and her husband, Thomas M. Gautier, further pray for legal interest thereon from the date of judicial demand, and for all costs of these proceedings and for all general and equitable relief as the law may allow and FOR TRIAL BY JURY.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted:

/s/ *Zachary D. Rhodes*

_____
JOHN M. ROBIN (LSBA #11341)
ZACHARY D. RHODES, LSBA #38063
CATHERINE M. ROBIN (LSBA #37398)
600 Covington Center
Covington, Louisiana 70433
Telephone: (985) 893-0370
Fax: (985) 893-2511
johnmrobin@johnmrobinlaw.com

**SERVICE VIA WAIVER OF SERVICE:**

Monsanto Company
Through Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802



CLERK'S OFFICE
A TRUE COPY
Dec 17 2021
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

9

Bayer Corporation
Through Registered Agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

10