Query   Reports   Utilities   Help   Log Out

# United States District Court
# District of Massachusetts (Boston)
# CIVIL DOCKET FOR CASE #: 1:21-cv-12113-DJC

Sullivan v. Monsanto Company
Assigned to: Judge Denise J. Casper
Case in other court: Essex County Superior Court, 2177CV00659A
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 12/22/2021
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Patrick Sullivan**   represented by   **Paula S. Bliss**
Justice Law Collaborative, LLC
19 Belmont Street
South Easton, MA 02375
508-230-2700
Email: pbliss@bkbblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**   represented by   **Melissa Nott Davis**
Shook Hardy & Bacon LLP
1 Federal Street
Suite 2540
Boston, MA 02110
617-531-1411
Fax: 617-531-1602
Email: mndavis@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2021 | 1 | NOTICE OF REMOVAL by Monsanto Company ( Filing fee: $ 402, receipt number AMADC-9111300 Fee Status: Filing Fee paid) (Attachments: # 1 Exhibit Notice of Removal Exhibit 1, # 2 Supplement Category Form, # 3 Supplement Civil Action Coversheet)(Davis, Melissa) (Entered: 12/22/2021) |
| 12/22/2021 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Denise J. Casper assigned to case. If the trial Judge issues an Order of Reference of any matter in this case |

|  |  |  |
|---|---|---|
|  |  | to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Finn, Mary) (Entered: 12/22/2021) |
| 12/22/2021 | 3 | NOTICE of Appearance by Melissa Nott Davis on behalf of Monsanto Company (Davis, Melissa) (Entered: 12/22/2021) |
| 12/22/2021 | 4 | CORPORATE DISCLOSURE STATEMENT by Monsanto Company. (Davis, Melissa) (Entered: 12/22/2021) |
| 12/22/2021 | 5 | Certified Copy of Notice of Removal Provided to Defense Counsel by Email. (Burgos, Sandra) (Entered: 12/22/2021) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/23/2021 10:24:18 | | | |
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.356965 |
| **Description:** | Docket Report | **Search Criteria:** | 1:21-cv-12113-DJC |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICK SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | Civil Action No. _____ |

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Patrick Sullivan* v. *Monsanto Company,* bearing Case Number 2177CV00659A, from the Essex County Superior Court to the United States District Court for the District of Massachusetts. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1. In this products liability lawsuit, Plaintiff Patrick Sullivan sues Monsanto for injuries allegedly caused by Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. The United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that he developed

4856-1083-4439

cancer — specifically, non-Hodgkin's lymphoma ("NHL") — caused by exposure to glyphosate-based herbicides.

2. This is one of many lawsuits that have been filed involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Massachusetts. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Roundup®-branded herbicides.

4. This case originally involved defendants other than Monsanto, including non-diverse defendants. Plaintiff previously stipulated to the voluntary dismissal of all of his claims against all other defendants, however, and the state court entered an order dismissing those claims on December 21, 2021. This removal timely follows within 30 days of the entry of the December 21 order that rendered this case removable. *See* 28 U.S.C. § 1446(b)(3).

**Background and Procedural History**

5. On June 23, 2021, Plaintiff commenced this lawsuit in the Essex County Superior Court by filing a complaint, captioned *Patrick Sullivan v. Monsanto Company, et al*., Case Number 2177CV00659A (the "State Court Action"). The complaint asserted claims against Monsanto

Company; Bayer AG; Bayer Corporation; Bayer U.S. LLC; Bayer Cropscience LP; Hyannis Country Garden, Inc.; Marine Lumber Operator Inc.; and W.E. Aubuchon Co., Inc.

6. The case stated by Plainitff's initial pleading was not removable because Plaintiff is a citizen of Massachusetts and Defendants Hyannis Country Garden, Inc.; Marine Lumber Operator Inc.; and W.E. Aubuchon Co., Inc., are also deemed citizens of Massachusetts.

7. On December 17, 2021, Plaintiff filed a Stipulation of Dismissal with Prejudice stipulating to the dismissal of all his claims against Defendants Bayer AG; Bayer Corporation; Bayer U.S. LLC; Bayer Cropscience LP; Hyannis Country Garden, Inc.; Marine Lumber Operator Inc.; and W.E. Aubuchon Co., Inc. The Court entered an order dismissing the claims against these defendants on December 21, 2021. Accordingly, Monsanto is now the only defendant in this action.

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action are attached collectively as **Exhibit 1.**

9. Plaintiff seeks damages for NHL allegedly caused by exposure to glyphosate-based herbicides, which he attributes to Monsanto. *See, e.g.*, Complaint ¶¶ 17-18, 179, 203-205, 213-214, 229, 235.

### Basis For Removal — Diversity Jurisdiction

10. Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of Massachusetts. *See* Complaint ¶¶ 16-18, 148-149.

11. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 19. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

4856-1083-4439

12. The Complaint seeks compensatory and punitive damages based on the allegations that Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Am. Health & Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"); *Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."); *Woodward v. Newcourt Comm. Fin. Corp.,* 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

13. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

4856-1083-4439

**Procedural Requirements**

14. Essex County Superior Court is located within the District of Massachusetts. *See* 28 U.S.C. § 101. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a); *see also* 28 U.S.C. § 1441(a).

15. The case stated by the initial pleading was not removable because that pleading asserted claims against Hyannis Country Garden, Inc., Marine Lumber Operator Inc., and W.E. Aubuchon Co., Inc.—which are, like Plaintiff, deemed citizens of Massachusetts. The claims against these defendants—and every other defendant other than Monsanto—were voluntarily dismissed with prejudice on December 20, 2021. "[A] case may be removed based on any voluntary act of the plaintiff that effectively eliminates the nondiverse defendant from the case." *Torres v. Johnson & Johnson*, CV 18-10566-MGM, 2018 WL 2271019, at *3 (D. Mass. May 17, 2018) (quoting *Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 911 (5th Cir. 2000)). Accordingly, this case became removable on December 21, 2021 when the Court entered the dismissals. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(3), because it is being filed within 30 days of December 21, 2021. *See* 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE JURISDICTION § 3731 (Rev. 4th ed.) ("[A] change in the parties to the state court action such as through the plaintiff's voluntary dismissal of the defendants whose presence destroyed complete diversity of citizenship may make a previously unremovable action removable.")

16. Because plaintiff's claims against the other defendants named in the initial pleading have been dismissed, their consent to this removal is not necessary. *See E-Dealer Direct v. Bank of Am., N.A.*, EP-21-CV-62-DB, 2021 WL 1381269, at *4 (W.D. Tex. Apr. 12, 2021).

4856-1083-4439

17. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(c)(1), because it is being filed less than one year after this action's June 23, 2021, commencement in state court.

18. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Essex County Superior Court and will be promptly served on Plaintiff.

19. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

20. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

DATED: December 22, 2021

By: */s/ Melissa Nott Davis*
Melissa Nott Davis (BBO# 654546)
SHOOK, HARDY & BACON L.L.P.
One Federal St., Ste. 2540
Boston, MA 02110
Telephone: (617) 531-1411
Facsimile: (617) 531-1602
mndavis@shb.com

***Attorneys for Monsanto Company***

4856-1083-4439

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2021.

Paula S. Bliss
Justice Law Collaborative
19 Belmont St.
South Easton, Massachusetts 02375
(508) 230-2700
Paula@justicelc.com

/s/ Melissa Nott Davis

Melissa Nott Davis, Esq.

4856-1083-4439