JURY

# U.S. District Court
# District of South Carolina (Spartanburg)
# CIVIL DOCKET FOR CASE #: 7:22-cv-00545-MDL
# Internal Use Only

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK

BY:
DEPUTY CLERK

| | |
|---|---|
| Froemming et al v. Monsanto Company | Date Filed: 02/22/2022 |
| Assigned to: Unassigned - MDL | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity-Personal Injury | Nature of Suit: 365 Personal Inj. Prod. Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**Patrick Froemming**                         represented by    **Graham Lee Newman**
Chappell Smith and Arden
2801 Devine Street
Suite 300
PO Box 12330
Columbia, SC 29205
803-929-3600
Fax: 803-929-3604
Email: gnewman@csa-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kaylee Froemming**                          represented by    **Graham Lee Newman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/22/2022 | 1 | COMPLAINT against Monsanto Company ( Filing fee $ 402 receipt number ASCDC-10349441.), filed by Patrick Froemming, Kaylee Froemming. Service due by 5/23/2022(alew, ) (Entered: 02/23/2022) |
| 02/22/2022 | 2 | (Court only) CIVIL COVER SHEET - Private Entry. (alew, ) (Entered: 02/23/2022) |
| 02/22/2022 | 3 | Local Rule 26.01 Answers to Interrogatories by Kaylee Froemming, Patrick Froemming.(alew, ) (Entered: 02/23/2022) |

| 02/23/2022 | 4 | Summons Issued as to Monsanto Company. (alew, ) (Entered: 02/23/2022) |

A TRUE COPY
ATTEST: ROBIN L. BLUME, CLERK
BY:
DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

| | |
|---|---|
| PATRICK J. FROEMMING and KAYLEE FROEMMING, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MONSANTO COMPANY, | ) ) |
| Defendant. | ) ) ) |

**COMPLAINT**
(Jury Trial Demanded)

Plaintiffs Patrick J. Froemming and Kaylee Froemming, by and through their undersigned counsel, complain of Defendant Monsanto Company as follows.

### PARTIES

1. Plaintiffs Patrick J. Froemming and Kaylee Froemming are individuals residing in Spartanburg County, South Carolina. Patrick J. Froemming and Kaylee Froemming are husband and wife.

2. Defendant Monsanto Company is a corporation incorporated under the laws of a state other than South Carolina and possessing its principal place of business in a state other than the State of South Carolina.

### JURISDICTION AND VENUE

3. The United States District Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between the Plaintiffs and Defendant and the amount in controversy exceeds $75,000.

4. The United States District Court for the District of South Carolina possesses both general and specific jurisdiction over Defendant Monsanto Company as the Defendant both

1

regularly avails itself of the laws of the State of South Carolina and conducted activities within the State of South Carolina that gave rise to this complaint.

5. Venue is appropriate in the Spartanburg Division of the District of South Carolina pursuant to Local Civil Rule 3.01 as the plaintiffs reside within this division and a substantial part of the events or omissions giving rise to these claims occurred within this division.

## FACTS

6. Defendant Monsanto Company designs and manufactures a line of herbicide products colloquially known as "Roundup." The active ingredient in "Roundup" products is glyphosate.

7. Human exposure to glyphosate products can cause the development of Non-Hodgkin's Lymphoma.

8. In approximately 2001, Plaintiff Patrick Froemming began using Roundup products to control weeds on his property. Patrick Froemming continued using Roundup through 2019.

9. While using Roundup, Plaintiff Patrick Froemming was exposed to glyphosate.

10. On March 25, 2019, doctors diagnosed Patrick Froemming with Non-Hodgkin's Lymphoma.

11. Patrick Froemming thereafter underwent intense medical treatment of his cancer and suffered immense pain and suffering throughout such treatment.

12. Kaylee Froemming suffered a loss of companionship, aid, society, and services ordinarily provided by her husband as she helped him cope with the treatment of his Non-Hodgkin's Lymphoma.

**FOR A FIRST CAUSE OF ACTION**
**(Products Liability—Strict Liability)**

2

13. The allegations set forth within paragraphs one through twelve (1 – 12) are incorporated as if repeated verbatim.

14. Monsanto Company is a seller engaged in the business of selling glyphosate-based "Roundup" products.

15. Monsanto Company's glyphosate-based "Roundup" products were expected to and did reach Plaintiff Patrick Froemming without substantial change in the condition in which they were sold.

16. Monsanto Company's glyphosate-based "Roundup" products were designed, manufactured, and sold in a defective condition unreasonably dangerous to the consumer in that human exposure to such products can lead to the development of Non-Hodgkin's Lymphoma.

17. As a direct and proximate result of his exposure to Monsanto Company's glyphosate-based "Roundup" products, Plaintiff Patrick Froemming developed Non-Hodgkin's Lymphoma.

18. Plaintiff Patrick Froemming was unaware of the dangers posed by Monsanto Company's glyphosate-based "Roundup" products and made no unreasonable use of such products.

19. Pursuant to S.C. Code Ann. § 15-73-10, Monsanto Company is strictly liable to Patrick Froemming for physical harm caused to him by exposure to the Defendant's glyphosate-based "Roundup" products. Patrick Froemming is entitled to an award of monetary damages sufficient to compensate him for his injuries.

