**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

CASREF

# U.S. District Court
## Western District of Kentucky (Owensboro)
## CIVIL DOCKET FOR CASE #: 4:22-cv-00011-JHM-HBB

Crisp et al v. Monsanto Company  
Assigned to: Senior Judge Joseph H. McKinley, Jr  
Referred to: Magistrate Judge H. Brent Brennenstuhl  
Cause: 28:1332 Diversity-Personal Injury  

Date Filed: 01/19/2022  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity  

**Plaintiff**

**Jeffrey Scott Crisp**    represented by    **Robert A. Cooley**
425 W. Fifth Street
Owensboro, KY 42301
270-685-5586
Fax: 270-685-5294
Email: rcooley446@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Vickie Crisp**    represented by    **Robert A. Cooley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/19/2022 | 1 | VERIFIED COMPLAINT, filed by Jeffrey Scott Crisp and Vickie Crisp against Monsanto Company. Filing fee $402, receipt number AKYWDC-3507615. (Attachments: # 1 Cover Sheet) (SRH) (Entered: 01/20/2022) |
| 01/19/2022 | 2 | Case Assignment (Random Selection): Case Assigned to Senior Judge Joseph H. McKinley Jr.. (SRH) (Entered: 01/20/2022) |
| 01/20/2022 | 3 | NOTICE ON SUMMONS re 1 Verified Complaint. (SRH) (Entered: 01/20/2022) |
| 01/20/2022 | 4 | |

| | | |
|---|---|---|
| | | TEXT ORDER by Senior Judge Joseph H. McKinley, Jr. on 1/20/2022: This action is hereby REFERRED to Magistrate Judge H. Brent Brennenstuhl, for determination of nondispositive matters, pursuant to Title 28, U.S.C. 636(b)(1)(A). Said Magistrate Judge is empowered to conduct any hearings necessary for their resolution. IT IS SO ORDERED. <br><br> This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. <br><br> cc:counsel; CM-HBB (EAS) (Entered: 01/20/2022) |
| 02/02/2022 | 5 | NOTICE *of filing Tendered Summons* by Jeffrey Scott Crisp, Vickie Crisp re 1 Complaint (Cooley, Robert) (Entered: 02/02/2022) |
| 02/03/2022 | 6 | Summons Issued as to Monsanto Company. **Counsel for Plaintiff is responsible for printing and serving the attached issued summons(es).** (EAS) (Entered: 02/03/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/25/2022 17:10:52 | | | |
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.3356965 |
| **Description:** | Docket Report | **Search Criteria:** | 4:22-cv-00011-JHM-HBB |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| JEFFREY SCOTT CRISP | ) | CASE NO. 4:22-cv-11-JHM |
| | ) | |
| & | ) | |
| | ) | |
| VICKIE CRISP, | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

The Plaintiffs, by and through counsel, and for their causes of action against Defendant Monsanto Company, hereby state as follows:

**PRELIMINARY STATEMENT**

1. The Plaintiffs are residents and citizens of Philpot, Daviess County, Kentucky and at all times herein relevant have resided there.

2. The Plaintiff, Jeffrey Scott Crisp, was diagnosed with Non-Hodgkin's Lymphoma as a direct and proximate result of being exposed to Roundup®.

3. That Monsanto Company ("Monsanto") is a multinational agricultural biotechnology corporation based in St. Louis, Missouri, who makes and markets a product known as Roundup®, containing glyphosate which has recently been proved to be a carcinogen capable of causing Non-Hodgkin's Lymphoma.

4. Upon information and belief, the Plaintiff Jeffrey Scott Crisp used Roundup® because of his employment and for personal use over a period of years. Thus, Mr. Crisp was

1

exposed to this product for over a period of years up until his diagnosis of Stage IV Non-Hodgkin's Lymphoma. Mr. Crisp did not have any other known exposure to glyphosate or other carcinogen within the relevant time period herein.

5. Plaintiff Vickie Crisp has endured immense anguish over observing her husband's suffering and tending to his needs, and since his illness she has been deprived of his love and affection, and the normal services a husband would provide to his wife, such that she has a claim for consortium herein.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

7. Federal diversity jurisdiction in this Court is proper under 23 U.S.C. § 1332 because Plaintiffs are citizen of a different state from the Monsanto states of citizenship, and the aggregate amount in controversy exceed $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Monsanto because Monsanto knows or should have known that its Roundup® products are sold throughout the Commonwealth of Kentucky, and, more specifically, caused Roundup® to be sold to Plaintiff Jeffrey Scott Crisp in the Commonwealth of Kentucky. Mr. Crisp used this product because of his employment in this District as well as for personal use. Thus, Mr. Crisp was exposed over a period of years until his diagnosis of Stage IV Non-Hodgkin's Lymphoma.

