**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

# U.S. District Court
# Western District of Kentucky (Paducah)
# CIVIL DOCKET FOR CASE #: 5:22-cv-00031-TBR

Mohler et al v. Monsanto Company  
Assigned to: Senior Judge Thomas B. Russell  
Cause: 28:1332 Diversity Action

Date Filed: 03/01/2022  
Jury Demand: Plaintiff  
Nature of Suit: 365 Personal Inj. Prod. Liability  
Jurisdiction: Diversity

**Plaintiff**

**Troy Mohler**  represented by  **Jerome P. Prather**  
Garmer & Prather PLLC  
141 N. Broadway  
Lexington, KY 40507  
859-254-9351  
Fax: 859-233-9769  
Email: jprather@garmerprather.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Michael M. Pitman**  
Haverstock, Bell & Pitman  
211 S. 12th Street  
P. O. Box 1075  
Murray, KY 42071-1913  
270-753-1694  
Fax: 270-753-2053  
Email: dawn@haverstocklaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Linda Mohler**  represented by  **Jerome P. Prather**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Michael M. Pitman**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/01/2022 | 1 | COMPLAINT against Monsanto Company, filing fee $402, receipt number AKYWDC-3534515, filed by Troy Mohler and Linda Mohler. (Attachments: # 1 Cover Sheet, # 2 Summons Tendered) (MNM) (Entered: 03/01/2022) |
| 03/01/2022 | 2 | Case Assignment (Random Selection): Case Assigned to Senior Judge Thomas B. Russell. (MNM) (Entered: 03/01/2022) |
| 03/01/2022 | 3 | Summons Issued as to Monsanto Company. **Counsel for Plaintiff is responsible for printing and serving the attached issued summons(es).** Clerk emailed attested copy of Complaint to counsel. (MNM) (Entered: 03/01/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/09/2022 11:20:22 | | | |
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.356965 |
| **Description:** | Docket Report | **Search Criteria:** | 5:22-cv-00031-TBR |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO.   5:22-cv-31-TBR

***ELECTRONICALLY FILED***

TROY MOHLER
AND LINDA MOHLER                                                                    PLAINTIFFS

v.                                            **COMPLAINT**

MONSANTO COMPANY                                                                    DEFENDANT

*Serve:*
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

COME the Plaintiffs, Troy Mohler and Linda Mohler, by counsel, and bring this Complaint for damages against Defendant Monsanto Company ("Monsanto") and allege as follows.

**NATURE OF THE CASE**

1. This case arises due to the gross negligence and malice of the Monsanto Company in the development, packaging, and marketing of their product Roundup. Monsanto knowingly put a deadly product in the market while ignoring all evidence of its dangers to consumers. Specifically, Roundup contains glyphosate, a carcinogen that is known to cause non-Hodgkin's lymphoma. For years, Monsanto has prevented the public from knowing the harm caused by their product, going so far as to conceal relevant scientific studies and partaking in "ghostwriting" scientific studies.

2. Plaintiff Troy Mohler worked on his grandfather's 250-acre farm, where Roundup was applied in large volumes, from the time Plaintiff was seven until he was 18 years old,. In later years, Troy also worked as a farmhand on several farms in which Roundup was also applied. Troy applied Roundup at other workplaces several times per year from 2000 until 2015, as well. From 2002 until 2017, Troy applied Roundup in his operation of a lawncare business he owned. Since 2017, Troy has used Roundup on his personal 70-acre farm.

3. Plaintiff Troy Mohler was diagnosed with non-Hodgkin's lymphoma in March 2021 and has since had several series of chemotherapy treatments.

## PARTIES

4. Plaintiff Troy Mohler is and was at all times stated herein a citizen of Mayfield, Graves County, Kentucky, and was the husband of Plaintiff Linda Mohler.

5. Plaintiff Linda Mohler is and was at all times stated herein a citizen of Mayfield, Graves County, Kentucky, and was the wife of Plaintiff Troy Mohler.

