# United States District Court
## District of Puerto Rico (San Juan)
## CIVIL DOCKET FOR CASE #: 3:22-cv-01367-SCC

| | |
|---|---|
| Prieto-Rodriguez et al v. Bayer Corp. et al | Date Filed: 08/01/2022 |
| Assigned to: Judge Silvia L. Carreno-Coll | Jury Demand: None |
| Demand: $1,900,000 | Nature of Suit: 245 Tort Product Liability |
| Cause: 28:1442 Petition for Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Miguel Prieto-Rodriguez**                    represented by   **Miguel Prieto-Rodriguez**
                                                                 PRO SE

**Plaintiff**

**Maria del Pilar Gonzalez-Urrutia**           represented by   **Maria del Pilar Gonzalez-Urrutia**
                                                                 PRO SE

V.

**Defendant**

**Bayer Corp.**                                represented by   **Albeniz Couret-Fuentes**
                                                                 Sepulvado, Maldonado & Couret
                                                                 304 Ponce de Leon Avenue
                                                                 Suite 990
                                                                 San Juan, PR 00918
                                                                 787-765-5656
                                                                 Fax: 787-294-0073
                                                                 Email: acouret@smclawpr.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Elaine Marie Maldonado-Matias**
                                                                 Sepulvado & Maldonado PSC
                                                                 304 Ponce de Leon Ave.
                                                                 Suite 990
                                                                 San Juan, PR 00918
                                                                 787-765-5656 787-469-3897
                                                                 Fax: 787-294-0073
                                                                 Email: emaldonado@smclawpr.com
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2022 | 1 | NOTICE OF REMOVAL from Carolina Superior Court, case number CA2022cv01151. (Filing fee $ 402 receipt number APRDC-7854657), filed by Bayer Corp.. (Attachments: # 1 Civil Cover Sheet, # 2 Category Sheet, # 3 Exhibit)(Maldonado-Matias, Elaine) (Entered: 08/01/2022) |

| 08/01/2022 | 2 | NOTICE of Filing Exhibits Civil Cover Sheet re 1 Notice of Removal, filed by Bayer Corp. (Maldonado-Matias, Elaine) (Entered: 08/01/2022) |
|---|---|---|
| 08/01/2022 | 3 | MOTION *to Supplement Record* re 1 Notice of Removal, filed by Bayer Corp. filed by Elaine Marie Maldonado-Matias on behalf of Bayer Corp. Responses due by 8/15/2022. NOTE: Pursuant to FRCP 6(a) an additional three days does not apply to service done electronically. (Attachments: # 1 Exhibit)(Related document(s) 1 ) (Maldonado-Matias, Elaine) (Entered: 08/01/2022) |
| 08/01/2022 | 4 | NOTICE of Appearance *of Counsel* by Albeniz Couret-Fuentes on behalf of Bayer Corp. (Couret-Fuentes, Albeniz) (Entered: 08/01/2022) |
| 08/01/2022 | 5 | ANSWER to Complaint filed by Elaine Marie Maldonado-Matias on behalf of Defendant Bayer Corp..(Maldonado-Matias, Elaine) (Entered: 08/01/2022) |
| 08/02/2022 | 6 | NOTICE OF JUDGE ASSIGNMENT Case has been assigned to Judge Silvia L. Carreno-Coll (arg) (Entered: 08/02/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/03/2022 10:45:56 | | |
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.356965 rhb |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-01367-SCC |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MIGUEL A. PRIETO-RODRÍGUEZ; his wife MARÍA DEL PILAR GONZÁLEZ-URRUTIA, & the Conjugal Partnership composed of them both, <br><br>        Plaintiffs, <br><br> v. <br><br> BAYER CORP., as successor in interest of MONSANTO CORP.; Companies A, B, & C; Insurance Companies X, Y, Z, <br><br>        Defendants. | Civil Action No. 22-1367 |

## BAYER CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Bayer Corporation, incorrectly identified in the caption as a "successor in interest of MONSANTO CORP.", hereby gives notice of removal of this action, captioned *Miguel A. Prieto-Rodríguez; his wife María Del Pila González-Urrutia, & the Conjugal Partnership composed of them both v. Bayer Corp., as successor in interest of Monsanto Corp.; Companies A, B, & C; Insurance Companies X, Y, Z,* bearing Case Number CA2022CV01151 from the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Carolina to the United States District Court for the District of Puerto Rico. Pursuant to 28 U.S.C. § 1446(a), Bayer Corporation provides the following statement of grounds for removal.

## Introduction

1.    In this products liability lawsuit, Plaintiffs sue Bayer Corporation for injuries allegedly caused by Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields,

and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. The United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiffs allege that Mr. Prieto-Rodríguez developed cancer — specifically, non-Hodgkin's lymphoma ("NHL") — caused by exposure to glyphosate-based herbicides.

2.      This is one of many lawsuits that have been filed involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Bayer Corporation removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiffs are citizens of Puerto Rico.  For purposes of diversity jurisdiction, Bayer Corporation is deemed to be a citizen of New Jersey (where its principal place of business is located) and Indiana (its state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiffs seek damages for cancer allegedly caused by exposure to Roundup®-branded herbicides and specifically seek a judgment in excess of $1,900,000.

### Background and Procedural History

1.      On April 20, 2022, Plaintiffs commenced this lawsuit in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Carolina by filing a complaint, captioned *Miguel A. Prieto-Rodríguez; his wife María Del Pila González-Urrutia, & the Conjugal*

2

*Partnership composed of them both v. Bayer Corp., as successor in interest of Monsanto Corp.; Companies A, B, & C; Insurance Companies X, Y, Z*, bearing Case Number CA2022CV01151 from (the "Commonwealth Court Action"). A certified English translation of the Complaint, along with other filings available from the Commonwealth Court's files, is attached hereto as **Exhibit 1**.

2. Plaintiffs seek damages for NHL allegedly caused by exposure to glyphosate-based herbicides, which they attribute to Bayer Corporation. *See, e.g.*, Complaint ¶¶ 28–29, 40, 48–52.

<u>**Basis For Removal — Diversity Jurisdiction**</u>

3. Plaintiffs are, and were at the time the Commonwealth Court Action was filed, citizens of Puerto Rico. *See* Complaint ¶¶ 1–4.

