Query   Reports   Utilities   Help   What's New   Log Out

CV

# U.S. District Court
# U.S. District of Minnesota (DMN)
# CIVIL DOCKET FOR CASE #: 0:22-cv-01987-PJS-ECW

| | |
|---|---|
| Mullins v. Monsanto Company | Date Filed: 08/10/2022 |
| Assigned to: Chief Judge Patrick J. Schiltz | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Elizabeth Cowan Wright | Nature of Suit: 365 Personal Inj. Prod. Liability |
| Cause: 28:1332-pip-Diversity-Personal Injury, Product Liability | Jurisdiction: Diversity |

**Plaintiff**

**Teddy L. Mullins**     represented by     **Charles H Johnson**
Law Offices of Charles H Johnson, PA
2599 Mississippi St
New Brighton, MN 55112
651-633-5685
Fax: 651-633-4442
Email: bdehkes@charleshjohnsonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Monsanto Company**

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2022 | 1 | COMPLAINT against All Defendants (filing fee $ 402, receipt number AMNDC-9690365) filed by Teddy Mullins. Filer requests summons issued. (Attachments: # 1 Civil Cover Sheet) (Johnson, Charles) (Entered: 08/10/2022) |
| 08/10/2022 | 2 | (Text-Only) CLERK'S NOTICE OF INITIAL CASE ASSIGNMENT. Case assigned to Judge Patrick J. Schiltz per 3rd 4th Master list, referred to Magistrate Judge Elizabeth Cowan Wright. Please use case number 22-cv-1987 (PJS/ECW).<br><br>**Notice: All Nongovernmental Corporate Parties must file a Rule 7.1 Corporate Disclosure Statement.** |

|            |   | (MMP) (Entered: 08/10/2022)                                                                                         |
|------------|---|---------------------------------------------------------------------------------------------------------------------|
| 08/10/2022 | 3 | Summons Issued as to Monsanto Company. (MMP) (Entered: 08/10/2022)                                                  |
| 08/10/2022 | 4 | Clerk's Notice to JPML regarding case potentially related to MDL #2741 re: 1 Complaint. (MMP) (Entered: 08/10/2022) |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Roundup<br>Products Liability Litigation | |
| TEDDY L. MULLINS<br><br>Plaintiff<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | **COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff, Teddy L. Mullins, states and brings this civil action, entitled *In Re: Roundup Products Liability Litigation*. Plaintiff is filing this Complaint for damages against Defendant Monsanto Company and alleges the following:

### NATURE OF THE CASE

1. This is an action for damages suffered by Plaintiff as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup, containing the active ingredient glyphosate.

2. Plaintiff maintains that Roundup and/or glyphosate is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use.

3. Plaintiff's injuries, like those striking thousands of similarly situated victims across

1

the country, were avoidable.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendant and this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant. Defendant is incorporated and has their principal place of business outside of the state in which the Plaintiff resides.

5. The amount in controversy between Plaintiff and Defendant exceeds $75,000, exclusive of interest and cost.

6. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## PARTIES

8. Plaintiff, Teddy L. Mullins, is and was a natural person and at all relevant times a resident and citizen of Oklahoma. Plaintiff brings this action for personal injuries sustained by exposure to Roundup ("Roundup") containing the active ingredient glyphosate and the surfactant POEA. As a direct and proximate result of being exposed to Roundup, Plaintiff developed Lymphoma.

9. "Roundup" refers to all formulations of Defendant's roundup products, including, but not limited to, Roundup Concentrate Poison Ivy and Tough Brush Killer 1, Roundup Custom Herbicide, Roundup D-Pak herbicide, Roundup Dry Concentrate, Roundup Export Herbicide, Roundup Fence & Hard Edger 1, Roundup Garden Form Weed & Grass Kill, Roundup Grass and Weed Killer, Roundup Herbicide, Roundup Original 2k herbicide, Roundup Original II Herbicide, Roundup Pro Concentrate, Roundup Prodry Herbicide, Roundup Promax, Roundup Quik Stik Grass and Weed Killer, Roundup Quikpro Herbicide,

or any other formulation of containing the active ingredient glyphosate.

