Query    Reports    Utilities    Help    Log Out

REFDSP

# U.S. District Court
## Eastern District of Kentucky (London)
## CIVIL DOCKET FOR CASE #: 6:22-cv-00158-CHB-EBA

Hammons v. Bayer Corporation
Assigned to: Judge Claria Horn Boom
Referred to: Magistrate Judge Edward B. Atkins
Case in other court:  Knox Circuit Court, 22-CI-00258
Cause: 28:1446pl Petition for Removal - Product Liability

Date Filed: 08/29/2022
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Executor plaintiff**

**Robert E. Hammons**
*Administrator of the Estate of*
Robert Wayne Hammons

represented by **E. Liddell Vaughn**
Anderson & Vaughn
517 W. Ormsby Avenue
Louisville, KY 40201
502-637-3335
Fax: 502-637-2774
Email: lv@avaattorneys.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bayer Corporation**

represented by **Carol Dan Browning**
Stites & Harbison, PLLC - Louisville
400 W. Market Street
Suite 1800
Louisville, KY 40202
502-587-3400
Email: cbrowning@stites.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2022 | 1 | NOTICE OF REMOVAL from Knox Circuit Court, case number 22-CI-00258. ( Filing fee $402; receipt number AKYEDC-5349765), filed by Bayer Corporation. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit 1 - Pleadings (State Court Record))(MM) (Entered: 08/29/2022) |
| 08/29/2022 | 2 | FRCP 7.1 DISCLOSURE STATEMENT by Bayer Corporation identifying Corporate Parent Monsanto Company for Bayer Corporation. (MM) (Entered: 08/29/2022) |
| 08/29/2022 | 3 | STANDING CASE MANAGEMENT AND REFERRAL ORDER: 1. At the outset, the Court reminds the parties that, under Rule 1, they share with the Court the duty to construe, administer, and employ the Federal Rules of Civil Procedure to secure the just, speedy, and |

| | | |
|---|---|---|
| | | inexpensive determination of this action; 2. Pursuant to 28:636(b)(1) and Fed. R. Civ. P. 72, the Court refers this case to the appropriate United States Magistrate Judge for this Division; 3. Unless otherwise ordered, the Court retains for decision any motion dispositive of a claim or defense (as well as motions regulating the trial proof, including Daubert and motions in limine); 4. Concurrent with the filing of any Rule 12 motion, the moving party may file, as a separate motion, any request for a discovery stay pending resolution. The Court refers consideration of any such motion to the assigned Magistrate Judge; 5. Discovery Disputes shall be resolved as defined within this order; The Court DIRECTS the Clerk to enter this Standing Order in the undersigned's civil cases excepting Social Security, pro se, and prisoner post-conviction matters at case opening (or as the Court otherwise directs). Signed by Judge Claria Horn Boom on 10/4/2021.(MM)cc: COR (Entered: 08/29/2022) |
| 08/29/2022 | | Conflict Check run. (MM) (Entered: 08/29/2022) |
| 08/29/2022 | 5 | ANSWER to Complaint with Jury Demand by Bayer Corporation.(Browning, Carol) (Entered: 08/29/2022) |
| 08/29/2022 | 6 | ORDER: Due to a conflict, the undersigned must recuse from this case. IT IS HEREBY ORDERED THAT, in accordance with paragraph 7 of General Order 18-22, this matter is REASSIGNED to Magistrate Judge Edward B. Atkins. Signed by Magistrate Judge Hanly A. Ingram on 8/29/2022.(MM)cc: COR (Entered: 08/29/2022) |

**PACER Service Center**

**Transaction Receipt**

08/30/2022 10:01:41

| | | | |
|---|---|---|---|
| **PACER Login:** | sh0019sh | **Client Code:** | 31943.356965 rhb |
| **Description:** | Docket Report | **Search Criteria:** | 6:22-cv-00158-CHB-EBA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION AT LONDON

ROBERT E. HAMMONS, Administrator
of the Estate of Robert Wayne Hammons

         Plaintiff,

v.

BAYER CORPORATION,

         Defendant.

Civil Action No. _____

## DEFENDANT BAYER CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Bayer Corporation, hereby gives notice of removal of this action, captioned *Robert E. Hammons* v. *Bayer Corporation,* bearing Case Number 22-CI-00258 from the Knox County Circuit Court to the United States District Court for the Eastern District of Kentucky. Pursuant to 28 U.S.C. §1446(a), Bayer Corporation provides the following statement of grounds for removal.

