JURY

# U.S. District Court
## Southern District of Ohio (Dayton)
## CIVIL DOCKET FOR CASE #: 3:22-cv-00338-WHR-CHG

Sinder v. Monsanto Company et al
Assigned to: Judge Walter H. Rice
Referred to: Magistrate Judge Caroline H. Gentry
Demand: $7,500,000
Case in other court: Montgomery County Court of Common Pleas,
          2022cv04989
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 11/22/2022
Jury Demand: Defendant
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Fredric L Sinder**
        represented by  **Fredric L Sinder**
                             6025 Gentry Woods Dr
                             Dayton, OH 45459
                             PRO SE

V.

**Defendant**

**Monsanto Company**
        represented by  **John Q Lewis**
                             Nelson Mullins Riley & Scarborough
                             1111 Superior Avenue
                             Suite 530
                             Cleveland, OH 44114
                             216-304-6104
                             Fax: 216-553-4275
                             Email: john.lewis@nelsonmullins.com
                             *LEAD ATTORNEY*
                             *ATTORNEY TO BE NOTICED*

                             **Rachel Nicole Byrnes**
                             Nelson Mullins Riley & Scarborough LLP
                             1111 Superior Avenue
                             Suite 530
                             Cleveland, OH 44114
                             216-304-6189
                             Email: rachel.byrnes@nelsonmullins.com
                             *LEAD ATTORNEY*
                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Bayer Corporation**

| Date Filed | # | Docket Text |
|---|---|---|

| 11/22/2022 | 1 | NOTICE OF REMOVAL *to U.S. District Court for the Southern District of Ohio* from Montgomery County Common Pleas, case number 22-cv-04989 ( Filing fee $ 402 paid - receipt number: AOHSDC-9151866), filed by Monsanto Company. (Attachments: # 1 Civil Cover Sheet, # 2 Complaint and Summons, # 3 Consent) (Byrnes, Rachel) (Entered: 11/22/2022) |
| 11/22/2022 | 2 | Corporate Disclosure Statement by Defendants Monsanto Company, Bayer AG identifying Corporate Parent Bayer AG for Monsanto Company.. (Byrnes, Rachel) (Entered: 11/22/2022) |
| 11/23/2022 | 3 | *Defendant Monsanto Company's* ANSWER to Complaint with Jury Demand filed by Monsanto Company. (Byrnes, Rachel) (Entered: 11/23/2022) |
| 11/23/2022 | 4 | **(COPY of)** COMPLAINT FOR WRONGFUL DEATH; JURY DEMAND ENDORSED HEREON against Defendants,Monsanto Company and Bayer Corporation. **(Originally filed by Fredric L. Sinder, on November 2, 2022, in the Montgomery County Common Pleas Court, under Case No. 22CV4989.)** (bjr) (Entered: 11/23/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/28/2022 11:08:27 | | | |
| PACER Login: | Sh0019sh | Client Code: | 31943.356965 rhb |
| Description: | Docket Report | Search Criteria: | 3:22-cv-00338-WHR-CHG |
| Billable Pages: | 2 | Cost: | 0.20 |

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FREDRIC L. SINDER, Executor of the Estate of
PAULYNE S. HOLTEN-SINDER, deceased,

        Plaintiff,

        v.

MONSANTO COMPANY and BAYER
CORPORATION,

        Defendants.

No. _____

## DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Fredric L. Sinder, Executor of the Estate of Paulyne S. Holten-Sinder, deceased v. Monsanto Company et al.*, bearing Case Number 2022 CV 04989, from the Court of Common Pleas of Montgomery County, Ohio to the United States District Court for the Southern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

## Introduction

1.      In this products liability lawsuit, Plaintiff Fredric L. Sinder sues Monsanto and Bayer Corporation for injuries and death allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based

herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides caused decedent Paulyne S. Holten-Sinder's cancer — specifically, non-Hodgkin's Lymphoma ("NHL") — and death.

2.      This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Ohio, as was decedent before her death. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (its state of incorporation), while Bayer Corporation is deemed to be a citizen of New Jersey (where its principal place of business is located) and Indiana (its state of incorporation). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

### Background and Procedural History

4.      Plaintiff commenced this lawsuit in the Court of Common Pleas of Montgomery County, Ohio by filing a complaint, captioned *Fredric L. Sinder, Executor of the Estate of Paulyne*

*S. Holten-Sinder, deceased v. Monsanto Company et al.*, case number 2022 CV 04989 on or about November 2, 2022 (the "State Court Action").

