**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:     **November 30, 2023**

LOCATION OF HEARING SESSION:  United States District Court
Special Proceedings Courtroom
Courtroom E, 3rd Floor
262 West Nueva Street
San Antonio, Texas 78207

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **November 6, 2023.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*Tiffaney D. Pete*
Tiffaney D. Pete
Clerk of the Panel

cc: Clerk, United States District for the Western District of Texas

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

### HEARING SESSION ORDER

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on November 30, 2023, the Panel will convene a hearing session in San Antonio, Texas, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton         Roger T. Benitez
Dale A. Kimball         Madeline Cox Arleo

SCHEDULE OF MATTERS FOR HEARING SESSION
November 30, 2023 −− San Antonio, Texas

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3086 − **IN RE: NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION MEDICATIONS WITH ABUSE POTENTIAL PRISONER LITIGATION**

Motion of plaintiffs Robert Daniels, et al., to transfer the following actions to the United States District Court for the Southern District of New York:

<u>Northern District of New York</u>

DANIELS v. MANDALAYWALA, ET AL., C.A. No. 9:23−00983
BRIGLIN v. DINELLO, ET AL., C.A. No. 9:23−01001
HERMAN v. DINELLO, ET AL., C.A. No. 9:23−01002
VASQUEZ v. BURKE, ET AL., C.A. No. 9:23−01003

<u>Southern District of New York</u>

ALLAH v. DINELLO, ET AL., C.A. No. 1:23−03286
JACKS v. MUELLER, ET AL., C.A. No. 1:23−03288
ALSTON v. MUELLER, ET AL., C.A. No. 1:23−03290
PEREZ v. DINELLO, ET AL., C.A. No. 1:23−03300
REYES v. DINELLO, ET AL., C.A. No. 1:23−03315
BERNARD v. DINELLO, ET AL., C.A. No. 1:23−03323
CRICHLOW v. DINELLO, ET AL., C.A. No. 1:23−03386
DUNBAR v. HAMMER, ET AL., C.A. No. 1:23−03391
FEDER v. DINELLO, ET AL., C.A. No. 1:23−03392
FEOLA v. MUELLER, ET AL., C.A. No. 1:23−03393
FRATESCHI v. HAMMER, ET AL., C.A. No. 1:23−03394
HALE v. MUELLER, ET AL., C.A. No. 1:23−03396
WILKERSON v. HAMMER, ET AL., C.A. No. 1:23−03397
VAN GUILDER v. MUELLER, ET AL., C.A. No. 1:23−03398
LOCENITT v. DINELLO, ET AL., C.A. No. 1:23−03399
MADISON v. RUIZ, ET AL., C.A. No. 1:23−03438
MARCIAL v. MUELLER, ET AL., C.A. No. 1:23−03455
MILLER v. HAMMER, ET AL., C.A. No. 1:23−03462
ORTIZ v. DINELLO, ET AL., C.A. No. 1:23−03547
JOHNSON v. DINELLO, ET AL., C.A. No. 1:23−03553

RIVERA v. MUELLER, ET AL., C.A. No. 1:23−03579
JACOBS v. MUELLER, ET AL., C.A. No. 1:23−03606
OLEMAN v. HAMMER, ET AL., C.A. No. 1:23−03607
WILLIAMS v. DINELLO, ET AL., C.A. No. 1:23−03608
RIVERA v. HAMMER, ET AL., C.A. No. 1:23−03700
ROSADO v. MUELLER, ET AL., C.A. No. 1:23−03718
ALLEN v. KOENIGSMANN, ET AL., C.A. No. 1:23−05651
DANIELS v. MUELLER, ET AL., C.A. No. 1:23−05654
DICKINSON v. MUELLER, ET AL., C.A. No. 1:23−05657
DOCKERY v. DINELLO, ET AL., C.A. No. 1:23−05658
GRADIA v. DINELLO, ET AL., C.A. No. 1:23−05660
HERNANDEZ v. MUELLER, ET AL., C.A. No. 1:23−05661
KNIGHT v. LEE, C.A. No. 1:23−05662
MATHIS v. MUELLER, ET AL., C.A. No. 1:23−05663
PRITCHETT v. DINELLO, ET AL., C.A. No. 1:23−05664
RAHMAN v. LEE, C.A. No. 1:23−05665
RIVERA-CRUZ v. MUELLER, ET AL., C.A. No. 1:23−05667
STEWART v. MUELLER, ET AL., C.A. No. 1:23−05668
PINE v. HAMMER, ET AL., C.A. No. 1:23−07148
DIGGS v. DINELLO, ET AL., C.A. No. 1:23−07149
WINDLEY v. HAMMER, ET AL., C.A. No. 1:23−07151
LORANDOS v. MUELLER, ET AL., C.A. No. 1:23−07369
BERNARD v. MUELLER, ET AL., C.A. No. 1:23−07375
WILLIAMS v. KARANDY, C.A. No. 1:23−07376

