**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

MDL No. 2741

IN RE: ROUNDUP PRODUCTS

LIABILITY LITIGATION

**MONSANTO COMPANY'S REPLY IN SUPPORT OF MOTION**
**TO VACATE CONDITIONAL TRANSFER ORDER (CTO-417)**

Monsanto Company ("Monsanto") hereby submits this Reply in Support of its Motion to Vacate Conditional Transfer Order (CTO-417) (the "Motion"). For the reasons stated in the Motion and its accompanying Brief, as well as those set forth below, the Panel should vacate its order conditionally transferring *Infante v. Monsanto Company*, No. 23-00339 (D. Hi.), a "PCB + Roundup case," to the *In re: Roundup Products Liability Litigation* multi-district litigation proceeding (the "Roundup MDL").

In his opposition, Plaintiff:

- Does not dispute Monsanto's position that transfer would fail to promote the just and efficient conduct of the Roundup MDL proceeding;

- Does not contend that transfer would serve the convenience of the Court and the parties;

- Concedes that PCB issues are "atypical individual issues" which can be handled informally among counsel.

i

**I.       ARGUMENT**

**A. Plaintiff does not make *any argument* that transferring PCB cases to the Roundup MDL would serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.**

The issue raised by Monsanto's Motion is whether transferring the PCB + Roundup cases to the Roundup MDL would "necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation at the present time." *In re Prempro Products Liab. Litig.*, 549 F. Supp. 2d 1398 (J.P.M.L. 2008). In its supporting memorandum Monsanto showed that transfer would not serve these interests because:

- Plaintiff's counsel has, until now, deliberately filed PCB + Roundup cases in a manner designed to avoid federal court, meaning that the transfer would subject this one (out of 100-plus PCB + Roundup) case to unique procedures and rulings not applicable to their other cases and cannot conceivably promote the efficient conduct of either the case at issue or the Roundup MDL generally, Br. at 4–5;

- Expanding the scope of the Roundup MDL to include PCB + Roundup cases would be disruptive because the MDL has been designed to address claims relating solely to glyphosate-based herbicides and has no procedures or protocols for cases involving allegations that a plaintiff's cancer was caused by some combination of PCBs and Roundup, Br. at 5–8;

- Transferring PCB + Roundup cases to the MDL is inefficient for the same reasons that the Panel found the establishment of a PCB MDL inappropriate in 2016— including the "maturity" of PCB litigation, the common identity of plaintiffs' and defense counsel, and the ongoing informal coordination of discovery, Br. at 8–9.

In his Response, however, *Plaintiff does not make a single argument that transfer of his case would serve the interests that 28 USC § 1407 exists to promote*.[1] Plaintiff does not even pay lip service to the requirement that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 USC § 1407(a). Accordingly, he provides the Panel with *no reason* to deny Monsanto's Motion.

Rather than addressing the issue before the Court, Plaintiff distorts, then engages, Monsanto's arguments.

***First,*** Plaintiff claims that Monsanto "attack[s]" his counsel. Resp. at 2. Not so. Monsanto merely showed how Plaintiffs' counsel's deliberate litigation strategy of avoiding federal court means that this attempt to direct one (out of more than 100) PCB + Roundup case to the Roundup MDL precludes any realization of the convenience and efficiency benefits that Section 1407 promotes. In an attempt to support this theme—and it is a theme, rather than an argument—Plaintiff quotes a filing Monsanto Company made in *2017* regarding the litigation tactics of different plaintiffs' attorneys. *See* Resp. at 2 & n.1 (citing Monsanto Company's Opposition to Motion to Vacate CTO at 3, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, ECF No. 180 (J.P.M.L. May 16, 2017)). Yes, six years ago, (when the Roundup MDL consisted of only 41 cases) Monsanto did indeed cite repeated representations that had been made to the Panel regarding the volume of cases that would join the Roundup MDL. Monsanto was not attacking counsel then and is not attacking counsel now. Plaintiff's attempt to divert the Panel's attention for the question before it should be ignored.

---

[1] While 28 USC § 1407 generally governs the establishment of MDLs rather than the subsequent transfer of additional actions, the JPML rules define the phrase "Tag-along action" to mean "a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, *and which the Panel would consider transferring under Section 1407*." (Emphasis added.) Thus, Section 1407 supplies the standard for determining whether a potential tag-along action should be transferred to an existing MDL.

***Second,*** Plaintiff argues that because Monsanto is still tagging cases to the Roundup MDL pursuant to JPML rules that *require it to do so*,[2] the maturity of the MDL is not a basis to vacate CTO-417. Resp. at 3–4. But the issue before the Panel is not whether Roundup-only cases should continue to be centralized pursuant to Section 1407. Rather, the issue is whether PCB + Roundup cases should, *for the first time*, be added to the Roundup MDL at this late juncture. In considering this question, the Panel will not simply ask whether the minimal requisite commonality exists. Instead, it will "weigh the interests of all the plaintiffs and all the defendants" and consider the MDL "as a whole in light of the purposes of the law." *In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1229 (M.D.L. 1977). Monsanto's Brief demonstrated how introducing PCB + Roundup cases will impede the progress and efficiency of the Roundup MDL. As further discussed below, Plaintiff's only response to *that* argument—that no interference will occur because PCB issues can be developed without impacting (or being impacted by) the Roundup MDL—is a reason to deny transfer, not order it.