**FOR A SECOND CAUSE OF ACTION**
**(Products Liability—Negligence)**

20. The allegations set forth within paragraphs one through twelve (1 – 12) are incorporated as if repeated verbatim.

3

21. Defendant Monsanto Company owed a duty to Plaintiff Patrick Froemming to use due care in designing and manufacturing its glyphosate-based "Roundup" products.

22. Defendant Monsanto Company breached this duty of due care by designing and manufacturing glyphosate-based "Roundup" products that can cause Non-Hodgkin's Lymphoma.

23. Defendant Monsanto Company's breach of duty directly and proximately caused the injuries suffered by Plaintiff Patrick Froemming including (but not limited to) his diagnosis of Non-Hodgkin's Lymphoma and all monetary and non-monetary injuries related thereto.

24. Defendant Monsanto Company's negligent acts rose to the level of gross negligence and willful and wanton misconduct.

25. As a result, Defendant Monsanto Company is liable to Plaintiff Patrick Froemming for monetary damages sufficient to compensate him for his injuries. Furthermore, an award of punitive damages should be assessed against Defendant Monsanto Company to impress upon it the seriousness of its misconduct.

### FOR A THIRD CAUSE OF ACTION
### (Products Liability—Failure to Warn)

26. The allegations set forth within paragraphs one through twelve (1 – 12) are incorporated as if repeated verbatim.

27. Defendant Monsanto Company knew or had reason to know that its glyphosate-based "Roundup" products could cause Non-Hodgkin's Lymphoma.

28. Defendant Monsanto Company had no reason to believe that Patrick Froemming would realize this potential danger associated with its glyphosate-based "Roundup" products.

29. Defendant Monsanto Company failed to warn Patrick Froemming of the dangerous condition of its glyphosate-based "Roundup" products.

30. Had Defendant Monsanto Company adequately warned Patrick Froemming of the risks associated with human exposure to its glyphosate-based "Roundup" products, Froemming would not have exposed himself to such products.

31. Plaintiff Patrick Froemming's exposure to glyphosate-based "Roundup" products directly and proximately caused his development of Non-Hodgkin's Lymphoma as well as all other injuries related thereto.

32. As a result, Defendant Monsanto Company is liable to Plaintiff Patrick Froemming for monetary damages sufficient to compensate him for his injuries. Furthermore, an award of punitive damages should be assessed against Defendant Monsanto Company to impress upon it the seriousness of its misconduct.

<b><u>FOR A FOURTH CAUSE OF ACTION</u></b><br><b>(Breach of Warranty)</b>

33. The allegations set forth within paragraphs one through twelve (1 – 12) are incorporated as if repeated verbatim.

34. Defendant Monsanto Company advertised to the public—and to Plaintiff Patrick Froemming—that its glyphosate-based "Roundup" products were fit for the purpose of personal use in controlling weeds on one's property.

35. Plaintiff Patrick Froemming relied upon Defendant Monsanto Company's skill and judgment in determining that its glyphosate-based "Roundup" products were fit for this particular purpose.

36. Defendant Monsanto Company's glyphosate-based "Roundup" products were not fit for the purpose of personal use in controlling weeds on one's property as human exposure to such products can lead to the development of Non-Hodgkin's Lymphoma.

37. Patrick Froemming's exposure to the Defendant's glyphosate-based "Roundup" products directly and proximately caused Froemming's development of Non-Hodgkin's Lymphoma and all other injuries related thereto.

38. As a result, Defendant Monsanto Company is liable to Plaintiff Patrick Froemming for monetary damages sufficient to compensate him for his injuries. Furthermore, an award of punitive damages should be assessed against Defendant Monsanto Company to impress upon it the seriousness of its misconduct.

### FOR A FIFTH CAUSE OF ACTION
**(Loss of Consortium)**

39. The allegations set forth within paragraphs one through twelve (1 – 12) are incorporated as if repeated verbatim.

40. Kaylee Froemming was the lawfully-wedded spouse of Patrick Froemming at the time of his diagnosis with Non-Hodgkin's Lymphoma, throughout his treatment, and remains married to Patrick Froemming to this day.

41. Because Defendant Monsanto Company's tortious and contractual misconduct directly and proximately harmed Patrick Froemming, Monsanto Company is also liable to Kaylee Froemming for its violation of the right to the companionship, aid, society, and services of her spouse.

42. As a result, Defendant Monsanto Company is liable to Plaintiff Kaylee Froemming for monetary damages sufficient to compensate her for her injuries. Furthermore, an award of punitive damages should be assessed against Defendant Monsanto Company to impress upon it the seriousness of its misconduct.

### PRAYER FOR RELIEF

Having complained of the forgoing, Plaintiffs Patrick and Kaylee Froemming pray for the following relief:

1. A trial by jury;

2. Judgment in favor of the Plaintiffs on all causes of action;

3. Compensatory damages;

4. Punitive damages

5. Taxable costs;

6. Any such further relief that justice may require.

/s/ Graham L. Newman
Graham L. Newman (Fed. ID: 9746)
CHAPPELL, SMITH & ARDEN, P.A.
2801 Devine Street, Suite 300
Columbia, South Carolina 29205
(803) 929-3600
(803) 929-3604 (facsimile)
gnewman@csa-law.com

ATTORNEY FOR THE PLAINTIFFS

7