9. Moreover, Monsanto maintains sufficient contacts with the Commonwealth of Kentucky such that this Court's exercise of personal jurisdiction over it and does not offend traditional notions of fair play and substantial justice.

10. Venue is proper within this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims asserted in this Complaint occurred in this District. Further, Monsanto, as a corporate entity, is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## PARTIES

11. Plaintiffs incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

12. The Plaintiff Jeffrey Scott Crisp is, and at all times relevant to this action, has been married to the Plaintiff Vickie Crisp. The Plaintiffs are citizens and residents of Philpot, Daviess County, Kentucky.

13. Defendant Monsanto is a Delaware corporation with its headquarters and principal place of business in St. Louis, Missouri. Monsanto is authorized to do business in Kentucky and is doing business in Kentucky.

14. Monsanto should be served at its registered agent for service of process the Corporation Service Company at 421 West Main Street, Frankfort, Kentucky 40601.

## FACTUAL ALLEGATIONS

15. At all times relevant to this Complaint, Monsanto was the entity that discovered the herbicidal properties of glyphosate and was the manufacturer of Roundup®.

16. Glyphosate is a broad-spectrum, non-selective herbicide used in a wide variety of herbicidal products around the world and in the Commonwealth of Kentucky.

17. For several decades, farmers, agricultural entities, and ordinary household gardeners have used Roundup® without knowing the dangers presented by this product.

3

18.     Defendant assured the public for all these years that Roundup® was harmless. In this process Monsanto falsified date and attacked legitimate studies that found the product to be dangerous, and led a prolonged campaign of misinformation to convince government agencies, farmers and ordinary consumers of the product that it was safe.

19.     This product was required to be registered with the Environmental Protection Agency (EPA) as a pesticide under the Federal Insecticide, Fungicide and Rodenticide Act. 7 U.S.C. § 136, et seq. and 136a. The EPA is thus required to make a risk/benefit analysis in determining whether a registration should be granted or the product allowed to be sold in commerce. This analysis is dependent upon the health and safety testing of such pesticide products by the registrant, and in this case, Monsanto was required to follow certain protocols governing the conduct of tests and laboratory practices for such registration.

20.     That the EPA had completed its review of glyphosate in 2015, but delayed releasing the risk assessment pending further review in light of the WHO's health related findings which found this chemical, which is the main ingredient of Roundup® was a probable cause of cancer.

21.     Early studies had caused the EPA to change its original classification of glyphosate as possibly carcinogenic to humans in 1985 to a finding of non-carcinogenicity in humans in 1991 based upon flawed and falsified studies provided by Monsanto to the EPA. In 1976 the United States Food and Drug Administration (FDA) inspected the laboratory hired by Monsanto, Industrial Bio-Test Laboratories to test the Roundup® product for the registration. The EPA audited this laboratory and found these toxicology studies were invalid.

4

22. Monsanto later hired Craven Laboratories in 1991 to perform pesticide and herbicide studies for Roundup®. This company was subsequently found to have used employees who were found to have used fraudulent practices in such tests.

23. Between 2002 and 2009 multiple studies found that other ingredients in Roundup® besides the glyphosate created a substance more toxic than glyphosate alone. These studies were available to the Defendant, and Defendant knew or should have known that the end product was more toxic than glyphosate alone.

24. In 2015 several countries around the world instituted bans on Roundup® based primarily on the WHO's findings.

## EQUITABLE TOLLING OF APPLICABLE STATUTE OF LIMITATIONS

25. Plaintiffs incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

26. During the entire time Plaintiff Jeffrey Scott Crisp was exposed to Roundup® he did not know that it was injurious to his health or the health of others due to the public relations and advertising campaign and deception before the EPA that was practiced by Monsanto. The danger of this product in causing cancer and other serious illness was not revealed until approximately 2018, when this information was publicized due to certain lawsuits and jury verdicts, among which was the case of a jury verdict in California in favor of Dewayne Johnson, a groundskeeper who was exposed to Roundup®.