6. Defendant Monsanto Company ("Monsanto") is and was at all times stated herein a foreign corporation (Kentucky Secretary of State Organization Number 1142821) with its principal place of business in St. Louis, Missouri, and is organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

7. The United States District Court has jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*, there being complete diversity of citizenship between the Plaintiffs and Defendant, and the amount in controversy being in excess of $75,000, exclusive of interests and costs.

8. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) because Troy Mohler developed cancer due to exposure to Roundup products at various locations within the Western District of Kentucky.

## FACTS COMMON TO ALL COUNTS

9. Troy Mohler was first exposed to Roundup at age seven or eight while working on his grandfather's 250-acre farm in Graves County, Kentucky.

10. From age seven or eight until age 18, Troy Mohler worked each farming season on his grandfather's farm, where he participated in consistently applying Roundup using sprayers on row crops and around individual plants.

11. Upon reaching adulthood, Troy Mohler was employed for several months at Hutson, Inc.'s Fancy Farm, Kentucky, facility, which included mixing chemicals, including Roundup, at the facility and in the field on flatbed trailers.

12. Troy Mohler worked for two to three years as a farmhand for several local farmers in Graves County, Kentucky, all for whom he used Roundup, including one for whom he used a sprayer attached to an all-terrain vehicle.

13. From 1996 until 1997, Troy Mohler was employed by Ford Richardson, a tractor dealership located in Graves County, Kentucky, where he periodically used Roundup to maintain the business' grounds.

14. From 2000 until 2015, Troy Mohler was employed at the West Vaco plant in Wickliffe, Ballard County, Kentucky, where he used Roundup to maintain the plant's grounds two to three times per year during the business' shut-down periods.

15. From 2002 until 2017, Troy Mohler owned and operated his own lawncare business, through which he annually used 15-20 gallons of Roundup or other glyphosate products in treating customers' properties.

16. From 2017 until his diagnosis in March 2021, Troy Mohler applied approximately five gallons of Roundup per year on his 70-acre farm in Mayfield, Graves County, Kentucky.

17. On March 16, 2021, Troy Mohler began experiencing excruciating upper right abdominal pain and presented at the Emergency Department of Jackson Purchase Medical Center in Mayfield, Graves County, Kentucky.

18. A transabdominal ultrasound was taken while Troy Mohler was in the Emergency Department, which revealed a large mass in the abdomen and smaller rounded lesions which were suspicious for enlarged lymph nodes from lymphoma.

19. A biopsy was taken on March 17, 2021 and sent to the laboratory for evaluation for non-Hodgkin's lymphoma.

20. Troy Mohler was diagnosed with B-cell lymphoma, the most common type of non-Hodgkin's lymphoma, in March 2021.

21. Following his diagnosis, Troy Mohler received treatment at MD Anderson Cancer Center ("MD Anderson") in Houston, Texas, where a plan was made for Troy's chemotherapy treatments.

22. Troy Mohler has received some of his chemotherapy treatments in Mayfield, Kentucky, in accordance with the plan developed by MD Anderson.

23. Roundup is an herbicide produced by Monsanto which is composed of two ingredients, glyphosate and surfactant.

24. Monsanto not only created a "non-selective" herbicide by using glyphosate, it also created "Roundup Ready" plant seeds that are able to withstand being sprayed by the chemical.

25. The U.S. Environmental Protection Agency ("EPA") first classified glyphosate as "possibly carcinogenic to humans" in 1985, during the time in which Troy Mohler was already using Roundup products.

26. After immense pressure was put on the EPA by Monsanto, the EPA downgraded glyphosate from a Group C agent to a Group E agent, with "no evidence of carcinogenicity."

27. In 2015, the International Agency for Research on Cancer ("IARC") concluded that glyphosate is "probably carcinogenic to humans." Additionally, the IARC concluded in some studies that there was a positive association between glyphosate and non-Hodgkin's lymphoma.

28. In response, Monsanto launched a $17 million campaign to attach and undermine the research being conducted and published against their products, which was known by Monsanto as its "anti-IARC budget."

29. Monsanto's website proclaims that the IARC findings are not consistent with other experts' opinions and contains other statements to cast doubt on the credibility of the IARC, including, but not limited to statements like "[t]he IARC is the same organization that determined beer, meat, cell phones and hot beverages cause cancer or are likely to cause cancer."