4. Bayer Corporation is, and was at the time the Commonwealth Court Action was filed, a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of New Jersey. *See* Complaint ¶ 7. Thus, Bayer Corporation is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction.[1]

5. The only other defendants are unidentified, fictitious defendants that are irrelevant when determining whether removal based on diversity of citizenship is proper here. The citizenship of defendants sued under fictitious names is disregarded for removal purposes. *See* 28 U.S.C. § 1441(b).

6. The Complaint seeks $1,900,000 in damages based on the allegations that Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL). *See* Complaint, p. 7. Therefore, it is clear from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy

---

[1] Plaintiffs allege Bayer Corporation's principal place of business without alleging its state of incorporation. The complete diversity of the parties is undisputed however, as Plaintiffs also allege that Bayer Corporation has essentially no presence in Puerto Rico. *See* Complaint ¶ 8.

requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

7.      In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

## Procedural Requirements

8.      The Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Carolina is located within the District of Puerto Rico. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

9.      Bayer Corporation received notice of process on June 30, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of June 30, 2022. *See id.*; *see also* Fed. R. Civ. P. 6(a)(1)(C).

10.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Carolina and will be promptly served on Plaintiffs.

11.     Bayer Corporation does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

12.     If any question arises as to the propriety of this removal, Bayer Corporation requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Bayer Corporation removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

## CERTIFICATE OF SERVICE

I certify that on August 1, 2022, this document was filed through the Court's CM/ECF service and that on this same date a true and exact copy was sent via e-mail to Plaintiffs' counsel Rafael Martínez Géigel (rgmglaw@gmail.com) and via certified mail, return receipt requested, to Avenida Hostos No. 500, San Juan, PR 00918-3231, and a true and exact copy of this Notice of Removal was filed with the Clerk of the Puerto Rico Court of First Instance, Superior Court of Carolina.

*/s/ Elaine M. Maldonado-Matías*
Elaine M. Maldonado-Matías
USDC-PR Bar No. 217309
emaldonado@smclawpr.com

SEPULVADO, MALDONADO & COURET
304 Ponce de León – Suite 990
San Juan, PR 00918
Tel: (787) 765-5656
Fax: (787) 294-0073

*Attorneys for Bayer Corporation*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE CAROLINA**

| | |
|---|---|
| **MIGUEL A. PRIETO-RODRÍGUEZ; su esposa MARÍA DEL PILAR GONZÁLEZ-URRUTIA, & la Sociedad Legal de Gananciales compuesta entre ambos** | **CIVIL NÚM:** |
| **Demandantes** | **SOBRE:** |
| **Vs.** | **Daños y Perjuicios (Responsabilidad por Productos Defectuosos)** |
| **BAYER CORP., como sucesora en interés de MONSANTO CORP.; Empresas A, B, y C; Compañías de Seguros X,Y, Z** | |
| **Demandadas** | |

## DEMANDA

**AL HONORABLE TRIBUNAL:**

**COMPARECEN** los demandantes Miguel Prieto Rodríguez, su esposa María del Pilar González Urrutia, y la Sociedad Legal de Gananciales entre ambos compuesta mediante el abogado que suscribe y ante este Honorable Tribunal muy respetuosamente **Expone, Alega y Solicita:**

### I.   HECHOS

1.    El demandante Miguel Prieto Rodríguez (en adelante "Prieto Rodríguez" o "El Demandante") es mayor de edad, casado,  retirado de la Autoridad de Acueductos y Alcantarillados, y vecino de Trujillo Alto, Puerto Rico. Su teléfono es el (787) 614-1119. Vive junto a su esposa la codemandante María del Pilar González Urrutia.

2.    La codemandante  María del Pilar González Urrutia  es mayor de edad, casada con el demandante, y vecina de Trujillo Alto, Puerto Rico. Su teléfono es el (787) 306-3763.

3.    La dirección física de los  demandantes es la siguiente:

> Carretera #181, Km. 10.4
> Quebrada Negrito
> Sector Villa Vanessa
> Trujillo Alto, PR

4.    La dirección postal de los demandantes es la siguiente:

Calle Harvard #302
University Gardens
San Juan, Puerto Rico
00927

5.      La demandada Bayer Corp. es un consorcio corporativo global que produce
múltiples productos farmacéuticos y químicos entre otros y opera en el mundo entero.

6.      La demandada Bayer Inc. es la sucesora en interés del también consorcio global
Monsanto Corp., el cual fuera adquirido por la primera en junio de 2018.

7.      La dirección física de la sede corporativa de Bayer Corp. en los Estados Unidos es
la siguiente:

Bayer Corporation
100 Bayer Boulevard
Whippany, NJ 07981

8.      Por información y creencia resultante de una búsqueda del Registro de
Corporaciones del Departamento de Estado de Puerto Rico, la demandada Bayer Corp.
no tiene agente residente en Puerto Rico, ni de carácter personal ni corporativo. Del
registro solo surgen lo que aparentan ser compañías subsidiarias que han sido disueltas
o cuyos certificados de incorporación aparecen cancelados.

9.      Por información y creencia el señor Scott Partridge es el abogado general ("General
Counsel") de la corporación demandada y hasta donde se tiene conocimiento es la
persona autorizada a recibir emplazamientos a nombre de la demandada Bayer Corp.,
en la sede corporativa de los Estados Unidos, referida en el párrafo 7 que antecede.

10.     Las demandadas COMPAÑÍAS y/o ENTIDADES A, B, y C son entidades
corporativas y/o de otra índole y a su vez entidades jurídicas con personalidad jurídica
propia, con capacidad para demandar y ser demandadas, que son o pudieran resultar
civilmente responsables ante los demandantes por los daños que motivan esta
Demanda, y de los cuales se desconoce al momento sus nombres y/o sus identidades.
Por desconocerse los mismos, se les identifica como A, B, y C, hasta tanto estos puedan
verificarse.