10. Defendant MONSANTO COMPANY is a Delaware Corporation, Calif. Secretary of State Entity No. C2362863, in "active" status, with a principal place of business in St. Louis, Missouri.

11. Defendant MONSANTO COMPANY is hereafter referred to as "Monsanto" or "Defendant."

12. Defendant advertises and sells goods, specifically Roundup, Throughout the United States.

13. Defendant transacted and conducted business within the State of Oklahoma that relates to the allegations in this Complaint.

14. Defendant derived substantial revenue from goods and products used in the State of Oklahoma.

15. Defendant expected or should have expected their acts to have consequences within the State of Oklahoma, and derived substantial revenue from interstate commerce.

16. Defendant engaged in the business of designing, developing, manufacturing, testing, packaging, marketing, distributing, labeling, and/or selling Roundup.

17. Defendant is authorized to do business in Oklahoma and derives substantial income from doing business in this state.

18. Upon information and belief, Defendant purposefully availed itself of the privilege of conducting activities with the State of Oklahoma, thus availing itself of the benefits and protections of its law.

19. Upon information and belief, Defendant designed, sold, advertised, manufactured and/or distributed Roundup, with full knowledge of its dangerous and defective nature.

**FACTUAL ALLEGATIONS**

20. At all relevant times, Defendant was in the business of, and did, design, research,

3

manufacture, test, advertise, promote, market, sell, distribute, and/or acquired and was responsible for others who designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the commercial herbicide Roundup.

21. Monsanto is a multinational agricultural biotechnology corporation based in St. Louis, Missouri. It is the world's leading producer of glyphosate.

22. Defendant discovered the herbicidal properties of glyphosate during the 1970's and subsequently began to design, research, manufacture, sell and distribute glyphosate based "Roundup" as a broad-spectrum herbicide.

23. Glyphosate is the active ingredient in Roundup.

24. Glyphosate is a broad-spectrum herbicide used to kill weeds and grasses known to compete with commercial crops grown around the globe.

25. Glyphosate is a "non-selective" herbicide, meaning it kills indiscriminately based only on whether a given organism produces a specific enzyme, 5-enolpyruvylshikimic acid-3-phosphate synthase, known as EPSP synthase.

26. Glyphosate inhibits the enzyme 5-enolpyruvylshikimic acid-3-phosphate synthase that interferes with the shikimic pathway in plants, resulting in the accumulation of shikimic acid in plant tissue and ultimately plant death.

27. Sprayed as a liquid, plants absorb glyphosate directly through their leaves, stems, and roots, and detectable quantities accumulate in the plant tissues.

28. Each year, approximately 250 million pounds of glyphosate are sprayed on crops, commercial nurseries, suburban lawns, parks, and golf courses. This increase in use has been driven largely by the proliferation of genetically engineered crops, crops specifically tailored to resist the activity of glyphosate.

29. Defendant is intimately involved in the development, design, manufacture, marketing, sale, and/or distribution of genetically modified ("GMO") crops, many of which

4

are marketed as being resistant to Roundup *i.e.,* "Roundup Ready®." As of 2009, Defendant was the world's leading producer of seeds designed to be Roundup Ready®. In 2010, an estimated 70% of corn and cotton, and 90% of soybean fields in the United States contained Roundup Ready® seeds.

30. The original Roundup, containing the active ingredient glyphosate, was introduced in 1974. Today, glyphosate products are among the world's most widely used herbicides. Monsanto's glyphosate products are registered in more than 130 countries and are approved for weed control in more than 100 crops. No other herbicide active ingredient compares in terms of number of approved uses.

31. For nearly 40 years, farmers across the globe have used Roundup, unaware of its carcinogenic properties.

## REGISTRATION OF HERBICIDES UNDER FEDERAL LAW

32. The manufacture, formulation and distribution of herbicides, such as Roundup, are regulated under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7. U.S.C. § 136 *et seq*. FIFRA requires that all pesticides be registered with the Environmental Protection Agency ("EPA) prior to their distribution, sale, or use, except as described by FIFRA 7 U.S.C. 136a(a).