## Introduction

1.      In this products liability lawsuit, Plaintiff Robert E. Hammons sues Bayer Corporation for injuries allegedly caused by Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. The United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff

alleges that decedent developed cancer — specifically, non-Hodgkin's lymphoma ("NHL") — caused by exposure to glyphosate-based herbicides.

2.      This is one of many lawsuits that have been filed involving Roundup®-branded herbicides. A multidistrict litigation proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md- 02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Bayer Corporation removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Kentucky.  For purposes of diversity jurisdiction, Bayer Corporation is deemed to be a citizen of New Jersey (where its principal place of business is located) and Indiana (its state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332.  The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Roundup®-branded herbicides.

### **Background and Procedural History**

4.      On August 2, 2022, Plaintiff commenced this lawsuit in the Circuit Court of Knox County, Kentucky by filing a complaint, captioned *Robert E. Hammons, Administrator of the Estate of Robert Wayne Hammons v. Bayer Corporation,* Case Number 22-CI-00258 (the "State Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Bayer Corporation in the State Court Action (and other filings available from the state court's files) are attached collectively as **Exhibit 1.**

6.      Plaintiff seeks damages for NHL allegedly caused by exposure to glyphosate-based herbicides, which he attributes to Bayer Corporation. *See, e.g.*, Complaint ¶¶ 1–3, 7, 16, 117–20.

### Basis For Removal — Diversity Jurisdiction

7.      Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the Commonwealth of Kentucky.  *See* Complaint ¶¶ 6, 118.

8.      Bayer Corporation is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of New Jersey.  Thus, Bayer Corporation is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction.[1]

9.      The Complaint seeks compensatory and punitive damages based on the allegations that Roundup®-branded herbicides caused decedent to develop cancer (NHL). Therefore, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Am. Health & Life Ins. Co. v. Heyward,* 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"); *Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy

---

[1] Plaintiff correctly alleges that Bayer Corporation "is a Foreign Corporation, with its principal place of business is Whippany, New Jersey."  Complaint ¶ 9.  While he does not allege Bayer Corporation's state of incorporation, there is no dispute that complete diversity exists for the purposes of diversity jurisdiction.

over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."); *Woodward v. Newcourt Comm. Fin. Corp.,* 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount"). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10.    In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**Procedural Requirements**

11.    The Circuit Court of Knox County, Kentucky, is located within the Eastern District of Kentucky. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

12.    Bayer Corporation received notice of process on August 9, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of August 9, 2022.

13.    The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court of Knox County, Kentucky, and will be promptly served on Plaintiff.

14.    Bayer Corporation does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

15.    If any question arises as to the propriety of this removal, Bayer Corporation requests the opportunity to present written and oral argument in support of removal.

## **Conclusion**

For the foregoing reasons, Bayer Corporation removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: August 29, 2022

By: */s/ Carol Dan Browning*
     Carol Dan Browning
     **STITES & HARBISON PLLC**
     400 West Market Street
     Suite 1800
     Louisville, KY 40202-3352
     Telephone: (502) 587-3400
     E-mail: cbrowning@stites.com

     ***Counsel for Defendant Monsanto Company***

**CERTIFICATE OF SERVICE**

On August 29, 2022, I electronically filed this document through the ECF system, and I mailed this document and the notice of electronic filing, U.S. Mail, postage prepaid, to:

> Liddell Vaughn
> Anderson & Vaughn, PLLC
> PO Box 517
> Louisville, KY 40201
> P: (502) 637-3335
> lv@avaattorneys.com
>
> Counsel for Plaintiff

*/s/ Carol Dan Browning*
Carol Dan Browning



**CSC**

## Notice of Service of Process

null / ALL
Transmittal Number: 25357091
Date Processed: 08/10/2022

| | |
|---|---|
| Primary Contact: | Romaine Fulton<br>Bayer Corporation<br>100 Bayer Blvd<br>Whippany, NJ 07981-1544 |
| Electronic copy provided to: | Avery Stemmler<br>Christine Letts |

| | |
|---|---|
| Entity: | Bayer Corporation<br>Entity ID Number 2486849 |
| Entity Served: | Bayer Corporation |
| Title of Action: | Robert E. Hammons, Administrator of the Estate of Robert Wayne Hammons vs. Bayer Corporation |
| Matter Name/ID: | Robert E. Hammons, Administrator of the Estate of Robert Wayne Hammons vs. Bayer Corporation (12671531) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Knox County Circuit Court, KY |
| Case/Reference No: | 22-CI-00258 |
| Jurisdiction Served: | Kentucky |
| Date Served on CSC: | 08/09/2022 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Anderson & Vaughn, PLLC<br>502-637-3335 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com