5.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint (and other pleadings) served upon Monsanto in the State Court Action are attached as Exhibit 1. This lawsuit seeks damages for NHL and death allegedly caused by exposure to Monsanto's glyphosate-based herbicides. *See, e.g.*, Complaint ¶¶ 1–2, 35.

### Basis For Removal — Diversity Jurisdiction

6.      Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of Ohio, as was decedent before and when she died. *See* Complaint ¶ 5 & p. 10 (*pro se* signature block identifying Plaintiff's Ohio address).

7.      Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8.      Bayer Corporation is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the State of New Jersey. Thus, Bayer Corporation is deemed to be a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction.

9.      The Complaint seeks compensatory based on the allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer (NHL) and death. Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold."). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10.     Neither complete diversity nor the sufficiency of the amount in controversy are in dispute. Rather, the Complaint acknowledges on its face that this is a removable case. *See* Complaint ¶ 37 (anticipating the case's "removal to federal court" and inclusion in the MDL).

11.     In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

<u>**Procedural Requirements**</u>

12.     The Court of Common Pleas of Montgomery County, Ohio is located within the Southern District of Ohio. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

13.     Monsanto received notice of process on November 3, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of November 3, 2022.

14.     Consent to removal by Bayer Corporation is not required because Ohio courts lack personal jurisdiction over Bayer Corporation for the claims asserted in this lawsuit, Consent to Removal by Defendant Bayer Corporation (Exhibit 2), so Bayer Corporation has not been "properly joined," 28 U.S.C. § 1446(b)(2)(A). Nevertheless, to the extent that Bayer Corporation's consent may be deemed required, Bayer Corporation consents to this removal. *See* Consent to Removal by Defendant Bayer Corporation.

15. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Court of Common Pleas of Montgomery County, Ohio and will be promptly served on Plaintiff.

16. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in future proceedings.

17. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: November 22, 2022          Respectfully submitted,

By: _/s/ Rachel N. Byrnes_____
John Q. Lewis (0067235)
Rachel N. Byrnes (0097736)
NELSON MULLINS RILEY & SCARBOROUGH LLP
1111 Superior Ave.—Suite 530
Cleveland, OH 44114
Telephone 216.304.6104
Facsimile: 216.553.4275
Email:      john.lewis@nelsonmullins.com
              rachel.byrnes@nelsonmullins.com
*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Notice of Removal* was filed electronically on November 22, 2022 and that service of the same on all counsel of record will be made by the Court's CM/ECF system. Parties may access this filing through the Court's system. A copy was also served via e-mail to Plaintiff at:

Frederic L. Sinder
*Pro Se*
2511 Oakmoor Laner
Dayton, OH 45459
fred@sinder.us

/s/ Rachel N. Byrnes
Rachel N. Byrnes (0097736)
*One of the Attorneys for Defendant*
*MONSANTO COMPANY*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Fredric L. Sinder, Executor of the Estate of Paulyne S. Holten-Sinder

**DEFENDANTS**

Monsanto Company and Bayer Corporation

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Fredric L. Sinder (pro se), 2511 Oakmoor Lane, Dayton, OH 45459; (937) 361-7007

Attorneys *(If Known)*

John Lewis and Rachel Byrnes, Nelson Mullins Riley & Scarborough, 1111 Superior Ave., Suite 530, Cleveland, OH 44114; (216) 304-6153

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☒ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine     Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other   ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332, 1441, and 1446

Brief description of cause:
Plaintiff alleges personal injury and wrongful death from exposure to Defendant's product.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*      JUDGE _____      DOCKET NUMBER _____

DATE                          SIGNATURE OF ATTORNEY OF RECORD
11/22/2022                    Rachel N. Byrnes

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Court*

State Court County: Montgomery County

Case number and caption:

| 2022-cv-04989 | Fredric Sinder | vs | Monsanto Company et al |
|---|---|---|---|
| Case Number | Plainfiff(s) | | Defendant(s) |