Western District of New York

BURGOS v. OTT, ET AL., C.A. No. 6:23−06390
FIRST v. DINELLO, ET AL., C.A. No. 6:23−06391
JONES v. SHAHID, ET AL., C.A. No. 6:23−06457
PIVETZ v. DINELLO, ET AL., C.A. No. 6:23−06458
RAU v. WRIGHT, ET AL., C.A. No. 6:23−06459

MDL No. 3087 − **IN RE: FUTURE MOTION, INC. PRODUCTS LIABILITY LITIGATION**

Motion of defendant Future Motion, Inc., to transfer the following actions to the United States District Court for the Middle District of Florida:

Northern District of California

LOH v. FUTURE MOTION, INC., C.A. No. 5:21−06088
OATRIDGE, ET AL. v. FUTURE MOTION, INC., C.A. No. 5:21−09906
METTS v. FUTURE MOTION, INC., C.A. No. 5:23−04445

District of Colorado

BUNNELL, ET AL. v. FUTURE MOTION, INC., C.A. No. 1:22−01220

Middle District of Florida

ROESLER v. FUTURE MOTION, INC., C.A. No. 2:22−00144
QUINCANNON v. FUTURE MOTION, INC., C.A. No. 2:23−00448
KOOP v. FUTURE MOTION, INC., C.A. No. 3:22−00134
MCNAIR v. FUTURE MOTION, INC., C.A. No. 3:22−00329
ELLIOTT v. FUTURE MOTION, INC., C.A. No. 3:23−00789
NACCA v. FUTURE MOTION, INC., C.A. No. 6:22−00472
THOMAS v. FUTURE MOTION, INC., C.A. No. 6:23−01334
TRUONG v. FUTURE MOTION, INC., C.A. No. 6:23−01596
SMITH v. FUTURE MOTION, INC., C.A. No. 8:22−00320
SCOTT v. FUTURE MOTION, INC., C.A. No. 8:22−01748
DELAPAZ v. FUTURE MOTION, INC., C.A. No. 8:23−01512

Southern District of Florida

REEVES v. FUTURE MOTION, INC., C.A. No. 0:23−61295
LOPEZ-ROMAN v. FUTURE MOTION, INC., C.A. No. 4:23−10072

Northern District of Georgia

HAGGERTY v. FUTURE MOTION, INC., C.A. No. 1:22−00322

Northern District of Illinois

GUSTAFSON v. FUTURE MOTION, INC., C.A. No. 1:22−02632
BROWN v. FUTURE MOTION, INC., C.A. No. 1:22−04510
GREGIE v. FUTURE MOTION, INC., C.A. No. 1:22−05528

District of New Jersey

RUSSO v. FUTURE MOTION, INC., ET AL., C.A. No. 2:22−04383
REEDY v. FUTURE MOTION, INC., ET AL., C.A. No. 3:21−17081

District of New Mexico

GOULD v. FUTURE MOTION, INC., C.A. No. 1:23−00266

Western District of Oklahoma

DOWNS v. FUTURE MOTION, INC., C.A. No. 5:22−01029

<u>District of South Carolina</u>

KING v. FUTURE MOTION, INC., C.A. No. 8:22−03323

<u>Middle District of Tennessee</u>

GREER v. FUTURE MOTION, INC., C.A. No. 3:22−00810
BAILEY v. FUTURE MOTION, INC., C.A. No. 3:22−00855

<u>Eastern District of Texas</u>

MCALLISTER v. FUTURE MOTION, INC., C.A. No. 4:23−00205

<u>Southern District of Texas</u>

KINCHEN, ET AL. v. FUTURE MOTION, INC., C.A. No. 4:22−01970

<u>Western District of Washington</u>

YOUNG, ET AL. v. FUTURE MOTION, INC., C.A. No. 2:22−01701

MDL No. 3088 − **IN RE: BANK OF AMERICA FRAUDULENT ACCOUNT LITIGATION**

Motion of plaintiff Charles F. Barrett to transfer the following actions to the United States District Court for the Middle District of Tennessee:

<u>Northern District of Illinois</u>

SCHAK v. BANK OF AMERICA, N.A., ET AL., C.A. No. 1:23−06127
STRIPLING, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 1:23−06829

<u>Western District of North Carolina</u>

BALLARD v. BANK OF AMERICA, N.A., ET AL., C.A. No. 3:23−00422
MAGERS, ET AL. v. BANK OF AMERICA, N.A., C.A. No. 3:23−00459
CHRISTENSEN v. BANK OF AMERICA, N.A., C.A. No. 3:23−00468
JONES v. BANK OF AMERICA, N.A., ET AL., C.A. No. 3:23−00491

<u>Middle District of Tennessee</u>

BARRETT v. BANK OF AMERICA CORPORATION, ET AL., C.A. No. 3:23−00764

MDL No. 3089 − **IN RE: ORAL PHENYLEPHRINE MARKETING AND SALES PRACTICES LITIGATION**

Motion of plaintiffs Erin Barton, et al., to transfer the following actions to the United States District Court for the District of New Jersey:

<u>Eastern District of California</u>

PACK, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,
  ET AL., C.A. No. 2:23−01965

<u>Middle District of Florida</u>

DEPAOLA v. THE PROCTOR & GAMBLE COMPANY, ET AL.,
  C.A. No. 2:23−00727

<u>Northern District of Florida</u>

AUDELO v. JOHNSON & JOHNSON CONSUMER INC., ET AL.,
  C.A. No. 3:23−24250

<u>Northern District of Illinois</u>

TUOMINEN v. JOHNSON & JOHNSON CONSUMER INC., C.A. No. 1:23−13796

<u>Eastern District of Louisiana</u>

JUNEAU v. THE PROCTOR & GAMBLE COMPANY, ET AL., C.A. No. 2:23−05273
FICHERA v. THE PROCTOR & GAMBLE COMPANY, ET AL.,
  C.A. No. 2:23−05274
COPPOCK v. THE PROCTER & GAMBLE, ET AL., C.A. No. 2:23−05353

<u>District of Minnesota</u>

MCINTYRE v. KENVUE, INC., ET AL., C.A. No. 0:23−02862

<u>District of New Jersey</u>

BARTON, ET AL. v. RECKITT BENCKISER LLC, ET AL., C.A. No. 2:23−20370
MCWHITE v. JOHNSON & JOHNSON CONSUMER INC., C.A. No. 3:23−20379

<u>Eastern District of New York</u>

YOUSEFZADEH v. JOHNSON & JOHNSON CONSUMER INC.,
  C.A. No. 2:23−06825
CRONIN v. JOHNSON & JOHNSON CONSUMER INC., ET AL.,
  C.A. No. 2:23−06870

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2741 – **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

   Oppositions of defendant Monsanto Company to transfer of the following actions to the United States District Court for the Northern District of California:

    District of Hawaii

      MANGOBA v. MONSANTO COMPANY, C.A. No. 1:23−00248
      ADAMS v. MONSANTO COMPANY, C.A. No. 1:23−00285
      INFANTE v. MONSANTO COMPANY, ET AL., C.A. No. 1:23−00339

MDL No. 2873 − **IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

   Motions of defendants E. I. du Pont de Nemours and Company; The Chemours Company; The Chemours Company FC, LLC; Corteva, Inc.; DuPont de Nemours, Inc.; and 3M Company to transfer of their respective following actions to the United States District Court for the District of South Carolina:

    Eastern District of Kentucky

      COMMONWEALTH OF KENTUCKY, ENERGY AND ENVIRONMENT CABINET
        v. E.I. DUPONT DE NEMOURS AND COMPANY, ET AL., C.A. No. 3:23−00047

    Western District of Wisconsin

      ROUGEAU, ET AL. v. AHLSTROM RHINELANDER, LLC, ET AL.,
        C.A. No. 3:23−00546

MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION**

   Motion of defendant McKinsey & Company, Inc. United States to transfer the following action to the United States District Court for the Northern District of California:

    Southern District of Alabama

      MOBILE COUNTY BOARD OF HEALTH, ET AL. v. MCKINSEY & COMPANY,
        INC., C.A. No. 1:23−00356

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Sharon Lis, et al., to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Western District of New York

LIS, ET AL. v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:23−00907

MDL No. 3026 − **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Tammy Mellenthin to transfer of the following action to the United States District Court for the Northern District of Illinois:

Eastern District of Missouri

MELLENTHIN v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 4:23−01146

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Livingston Parish School Board to transfer of the following action to the United States District Court for the Northern District of California:

Middle District of Louisiana

LIVINGSTON PARISH SCHOOL BOARD v. META PLATFORMS, INC., ET AL., C.A. No. 3:23−00807

MDL No. 3072 − **IN RE: AIR CRASH INTO THE JAVA SEA ON JANUARY 9, 2021**

Opposition of plaintiffs Tania Aprillia, et al., to transfer of the following action to the United States District Court for the Eastern District of Virginia:

Northern District of Illinois

APRILLIA, ET AL. v. THE BOEING COMPANY, C.A. No. 1:23−04649

MDL No. 3076 − **IN RE: FTX CRYPTOCURRENCY EXCHANGE COLLAPSE LITIGATION**

Opposition of defendant Jaspreet Singh to transfer of the following action to the United States District Court for the Southern District of Florida:

Eastern District of Michigan

GARRISON, ET AL. v. SINGH, C.A. No. 2:23−11764

MDL No. 3080 − **IN RE: INSULIN PRICING LITIGATION**

Opposition of plaintiff The State of Louisiana to transfer of the following action to the United States District Court for the District of New Jersey:

Middle District of Louisiana

THE STATE OF LOUISIANA v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 3:23−00302

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a)   Schedule. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b)   Oral Argument Statement. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c)   Hearing Session. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d)   Notification of Oral Argument. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e)   Duty to Confer. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f)   Time Limit for Oral Argument. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.