***Third,*** and primarily, Plaintiff argues that his case's unique inclusion of PCB allegations does not "preclude transfer." Resp. at 4–7. But Monsanto never argued that this case lacks the "one or more common questions of fact" that provides the panel *with discretion* to authorize transfer under Section 1407. 28 U.S.C.A. § 1407(a). Monsanto's argument is that transfer of this case would not support "the convenience of parties and witnesses" or "promote the just and efficient conduct of such actions." *See id.* As stated above, Plaintiff does not address this aspect Section 1407 and, therefore, provides the Panel with no reason to transfer his PCB + Roundup case to the Roundup MDL.

---

[2] *See* JPML R. 6.2(d), 7.1(a).

To the extent that Plaintiff discusses convenience and efficiency at all, his argument is that these benefits can be realized without the MDL:

- "Monsanto in fact acknowledges that there has been litigation over PCBs in state and federal courts for decades, with 'coordinated discovery' that has become 'streamlined and comprehensive.'" Resp. at 4; *see also id.* at 4–5 (arguing that the Roundup MDL will not need to be modified to handle PCB + Roundup cases because "plaintiff's counsel and Monsanto already conduct streamlined, comprehensive, coordinated discovery").

- "[P]laintiff's counsel and Monsanto counsel are familiar with each other and have recently settled several dozen cases." Resp. at 5.

- "[T]he notion that the MDL Court will need to 'develop new procedures relating to PCB discovery,' and 'establish' a new PCB causation 'phase,' and develop new settlement valuation guidelines, is specious. These plaintiff-specific issues can be handled just like such plaintiff-specific issues are being handled in all of the other Roundup cases." Resp. at 7.

Thus, Plaintiff contends that the problems identified in Monsanto's brief can be addressed by handling PCB issues separately, *in the coordinated manner that already occurs outside the MDL*. This suggestion practically concedes that transfer is not "necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation." *In re Townsend Farms Organic Anti-Oxidant Blend Products Liab. Litig.*, 24 F. Supp. 3d 1372 (J.P.M.L. 2014) (declining to establish an MDL where the plaintiffs and defendants had the same attorneys and "informal cooperation among the involved attorneys coordination between the involved courts seem[ed] preferable to formal centralization").

Ultimately, Plaintiff argues that his case *qualifies* for the MDL based on the existence of a common factual issue but never argues that transfer of his case promotes convenience of efficiency.[3] And, without identifying a single benefit of MDL transfer, he advocates for handling

---

[3] Plaintiff cites, for example, the Panel's prior observation that Section 1407 transfer "does not require a complete identity of factual issues or parties when the actions arise from a common factual core" and also references a transfer order sending a non-personal-injury case to the Roundup MDL. Resp. at 7 (citing Transfer Order at 2, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, ECF No. 1283 (J.P.M.L. Oct. 2, 2019), Transfer Order, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, ECF No. 2189 (J.P.M.L. Feb. 4, 2021),). In both orders, the Panel ordered the transfer

this case's PCB-related issues outside the framework of the MDL via informal coordination that already exists between counsel. If anything, this Response further shows that this case should not be transferred to the Roundup MDL.

### B. Plaintiff agrees with Monsanto that PCB-related issues are individual, rather than "common," issues.

In its Brief, Monsanto also explained that even if this case was transferred to the Roundup MDL, PCB-related issues should be addressed only upon remand in accordance with this Panel's ruling establishing the Roundup MDL. *See* Br. at 9–10 (citing Transfer Order at 2, *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, ECF No. 57). As shown above, Plaintiff agrees. *See, e.g.*, Resp. at 4–5 (arguing that the Roundup MDL need not be modified to address PCB-related issues), 7 (describing PCB-related issues as "atypical individual issues"). Accordingly, if (despite the absence of any argument that transfer furthers the interests promoted by Section 1407) the Panel orders this case be transferred to the Roundup MDL, it should also make clear that the PCB-related issues are individual issues to be addressed only upon remand.

### III. CONCLUSION

For these reasons and those set forth in its prior briefing, Monsanto requests that the Panel vacate Conditional Transfer Order (CTO-417) as it relates to the case listed on the Schedule CTO-417 – Tag-Along Actions: *Infante v. Monsanto Company*, No. 23-00339 (D. Hi.).

---

of Roundup-only cases to the Roundup MDL based on a finding that the transfer would further the purposes of Section 1407. Those cases did not involve, as here, an entirely different product and litigation (PCBs) that plaintiff concedes is best handled via informal coordination that already exists between counsel.

DATED:  October 13, 2023                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Jennise W. Stubbs*
    Jennise W. Stubbs
    Ryan S. Killian
    600 Travis Street, Suite 3400
    Houston, TX 77002-2926
    Telephone:   (713) 227-8008
    Facsimile:    (713) 227-9508
    Email:         jstubbs@shb.com
                   rkillian@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*