27. Plaintiff Jeffrey Scott Crisp had no way of knowing about the danger of this exposure to Roundup® until after the decision in the above-described case decided on August 11, 2018 rendering a favorable verdict against Monsanto. Thus, within the time period of any applicable statutes of limitations, Plaintiff could not have discovered and did not discover,

5

through the exercise of reasonable diligence, the exposure to Roundup®, glyphosate and other toxic ingredients in the product were injurious to human health. Prior to the revelations of the danger of this product via lawsuits in 2018, Plaintiff Vickie Crisp would not have known and did not know of the risks of the use and exposure to this product. Thus, all applicable statutes of limitations have been tolled by the operation of the discovery rule with respect to her claim.

28. Moreover, the applicable statutes of limitations have also been tolled by Monsanto's knowing and active fraudulent concealment and denial of the facts alleged throughout the time period relevant to this action. Rather than disclosing critical safety information about this dangerous product, Monsanto has consistently and falsely represented the safety of the Roundup® and glyphosate products.

29. Monsanto was under a continuous duty to disclose to potential users of this product, including the Plaintiff Jeffrey Scott Crisp, accurate safety information and risks associated with the use or exposure to this product. However, Monsanto knowingly, affirmatively, and actively concealed safety information concerning its Roundup® and glyphosate products and the critical risks associated with such use of or exposure to these products. Thus, Monsanto is estopped from relying on any statues of limitations in defense of this action.

**FIRST CAUSE OF ACTION**
**STRICT LIABILITY – DESIGN DEFECT**

30. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully stated herein.

31. At all times relevant to this litigation, Monsanto's Roundup® products were manufactured, designed and labeled in an unsafe, defective and inherently dangerous manner that was dangerous for use by or to the public, and Plaintiff Jeffrey Scott Crisp.

6

32. Monsanto placed these products in the stream of commerce without adequately testing or investigating the safety of such products, and knew or should have known at the time of its marketing that exposure to this product could cause a risk of cancer and other severe illnesses, and that it could have employed safer alternative designs and formulations. Thus, these products were inadequately designed.

33. Such defective design of these products resulted in products that were more dangerous than the ordinary consumer would expect.

34. As a direct and proximate result of Defendant's Plaintiff Jeffrey Scott Crisp has suffered and will continue to suffer from severe and permanent physical and emotional injuries, pain and suffering, economic losses, including significant expenses for medical care and treatment, lost wages, and lost earning capacity.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY – FAILURE TO WARN

35. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

36. The Defendant failed to warn the public and the Plaintiff Jeffrey Scott Crisp herein of the danger of the Roundup® products. The Defendant could have provided warnings or instructions regarding these risks because Defendant had access to the information and the unreasonable risks of harm associated with this product.

37. Had Monsanto provided adequate warnings and instructions and properly disclosed and disseminated the risks associated with Roundup® products, Plaintiff Jeffrey Scott Crisp could have avoided the risk of developing injuries as alleged herein.

38. Plaintiffs could not have reasonably discovered the defects and risks associated with Roundup® or glyphosate-containing products prior to or at the time of Plaintiff Jeffrey

7

Scott Crisp's exposure. Mr. Crisp relied upon the skill, superior knowledge, and judgment of Monsanto.

39. The defects in Roundup® products caused or contributed to cause Plaintiff Jeffrey Scott Crisps' injuries, and, but for this misconduct and omissions, Mr. Crisp would not have sustained their injuries.

40. As a direct and proximate result of Defendant's acts and omissions, Plaintiff Jeffrey Scott Crisp has suffered and will continue to suffer from severe and permanent physical and emotional injuries, pain and suffering, and economic losses, including significant expenses for medical care and treatment, lost wages, and lost earning capacity.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

41. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully stated herein.

42. Monsanto, directly or indirectly, caused Roundup® products to be sold, distributed, packaged, labeled, marketed, promoted, and/or used by Plaintiff Jeffrey Scott Crisp.

43. At all times relevant to this litigation, Monsanto had a duty to exercise reasonable care in the design, research, manufacture, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Roundup® products, including the duty to take all reasonable steps necessary to manufacture, promote, and/or sell a product that was not unreasonably dangerous to consumers and users of the product.