30. The IARC has long been considered one of the world's premier cancer research institutes.

## COUNT I: NEGLIGENCE

31. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-30 of this Complaint and incorporate same by reference as if fully set forth herein.

32. Monsanto had a duty to exercise reasonable care in the development, packaging, and marketing of its product, Roundup.

33. Monsanto had a duty to ensure before making Roundup available for use by consumers that Roundup posed no dangers or risks to human health.

34. After research as early as 1985 emerged labeling its product as "possibly carcinogenic to humans, Monsanto had a duty to remove Roundup from the market.

35. Monsanto, through its agents and/or employees, breached its duty by continuing to sell Roundup while aware of its threat to human health.

36. Monsanto, through its agents and/or employees, breached its duty by marketing to Roundup as a product that was and is safe.

37. Monsanto, through its agents and/or employees, maliciously breached its duty in its efforts to discredit and quash all evidence of the harmful effects of glyphosate.

38. Monsanto, through its agents and/or employees, had a duty of ordinary care to the Plaintiffs.

39. Monsanto negligently breached that duty resulting in Plaintiffs' injuries.

40. As a direct and proximate result of the negligence of the Defendant, Plaintiffs have been damaged in an amount which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

### COUNT II: STRICT PRODUCTS LIABILITY AND FAILURE TO WARN

41. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-40 of this Complaint and incorporate same by reference as if fully set forth herein.

42. The design, methods of manufacturing, and testing done by Monsanto did not conform to the prevailing standards of care before the product reached consumers and users, particularly Troy Mohler.

43. Monsanto was on notice that Roundup was possibly carcinogenic to humans and continued to market, promote, and distribute the product to consumers, including Plaintiff Troy Mohler.

44. Monsanto knew or should have known that Roundup was a dangerous product when used for its intended purpose and by its intended consumers.

45. At the times mentioned herein, Monsanto had a duty to warn consumers, including Plaintiffs, and the general public of the injuries associated with the use of Roundup.

46. Plaintiffs were injured by Monsanto's failure to conform to the prevailing standards of care in the design, methods of manufacturing, and testing of Roundup.

47. Plaintiffs were injured by Monsanto's failure to warn of the harmful and dangerous effects of using Roundup.

48. As a direct and proximate result of the Defendant's failure to conform to the prevailing standards of care in designing, manufacturing, and testing its glyphosate products, Plaintiffs have been damaged in an amount which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

49. As a direct and proximate result of the Defendant's failure to warn, Plaintiffs have been damaged in an amount which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

## COUNT III: BREACH OF WARRANTIES

50. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-49 of this Complaint and incorporate same by reference as if fully set forth herein.

51. Monsanto consistently declared that Roundup is safe to use when used correctly through its use of labels, advertisements, commercials, and publications, thereby creating express and implied warranties.

52. Consumers, such as Plaintiffs, relied on the representations made by Monsanto that Roundup was safe when using the product.

53. Monsanto breached all warranties by knowingly producing, marketing, and selling a dangerous product while claiming it was safe for its intended use.

54. As a direct and proximate result of the Defendant's breach of warranties, Plaintiffs have been damaged in an amount which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

## COUNT IV: FRAUD

55. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-54 of this Complaint and incorporate same by reference as if fully set forth herein.

56. Monsanto acted with gross negligence and malice in its response to the IARC report, by commencing a campaign to undermine and quash all research which negatively affected Roundup.

57. Monsanto has engaged in "ghostwriting," in which it has paid scientists to attach their names to studies while actually writing and editing the studies itself.

58. The study, "An Independent Review of the Carcinogenic Potential of Glyphosate," concluded that glyphosate was not a probable carcinogen. The study was

supposedly an independent work but was discovered to have been reviewed and edited by Monsanto agent or employee William Heydens.

59. Monsanto has used lobbying dollars to apply pressure to the EPA.

60. In May 2016, a report was published by the EPA, concluding that "glyphosate is not likely to be carcinogenic to humans." The report was removed from the EPA's website three days after being published.