11.     Las codemandadas Compañías de Seguros X,Y,Z, nombres ficticios a utilizarse
hasta tanto pueda determinarse su verdadera identidad, son compañías dedicadas al
negocio de seguros, autorizadas para ello por el Comisionado de Seguros, y para la
fecha de los hechos a que se refiere la presente Demanda, tenían expedidas y vigentes
pólizas de seguros adicionales a favor de la demandada Bayer Corp. y de todos los

demás demandados, cubriendo la responsabilidad civil de dicha(s) entidad(es) y/o persona(s) por la ocurrencia de los daños que dan base a esta acción. Por desconocerse sus identidades se les nombra como X, Y, y Z.

12. La demandada Bayer Corp. (en adelante "Bayer") y antes Monsanto Corp. (en adelante "Monsanto"), fabrica, distribuye, vende y comercializa, entre otros productos, el herbicida  conocido como "Roundup®, (en adelante "Roundup").

13. Los hechos que dan base a esta Demanda tuvieron lugar principal y predominantemente en el en Municipio de Trujillo Alto, Puerto Rico, correspondiente a la demarcación territorial del Distrito Judicial de Carolina, Puerto Rico.

14. La presente Demanda surge a consecuencia de graves daños físicos sufridos por el  demandante Prieto Rodríguez como resultado del uso del herbicida conocido como  "Roundup".

15. El demandante Miguel Prieto Rodríguez es propietario de un terreno de  900 metros en  el cual se ubica su residencia en el Municipio de Trujillo Alto.

16. Desde aproximadamente el año 1995 hasta el año 2019 el demandante Prieto Rodríguez estuvo utilizando el herbicida  Roundup para deshierbar en su finca de Trujillo Alto.

17. El herbicida Roundup  es un producto fabricado por Monsanto y hoy Bayer que tiene ese mismo propósito de deshierbar y eliminar vegetación indeseada.

18. El herbicida Roundup es un producto de amplia distribución en Puerto Rico, Estados Unidos  y a nivel global.

19. El herbicida Roundup se vende  libremente en ferreterías, agrocentros, y otros múltiples establecimientos en todo Puerto Rico.

20. El demandante compraba el producto en diferentes ferreterías y establecimientos comerciales mayormente en el área metropolitana y en área de La Muda en Caguas.

21. Para el mes de septiembre de 2019 el demandante fue diagnosticado con linfoma linfocítico y leucemia linfocítica crónica en un fragmento de nódulo linfático.

22. Posteriormente el demandante fue  diagnosticado específicamente con Linfoma No-Hodgkins ("Non-Hodgkins Lymphoma").

23. El linfoma No-Hodgkins es una condición maligna que afecta los nódulos linfáticos en el cuerpo de la víctima.

24. El demandante fue referido al Centro de Cáncer del Hospital Auxilio Mutuo (en

adelante "el Centro de Cáncer"), donde fue admitido para tratamiento de su condición.

25.  En el Centro de Cáncer el demandante quedó y permanece al día de hoy bajo el cuido del especialista en oncología y hematólogo-oncólogo Dr. Fernando Cabanillas.

26.  El Dr. Fernando Cabanillas ("en adelante el Dr. Cabanillas") es una autoridad en materia de cáncer y linfoma no sólo en Puerto sino a nivel de los Estados Unidos e internacionalmente.

27.  Durante la toma del historial del paciente y su proceso de diagnóstico, se identificó el uso del herbicida Roundup.

28.  . Tras examinar el historial del uso del producto por parte del demandante, el Dr. Cabanillas le informó y orientó en torno a la relación entre el uso del herbicida Roundup y la seria condición de salud que había desarrollado.

29.  La cita médica en la cual se discutió la relación entre la condición del herbicida Roundup y la condición de salud del demandante tuvo lugar el día 3 de octubre de 2019.

30.  El 4 de diciembre de 2019, el demandante se comunicó con el Bufete Napoli Shkolnik  en la ciudad de Nueva York ("NYC") con el propósito de entablar una reclamación contra el manufacturero de Roundup con base en la condición de linfoma No-Hodgkins desarrollada por él.

31.  El bufete Napoli Shkolnik asignó al demandante el número de caso 69781.

32.  El bufete Napoli Shkonik tiene su sede en Lexington Avenue, 11th Floor, New York New York, 10017

33.  El demandante contactó dicho bufete debido a que  por información y creencia entendía que el mismo tenía amplia experiencia en este tipo de reclamaciones.

34.  Integrantes del personal que atendió al demandante en el Bufete Napoli Shkolnik informaron  al demandante que estarían atendiendo su caso, le tomaron toda la información necesaria en torno a su persona, condición médica, y uso del pesticida Roundup, y le  indicaron que se estarían comunicando con él.

35.  El bufete de abogados Napoli Shkolnik tiene varias sucursales a través de los Estados Unidos, incluyendo en Puerto Rico.

36.  El bufete Napoli Shkolnik renunció a la representación legal mediante carta enviada por correo electrónico al demandante el 6 de septiembre de 2021.

37.  El bufete Napoli Shkolnik tuvo a su cargo la reclamación del demandante desde que el demandante los contactó el 4 de diciembre de 2019, hasta que renunció a la

representación legal de éste mediante la carta enviada por correo electrónico el 6 de septiembre de 2021.

38.    El caso que hoy se presenta ante este Honorable Tribunal no es único ni particular en forma alguna. En los Estados Unidos, al momento de esta radicación, hay decenas de miles de casos estatales y federales presentados por víctimas de la misma condición específica que padece el demandante, así como por otras similares, además de violaciones de contratos, falsa publicidad y otros, en contra de las entidades aquí demandadas.

39.    Específicamente, al momento de esta presentación se litigan a nivel multidistrital federal (Federal Multi-District Litigation), decenas de miles de casos relacionados a la controversia que presenta el del epígrafe y otras también relacionadas, en el distrito federal conocido como el Distrito Norte de California (United States District Court for the Northern District of California). El número del caso es el Case No. 3:16-md-02741-VC.

40.    La relación causal entre el uso del pesticida Roundup y el tipo específico de linfoma que padece el demandante ha sido establecida en múltiples estudios tanto en Estados Unidos como en Europa y según información y creencia, otros países. Para propósitos de esta primera alegación, prescindimos de citar la extensísima bibliografía de Estados Unidos y Europa.

41.    El demandante, tras ser diagnosticado de Linfoma No-Hodgkins, ha tenido que someterse a tratamiento oncológico de radioterapia y múltiples pruebas diagnósticas de todo el cuerpo.