33. The EPA requires as part of the registration process, among other requirements, a variety of tests to evaluate the potential for exposure to pesticides, toxicity to people and other potential non-target organisms, and other adverse effects on the environment. Registration by the EPA, however, is not an assurance or finding of safety. The determination the EPA makes in registering or re-registering a product is not that the product is "safe," but rather that use of the product in accordance with its label directions

"will not generally cause unreasonable adverse effects on the environment." 7 U.S.C. § 136(a)(c)(5)(D).

34. FIFRA defines "unreasonable adverse effects on the environment" to mean "any unreasonable risk to man or the environment, taking into account the economic, social, and environmental costs and benefits of the use of any pesticide." 7 U.S.C. § 136(bb). FIFRA thus requires the EPA to make a risk/benefit analysis in determining whether a registration should be granted or allowed to continue to be sold in commerce.

35. The EPA and the State of Oklahoma registered Roundup for distribution, sale, and manufacture in the United States and the State of Oklahoma.

36. FIFRA generally requires that the registrant, Monsanto, conduct health and safety testing of pesticide products. The government is not required, nor is it able, to perform the product tests that are required of the manufacturer.

37. The evaluation of each pesticide product distributed, sold, or manufactured is completed at the time the product is initially registered. The data necessary for registration of a pesticide has changed over time. The EPA is now in the process of re-evaluating all pesticide products through a Congressionally-mandated process called "re-registration." 7 U.S.C. § 136a-1. In order to reevaluate these pesticides, the EPA demands the completion of additional tests and the submission of data for the EPA's review and evaluation.

38. In the case of glyphosate and Roundup, the EPA had planned on releasing its preliminary risk assessment – in relation to the registration process – no later than July 2015. The EPA completed its review of glyphosate in early 2015, but delayed releasing the assessment pending further review in light of the World Health Organization's findings.

## PLAINTIFF EXPOSURE TO ROUNDUP

39. Plaintiff used Roundup in routine farming operations for a significant portion of Plaintiffs life. Plaintiff also used Roundup in recreational gardening. Plaintiff followed all

safety and precautionary warnings during the course of use.

40. As a result of exposure to RoundUp, Plaintiff developed Lymphoma. Plaintiff was diagnosed with Lymphoma in July, 2021.

41. As a result of this injury the Plaintiff began treatment for CLL in July, 2021.

## CAUSES OF ACTION

42. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check those that apply):

   __X__    FIRST CAUSE OF ACTION – NEGLIGENCE

   __X__    SECOND CAUSE OF ACTION – STRICT LIABILITY;

   __X__    FAILURE TO WARN

   __X__    DEFECTIVE DESIGN AND MANUFACTURE

   __X__    FOURTH CAUSE OF ACTION – BREACH OF IMPLIED WARRANTIES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendant as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement;
7. Restitution of remedy Defendant's unjust enrichment; and
8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: August 10, 2022

                                                Respectfully submitted,

                                                /s/ Charles H. Johnson
                                                Charles H. Johnson
                                                Bar No. 50696
                                                *Attorney for Plaintiff*
                                                LAW OFFICES OF CHARLES H. JOHNSON,
                                                PA 2599 Mississippi Street
                                                New Brighton, MN 55112-5060
                                                Telephone:    (651) 633-5685
                                                Fax Phone:    (651) 633-4442
                                                bdehkes@charleshjohnsonlaw.com

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Teddy Mullins

## DEFENDANTS
Monsanto Company

**(b)** County of Residence of First Listed Plaintiff: Bryan County, OK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: St. Louis, MO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles H. Johnson, Law Offices
2599 Mississippi St., New Brighton, MN 55112
800-535-5727

Attorneys *(If Known)*
Hollingsworth LLP
1350 I St NW
Washington, DC 20005

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332(a)

Brief description of cause:
Diversity Jusidiction of Negligence and Strict Liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Vince Chhabria DOCKET NUMBER 3:16-md-02741-VC

DATE: 08/10/2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Charles H. Johnson

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

- **I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
- **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
- **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

- **II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
  United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
  United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
  Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
  Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

- **III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

- **IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

- **V. Origin.** Place an "X" in one of the seven boxes.
  Original Proceedings. (1) Cases which originate in the United States district courts.
  Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
  Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
  Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
  Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
  Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
  Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

- **VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

- **VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
  Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
  Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

- **VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.