Jury Demand Made in State Court: ☒ Yes ☐ No

If "Yes," by which party and on what Date:

| Plaintiff | 11/2/2022 |
|---|---|
| Party | Date |

Were there parties not served prior to removal? ☐ Yes ☒ No

Were there parties dismissed/terminated prior to removal? ☐ Yes ☒ No

Were there answers filed in State Court? ☐ Yes ☒ No

Is there a pending TRO in State Court? ☐ Yes ☒ No

*If you have answered "yes" to any of the above please list parties not served, the parties dismissed/terminated and the parties that filed their answers on the reverse of this page.*

*On the reverse of this page please list all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address and phone number, including area code.*

Are copies of all state case pleadings attached to your removal? ☒ Yes ☐ No

If your answer is "No", when will they be filed:

List the parties that are removing the case:

Defendant Monsanto Company

| Parties Not Served | Parties Dismissed | Answers Filed |
|---|---|---|
| *I.E. Defendant John Doe* | *I.E. Defendant John Doe* | *I.E. Defendant John Doe* |

| Party and Type | Attorney(s) |
|---|---|
| *I.E.   Plaintiff John Doe* | *I.E.   Attorney(s) Name*<br>*Firm*<br>*Address*<br>*City, State, Zip*<br>*Telephone and Fax Number*<br>*Supreme Court Number*<br><br>Fredric L. Sinder (pro se)<br>2511 Oakmoor Lane<br>Dayton, OH 45459<br>(937) 361-7007 (tel)<br>(973) 302-8586 (fax)<br>fred@sinder.us<br>Attorney for Plaintiff<br><br>John Q. Lewis (OH 0067235)<br>Rachel N. Byrnes (OH 0097736)<br>Nelson Mullins Riley & Scarborough<br>1111 Superior Ave., Suite 530<br>Cleveland, OH 44114<br>(216) 304-6153 (tel)<br>(216) 553-4275 (fax)<br>Attorneys for Defendants |

USE A SEPARATE SHEET OF PAPER IF NECESSARY

# EXHIBIT 1

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Wednesday, November 2, 2022 12:45:17 PM
CASE NUMBER: 2022 CV 04989 Docket ID: 345992232
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO

## CIVIL DIVISION

| | | |
|---|---|---|
| **FREDRIC L. SINDER, Executor of the** | : | |
| **Estate of Paulyne S. Holten-Sinder, deceased** | : | |
| 2511 Oakmoor Lane | : | **CASE NO.** |
| Dayton, Ohio 45459 | : | |
| | : | |
| Plaintiff, | : | **JUDGE:** |
| | : | |
| vs. | : | |
| | : | |
| **MONSANTO COMPANY** | : | **COMPLAINT FOR** |
| c/o Corporation Service Company | : | **WRONGFUL DEATH** |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, Ohio 43221 | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| | **:** | |
| -and- | : | |
| | : | |
| **BAYER CORPORATION** | : | |
| c/o Corporation Service Company | : | |
| 3366 Riverside Drive, Suite 103 | : | |
| Upper Arlington, Ohio 43221 | : | |
| | : | |
| Defendants. | : | |

1. This is a suit for wrongful death based on: (I) products liability, including a failure to warn; (II) breach of express and implied warranties of safety and fitness for its intended use; (III) negligence; including negligent misrepresentation, and (IV) fraud regarding product safety.

2. Paulyne S. Holten-Sinder ("Paulyne") was diagnosed in October 2020 with stage IV non-Hodgkin lymphoma. Initial symptoms from the cancer appeared very suddenly a few

months before the diagnosis was made, the cancer was very aggressive, and she died from it on November 2, 2020. Paulyne was 78 years old at the time of her death.

3.  In 1970, Defendant Monsanto Company discovered the herbicidal properties of glyphosate and began marketing it in products in 1974 under the brand name Roundup® ("Roundup").

4.  Defendant Monsanto Company was wholly acquired by defendant Bayer Corporation in 2018. Defendants are jointly referred to as "Monsanto" from this point forward.

5.  Paulyne began using Roundup herbicide yearly, at least as early as 2002, to control weeds and other unwanted plants at her home at 2511 Oakmoor Lane, Dayton, Ohio 45459.

6.  At all times, Paulyne followed the instructions on the Roundup packaging for its use.

7.  Roundup, in all its various formulations, is a non-selective herbicide spray used to kill weeds that commonly grow with crops and other plants. The active ingredient in Roundup is glyphosate, now the world's most used herbicide.