44. At all times relevant to this litigation, Monsanto had a duty to exercise reasonable care in the marketing, advertisement, and sale of the Roundup® products. Monsanto's duty of care owed to consumers and the general public included providing accurate, true, and correct information concerning the risks of using Roundup® and appropriate, complete, and accurate

8

warnings concerning the potential adverse effects of exposure to Roundup®, and, in particular, its active ingredient glyphosate.

45. At all times relevant to this litigation, Monsanto knew or, in the exercise of reasonable care, should have known of the hazards and dangers of Roundup® and specifically, the carcinogenic properties of the chemical glyphosate.

46. Accordingly, at all times relevant to this litigation, Monsanto knew or, in the exercise of reasonable care, should have known that use of or exposure to its Roundup® products could cause or be associated with Plaintiff Jeffrey Scott Crisp's injuries and thus created a dangerous and unreasonable risk of injury to the users of these products, including Mr. Crisp.

47. Monsanto also knew or, in the exercise of reasonable care, should have known that users and consumers of Roundup® were unaware of the risks and the magnitude of the risks associated with use of and/or exposure to Roundup® and glyphosate-containing products.

48. As such, Monsanto breached the duty of reasonable care and failed to exercise ordinary care in the design, research, development, manufacture, testing, marketing, supply, promotion, advertisement, packaging, sale, and distribution of its Roundup® products, in that Monsanto manufactured, marketed, promoted, and sold defective herbicides containing the chemical glyphosate, knew or had reason to know of the defects inherent in these products, knew or had reason to know that a user's or consumer's exposure to the products created a significant risk of harm and unreasonably dangerous side effects, and failed to prevent or adequately warn of these risks and injuries.

49. Despite an ability and means to investigate, study, and test these products and to provide adequate warnings, Monsanto has failed to do so. Indeed, Monsanto has wrongfully

concealed information and have further made false and/or misleading statements concerning the safety and/or exposure to Roundup® and glyphosate.

50. Monsanto knew and/or should have known that it was foreseeable that consumers such as Plaintiff would suffer injuries as a result of Monsanto's failure to exercise ordinary care in the manufacturing, marketing, promotion, labeling, distribution, and sale of Roundup®.

51. Plaintiff Jeffrey Scott Crisp did not know the nature and extent of the injuries that could result from the intended use of and/or exposure to Roundup® or its active ingredient glyphosate.

52. Monsanto's negligence was the proximate cause of the injuries, harm, and economic losses that Plaintiff Jeffrey Scott Crisp suffered, as described herein.

53. Monsanto's conduct, as described above, was reckless. Monsanto regularly risked the lives of consumers and users of their products, including Plaintiff Jeffrey Scott Crisp, with full knowledge of the dangers of these products. Monsanto has made conscious decisions not to redesign, re-label, warn, or inform the unsuspecting public, including Plaintiff Jeffrey Scott Crisp. Monsanto's reckless conduct therefore warrants an award of aggravated or punitive damages.

54. As a direct and proximate result of Monsanto's wrongful acts and omissions in placing defective Roundup® products into the stream of commerce without adequate warnings of the hazardous and carcinogenic nature of glyphosate, Plaintiff Jeffrey Scott Crisp has suffered and will continue to suffer from severe and permanent physical and emotional injuries, pain and suffering, economic losses, including significant expenses for medical care and treatment, lost wages, and lost earning capacity.

## FOURTH CAUSE OF ACTION
## FRAUD, MISREPRESENTATION, AND SUPPRESION

55. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as if fully stated herein.

56. Defendant fraudulently, intentionally, and/or negligently misrepresented to the public, and to the Plaintiffs, both directly and by and through the media, the scientific literature and purported "community outreach" programs, the safety of Roundup products, and/or fraudulently, intentionally, and/or negligently concealed, suppressed, or omitted material, adverse information regarding the safety of Roundup.

57. The intentional and/or negligent misrepresentations and omissions of Defendant regarding the safety of Roundup products were communicated to Plaintiff Jeffrey Scott Crisp directly through ghostwritten articles, editorials, national and regional advertising, marketing and promotion efforts, as well as the packaging and sales aids. The safety of Roundup products was also intentionally and/or negligently misrepresented to Plaintiffs and the public with the intent that such misrepresentations would cause Plaintiff Jeffrey Scott Crisp and other potential consumers to purchase and use or continue to purchase and use Roundup products.

58. Defendant either knew or should have known of the material representations they were making regarding the safety and relative utility of Roundup products.