61. A co-author on the report, Jess Rowland, was an EPA officer who maintained a relationship with Monsanto. Three days after the report was first published on the EPA's website, Rowland resigned from the EPA.

62. The deceitful practices of Monsanto misrepresented the safety of its products to the public, leaving consumers, including Plaintiffs, misinformed and vulnerable to the dangers of Roundup.

63. As a direct and proximate result of the Defendant's fraudulent misrepresentation, Plaintiffs have been damaged in an amount which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

## COUNT V: LOSS OF CONSORTIUM AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-63 of this Complaint and incorporate same by reference as if fully set forth herein.

65. As a direct and proximate result of the negligence of Monsanto, Plaintiff Linda Mohler has suffered the loss of services, assistance, aid, society, companionship, and consortium of her husband, Troy Mohler. Linda Mohler has endured severe or serious emotional distress and anguish of the type a reasonable person, normally constituted, would not be expected to endure,

to her damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

### COUNT VI: GROSS NEGLIGENCE, WILLFUL OR WANTON MISCONDUCT, MALICE; RECOVERY OF PUNITIVE AND EXEMPLARY DAMAGES

66. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-65 of this Complaint and incorporate same by reference as if fully set forth herein.

67. Monsanto's actions were grossly negligent and exhibited willful and wanton disregard for the life and safety of Troy Mohler and the rest of the public by marketing, manufacturing, and placing for sale and use its product Roundup and other glyphosate products with the knowledge of its harmful effects to humans.

68. Monsanto acted with oppression and malice toward Troy Mohler by marketing, manufacturing, and placing for sale and use its product Roundup, resulting in Plaintiffs' injuries.

69. Plaintiffs are entitled to an award of punitive or exemplary damages in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

### DAMAGES

70. Plaintiffs reaffirm and reallege each and every allegation contained in paragraphs 1-69 of this Complaint and incorporate same by reference as if fully set forth herein.

71. As a direct and proximate result of the negligence of Monsanto as stated hereinabove, Troy Mohler has sustained serious and grievous injuries, to his damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

72. As a result of his injuries as stated hereinabove, Troy Mohler has endured great pain of body and anguish of mind while undergoing treatment for non-Hodgkin's lymphoma, to

his damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

73. As a result of his injuries as stated hereinabove, Troy Mohler has sustained incurred medical expenses, to his damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

74. As a result of his injuries as stated hereinabove, Plaintiffs have suffered a loss of Troy Mohler's power to earn money, to his damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

75. As a result of the injuries as stated hereinabove, Linda Mohler has endured severe or serious emotional distress and anguish of the type a reasonable person, normally constituted, would not be expected to endure, to her damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

76. As a result of the injuries as stated hereinabove, Linda Mohler has lost the services, assistance, aid, society, companionship, and consortium of her husband, to her damage in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

77. As a result of the gross negligence, willful or wanton misconduct, and malice as stated hereinabove, Plaintiffs are entitled to an award of punitive or exemplary damages in an amount that is fair and reasonable and which exceeds the minimum amount necessary to establish the jurisdiction of this Court.

WHEREFORE, the Plaintiffs, Troy Mohler and Linda Mohler, demand:

1. Judgment against Defendant Monsanto for compensatory, punitive, and exemplary damages in an amount exceeding the jurisdictional limit of this Court of $75,000.00;

2. Punitive damages;

3. Pre-judgment interest;

4. Post judgment interest;

5. Trial by jury;

6. Costs and expenses herein; and

7. Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF

BY: ___/s/ Jerome P. Prather_____
JEROME P. PRATHER
Garmer & Prather, PLLC
141 North Broadway
Lexington, Kentucky 40507
Telephone: (859) 254-9352
Facsimile: (859) 233-9769
Email: jprather@garmerprather.com

MICHAEL M. PITMAN
Haverstock & Pitman, LLP
211 South 12th Street
P.O. Box 1075
Murray, Kentucky 42071
Telephone: (270) 753-1694
Facsimile: (270) 753-2053
Email: mike@haverstocklaw.com