42. Al momento el demandante presenta Linfoma No-Hodgkins de tamaño pequeño ("small Non-Hodgkins Lymphoma").

43. Al momento la condición del demandante se encuentra estable, pero se desconoce su futura evolución y cuánto pueda empeorar. Una vez diagnosticado con linfoma, el demandante dejó de usar el Producto Roundup y a partir de ese momento su condición de linfoma dejó de progresar.

44. No obstante el demandante tiene que someterse a no menos de una prueba diagnóstica anual de CT de cuerpo entero ("full body CT scan") cuyos costos son en exceso de mil dólares ($1,000.00) por cada prueba.

45. Aunque al momento se encuentre estable, el demandante tiene que vivir bajo estricta supervisión médica, precisamente por tener una condición maligna cuya evolución futura se desconoce.

46. En la actualidad el demandante presenta entre otros los siguientes síntomas permanentes:

        a) Nódulos inflamados en cabeza, cuello, área inguinal, y pecho cuyo posible desarrollo futuro es impredecible al momento, pero sin posibilidad de mejoría en el resto de su vida;

        b) Dolor en la parte trasera del cuello por la inflamación de los nódulos linfáticos;

        c) Manchas y hematomas en los pies y otras partes del cuerpo;

        d) Reducción de plaquetas;

        e) Aumento en linfocitos;

        f) Concentración excesiva de linfocitos en todo cuerpo;

        g) Aumento en glóbulos blancos

        h) Hipermutación celular de 0.00%, sugestiva de evolución futura y progresiva de la condición de linfoma.

47. El demandante también presenta síntomas ocasionales:

        h) Hinchazón de los pies sin razón conocida;

        i) Dolores de cabeza;

        j) Cansancio excesivo

## CAUSALIDAD

48. La condición maligna del demandante ha sido causada única y exclusivamente a la toxicidad y alta peligrosidad del producto Roundup.

49. La demandada Bayer Corp. antes Monsanto Corp. manufactura, distribuye, vende, y anuncia como seguro en Puerto Rico, Estados Unidos, y el mundo entero el producto Roundup que ha causado la condición maligna del demandante.

50. El producto Roundup era y es defectuoso, inseguro y peligroso al utilizarse con el propósito para el cual fue diseñado y de la manera en que según el fabricante debe ser utilizado.

51. La demandada Bayer Corp. mantiene en el mercado el producto Roundup, a sabiendas de que constituye un peligro para quienes lo utilizan.

52. Durante el período en que el demandante utilizó el producto Roundup, los envases en que se vendía no tenía avisos de clase alguna sobre el riesgo de desarrollar la condición de linfoma No-Hodgkins desarrollada por el demandante, y aún a estas alturas [en que se presenta esta Demanda] está litigando para evitar tener que incluir avisos al respecto y/o minimizar el impacto de los mismos en los recipientes en los que se vende el producto.

## DAÑOS

53. Como consecuencia de los hechos expuestos en esta Demanda relacionados al uso del herbicida Roundup por parte del demandante, ambos demandantes han sufrido daños los cuales se estiman y se valoran según se expone en los próximos párrafos.

54. Los daños físicos del demandante han consistido del desarrollo de linfoma No-Hodgkins, una malignidad en los nódulos linfáticos cuya evolución futura es impredecible, y otras condiciones relacionadas y antes mencionadas, con el mismo pronóstico.

55. Los daños emocionales sufridos por el demandante están constituídos por los sufrimientos emocionales, sicológicos, y angustias mentales que ha experimentado y continúa experimentando tras su diagnóstico de linfoma, durante el deterioro de su condición de salud, y la incertidumbre en el futuro.

56. Los daños emocionales de la demandante María del Pilar González Urrutia están constituidos por los sufrimientos sicológicos y angustias mentales y emocionales que ha sufrido, continúa sufriendo, y continuará sufriendo durante el futuro previsible, ante la condición maligna de su esposo, la cual era previsible y prevenible a no ser por la irresponsabilidad de la demandada.

57. Los daños físicos sufridos por el demandante MIGUEL PRIETO RODRÍGUEZ pasados, presentes y futuros, se estiman conservadoramente en una suma no menor de UN MILLON DE DOLARES ($1,000,000.00).

58. Los daños emocionales sufridos por el demandante MIGUEL PRIETO RODRÍGUEZ incluyendo sus sufrimientos psicológicos y angustias mentales y emocionales, y otros, pasados, presentes y futuros, se estiman conservadoramente en una suma no menor de QUINIENTOS MIL DOLARES ($500,000.00).

59. Los daños generales sufridos por la demandante María del Pilar González Urrutia, incluyendo sus extraordinarios sufrimientos psicológicos y angustias mentales y emocionales, y otros, pasados, presentes y futuros, se estiman conservadoramente en una suma no menor de CUATROCIENTOS MIL DOLARES ($400,000.00).

**POR TODO LO CUAL,** los demandantes comparecientes muy respetuosamente solicitan de este Honorable Tribunal, que tras los trámites de ley correspondientes, declare CON LUGAR la presente Demanda, y en su consecuencia ordene a la parte demandada a pagar a la demandante la suma de UN MILLON NOVECIENTOS MIL DOLARES ($1,900,000.00), más intereses, costas, y una suma razonable de honorarios de abogado.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan de Puerto Rico, a 13 de abril de 2022.

*f/Rafael G. Martínez Géigel*
**RAFAEL G. MARTÍNEZ GÉIGEL**
**RUA Número 8831**
G.P.O. Box 366252
San Juan, P. R.00936-6252
Tel. 787-568-1879
rgmglaw@gmail.com

**COMMONWEALTH OF PUERTO RICO**
**COURT OF FIRST INSTANCE**
**CAROLINA SUPERIOR DIVISION**

# EXHIBIT 1

| | |
|---|---|
| **MIGUEL A. PRIETO-RODRÍGUEZ; his wife MARÍA DEL PILAR GONZÁLEZ-URRUTIA, & the Conjugal Partnership composed of them both** | **CIVIL NO:** |
| | |
| | **RE:** |
| **Plaintiffs** | |
| | |
| **Vs.** | |
| | |
| **BAYER CORP., as successor in interest of MONSANTO CORP.; Companies A, B, and C; Insurance Companies X,Y, Z** | **Torts (Defective Product Liability)** |
| | |
| **Defendants** | |

## COMPLAINT

TO THE HONORABLE COURT:

Come now Plaintiffs Miguel Prieto Rodriguez, his wife María del Pilar González Urrutia, and the Conjugal Partnership composed of them both, through the undersigned attorney and before this Honorable Court very respectfully **State, Allege and Pray**:

### I.   FACTS

1.   Plaintiff Miguel Prieto Rodríguez (hereinafter "Prieto Rodríguez" or "Plaintiff") is of legal age, married, retired from the Aqueduct and Sewer Authority, and a resident of Trujillo Alto, Puerto Rico. His phone number is (787) 614-1119. He lives with his wife, Co-Plaintiff María del Pilar González Urrutia.