8.  Monsanto produces more glyphosate than any other company in the world.

9.  There have been at least 100,000 lawsuits filed against Monsanto regarding Roundup, such that a detailed description of all the allegations made against it would be merely a cut-and-paste of allegations well familiar to Monsanto and its attorneys. Thus, only general allegations are made here, well sufficient to put Monsanto on notice of the bases for this complaint. Plaintiff heartily thanks all those attorneys who have gone before and the

substantial work they put into their complaints, particularly for the edited cuts-and-pastes from those complaints made here.

10.  Example other lawsuits against Monsanto include: *Kuhn v. Monsanto et al.*, Case No. 4:22CV171-SA-DAS, U.S. District Court for the Northern District of Mississippi, Greenville Division; *Bakri El-Hakam et al. v. Monsanto et al.*, Case No. 4:21-cv-03917, U,S. District Court for the Southern District of Texas, Houston Division; *Torvik v. Monsanto*, Case No. 19-CV-6313, U.S. District Court for the Northern District of Illinois; *Holm v. Monsanto*, Case No. 1:17-cv-00056, U.S. District Court for the District of Colorado; and, *Hardeman v. Monsanto et al.*, Case No. 4:16-cv-00525-VC, U.S. District Court for the Northern District of California; all of which allegations related to Monsanto's actions are fully incorporated by reference into this complaint. Those allegations, and the allegations repeated in this complaint, several multiple times as appropriate, apply generally to all the following bases for this action and are, as appropriate, incorporated by reference into the description of other bases.

<u>(I) PRODUCTS LIABILITY, INCLUDING A FAILURE TO WARN</u>

11.  Roundup is inherently dangerous in that it can cause non-Hodgkin lymphoma when used as directed. While that statement is highly contested, juries have been permitted to make such a finding, and have made such findings, particularly in relation to Monsanto's failure to warn of known dangers and its efforts to hide notice of those possible dangers from use of Roundup.

12. Monsanto provided inadequate post-marketing warnings and instructions, performed inadequate testing and studies, and provided inadequate reporting regarding the results of those tests and studies.

13. Monsanto has been engaged in the business of testing, developing, designing, manufacturing, marketing, selling, distributing, promoting and applying Roundup products, which products are defective and unreasonably dangerous to consumers because they do not contain adequate warnings or instructions concerning the dangerous characteristics of Roundup, specifically, the active ingredient glyphosate. These actions were under the ultimate control and supervision of Monsanto.

14. Monsanto had a duty to properly test, develop, design, manufacture, inspect, package, label, market, promote, sell, distribute, maintain supply, provide proper warnings, and take such steps as necessary to ensure that its Roundup products did not cause users and consumers to suffer from unreasonable and dangerous risks. Monsanto had a continuing duty to warn users of the dangers associated with Roundup use and exposure. Monsanto, as manufacturer, seller, or distributor of chemical herbicides is held to the knowledge of an expert in the field.

15. At the time of manufacture, Monsanto could have provided the warnings or instructions regarding the full and complete risks of Roundup and glyphosate-based formulations because they knew or should have known of the unreasonable risks of harm associated with the use of and exposure to such products.

16. Monsanto failed to, or deliberately or negligently failed to, adequately investigate, study, test, or minimize the dangers to users and consumers of Roundupt and to those who would foreseeably use or be harmed by it.

17. Monsanto failed to warn of the dangerous risks associated with use and exposure, and the dangerous propensities of its products and the carcinogenic characteristics of glyphosate. Those risk, as alleged in this complaint, were known to Monsanto, or scientifically knowable to Monsanto through appropriate research and testing by known methods, at the time it distributed, supplied and sold the product, and not known to end users and consumers.

18. Monsanto knew or should have known that these products created significant risks of serious bodily harm to consumers, as alleged in this complaint, and Monsanto failed to adequately warn consumers and reasonably foreseeable users of the risks of exposure to its products. Monsanto wrongfully concealed information concerning the dangerous nature of Roundup and its active ingredient glyphosate, and further made false and misleading statements concerning the safety of Roundup and glyphosate.