59. Defendant fraudulently, intentionally, and/or negligently made the misrepresentations and/or actively concealed, suppressed, or omitted this material information with the specific desire to induce Plaintiffs, and the consuming public to purchase and use Roundup products. Defendant fraudulently, intentionally, and/or negligently, knew or should have known that Plaintiffs and the consuming public would rely on such material misrepresentations and/or omissions in selecting and applying Roundup products. Defendant

knew or should have known that Plaintiff Jeffrey Scott Crisp would rely on their false representations and omissions.

60. Despite the fact that Defendant knew or should have known of reports of severe risks including non-Hodgkin lymphoma, with Roundup use and exposure, this information was strategically minimized, understated, or omitted in order to create the impression that the human dangers of Roundup were nonexistent, particularly in light of its purported utility.

61. If Plaintiff Jeffrey Scott Crisp had known the true facts concerning the risks associated with Roundup exposure, Mr. Crisp would have used a safer alternative.

62. Plaintiffs reliance upon the material misrepresentations and omissions was justified, among other reasons, because said misrepresentations and omissions were made by individuals and entities who were in a position to know the true facts concerning Roundup while Plaintiffs were not in a position to know the true facts because Defendant overstated the benefits and safety of Roundup and downplayed the risk of lymphoma, thereby inducing Plaintiff Jeffrey Scott Crisp to use the herbicide rather than safer alternatives.

63. As a direct and proximate result of Defendant's acts and omissions, Plaintiff Jeffrey Scott Crisp has suffered and will continue to suffer from severe and permanent physical and emotional injuries, pain and suffering, and economic losses, including significant expenses for medical care and treatment, lost wages, and lost earning capacity.

### FIFTH CAUSE OF ACTION
### LOSS OF CONSORTIUM

64. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

65. As a direct and proximate result of Monsanto's above-outlined conduct and its product, Roundup®, caused the Plaintiff Jeffrey Scott Crisp to develop Non-Hodgkin's

Lymphoma. Plaintiff Jeffrey Scott Crisp's illness and ongoing care have deprived his spouse, Plaintiff Vickie Crisp, of his services and companionship.

## DEMAND FOR JURY TRIAL

66. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

67. The Plaintiffs hereby demand trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jeffrey Scott Crisp and Vickie Crisp demands judgment against the Defendant on each of the above referenced claims and causes of action and as follows:

1. General damages in an amount that will conform to proof at the time of trial;

2. Special damages in an amount within the jurisdiction of this Court and according to proof at the time of trial;

3. Loss of earnings and impaired earning capacity according to proof at the time of trial;

4. Medical expenses, past and future, according to proof at the time of trial;

5. Past and future mental and emotional distress, according to proof at the time of trial;

6. Damages for loss of care, comfort, society, and companionship in an amount within jurisdiction of this Court and according to proof at the time of trial;

7. Punitive or exemplary damages according to proof at the time of trial;

8. Pre-judgment interest;

9. Post-judgment interest;

10. Plaintiffs' reasonable attorneys' fees;

11. Plaintiffs' costs of these proceedings; and

12. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Robert A. Cooley*
Robert A. Cooley
**COOLEY & OFFILL LAW FIRM**
1412 Frederica Street
Owensboro, KY 42301
Phone: (270) 685-5586
Fax: (888) 686-9759
rcooley@cooleyoffill.com
*Counsel for Plaintiffs*

## VERIFICATION

We, the Plaintiffs Jeffrey Scott Crisp and Vickie Crisp, state that we have read the foregoing Complaint and Jury Demand, and the information contained therein is true, accurate and correct to the best of our knowledge, information and belief.

_____  
Jeffrey Scott Crisp

_____  
Vickie Crisp

STATE OF KENTUCKY )  
                               ) SS  
COUNTY OF DAVIESS )

Subscribed to and sworn to before me by Jeffrey Scott Crisp and Vickie Crisp, Plaintiffs herein, on this the 27 day of December, 2021.

_____  
Notary Public, KY State At Large  
Notary ID: 434762  
My Commission Expires: 11-29-2023

15

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Scott Crisp & Vickie Crisp

### DEFENDANTS
Monsanto Company

**(b)** County of Residence of First Listed Plaintiff: Daviess
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: St. Louis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Cooley, Cooley & Offill Law Firm, 1412 Frederica Street, Owensboro, KY 42301 (270) 685-5586

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [x] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
23 U.S.C. 1332
Brief description of cause:
Product liability tort and loss of consortium

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Damages

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.