2.   Co-Plaintiff María del Pilar González Urrutia is of legal age, married to Plaintiff, and a resident of Trujillo Alto, Puerto Rico. Her phone number is (787) 306-3763.

3.   Plaintiffs' physical address is as follows:

Carretera #181, Km. 10.4
Quebrada Negrito
Sector Villa Vanessa
Trujillo Alto, PR

4.   Plaintiffs' postal address is as follows:

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Calle Harvard #302
University Gardens
San Juan, Puerto Rico
00927

5.    Defendant Bayer Corp. is a global corporate consortium that manufactures multiple pharmaceutical, chemical and other products and operates throughout the world.

6.    Defendant Bayer Inc. is the successor in interest of the also global consortium Monsanto Corp., which was acquired by the former in June 2018.

7.    The physical address of Bayer Corp.'s headquarters in the United States is as follows:

Bayer Corporation
100 Bayer Boulevard
Whippany, NJ 07981

8.    On information and belief resulting from a search of the Registry of Corporations of the Department of State of Puerto Rico, defendant Bayer Corp. does not have a resident agent in Puerto Rico, either personal or corporate. From the registry, there is only what appear to be subsidiary companies that have been dissolved or whose certificates of incorporation show as canceled.

9.    On information and belief, Mr. Scott Partridge is the General Counsel of the defendant corporation and, to the best of his knowledge, is the person authorized to receive a summons on behalf of defendant Bayer Corp., at its corporate headquarters in the United States, referenced in paragraph 7 above.

10.    Defendants COMPANIES and/or ENTITIES A, B, and C are corporate and/or other entities and are, in turn, legal entities with their own legal personhood, with the capacity to sue and be sued, which are or could be civilly liable before Plaintiffs for the damages that motivate this Complaint, and whose names and/or identities are unknown at this time. Because they are unknown, they are identified as A, B, and C, until their names can be verified.

11.    Co-Defendants Insurance Companies X,Y,Z, fictitious names to be used until their true identity can be determined, are companies engaged in the insurance business, authorized to do so by the Insurance Commissioner, and as of the date of the events referenced in this Complaint, had additional insurance policies issued and in force in favor of defendant Bayer Corp. and all the

Page 2

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

other defendants, covering the civil liability of said entity(ies) and/or person(s) for the occurrence of the harm that give rise to this action. Because their identities are unknown, they are named X, Y, and Z.

12. Defendant Bayer Corp. (hereinafter "Bayer") and previously Monsanto Corp. (hereinafter "Monsanto"), manufactures, distributes, sells and markets, among other products, the herbicide known as "Roundup®, (hereinafter "Roundup").

13. The facts that give basis to this Complaint took place mainly and predominantly in the Municipality of Trujillo Alto, Puerto Rico, under the territorial demarcation of the Judicial District of Carolina, Puerto Rico.

14. This Complaint arises from the serious bodily harm suffered by Plaintiff Prieto Rodríguez as a result of the use of the herbicide known as "Roundup".

15. Plaintiff Miguel Prieto Rodríguez owns a 900-meter piece of land on which his residence is located in the Municipality of Trujillo Alto.

16. From approximately 1995 to 2019, Plaintiff Prieto Rodríguez was using Roundup herbicide to weed his farm in Trujillo Alto.

17. Roundup herbicide is a product manufactured previously by Monsanto and currently by Bayer for the purpose of weeding and eliminating unwanted vegetation.

18. Roundup herbicide is a widely distributed product in Puerto Rico, the United States and globally.

19. Roundup herbicide is freely sold in hardware stores, agrocenters, and multiple other establishments throughout Puerto Rico.

20. Plaintiff bought the product in different hardware stores and commercial establishments, mostly in the metropolitan area and in the area of La Muda in Caguas.

21. In the month of September 2019, Plaintiff was diagnosed with lymphocytic lymphoma and chronic lymphocytic leukemia in a lymph node fragment.

22. Plaintiff was later specifically diagnosed with Non-Hodgkins Lymphoma.

23. Non-Hodgkins lymphoma is a malignant condition that affects the lymph nodes in the victim's body.

24. Plaintiff was referred to the Cancer Center of the Hospital Auxilio Mutuo



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

(hereinafter "the Cancer Center"), where he was admitted for treatment of his condition.

25.     In the Cancer Center, Plaintiff was and remains to this day under the care of the oncology specialist and hematologist-oncologist Dr. Fernando Cabanillas.

26.     Dr. Fernando Cabanillas ("hereinafter Dr. Cabanillas") is an authority on cancer and lymphoma not only in Puerto but also in the United States and internationally.

27.     During the taking of the patient's history and diagnostic process, the use of the herbicide Roundup was identified.

28.     After examining the history of the use of the product by Plaintiff, Dr. Cabanillas informed and advised him on the relationship between the use of the herbicide Roundup and the serious health condition that he had developed.

29.     The medical appointment in which the relationship between the Roundup herbicide condition and Plaintiff's health condition was discussed took place on October 3, 2019.

30.     On December 4, 2019, Plaintiff contacted the Napoli Shkolnik Law Firm in New York City ("NYC") for the purpose of filing a claim against the manufacturer of Roundup based on the Non-Hodgkins condition he developed.

31.     The Napoli Shkolnik law firm assigned Plaintiff the case number 69781.

32.     The Napoli Shkonik Law Firm is headquartered at Lexington Avenue, 11th Floor, New York New York, 10017.

33.     Plaintiff contacted said firm because, on information and belief, he understood that it had extensive experience in this type of claim.