## (II) BREACH OF EXPRESS AND IMPLIED WARRANTIES OF SAFETY AND FITNESS FOR ITS INTENDED USE

19. Monsanto has breached both its express and implied warranties. Monsanto represented and warranted to Paulyne that its Roundup products were safe for use in accordance with Monsanto's protocols. Those representations were in the form of marketing materials, product information and product materials provided to Paulyne and the public. Paulyne justifiably relied on those representations and express warranties in electing to use Roundup.

20.  Roundup did not conform to Monsanto's representations and warranties.

21.  Roundup did not perform as safely as an ordinary consumer would expect when used as intended or in a reasonably foreseeable manner.

22.  Roundup did not perform in accordance with Monsanto's representations.

23.  Roundup was not fit for the ordinary purpose for which such goods were used. It was unmerchantable when used as directed and defective in design.  Monsanto's failure to provide adequate warnings and instructions also resulted in it being unreasonably dangerous. Roundup was dangerous to an extent beyond the expectations of ordinary consumers with common knowledge of its characteristics, including Paulyne.

24.  Monsanto provided inadequate post-marketing warnings and instructions, performed inadequate testing and studies, and provided inadequate reporting regarding the results of those tests and studies.

25.  Monsanto has, over decades, continuously expressed the safely of Roundup and its fitness for use, despite substantial and numerous questions over its safety.

### (III) NEGLIGENCE AND NEGLIGENT MISREPRESENTATION

26.  Monsanto has, over decades, continuously expressed the safely of Roundup and its fitness for use, despite substantial and numerous questions over its safety. Despite that Monsanto knew or should have known that Roundup posed a grave risk of harm, it failed to exercise reasonable care to warn of the dangerous risks associated with use and exposure. The dangerous propensities of its products and the carcinogenic characteristics of glyphosate were known to Monsanto, or scientifically knowable to Monsanto through appropriate

research and testing by known methods, at the time it distributed, supplied or sold Roundup, and not known to end users and consumers, such as Plaintiff.

27.  Monsanto knew or should have known that Roundup created significant risks of serious bodily harm to consumers, as alleged in this complaint, and Monsanto failed to adequately warn consumers and reasonably foreseeable users of the risks of exposure to its products. Monsanto wrongfully concealed information concerning the dangerous nature of Roundup and its active ingredient glyphosate, and further made false and/or misleading statements concerning the safety of Roundup and glyphosate.

28.  Monsanto disseminated information that was inaccurate, false and misleading, and which failed to communicate accurately or adequately the comparative severity, duration and extent of the risk of injuries with use of and/or exposure to Roundup and glyphosate; continued to aggressively promote the efficacy of its products, even after it knew or should have known of the unreasonable risks from use or exposure; and concealed, downplayed, or otherwise suppressed, through aggressive marketing and promotion, any information or research about the risks and dangers of exposure to Roundup and glyphosate.

29.  Monsanto provided inadequate post-marketing warnings and instructions, performed inadequate testing and studies, and provided inadequate reporting regarding the results of those tests and studies.

30. Monsanto's Roundup products reached the intended consumers, handlers, users and other persons coming into contact with those products, including Paulyne, without substantial change in their condition as designed, manufactured, sold, distributed, labeled, and marketed by Monsanto.

<u>(VI) FRAUD REGARDING PRODUCT SAFETY</u>

31.  Plaintiff is informed and believes that Monsanto did design, sell, advertise, manufacture and distribute Roundup with full knowledge of its dangerous and defective nature.

32.  For example, on two occasions, the EPA found that laboratories hired by Monsanto to test the toxicity of its Roundup products for registration purposes committed fraud.

33.  Monsanto's advertisements regarding Roundup made material misrepresentations to the effect that Roundup was safe, which misrepresentations Monsanto knew or should have known to be false, for the purpose of fraudulently inducing consumers, such as Paul;yne, to purchase Roundup. Monsanto misrepresented that Roundup was just as safe, and just as effective or more effective, than other weed control products on the market.

<u>COMMENTS</u>

34.  Plaintiff brings this action because of a statute of limitations. Plaintiff spouse and the next of kin do not need monetary compensation, but deeply feel the loss from Paulyne's possibly wrongful death, regardless of her then age, having reasonably expected, based on her long-lived family history, her companionship for many, many more years.