34.     Members of the staff who assisted Plaintiff at the Napoli Shkolnik Law Firm informed Plaintiff that they would take his case, took down all necessary information about him, his medical condition, and the use of Roundup pesticide, and indicated that they would be communicating with him.

35.     The Napoli Shkolnik Law Firm has several branches throughout the United States, including one in Puerto Rico.

36.     The Napoli Shkolnik law firm withdrew legal representation by letter sent by email to Plaintiff on September 6, 2021.

37.     The Napoli Shkolnik law firm handled Plaintiff's claim from the time Claimant contacted them on December 4, 2019, until they withdrew from

Page 4



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

his legal representation through the letter sent by email on September 6, 2021.

38.     The case filed today before this Honorable Court is not unique or particular in any way. In the United States, at the time of this filing, there are tens of thousands of state and federal cases brought by victims of the same condition suffered by Plaintiff, as well as for other similar conditions, in addition to breach of contract, false advertising and others, against the entities sued here.

39.     Specifically, at the time of this filing, tens of thousands of cases related to the controversy presented herein and other related controversies are being litigated at the federal multidistrict level (Federal Multi-District Litigation), in the federal district known as the District Northern California (United States District Court for the Northern District of California). The case number is Case No. 3:16-md-02741-VC.

40.     The causal relationship between the use of the pesticide Roundup and the specific type of lymphoma from which Plaintiff suffers has been established in multiple studies both in the United States and in Europe and, on information and belief, in other countries. For purposes of this first allegation, we dispense with citing the extensive bibliography from the United States and Europe.

41.     After being diagnosed with Non-Hodgkins Lymphoma, Plaintiff has had to undergo oncological treatment of radiotherapy and multiple diagnostic tests of his whole body.

42.     At this time, Plaintiff presents small Non-Hodgkins Lymphoma.

43.     At this time, Plaintiff's condition is stable, but its future evolution and how much worse it may get are unknown. Once diagnosed with lymphoma, Plaintiff stopped using the Roundup Product and thereafter his lymphoma condition stopped progressing.

44.     Notwithstanding, Plaintiff must submit to no less than one annual full body CT scan which costs in excess of one thousand dollars ($1,000.00) for each test.

45.     Although at this time he is stable, Plaintiff has to live under strict medical supervision, precisely because he has a malignant condition whose future evolution is unknown.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

46.     Currently, Plaintiff presents, among others, the following permanent symptoms:

   a) Swollen nodules in the head, neck, groin area, and chest whose possible future development is unpredictable at this time, but without the possibility of improvement for the rest of his life;

   b) Pain in the back of the neck due to inflammation of the lymph nodes;

   c) Stains and bruises on the feet and other parts of the body;

   d) Reduced platelets;

   e) Increase in lymphocytes;

   f) Excessive concentration of lymphocytes throughout the body;

   g) Increase in white blood cells

   h) Cellular hypermutation of 0.00%, suggestive of future and progressive evolution of the lymphoma.

47.     Plaintiff also exhibits occasional symptoms:

   h) Swelling of the feet for no known reason:

   i) Headaches;

   j) Excessive tiredness

## CAUSATION

48.     Plaintiff's malignant condition has been caused solely and exclusively by the toxicity and high danger of the Roundup product.

49.     Defendant Bayer Corp. formerly Monsanto Corp. manufactures, distributes, sells, and advertises the Roundup product that has caused Plaintiff's malignant condition as safe in Puerto Rico, the United States, and the entire world.

50.     The Roundup product was and is defective, unsafe and dangerous when used for the purpose for which it was designed and in the manner in which according to the manufacturer it should be used.

51.     Defendant Bayer Corp. keeps the product Roundup on the market, knowing that it constitutes a danger to those who use it.

52.     During the period in which Plaintiff used the Roundup product, the containers in which it was sold did not have warnings of any kind about the risk of developing the Non-Hodgkins lymphoma condition developed by Plaintiff, and even at this time [when this Complaint is filed] is litigating to avoid having to include notices in this regard and/or to minimize the impact of such notices on the containers in which the product is sold.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

## DAMAGES

53. As a consequence of the facts set forth in this Complaint related to the use of the herbicide Roundup by Plaintiff, both plaintiffs have suffered damages which are estimated and valued as set forth in the following paragraphs.

54. Plaintiff's physical harm consists of the development of Non-Hodgkins lymphoma, a malignancy in the lymph nodes whose future evolution is unpredictable, and other related conditions mentioned above, with the same prognosis.

55. The emotional harm suffered by Plaintiff is the emotional, psychological, and mental anguish that he has experienced and continues to experience after his diagnosis of lymphoma, during the deterioration of his health, and the uncertainty in the future.

56. The emotional harm to Plaintiff María del Pilar González Urrutia consists of the psychological suffering and mental and emotional anguish that she has suffered, continues to suffer, and will continue to suffer during the foreseeable future, given the malignant condition of her husband, which was foreseeable and preventable were it not for Defendant's irresponsibility.

57. The physical harm suffered by Plaintiff MIGUEL PRIETO RODRÍGUEZ past, present and future, is conservatively estimated to equal a sum of not less than ONE MILLION DOLLARS ($1,000,000.00).

58. The emotional harm suffered by Plaintiff MIGUEL PRIETO RODRÍGUEZ including his psychological suffering and mental and emotional anguish, and others, past, present and future, is conservatively estimated to equal a sum of not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

59. The general harm suffered by Plaintiff María del Pilar González Urrutia, including her extraordinary psychological suffering and mental and emotional anguish, and others, past, present and future, are conservatively estimated to be equal to no less than FOUR HUNDRED THOUSAND DOLLARS ($400,000.00).

**WHEREFORE**, the appearing plaintiffs very respectfully request that this Honorable Court, after the corresponding legal proceedings, GRANT this Complaint, and consequently order Defendant to pay Plaintiffs the sum of ONE MILLION NINE HUNDRED THOUSAND DOLLARS ($1,900,000.00), plus interest, costs, and a reasonable amount of attorney's fees.

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION
Case 3:22-cv-01367 Document 80-3 Filed 08/00/22 Page 23 of 30
CA2022CV01151 04/13/2022 06:33:18 pm Entry No. 1 Page 8 of 8

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on April 13, 2022.