35.  Plaintiff spouse, as an attorney and having some knowledge on the subject, had hoped that in the two years following Paulyne's death, more reliable information regarding the incidence of non-Hodgkin lymphoma from routine yearly residential use would have been revealed. Unfortunately, the status of reliable information is no better now than it was almost two years ago, and that doesn't include a possible increased risk to those possibly

having an increased risk for cancer, very possibly including Paulyne, a possible variation on

the eggshell skull doctrine, which directly goes to Monsanto's deliberate failure to warn.

Further, from all our recent experience with COVID-19, we have a much greater appreciation

for strictly limiting, for example, contact with the immunocompromised and the elderly with

co-morbidities. Again, the issue of failure to warn.

36. Plaintiff spouse doubts he would have initiated this action if it were just him. He

also, however, represents the interests of the next of kin, his two stepsons. While they would

have undoubtedly willingly left the decision up to him, he does not believe they would have

fully and adequately weighed their own interests in making that decision.

37. This action is filed with the intent of letting it take its own path; whether that

includes removal to federal court and made part of Multidistrict Litigation, a local trial, or

otherwise.

38. Plaintiff plans to fully cooperate with defendants' attorneys to reduce the time

taken up with and the costs of this action, not because this action is relatively small and can

ride below the surface, so to speak, of other cases presenting arguably more major issues, but

because, as suggested above, this case is less about monetary compensation than answers. It

is also, of course, about compensation in that compensation paid to the next of kin, even if

not needed by them, is both symbolic and will comfort both the next of kin and their

children.

CLAIM AND PRAYER FOR RELIEF
Wrongful Death

39. Plaintiff, as Executor of the Estate of Paulyne S. Holten-Sinder, brings this

wrongful death action on his and the behalf of the next of kin by virtue of Ohio Revised Code

§ 2125.01, et. seq., thus entitled to all the claims and benefits under those code sections, including but not limited to, mental anguish suffered due to Paulyne's death, loss of services, loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance and counsel suffered by him as the spouse and the next of kin of decedent.

WHEREFORE, plaintiff demands judgment against Defendants, jointly and severally, in an amount in excess of $25,000.00 for compensatory damages, plus such other and further relief as is just.

Respectfully submitted,


/s/ Fredric L. Sinder
Fredric L. Sinder (0023710)
2511 Oakmoor Lane
Dayton, Ohio 45459
(937) 361-7007 (telephone)
(973) 302-8586 (facsimile)
fred@sinder.us (email)

Attorney for Plaintiff Fredric L. Sinder,
Executor


JURY DEMAND

Plaintiff hereby requests a trial by jury.

/s/ Fredric L. Sinder
Fredric L. Sinder (0023710)

<u>REQUEST FOR SERVICE</u>

TO THE CLERK OF COURTS:

Please serve a copy of this Complaint for Wrongful Death and its accompanying Summons on each Defendant in accordance with the Ohio Rules of Civil Procedure and Local Rules, at the addresses listed in the caption of the complaint.

<u>/s/ Fredric L. Sinder</u>
Fredric L. Sinder (0023710)

**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**2022 Nov 21 PM 02:26**
**CASE NUMBER: 2022 CV 04989 Docket ID: 144940772**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| FREDRIC L SINDER EXECUTOR | 2022 CV 04989 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| MONSANTO COMPANY et al | 390141928989 |

**TO THE FOLLOWING NAMED DEFENDANT:**

MONSANTO COMPANY
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DR. SUITE 103
UPPER ARLINGTON OH 43221

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**
FREDRIC L SINDER
2511 OAKMOOR LN
DAYTON
DAYTON, OH  45459

**PLAINTIFF ATTORNEY:**
FREDRIC L SINDER
2511 OAKMOOR LN
DAYTON, OH 45459

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper <u>OR</u> through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ MIKE FOLEY, ISSUED Wednesday, November 2, 2022
MIKE FOLEY, CLERK
COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**                                                          **CASE NUMBER**
FREDRIC L SINDER EXECUTOR                                        2022 CV 04989
**VS**
**DEFENDANT**                                                       **ARTICLE NUMBER**
MONSANTO COMPANY et al                                          390141928989

**TO THE FOLLOWING NAMED PARTY:**
MONSANTO COMPANY
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DR. SUITE 103
UPPER ARLINGTON, OH 43221