/s/ Rafael G. Martínez Géigel
**RAFAEL G. MARTÍNEZ-GÉIGEL, ESQ.**
**Sole Registry of Attorneys Number: 8831**
G.P.O. Box 366252
San Juan, Puerto Rico 00936-6252
Tel. (787) 568-1879
rgmglaw@gmail.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**COMMONWEALTH OF PUERTO RICO**
**GENERAL COURT OF JUSTICE**
**COURT OF FIRST INSTANCE**
**JUDICIAL CENTER OF Carolina**
Carolina SUPERIOR DIVISION

MIGUEL A. PRIETO RODRÍGUEZ AND
            OTHERS                          CASE NO.     CA2022CV01151   (CIVIL 403)

                VS
BAYER CORP. COMO THE SUCCESOR IN
INTEREST FOR MONSANTO CORP. AND         RE:        FOOD POISINING
OTHERS


**NOTICE**

TO:   RAFAEL G. MARTÍNEZ GÉIGEL
      RGMGLAW@GMAIL.COM


The undersigned Clerk certifies and notifies you that in regards to the CASE OF
REFERENCE this Court issued an ORDER on April 19, 2022.

The decision is transcribed below:

Within 5 days, Plaintiff submit the summons projects, under penalty of sanctions.

[2]

                              s/ISMAEL ÁLVAREZ BURGOS

YOU ARE ADVISED that since you are a party or its legal representative in the case
subject to this ORDER, you may file an appeal, petition for review or petition for
certiorari in accordance with the procedures and the terms established by law, rules or
regulations.

I CERTIFY that the decision issued by the Court was duly recorded and filed today,
April 19, 2022, and that a copy of this notice was sent to the persons indicated
above, to their addresses of record in the case according to applicable rules.  On
this same date, a copy of this notice was filed in the record of this case.


In Carolina, Puerto Rico, on April 19, 2022.


   MARILYN APONTE RODRÍGUEZ                  By:        S/KEILA GARCIA SOLIS
       Name of the                           Name and signature of the
     Regional Clerk                          Deputy Clerk of the Court


OAT 1812 Sole Notice Form - Judgments, Decisions, Orders and Minutes
(November 2016) / SUMAC


I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate
translation, to the best of my abilities, of the document in Spanish which I have seen.

## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## CAROLINA SUPERIOR DIVISION

| | |
|---|---|
| **MIGUEL A. PRIETO-RODRÍGUEZ; his wife MARÍA DEL PILAR GONZÁLEZ-URRUTIA, & the Conjugal Partnership composed of them both** | **CIVIL NO:** |
| **Plaintiffs** | **RE:** |
| **Vs.** | |
| **BAYER CORP., as successor in interest of MONSANTO CORP.; Companies A, B, and C; Insurance Companies X,Y, Z** | **Torts (Defective Product Liability)** |

## MOTION COMPLYING WITH ORDER SUBMITTING SUMMONS FORM; INFORMATIVE

TO THE HONORABLE COURT:

Come now Plaintiffs through the undersigned professional representative and very respectfully state, allege and pray:

1. The captioned complaint was filed on April 13, 2022. [Entry No. 1].

2. Due to technical problems with the generation of summonses, the summons form could not be submitted at the time the Complaint was filed as required under Rule 4.1 of the PR Rules of Civ. P.

3. Presentation of the form in accordance with the referenced rule was pending.

4. On April 19, 2022, this Honorable Court issued an Order granting the appearing party the term of 5 days to submit proposed summonses. [Entry No. 2].

5. In compliance with the aforementioned Order and the rule of procedure, Plaintiff submits and attaches to this motion the corresponding

-1-

Summons Form for immediate issuance (Attachment 1).



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

6. In addition to the above, Plaintiff informs this Honorable Court that the day following the filing of the Complaint, on April 14, 2022, and in strict compliance with Rule 4.5 of the PR Rules of Civ. P.,  Plaintiff served on Defendant a Notice of Complaint and Request for Waiver of Summons (OAT 1579) on the Defendant's General Counsel at the address that appears in this Complaint.

7. If Defendant chooses to embrace the procedure in Rule 4.5, the Honorable Court shall be immediately notified so that it may proceed accordingly.

8. Otherwise, Plaintiff shall proceed to personally serve the summons in the State of New Jersey within the time limit for service of process.

9. The appearing Plaintiff very respectfully requests that the Honorable Court order the Clerk to immediately issue the summons addressed to Defendant and take notice of all that is additionally stated above.

**Wherefore**, it is requested that the Honorable Court order the Clerk to immediately issue the summons addressed to Defendant, and take notice of all that is additionally stated above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on April 20, 2022.


*/s/ Rafael G. Martínez Géigel*
**RAFAEL G. MARTÍNEZ-GÉIGEL, ESQ.**
Sole Registry of Attorneys: 8831
G.P.O. Box 366252
San Juan, Puerto Rico 00936-6252
Tel. (787) 568-1879
Email: rgmglaw@gmail.com

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

**COMMONWEALTH OF PUERTO RICO**
**GENERAL COURT OF JUSTICE**
**COURT OF FIRST INSTANCE**
**JUDICIAL CENTER OF Carolina**
Carolina SUPERIOR DIVISION

| | | |
|---|---|---|
| MIGUEL A. PRIETO RODRÍGUEZ AND OTHERS | CASE NO. | CA2022CV01151 (CIVIL 403) |
| VS | | |
| BAYER CORP. COMO THE SUCCESOR IN INTEREST FOR MONSANTO CORP. AND OTHERS | RE: | FOOD POISINING |

**NOTICE**

TO:   RAFAEL G. MARTÍNEZ GÉIGEL
        RGMGLAW@GMAIL.COM

The undersigned Clerk certifies and notifies you that in regards to MOTION IN COMPLIANCE OF ORDER OR DECISION [3] this Court issued an ORDER on April 22, 2022.

The decision is transcribed below:

The Clerk shall issue the summons addressed to Defendant.

[4]

                                        s/ISMAEL ÁLVAREZ BURGOS

YOU ARE ADVISED that since you are a party or its legal representative in the case subject to this ORDER, you may file an appeal, petition for review or petition for certiorari in accordance with the procedures and the terms established by law, rules or regulations.