### RETURN OF SERVICE(PERSONAL)

|  | FEES |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.
By _____

### RETURN OF SERVICE(RESIDENCE)

|  | FEES |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.
By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

|  | FEES |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons:
_____
By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| FREDRIC L SINDER EXECUTOR | 2022 CV 04989 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| MONSANTO COMPANY et al | 390141933885 |

**TO THE FOLLOWING NAMED DEFENDANT:**

BAYER CORPORATION
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON OH 43221

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**
FREDRIC L SINDER
2511 OAKMOOR LN
DAYTON
DAYTON, OH  45459

**PLAINTIFF ATTORNEY:**
FREDRIC L SINDER
2511 OAKMOOR LN
DAYTON, OH 45459

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



/s/ MIKE FOLEY, ISSUED Wednesday, November 2, 2022
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| FREDRIC L SINDER EXECUTOR | 2022 CV 04989 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| MONSANTO COMPANY et al | 390141933885 |

**TO THE FOLLOWING NAMED PARTY:**
BAYER CORPORATION
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH 43221

### RETURN OF SERVICE(PERSONAL)

FEES

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(RESIDENCE)

FEES

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

FEES

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2022, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

Case 1:03-cv-01741-CHD Document 29-8 Filed 11/28/2022 Page 32 of 41 PageID #: 30

PAGE INTENTIONALLY LEFT BLANK

Case: 3:22-cv-00338-WHR-CHG Doc #: 1-2 Filed: 11/22/22 Page: 21

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, November 22, 2022 9:55:06 PM
CASE NUMBER: 2022 CV 04989 Docket ID: 76145341
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

November 04, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 390141928989

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | H.HARTMAN | Delivery Location: | 3366 RIVERSIDE DR 103 |
| Service type: | FedEx Express Saver | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | UPPER ARLINGTON, OH, 43221 |
| | | Delivery date: | Nov 3, 2022 13:59 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 390141928989 | Ship Date: | Nov 2, 2022 |
| | | Weight: | 0.5 LB/0.23 KG |

| Recipient: | Shipper: |
|---|---|
| MONSANTO COMPANY | MIKE FOLEY, CLERK OF COURTS |
| CO CORPORATION SERVICE CO. | 41 N PERRY ST |
| 3366 RIVERSIDE DR. SUITE 103 | ROOM 104 |
| UPPER ARLINGTON, OH, US, 43221 | DAYTON, OH, US, 45422 |

| Reference | 2022 CV 04989 |
|---|---|



Thank you for choosing FedEx

Case: 3:22-cv-00338-WHR-CHG Doc #: 1-2 Filed: 11/22/22 Page: 1 of 1 PAGEID #: 23

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, November 03, 2022 9:55:32 PM
CASE NUMBER: 2022 CV 04989 Docket ID: 89920124
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

November 04, 2022

Dear Customer,

The following is the proof-of-delivery for tracking number: 390141933885

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | H.HARTMAN | Delivery Location: | 3366 RIVERSIDE DR 103 |
| Service type: | FedEx Express Saver | | |
| Special Handling: | Deliver Weekday; Direct Signature Required | | UPPER ARLINGTON, OH, 43221 |
| | | Delivery date: | Nov 3, 2022 13:59 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 390141933885 | Ship Date: | Nov 2, 2022 |
| | | Weight: | 0.5 LB/0.23 KG |

Recipient:
BAYER CORPORATION
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH, US, 43221