I CERTIFY that the decision issued by the Court was duly recorded and filed today, April 25, 2022, and that a copy of this notice was sent to the persons indicated above, to their addresses of record in the case according to applicable rules. On this same date, a copy of this notice was filed in the record of this case.

Clerk's notes:

SUMMONS TO BAYER CORPORATION IS ISSUED.

In Carolina, Puerto Rico, on April 25, 2022.

| | | |
|---|---|---|
| __MARILYN APONTE RODRÍGUEZ__ | By: | __S/LILLIAM ORTIZ NIEVES__ |
| Name of the Regional Clerk | | Name and signature of the Deputy Clerk of the Court |

OAT 1812 Sole Notice Form - Judgments, Decisions, Orders and Minutes
(November 2016) / SUMAC



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION



 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Case MB22-Nov-27467 Document 2808-3 Filed 08/01/22 Page 42 of 530
CA2022CV01151 04/25/2022  03:02:02 p.m.  Page 1 of 2

**CA2022CV01151 04/20/2022  11:15:57 am Entry No. 3 Page 1 of 2**

**Commonwealth of Puerto Rico**
**GENERAL COURT OF JUSTICE**
**Court of First Instance**
**CAROLINA** ☒**Superior    Municipal Division**

| | |
|---|---|
| MIGUEL A. PRIETO RODRÍGUEZ, Ma. of ___PILAR GONZÁLEZ URRUTIA & SLG___ <br> Name of Plaintiff(s) <br> v. <br> BAYER CORP. as Successor in Interest <br> ___de Monsanto Corp.; A,B,C & X,Y,Z___ <br> Name of Defendant(s) | CIVIL NO.:  CA22CV01151 <br><br> Room No. 403 <br><br> Civil Action:  PRODUCT DAMAGES <br> Matter or Subject |

**SUMMONS**

UNITED STATES OF AMERICA, SS
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO

TO: _____BAYER CORPORATION_____
Name of Plaintiff to be summoned
_____100 BAYER BOULEVARD_____
_____WHIPPANY, NEW JERSEY  USA  07981_____
Address of Plaintiff to be summoned

YOU ARE HEREBY summoned to file your responsive pleading to the complaint before the court within 30 days of being served with this summons, excluding the day of service.  You must file your responsive pleading through the Unified Case Management and Administration System (SUMAC [Spanish acronym]), which can be accessed through the following electronic address: https://unired.ramajudicial.pr, unless you are proceeding *pro se*, in which case you must file your responsive pleading with the Clerk of the Court.  If you do not file your responsive pleading within the specified time, the court may enter a default judgment against you and grant the relief prayed for in the complaint, or any other relief that the court, in the exercise of its sound discretion, may deem proper.

_____Rafael G. Martínez Géigel, Esq._____
Plaintiff's Attorney's Name, or of the Party
if without legal representation
_____8831_____
Number before Supreme Court, if an attorney
_____PO BOX 36252_____
_____SAN JUAN, PUERTO RICO_____
_____00936-6252_____
Address
_____(787)568-1879_____
Telephone number; fax number
_____rgmglaw@gmail.com_____
Electronic Address

ISSUED under my signature and seal, today ___ of [Ink stamp: APR 25 2022] of _____.

[Seal] COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE

CAROLINA UPERIOR DIVISION

GENERAL COURT OF JUSTICE

[ink stamp: Marilyn Aponte Rodríguez, Esq.
Regional Clerk]
Name of Regional Clerk

By:    _____
[ink stamp: Lilliam Ortiz Nieves
Deputy Clerk]
Name and signature of
Deputy Court Clerk

OAT 1721 Summons (SUMAC)
(Rev. December 2021)
2009 Civil Procedure Rules, as amended

Page 1 of 2





I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**CA2022CV01151 04/20/2022  11:15:57 am Entry No. 3 Page 2 of 2**

Case No. _____

CERTIFICATE OF SERVICE BY BAILIFF

I, _____, Bailiff of the Puerto Rico Court of First Instance, _____Division. CERTIFY that service of the summons and Complaint in the case of reference was carried out by me on _____ of _____ at _____ am  pm in the following manner:

By personal delivery to the Plaintiff to the following physical address:
_____

Accesible in the immediate presence of the Plaintiff at the following physical address:
_____

By leaving a copy of the documents with an agent authorized by the Defendant or designated by law to receive service of process at the following physical address:
_____

The summons could not be personally served due to the following:
_____
_____

In _____, Puerto Rico on _____ of _____.

_____          _____
Name of the Regional Bailiff                        Name of the Bailiff for the
                                                                     Court of First Instance and Badge Number

                                                          _____
                                                          Signature of the Bailiff for the
                                                          Court of First Instance

SERVICE OF PROCESS BY A PRIVATE PARTY

I, _____,declare that I have legal capacity in accordance with Rule 4.3 of the Civil Procedure Rules of Puerto Rico, and certify that service of the summons and the Complaint in the case of reference was carried out by me on _____ of _____ in the following manner:

By personal delivery to the Plaintiff to the following physical address:
_____

Accesible in the immediate presence of the Plaintiff at the following physical address:
_____

By leaving a copy of the documents with an agent authorized by the Defendant or designated by law to receive service of process at the following physical address:
_____

The summons could not be personally served due to the following:
_____
_____

COST OF SERVICE OF PROCESS
$_____

DECLARATION OF PROCESS SERVER

I declare under penalty of perjury, in accordance with the laws of the Commonwealth of Puerto Rico, that the information provided in the service of the summons is true and correct.

**IN TESTIMONY WHEREOF,** I sign this in _____ Puerto Rico, on _____ of _____ .

_____          _____
Signature of Process Server                        Address of Process Server

AFFIDAVIT NO. _____ (if sworn before a notary)

Sworn and signed before me by _____ of the above mentioned personal circumstances, who I attest that I know
_____
(personally or, if not, by a suppletory method provided for by the Notarial Act)

In _____, Puerto Rico, today _____ of _____.

                                                          _____
                                                          Name of Notary or
                                                          Regional Clerk

                              By:          _____
                                                          Name and Signature of
                                                          Deputy Clerk of Court

 I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.