Shipper:
MIKE FOLEY, CLERK OF COURTS
41 N PERRY ST
ROOM 104
DAYTON, OH, US, 45422

Reference          2022 CV 04989



Thank you for choosing FedEx

# 2022 CV 04989: FREDRIC L SINDER EXECUTOR vs MONSANTO COMPANY

**Docket Information**

| **Date** | |
|---|---|
| **Docket Entry** | |

11/3/2022

SUCCESSFUL FEDEX SERVICE

Method : CIVIL FEDEX SERVICE

Issued : 11/02/2022

Service : CIVIL INITIAL SERVICE EFILING

Served : 11/03/2022

Return : 11/03/2022

On : BAYER CORPORATION

Signed By : H.HARTMAN

Reason : FEDEX SUCCESSFUL SERVICE

Comment : 11/03/2022 1:59 pm: Delivered

Tracking #: 39014193885

📄 DOWNLOAD

Document Type: SUCCESSFUL FEDEX SERVICE

## Docket Information

| Date | |
| --- | --- |
| **Date** | |
| **Docket Entry** | |

11/3/2022

SUCCESSFUL FEDEX SERVICE

Method : CIVIL FEDEX SERVICE

Issued : 11/02/2022

Service : CIVIL INITIAL SERVICE EFILING

Served : 11/03/2022

Return : 11/03/2022

On : MONSANTO COMPANY

Signed By : H.HARTMAN

Reason : FEDEX SUCCESSFUL SERVICE

Comment : 11/03/2022 1:59 pm: Delivered

Tracking # : 39014928989

Document Type: SUCCESSFUL FEDEX SERVICE

[ ↴ DOWNLOAD ]

11/2/2022

CIVIL SUMMONS ISSUED

CIVIL SUMMONS EFILING

Sent on: 11/02/2022 13:58:36.22

Document Type: CIVIL SUMMONS ISSUED

[ ↴ DOWNLOAD ]

11/2/22, 9:34 AM

**Docket Information**

**Date**
**Docket Entry**

11/2/2022

Issue Date: 11/02/2022

Service: CIVIL INITIAL SERVICE EFILING

Method: CIVIL FEDEX SERVICE

Cost Per: $10.00

MONSANTO COMPANY
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DR. SUITE 103
UPPER ARLINGTON, OH 43221
Tracking No: 390141928989

BAYER CORPORATION
CO CORPORATION SERVICE CO.
3366 RIVERSIDE DRIVE SUITE 103
UPPER ARLINGTON, OH 43221
Tracking No: 390141933885

Document Type: CIVIL FEDEX SERVICE

11/2/2022

CIVIL CONVENIENCE FEE CREDIT CARD

FILED BY FREDRIC SINDER Receipt: 1376823 Date: 11/02/2022

Document Type: CIVIL CONVENIENCE FEE CREDIT CARD

11/22/22, 9:34 AM

**Docket Information**

| Date | |
|------|---|
| **Docket Entry** | |

11/2/2022

INSTRUCTIONS FOR SERVICE ON A NEW CASE
BY CLERK FILED BY FREDRIC SINDER

Document Type: INSTRUCTIONS FOR SERVICE ON A NEW CASE

[→ DOWNLOAD]

11/2/2022

CASE INFORMATION SHEET
FILED BY FREDRIC SINDER

Document Type: CASE INFORMATION SHEET

[→ DOWNLOAD]

11/2/2022

CIVIL DEPOSIT Receipt: 1376823 Date: 11/02/2022

Document Type: CIVIL DEPOSIT

11/2/2022

COMPLAINT
FOR WRONGFUL DEATH FILED BY FREDRIC SINDER Receipt: 1376823 Date: 11/02/2022

Document Type: COMPLAINT

[→ DOWNLOAD]

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FREDRIC L. SINDER, Executor of the
Estate of PAULYNE S. HOLTEN-SINDER,
deceased,

        Plaintiff,

    v.

MONSANTO COMPANY *et al.*,

        Defendants.

Case No. _____

## <u>CONSENT TO REMOVAL BY DEFENDANT BAYER CORPORATION</u>

Consent to removal by Bayer Corporation is not required because there is no personal jurisdiction over Bayer Corporation in this case, so Bayer Corporation has not been "properly joined." 28 U.S.C. § 1446(b)(2)(A). However, in the event that consent is deemed required, Bayer Corporation hereby consents to Monsanto Company's removal of this lawsuit to this Court.

Bayer Corporation does not waive – and reserves the right to assert – any and all defenses in future proceedings, including but not limited to lack of personal jurisdiction.

Dated: November 22, 2022                       Respectfully submitted,

By: */s/ Rachel N. Byrnes*
      John Q. Lewis (0067235)
      Rachel N. Byrnes (0097736)
      NELSON MULLINS RILEY & SCARBOROUGH LLP
      1111 Superior Ave.—Suite 530
      Cleveland, OH 44114
      Telephone 216.304.6104
      Facsimile: 216.553.4275
      Email:     john.lewis@nelsonmullins.com
                    rachel.byrnes@nelsonmullins.com

      *Attorneys for Defendant*
      *MONSANTO COMPANY*